WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: 415-553-9319
Fax:    415-553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | **PLAINTIFFS-PETITIONERS' NOTICE OF MOTION AND MOTION FOR PROVISIONAL CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
TIFANEI RESSL-MOYER (SBN 319721)
tresslmoyer@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Motion for Admission Pro Hac Vice Forthcoming

NOTICE OF MOTION, MOTION AND MEMO IN SUPPORT OF MOTION FOR PROVISIONAL CLASS CERTIFICATION

# TABLE OF CONTENTS

                                                                          **Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

    I.      INTRODUCTION ........................................................................................... 1

    II.     FACTUAL BACKGROUND ........................................................................... 2

           A.     Public Health Officials Call for Social Distancing. .................................. 3

           B.     YCJ and Mesa Verde Are Crowded, Unsafe, and Highly Dangerous to All. .......................................................................................... 4

           C.     Proposed Class Definition ............................................................................. 5

           D.     Proposed Class Representatives .................................................................. 5

    III.    THE COURT SHOULD CERTIFY THE PROPOSED CLASS ........................... 6

           A.     The Proposed Class Meets the Requirements of Rule 23(a) ..................... 7

                    1.     The Proposed Class Meets the Numerosity Requirement .............. 7

                    2.     The Proposed Class Meets the Commonality Requirement. ......... 8

                    3.     The Proposed Class Representatives Meet the Typicality Requirement ................................................................................... 10

                    4.     The Proposed Class Representatives and Proposed Class Counsel Meet the Adequacy Requirement. ................................. 11

           B.     The Proposed Class Meets the Requirements of Rule 23(b)(2) ............... 12

    IV.    CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdullah v. U.S. Sec. Assocs., Inc.*,
 731 F.3d 952 (9th Cir. 2013) ...................................................................................................9

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997)................................................................................................................11

*Bahena Ortuño v. Jennings*,
 3:20-cv-02064-MMC, Mem. & Order, ECF No. 38 (N.D. Cal. Apr. 8, 2020).........................4

*Carrillo v. Schneider Logistics, Inc.*,
 No. 11-cv-8557, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012)...................................................7

*Castillo v. Barr*,
 No. CV 20-00605 THJ, 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020) .................................10

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*,
 317 F.R.D. 91 (N.D. Cal. 2016)................................................................................................7

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ................................................................................................11

*Hum v. Dericks*,
 162 F.R.D. 628 (D. Haw. 1995)................................................................................................7

*Jiminez v. Wolf*,
 18-cv-10225-MLW, ECF No. 507-1 (D. Mass. Mar. 26, 2020)...............................................5

*Kincaid v. City of Fresno*,
 244 F.R.D. 597 (E.D. Cal. 2007) ..............................................................................................7

*Kuang v. U.S. Dep't of Def.*,
 340 F. Supp. 3d 873 (N.D. Cal. 2018) ...................................................................................11

*Lyon v. U.S. Immigration & Customs Enf't*,
 300 F.R.D. 628 (N.D. Cal. 2014)............................................................................................10

*Meyer v. Portfolio Recovery Assocs., LLC*,
 707 F.3d 1036 (9th Cir. 2012) ..................................................................................................7

*Parsons v. Ryan*,
 754 F.3d 657 (9th Cir. 2014) ......................................................................................9, 10, 13

*Pole v. Estenson Logistics, LLC*,
  No. CV 15-07196 DDP(EX), 2016 WL 4238635 (C.D. Cal. Aug. 10, 2016)...........................8

*Rannis v. Recchia*,
  380 Fed. App'x 646 (9th Cir. 2010) ................................................................................8

*Reid v. Donelan*,
  297 F.R.D. 185 (D. Mass. 2014)......................................................................................8

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)............................................................................................8

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2009) ....................................................................8, 11, 12, 13

*Saravia v. Sessions*,
  280 F. Supp. 3d 1168 (N.D. Cal. 2017) ....................................................................7, 8, 9

*Savino v. Souza*,
  No. CV 20-10617-WGY, 2020 WL 1703844 (D. Mass. Apr. 8, 2020) ..............2, 8, 9, 11

*Unknown Parties v. Johnson*,
  163 F. Supp. 3d 630 (D. Ariz. 2016) ..........................................................................9, 10

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)........................................................................................................9

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) .......................................................................................12

*Xochihua-Jaimes v. Barr*,
  No. 18-71460, 2020 WL 1429877 (9th Cir. Mar. 24, 2020)............................................5

**Court Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... *passim*

Fed. R. Civ. P. 23(b) ..........................................................................................2, 6, 12, 13

Fed. R. Civ. P. 23(g) ......................................................................................................12

**Other Authorities**

Bob Egelko, *Coronovirus hunger strike at immigration lockup? ICE says no, but
  California detainees say otherwise*, San Francisco Chronicle, Apr. 13, 2020 .........5

Cal. Executive Order N-33-20 ...........................................................................................4

CDC, *How to Protect Yourself & Others*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html ..................................................................... 3

7A Mary J. Kane, *Fed. Prac. & Proc. Civ.* § 1763 (3d ed. 2018) ..................................................... 9

Masslive.com, April 15, 2020
https://www.masslive.com/coronavirus/2020/04/coronavirus-spread-testing-shows-stunning-asymptomatic-covid-19-rate-at-boston-homeless-shelter.html ...................... 3

5 *Moore's Federal Practice* § 23.24 (2020) ................................................................................ 10

NOTICE OF MOTION, MOTION AND MEMO IN SUPPORT OF MOTION FOR PROVISIONAL CLASS CERTIFICATION

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, as soon as they may be heard, Plaintiffs-Petitioners will and hereby do move, pursuant to Fed. R. Civ. P. 23 and Civil L. R. 7-1, for provisional certification of a class of all civil immigration detainees at Yuba County Jail ("YCJ") and Mesa Verde ICE Processing Facility ("Mesa Verde"), including two subclasses: (1) all civil immigration detainees at YCJ and (2) all civil immigration detainees at Mesa Verde. This motion is supported by the following Memorandum of Points and Authorities, by the Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, and by declarations of each of the Plaintiffs, or their attorneys on their behalf, and various experts, all of which are filed contemporaneously.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs, hundreds of civil detainees in YCJ and Mesa Verde, seek provisional class certification so the Court can resolve an issue of common fact and law: whether Defendants' refusal or inability to implement safe social distancing during an unprecedented pandemic violates their Fifth Amendment rights.

Medical experts and public officials agree the only effective way to protect against contracting COVID-19 is social distancing. But that is not possible at YCJ and Mesa Verde. Instead, all members of this highly vulnerable class eat and sleep in close proximity to one another, lack basic sanitation, and live each day unnecessarily exposed to a life-threatening disease. While social distancing is now ubiquitous in all corners of American society, and government authorities and courts have been ordering reductions in prison and jail populations throughout the country, Defendants' facilities remain an aberration, and the proposed class therefore remains at grave risk of infection.

Plaintiffs seek provisional certification for all civil immigration detainees at YCJ and Mesa Verde, including two subclasses: (1) all civil immigration detainees at YCJ ("YCJ Subclass"); and (2) all civil immigration detainees at Mesa Verde ("Mesa Verde Subclass")

(together, "the proposed class"). The proposed class comfortably meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b). *First*, the class is sufficiently numerous: over 250 individuals are currently detained at Mesa Verde, approximately 150 detainees are held at YCJ, and Defendants continue to transfer more detainees into these facilities. *Second*, all class members are bound together by common questions of fact and law. Chief among these is whether in the face of the COVID-19 pandemic, the conditions of confinement at YCJ and Mesa Verde place the detainees at imminent risk of serious or fatal infection in violation of their constitutional rights. *Third and fourth*, the proposed class representatives are proper because their claims are typical of absent class members and because the proposed class representatives and proposed class counsel will adequately represent the class. *Finally*, Defendants have acted and refused to act on grounds that are generally applicable to the class as a whole by creating and maintaining conditions that put the entire class at imminent risk of contracting COVID-19. One injunction will provide class-wide relief.

Class-wide injunctive relief is necessary to protect the lives and constitutional rights of this vulnerable population. As one federal court recently observed in granting provisional certification to a class of immigrant detainees challenging unconstitutional detention conditions in a nearly identical case:

> At bottom, a common question of law and fact in this case is whether the government must modify the conditions of confinement—or, failing that, release a critical mass of [d]etainees—such that social distancing will be possible and all those held in the facility will not face a constitutionally violative substantial risk of serious harm. Crucial to the Court's determination is the troubling fact that even perfectly healthy detainees are seriously threatened by COVID-19.

*Savino v. Souza*, No. CV 20-10617-WGY, 2020 WL 1703844, at *7 (D. Mass. Apr. 8, 2020) (citations and quotations omitted). The same is true here. All detainees are at risk, and provisional class certification would afford injunctive relief for all class members. The Court should grant provisional class certification.

II.     **FACTUAL BACKGROUND**

Lives are at stake. COVID-19 is a highly infectious viral contagion spreading at an

exponential rate across the United States, including Yuba County and Kern County. The Center for Disease Control and Prevention (CDC) advises that COVID-19 is "thought to spread mainly from person-to-person," "primarily between people who are in close contact within one another (within about 6 feet)," "through respiratory droplets produced when an infected person coughs, sneezes, or talks." *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html. COVID-19 is highly contagious because "droplets can land in the mouths or noses" of those nearby or "inhaled into the lungs" via airborne particles, or people can become infected "by touching a surface or object that has the virus on it." *Id.* Critically, the CDC has recognized that "COVID-19 may be spread by people who are not showing symptoms." *Id*. Indeed, as one example of the exponential rate of asymptomatic transmission, the Boston Health Care for the Homeless Program recently tested every resident at a Boston homeless shelter for coronavirus. Program doctors were "stunned" by the results: 146 of the 397 (36%) people tested were positive but asymptomatic.[1]

### A. Public Health Officials Call for Social Distancing.

As the CDC has advised, "the best way to prevent illness is to avoid being exposed to this virus." https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html. Recognizing the grave danger posed to those living in close quarters, health experts and public officials have called for social distancing. *See*, *e.g.*, Decl. of Dr. Robert B. Greifinger Filed in Support of Motion for TRO at ¶¶ 6, 18, 30-31.[2] The State of California has issued an order directing all persons living in the state to "stay home" and to "at all times practice social distancing." *See* Cal. Executive Order N-33-20. As this Court has recognized, COVID-19 infections are rapidly increasing in confined spaces, including in a number of jails and prisons. *Bahena Ortuño v. Jennings*, Mem. & Order, 3:20-cv-02064-MMC (N.D. Cal. Apr. 8, 2020), ECF No. 38 at 3. YCJ and Mesa Verde are no exception to this risk.

---

[1] *See* John Karalis, *Coronavirus spread: Testing shows 'stunning' asymptomatic COVID-19 rate at Boston homeless shelter*, Masslive.com, April 15, 2020 https://www.masslive.com/coronavirus/2020/04/coronavirus-spread-testing-shows-stunning-asymptomatic-covid-19-rate-at-boston-homeless-shelter.html.

[2] Declarations indicating "Filed in Support of Motion for TRO" refer to declarations filed in support of Plaintiffs' Motion for Temporary Restraining Order, which Plaintiffs filed concurrently with this motion.

3
NOTICE OF MOTION, MOTION AND MEMO IN SUPPORT OF MOTION FOR PROVISIONAL CLASS CERTIFICATION

**B.     YCJ and Mesa Verde Are Crowded, Unsafe, and Highly Dangerous to All.**

While the rest of the country shuts down to take protective social distancing measures, it is business as usual at YCJ and Mesa Verde. As of April 2, 2020, there were 286 civil detainees at Mesa Verde living in close proximity to one another, as well as numerous staff coming in and out of the facility each day. Supplemental Decl. Erik Bonnar, *Bahena Ortuño*, (filed Apr. 2, 2020), ECF No. 29-1, at ¶ 2 ("Bonnar Decl."). As of that same date, there were 150 detainees at YCJ, as well as county inmates and staff. Supplemental Decl. Polly Kaiser, *Bahena Ortuño* (filed Apr. 2, 2020), ECF No. 29-2 at ¶ 2 ("Kaiser Decl."). Notwithstanding the government guidance to depopulate prisons, Defendants continue to funnel more detainees into these facilities. *See* Decl. of Dung Tang Dang Filed in Support of Motion for TRO ("Dang Decl.") at ¶ 14 ("New people have come into Dorm C [in Mesa Verde] recently who are coughing and sound sick."); Decl. of Lawrence Kuria Mwaura ("Mwaura Decl.") at ¶ 11 (describing new detainee transferred into YCJ from Santa Rita Jail).

Despite the pandemic threat, Defendants continue to board detainees in bunk beds and close quarters, serve communal meals, and force shared bathroom spaces. *See* Decl. of Brenda Rubi Ruiz Tovar ("Ruiz Tovar Decl.") at ¶ 14. Defendants have failed to provide detainees with personal protective equipment or coronavirus testing. *See, e.g.*, *id.* at ¶ 21 ("They did not give us gloves, masks, or any protective gear. I asked for a mask when I went to medical to cover my cough and the staff said that, unless you have a fever, they cannot give them out."); *see id.* at ¶ 11 ("ICE has not told us anything about the test or whether we will be tested."). As a result, detainees live in constant fear for their safety. *Id.* at ¶ 22.

Members of the proposed class have pled with Defendants to change these unsafe conditions in increasingly frantic and desperate ways. The conditions have become so dire that detainees at Mesa Verde organized a hunger strike to protest the lack of hygiene products, dearth of proper testing, and continued foot traffic in and out of the facility. *See* Decl. of Javier Alfaro

Filed in Support of TRO ("Alfaro Decl.") at ¶ 25.[3] Each day the conditions at YCJ and Mesa Verde remain unchanged, class members grow more likely to contract COVID-19.

As courts around the country have noted, "social distancing is difficult or impossible" in detention settings, and "being in jail enhances risk" of contracting COVID-19. *See, e.g.*, *Jiminez v. Wolf*, 18-cv-10225-MLW (D. Mass. Mar. 26, 2020), ECF 507-1, at 4 (ordering release of immigrant detainee in the midst of the COVID-19 pandemic); *see also Xochihua-Jaimes v. Barr*, No. 18-71460, 2020 WL 1429877, at *1 (9th Cir. Mar. 24, 2020) (*sua sponte* ordering immediate release of ICE detainee "[i]n light of the rapidly escalating public health crisis, which public health authorities predict will especially impact immigration detention centers"). Indeed, courts around the country have explained the health risks—to inmates, guards, and the community at large—posed by closely confined prison populations. These facilities are no exception, and absent the Court's intervention, all proposed class members will remain at risk of contracting this deadly virus.

### C.  Proposed Class Definition.

Plaintiffs request that the Court provisionally certify the following proposed class for the purpose of issuing the preliminary injunction Plaintiffs seek: All civil immigration detainees at YCJ and Mesa Verde.

Additionally, Plaintiffs seek provisional certification for the following two subclasses:

(1) **YCJ Subclass:**  All civil immigration detainees at YCJ.

(2) **Mesa Verde Subclass**:  All civil immigration detainees at Mesa Verde.

### D.  Proposed Class Representatives.

Plaintiffs propose seven class representatives: Brenda Ruiz Tovar, Lawrence Mwaura, Luciano Gonzalo Mendoza Jeronimo, Angel de Jesus Zepeda Rivas, Javier Alfaro, Dung Tuan Dang, and Coraima Yaritza Sanchez Nuñez. Each proposed class representative shares the same injury as absent class members and seeks the same relief as the entire class.

---

[3] *See also* Bob Egelko, *Coronavirus hunger strike at immigration lockup?  ICE says no, but California detainees say otherwise*, San Francisco Chronicle, Apr. 13, 2020, https://www.sfchronicle.com/news/article/Coronavirus-hunger-strike-at-immigration-lockup-15197579.php.

**(1) YCJ Subclass**: Proposed class representatives Brenda Ruiz Tovar, Lawrence Mwaura, Luciano Gonzalo Mendoza Jeronimo, and Angel de Jesus Zepeda Rivas are each detained at YCJ. Each person lives in dangerous conditions that expose them to COVID-19 in violation of their Fifth Amendment rights, and each seeks identical relief as other members of the proposed class and YCJ Subclass. *See* Ruiz Tovar Decl. at ¶¶ 4, 14-22; Mwaura Decl. at ¶¶ 10-16; Decl. Luciano Gonzalo Mendoza Jeronimo ("Mendoza Jeronimo Decl.") at ¶¶ 7-18. Decl. of Angel de Jesus Zepeda Rivas ("Zepeda Rivas Decl.") at ¶¶ 14-30. Each proposed class representative understands and agrees to their responsibility to prosecute this action on behalf of all class members. *See* Ruiz Tovar Decl. at ¶ 25; Mwaura Decl. at ¶ 45; Mendoza Jeronimo Decl. at ¶¶ 20-21; Zepeda Rivas Decl. at ¶ 33.

**(2) Mesa Verde Subclass**: Proposed class representatives Dung Tuan Dang, Javier Alfaro, and Coraima Yaritza Sanchez Nuñez are each detained at Mesa Verde. Like their YCJ Subclass counterparts, each proposed class representative suffers from conditions at Mesa Verde that violate their Fifth Amendment rights, and each class representative seeks a class-wide injunction. *See* Dang Decl. at ¶¶ 2, 10-20; Alfaro Decl. at ¶¶ 14-23, 29-32; Decl. of Coraima Yaritza Sanchez Nuñez Filed in Support of Motion for TRO ("Sanchez Nuñez Decl.") at ¶¶ 11-18. And like the YCJ Subclass representatives, each proposed class representative understands and agrees to represent the interests of the class and the Mesa Verde Subclass. *See* Dang Decl. at ¶ 25; Alfaro Decl. at ¶ 34; Sanchez Nuñez Decl. at ¶ 20.

### III. THE COURT SHOULD CERTIFY THE PROPOSED CLASS.

When plaintiffs meet the four prerequisites in Rule 23(a), federal courts in the Ninth Circuit "routinely grant provisional class certification for purposes of entering [preliminary] injunctive relief" under Rule 23(b)(2). *Carrillo v. Schneider Logistics, Inc.*, No. 11-cv-8557, 2012 WL 556309, at *9 (C.D. Cal. Jan. 31, 2012) (citing *Baharona-Gomez v. Reno*, 167 F.3d 1228, 1233 (9th Cir. 1999)); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) (finding district court did not abuse its discretion by provisionally certifying class for purpose of entering preliminary injunction); *Saravia v. Sessions*, 280 F. Supp. 3d 1168,

1202 (N.D. Cal. 2017) (provisionally certifying class of detained immigrant children), *aff'd* 905 F.3d 1137 (9th Cir. 2018). Because the proposed class meets the requirements of Rule 23(a) and a single injunction would afford a class-wide remedy, the Court should provisionally certify the proposed class.

### A.  The Proposed Class Meets the Requirements of Rule 23(a).

The proposed class amply meets each requirement of Rule 23(a): numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a)(1-4).

#### 1.  The Proposed Class Meets the Numerosity Requirement.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no magic number" for determining when the numerosity requirement has been satisfied," and "[c]ourts have certified classes with as few as thirteen members." *Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995). Plaintiffs need only "show some evidence of or reasonably estimate the number of class members." *Kincaid v. City of Fresno*, 244 F.R.D. 597, 601 (E.D. Cal. 2007) (citation omitted). Where, as here, a plaintiff "seek[s] only injunctive and declaratory relief, the numerosity requirement is relaxed and plaintiffs may rely on [] reasonable inference[s] . . . that the number of unknown [members] is sufficient to make joinder impracticable." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 317 F.R.D. 91, 100 (N.D. Cal. 2016) (internal quotation marks omitted) (citing *Sueoka v. United States*, 101 Fed. App'x. 649, 653 (9th Cir. 2004)).

The proposed class is sufficiently numerous. There are at least 400 detainees at YCJ and Mesa Verde. *See* Bonnar Decl. at ¶ 2 (286 detainees at Mesa Verde as of April 2, 2020); Kaiser Decl. at ¶ 2 (150 detainees at YCJ). That number satisfies the numerosity requirement. *See Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."); *see also Saravia*, 280 F. Supp. 3d at 1202 (provisionally certifying class of 16 ICE detainees); *Savino*, 2020 WL 1703844, at *1, 9 (provisionally certifying class of 148 detainees housed at two detention facilities). Moreover, Defendants continue to cram more detainees into the facilities on a weekly

basis. *See, e.g.*, Dang Decl. at ¶ 12 ("New people have come into Dorm C [in Mesa Verde] recently who are coughing and sound sick."); *see also* Mwaura Decl. at ¶ 11 (describing new detainee recently transferred to YCJ). Because new detainees continue to be admitted to YCJ and Mesa Verde, the current number of detainees is "merely the floor for this numerosity inquiry . . . ." *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass. 2014) (certifying class of immigration detainees).

Furthermore, "the [lack of] ability to individually bring suit counsels in favor of finding numerosity." *Pole v. Estenson Logistics, LLC*, No. CV 15-07196 DDP(EX), 2016 WL 4238635, at *5 (C.D. Cal. Aug. 10, 2016); *see also Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (holding that because putative class members "are also economically disadvantaged" this factor weighed in favor of class certification). Most proposed class members cannot file individual lawsuits because they lack counsel and cannot file *pro se*. Moreover, absent class certification, the Court will be flooded with dozens, perhaps hundreds, of individual claims—enough to strain judicial resources, while nonetheless leaving many vulnerable individuals without relief. *Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2009).

### 2. The Proposed Class Meets the Commonality Requirement.

Rule 23(a) next requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires plaintiffs to demonstrate that their claims depends upon a "common contention . . . [whose] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality can be satisfied by a single common issue. *See, e.g.*, *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (Commonality "does not . . . mean that *every* question or law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact.") (citations and internal quotation marks omitted).

When a plaintiff is seeking injunctive and declaratory relief, commonality is present "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Unknown Parties v. Johnson*, 163 F. Supp. 3d 630, 635 (D. Ariz. 2016) (quoting

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)). Indeed, suits for injunctive or declaratory relief "by their very nature often present common questions satisfying Rule 23(a)(2)." 7A Mary J. Kane, *Fed. Prac. & Proc. Civ.* § 1763 (3d ed. 2018); *see also Saravia*, 280 F. Supp. 3d at 1203 (finding that class-wide preliminary injunctive relief related to ICE's policy or practice was "amenable to common answers").

  The proposed class meets the commonality requirement because all class members are subject to the identical constellation of practices: Defendants' unwillingness or inability to implement proper social distancing measures at YCJ and Mesa Verde in the face of a dangerous pandemic. Of course, some class members may be more at risk for hospitalization or death because of age or preexisting comorbidities *if* they contract COVID-19, but all class members are at risk *of* contracting COVID-19. *See Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists."). As another court recently held in certifying a nearly identical provisional class, "To be sure, the harm of a COVID-19 infection will generally be more serious for some petitioners than others. Yet it cannot be denied that the virus is gravely dangerous to us all." *Savino*, 2020 WL 1703844, at *7.

  The proposed class presents common questions amenable to common answers: (1) Whether the proposed class members are able to adequately practice social distancing at YCJ and Mesa Verde at all times, and whether the proposed class members are in fact adequately socially distancing at YCJ and Mesa Verde; and (2) whether the failure to institute social distancing during a deadly pandemic subjects the proposed class to a heightened risk of illness and death in violation of proposed class members' Fifth Amendment Due Process rights.

  The proposed class presents a more straightforward case than other classes that have met the commonality requirement. *See, e.g., Lyon v. U.S. Immigration & Customs Enf't*, 300 F.R.D. 628, 642 (N.D. Cal. 2014) ("[T]he overarching claim is that ICE detainees in these facilities are denied effective access to telephones and that this impedes communications with counsel, family, and others . . . . The fact that the precise practices among the three

facilities may vary does not negate the application of a constitutional floor equally applicable to all facilities."); *see also Unknown Parties*, 163 F. Supp. 3d at 636-40 (finding commonality satisfied when proposed class challenged various conditions of confinement at eight Customs and Border Patrol facilities near Tucson, Arizona). Here, there is one overarching issue: whether ICE officials have violated Plaintiffs' Fifth Amendment rights by exposing them "to a serious, communicable disease . . . that is more than very likely to cause a serious illness." *Castillo v. Barr*, No. CV 20-00605 THJ (AFMx), 2020 WL 1502864, at *5 (C.D. Cal. Mar. 27, 2020) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). That issue is common to all class members and thus deserves class-wide resolution.

### 3.     The Proposed Class Representatives Meet the Typicality Requirement.

Rule 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class." The typicality requirement "is not highly demanding" because "the claims need only share the same essential characteristics and need not be identical." 5 *Moore's Federal Practice* § 23.24 (2020). "The test of typicality is 'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons*, 754 F.3d at 685 (9th Cir. 2014) (citation omitted). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez*, 591 F.3d at 1124 (quotations omitted).

The proposed class meets the typicality requirement because the proposed class representatives and proposed class members are all civil detainees at YCJ and Mesa Verde, and their claims all arise from Defendants' failure to implement adequate social distancing in response to COVID-19. That some class members may be older than others or have preexisting health conditions that would exacerbate the severity of COVID-19 does not defeat typicality because *all* class members are at risk of contracting COVID-19 due to Defendants' actions. *Savino*, 2020 WL 1703844, at *7 ("[T]he admittedly significant variation among the Detainees

does not defeat commonality or typicality."). Indeed, typicality is present here because the proposed class representatives and absent class members will suffer the same harm: the significant and avoidable risk of serious illness or death. *See, e.g.*, *Kuang v. U.S. Dep't of Def.*, 340 F. Supp. 3d 873, 892 (N.D. Cal. 2018), *vacated on other grounds*, 778 Fed. App'x 418 (9th Cir. 2019) (finding typicality requirement met when "named Plaintiffs and putative class members have all suffered, and continue to suffer, the same general injury").

### 4. The Proposed Class Representatives and Proposed Class Counsel Meet the Adequacy Requirement.

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." The adequacy inquiry asks: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). This requirement "tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626, n.20 (1997) (internal quotation marks omitted).

The proposed class representatives meet both aspects of adequacy. First, there is no conflict between the named plaintiffs and other class members. All have suffered the same injury and all seek the same relief. *See Kuang*, 340 F. Supp. 3d at 892 (finding adequacy requirement in part because "named Plaintiffs have a similar alleged injury as the rest of the proposed class."). Second, the proposed class representatives will vigorously prosecute this action on behalf of all class members. *See supra* at Section II-D, p. 5-6.

Furthermore, the proposed class is represented by experienced counsel from the American Civil Liberties Union of Northern California, American Civil Liberties Union of Southern California, Lawyers' Committee for Civil Rights of the San Francisco Bay Area, the San Francisco Public Defenders Office, Lakin & Wille LLP, and Cooley LLP. Counsel has extensive experience litigating class actions and other complex federal court litigation, including civil rights class actions on behalf of imprisoned immigrants. *See* Declaration of William S.

Freeman; Declaration of Jordan Wells; Declaration of Bree Bernwanger; Declaration of Genna Brier; Declaration of Judah Lakin; and Declaration of Martin S. Schenker. And class counsel is supported by a team of passionate, capable lawyers. For these reasons, class counsel also meet the requirements of Fed. R. Civ. P. 23(g).

### B. The Proposed Class Meets the Requirements of Rule 23(b)(2).

In addition to satisfying the requirements under Rule 23(a), the proposed class should be certified because it meets the requirements of Rule 23(b)(2). Under Rule 23(b)(2), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

"Rule [23](b)(2) was adopted in order to permit the prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). As a result, "[i]t is sufficient to meet the requirements of Rule 23(b)(2) [when] class members complain of a pattern or practice that is generally applicable to the class as a whole." *Rodriguez*, 591 F.3d at 1125-26 (citation omitted) (certifying class of immigrant detainees under Rule 23(b)(2) because "all class members [sought] the exact same relief as a matter of statutory or, in the alternative, constitutional right"); *id.* at 1125 ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).").

The proposed class is a quintessential Rule 23(b)(2) class. Defendants have engaged in unconstitutional behavior towards the entire class. Defendants control the conditions of every class member's confinement. And every class member is at imminent risk of being infected by COVID-19 as a result of those conditions. An injunction or declaration will provide relief on a class-wide basis. Accordingly, certification under Rule 23(b)(2) is appropriate. *See Parsons*, 754 F.3d at 689 (finding declaratory and injunctive relief proper as to class where "every [member] is allegedly suffering from the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice"); *see also Rodriguez*,

591 F.3d at 1126 (certifying Rule 23(b)(2) class of immigrant detainees where "relief from a single practice is requested by all class members").

## IV. CONCLUSION.

The proposed class meets the requirements of Rule 23(a) and Rule 23(b)(2). The Court should provisionally certify the proposed class.

Dated: April 20, 2020                    Respectfully submitted,

/s/ William S. Freeman
William S. Freeman
Sean Riordan
Angélica Salceda
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Bree Bernwanger
Tifanei Ressl-Moyer
Hayden Rodarte
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP

Jordan Wells
Stephanie Padilla
Michael Kaufman
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

Manohar Raju
Public Defender
Matt Gonzalez
Chief Attorney
Francisco Ugarte
Genna Ellis Beier
Emilou H. MacLean
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO

Martin S. Schenker
Timothy W. Cook
Francisco M. Unger
COOLEY LLP

*Attorneys for Petitioners-Plaintiffs*