UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, et al., <br><br> Defendants. | Case No. 20-cv-02731-VC <br><br> **ORDER RE HEARING** |

     A hearing on the motion for provisional class certification, the motion for emergency relief, and the motion to stay will take place tomorrow, April 28, 2020 at 2:00 p.m. The hearing will be conducted by Zoom Webinar, and will be accessible to the public at the link in this footnote.[1] The attorneys arguing the case will receive separate instructions for how to participate.

     The Court is tentatively of the view that a class of all immigration detainees at the Mesa Verde ICE Processing Facility and the Yuba County Jail should be provisionally certified, largely for the reasons given by Judge Young in *Savino v. Souza*, 2020 WL 1703844, Case No. 1:20-cv-10617-WGY (D. Mass. Apr. 8, 2020), Dkt. 64. It also appears that the class should be divided into subclasses by facility. The parties should consider whether the class should be further divided in a manner similar to the subclasses described in footnote 8 of Judge Young's

---

[1] The hearing can be accessed at:
https://us02web.zoom.us/j/81447675132?pwd=K21iUjhjR1FWa2t6cG93cTgrelc5Zz09
Password: 271367

Further information is available on the Court's public calendar, available at https://apps.cand.uscourts.gov/CEO/cfd.aspx?7150

ruling, but perhaps with Group 1 divided based on whether the detainee is at heightened risk of harm from COVID-19 based on CDC guidelines.

The Court is also tentatively of the view that the plaintiffs have made a strong case that ICE is systematically violating the due process rights of this proposed class of civil detainees, because current conditions at the facilities create an unreasonable risk of harm from infection. It appears that the Court should impose a system-wide remedy to mitigate the dangers that ICE's current practices are creating for detainees. Such a remedy appears to be in the public interest, because it will mitigate danger not only for the detainees, but for staff at the facilities and for the general public as well.

What that system-wide remedy should be is the most challenging question presented by this case and will be the primary focus of tomorrow's hearing. To assist the Court in evaluating potential remedies, the defendants are ordered to submit a list of all immigration detainees at each facility, grouped as discussed in the second paragraph of this order. For each detainee, the document should identify the person's name, age, any health condition that puts the detainee at heightened risk of harm from COVID-19 based on CDC guidelines, any crimes of which the detainee has been convicted, and any crimes with which the detainee has been charged. This list must be submitted to the Court by 5:00 p.m. tomorrow. Whether and in what form the information should be disclosed to plaintiffs' counsel can be discussed at the hearing.

**IT IS SO ORDERED.**

Dated: April 27, 2020

VINCE CHHABRIA
United States District Judge