WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>               Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>               Respondents-Defendants. | **CASE NO. 3:20-CV-02731-VC**<br><br>**PETITIONERS-PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:  APRIL 30, 2020<br>TIME:   4:00 P.M. |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
TIFANEI RESSL-MOYER (SBN 319721)
tresslmoyer@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631


JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219


JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Motion for Admission *Pro Hac Vice* Forthcoming

Pursuant to Civ. L.R. 16-9, in advance of the Case Management Conference set for 4:00 p.m. on April 30, 2020, Plaintiffs present this abbreviated statement to advise the Court that the Parties met and conferred telephonically earlier today.

Prior to the call, Plaintiffs presented to Defendants (1) a proposal for the bail review process envisioned by the Court, a slightly modified version of which attached as Exhibit A hereto; and (2) a proposal for limited, expedited discovery, attached as Exhibit B hereto. During the call, Plaintiffs also presented a proposal for briefing and hearing on a motion for preliminary injunction, which anticipates that the briefing will commence shortly after the period for bail hearings.

Plaintiffs will be prepared to discuss these proposals at the Case Management Conference, in addition to any other issues the Court may wish to address.

Dated: April 30, 2020

Respectfully submitted,

/s/ William S. Freeman
William S. Freeman
Sean Riordan
Angélica Salceda
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Bree Bernwanger
Tifanei Ressl-Moyer
Hayden Rodarte
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP

Jordan Wells
Stephanie Padilla
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

Manohar Raju
Public Defender
Matt Gonzalez
Chief Attorney
Francisco Ugarte
Genna Ellis Beier
Emilou H. MacLean
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO

Martin S. Schenker
Timothy W. Cook
Francisco M. Unger
COOLEY LLP

*Attorneys for Petitioners-Plaintiffs*

# EXHIBIT A

**PROPOSAL FOR REVIEW PROCESS**
*Zepeda Rivas et al. v. Jennings et al.*

### A. IMMEDIATELY

**Government Information:** Government provides Court and class counsel with class member information on rolling basis as required by the court subject to a meet and confer about form of production, and including medical history and criminal history (including the source of the information). Include detention facility and dorm unit, as well as name of attorney if represented.

**Class Notice:** Government posts class notice by Thursday, April 30, 2020 in multiple languages (English, Spanish, Chinese, Vietnamese, Punjabi) in all ICE dorms at YCJ & MV. Government should provide cell phones/phones/tablets to schedule windows of free calls to class counsel to stream-line opt-out <u>and</u> individualized bail application process; also access to cell phones/phones/tablets for calls with family members to identify/confirm release plan.

**Class Counsel Information:** Plaintiffs' class counsel submit a list of individuals for whom information is available from class counsel.

**ICE Stipulates to Release of Group of Individuals By Monday, May 4:** ICE may choose to release additional individuals at its discretion in an effort to depopulate the detention facility.

**Identify "Medical Vulnerabilities":** These should include medical vulnerabilities identified in guidelines from CDC and other medical authorities, ICE guidelines, and *Fraihat*. Any stipulation on medical vulnerabilities should be without limitation on the briefing of these issues in the context of individual cases, and in recognition of the evolving knowledge of the disease and its risk factors.

### B. REVIEW AND RELEASE PROCESS

**To Allow Prioritization of Medically Vulnerable Individuals for Expedited Review and Release:** Identify to Court class members with medical vulnerabilities for consideration of group release (i.e., without individualized bail applications). ICE or class counsel can add new people with medical vulnerabilities to this group as information becomes available, and to continue to ensure that those with medical vulnerabilities and at highest risk if infected are prioritized.

**Reviews of Detained Individuals:** Court considers a minimum of 35 individuals per day over 14 days for release. This rate would allow Court to review roughly 420 class members in 12 days. Class counsel recommends a prioritization of individuals based on (i) medical vulnerability (through age or comorbidities) and/or (ii) density of living situation.

(i) Court may grant bail and order release for all or some of this group, based on information presented by ICE, and any preliminary information provided by class counsel in list form. In these cases, class counsel will identify a release plan and provide information to the Court and ICE prior to release.

(ii) Should ICE oppose release of any individual based on their alleged risk of nonappearance or alleged risk to public safety, ICE bears the burden of proving such

risk based on clear and convincing evidence. If ICE does not meet that burden and the person otherwise should be released, the Court will grant that person bail.

    a. For public safety, ICE bears the burden of proving by clear and convincing evidence that (1) the person is presently dangerous, (2) that danger is so serious to outweigh the danger to the person and the broader community if they contract COVID-19, and (3) that danger cannot be mitigated.

    b. For risk of nonappearance, ICE bears the burden of proving by clear and convincing evidence that (1) the person poses a risk of flight and (2) that risk cannot be mitigated.

(iii) Any bail denied is denied without prejudice subject to resubmission of more detailed requests. Where Court does not preliminarily order bail, ICE and class counsel will be permitted to submit a brief simultaneous "bail application,"
including supplemental evidence if necessary or desired and with an opportunity for a brief reply where necessary.

## C. OVERSIGHT

**Limited Discovery:** ICE should produce limited discovery (per discovery request sent yesterday and additional issues to be discussed per day) during the period of the TRO to allow for a review of what level of depopulation is sufficient for the constitutional violation to be resolved. Plaintiffs to have ability to take a FRCP 30(b)(6) deposition for each facility.

**Medical Experts:** Medical experts should be able to provide information to the court, based on a review of declarations and discovery and/or any other process which the Court requests, about whether the conditions in the facility continue to be unsafe.

# EXHIBIT B

**PLAINTIFFS' INITIAL DISCOVERY REQUESTS**

*Zepeda Rivas v. Jennings,* No. 3:30-cv-02731

**INTERROGATORIES**

1.  Provide descriptions of all housing units housing ICE detainees in Yuba County Jail and Mesa Verde Detention Facility, including the following information for each.  In lieu of written response to any subpart, you may provide plans, or drawings that provide all of the information requested (see Document Request No. 1):

    a.  Facility (Yuba County Jail or Mesa Verde Detention Facility).

    b.  Name of unit.

    c.  Type of unit (e.g., dorm, pod, single cell, double cell, etc.)

    d.  Dimensions (width x length x height in feet).

    e.  If the housing unit contains more than one bed, how far apart are the beds (if the distances vary, all distances should be provided)?

    f.  Where bunk beds are used, what is the vertical distance between the bunks?

2.  Provide information or documents sufficient to show the total number of shower-rooms and bathrooms, and the number of shower-rooms and bathrooms per unit/pod, accessible to ICE detainees in, respectively, Yuba County Jail and Mesa Verde Detention Facility.  For each shower-room or bathroom, indicate the dimensions of such room and the distance between (1) showers (2) sinks and (3) toilets.

3.  Provide the name (or other identifying information) and dimensions of each recreation area used by ICE detainees in the Yuba County Jail and Mesa Verde Detention Facility.

4.  State how many dining rooms serving ICE detainees are currently operating in, respectively, Yuba County Jail and Mesa Verde Detention Facility. For each dining room serving ICE detainees, state the number of residents that occupy each room at one time, whether seats are fixed or moveable, and, if fixed, the distance between seats and, if moveable, the number of seats per table and the dimensions of each table.

5.  Please provide an explanation of whether it is feasible for ICE to stagger meal times for ICE detainees in the two facilities and, if so, how many additional shifts can be accommodated at each facility.  If defendants contend that staggering meal times is not feasible, please explain why not.

**DOCUMENT REQUESTS**

1.  Provide a detailed schematic or layout of (a) the Yuba County Jail and (b) Mesa Verde Detention Facility containing the information requested in Interrogatory No. 1.