WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility, <br><br> Respondents-Defendants. | **CASE NO. 3:20-CV-02731-VC** <br><br> **PETITIONERS-PLAINTIFFS' MEMORANDUM OF LAW REGARDING STATUTORY AUTHORITY OF MAGISTRATE JUDGES** <br><br> **JUDGE VINCE CHHABRIA** |

BREE BERNWANGER (NY SBN 5036397)
bbernwanger@lccrsf.org
TIFANEI RESSL-MOYER (SBN 319721)
tresslmoyer@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*

I.      **INTRODUCTION**

Pursuant to the Court's request at the April 29, 2020 Case Management Conference, Petitioners submit this brief to address the question of whether a magistrate judge may rule on class members' individual requests for release on bail without requiring consent of the parties. The clear answer to this question under Ninth Circuit law is that magistrate judges do have such authority, and that consent is not required.

II.     **MAGISTRATE JUDGES HAVE JURISDICTION UNDER 28 U.S. CODE § 636(B)(1)(A) TO ORDER BAIL RELEASE PENDING A HABEAS DECISION WITHOUT CONSENT OF THE PARTIES.**

      A.      **Release on Bail is Not Akin to Injunctive Relief.**

Under 28 U.S. Code § 636(b)(1)(A), this Court can designate a magistrate judge to rule on pretrial matters "except a motion for injunctive relief…".  This limitation respecting injunctive relief can only be surmounted with consent of the parties.  U.S.C. § 636(c)(1).  This limitation, however, is inapposite here.  Ninth Circuit authority makes clear that orders on bail pending habeas decisions are not tantamount to injunctive relief under the statute.

In this Circuit, an order denying bail pending decision on a petition for a writ of habeas corpus is not appealable, either as an appeal from a final judgment under 28 U.S.C. § 1291 or under the collateral order exception contained in § 1292(b).  *Land v. Deeds,* 878 F.2d 318 (9th Cir. 1989).  *Land* has been consistently followed in this Circuit. *United States v. Reynolds,* 956 F.2d 192, 193 (9th Cir. 1992); *United States v. McCandless,* 841 F.3d 819, 821–22 (9th Cir. 2016)[1]. This line of cases compels the conclusion that a bail determination cannot be the

---

[1] An earlier case, *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987), deemed a bail order appealable as a collateral order in the context of the underlying proceeding.  *Marino* preceded all three cases discussed above— *McCandless* (2016), *Reynolds* (1992), and *Land* (1989).  *McCandless* did not acknowledge *Vasquez* and reached the opposite conclusion.

equivalent of an injunction, because if it were, it would be appealable under 28 U.S.C. § 1291, which grants appellate jurisdiction of "[i]nterlocutory orders … granting, continuing, modifying, refusing or dissolving injunctions…." Yet in each of these cases, the Circuit decided that the decision was non-appealable.[2]

### B.     Bail Pending Habeas Litigation and Preliminary Injunctions Are Governed by Different Legal Standards.

That release on bail in habeas cases and injunctive relief are not analogous to one another is borne out by the Ninth Circuit's use of different legal tests in ruling on these forms of relief. In lieu of the four-factor test for injunctive relief, bail pending a habeas decision "is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land,* 878 F.2d at 319 (citing *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964)).  Additional factors considered for a bail order beyond special circumstances and probability of success are specific to the bail context, rather than replications of the general standards for injunctive relief.  *See Marino v. Vasquez,* 812 F.2d 499, 508-509 (9th Cir.1987) (holding that courts must also consider petitioner's flight risk and danger to community); *see also Tsehai v. Schwarte,* No. 1:05-CV-01160-OWW-TA, 2006 WL 2583612, at *1 (E.D. Cal. Sept. 7, 2006).  While there is a certain degree of overlap between some of the factors, the tests substantially diverge, reflecting their different purposes and function in the litigation process.  As the Ninth Circuit pointed out in *McCandless,* unlike injunctive relief, a "bail determination cannot materially advance the ultimate termination of the litigation."  Because they entail different legal standards and different

---

[2] While the Ninth Circuit noted in *McCandless* that the question of district courts' authority to grant bail pending resolution of a habeas petition remains unsettled, *McCandless* makes clear that where such orders issue they are not akin to injunctive relief.

legal effects, there is no principled basis under Ninth Circuit authority for deeming bail

determinations tantamount to injunctive relief.  Moreover, the emphasis of the Ninth Circuit's

test for bail release on exigent special circumstances is perfectly suited to the instant case.

> **C.      A Recent Southern District of New York Case Noted by This Court Does Not
> Provide a Basis For Deviating From Ninth Circuit Authority.**

During yesterday's Case Management Conference, the Court pointed the parties to a

recent S.D.N.Y. case that considered whether magistrate judges have statutory authority to rule

on bail release pending habeas litigation.  *See Arana v. Barr,* No. 19CV7924 (PGG) (DF), 2020

WL 1502039, at *5 (S.D.N.Y. Mar. 27, 2020), *report and recommendation adopted in part,*

*rejected in part,* No. 19 CIV. 7924 (PGG), 2020 WL 1659713 (S.D.N.Y. Apr. 3, 2020).[3]

However, as *Arana* itself notes, several courts in the Second Circuit have indicated that

magistrate judges <u>do</u> have statutory authority to decide on habeas bail releases.  *See Boddie v.*

*New York State Div. of Parole*, No. 08 CIV. 9287 LAP/DF, 2009 WL 1531595, at *1 (S.D.N.Y.

May 28, 2009) (magistrate judge denying petitioner's motion for release on bail); *see also Word*

*v. Lord,* No. 00CIV.5510(LAP)(HBP), 2001 WL 1150345, at *1 (S.D.N.Y. Sept. 27, 2001)

(magistrate judge denying habeas petitioner's motion for release on bail); *see also D'Alessandro*

*v. Mukasey,* No. 08CV914RJAVEB, 2009 WL 799957, at *1 (W.D.N.Y. Mar. 25, 2009),

*modified,* No. 08-CV-914 RJA VEB, 2009 WL 10194901 (W.D.N.Y. Mar. 26, 2009), and *aff'd,*

---

[3] Plaintiffs are also aware of two decisions by a single Magistrate Judge in the District of Arizona stating, without analysis, that the court "construes the [request for release on bail] as a request for injunctive relief."  *See Gray v. Ryan,* No. CV1700963PHXGMSESW, 2017 WL 4124053, at *1 n.1 (D. Ariz. Aug. 10, 2017), *report and recommendation adopted,* No. CV1700963PHXGMSESW, 2017 WL 4100077 (D. Ariz. Sept. 15, 2017); *see also Thomas v. USA,* No. CV1802803PHXDGCESW, 2019 WL 1493875, at *1 n.1 (D. Ariz. Mar. 5, 2019), *report and recommendation adopted,* No. CV182803PHXDGCESW, 2019 WL 1489277 (D. Ariz. Apr. 4, 2019).  For the reasons stated above, however, Petitioners-Plaintiffs believe that these decisions, which did not provide any analysis of the issue, are incorrect.

No. 08-CV-914 RJA VEB, 2009 WL 931164 (W.D.N.Y. Apr. 2, 2009) (magistrate judge granting immigrant detainee's habeas petition for release on bail).

The court in *Arana* only attempted to distinguish one of these three cases, *Boddie*, and it did so only on the ground that *Boddie* did not involve a "colorable claim of entitlement to [habeas bail] relief" in view of procedural barriers and lack of merit.  The court in *Arana* just as quickly acknowledged that this was a spurious distinction: "…of course, the validity of an application for relief does not determine whether a magistrate judge has the statutory power to adjudicate it…"  *Arana* at *5.  Meanwhile, *Arana*'s pronouncement that magistrate judges lack jurisdiction turned on the conclusory assertion, based on a recent case, *Basank v. Decker*, No. 20cv2518 (AT), at Dkt. 11 (S.D.N.Y. Mar. 26, 2020) (granting TRO releasing immigrant detainees due to risks posed by COVID-19)  that "[r]ecent circumstances have demonstrated… *the similarity* between requiring a habeas respondent to release a petitioner immediately, under *Mapp*, and granting injunctive relief."  *Ibid.*  (emphasis added).  The court in *Arana* provided no principle underlying its assertion about the statutory authority of magistrate judges beyond its remark on the "obvious parallels" between "the nature of [habeas bail] relief and the injunction recently issued in *Basank*…"  *Ibid.  Arana* advances no argument, meanwhile, that bail release and injunctive relief involve the same legal standards or involve the same legal consequences.  And, as explained above, any such contentions would be contrary to Ninth Circuit authority.  *Arana* has no Ninth Circuit counterparts, and provides no sound principle for deeming release on bail and injunctive relief analogous under 28 U.S. Code § 636(b)(1)(A).

More importantly, whatever the law may be in the Second Circuit and other circuits, Ninth Circuit law remains firmly to the contrary, holding that a bail determination is not appealable. *McCandless,* 841 F.3d at 821-22 n.1.

## III.    CONCLUSION.

For the reasons stated above, this Court may designate magistrate judges to rule on individualized bail releases pending habeas litigation without requiring consent of the parties.

Dated: May 1, 2020

Respectfully submitted,

/s/ William S. Freeman
William S. Freeman
Sean Riordan
Angélica Salceda
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Bree Bernwanger
Tifanei Ressl-Moyer
Hayden Rodarte
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP

Jordan Wells
Stephanie Padilla
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

Manohar Raju
Public Defender
Matt Gonzalez
Chief Attorney
Francisco Ugarte
Genna Ellis Beier
Emilou H. MacLean
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO

Martin S. Schenker
Timothy W. Cook
Francisco M. Unger
COOLEY LLP

*Attorneys for Petitioners-Plaintiffs*