DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-02731-VC <br><br> **FEDERAL DEFENDANTS' RESPONSE REGARDING (1) BURDEN OF PROOF FOR BAIL APPLICATIONS AND (2) MAGISTRATE-JUDGE AUTHORITY** |

## INTRODUCTION

Federal Defendants respectfully submit that the Court should adopt the following standard for the bail applications in this case:

> The individual seeking release ("Applicant") bears the burden to prove that he or she (a) does not present a danger to the community or a risk of flight and (b) presents an extraordinary case that warrants release.[1]

The Court put in place a system for bail applications pursuant to inherent authority. *Zepeda Rivas v. Jennings*, __ F. Supp. 3d __, No. 20-cv-02731-VC, 2020 WL 2059848, at *3 & n.17 (N.D. Cal. Apr. 29, 2020) (citing *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) and other cases).[2] When an individual in a pending habeas litigation seeks release on bail pursuant to a district court's inherent authority, the burden falls on the individual to demonstrate that release is warranted. *Mapp*, 241 F.3d at 226.

As Plaintiffs themselves argue, "bail pending a habeas decision 'is reserved for extraordinary cases involving special circumstances or a high probability of success.'" Pet'rs-Pls. Mem. of Law Regarding Statutory Authority of Magistrate Judges 1 (ECF No. 62) ("Pls. MJ Mem.") (quoting *Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989)). Plaintiffs' suggestion that the government should bear the burden of demonstrating for each Applicant that bail is not warranted (and their further suggestion that the government should be required to meet this burden through clear and convincing evidence) would in effect be a blanket presumption that bail should be granted in all cases unless the government proves otherwise. This would turn the "extraordinary case" standard on its head and should be rejected.

The fact of the global COVID-19 pandemic is a fact common to everyone in the class (and everyone in the country). An individual Applicant therefore must present evidence beyond simply a generalized risk from COVID-19 to satisfy the "extraordinary case" standard and justify release. The Applicant would be in possession of all information relevant and necessary to make a request, whereas the government would not. For example, only an Applicant, not the government, would be able to provide information on where he or she intends to reside if release is granted; the Applicant, not the

---

[1] Federal Defendants' provision of this information in compliance with the Court's order does not waive their arguments that the order allowing for bail applications exceeds the Court's authority and is not the inappropriate remedy for Plaintiffs' claim, which relates to the conditions of confinement. Unlike in *Mapp*, Plaintiffs here are not challenging the legality of their detention.

[2] ECF No. 53.

government, would be in possession of any information regarding potential witnesses or sponsors; and while government records may not reflect disposition of portions of certain crimes, the Applicant would be aware of the outcome of his or her own criminal proceedings.[3] The burden to demonstrate that release on bail is warranted properly lies with the Applicants seeking bail.

Additionally, magistrate judges may not decide the bail applications in this case, because release on bail is injunctive relief, and magistrate judges are not authorized to decide requests for injunctive relief without the consent of the parties. While the Court allowed for bail applications pursuant to inherent authority, magistrate judges cannot exercise the Court's inherent authority to decide those applications in the Court's stead.

## I.   Applicants Seeking Bail Bear the Burden to Prove That Bail Is Warranted

In the Immigration and Nationality Act ("INA"), Congress by statute authorized the detention of certain aliens pending a decision on their removal or who have been ordered removed. 8 U.S.C. §§ 1225(b), 1226(a), (c), 1231(a). Congress authorized U.S. Immigration and Customs Enforcement ("ICE") to release certain classes of aliens, *see, e.g.*, 8 U.S.C. § 1226(a)(2), and prohibited ICE from releasing others, *see, e.g.*, 8 U.S.C. § 1226(c)(1). The INA and its implementing regulations provide aliens subject to certain provisions with avenues to challenge their detention and to request bond hearings before Immigration Judges ("IJs"). 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(d)(1); *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1058, 1065–66 (9th Cir. 2008).

There is no dispute here that ICE is authorized by statute to detain the class members at the Mesa Verde ICE Processing Facility and the Yuba County Jail at issue. The class members are in detention because they have violated the immigration laws of the United States and are subject to detention under those laws — in some cases, mandatory detention based on criminal history. Consistent with the requirements of due process, their detention is "reasonably related" to a legitimate government interest. *Bell v. Wolfish*, 441 U.S. 535, 538–39 (1979); *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

The class members are not requesting bond hearings before IJs pursuant to statute or regulation.

---

[3] Pursuant to the Court's order, Applicants will also have the "information that will facilitate consideration of individualized bail requests" that the Court ordered produced. *Zepeda Rivas*, __ F. Supp. 3d __, 2020 WL 2059848, at *4.

The bail applications in this case are a mechanism that the Court has ordered pursuant to its inherent authority beyond the statutes and regulations that govern immigration detention. *Zepeda Rivas*, __ F. Supp. 3d __, 2020 WL 2059848, at *3 & n.17.

Without confirming whether courts in fact have inherent authority to grant bail in a pending habeas litigation,[4] the Ninth Circuit has held that any such authority that courts may have is limited — and a district court "clearly err[s]" if it grants bail absent a demonstration that the case is an "extraordinary case involving special circumstances or a high probability of success." *Roe v. U.S. Dist. Ct. (In re Roe)*, 257 F.3d 1077, 1080 (9th Cir. 2001) (brackets omitted) (quoting *Land*, 878 F.2d at 318) (reversing district court's decision to grant bail in pending habeas litigation); *accord* Pls. MJ Mem. 1 (quoting *Land*, 878 F.2d at 319).[5] Other courts agree. As the Second Circuit held in *Mapp* (an immigration-detention case), a district court's power to grant bail in a pending habeas litigation "is a limited one, to be exercised in special cases only." *Mapp*, 241 F.3d at 226. "[A] habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Id.* "[T]he standard for bail pending habeas litigation is a difficult one to meet[.]" *Id.* And it is the individual who is seeking bail who must meet that standard, not the government that must rebut it. *Id.* ("The *petitioner* must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.") (emphasis added, brackets omitted); *see also Bolante v. Keisler*, 506 F.3d 618, 620–21 (7th Cir. 2007) (refusing to grant bail pursuant to inherent authority in an immigration-detention case).

Plaintiffs do not address the standards applicable to bail ordered pursuant to a court's inherent authority. Instead, they suggest that the Court should import standards of proof that have been applied in

---

[4] *See Roe*, 257 F.3d at 1080 ("[T]he question of whether the federal courts have inherent power to grant bail in any case where they may properly assert jurisdiction is by no means a novel one. In fact, it has divided the federal courts for over a century. . . . We need not, and specifically do not, resolve this issue today[.]") (quotation marks and ellipsis omitted); *Hernandez Velasquez v. McAleenan*, No. ED CV 19-1887-ODW (SP), 2019 WL 8017813, at *2 (C.D. Cal. Oct. 31, 2019).

[5] While the Ninth Circuit's decisions in *Roe* and *Land* suggest that a petitioner need only show special circumstances *or* a high probability of success, courts have recognized that earlier Ninth Circuit precedent requires a petitioner to show special circumstances *and* a high probability of success and have followed the earlier conjunctive standard as binding. *See Hall v. S.F. Super. Ct.*, No. C 09-5299 PJH, 2010 WL 890044, at *3 (N.D. Cal. Mar. 8, 2010) (citing cases).

immigration-court proceedings. Their proposals are inapposite, and the Court should reject them.

Plaintiffs first cite *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) to argue "'that the government must prove by clear and convincing evidence that a [noncitizen] is a flight risk or a danger to the community to justify denial of bond' when detention has become prolonged." [Pet'rs-Pls.] Suppl. Br. on Burden in Bail Assessments 2 (ECF No. 61) ("Pls. Burden Br.") (brackets in original). That standard does not apply here for at least two reasons. First, as Plaintiffs acknowledge, *Singh* was limited to "aliens facing prolonged detention." *Singh*, 638 F.3d at 1200 ("In *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008), we held that aliens facing prolonged detention while their petitions for review of their removal orders are pending are entitled to a bond hearing before a neutral immigration judge. In this appeal we address certain procedures that must be followed in those hearings to comport with due process."); *accord* Pls. Burden Br. 1 (acknowledging that *Singh* is limited to situations "after detention has become prolonged"). This is not a prolonged-detention case,[6] and the concerns that led the Ninth Circuit to adopt the burden-of-proof standards it adopted in prolonged-detention cases are not raised here. *Cf. Casas-Castrillon*, 535 F.3d at 950 (observing that the Supreme Court held that "Congress could permissibly authorize 'brief' detention without procedural protections" and addressing issues specific to "prolonged detention without adequate procedural protections") (citing *Demore*, 538 U.S. at 523). Second, Plaintiffs are not requesting bond hearings before an IJ pursuant to the statutory scheme set forth in the INA and its implementing regulations providing for such hearings. Plaintiffs and the Applicants for bail are seeking release through an entirely separate channel that the Court crafted pursuant to its inherent authority. When a court relies on inherent authority to grant bail, as opposed to statutory or regulatory authority, it properly constrains and limits that authority, lest a broad exercise of authority lead it to effectively rewrite the statutes and regulations that govern detention, bail, and release. *See Mapp*, 241 F.3d at 226 & n.5 ("[C]ourts that have upheld the inherent authority of the federal district courts to admit habeas petitioners to bail have . . . stressed the constraints on this facet of judicial power.") (citing cases). Among the constraints that a court properly applies are the requirements that the individual seeking bail must bear the burden of proof and that bail should be granted only in

---

[6] Different class members have been detained for different lengths of time, and Plaintiffs cannot litigate length of detention on a class basis (and have not done so).

"extraordinary cases." *Roe*, 257 F.3d at 1080; *Mapp*, 241 F.3d at 226.

Plaintiffs argue that the court in *Coronel v. Decker*, __ F. Supp. 3d __, No. 20-cv-2472 (AJN), 2020 WL 1487274 (S.D.N.Y. Mar. 27, 2020), imposed a clear-and-convincing-evidence burden of proof on the government. Pls. Burden Br. 3. In contrast to this case, *Coronel* addressed two separate issues: (1) COVID-19 and (2) a "separate" argument that detainees had not received bond hearings before an IJ. *Id.* at *6. Pursuant to the latter argument, the court there ordered that the detainees receive bond hearings before an IJ and that the government bear the burden of proof at those IJ bond hearings. *Id.* at *9. Again, Plaintiffs here are not claiming that they have not received bond hearings before IJs, and the burden of proof that might apply at a bond hearing before an IJ is not the standard that applies for an application for release on bail pursuant to a district court's inherent authority. *Coronel* also ignores the Supreme Court's statement in *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) that nothing in the immigration statute's text supports the imposition of a requirement that the government bear the burden of proof by clear and convincing evidence. Instead, *Coronel* cites a decision issued by the same district-court judge that was issued prior to the onset of the pandemic and is currently on appeal. *See Coronel*, __ F. Supp. 3d __, 2020 WL 1487274, at *9 (citing *Medley v. Decker*, No. 18-cv-7361 (AJN), 2019 WL 7374408, at *4 (S.D.N.Y. Dec. 11, 2019), *appeal docketed*, No. 20-631 (2d Cir. Feb. 19, 2020)).[7]

Plaintiffs next argue that the three-pronged test of *Mathews v. Eldridge*, 424 U.S. 319 (1976) requires the Court to place the burden of proof on the government (and further requires the Court to heighten the government's burden of proof to a clear-and-convincing-evidence standard). The three prongs in the *Mathews* test are "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the

---

[7] *Cooper v. Oklahoma*, 517 U.S. 348 (1996) (cited by Pls. Burden Br. 2), which dealt with standards for determining whether a criminal defendant is incompetent to stand trial, *Foucha v. Louisiana*, 504 U.S. 71 (1992) (cited by Pls. Burden Br. 2), which dealt with standards for committing a criminal defendant found not guilty by reason of insanity to a psychiatric hospital, and *Kashem v. Barr*, 941 F.3d 358 (9th Cir. 2019) (cited by Pls. Burden Br. 3), which dealt with standards for the aircraft No Fly List, are further afield. Plaintiffs also cite *Gomes v. DHS*, No. 1:20-cv-00453-LM, slip op. (D.N.H. Apr. 27, 2020), ECF No. 34 (cited by Pls. Burden Br. 3), a case where the court adopted a burden-of-proof standard used at IJ bond hearings for a bail hearing before the court. *Id.* at 4 (citing *Hernandez-Lara v. ICE, Acting Director*, No. 19-cv-394-LM, 2019 WL 3340697, at *7 (D.N.H. July 25, 2019)). While it cited *Mapp* for the authority to hold a bail hearing, the *Gomes* court did not address *Mapp*'s requirement that the individual seeking bail bear the burden of proof.

FED. DEFS.' RESP. RE (1) BURDEN OF PROOF FOR BAIL APPLS. AND (2) MAGISTRATE-JUDGE AUTHORITY
No. 3:20-cv-02731-VC                                        6

probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335. Plaintiffs misapply the prongs here. As to the first prong, Plaintiffs argue that their private interest is "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint[.]" Pls. Burden Br. 4. But the interest Plaintiffs claim in this litigation relates to "the conditions of their confinement." *Zepeda Rivas*, __ F. Supp. 3d __, 2020 WL 2059848, at *1. Plaintiffs and the Applicants for bail do not have a general unconstrained interest in freedom from detention, in light of the statutes and regulations authorizing their detention. *Cf. Martinez Franco v. Jennings*, No. 20-cv-02474-CRB, 2020 WL 1976423, at *4 (N.D. Cal. Apr. 24, 2020) ("Even if the Court agreed that civil detention is unconstitutional whenever it impairs proper social distancing, [plaintiff]'s requested relief" — release from detention — "is not an appropriate means to implement that rule.") (citing *Dawson v. Asher*, No. C20-0409JLR-MAT, 2020 WL 1304557, at *2 (W.D. Wash. Mar. 19, 2020)). As to the second prong, Plaintiffs argue that "if the government is not held to a heightened standard of proof, the risk that class members will inappropriately remain detained is substantial." Pls. Burden Br. 4. But there is no erroneous deprivation in requiring Applicants to meet the burden of proof that they are required to meet. *Mapp*, 241 F.3d at 226 (in inherent-authority bail applications, the burden of proof falls on the individual seeking bail). As to the third prong, Plaintiffs argue that the government has no valid interest in detention here. Pls. Burden Br. 4–5. Plaintiffs' argument ignores the government's legitimate interest in enforcing the detention authority granted by Congress under the INA where an individual presents a danger to the community or a risk of flight. Plaintiffs themselves acknowledge that, in deciding bail applications, the Court "must . . . consider petitioner's flight risk and danger to [the] community." Pls. MJ Mem. 2 (citing *Marino v. Vasquez*, 812 F.2d 499, 508–09 (9th Cir. 1987)). Plaintiffs cannot ignore the government's legitimate interest in their attempt to improperly shift the burden of proof onto the government (much less to improperly heighten the government's burden of proof to a clear-and-convincing-evidence standard).[8]

---

[8] Plaintiffs' citation to the Bail Reform Act ("BRA"), Pls. Burden Br. 5–6, is inapposite. The BRA imposes a "clear and convincing evidence" standard by statute. 18 U.S.C. § 3142(f)(2)(B). No similar statutory standard applies here. Additionally, the Ninth Circuit and a number of other courts have

Finally, Plaintiffs cite a number of cases where courts have granted preliminary injunctive relief, including the preliminary injunctive relief of immediate release. Pls. Burden Br. 6–7 (citing *Fraihat v. ICE*, No. EDCV 19-1546 JGB (SHKx), 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020); *Rafael L.O. v. Tsoukaris*, No. 20-3481 (JMV) 2020 WL 1808843 (D.N.J. Apr. 9, 2020); *Ortuno v. Jennings*, No. 20-cv-02064-MMC, 2020 WL 1701724 (N.D. Cal. Apr. 8, 2020); *Bent v. Barr*, No. 19-cv-01623-DMR, 2020 WL 1812850 (N.D. Cal. Apr. 9, 2020)). In all of those cases — as in every case where a plaintiff seeks injunctive relief — the burden was on the plaintiffs to establish that they warranted such relief, not on the government to rebut them. *See Fraihat*, 2020 WL 1932570, at *16 (placing burden on plaintiffs because "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right") (citing *Munaf v. Geren*, 553 U.S. 674, 690 (2008)); *Rafael*, 2020 WL 1808843, at *5 (same); *Ortuno*, 2020 WL 1701724, at *1 (same); *Bent*, 2020 WL 1812850, at *4 (same). Plaintiffs do not present a valid reason for turning that standard on its head here.

For the foregoing reasons, Federal Defendants respectfully submit that the Court should adopt a standard for the bail applications in this case whereby the Applicant bears the burden to prove that he or she (a) does not present a danger to the community or a risk of flight and (b) presents an extraordinary case that warrants release on bail.

## II. Magistrate Judges Are Not Authorized to Grant Bail in This Case

The jurisdiction and authority of magistrate judges is governed by statute, namely, 28 U.S.C. §§ 631–39. *Flam v. Flam*, 788 F.3d 1043, 1045–46 (9th Cir. 2015). Under 28 U.S.C. § 636(b)(1), a district judge may designate a magistrate judge to hear certain matters. But a district judge may not designate a magistrate judge to hear a motion for injunctive relief without the consent of the parties.

---

expressly recognized that "detention of a 'criminal defendant pending trial pursuant to the Bail Reform Act and detention of a removable alien pursuant to the Immigration and Nationality Act are separate functions that serve separate purposes and are performed by different authorities.'" *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) (brackets omitted) (quoting *United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019)); *United States v. Pacheco-Poo*, 952 F.3d 950, 952 (8th Cir. 2020) ("The BRA and INA regulate different entities and functions. The BRA regulates a judicial officer's pretrial release of federal criminal defendants. The INA governs the Attorney General's removal of aliens."); *United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir. 2019) ("[W]hile the BRA aims to ensure a defendant's presence at trial, the INA uses detention to ensure an alien's presence at removal proceedings"); *United States v. Lett*, 944 F.3d 467, 470 (2d Cir. 2019) ("The BRA and then thus serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention.").

28 U.S.C. § 636(b)(1)(A). Courts adopt a "functional approach" to determine whether a given matter falls within the category of matters that a district court may, or may not, designate a magistrate judge to hear. *Flam*, 788 F.3d at 1046. As the Ninth Circuit has explained, the list of motions that magistrate judges may not decide listed in 28 U.S.C. § 636(b)(1)(A) is not exhaustive and, among other things, magistrate judges may not decide "any motion . . . *analogous to a motion listed* in this category[.]" *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004) (emphasis in original); *see Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (a magistrate judge cannot issue a decision that "effectively" goes to injunctive relief without the consent of the parties).[9]

Plaintiffs' request for the Court to order Applicants to be released (pursuant to bail applications) is a request for injunctive relief. By way of comparison, in *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006), the Ninth Circuit confronted an analogous request by an immigration detainee for release while his appeal was pending. The Ninth Circuit applied "the traditional standard for interim injunctive relief" in deciding the detainee's request. *Id.* at 1083. In the COVID-19 context, courts similarly recognize that requests for release are requests for injunctive relief. *See, e.g.*, *Ortuno*, 2020 WL 1701724, at *1 (applying "preliminary injunction" standard to petitioners seeking "an order of release from [immigration] detention"); *Bent*, 2020 WL 1812850, at *4 (applying "preliminary injunction" standard to petition "seeking immediate release from detention because of the COVID-19 pandemic"). Accordingly, when presented with the question of whether she could decide an individual bail application for an immigration detainee, the magistrate judge in *Arana v. Barr* correctly concluded that "magistrate judges lack authority, under 28 U.S.C. § 636(b), to act directly on applications for *Mapp* relief, absent consent of the parties." *Arana v. Barr*, No. 19cv7924 (PGG) (DF), 2020 WL 1502039, at *5 (S.D.N.Y. Mar. 27, 2020) (report and recommendation), *adopted in part, rejected in part on other grounds*, 2020 WL 1659713 (S.D.N.Y. Apr. 3, 2020).[10]

---

[9] *Contra* Pls. MJ Mem. 2–7 (incorrectly arguing that the bail applications here must "involve the same legal standards or involve the same legal consequences," e.g., the traditional four-factor test (without any additional factors), as traditional motions for injunctive relief, in order to fall outside the scope of magistrate-judge authority).

[10] Plaintiffs argue that orders denying bail in pending habeas litigations are not appealable under either 28 U.S.C. § 1291 or 28 U.S.C. § 1292(b) and that bail orders therefore cannot be equated to injunctions. Pls. MJ Mem. 1–2. This argument fails. First, neither 28 U.S.C. § 1291 (which deals with appeals of final orders) nor 28 U.S.C. § 1292(b)(2) (which deals with appeals of certain orders involving

Additionally, the Court is relying on inherent authority to allow for bail applications in this case. As the magistrate judge in *Umana Jovel v. Decker* noted, it is questionable whether a presiding district judge's "'inherent authority' applies to magistrate judges, whose authority comes not from Article III of the U.S. Constitution but from statute[.]" *Umana Jovel v. Decker*, __ F. Supp. 3d __, No. 20 Civ. 308 (GBD) (SN), 2020 WL 1539282, at *5 (S.D.N.Y. Mar. 24, 2020) (report and recommendation), *adopted*, 2020 WL 1539282, at *1–3 (S.D.N.Y. Mar. 31, 2020). The magistrate judge there concluded that he did not have inherent authority to grant release on bail, citing the Ninth Circuit's decision in *Reynaga*. *Id.* (citing *Reynaga*, 971 F.2d at 416). That conclusion was correct. Magistrate judges may not decide the bail applications here, because such magistrate judges (1) are not authorized to provide the injunctive relief of release on bail and (2) cannot exercise the Court's inherent authority in the Court's stead.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully submit that (1) the Court should adopt a standard for the bail applications in this case whereby the Applicant bears the burden to prove that he or she (a) does not present a danger to the community or a risk of flight and (b) presents an extraordinary case that warrants release on bail and (2) the Court (as opposed to magistrate judges) decide the bail applications.

---

controlling questions of law) addresses injunctions. Second, the scope of appellate review under the appeals provision that addresses injunctions, 28 U.S.C. § 1292(a)(1), does not define what does and does not constitute a motion for an injunction for the purposes of magistrate-judge authority. For example, "[o]rdinarily, temporary restraining orders are not considered injunctions for purposes of § 1292(a)(1)" and are not appealable. *Northern Stevedoring and Handling Corp. v. Int'l Longshoremen's and Warehousemen's Union Local No. 60*, 685 F.2d 344, 347 (9th Cir. 1982). Motions for temporary restraining orders are motions for injunctive relief for purposes of 28 U.S.C. § 636(b)(1)(A), however, and magistrate judges do not have authority to decide them without the consent of the parties. *See, e.g.*, *Quatama Park Townhomes Owners Ass'n v. RBC Real Estate Fin., Inc.*, 365 F. Supp. 3d 1129, 1132 (D. Or. 2019); *see also* Pls. MJ Mem. 3 n.3 (citing cases treating requests for release on bail as requests for injunctive relief).

DATED: May 3, 2020                    Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*s/Shiwon Choe*
SHIWON CHOE
Assistant United States Attorney

Attorneys for Federal Defendants