# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION
## Delfina Soto Soto

**9. Outcome of bond hearing, if any:**

Ms. Soto is detained pursuant to 8 U.S.C. § 1226(a).  An immigration judge denied Ms. Soto bond because it was determined that she was a danger to the community and a flight risk.  Ms. Soto did not appeal that that determination, nor has she stated that her circumstances have changed such that a new bond hearing is warranted under 8 C.F.R. § 1003.19(e).  On July 30, 2018, Judge Chen denied Ms. Soto's petition for habeas corpus seeking a bond hearing or immediate release.  *Soto Soto v. Sessions*, No. 18-CV-02891-EMC, 2018 WL 3619727 (N.D. Cal. July 30, 2018).  While Ms. Soto states that she is not a flight risk to Mexico because of her outstanding Interpol Red Notice, such a notice still goes to Ms. Soto's flight risk in consideration of whether she would report for removal to Mexico, if ordered.

**11. Medical condition(s) that put detainee at risk:**

The CDC does not list post-traumatic stress disorder or major depressive disorder as conditions that place individuals at higher risk of severe illness from COVID-19.  *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 2, 2020).

**14. Pending criminal charges and outstanding warrants, including jurisdiction and offense:**

Ms. Soto has an outstanding Interpol Red Notice based on a warrant for her arrest in Mexico for aggravated kidnapping and murder of a five-year old child.  Initial charges were dismissed based on language issues (and it is during this initial investigation that Ms. Soto's allegations of torture arose).  However, a trial court in Mexico later re-investigated the matter, heard independent testimony from sixteen witnesses, many of whom connected Ms. Soto to the crime, and issued a second warrant for Ms. Soto's arrest for aggravated kidnapping of a minor, on which the Red Notice is based.  In her immigration proceedings, the immigration judge found that, aside from her testimony that she was not involved in the matter, Ms. Soto did not provide

any other exculpatory evidence.

**15. Scheduled removal date:**

     Ms. Soto's stay of removal is a temporary automatic stay pursuant to 9th Circuit General Order 6.4(c)(1).  The government has opposed Ms. Soto's request for a stay of removal.  *See Soto-Soto v. Barr*, No. 20-70587 (9th Cir.).

**20. Other Information Relevant to Bail Determination:**

     Ms. Soto has not yet won her case in her removal proceedings.  The Board of Immigration Appeals has overruled the Immigration Judge's decisions twice, and Ms. Soto is now before the Ninth Circuit.  Ms. Soto must remain in ICE custody because an Immigration Judge has determined that she is a danger and a flight risk such that no amount of bail would ameliorate her risk of flight.  Further, Ms. Soto has been charged in Mexico, based on substantial independent evidence, of aggravated kidnapping.  Because she is both a danger and flight risk, she should not be released.