DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7031
> FAX: (415) 436-6748
> adrienne.zack@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | Case No. 20-cv-02731 VC |
| Plaintiffs, | **[PROPOSED] FURTHER PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

With the agreement of the parties, for the purposes of (i) facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and, more generally, (ii) assuring the confidentiality of sensitive information that may be disclosed by the parties in the course of these proceedings, the Court having determined that there is good cause for issuance of a further protective order to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information in the above-captioned action, IT IS HEREBY ORDERED as follows:

1. **Scope.** The following terms, conditions, procedures, and restrictions govern the materials produced by Defendants, including the U.S. Immigration and Customs Enforcement ("ICE"), in this litigation. The protections conferred by this Order cover Protected Material (as defined below), and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties of their counsel that reveal Protected Material.

2. **Protected Material.**  Protected Material means any documents revealing:

a.  Information exempted from disclosure under the Privacy Act, 5 U.S.C. § 522a, *et seq.*, or covered by Federal Rule of Civil Procedure 5.2;

b.  Any individual's medical information, juvenile criminal records, birth date, social security number, tax identification number, alien registration ("A number"), passport numbers, driver's license numbers, contact information, and any similar numbers assigned to an individual by a federal, state, or local government of the United States, including Originating Agency Identification (ORI) Numbers.

c.  Information that is law enforcement sensitive, including information that may be protected from public disclosure under the Privacy Act, 5 U.S.C. § 552a, *et seq.*, and is not subject to law enforcement privilege or other restrictions on disclosure.

d.  Information otherwise prohibited from disclosure under 8 C.F.R. § 208.6 regarding claims of asylum or credible fear.

3.  **Designations.**  Defendants may designate Protected Material by labeling it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence when the Protected Material is received by them.

a.  Documents or materials containing information that is subject to the Privacy Act or otherwise considered sensitive may be designated as "CONFIDENTIAL."

b.  Extremely sensitive "CONFIDENTIAL" documents or materials may be designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if disclosing such documents or materials to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.  **Access to "CONFIDENTIAL" Protected Material.**  Beyond authorized federal agency employees, including Defendants' Counsel, only the following persons shall have access to Protected Material designated "CONFIDENTIAL":

a. This Court, this Court's official personnel, and any reviewing appellate court and its personnel;

b. Plaintiffs' Counsel actively working on this case, including any attorneys, paralegals, office clerks, secretaries, and other support staff to whom such disclosure Plaintiffs' Counsel deems reasonably necessary. The persons covered by this Section 4(b) shall use the Protected Material only for purposes of this litigation;

c. The class member to whom such Protected Material pertains.

d. Experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such Protected Material) engaged or consulted by counsel herein to assist in this litigation. These experts, consultants, and their associated staff shall use the Protected Material only for purposes of this litigation and shall execute and acknowledgement in the form of Exhibit A prior to receiving any Protected Material.

e. Court reporters and interpreters.

5. **Access to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Protected Material.** Beyond authorized federal agency employees, including Defendants' Counsel, only the following persons shall have access to Protected Material designated "CONFIDENTIAL":

a. This Court, this Court's official personnel, and any reviewing appellate court and its personnel;

b. Plaintiffs' Counsel actively working on this case, including any attorneys, paralegals, office clerks, secretaries, and other support staff to whom such disclosure Plaintiffs' Counsel deems reasonably necessary. The persons covered by this Section 5(b) shall use the Protected Material only for purposes of this litigation;

c. Experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such Protected Material) engaged or consulted by counsel herein to assist in this litigation. These experts, consultants, and their associated staff shall use the Protected Material only for purposes of this litigation and shall execute and acknowledgement in the form of Exhibit A prior to receiving any Protected Material.

6. **Use of Protected Material before a Court.** Nothing contained in this Protective Order shall

be construed to limit use of Protected Material before this Court for the purposes of this litigation.

a. <u>In Connection with Individual Bail Applications:</u> In accordance with the Court's order regarding redactions and sealing of information related to all individual bail applications, information discussed therein shall be handled as ordered.

b. <u>Submissions Not Connected with Individual Bail Applications:</u> All other information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" may not be filed without written permission from the party that designated the Protected Material as such, or a court order secured after appropriate notice to all interested persons.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue are privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving party may file the information in the public record pursuant to Civil Local Rule79-5(e) unless otherwise instructed by the court.

7. **Reservation of Rights**.  Nothing in this Order compels the production or disclosure of material, prevents the producing party from making any objection or claim of privilege, or constitutes and admission or waiver of any claim, privilege, or defense by the producing party.  Nothing in this Order waives the parties' rights to challenge any claim, privilege or defense by the producing party.

8. **Survival and Final Disposition of Designated Material.**  Final termination of this litigation, including exhaustion of appellate remedies, shall not terminate the limitations imposed by this Protected Order.

SO ORDERED.

Dated:  _____

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

## <u>EXHIBIT A</u>

### <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Zepeda Rivas v. Jennings*, No. 20-2731-VC.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 20-cv-02731 VC                    5