DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102-3495
 Telephone: (415) 436-7031
 FAX: (415) 436-6748
 adrienne.zack@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | ) | Case No. 20-cv-02731 VC |
| | ) | |
| Plaintiffs, | ) | **STATEMENT OF RECENT DECISION** |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID JENNINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

 Defendants respectfully submit this Statement of Recent Decision pursuant to Civil L.R. 7-3(d)(2), to advise the Court of Ninth Circuit's May 5, 2020 decision in *Roman v. Wolf*, staying the district court's preliminary injunction in part. A copy of the Ninth Circuit's decision is attached hereto as Exhibit 1. For ease of reference, a copy of the district court's preliminary injunction order is attached hereto as Exhibit 2.

DATED: May 6, 2020

           Respectfully submitted,

           DAVID L. ANDERSON
           United States Attorney

           */s/ Wendy M. Garbers*
           WENDY M. GARBERS
           Assistant United States Attorney

# Exhibit 1

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN; et al., <br><br> Petitioners-Appellees, <br><br> v. <br><br> CHAD F. WOLF, Secretary, U.S. Department of Homeland Security; et al., <br><br> Respondents-Appellants. | No.   20-55436 <br><br> D.C. No. 5:20-cv-00768-TJH-PVC Central District of California, Riverside <br><br> ORDER |

Before:  SILVERMAN, NGUYEN, and COLLINS, Circuit Judges.

Appellants' Emergency Motion for Stay Pending Appeal (Docket No. 7) is granted in part and denied in part.  The district court's preliminary injunction is stayed, except as follows:  to the extent that paragraph 13 of the preliminary injunction requires substantial compliance with guidelines issued by the Centers for Disease Control and Prevention (CDC) for correctional and detention facilities to follow in managing COVID-19, *see* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf, the motion for stay is denied.   To the extent that paragraph 13 imposes obligations beyond that exception, it is also stayed.

The motion of Nikolas Bowie and others to file a brief amicus curiae in opposition to the motion to stay (Docket No. 12) is granted.

The previously established briefing schedule continues to apply to this appeal.

This appeal shall be expedited and assigned to the next available panel upon completion of briefing.

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the order insofar as it grants the motion for a stay, but I would stay the district court's preliminary injunction in its entirety.  While I am sympathetic to the majority's decision to leave the injunction in place insofar as it requires substantial compliance with the CDC's guidelines for detention facilities concerning COVID-19, *cf. Valentine v. Collier*, ___ F.3d ___, 2020 WL 1934431, at *2 (5th Cir. Apr. 22, 2020) (staying injunction that required specific measures that "go[] even further than CDC guidelines"), I have substantial doubt that the district court properly incorporated those guidelines into its preliminary injunction order, and a stay of that obligation is warranted as well.  Even setting aside the district court's apparent premise that the CDC guidelines establish a constitutional floor, I note that the guidelines themselves state, in boldface type on the very first page, that "[t]he guidance may need to be adapted based on individual facilities' physical space, staffing, population, operations, and other resources and conditions."  *See* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.  That makes them a poor candidate for incorporation into an injunction, *see* FED. R. CIV. P. 65(d) (injunction must "state its terms specifically" and "describe in reasonable detail—and not by

3

20-55436

referring to the complaint or other document—the act or acts restrained or required"), and that is especially true where (as here) one of the many problems with the district court's injunction is that it disregards the very sort of considerations that the CDC says may require adaption of the guidelines in the context of a particular facility.

# Exhibit 2

# United States District Court
# Central District of California
# Western Division

KELVIN HERNANDEZ ROMAN, *et al.*, *etc.*,

          Petitioners-Plaintiffs,

    v.

CHAD F. WOLF, *et al.*,

          Respondents-Defendants.

EDCV 20-00768 TJH (PVC)

**Preliminary Injunction**

[9]

The Court has considered Petitioners' motion for a class-wide preliminary injunction, together with the moving, opposing, reply and sur-reply papers.

**It is Ordered** that the motion be, and hereby is, **Granted.**

**It is further Ordered** that the basis for this Preliminary Injunction is set forth in the separately issued Findings of Fact and Conclusions of Law.

**It is further Ordered** that Respondents' request for a stay of this Preliminary Injunction pending appeal be, and hereby is, **Denied.**

**It is further Ordered** that, pending a final resolution of this case or further order of the Court:

1.    Adelanto shall not accept any new detainees.

2. Respondents shall immediately reduce the detainee population at the Adelanto Immigration and Customs Enforcement Processing Center ["Adelanto"] to such a level that would allow the remaining detainees to maintain a social distance of 6 feet from each other at all times and at all places, including while sleeping, eating, showering, and going about other daily activities, except when there is a medical necessity or a safety emergency.

3. Respondents shall begin to reduce Adelanto's detainee population forthwith and shall complete the task by May 4, 2020.

4. Respondents shall reduce Adelanto's detainee population by at least 100 detainees by April 27, 2020; by at least another 150 detainees by April 30, 2020; and, then, shall hit the target reduced population level by May 4, 2020.

5. Respondents shall achieve the necessary population reduction by:

    A. Releasing selected detainees, with or without conditions of release;

    B. Deporting selected detainees who have final deportation orders, have exhausted all appeals, and are otherwise deportable; or

    C. Transferring selected detainees to other detention facilities where detainees are able to maintain a 6 foot social distance from each other at all times and at all places, including while sleeping, eating, showering, and going about other daily activities.

6. Any detainee who is transferred to a facility where detainees are unable to maintain a 6 foot social distance from each other at all times and at all places, or where the cleaning standards of that facility do not comply with the cleaning standards required by this Preliminary Injunction for Adelanto, will be immediately released from detention by the Court.

7. The Court shall retain jurisdiction over all class members who are transferred to other facilities regardless of where those facilities are located.

8. Respondents shall have the discretion to determine which detainees are released, deported or transferred.

9. The Court encourages Respondents to give priority for release, in order of preference, to:

    A. Detainees over the age of 55 who have preexisting medical or mental health conditions that make them more susceptible to COVID-19 complications;

    B. Other detainees over the age of 55;

    C. Other detainees who have preexisting medical or mental health conditions that make them more susceptible to COVID-19 complications;

    D. Other detainees who do not have a history of criminal convictions; and

    E. Other detainees who have a history of only minor criminal convictions.

10. Respondents have the discretion to determine what conditions, if any, to place on the released detainees, including electronic and GPS monitoring.

11. Respondents shall file, at least 24 hours in advance, a list of detainees they are going to release, deport or transfer.

12. Respondents shall cooperate and coordinate with class counsel so that class counsel can arrange for transportation and housing in advance of the release of any detainee.

13. Respondents shall immediately put into effect at Adelanto all mandates, best practices, recommendations and guidelines issued by the United States Centers for Disease Control and Prevention, the State of California, and the San Bernardino County Department of Public Health for the prevention of the transmission of the coronavius and COVID-19.

14. Effective immediately, all Adelanto staff shall keep a 6 foot social distance from each other and from detainees, unless there is a medical necessity or a safety emergency.

15. Effective immediately, Adelanto detainees shall be required to maintain, whenever possible, a social distance of 6 feet from each other, unless there is a medical necessity or a safety emergency.

16. As soon as the Adelanto detainee population is sufficiently reduced, Adelanto detainees shall maintain a 6 foot social distance from each other at all times and at all places, unless there is a medical necessity or a safety emergency.

17. All detainee common areas and shared items, including, but not limited to, rooms, floors, doors, tables, seats, telephones, electronic devices, showers, sinks and toilets shall be cleaned and disinfected by a professionally trained cleaning staff with appropriate equipment and supplies on a regular basis whenever those common areas and shared items are accessible to detainees. So, for example, common areas and shared items that are accessible by detainees 24 hours a day must be cleaned and disinfected multiple times throughout each 24 hour period.

18. For any area or item including, but not limited to, rooms, sinks and toilets, that are used solely by one detainee, Respondents shall provide to each respective detainee sufficient training, cleaning equipment and supplies, at no cost to the detainee, so that the detainee can clean and disinfect those areas and items on a regular basis, but at least once a day. If any detainee is unable to clean and disinfect any exclusive use areas or items because of age, a medical or mental health issue, or other infirmity, Respondents shall have those areas and/or items cleaned and disinfected on a regular basis by a professionally trained cleaning staff.

19. Any sleeping room/cell that contains a toilet without an integrated lid shall be limited to a single occupant, even if multiple occupants would be able to maintain a social distance from each other while in that sleeping room/cell.

20. All Adelanto staff shall wear masks and gloves, provided by Respondents, at all times while on duty.

21. All Adelanto detainees shall wear masks, provided by Respondents at no expense to the detainees, at all times except while eating, drinking or showering.

22. Respondents shall provide sufficient pairs of gloves, at no expense to detainees, for detainees to wear at any and all times the detainees so desire.

23. Adelanto shall provide all detainees, at no expense to the detainees, with sufficient quantities of soap, including hand soap, and paper towels, so that the detainees never run out of those supplies.

24. As an alternative to hand soap, detainees may be provided with hand sanitizer.

25. Respondents shall create and implement any and all rules at Adelanto necessary to comply with this Preliminary Injunction.

26. Respondents shall propose, by April 27, 2020, for the Court's approval:

    A.    Adelanto's detainee population reduction plan, including dimensions of all common areas and sleeping rooms/cells, and details as to how detainees will be able to eat, shower, and go about other daily activities while maintaining 6 feet of social distance at all times and all places;

    B.    Adelanto's new cleaning procedures and schedule; and

    C.    An operations plan that implements all components of this preliminary injunction.

27. Respondents shall file, under seal, by May 1, 2020, a complete census of all members of the certified class, as it was defined by the Court in its class certification order. The census shall contain, at a minimum, each class member's:

    A.    Registration number;

    B.    Name;

    C.    Gender;

    D.    Age;

    E.    Housing unit and room assignment, if applicable;

    F.    Criminal history;

    G.    Known medical conditions;

    H.    Location and detention status, specifically whether the class member remains detained at Adelanto, has been or will be released, transferred or deported; if the class member has been transferred, then the transfer location shall be stated;

     I.     Immigration status;

     J.     Immigration Court history and orders;

     K.     Whether the person has any appeals pending before the Board of Immigration Appeals or the Ninth Circuit Court of Appeals, and the status of those appeals; and

     L.     Contact information for a family member or friend to aid class counsel to coordinate transportation and housing if the detainee is released.

28. Starting on May 11, 2020, and on every Monday, thereafter, Respondents shall file a status report by 4:00 p.m. containing, *inter alia*:

     A.     An updated detainee census, which shall be filed under seal;

     B.     A summary of Adelanto's current population;

     C.     A housing assignment list, broken down by housing unit and room/cell, if applicable;

     D.     Any new policy changes relating to the matters in this Preliminary Injunction;

     E.     A summary of the progress made toward complying with this Preliminary Injunction; and

     F.     Any explanation for any non-compliance with this Preliminary Injunction.

29. If Respondents fail to comply with any of the above, the Court will consider the immediate release of class members.

30. This Preliminary Injunction applies to all class members, including those who were ordered released pursuant to a Temporary Restraining Order issued by the Court in this case or in a class member's separately and previously filed case.

31. All class members released by the Court pursuant to a Temporary Restraining Orders, issued in this case or in a separately and previously filed case, shall remain released and subject to the terms and conditions of release set forth in each respective Temporary Restraining Order.

32. The Court will not issue any additional Temporary Restraining Orders or

Preliminary Injunctions for class members in separately filed cases as this class action was certified as a no opt out class action under Fed. R Civ. P. 23(b)(2).

33. Class counsel shall, with the cooperation of Respondents, provide the best notice possible regarding the certification of this class action and the issuance of this Preliminary Injunction to class members, and their separate counsel, for those class members who may have separate counsel.

34. No bond shall be required for this Preliminary Injunction.

Date: April 23, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge

Preliminary Injunction – Page 7 of 7