# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION

## Yao Xeng Saeturn

**9. Outcome of bond hearing, if any:**

Mr. Saeturn is detained under section 8 U.S.C. § 1226(c) as an alien subject to mandatory detention.

**11. Medical Condition(s) That Put Detainee At Risk:**

Aside from his age, Defendants have no record of Mr. Saeturn being diagnosed with any additional risk factors, as defined by the CDC. The CDC does not list high blood pressure,[1] past stroke, high cholesterol, heartburn, ulcers, or gout as conditions that place individuals at higher risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 9, 2020).

When ICE arrested Mr. Saeturn on November 26, 2019, he stated that he was taking medication for back pain, high blood pressure, gout, and ulcer.

In denying Mr. Saeturn's motion for a temporary restraining order directing his release only one week ago, Judge Donato found that evidence of his medical vulnerability was lacking,

---

[1] Hypertension is mentioned on the CDC website in the context of discussing statistics from China showing higher fatality for patients with comorbidities. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html. However, it is not surprising that hypertension is not on the CDC's list of high-risk conditions. The CDC's list already recognizes that people 65 or older are at higher risk for severe illness from COVID-19, and it is not at all clear that hypertension in younger people alone puts them at higher risk. According to the International Society of Hypertension, hypertension usually affects the majority of people over 60, and therefore "there is no evidence that people with hypertension are over-represented amongst those seriously infected by COVID-19. Indeed, the opposite is true." A Statement from the International Society of Hypertension on COVID-19, available at https://ish-world.com/news/a/A-statement-from-the-International-Society-of-Hypertension-on-COVID-19/. Similarly, the American Heart Association has noted that nearly half of Americans deal with high blood pressure and warned that "*elderly people* with coronary heart disease or high blood pressure may be more susceptible to the coronavirus and more likely to develop more severe symptoms." AHA Guidance, "What People with High Blood Pressure Need to Know about COVID-19," available at https://newsroom.heart.org/news/what-people-with-high-blood-pressure-need-to-know-about-covid-19 (emphasis added).

and his "senior age" was not "a basis in [itself] for ordering release now." *Ahn, et al. v. Barr,* No. 20-2604 JD, ECF 22 at 5 (N. D. Cal. May 4, 2020).

**13. Felony or Misdemeanor Convictions, Including Date and Offense:**

Mr. Saeturn was convicted of Lewd or Lascivious Act with Child under 14 years (California Penal Code §288(a)) on July 20, 2010, and sentenced to 360 days in jail. Accordingly, Mr. Saeturn is subject to mandatory detention per 8 U.S.C. §1226(c). According to the police reports, which were submitted to the *Ahn* court, Mr. Saeturn's victim was seven years old. The reports also indicate that there may have been another child victim of Mr. Saeturn, but that incident does not appear to have resulted in an arrest.

Additionally, on July 18, 2016, he was convicted of failure to register as a sex offender (California Penal Code §290.012(a)), and sentenced to 90 days in jail and 3 years probation.

Previously, on August 20, 2004, Mr. Saeturn was convicted of welfare fraud (California Welfare and Institutions Code §10980(c)(2)) and sentenced to 36 months probation.

In denying Mr. Saeturn's motion for a temporary restraining order directing his release, Judge Donato found, *inter alia,* that he was convicted of a "serious offense[]," namely "committing a lewd or lascivious act on a child under fourteen years and a subsequent failure to register as a sex offender." *Ahn,* No. 20-2604 JD, ECF 22 at 6 (N. D. Cal. May 4, 2020).

**20. Other Information Relevant to Bail Determination:**

On May 6, 2020, the Immigration Judge denied Mr. Saeturn's applications for relief from removal and ordered him removed from the United States. It does not appear from the Immigration Judge's order that Mr. Saeturn applied for adjustment of status. The period within which to appeal is pending. If and when Mr. Saeturn's removal order becomes final, Defendants have been able to effectuate removals to Laos. In any event, should Mr. Saeturn remain detained after his removal order is final, ICE will review his detention as required under 8 C.F.R. § 241.4, and if Mr. Saeturn believes he is not likely to be removed after his removal order is final, he may bring a claim under *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). However, the length of detention is not at issue in this lawsuit regarding the conditions of confinement.

Plaintiffs state that "Mr. Saeturn's only desire is to be released so that he can obtain adequate treatment for his conditions." However, they provide no evidence, or even allegations, that he has sought medical treatment in detention that has been denied.

On February 3, 2004, Mr. Saeturn was arrested or cited for battery (CPC § 243(E)(1)); that charge was dismissed.