**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ISIDORA LOPEZ-VENEGAS, et al., | No. CV 13-3972-JAK (PLAx) |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL INFORMATION** |
| v. | |
| JEH JOHNSON, et al., | |
| Defendants. | |

The Court has received and considered all of the briefing filed with respect to plaintiffs' Motion for Protective Order Governing the Handling of Confidential Material ("Motion").

**I**

**DISCUSSION**

Plaintiffs filed this civil rights action alleging that defendants are misusing immigration procedures to wrongfully expel non-citizens from the United States in violation of the Constitution and federal law. The parties agree that entry of a protective order to govern the handling of confidential information is appropriate and have agreed on the majority of terms for such an order, but have been unable to reach agreement on two issues: (1) whether defendants can use

information deemed confidential for purposes outside of this litigation; and (2) the definition of what constitutes protected material.[1] (Joint Stipulation ("Joint Stip.") at 1-3).

**A.   APPLICABLE LAW**

Although the federal rules permit liberal discovery, "[l]iberal discovery is allowed for the sole purpose of assisting in the preparation of trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).  "It is clear from experience that pretrial discovery . . . has a significant potential for abuse." Id. (footnote omitted).  "This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." Id. at 34-35 (footnote omitted).  Because of liberal discovery and the potential for abuse, the federal rules "confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." Id. at 36.  Moreover, "[d]istrict courts need not condone the use of discovery to engage in 'fishing expeditions.'"  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) (citation omitted). Federal Rule of Civil Procedure 26(c) permits a court to enter a protective order when the party seeking the order establishes good cause for protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]"  "The burden is upon the party seeking the protective order to show good cause by demonstrating harm or prejudice that will result from the discovery." Rivera, 364 F.3d at 1063 (internal quotation marks and citation omitted).  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. at 1063-64 (internal quotation marks and citation omitted).

---

[1]   Defendants also raise a concern regarding the language of paragraph 17 governing non-private information that they concede they failed to raise at the parties' last meet and confer. (See Joint Stip. at 18).  In plaintiffs' Supplemental Memorandum in Support of Protective Order ("Supp. Mem."), plaintiffs indicate that they "will agree to Defendants' proposed wording." (Supp. Mem. at 1 n. 1).  As a result, the Court will adopt defendants' proposed language for paragraph 17.

**B.    USE OF CONFIDENTIAL INFORMATION OUTSIDE OF THIS LITIGATION**

Plaintiffs propose the following provision to limit the use of confidential information outside of this litigation:

> 28.    Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Litigation or any other proceeding between the Parties.  Without limiting the generality of the foregoing sentence, no one subject to this Protective Order shall use information deemed CONFIDENTIAL obtained in this Litigation to retaliate against, intimidate, report or refer an individual to any governmental authorities, discriminate against in any manner, or harass any other Party or witness, relatives of any other Party or witness, including domestic partners of a party or witness, or any individuals associated with the Parties in any way.

(Declaration of Sean Riordan in Support of Joint Stipulation Re Motion for Protective Order ("Riordan Dec."), Exh. A at 14).  Defendants, on the other hand, propose the following provisions to govern the use of confidential information outside of the instant litigation:

> 28.    The Receiving Party's use of any information or documents obtained from the Producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Litigation or any other proceeding between the Parties, except as otherwise provided in this Order.
> 29.    Nothing in this Protective Order shall be construed as limiting or precluding Defendants from using Protected Material, or information derived from such material, in the ordinary course of Defendants' lawful business, or from sharing Protected Material with other government entities as allowed by the law and as done in the ordinary course of business.

(Joint Stip., Defendants' Ex. 1 at 14-16).

Here, the Court finds that plaintiffs' proposed language comports with the general rule that confidential discovery material may not be utilized outside of the litigation in which it was produced.  See Seattle Times Co., 476 U.S. at 34; Gillard v. Boulder Valley Sch. Dist., 196 F.R.D. 382, 387 (D. Colo. 2000) ("[C]ivil discovery is a device to allow parties to obtain information for the purpose of preparing and trying a lawsuit," and ordinarily "a party has no right to make unrestricted disclosure of the information obtained through discovery.").  Indeed, defendant does not challenge

Case 3:20-cv-02731-LB Document 146-1 Filed 05/12/20 Page 4 of 7

this general principle or cite a single case to support its position that pre-trial discovery can be used for purposes outside of the litigation. (See, generally, Joint Stip. at 14-23).

Moreover, the prevention of the use of confidential information outside of the litigation is particularly significant in cases like the instant one that involve the testimony of witnesses who may not participate in the litigation out of fear of deportation or other negative immigration consequences in the absence of protection. See, e.g., Rivera, 364 F.3d at 1065-66 (affirming district court's entry of protective order in Title VII action that barred all pre-trial discovery regarding plaintiffs' immigration status and explaining that "the chilling effect such discovery could have on the bringing of civil rights actions unacceptably burdens the public interest."); Barrera v. Boughton, 2010 WL 1240904, at *2 (D. Conn. Mar. 19, 2010) ("Immigration status discovery in cases where plaintiffs are possibly undocumented is a very sensitive area of inquiry."); Sandoval v. Rizzuti Farms, 2009 WL 959478, at *2 (E.D. Wash. Apr. 7, 2009) ("The harm in disclosing Plaintiffs' immigration status is significant and real. If disclosed . . . [undocumented plaintiffs] would fear criminal prosecution and deportation [and] would be reluctant to exercise their rights under existing state and federal laws."); Flores v. Albertsons, Inc., 2002 WL 1163623, at *6 (C.D. Cal. Apr. 9, 2002) (denying defendants' motion to reconsider Magistrate Judge's order preventing plaintiffs from having to produce documents related to immigration status and noting that, "[i]t is entirely likely that any undocumented class member forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face termination and/or potential deportation.").

Defendants contend that "notably absent from Plaintiffs' argument is any claim that their unnamed third-party witnesses reasonably fear *any mistreatment* or *abuse* as a result of their participation." (Joint Stip. at 20). Defendants' contention is unpersuasive. In fact, plaintiffs explained that "at least seven witnesses have indicated to Plaintiffs' counsel that while they would like to provide declarations and other information concerning their mistreatment while in Defendants' custody, they are unwilling to so participate without limits on Defendants' use of information about them." (Id. at 10; Riordan Dec. ¶ 16).

4

Defendants also argue that "Plaintiffs' proposed version of the protective order . . . would violate federal law, which precludes limitations on intra- and inter-Government information sharing regarding an individual's citizenship or immigrations status." (Joint Stip. at 21). The laws defendants cite, however, are inapplicable to the instant case. (See id. at 22). For example, 8 U.S.C. § 1644, by its own terms, applies only to prohibitions or restrictions on "State or local government entit[ies]" sharing or receiving immigration information. State and local entities, however, are not parties in the instant case. Further, 8 U.S.C. § 1373(a) bars "a Federal, State, or local government entity or official" from "prohibit[ing], or in any way restrict[ing], any government entity or official from sending to, or receiving . . . information" regarding, an individual's immigration status. Yet, the prevention of use of confidential information, including immigration status, outside the use of this litigation does not in any way limit the receipt or transmission of any information. Finally, 8 U.S.C. § 1252(g) is a jurisdiction stripping provision aimed at limiting "attempts to impose judicial constraints upon prosecutorial discretion." Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 484-85 & n. 9, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (citing 8 U.S.C. § 1252(g)). The provision at issue here, however, does not constrain prosecutorial discretion in any way; rather, it merely prevents the parties from using any information deemed confidential obtained in this litigation for any purpose outside of this litigation.

In sum, plaintiffs have provided good cause for a provision preventing the use of confidential information outside of this litigation.

## C. PROTECTED MATERIAL

The parties' second dispute concerns the scope of what can be deemed protected material. (See Joint Stip. at 1-3). Specifically, plaintiffs propose the following provision:

> 2. The categories of Protected Material include: . . . d. All other confidential documents, information or tangible things not identified above that qualify for protection under Federal Rule of Civil Procedure 26(c).

(Riordan Dec., Ex. A at 4).

In contrast, defendants propose the following provision:

Case 3:20-cv-02731-LAB Document 146-1 Filed 05/12/20 Page 6 of 79 Page ID #:1047

> 2.     The categories of Protected Material include: . . . d.   A l l   o t h e r confidential documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

(Joint Stip., Defendants' Ex. 1 at 4).

Here, the Court notes that defendants' proposed language would require the parties to reach an agreement or seek Court approval on a document-by-document basis prior to production. Such an approach is undesirable and could lead to extensive and repeated judicial intervention. On the other hand, plaintiffs' proposed provision is more general than required to  protect the information plaintiffs seek to keep confidential.  Specifically, plaintiffs assert that sensitive information from organizational plaintiffs, like financial records, as well as sensitive information from individual plaintiffs, like documents or personal information concerning addresses, phone numbers, social security numbers, educational information, income information, and employment information, should be deemed confidential.  (Joint Stip. at 12-13).

It is the Court's view that a specific, narrowly-tailored definition of what qualifies as "confidential information" within the context of this case is appropriate.  The following provision strikes the proper balance between full disclosure and the risk of harm to the disclosing party, while also preventing the likelihood of repeated judicial intervention:

> 2.     The categories of Protected Material include: . . . d.   A l l   o t h e r documents, information or tangible things not identified above that any party to this action contends in good faith contain confidential information, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, that the party would not ordinarily disclose and which should be protected from disclosure under Federal Rule of Civil Procedure 26(c).

/

/

/

/

/

/

/

/

6

## II

## <u>CONCLUSION</u>

Accordingly, plaintiffs' Motion (Docket No. 58) is **granted in part**, as set forth above. Concurrently with this Order, the Court will issue plaintiffs' Proposed Protective Order (Riordan Dec., Exh. A), modified to reflect the Court's decision herein, as well as to reflect other minor changes made by the Court (<u>see</u> ¶¶ 13, 26(e)).

DATED: February 6, 2014

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE