## FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION
### Hung Tien Nguyen

**11.  Medical condition(s) that put detainee at risk:**

The bail application states that Mr. Nguyen "verbally reports that he tests positive for [tuberculosis ("TB")]," that he suffers from depression and anxiety, and that he has a hyperactive thyroid.  As an initial matter, none of these conditions are noted by Yuba County Jail medical staff.  While Mr. Nguyen has latent tuberculosis, his x-rays show no indication of the disease.  In fact, on February 7, 2020, he had a negative chest x-ray, showing no tuberculosis.  There is also no diagnosis by a mental health professional of either depression or anxiety.  Nor is there a record of a hyperactive thyroid.  Further, even if he did suffer from these conditions, none present any risk factor recognized by the CDC that would place Mr. Nguyen at higher risk of severe illness from COVID-19.  *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 13, 2020).

**13.  Felony or misdemeanor convictions, including date and offense:**

As his bail application acknowledges, on December 2, 1996, Mr. Nguyen was convicted by a jury of two counts of second degree murder in violation of California Penal Code § 187(a) and sentenced to fifteen years to life of imprisonment.  Also, on December 2, 1996, Mr. Nguyen was convicted of two counts of assault with a deadly weapon, a firearm, in violation of California Penal Code § 245(a)(2), and sentenced to an additional 16 years and eight months of imprisonment.  According to the criminal charging document, on June 27, 1995, Mr. Nguyen and a co-defendant shot four victims with a handgun.  Two of the victims died.

**20.  Other Information Relevant to Bail Determination:**

Mr. Nguyen must remain in ICE custody because he is a threat to public safety based on his criminal history of murder and assault.  Additionally, his removal is uncontested, pending, and imminent.  On February 20, 2020, ICE detained Mr. Nguyen and served him with a Notice to Appear, charging him as removable from the United States due to his convictions for multiple

aggravated felonies in violation of the Immigration and Nationality Act § 237(a)(2)(A)(iii).  On March 3, 2020, Mr. Nguyen admitted the allegations on the Notice to Appear, conceded the charge of removability, and requested an order of removal to Vietnam.  The Immigration Judge then ordered his removal.  Mr. Nguyen waived appeal.  Mr. Nguyen is therefore mandatorily detained pursuant to 8 U.S.C. § 1231(a)(2).  ICE's Enforcement and Removal Operations is in the process of obtaining a travel document to effectuate Mr. Nguyen's removal to Vietnam.  ICE expects that a travel document will be issued within 60-90 days.  Due to Mr. Nguyen's criminal history, he will be able to be removed notwithstanding the 2008 bilateral agreement.