**DILBAGH SINGH**
**SHORT-FORM BAIL APPLICATION**

**SUMMARY:**

Mr. Singh has lived in the United States since he was 13 years old, when he came from India as a lawful permanent resident with his family. Mr. Singh has struggled with serious mental health issues since his youth, and he suffered several criminal convictions during periods that he was not effectively medicated. He is now on several medications, and states that he feels that his mental health is finally stable. His family in Yuba City, California is waiting to welcome him to their home, where they will support him. Mr. Singh also suffers from hypertension, which, in addition to his mental health diagnoses, puts him at high risk from COVID-19.

1. **Name:** Dilbagh Singh

2. **Age:** 42

3. **Sex:** Male

4. **Primary Language:** English and Punjabi

5. **If Hearing, Is An Interpreter Needed?** No

6. **Detained in:** Mesa Verde Detention Facility _X__ or Yuba County Jail ___

7. **Dorm Unit:** C Dorm

8. **Date of Bond Hearing, If Any:** None.

9. **Outcome of Bond Hearing, If Any:** N/A.

10. **Length of Time in Detention:** Since November 16, 2018.

11. **Medical Condition(s) That Put Detainee At Risk:**
    - Mr. Singh has hypertension. He currently takes Lisinopril daily, and has been medicated for hypertension for many years.
    - Mr. Singh has a history of hearing voices and has been diagnosed with psychosis. He experiences panic attacks in ICE detention. He currently takes Zyprexal (an anti-psychotic medication), Buspar (an anti-anxiety medication), and Remeron (an antidepressant).
    - In approximately 2000, Mr. Singh underwent a course of treatment for tuberculosis. He received an inhaler at that time, which he took for about two years. Since around that time, he experiences cold sweats nightly.
    - Mr. Singh has also been told he has high cholesterol, and was previously taking medication for it, though has not at Mesa Verde.

Dilbagh Singh

1

12. **Attorney Name, Phone, Address and Email:** None.

13. **Felony or Misdemeanor Convictions, Including Date and Offense:**

Mr. Singh reports that his criminal history resulted from his serious mental health struggles, and that the incidents occurred during periods of time when he was unmedicated, or improperly medicated. For that reason, he states that he does not remember the exact circumstances of all of his convictions, but is providing information where he can. In addition, he acknowledges that he struggled with alcohol/substance abuse in the past. He has stopped drinking, and has attended rehabilitation classes, anger management programs, and meetings while incarcerated in order to commit himself to sobriety and being in the best position to maintain his mental health. Mr. Singh reports that he now feels on a stable mental health treatment program which he will continue after his release.

Mr. Singh does not have an attorney, and class counsel does not have access to Mr. Singh's criminal records or rap sheet. The following is based on conversations with Mr. Singh, who has described his criminal convictions to the best of his ability through multiple conversations with class counsel, as well as review of ICE's Forms I-213. Class counsel notes that ICE has provided two I-213s (dated 2007 and 2018) and the two forms have different information regarding Mr. Singh's criminal history:

- 1997: Cal. P.C. 148(a) (resisting arrest). 30 days in jail.
- 2001: According to ICE's Form I-213, Mr. Singh was convicted of trespassing in Douglas County, Nevada, and sentenced to 10 days in jail. To the best of Mr. Singh's memory, he only spent a few hours in jail in Nevada.
- 12/22/2003: According to ICE's Form I-213, Mr. Singh was convicted of battery and "disturbs by loud unreasonable noise"/obstructing public officer and sentenced to 45 days in jail and 24 months probation.
- 2003: According to ICE's Form I-213, Mr. Singh was convicted of Cal. H&S 11377(a) (possession of controlled substance). 60 days in jail and 3 years probation. It appears from ICE's 213 that this conviction was later "expunged."
- 2006: Cal. P.C. 647(f) (disorderly conduct). 120 days in jail.
- 2009 arrest and 2010 conviction. According to ICE's 2007 Form I-213, Mr. Singh was convicted of "aggravated assault—family—strongarm" and sentenced to 3 years. Mr. Singh believes the penal code section was Cal. P.C. 243(d) (battery with serious bodily injury), which is consistent with ICE's 2018 I-213. Mr. Singh believes he served 360 days in jail, and later received a probation violation that increased his sentence, and he ultimately served half of the 3-year term. Mr. Singh stated that he believes he was convicted of hitting his mother, but he did not hit her. He believes there was a communication issue between his mother and the police because his mother is a monolingual Punjabi speaker. Class counsel also spoke with Mr. Singh's mother, who said that Mr. Singh did not hit her.
- 2015: Cal. H&S 11377(a) (possession of controlled substance). 4 days in jail. Per ICE records, he has a second 11377(a) in 2015, for which he was sentenced to 12 days jail.

Dilbagh Singh

- According to ICE I-213, Mr. Singh had two parole violations—one in 2015 and one in 2016—but it is unclear to which underlying convictions they relate.
- 2017: Cal. P.C. 664/422 (attempted criminal threats). 16 months jail.
    - According to Mr. Singh, this case relates to incident where he slept in an abandoned truck when it was cold, and the owner found him and called the police. Mr. Singh reports that he did not threaten the owner of the truck.
- 2018: Cal. P.C. 422 (criminal threats). 2 years in jail.
    - Mr. Singh states that this conviction arose out of an incident involving Mr. Singh's teenaged niece who called the police. Mr. Singh reports that he was not effectively medicated at the time of this incident. Class counsel spoke with Mr. Singh's sister-in-law (the mother of the then-teenaged niece) who states that her daughter was upset by Mr. Singh coming to their house and called the police. Mr. Singh's sister-in-law stated that her daughter was annoyed, but that Mr. Singh did not do anything threatening when coming over to the house. Mr. Singh states that, in connection with this incident, he believes a protective order issued protecting his niece, possibly automatically by the court. He believes he was charged with Cal P.C. 273.6(a) (disobeying a protective order), but he believes he was not convicted of this offense. Mr. Singh does not believe that there are any protective orders currently in place. Nevertheless, if released, Mr. Singh states that he will stay away from his niece. When class counsel spoke with Mr. Singh's sister-in-law (the mother of the then-teenaged niece), she confirmed that her older daughter lives in another city now, and that she is not worried about having Mr. Singh stay at her house now.
- (Note that ICE's spreadsheet provided to class counsel lists Mr. Singh's sole criminal history as a 2019 hit and run and DUI, but this appears to be incorrect. Mr. Singh was incarcerated in Mesa Verde in 2019, and instead reports the above criminal history to the court)

14. **Pending Criminal Charges and Outstanding Warrants, Including Jurisdiction and Offense:** None to Mr. Singh's knowledge.

15. **Scheduled Removal Date, If Any:** None known.

Mr. Singh was unrepresented during his removal proceedings because he could not afford an attorney, and he was ordered removed. The Board of Immigration Appeals affirmed the Immigration Judge's removal order on October 28, 2019. Mr. Singh expressed to class counsel that he did not feel that he could adequately represent himself without an attorney in his immigration matters.

ICE has not removed Mr. Singh even though his removal order became final over six months ago. Mr. Singh states that he has cooperated with ICE. Mr. Singh wants to file a habeas petition for release pursuant to *Zadvydas v. Davis* 533 U.S. 678 (2001) (holding that an individual's detention, where subject to a removal order, exceeds six months, it becomes presumptively unreasonable, and holding that said individual must be released

Dilbagh Singh

3

unless there is a significant likelihood of removal in the reasonably foreseeable future). However, he does not have an attorney to assist him.

Release is appropriate in this case due to the unforeseeability of Mr. Singh's removal, *see* Plaintiff-Petitioners' Memorandum on Common Issues in Bail Review Process (ECF No. 122) at 12-13, especially combined with the fact that Mr. Singh has a stable and caring family to whom he can be released.

16. **Family:** Mr. Singh's entire family is in the United States. His mother is a lawful permanent resident. His brother is a U.S. citizen. His father is deceased (and previously resided lawfully in the United States).

17. **Proposed Custodian and Description of Proposed Release Residence:**

    Mr. Singh will live with his lawful permanent resident mother, Harminder Kaur, at:

    Ms. Kaur can be reached at: . She is a monolingual Punjabi speaker.

18. **Applicant's Ties to the Location of the Proposed Residence (such as length of time, family members, prior employment, etc.):**

    This is Mr. Singh's stable, family address. Mr. Singh's family owns the home. Currently, Mr. Singh's mother, his U.S. citizen brother, Rajinder Thiara, and his sister-in-law reside there, as do two of their children.

    As noted above, Mr. Singh's niece who previously had a restraining order against him no longer lives at the residence. Moreover, Mr. Singh's sister-in-law, the mother of Mr. Singh's niece, has two middle-school aged children at home and she expressed to class counsel that she has no concerns about having Mr. Singh back at the house.

    Mr. Singh's family is extremely supportive of him, and want him to come home to them.

19. **Employment History:** From 2002 until approximately 2011-12, Mr. Singh worked as a truck driver. From 2011-12 until 2017, he worked in agriculture, working with water and sprinkler systems.

20. **Other Information Relevant to Bail Determination:**
    - Mr. Singh expressed to class counsel that he knows that, upon release, staying at home is the safest thing for him to do. He is committed to complying with shelter in place and/or quarantine orders.
    - In addition, Mr. Singh expressed that after years of being unmedicated or on ineffective medication, he feels stable and in control on his current medication plan. Mr. Singh stated he will continue with his medication upon release and he has a household of supportive family to help him.

Dilbagh Singh

4

- Mr. Singh's lawful permanent resident mother has diabetes, high blood pressure, and had heart surgery in the past few months. Mr. Singh would like to be able to help care for his mother, as he has done for many years. His mother, Ms. Kaur, is devastated to be separated from her son.

21. **Attached are (check all that are applicable, but that is not a substitute for answering the above questions):** Not Applicable.

   \_\_\_ Medical records
   \_\_\_ Rap sheet
   \_\_\_ I-213
   \_\_\_ Letter from proposed custodian
   \_\_\_ Bond hearing decision and/or transcript

All information in this application is accurate based on information and belief. This application was prepared using information obtained through several telephone conversations with Mr. Singh, and review of ICE's arrest records (Form I-213) for Mr. Singh. It is also based on co-counsel, Judah Lakin's, conversation with Mr. Singh's proposed custodian and family, with the assistance of a Punjabi interpreter.

In preparing this application, class counsel did not have access to further fingerprint, criminal, or immigration records for Mr. Singh, who is pro se.

Respectfully submitted,

*/s/Amalia Wille*
Amalia Wille

Dilbagh Singh

5