# RAJNISH RAJNISH
# SHORT-FORM BAIL APPLICATION

**SUMMARY:** Rajnish Rajnish, also known as Rajnish Taya, is a 19-year old Indian national who has been detained at Yuba County Jail-ICE Detention for the past 5 months. He fled to the U.S. at age 16 after he was badly beaten and threatened with death because of his family's political beliefs. He was designated an Unaccompanied Child and applied for asylum before he turned 18. His application for asylum is currently pending before United States Citizenship and Immigration Services (USCIS). On October 28, 2019, when he was 18, Rajnish was arrested and convicted of a misdemeanor sex offense. He completed his sentence at Rio Consumes Correctional Facility and was detained by ICE upon his release on December 30, 2019. A licensed clinical and forensic psychologist who performed a test to determine his risk of recidivism determined that he was at low risk of sexual re-offense based on his characteristics.

**1. Name:** Rajnish Rajnish (aka Rajnish Taya)

**2. Age:** 19

**3. Sex:** Male

**4. Primary language:** Hindi

**5. If there is a hearing, is an interpreter needed?** Yes

**6. Detained in** Mesa Verde Detention Facility \_\_\_ or Yuba County Jail \_X\_\_

**7. Dorm unit:** G

**8. Date of bond hearing, if any:** April 2, 2020

**9. Outcome of bond hearing, if any:**

Rajnish's bond hearing was denied on the basis that his conviction made him a danger to the community and he had no direct family ties to the United States. At his bond hearing, Rajnish submitted a personal declaration showing rehabilitation and remorse, a psychological report from an expert psychologist who works with juvenile sex offenders and performed a risk assessment showing that Rajnish was at low risk for recidivism, a letter from a pastor showing he regularly attended Bible Study while detained, and statements from close family friends that they would be taking responsibility for him.

**10. Length of time in detention:** 4 months

**11. Medical condition(s) that put detainee at risk:**

Rajnish reports that he was hit by a vehicle in India as a child, and underwent surgery. He continues to have chest pain as a result. The surgery scar and his reported chest pains are confirmed by Yuba medical records.

Rajnish has been identified by ICE as a *Franco-Gonzalez* class member, meaning that he suffers from a mental disorder which impairs his ability to fully comprehend and represent himself in removal proceedings. Yuba medical staff have diagnosed him with schizoaffective disorder. He takes anti-depressants as well as Ability, a medication used to treat schizophrenia spectrum disorders and bipolar disorder.

Based on available medical records, Rajnish has recorded elevated blood pressure readings (at least four in the last six months) which put him in the category of Stage 1 hypertension according to the according to established diagnostic criteria by the American Heart Association (AHA) and the American College of Cardiology (ACC).[1]

Hypertension is recognized by the CDC and in various studies as a comorbidity which increases the risk of severe COVID-19. In its March 30, 2020 "Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease," the CDC identified hypertension as among the "risk factors for severe illness." The CDC identified that case fatality was seven times higher for individuals with hypertension than for those with no underlying medical conditions. Aside from recognizing increased case fatality, the CDC notes that hypertension has been associated with increased illness severity and adverse outcomes: less than 0.9% case fatality for those without underlying medical conditions and 6% case fatality for hypertension (the same rate as for chronic respiratory disease and cancer)." *Id*.

**12. Attorney name, phone, address and email:**

> Kishwer Vikaas, (916) 325-4629
> *Pro Bono* Counsel
> McGeorge Community Legal Services
> 3200 Fifth Ave, Sacramento, CA 95817
> kvikaas@pacific.edu

---

[1] The AHA and AAC define Stage 1 Hypertension as systolic readings of 130-139 mm Hg or diastolic mm Hg of 80-89. The AHA and AAC define Stage 2 Hypertension as systolic readings of 140 mm Hg or higher or diastolic of 90 mm Hg or higher. "2017 ACC/AHA/AAPA/ABC/ACPM/AGS/APhA/ASH/ASPC/NMA/PCNA Guideline for the Prevention, Detection, Evaluation, and Management of High Blood Pressure in Adults: A Report of the American College of Cardiology/American Heart Association Task Force on Clinical Practice Guidelines," J. of American College of Cardiology 2018;71:e127-e248, May 7, 2018, at https://www.acc.org/latest-in-cardiology/ten-points-to-remember/2017/11/09/11/41/2017-guideline-for-high-blood-pressure-in-adults. The systolic reading is the upper number; the diastolic reading is the lower number. A finding that an individual suffers from hypertension does not require that an individual have elevated readings every time their blood pressure is checked, but requires at least two elevated blood pressure readings. *Id.* ("Prior to labeling a person with hypertension, it is important to use an average based on ≥2 readings obtained on ≥2 occasions to estimate the individual's level of BP.").

**13. Felony or misdemeanor convictions, including date and offense:**

On October 28, 2019, Rajnish was convicted of misdemeanor, CA PC 647.6(a) (annoying or molesting a child under 18) after he kissed an underage girl and showed her a pornographic video clip at a Target store. He was sentenced to 240 days incarceration and three years probation. He is required to register as a sex offender. To date, Rajnish has been detained 5 months past the completion date of his full sentence as set by a Sacramento Superior Court Judge.

Rajnish stated to counsel that he was deeply remorseful for his aberrant behavior. Dr. Sharon P Howard, Ph.D., conducted an independent psychological evaluation of Rajnish following his offense, and deemed him "to be a low-risk" for sexual reoffending based on his results from the Sexual Violence Risk-20 instrument. *See* attached. She further concluded that, in her professional opinion, "Rajnish's history and current clinical presentation do not warrant incarceration."

**14. Pending criminal charges and outstanding warrants, including jurisdiction and offense:**
N/A

**15. Scheduled removal date:**

Rajnish has the right to pursue his pending asylum application with the San Francisco Asylum Office because he entered as an Unaccompanied Minor and applied for asylum before he turned 18. He has a dual opportunity to apply for this relief in immigration court, and has an upcoming hearing scheduled on June 2, 2020.

**16. Family:**

Single. N/A, family members reside in India.

**17. Proposed custodian, including address and phone number, and description of proposed release residence:**

Upon release, Rajnish will reside with at the Lassen County residence of Mr. Ramesh Turen at ███████████████████████████████████████. Mr. Turen's phone number is ███████ ███. Mr. Turen is a close friend of his family and a U.S. citizen, with whom Rajnish has lived previously. Mr. Turen has lived at his residence for five years and has been self-employed at his own trucking business called Punjab & Haryana Transport Company since 2013.

Mr. Mukesh Kumar, ██████████████████████████████████, a close friend of the family, is able to provide financial and emotional support to Rajnish. Mr. Kumar is a U.S. citizen who has lived in Merced, California since October 2015. He is married with two children and has lived at his address in Merced for five years and has worked as a clerk at a gas station for five years.

Because of Rajnish's mental health issues, upon his release, Mr. Turen and Mr. Kumar plan to get him both medical and psychological care. Rajnish will enroll in health insurance under Medi-Cal. They plan to help get Rajnish a referral to Kaiser's Behavioral and Mental Health team to ensure Rajnish has a designated psychiatrist that is monitoring his medication. Additionally, they plan to enroll him in counseling through Life Practice Counseling Group, a counseling nonprofit. Finally, Rajnish plans to take ESL classes.

**18. Applicant's ties to the location of the proposed residence (such as length of time, family members, prior employment, etc.)**

Rajnish has lived and worked in Sacramento for over a year. He resides and works with a tight-knight community of South Asians who immigrated from his hometown in North India.

**19. Employment history:**

    Clerk, 7/11 Convenience Store, Merced, CA, 03/2018-09/2018
    Clerk, 7/11 Convenience Store, Sacramento, 09/2018-08/2019

**20. Other information relevant to bail determination:**

ICE referred Rajnish for a consideration of whether he lacked competency to represent himself in removal proceedings. He had been prescribed medication for mental health disorders while in detention.

**21. Attached are (check all that are applicable, but this is not a substitute for answering the above questions):** The psychological evaluation of Dr. Sharon Howard, Ph.D. is enclosed. Further, the following documents are available upon request of the Court:

    _X_   Medical records
    _X_   Rap sheet
    _X_   I-213
    _X_   Letter from proposed custodian
    _X_   Bond hearing decision and/or transcript

All information in this application is accurate based on information and belief. This application was prepared using information probed by Mr. Rajnish's immigration counsel, Kishwer Vikaas. In preparing this application, class counsel reviewed Mr. Rajnish's criminal history records, ICE arrest report (I-213), rap sheet, a letter from his proposed sponsor, and an independent psychological evaluation conducted by Dr. Sharon P Howard, Ph.D. Class counsel also reviewed the medical records from Yuba County Jail, and obtained publicly available information from the Immigration Court automated case information website.

Respectfully submitted,
*s/Emilou MacLean*
Emilou MacLean

Rajnish, Rajnish

**Sharon P. Howard, Ph.D.**
**Licensed Psychologist – PSY 28413**
PO Box 1292
Rocklin, CA
(916) 251-6587

# RISK ASSESSMENT SUMMARY

| | | | |
|---|---|---|---|
| **Name of Client:** | Rajnish Taya | **Date of Original Report:** | 03/18/2020 |
| **Age:** | 19 years old | **Date of Summary:** | 05/15/2020 |
| **Date of Birth:** | ▬▬▬ | | |

### Evaluation Summary

I evaluated Rajnish Taya on 03/10/2020 with an interpreter at the Yuba ICE Detention Facility at the request of his immigration attorney, Kishwer Vikaas. The purpose of the psychological evaluation was to assess Rajnish's current psychological function related to his ability to self-represent and to evaluate his risk to the community. Rajnish consented to the evaluation with the understanding that it was not confidential and would be used in his legal case. I also reviewed Rajnish's legal and medical records. This summary includes only the information related to the risk assessment, with the full evaluation available with the consent of Rajnish's attorney.

### Legal History

Rajnish was arrested on 08/31/2019 in Sacramento, California, subsequent to him approaching an underage girl in a store, kissing her without consent, and showing her a pornographic video clip on his phone. He was convicted of one misdemeanor count of violating California Penal Code § 647.6(a)(1), annoying a child. He was sentenced to 240 days in county jail, three years of informal probation, and he was required to register as a sex offender. He was released from Rio Cosumnes Correctional facility on 12/29/2019 and unexpectedly taken in to ICE custody. He has since been held in the ICE Detention facility at the Yuba County Jail in Marysville, California.

### Risk Assessment

Psychologists typically assess risk for sexual violence using two types of instruments: actuarial and structured professional judgment. Actuarial measures provide a statistical estimate of an event reoccurring based on static (historical) factors such as age at time of offense and number of prior arrests. Structured profession judgment measures, on the other hand, allow clinicians to evaluate both static and dynamic (changeable) risk factors to guide decisions around supervision and treatment.

I chose not to use an actuarial risk assessment with Rajnish because the most common actuarial measures did not fit his circumstances. For example, individuals under age 20 and individuals with non-contact sexual offenses such as annoying a child are not included in much of the research on the STATIC-99R.

Instead, I chose to administer the Sexual Violence Risk—20, Version 2 (SVR-20V2). This instrument is a structured professional judgement instrument comprised of items derived from the research and clinical literature. The SVR-20V2 has been shown by research to have levels of predictive validity similar to that of actuarial instruments designed for the same purpose.

The SVR-20V2 is comprised of 20 factors, divided into 3 sections, namely: Psychosocial Adjustment factors, Sex Offence specific factors, and Future Plans. The following item by item analysis of Rajnish's risk is arranged according to these three sections and the items are numbered as in the manual for reference purposes. Items are scored Yes (Y), Possibly/partially (P), or No (N) - in terms of the presence of the issue being assessed. Overall risk levels are determined by the level of supervision and treatment needed to manage the offender's sexual violence risk, as well as the degree of urgency for a risk management plan for the individual.

### Psychosocial Adjustment items

1. *Sexual Deviation* (N) – This risk factor reflects a relatively stable pattern of sexual arousal to inappropriate stimuli that causes serious distress or social dysfunction. Rajish states that his crime was the only time he has touched a girl and there is no indication otherwise. He denies ever having sex. The pornography on his phone was of an adult female. While there is a clear indication of one instance of underage attraction, there is no evidence that it is part of an ongoing, stable pattern.

2. *Sexual Health Problems* (N) – He denies having a sexual partner.

3. *Victim of Child Abuse* (N) – There is no indication that he was a victim of child abuse.

4. *Psychopathy* (N) – Rajnish does not exhibit traits consistent with psychopathy. He has no history of chronic lying, or manipulative or conning type behavior.

5. *Major Mental Illness* (Y) – Rajnish likely does have a major mental illness on the schizophrenia spectrum. He is prescribed Abilify, a medication used to treat schizophrenia spectrum disorders and bipolar disorder. At the time I evaluated him, he did not exhibit signs of active psychosis such as hallucinations or delusions. His thought process was linear and goal-directed, and he was able to pay attention and engage in conversation. Rather, his symptoms were more subtle and included disturbances of language, executive functioning, and abstract thinking.

6. *Substance Use Problems* - (N) There is no evidence of a substance use problem.

7. *Suicidal/Homicidal Ideation* (N) - Rajnish denies any suicidal or homicidal ideation, and there is no evidence of either in his medical records.

8. *Relationship Problems* (N) – He is young and has not established a significant intimate relationship.

9. *Employment Problems* (N) – He appears to have been working at the 7-11 for eleven months prior to his arrest. There is no indication that he has ever been fired from a job.

10. *Nonsexual Violent Offences* (N) – There is no record or admission of nonsexual violent offending.

### Sexual Offending items

11. *Chronic Sexual Offending* (N) – He has no prior charges or convictions for sexual offending.

12. *Diverse Sexual Offending* (N) – He has no prior charges or convictions.

13. *Physical Harm to Victim(s) in Sex Offences* (N) – He has no prior charges or convictions.

14. *Psychological Coercion in Sexual Offending* (N) – Rajnish does not appear to have bribed, threatened, or psychologically coerced the victim.

15. *Escalation in Frequency or Severity in Sex Offences* (N) – He has been charged with one offense.

16. *Extreme Minimization or Denial of Sex Offences* (N) – Rajnish's account of the offense is consistent with the discovery records.

17. *Attitudes that Support or Condone Sex Offences* (N) – This risk factor reflect a relatively stable pattern of socio-political, religious, cultural or sub-cultural, and personal beliefs and values that encourage or excuse coercive sex, sex with minors, and so forth. No such attitudes were detected in this interview.

**Future Plans items**

18. *Lacks Realistic Plans* (N) –Rajnish wants to work at the 7-11. He states that he hopes to finish school.

19. *Negative Attitude Toward Intervention* (N) – Rajnish is currently taking the medication that is prescribed to him. He appears to find it helpful.

20. *Negative Attitudes Toward Supervision* (N) – None detected. He has been cooperative with staff while custody.

Based on these responses, Rajnish is best classified as **low risk**. It is my professional opinion that Rajnish's history and current clinical presentation do not warrant incarceration. The main risk factor that he exhibits is the presence of mental illness, but he is compliant with his medication and he does not exhibit hallucinations, paranoia, or disorganized behavior.

**Credentials**

I am a licensed clinical and forensic psychologist who performs psychological evaluations for courts, law enforcement agencies, and fire service agencies. For criminal cases, I provide evaluations for competency to stand trial, mental state at time of crime, and violence/sexual violence risk assessments. For approximately three years, I provided evaluations for a residential juvenile sex offender program for boys ages 13 to 19. I have conducted evaluations for individuals in immigration proceedings for approximately six years.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

*Sharon P. Howard, Ph.D.*

Sharon P. Howard, Ph.D.
Clinical and Forensic Psychologist
CA License No. PSY 2841