**HOAN VAN TRAN**
**SHORT-FORM BAIL APPLICATION**

**SUMMARY:**

Mr. Hoan Van Tran is a 36 year-old Vietnamese national. He came to the United States as a refugee in 1998. He was ordered removed on December 17, 2019 because of a conviction for conduct that took place when he was 20 years-old. Mr. Tran has been in immigration custody since mid-November 2019 – approximately six months. He had a meeting with ICE on May 8, 2020 to discuss his custody status post-removal order. ICE is unlikely to be able to obtain travel documents and effectuate Mr. Tran's removal in a timely fashion both because the Vietnamese government does not typically accept deportees from the U.S.[1], and because Vietnam has suspended entry for foreigners due to the COVID-19 pandemic.[2]  Mr. Tran's removal is therefore not reasonably foreseeable, and he faces indefinite civil detention. If released, Mr. Tran would shelter-in-place with his U.S. citizen cousin, Ms. Tiffany Ngo.

1. **Name:** Hoan Van Tran

2. **Age:** 36

3. **Sex:** M

4. **Primary Language:** Vietnamese

5. **If there is a hearing, is an Interpreter Needed?** Yes

6. **Detained in:** Mesa Verde Detention Facility

7. **Dorm Unit:** C

8. **Date of Bond Hearing, If Any:** N/A

9. **Outcome of Bond Hearing, If Any:** N/A

10. **Length of Time in Detention:** about 6 months

11. **Medical Condition(s) That Put Detainee At Risk:**

Mr. Tran has a latent tuberculosis infection (LTBI), which is confirmed by ICE medical records. A recent study, not yet replicated on a larger scale, has also shown that tuberculosis (both active

---

[1] *See* https://fas.org/sgp/crs/homesec/IF11025.pdf showing Vietnam as uncooperative/recalcitrant for compliance with removals
[2] *See* http://news.chinhphu.vn/Home/VN-HALTS-entry-to-all-foreigners-due-to-COVID19/20203/39326.vgp

1
Name: Hoan Van Tran

and latent) may be an important risk factor for severe COVID-19, associated with "more rapid development of symptoms" and "more severe or critical COVID-19 symptoms." [3]

**12. Attorney Name, Phone, Address and Email:** N/A

**13. Felony or Misdemeanor Convictions, Including Date and Offense:**

On July 20, 2003, at age 19, Mr. Tran was arrested and charged with violating: (1) Cal. PC § 12025(a)(3), carrying a concealed weapon, and (2) Cal. PC § 12031(f), felon in possession of a firearm. On August 19, 2003, he pleaded guilty to both counts (Orange County Felony Case No. 03WF1784[4]). He was sentenced to 150 days jail and 3 years of probation.

On January 3, 2004, at age 20, Mr. Tran was arrested and charged with violating Cal. PC § 664/187(a), attempted murder. On January 16, 2009, he pleaded guilty to the charge, and admitted a mandatory firearm enhancement under Cal. P.C. 12022.53(b) (Orange County Felony Case No. 04WF0034[5]). He was sentenced to 9 years on the attempted murder charge, and 10 years for the enhancement.

While in prison at Delano Correctional Facility, Mr. Tran enrolled in college and participated in a number of rehabilitative programs. He reports that he attended AA, NA, anger management, and an alternatives to violence class. He deeply regrets the harmful mistakes he made as a young man as his brain was still developing. *See generally Thompson v. Oklahoma*, 487 U.S. 815, 835 (1988) ("The reasons why juveniles are not trusted with the privileges and responsibilities of an adult also explain why their irresponsible conduct is not as morally reprehensible as that of an adult.") (plurality opinion); *Roper v. Simmons*, 543 U.S. 551, 569-570 (2005) ("[J]uveniles are more vulnerable or susceptible to…outside pressures…From a moral standpoint it would be misguided to equate the failings of a minor with those of an adult…"); *Miller v. Alabama*, 567 U.S. 460, 471 (2012) ("[C]hildren are constitutionally different from adults…").

**14. Pending Criminal Charges and Outstanding Warrants, Including Jurisdiction and Offense:**

None.

**15. Scheduled Removal Date:**

Not applicable. Mr. Tran was ordered removed on December 17, 2019. He has been in immigration custody since mid-November 2019 – approximately six months.  He had a meeting

---

[3] Yu Chen et al., *Active or Latent Tuberculosis Increases Susceptibility to COVID-19 and Disease Severity*, (Mar. 16, 2020), at: https://www.medrxiv.org/content/10.1101/2020.03.10.20033795v1.full.pdf (last visited May 5, 2020). *See* World Health Organization, *WHO Urges Health Care Providers to Maintain TB Services During COVID-19 Pandemic* (Mar. 24, 2020), at https://www.avert.org/news/who-urges-health-care-providers-maintain-tb-services-during-covid-19-pandemic%E2%80%AF.
[4] https://ocjustice.occourts.org/Vision_PublicNS/Search.do#formAnchor (using case number)
[5] https://ocjustice.occourts.org/Vision_PublicNS/Search.do#formAnchor (using case number)

2
Name: Hoan Van Tran

with ICE on May 8, 2020 to discuss his post-removal order custody status. ICE is unlikely to be able to obtain travel documents and effectuate Mr. Tran's removal in a timely fashion both because the Vietnamese government does not typically accept deportees from the U.S.,[6] and because Vietnam has suspended the entry of foreigners due to the COVID-19 pandemic.[7] Mr. Tran's removal is therefore not reasonably foreseeable.

Pursuant to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), Mr. Tran's continued detention is unconstitutional. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.* For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then, [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

### 16. Family:

Mr. Tran has a U.S. citizen cousin, Tiffany Ngo, with whom he will live if released. He also has a teenage U.S. citizen daughter, H.T, who lives in Florida and with whom he has maintained a relationship during his time in prison. Mr. Tran's father, who lived in the United States, is deceased.

### 17. Proposed Custodian and Description of Proposed Release Residence:

Upon Mr. Tran's release, he will live with his U.S. citizen cousin, Tiffany Ngo (legal name Hong Thu-thi Ngo) at:  Federal Way, WA 98003-5936. Her phone number is ▇▇▇▇▇. Ms. Ngo will help Mr. Tran make travel arrangements from Bakersfield, either by driving to pick him up or purchasing bus tickets for him.

Ms. Ngo's home is sufficient to allow Mr. Tran to quarantine for the first 14 days upon arrival. Ms. Ngo will take steps to ensure that Mr. Tran will abide by any conditions imposed by the Court, as well as the orders of ICE.

### 18. Applicant's Ties to The Location of the Proposed Residence (such as length of time, family members, prior employment, etc.)

---

[6] *See* https://fas.org/sgp/crs/homesec/IF11025.pdf showing Vietnam as uncooperative/recalcitrant for compliance with removals

[7] *See* http://news.chinhphu.vn/Home/VN-HALTS-entry-to-all-foreigners-due-to-COVID19/20203/39326.vgp; https://vn.usembassy.gov/vietnamese-government-continues-suspension-of-entry-for-foreigners/ (last accessed May 16, 2020).

3
Name: <u>Hoan Van Tran</u>

Mr. Tran has lived in the United States since 1998. Since his father's passing, Ms. Ngo is Mr. Tran's closest relative, other than his daughter. They are in touch regularly and she is willing to support him upon his release. Ms. Ngo is a business owner; she runs her own hair and nail salon.

**19. <u>Employment history:</u>**

Mr. Tran worked as a barber and in construction. He continues to work as a barber while in detention.

**20. <u>Other information relevant to bail determination:</u>**

Mr. Tran will be supervised by the California Department of Corrections & Rehabilitation (CDCR) parole unit upon his release. It is

**21. <u>Attached are (check all that are applicable, but this is not a substitute for answering the above questions):</u>** The following are available upon the Court's request:

   __X__ Medical records
   ____ Rap Sheet
   ____ Form I-213
   ____ Letter from proposed custodian
   ____ Bond hearing decision and/or transcript

All information in this application is accurate based on information and belief. This application was prepared by Hayley Upshaw, Deputy Public Defender at the San Francisco Public Defender's Office, and reviewed by class counsel. Ms. Upshaw prepared the application based on multiple conversations with Mr. Tran and Ms. Ngo, as well as review of available documents.

In preparing this application, class counsel reviewed the DHS Form I-213, Mr. Tran's "rap sheet," the medical records from Yuba County Jail, the Immigration Court automated case information website, and the publicly available court records on the Orange County Superior Court website. Class counsel did not have access to Mr. Tran's immigration records, his CDCR file, or to his medical records from before his arrival at Yuba County Jail.

Respectfully submitted,

*/s/Genna Ellis Beier*
Genna Ellis Beier

4
Name: <u>Hoan Van Tran</u>