# SITHA CHHUM SHORT-FORM BAIL APPLICATION

**SUMMARY:**

Sitha Chhum is 39 years-old. His family fled Cambodia before his birth, and Mr. Chhum was born in a refugee camp in Thailand. He and his family were granted refugee status and came to the United States when he was a very young child. He grew up in California, and attended schools here. Soon after he turned 20, in 2000, Mr. Chhum was convicted of attempted murder for shooting into an inhabited dwelling or vehicle, and was sentenced to 15 years to life in prison. Mr. Chhum presented compelling evidence of his rehabilitation, and was found suitable for parole at his initial parole hearing. ICE seeks to execute his removal, but his removal is not reasonably foreseeable because he is neither a citizen or national of Thailand nor of Cambodia. He therefore faces indefinite civil detention. If released from custody, Mr. Chhum will be under the supervision of California Department of Corrections & Rehabilitation (CDCR) parole unit and will ultimately return to be with his family in Pomona, California.

**1. Name:** Sitha Chhum

**2. Age:** 39

**3. Sex:** Male

**4. Primary language:** English

**5. If there is a hearing, is an interpreter needed?** No.

**6. Detained in:** Mesa Verde Detention Facility

**7. Dorm unit:** C

**8. Date of bond hearing, if any:** N/A

**9. Outcome of bond hearing, if any:** N/A

**10. Length of time in detention:** 1 month

**11. Medical condition(s) that put detainee at risk:**

> Mr. Chhum suffers from arthritis and high cholesterol (hyperlipidemia). Mr. Chhum's medical records indicate that his hyperlipidemia is being treated with simvastatin. While the CDC has not yet recognized high cholesterol as a risk factor for severe COVID-19, high cholesterol was the third most common comorbidity among New York State's COVID-19 fatalities.[1]

---

[1] Danny Hakim, *Asthma Is Absent Among Top Covid-19 Risk Factors, Early Data Shows,* N.Y. Times (Apr. 16, 2020), https://www.nytimes.com/2020/04/16/health/coronavirus-asthma-risk.html?referringSource=articleShare (citing New York State Department of Health, "Fatalities," https://covid19tracker.health.ny.gov/views/NYS-COVID19-

**12. Attorney name, phone, address and email:**

   None. Mr. Chhum has no immigration attorney and is representing himself in his immigration case.

**13. Felony or misdemeanor convictions, including date and offense:**

When he was 20 years old, in 2000, Mr. Chhum was convicted of attempted murder for a gang-related shooting and was sentenced to 15 years to life.

Mr.Chhum was found not to be an ongoing risk to the community[2] and granted parole by the California Department of Corrections and Rehabilitation (CDCR) at his initial parole board hearing. He has relevant parole documents, including the psychological evaluation, transcript and report on his person at the Mesa Verde Detention Center. He was released from state custody on March 26, 2020, after twenty years in custody, and immediately detained by ICE.

**14. Pending criminal charges and outstanding warrants, including jurisdiction and offense:**

   None.

**15. Scheduled removal date:**

Not applicable. Mr. Chhum was a lawful permanent resident. While serving his prison term, he was ordered removed, and the removal order has become administratively final. However, his deportation is not reasonably foreseeable because it is not clear if there is any country willing to accept him.

Mr. Chhum was born in a refugee camp in Thailand, and does not appear to be a citizen of that country. He is not a citizen or national of Cambodia, his parents' country of nationality. Even if Cambodia were to grant him derivative citizenship, the repatriation process will likely take many months, if not years, to resolve. Anoop Prasad, an attorney at Asian Americans Advancing Justice (class counsel on a Cambodian repatriation case) reports to counsel that: "Cambodia requires in person interviews with government officials before issuing a travel document. Those interviews only happen a couple times a year and the last interview scheduled for March was cancelled. We don't know when interviews will happen again. Also, Cambodia is not allowing US citizens to enter the country, currently making it difficult for charter deportation flights to land."

---

Tracker/NYSDOHCOVID-19Tracker-Fatalities?%3Aembed=yes&%3Atoolbar=no (last visited May 5, 2020). *See also* The Hospitalist, *Comorbidities the Rule in New York's COVID-19 Deaths* (Apr. 8, 2020), https://www.the-hospitalist.org/hospitalist/article/220457/coronavirus-updates/comorbidities-rule-new-yorks-covid-19-deaths.

[2] See https://www.cdcr.ca.gov/bph/parole-suitability-hearings-overview/information-considered-at-a-parole-suitability-hearing/

Mr. Chhun's continued detention is unconstitutional given that his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. *Id.* at 699-700. A noncitizen may only be detained for a period reasonably necessary to bring about removal from the United States. *Id.* While the Supreme Court recognized a "presumptively reasonable period of detention" of six months, that did not account for the dangerous conditions of confinement during a global pandemic. Moreover, in the past fourteen years since Mr. Chhun's removal order became final, ICE has not found a country willing to accept him nor secured a travel document to effectuate his deportation.

**16. Family:**

Mr. Chhum's parents and brother are all U.S. Citizens and reside in Los Angeles County. His sister is also a U.S. Citizen and resides in Idaho.

**17. Proposed custodian, including address and phone number, and description of proposed release residence:**

Mr. Chhum will be on parole through the CDCR, and was told he would have to report first to a transitional house that his parole officer would assign upon his release, and then he can live with his parents after that.

His parents, Peou Ou (mother) and Pin Teng (father) live at: ▮▮▮▮▮▮▮▮▮▮ CA, 91766. His parents are eager to welcome him back and will retrieve him from the detention facility and bring him to the transitional house required by the parole board, and when permitted by CDCR, to their home. His English-speaking brother, Sitouem, can be reached at ▮▮▮▮▮ to coordinate the details of his release.

**18. Applicant's ties to the location of the proposed residence (such as length of time, family members, prior employment, etc.)**

Mr. Chhum has resided in U.S. since his family entered as refugees when he was a small child, attending elementary, middle and high school in the United States. All of his family resides in the United States.

**19. Employment history:** N/A.

**20. Other information relevant to bail determination:**

A Vigorous Parole Process Resulted in Mr. Chhum's Release

In spite of his serious charges and indefinite sentence, Mr. Chhum was found suitable for parole on his initial parole hearing. Mr. Chhum reports that he was drawn into the gang life as a teenager but after his conviction, he left the gang, distancing himself from active gang members in prison and instead spending his time engaged in rehabilitative

3

Sitha Chhum

programming including Substance Abuse programing, Alcoholics Anonymous, Life Cycle (a mentoring program for youth), Nonviolence conflict resolution, Criminal Gang Anonymous (a program for those dissociating from gang involvement)[3], and an alternatives to violence program, among others.

In seeking parole, Mr. Chhum underwent a thorough and lengthy review process that includes an interview by one of the Parole Board's forensic clinical psychologists for purposes of producing a comprehensive risk assessment, a review of his institutional behavior and programming, with input from solicited from the District Attorney, victim and victim's family, and a review of his criminal history and the circumstances of his crime.[4] The Parole Board, whose mission it is to "protect and preserve public safety" recommended Mr. Chhum's release from custody at his first parole board hearing, with the panel of independent commissioners, recommended his release from custody.[5] The Board's decision was then reviewed by the Governor of California who allowed the decision to stand.[6]

Mr. Chhum reports that he has on his possession at the detention center the transcript, psychological report and parole board report as well as other evidence submitted by his family on his behalf, which he could provide the ICE Officers at Mesa to provide to this Court.

Mr. Chhum read portions of the transcript to attorney Hayley Upshaw where Commissioner Brian Roberts issued the Board's decision citing among other things:

- The comprehensive risk assessment finding him to be a low-risk of reoffense, acknowledging his past problems, but indicating that he corrected those problems and engaged with and has been responsive to the right kinds of programs in custody.
- The Board's determination after questioning of Mr. Chhum that he understood and had applied the right lessons from the rehabilitative programming he had engaged with and had retained the lessons and had the cognitive skills to make better decisions going forward.
- That he had accepted responsibility for his crime since his offense and had demonstrated significant change since committing the crime.
- Mr. Chhum's youthful status at the time of the crime and scientific research regarding immature brain development in late adolescents where the frontal brain that helps control impulses and consider consequences is not yet fully developed.

---

[3] http://www.angelfire.com/id/CGAnonymous/.
[4] *See* https://www.cdcr.ca.gov/bph/parole-suitability-hearings-overview/events-before-a-parole-suitability-hearing/.
[5] *See* https://www.cdcr.ca.gov/bph/2019/12/05/hearing-results-november-2019/.
[6] *See* https://www.cdcr.ca.gov/bph/parole-suitability-hearings-overview/what-to-expect-after-a-parole-suitability-hearing/.

Sitha Chhum

- Based on the legal standards and all the evidence before the Parole Board, the Board found that Mr. Chhum does not pose an unreasonable risk to public safety and was suitable for parole.
-

Mr. Chhum also read the psychological examination and risk examination conducted by Dr. Gregory S. Goldstein license number PSY-20309 on September 20, 2019 in which:

- Dr. Goldstein found Mr. Chhum to be a low risk and stated "Low risk examinees are expected to commit violence much less frequently than all other parolees."
- Dr. Goldstein concluded that Mr. Chhum communicated insight into his need for validation and acceptance from gang related/antisocial peers at the time of the crime and the ways he has since channeled his need for approval in socially appropriate ways such as his approved work ethic as well as his greater sense of individuality and control over his need for acceptance.
- Dr. Goldstein noted that Mr. Chhum was appropriately emotional regarding the impacts and effects of the crime he committed

Mr. Chhum is Not likely to be Removed in Reasonably Foreseeable Future

ICE cannot show that removal is significantly likely in the reasonably foreseeable future, and this should factor favorably into a consideration of his bail application. *See* Question 15. Due process requires that immigration detention "bear[] a reasonable relation to the purpose for which the individual was committed," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), "namely, assuring the alien's presence at the moment of removal." *Id.* at 699. Where removal is not likely in the reasonably foreseeable future, detention during the pandemic poses an especially egregious injury.

**21. Attached are (check all that are applicable, but this is not a substitute for answering the above questions):** Not applicable.

All information in this application is accurate based on information and belief. This application was prepared using information probed by an attorney at the San Francisco Office of the Public Defender, Hayley Upshaw, who spoke with Mr. Chhum and Mr. Chhum's proposed custodian, and who reviewed Mr. Chhum's ICE arrest report (I-213) and rap sheet. In preparing this application, class counsel reviewed Mr. Chhum's rap sheet and ICE arrest report. In preparing this application, class counsel did not have access to immigration or medical records, or any documents related to criminal history other than the spreadsheet summary produced by ICE, the rap sheet, and the I-213 for Mr. Chhum, who is pro se.

Respectfully submitted,
s/Emilou MacLean
Emilou MacLean

Sitha Chhum