# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION

## Dilbagh Singh

**8.     Date of Bond Hearing:**

Mr. Singh had a bond hearing on June 14, 2019, pursuant to *Franco-Gonzalez*. At this hearing, ICE had the burden of proof, and the Immigration Judge found that ICE had met its burden to show that Mr. Singh was a danger to the community, and ordered him held without bond.

**11.    Medical condition(s) that put detainee at risk:**

Defendants have no record of Mr. Singh being diagnosed with any additional risk factors as defined by the CDC. The CDC does not list hypertension, psychosis, latent tuberculosis, or high cholesterol as conditions that place individuals at higher risk of severe illness from COVID-19.[1] *See* Centers for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 14, 2020).

Mr. Singh's bail application does not refer to any current diagnosis or treatment for tuberculosis or high cholesterol. When interviewed by an ICE Deportation Office in November

---

[1] Hypertension is mentioned on the CDC website in the context of discussing statistics from China showing higher fatality for patients with comorbidities. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html. However, it is not surprising that hypertension is not on the CDC's list of high-risk conditions. The CDC's list already recognizes that people 65 or older are at higher risk for severe illness from COVID-19, and it is not at all clear that hypertension in younger people alone puts them at higher risk. According to the International Society of Hypertension, hypertension usually affects the majority of people over 60, and therefore "there is no evidence that people with hypertension are over-represented amongst those seriously infected by COVID-19. Indeed, the opposite is true." A Statement from the International Society of Hypertension on COVID-19, available at https://ish-world.com/news/a/A-statement-from-the-International-Society-of-Hypertension-on-COVID-19/. Similarly, the American Heart Association has noted that nearly half of Americans deal with high blood pressure and warned that "*elderly people* with coronary heart disease or high blood pressure may be more susceptible to the coronavirus and more likely to develop more severe symptoms." AHA Guidance, "What People with High Blood Pressure Need to Know about COVID-19," available at https://newsroom.heart.org/news/what-people-with-high-blood-pressure-need-to-know-about-covid-19 (emphasis added).

2018, Mr. Singh stated that he had no medical issues.

**13. Felony or Misdemeanor Convictions, Included Date and Offense:**

Mr. Singh has a lengthy criminal history, including convictions for battery with serious bodily injury in 2010 and attempted death threats in 2017.  Mr. Singh was also convicted of parole violations in 2015 and 2016, and has a lengthy arrest record.  Mr. Singh's multiple convictions are as follow, to the best as can be discerned from the rap sheet:

- 10/17/97:  California Penal Code § 148(a), Obstructing/resisting public officer:  30 days jail, 24 months' probation.
- 9/30/99:    California Vehicle Code § 10852, tampering with vehicle.  Sentencing unknown.  Conviction set aside pursuant to California Penal Code § 1203.4 (but still a valid conviction for immigration purposes)
- 12/22/03:  California Penal Code § 148(a), Obstructing/resisting public officer:  45 days jail, 24 month probation.
- 12/22/03:  California Penal Code § 242, Battery:  45 days jail, 24 months' probation.
- 12/23/22:  California Penal Code § 415(2), Disturbing by loud/unreasonable noise:  45 days jail, 24 months' probation.
- 2/2/04:  California Penal Code § 148(a), Obstructing/resisting public officer:  sentence unknown; California Health and Safety Code § 11377(a), Possession of a controlled substance:  originally received diversion, but it appears that was suspended 7 months later and given 60 days' jail and 60 months' probation. Conviction set aside pursuant to California Penal Code § 1203.4 in 2008 (but still a valid conviction for immigration purposes).
- 1/4/10:  California Penal Code § 243(d), Battery with serious bodily injury:  1 year jail, 28 months' probation.
- 10/6/15:  California Health and Safety Code § 11377(a), Possession of controlled substance:  12 days jail, 36 months' probation.
- 10/20/15:  California Health and Safety Code § 11377(a), Possession of controlled substance:  4 days jail, 36 months' probation.
- 12/22/15:  California Health and Safety Code §11377(a), Possession of controlled substance:  1 day jail, 36 months' probation.
- 2017 or 2018:  California Penal Code § 422, Criminal threats with intent to terrorize:  16 months.

**15. Scheduled Removal Date, If Any:**

Mr. Singh's removal order is final.  ICE has been diligently working with the government of India to facilitate Mr. Singh's return.  On May 1, 2020, the Indian Consulate advised that "verification of his identity/nationality has been referred to the Indian authorities."

**20. Other Information Relevant to Bail Determination:**

Because he is subject to mandatory detention, and because of his prior lengthy criminal history, Mr. Singh should remain in ICE custody because he is a risk to public safety.   In addition, Mr. Singh's parole violations and the fact he is subject to a final removal order demonstrate that he is at risk of non-compliance with any conditions of release that might be set by this Court.  Finally, Mr. Singh has not demonstrated that his age or alleged current medical conditions put him at heightened risk from COVID-19.