# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION

## Rajnish Rajnish

**8-9. Date and Outcome of bond hearing, if any:**

Mr. Rajnish is detained pursuant to 8 U.S.C. § 1226(a).  An immigration judge denied him bond as a flight risk and/or danger on April 2, 2020.  Mr. Rajnish's instant bail application includes a report from Dr. Sharon Howard, who concluded that Mr. Rajnish is a low risk of recidivism.  However, Dr. Howard testified at Mr. Rajnish's April 2, 2020 bond hearing, and the immigration judge did not find her testimony to be persuasive.

**11. Medical Condition(s) That Put Detainee At Risk:**

When ICE interviewed him on December 30, 2019, Mr. Rajnish stated that he was in good health, and he did not report any medical issues.  Defendants do not have a record of Mr. Rajnish being diagnosed with any COVID-19 risk factors, as defined by the Centers for Disease Control ("CDC").

Mr. Rajnish states that he has hypertension but the CDC does not list hypertension as a condition that places individuals at higher risk for severe illness from COVID-19.[1]  *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness,

---

[1] Hypertension is mentioned on the CDC website in the context of discussing statistics from China showing higher fatality for patients with comorbidities.  *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html.  However, it is not surprising that hypertension is not on the CDC's list of high-risk conditions.  The CDC's list already recognizes that people 65 or older are at higher risk for severe illness from COVID-19, and it is not at all clear that hypertension in younger people alone puts them at higher risk.  According to the International Society of Hypertension, hypertension usually affects the majority of people over 60, and therefore "there is no evidence that people with hypertension are over-represented amongst those seriously infected by COVID-19.  Indeed, the opposite is true."  A Statement from the International Society of Hypertension on COVID-19, available at https://ish-world.com/news/a/A-statement-from-the-International-Society-of-Hypertension-on-COVID-19/.  Similarly, the American Heart Association has noted that nearly half of Americans deal with high blood pressure and warned that "*elderly people* with coronary heart disease or high blood pressure may be more susceptible to the coronavirus and more likely to develop more severe symptoms."  AHA Guidance, "What People with High Blood Pressure Need to Know about COVID-19," available at https://newsroom.heart.org/news/what-people-with-high-blood-pressure-need-to-know-about-covid-19 (emphasis added).

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 17, 2020).

      Mr. Rajnish also contends that he is at higher risk for severe illness from COVID-19 because he continues to have chest pain from a car accident.  However, during a forensic competency examination ordered by the immigration court, Mr. Rajnish reported that he had no lasting physical ailments from the accident.  Additionally, although Yuba medical staff diagnosed Mr. Rajnish with a mental health disorder, the CDC does not recognize Mr. Rajnish's condition as a high risk factor for COVID-19.

      Finally, although Mr. Rajnish is a *Franco-Gonzalez* class member, that finding does not necessarily mean that he suffers from a mental disorder that "impairs his ability to fully comprehend and represent himself in removal proceedings" as claimed in the bail application. The finding only means that there are indicia of incompetency.  After the immigration court identified him as a *Franco-Gonzalez* class member, Mr. Rajnish received a forensic competency examination from a clinical psychologist who determined that he is competent to represent himself in immigration proceedings.

**13. Felony or misdemeanor convictions, including date and offense:**

      Mr. Rajnish kissed a ten-year-old girl at a Target store and showed her a pornographic video.  The Sacramento County District Attorney's Office charged Mr. Rajnish with one count of Lewd or Lascivious Acts with a Child under 14, in violation of California Penal Code § 288(a) and one count of Providing Harmful Matter to a Minor in violation of California Penal Code § 313.1(a).  Mr. Rajnish pled guilty to Annoying/Molesting a Minor in violation of California Penal Code § 647.6(a), and he received a sentence of three years probation and 270 days in jail. He is required to register as a sex offender.

**20. Other Information Relevant to Bail Determination:**

      Mr. Rajnish has not stated in his bail application whether his conditions of probation as a sex offender include other restrictions, such as residence beyond a certain distance of schools and playgrounds where children congregate.  Defendants have conducted a search of the vicinity

of the address provided for in Mr. Rajnish's proposed release plan.  There is an elementary school within approximately 0.3 miles and another school within 0.4 miles of the address provided.

     Mr. Rajnish has been evaluated by an independent clinical psychologist and found to be competent to represent himself in immigration court.  An immigration judge has considered Mr. Rajnish's evidence regarding flight risk and danger and found that he should remain detained.  The fact remains that Mr. Rajnish approached a random child in public, kissed her, and showed her pornography.  Mr. Rajnish should remain in ICE custody throughout his deportation proceedings because he is a danger to the most vulnerable members of our community.