**RAJNISH RAJNISH REPLY**

**8-9. Date and Outcome of bond hearing, if any:**

Dr. Sharon Howard is a licensed psychologist who testified at Mr. Rajnish's April 2, 2020 bond hearing and was found by the immigration judge to be an expert in her subject matter, specifically juvenile sex offenders. Her Curriculum Vitae states that she currently serves as the Chair of the Placer County Juvenile Justice and Delinquency Prevention Commission and for approximately three years, she provided psychological evaluations to a residential juvenile sex offender program for boys ages 13 to 19. She classified Rajnish at "low risk" and in her professional opinion, found that Rajnish's history and current clinical presentation do not warrant incarceration.

**13. Felony or misdemeanor convictions, including date and offense:**

Rajnish was convicted solely of Annoying/Molesting a Minor under CA PC § 647.6(s), a Tier-1 sexual offense. Under California Senate Bill-384, a Tier-1 offense is the lowest level sex offense and includes misdemeanors and felonies that are not violent or serious.

**20. Other Information Relevant to Bail Determination:**

Under the conditions of his sentence as found in his Sacramento County Superior Court Certified Case Disposition, Rajnish was ordered only "no contact" with the victim and received a stay-away order from the Target where the incident occurred. The judge in his sentence did not impose any additional restrictions, including any restrictions from parks or schools.

According to the CA Department of Corrections and Rehabilitation, residency restrictions are enforced on a case-by-case basis, not as a blanket restriction.[1] Rajnish was not convicted under CA PC 288 or 288.5 and as such, the blanket restriction does not apply to his case.

Rajnish is a teenager, a 19-year old with a single conviction who was evaluated by an independent psychologist and was found to be at low risk of reoffending.

---

[1] The California Supreme Court held in 2015 that blanket enforcement of sex offender residency restrictions are unconstitutional. *See In re Taylor*, 343 P.3d 867, 869 (Cal. 2015). According to the California Department of Corrections and Rehabilitation (CDCR) website, "As a result of a 2015 California Supreme Court decision, residency restrictions for PC 3003.5(b) will not be enforced as a blanket restriction. All residency restrictions that do not apply to PC 3003(g) will be placed on a case by-case basis as determined by a nexus (e.g., supported by circumstances found in the parolee's criminal history and include clearly articulated justification for the restriction)." CDCR, Laws Related to Sex Offender Parolees, *available at* https://www.cdcr.ca.gov/parole/sex-offender-laws/.

Rajnish Rajnish

1

This reply was prepared using information probed by Rajnish's immigration attorney, Kishwer Vikaas. This reply is based on information and belief and the information contained herein is accurate to the best of my knowledge.

Respectfully submitted,

/s/ *Bree Bernwanger*
Bree Bernwanger

Rajnish Rajnish

2