## LAWRENCE KURIA MWAURA

## UPDATE TO PENDING DEFERRED SHORT-FORM BAIL APPLICATION

**13. Felony or Misdemeanor Convictions, Including Date and Offense:**

On May 19, 2020, the Superior Court of California in Los Angeles vacated Mr. Mwaura's California Penal Code ("CPC") § 211 conviction (dated May 2, 2013) under CPC § 1473.7 (legally invalid conviction based on prejudicial error).

**20. Other Information Relevant to Bail Determination:**

Based on the vacatur of Mr. Mwaura's conviction, he no longer is removable as charged in his Notice to Appear ("NTA") dated April 12, 2019, the charging document ICE submits to the immigration court. On May 20, 2020, Mr. Mwaura's immigration counsel Mr. Doug Jalaie filed with the Board of Immigration Appeals a Motion to Reopen and Terminate his removal proceedings. Mr. Mwaura is a Lawful Permanent Resident with no other removability charges on his NTA. If ICE makes another attempt to seek Mr. Mwaura's removal based on a new NTA citing his second CPC § 211 conviction, he would then seek post-conviction relief for that conviction on grounds similar to those cited above.

This reply is based on information and belief and the information contained herein is accurate to the best of my knowledge.

Respectfully submitted,

*/s/ Hayden Rodarte*
Hayden Rodarte

Douglas Jalaie, PLC
Attorney at Law
510 W. 6TH Street, Suite 1110
Los Angeles, CA 90014
310-845-6349
310-943-2275 (Fax)

**DETAINED**

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

BOARD OF IMMIGRATION APPEALS

FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the matter of | Case No. A 097-347-018 |
| LAWRENCE MWAURA | |
| Respondent | In Removal Proceedings |

**RESPONDENT MOTION TO REOPEN AND TERMINATE**

1

The respondent, through counsel, respectfully moves this Court to reopen and terminate removal proceedings due to the fact that Respondent is no longer removable as charged and remains a legal permanent resident.

A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation. A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. 8 C.F.R. 1003.2(c).

Motions to reopen or reconsider shall state whether the validity of the exclusion, deportation, or removal order has been or is the subject of any judicial proceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status. In any case in which an exclusion, deportation, or removal order is in effect, any motion to reopen or reconsider such order shall include a statement by or on behalf of the moving party declaring whether the subject of the order is also the subject of any pending criminal proceeding under the Act, and, if so, the current status of that proceeding. If a motion to reopen or reconsider seeks discretionary relief, the motion shall include a statement by or on behalf of the moving party declaring whether the alien for whose relief the motion is being filed

1  is subject to any pending criminal prosecution and, if so, the nature and current status of that
2  prosecution.

3  *Matter of L-O-G-*, 21 I&N Dec. 413 (BIA 1996)

> (1) Reopening may be had where the new facts alleged, together with the facts already of record, indicate a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues at a hearing. Where ruling on a motion requires the exercise of judgment regarding eligibility for the relief sought, the Board does not require a conclusive showing that, assuming the facts alleged to be true, eligibility for relief has been established.

The BIA can deny a motion to reopen on any one of at least three independent grounds, for example, "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010).

## STATEMENT OF FACTS

Respondent is a native and citizen of Kenya, and came to the United States when he was a child. Respondent's mother was granted asylum, and Respondent received derivative asylum status. Respondent became a legal permanent resident on October 3, 2006. On May 2, 2013, Respondent thereafter was convicted of California Penal Code Section 211 robbery in Los Angeles County Superior Court Case # SA080009-01 sentenced to 4 years prison. On April 12, 2019, Respondent was placed into removal proceedings and charged as removable for conviction of an aggravated felony under INA 237(a)(2)(A)(iii). The Immigration Judge sustained removability under INA 237(a)(2)(B)(i) and Respondent applied for adjustment of status, withholding of removal and protection under the Convention Against Torture. The Immigration Judge denied all relief and ordered removal to Kenya. Respondent appealed to the Board and the

1 Board dismissed the appeal on all arguments. Respondent has now succeeded with post

2 conviction relief in California under Cal. Penal Code 1473.7, where the Los Angeles Superior

3 Court vacated Respondent's conviction on the grounds of California Penal Code 1473.7. <u>Exhibit</u>

4 <u>A</u>. Respondent is no longer removable as charged in the notice to appear, as the conviction dated

5 May 2, 2013 in Case # SA080009-01 has been vacated on legal grounds.

## DISCUSSION

Respondent has filed a timely motion to reopen within the 90-day limitation starting from the date of the Board's final order dated February 21, 2020. Respondent's motion in criminal court make him no longer removable as charged.

Respondent's motions in criminal court make him no longer removable as charged. Relief granted under this motion will vacate a California criminal conviction or sentence as legally invalid on a ground relating to unknown immigration consequences of the conviction, or on newly discovered evidence of actual innocence. Penal Code §§ 1437.7(a)(1)(constitutional grounds), 1437.7(a)(2)(newly discovered evidence). This relief eliminates the existing conviction or sentence, and provides: "If the court grants the motion to vacate a conviction or sentence obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea." Penal Code §§ 1437.7(e)(3). It thus eliminates all California criminal consequences of a conviction or sentence. This motion is only available if based on a ground of legal invalidity. Penal Code §§ 1437.7(a)(1)(constitutional grounds), 1437.7(a)(2)(newly discovered evidence). Therefore, relief under either branch of this statute automatically eliminates the conviction or sentence for which this relief was granted, and its immigration consequences, as well as all criminal consequences. *Matter of Pickering,* 23 I. & N.

4

Dec. 621 (BIA 2003). This is true even where the claim of legal invalidity relates to the immigration consequences of the conviction. E.g., *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (convictions vacated on grounds of immigration-related ineffective assistance of counsel); *Matter of Adamiak*, 23 I. & N. Dec. 878 (BIA Feb. 9, 2006)(conviction vacated on grounds of violation of court's statutory duty to advise defendant of potential immigration consequences at time of plea, similar to Penal Code § 1016.5(a)). Most importantly, there is no rehabilitation element to prevailing on a PC 1473.7 motion; rather, it is a purely legal motion.

Vacating or modifying a sentence is also effective for immigration purposes. The BIA held that a criminal court's decision to modify or reduce a criminal sentence is entitled to full faith and credit by the Immigration Judges and the Board of Immigration Appeals, and such a modified or reduced sentence is recognized as valid for purposes of the immigration law without regard to the trial court's reasons for effecting the modification or reduction. *Matter of Cota-Vargas*, 23 I. & N. Dec. 849 (BIA 2005); see *United States v. Castro-Taveras*, ___ F.3d ___, 2016 WL 6407844 (1st Cir. 2016). Vacating the judgment will also eliminate the immigration effect of any sentence or imprisonment resulting from the conviction. An extraordinary writ may be brought simply for purposes of vacating the original sentence, and obtaining a fresh sentencing hearing. *People v. Barocio* (1989) 216 Cal.App.3d 99, 264 Cal.Rptr. 573. A new sentence imposed by the judge will be the one considered by the immigration authorities, even if the defendant has already completed serving the original sentence. *Cota-Vargas, supra*.

Accordingly, the record should be reopened to the Immigration Judge for adjudication of Respondent's application for termination due to the fact that Respondent is no longer removable under Cal. Penal Code Section 1473.7.

In addition, this Court should find that Respondent is not removable as charged in the NTA and **terminate** these proceedings, as Respondent's conviction was not vacated solely for immigration purposes. Matter of Pickering 23 I&N Dec. 621 (BIA 2003).

If the dismissal order is ambiguous as to whether it was granted on a ground of legal invalidity, it will still be effective to eliminate the immigration effects of a conviction, wherever the government has the burden of proving the existence of a conviction for purposes of triggering immigration consequences such as removal. Cardozo-Tlaseca v. Gonzales, 460 F.3d 1102 (9th Cir. Aug. 21, 2006) ("for the government to carry its burden in establishing that a conviction remains valid for immigration purposes, the government must prove "with clear, unequivocal and convincing evidence, that the Petitioner's conviction was quashed solely for rehabilitative reasons or reasons related to his immigration status, i.e., to avoid adverse immigration consequences.") (original emphasis), citing Pickering v. Gonzales, 454 F.3d 525 (6th Cir. 2006). The Ninth Circuit reached this conclusion as to a dismissal order under Penal Code § 1385 in an unpublished decision: Marmolejo v. Gonzales, 173 Fed.Appx. 573, 574-575 (9th Cir. March 10, 2006). This should be the case even if there is some question about the validity of the dismissal order. Rashtabadi v. INS, 23 F.3d 1562 (9th Cir. 1994). The immigration courts are bound by the Full Faith and Credit doctrine to respect final state court orders that have not already been set aside on some basis.

In removal proceedings, the government must prove a noncitizen's deportability by clear, convincing and unequivocal evidence. 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R § 242.14(a) (1997); 8 C.F.R. § 1240.8 (as amended by 68 Fed. Reg. 9824, 9839 (Feb. 28, 2003); Woodby v. INS, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966) (requiring "clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true"); Hernandez-

Robledo v. INS, 777 F.2d 536, 539 (9th Cir. 1985); Hernandez-Garza v. INS, 882 F.2d 945 (5th Cir. 1989) (reversing deportation order where smuggling "for gain" had not been established by Woodby v. INS, 385 U.S. 276 (1966) standard).

The charge under INA 237(a)(2)(A)(iii) is no longer sustainable. This Court should find that Respondent is not removable as charged in the NTA and **terminate** these proceedings, as Respondent's conviction was not vacated solely for rehabilitative or immigration purposes. Matter of Pickering 23 I&N Dec. 621 (BIA 2003). Respondent's conviction was vacated based on legal error that the prosecution cannot prove the case beyond a reasonable doubt. Exhibit A.

Date: May 20, 2020

Respectfully submitted,

Douglas Jalaie, Esq.
Attorney for Respondent

7

SUPRERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,

        Plaintiff,

Lawrence Kuria Mwaura

        Defendant.

Case No.: SA080009-01

ORDER ~~[redacted]~~

MOTION TO VACATE CONVICTION

*CONFORMED COPY ORIGINAL FILED Superior Court of California County of Los Angeles MAY 19 2020 Sherri R. Carter, Executive Officer/Clerk of Court By: Bryson Scott, Deputy*

UPON A SHOWING OF GOOD CAUSE, this court hereby VACATES THE CONVICTION for the case number listed above under Penal Code Section 1473.7.

IT IS SO ORDERED.

Dated: 5/19/20



_____
HONORABLE JUDGE

KATHRYN SOLORZANO

Lawrence Mwaura_____
(Name of alien or aliens)

_____ A 097-347-018_____
("A number" of alien or aliens)

# PROOF OF SERVICE

On ___05/20/2020_____, I, _____Douglas Jalaie_____,
     (date)          (printed name of person signing below)

served a copy of this ____ **RESPONDENT MOTION TO REOPEN AND TERMINATE**

and any attached pages to ___DHS-ICE - Office of Chief Counsel____
          (name of party served)

at the following address: ____PO BOX 26449, SAN FRANCISCO, CA 94126-6449 __
          (address of party served)

_____
          (address of party served)

by _____US MAIL_____.
   (method of service, for example overnight courier, hand-delivery, first class mail)

_____      _____5/20/2020_____
(signature)                                    (date)