WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731-VC<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
FRANCISCO M. UNGER* (Mass. BBO# 698807)
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

CASE NO. 3:20-CV-02731-VC
[PROPOSED] PRELIMINARY INJUNCTION

## [PROPOSED] ORDER

Upon review of Plaintiffs-Petitioners' Motion for Preliminary Injunction, Defendants' opposition, Plaintiffs' reply, and all supporting exhibits and declarations, Plaintiffs' Motion for Preliminary Injunction is GRANTED. Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Civil L. R. 65-1, the Court orders as follows:

## PRELIMINARY INJUNCTION

The Court concludes that Plaintiffs-Petitioners have met their burden of showing: (1) a likelihood of success on the merits of their claim under the Due Process Clause of the Fifth Amendment; (2) that the continued detention of class members under current conditions of detention at Mesa Verde ICE Processing Facility ("Mesa Verde") and the Yuba County Jail ("Yuba") are causing and will cause irreparable harm to Class members absent a preliminary injunction; (3) that the balance of equities weighs in Plaintiffs-Petitioners' favor; and (4) that the public interest favors granting the motion. Accordingly, a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the inherent equitable powers of this Court is warranted.

1. The Court hereby DECLARES that conditions of confinement for all members of the provisionally certified class ("Class"), namely, all individuals held as detainees of U.S. Immigration and Customs Enforcement ("ICE") at Mesa Verde and Yuba ("Detainees"), violate the Fifth Amendment because they fail to adequately address the risk of COVID-19 infection.

2. It is hereby ORDERED that:

    a. Defendants shall ensure that the number of Detainees at Mesa Verde and Yuba is maintained at no greater than a level that permits all Detainees to maintain a minimum of ten feet of distance from one another while sleeping, and six feet of distance from one another at all other times, including but not limited to while lining up for meals, eating, and using showers, sinks and toilets, except for transient interactions (such as handing food to a Detainee or handcuffing a Detainee being taken out for

removal).  In measuring the distance for sleeping, distance shall be measured laterally, from nearest edge to nearest edge, for beds that are placed side by side, regardless of whether Class members' beds are at different heights (e.g., if one Class member is in a top bunk and another is in a bottom bunk).  For beds that are situated in a line (i.e. head to foot), the distance between beds from edge to edge must be at least three feet, if Class members sleep in the same direction (i.e., head to toe); if Class members sleep in opposite directions (i.e., head to head) in such beds, the distance between beds must be a minimum of six feet, measured from nearest edge to nearest edge.

b.  No later than seven days from the date of this order, Defendants shall file with the Court detailed written plans for Mesa Verde and Yuba for achieving compliance with Paragraph 2(a) hereof ("Facilities Plans"). Each Facilities Plan must state the maximum number of Detainees to be housed at each facility, and the maximum total occupancy (regardless of whether the occupant is a Detainee or Yuba County Jail inmate) for each sleeping room (e.g., dorm, tank or pod) housing Detainees. Each Facilities Plan shall explain with specificity how and where the stated maximum number of Detainees will sleep, dine, bathe, use toilets and showers, and line up for recreation, and will demonstrate how the Detainees will maintain a minimum of six feet of distance between Detainees in each of these circumstances (10 feet while sleeping).  The Facilities Plan shall describe the physical spacing of all beds to be occupied by Detainees in each space where such Detainees are housed, and the physical spacing and/or staggering in use of all dining, recreation, bathroom and shower facilities.  Defendants' Facilities Plans shall provide a schematic depicting the arrangement of beds in each sleeping room housing Detainees, which

CASE NO. 3:20-CV-02731-VC
[PROPOSED] PRELIMINARY INJUNCTION

shall provide no less detail than Defendants provided in their responses to Plaintiffs' interrogatories.

c.    Defendants shall designate and make available for deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6), a person most knowledgeable on the Facilities Plan for each facility. Plaintiffs shall have the opportunity to depose Defendants' designee(s) within 5 days after the submission of the Facilities Plan.  Regardless of the number of representatives designated by Defendants, the total deposition time shall be limited to seven hours on the record.

d.    Defendants shall make both Mesa Verde and Yuba available for an inspection by Class Counsel and an expert to be designated by Plaintiffs. The inspection should occur as soon as practicable, but within 7 days after the submission of the Facilities Plans.

e.    No later than 10 days after submission by Defendants of the Facilities Plans, Plaintiffs may file objections to the Facilities Plans.

f.    The Court will review Defendants' Facilities Plans and Plaintiffs' objections, if any, and approve, reject, or modify the Facilities Plans, or issue such further orders as necessary to achieve compliance with Paragraph 2(a) above.

g.    On a weekly basis, Defendants shall disclose a spreadsheet including, for each Detainee: name, A-number, housing unit, any ICE-identified criminal history, and any ICE-identified medical vulnerabilities to COVID-19. In addition to the inspection permitted by Paragraph 2(d), Class counsel and an expert shall be permitted to inspect each of Mesa Verde and Yuba once per month.

h.    Until such time as Defendants have implemented the changes required by Paragraph 2(a) above, as approved or modified by the Court pursuant to Paragraph 2(f), Class counsel may continue to submit bail applications on

behalf of class members, and the Court will continue to adjudicate them. Defendants are required to respond to these bail applications by 5:00 p.m. two days after the application was filed. Any bail application filed after 7:00 p.m. shall be deemed filed on the following day. Responses to bail applications filed at any time on Friday shall be due by 5:00 p.m. on Monday. Responses to bail applications filed at any time on Saturday or Sunday shall be due by 5:00 p.m. on Tuesday. Class counsel will be entitled to an optional reply which must be filed by midnight on the date of any response by Defendants.

i. After such time as Defendants have implemented the changes required by Paragraph 2(a) above, as approved or modified by the Court pursuant to Paragraph 2(f), Class counsel may continue to submit bail applications for Detainees housed at Mesa Verde and Yuba who Class counsel believes should be released because of a heightened risk of death or serious illness from COVID-19 due to their age and/or pre-existing medical conditions. Defendants are required to respond to these bail applications, and Class counsel will be entitled to an optional reply, on the schedule set forth in Paragraph 2(h).

j. Until such time as Defendants have implemented the changes required by Paragraph 2(a) above, as approved or modified by the Court, Defendants may not add additional people to the population at Mesa Verde or Yuba. Thereafter, Defendants may add people to the population at Mesa Verde and Yuba, so long as: (i) the total number of Detainees at each facility does not exceed the number contained in the Facilities Plan approved by the Court; and (ii) any newly added individual is tested for COVID-19 promptly following arrival at the facility and such detainee is not commingled with the existing population unless and until the individual's COVID-19 test is determined to be negative, or fourteen days following

4

arrival, whichever occurs first. Defendants shall follow best practices for medical isolation, which is distinct from solitary confinement. In addition, Defendants shall make reasonable efforts not to add Detainees to the populations of Mesa Verde or Yuba, unless necessary for medical evaluation, medical isolation/quarantine, medical care, extenuating security concerns, or to prevent overcrowding in other ICE facilities. For any Detainees Defendants add to the populations of Mesa Verde or Yuba on or after the date of this Order, Defendants shall furnish to Class counsel the following by 5 p.m. on the next business day after adding such person: name, A-number, I-213, and a list of ICE-identified medical vulnerabilities to COVID-19. For such Detainees, Defendants shall also furnish to Class counsel RAP sheets and medical records at the earliest practicable time.

k.    Defendants shall not transfer any Detainees from Mesa Verde or Yuba to another facility for the purpose of civil immigration detention, including in preparation for removal if removal is not scheduled to occur within 48 hours, unless that facility meets the social distancing requirements of Paragraph 2(a). For any Detainees ICE transfers from Mesa Verde or Yuba following the date of this Order, Defendants shall furnish to Class counsel the following information by 5 p.m. on the next business day after such transfer: name, A-number, facility to which the detainee was transferred, number of confirmed COVID-19 cases at the facility, reason for the transfer, and an attestation that the destination facility meets the social distancing requirements included herein.

l.    For any Detainee ICE releases or transports for removal from the United States, Defendants shall furnish to Class counsel the following information by 5 p.m. on the next business day after such action: name, A-number, and whether such Detainee was released or transported for removal.

CASE NO. 3:20-CV-02731-VC
[PROPOSED] PRELIMINARY INJUNCTION

m.    Except as provided in the standard conditions of release (Dkt. 108), Defendants shall not re-detain any Class member released from Mesa Verde or Yuba on or after April 20, 2020 (the date of Plaintiffs' motion for provisional class certification), whether or not that Class member was released by order of the Court or otherwise released.

n.    Defendants may apply to the Court for modification of the provisions of this order upon a showing of good clause, which may include changes in the risks presented by the ongoing pandemic.

o.    No security shall be required.

**IT IS SO ORDERED.**

Dated this ___ day of June 2020

_____

VINCE CHHABRIA
United States District Judge

CASE NO. 3:20-CV-02731-VC
[PROPOSED] PRELIMINARY INJUNCTION