## JUVENAL GARCIA GONZALEZ SHORT-FORM BAIL APPLICATION

**SUMMARY:**
Juvenal Garcia Gonzalez is a 57-year old father of six U.S. citizen children and twelve U.S. citizen grandchildren. He has been living in the United States since the 1970s, was granted temporary residence in the 1980s, and became a lawful permanent resident (LPR) in 1991. Mr. Garcia Gonzalez has one felony conviction for assault with a firearm, stemming from an incident with his neighbor in 2016. He regrets his aberrant behavior and the harm it has caused. Mr. Garcia Gonzalez took advantage of his time in prison to complete rehabilitative classes. A forensic psychiatrist from U.C. San Francisco performed an evaluation and concluded that he presents a low risk of recidivism. He enjoys a broad base of family and community support. His cousin, a veteran of the U.S. Air Force and former military police officer, has already identified an apartment and offered to pay for it for Mr. Garcia Gonzalez upon his release from custody.

**1. Name:** Juvenal Garcia Gonzalez

**2. Age:** 57

**3. Sex:** Male

**4. Primary language:** Spanish

**5. If there is a hearing, is an interpreter needed?** Yes

**6. Detained in:** Yuba County Jail

**7. Dorm unit:** C

**8. Date of bond hearing, if any:** 02/07/2019 (prolonged detention bond hearing after habeas grant).

**9. Outcome of bond hearing, if any:** On January 25, 2019, Magistrate Judge Corley granted Mr. Garcia Gonzalez's habeas prolonged detention habeas petition, ruling that he was "entitled to an individual bond hearing at which the government bears the burden of proof by clear and convincing evidence." *Garcia Gonzalez v. Bonnar*, No.18-cv-05321-JSC, 2019 WL 330906, at *1 (N.D. Cal. Jan. 25, 2019).

On February 7, 2019, the IJ denied bond, finding that Mr. Garcia Gonzalez presents a danger. DHS bore the burden in bond proceedings, yet submitted minimal evidence. The IJ erroneously discredited the expert forensic psychiatrist's testimony, according it insufficient weight, despite having stated on the record that he would recognize Dr. Paul Elizondo as an expert in forensic psychiatry regarding recidivism and accord his declaration full weight. Dr. Elizondo's declaration is compelling evidence that Mr. Garcia Gonzalez is not a danger, and at the very least, is a significant mitigating factor regarding dangerousness. Additionally, the IJ erroneously discounted Mr. Garcia Gonzalez's significant evidence of rehabilitation in addition to the forensic psychiatric evaluation concluding that he presents the lowest risk of recidivism,

including: documentation of completion of the Sheriff's Department INROADS Program, and Fathers First, Fathers Finding Integrity, Responsibility and Spirituality, and letters from those closest to him explaining how he has been rehabilitated.

Mr. Garcia Gonzalez currently has a habeas petition pending before this Court that challenges the aforementioned bond denial. *Garcia Gonzalez v. Barr*, et al., 3:20-cv-03084, filed May 5, 2020.

**10. Length of time in detention:** 2.5 years

**11. Medical condition(s) that put detainee at risk:** Mr. Garcia Gonzalez was recently found to have high blood pressure. He also suffers from adjustment disorder with mixed anxiety and depressed mood.

**12. Attorney name, phone, address and email:**
Valerie Zukin, Justice & Diversity Center of the San Francisco Bar Association, 301 Battery Street, Fl 3, San Francisco, CA, 94111, 415-758-1140, vzukin@sfbar.org

**13. Felony or misdemeanor convictions, including date and offense:**.
   A. 1997 misdemeanor DUI conviction under Cal. Vehicle Code §23152(a).
   B. 2003 misdemeanor driving without a license under Cal. Vehicle Code §12500(a).
   C. 2017 felony assault conviction under Cal. Penal Code §245(a)(2) (Case No. 16CR-047799) with 3 year prison-term (240 days credit for time served)

Mr. Garcia Gonzalez is in sustained remission from alcohol use, as detailed in Dr. Elizondo's psychiatric evaluation. He was only once charged with any alcohol-related offense, well over 20 years ago. He learned his lesson from this mistake and never repeated it.

In addition, Mr. Garcia Gonzalez's 2017 conviction resulted from a serious, but one-time error of poor judgment in using a gun, which a friend had given to him years back, to scare his neighbor who had been harassing him for months, after his prior efforts to call the police to solve this problem had failed. He did not intend to use the gun against his neighbor. When the police arrived and told him to raise his hands, he did so, without thinking, while still holding the gun. As soon as the police ordered him to drop his weapon, he immediately did so. The police had already started shooting at him, but ceased when they saw he was complying with their orders. Mr. Garcia Gonzalez greatly regrets his actions and the fear he instilled in his neighbor and the police that day. Notably, this offense is Mr. Garcia Gonzalez's sole felony conviction. He does not have a history of violence or criminal conduct. He is also remorseful and has accepted responsibility for his mistake.

Mr. Garcia Gonzalez also demonstrates extensive rehabilitation, as detailed in answer 9, *supra*.

Critically, forensic psychiatric expert Dr. Elizondo found that he presents a low risk of recidivism using the Violence Risk Appraisal Guide (VRAG). The VRAG is a twelve-item instrument used to assess future risk of violence in people with a history of criminal violence. Dr. Elizondo found that the following factors mitigate his risk of future violence:

> *[H]is realistic plans for the future, positive attitude about his future wellbeing, presence of insight and remorse with respect to the instant offense, willingness to change his behavior and adhere to supervision requirements, positive response to prior substance use disorder treatment, willingness to undergo mental health treatment, presence of positive coping skills, demonstration of adherence to rules and supervision while incarcerated, and personal support in the community.*

*See* attached.

**14. Pending criminal charges and outstanding warrants, including jurisdiction and offense:** None.

**15. Scheduled removal date:** None. Mr. Garcia Gonzalez has a petition for review of his administrative order of removal pending before the Ninth Circuit Court of Appeals, and he has been granted a judicial stay of removal for the duration of his petition for review.

**16. Family:** Mr. Garcia Gonzalez has six U.S. citizen children. His children and twelve U.S. citizen grandchildren live in Nebraska and Iowa. He also has aunts, uncles, and first cousins who live in Whittier and Norwalk, California.

**17. Proposed custodian, including address and phone number, and description of proposed release residence:** Mr. Garcia Gonzalez will live in a studio apartment paid for by his first cousin, U.S. citizen Rutilio Gonzalez, who lives at ███████████████ Whittier, California, ███████. Mr. Rutilio Gonzalez is a veteran of the United States Air Force, and worked for eight years as a military police officer.

He has provided a letter explaining that he and his family are able to rent a studio apartment for Mr. Garcia Gonzalez at ███████ San Bernardino, California, where Mr. Garcia Gonzalez will be able to live for the duration of his parole (which will end in December 2020). They live nearby in Whittier and they are committed to providing for Mr. Garcia Gonzalez's food and transportation needs. They are also planning to pick Mr. Garcia Gonzalez up from the Yuba County Jail and to drive him to the apartment in San Bernardino.

**18. Applicant's ties to the location of the proposed residence (such as length of time, family members, prior employment, etc.)** Mr. Garcia Gonzalez resided in the San Bernardino area for many years. When he first came to the United States in the late 1970s, he lived in nearby Norwalk, California. He continued to reside in Southern California through the mid-1990s, and again from the late 1990's through his arrest in 2016. More recently, he lived in nearby Mira Loma California from 2013 to 2016, and then in San Bernardino in 2016. Additionally, Mr. Garcia Gonzalez attended church nearby Mira Loma from approximately 2009 through 2016.

**19. Employment history:**
   A. LGM Paving, Inc., ███████████████ Huntington Beach, CA 92615, from approximately May 2013-August 2016.
   B. Independent contractor, paving, approximately 2006 to 2013.
   C. SDS Enterprises Inc., ███████████, Anaheim, CA 92806, Machine Operator, from approximately 2009 – 2012.

    D.  Sterling Pavement, California
    E.  California Paving & Grading Co., ▮▮▮▮▮▮▮▮ Los Angeles, CA 90065
    F.  Century Paving, ▮▮▮▮▮▮▮▮▮▮▮, La Mirada, CA 90638
    G.  Worked driving a forklift at a meatpacking plant while living in Iowa in the mid-1990s.

**20. Other information relevant to bail determination:**

Mr. Garcia Gonzalez's daughter Faviola suffers from paralyzing anxiety that prevents her from completing the most basic tasks that are elemental to the wellbeing of her family, such as grocery shopping. She has also struggled with both anxiety and depression for years and two of her four children are contending with learning differences that require special education and extra attention. In addition, his son Luis has been struggling immensely after losing a child, going through a divorce, and also fighting for custody of his surviving child. Documentation is available upon request.

Before his 2016 arrest, *see supra*, Mr. Garcia Gonzalez was a hard worker who was highly regarded by his employers and religious community. His former employer, the president of LGM Paving Inc., recognizes his "skills and work ethic," and that "[h]e was a hard worker and took pride in a job well done". Mona Read of SDS Enterprises Inc. likewise recognizes that during his six years of employment, "he proved to be cooperative, a good worker, honest and respectful to everyone he came in contact with." Minister Eleazar Quiroz, who has known Mr. Garcia Gonzalez for over 30 years, explains that "Juvenal has been a dear friend over the years. I have always been able to count on him . . . . Juvenal is a hard worker and a faithful Christian."

**21. Attached are** (check all that are applicable, but this is not a substitute for answering the above questions):
     __X__ Psychiatric evaluation performed by Dr. Elizondo
     __X__ Letter from proposed custodian

The bond hearing decision, transcript, and further letters of support for Mr. Gonzalez Garcia are available upon request. This application was prepared with information probed by Mr. Garcia Gonzalez's immigration attorney, Valerie Zukin, and reviewed by class counsel. It is accurate based on information and belief.

In preparing this application, class counsel reviewed Mr. Garcia Gonzales's Form I-213, his "rap sheet," publicly available information on the San Bernardino County Superior Court website, equity documents and letters of support, as well as the psychiatric evaluation performed by Dr. Elizondo. Class counsel did not have access to Yuba County Jail medical records, which have not yet been provided by Defendants.

*/s/ Genna Ellis Beier*
Genna Ellis Beier

4
Juvenal GARCIA GONZALEZ