**<u>NESTOR CHAVEZ COS</u>**
**<u>SHORT-FORM BAIL APPLICATION</u>**
**<u>SUPPLEMENT FOR DEFERRED DECISION</u>**

**13: Criminal convictions:**

    *a. Driving on a suspended license conviction*

First, Mr. Chavez Cos recognizes the 2011 arrest and conviction for driving on a suspended license and apologizes to ICE and the Court for the oversight of having failed to mention it in his original Bail Application.

    *b. Warrant*

Second, with regard to the warrant mentioned by the defendants in their Opposition, Mr. Chavez was arrested on 6/24/17 and two different criminal case numbers followed. He believes that the records show that all charges in both cases were dismissed on 8/9/17. There is almost certainly no active warrant as Mr. Chavez appeared in court in the same county after the warrant was allegedly filed, and was released and reinstated to probation. Class counsel has communicated with the court and sought additional information and, in the interests of full transparency, the full details of what class counsel knows regarding the related charges and their dismissal are outlined below.

Cycle One on Mr. Chavez's Rap Sheet indicates that on 6/24/2017, a warrant issued in case BM888679A, and under that case number (or warrant number), Mr. Chavez was charged with PC 273A(A), child abuse; PC 273.5(a), inflicting corporal injury on a spouse; PC 148(a), obstruction of justice; HS 11364, possession of unlawful paraphernalia; and PC 243(E)(1). Those charges are all listed under the case number Warrant BM888679A. See Rap Sheet, attached at Exhibit A. Also under Cycle One, the Court Case Number BM888679A Final Disposition Date was 8/92017, in which only "charge 1", PC 243(E)(1), was dismissed. Also under Cycle One, there is Court Case number BM906805A appears, for the first time, with a note that the Final Disposition Date was 89/2017, where "Charge 1", PC 273.5(A), was dismissed.

The Rap Sheet is admittedly clearly incomplete as it mentions case BM906805A, in that it first appears at the moment of "final disposition"; and there are charges, appearing under BM888679A, that never appear again. Mr. Chavez understands this Rap Sheet notation to be the source of the defendant's assertion that there was a warrant issued on that date and that there is no information about the disposition of the other charges.

In the hopes of shedding light, Mr. Chavez hereby submits the information he has been able to obtain relating to these two case numbers.

On 6/24/2017, it appears Mr. Chavez was arrested and charged with battery, 243(E)(1) in case BM888679A. Criminal Case Info-Case Details, Case BM888679A, attached at Exhibit B. Charges were filed in that case after his arrest, on 7/13/16. The available information reflects that the case was discharged entirely on 8/9/17 with the dismissal of PC 243(E)(1). There were "no

Name: Nelson Chavez Cos    1

convicted charges" and no "schedule hearings" after that date. While Mr. Chavez concedes that the additional counts included in the case BM888679 should have been listed in the disposition, this appears for all purposes to be a clerical error. He will also note that he was arrested on this case on 6/24/2017 and charges were filed after, which indicates that to the extent a warrant issued that day, it would have been a pre-arrest warrant. There is no indication that Mr. Chavez failed to appear for any court date.

It also appears as if Mr. Chavez was arrested on 6/24/2017 and charged with 273.5(A) in case BM906805A. Criminal Case Info-Case Details, Case BM906805A, attached at Exhibit C. Charges were filed in that case after his arrest, on 6/27/17. There, too, Mr. Chavez was arrested on 6/24/2017 and there is no indication that there was anything other than a pre-arrest warrant or any failure to appear. There, the documents establish that PC 273.5(A) was disposed on 8/9/17; there were no additional "sentencing information" or "scheduled hearings" details provided.

Class counsel has been unable to ascertain why the other charges mentioned by defendants do not appear on the Criminal Court print-out.  Class counsel spoke to a receptionist at the Kern County Public Defenders office, who located the cases in the system and affirmed that it did not appear to her that there were any pending charges or pending cases. Counsel has made attempts to communicate with the misdemeanor secretary in that office and the public defender who represented Mr. Chavez Cos, but has not received replies (one assumes this may be due to scaled-back operations due to COVID-19).

Mr. Chavez Cos includes here for the Court's review a Criminal Case Information- Search Results, indicating that there are four total criminal cases ever filed against Mr. Chavez Cos in Kern County: BM888679 (one of the two cases with the 6/24/17 warrant/arrest date); BM906805A (the other 6/24/17 warrant/arrest date case); BM892515A (his driving on a suspended license conviction); and BF171164A, the Felony Stalking case. See Exhibit D. The absence of any other case lends further credence to the implication that there are no other criminal cases and that all charges in the two cases in question were dismissed on 8/9/17, and the clerk simply omitted the full details from the record.

This Court may also consider the implication that there were no additional charges because they were not raised later on, when Mr. Chavez appeared in the same county on new charges, the case that resulted in his Stalking conviction. Had there been outstanding charges, outstanding warrant, or anything left over from these charges, they would have come to the Court's attending during Mr. Chavez's criminal case stemming from his February 5, 2018 conviction.

Indeed, it is notable that Mr. Chavez was arrested again on 9/7/2018 on a warrant for the stalking case, BF171164A. A probation hearing was held on 11/6/2018 and at the conclusion, the charges were dropped by the probation department and he was reinstated to probation. Minute Order, attached at Exhibit F. Class counsel has reviewed the transcript of that hearing, which is available to the Court upon request, and the issue was whether Mr. Chavez Cos had failed to appear as required to probation. The Probation Officer's testimony, and documentation regarding Mr. Chavez Cos's reporting, established that he had in fact been in compliance. He was restored to probation and released from criminal custody. Instead, however, he was detained by ICE.

Name: Nelson Chavez Cos    2

*c. Fear of retribution from MS-13*

With regard to the details that the government mentioned in the Opposition concerning incidents in Guatemala, Mr. Chavez argues that those incidents do not indicate he is a danger.

Mr. Chavez's application for asylum, withholding of removal, and protection under the Convention Against Torture was based on his fear of retribution from the MS-13 gang in Guatemala. He related that MS-13 gang members physically attacked him and forced him, under threat of death, to participate in three robberies. He eventually fled the country immediately following the third robbery because he refused to continue to allow them to force him to do that sort of thing, and knew he would be killed if he refused. Notably, the incidents in question took place in 2007, when Mr. Chavez was nineteen years old. He has not participated in any other such activity, in Guatemala or the United States, since that time. The Immigration Judge found that he should have done more to escape the gang before participating in the robberies and found that he had not acted under duress, and the Board of Immigration Appeals affirmed that finding. Mr. Chavez continues to maintain that his actions were under duress, and in fact that issue is one of the issues in his Petition for Review at the Ninth Circuit. Mr. Chavez argues that the standard for finding that those incidents do not reflect on Mr. Chavez's current dangerousness is lower than the Immigration Judge's standard in finding that he performed them under duress. Even if the duress was not sufficient to legally excuse him from culpability, it is still relevant in determining whether he would participate in any similar conduct today, absent any additional duress.

**14: Release Plan**

Mr. Eliseo Cos Garcia is a highly appropriate custodian for Nestor Chavez Cos. He is the only family Mr. Chavez Cos has in the United States (aside from his daughters) with whom he is in contact, and Mr. Cos has spoken to Mr. Chavez Cos's parents in Guatemala. Mr. Chavez Cos, Mr. Chavez Cos's parents in Guatemala, and Mr. Cos Garcia all strongly desire that Mr. Chavez Cos relocate to Washington with his uncle to get back on his feet following the trouble he had with his wife in Bakersfield and his long ICE detention until he is due to return to ICE custody. Mr. Cos Garcia loves his nephew deeply and is committed to doing whatever he can to help Mr. Chavez acclimatize to the community where Mr. Cos Garcia has lived for the past 19 years during Mr. Chavez Cos's release and before his redetention. Mr. Chavez Cos will have his own room and be able to shelter-in-place. Mr. Chavez Cos is firmly committed to adhering to conditions set forth by the government.

Mr. Cos Garcia recognizes his two convictions from 2010 and 2011. He relates that at that time, he was in a relationship with a woman named H-. The couple are no longer together and Mr. Cos Garcia relates that they have had no contact in years. They have no children in common. Mr. Cos Garcia also relates that he recently got remarried, to Blanca Morales, who lives in Guatemala. In 2011, Mr. Cos Garcia completed a one-year domestic violence program, for which he has provided verification of participation and successfully complied with all requirements. Attached at Exhibit G and H. Mr. Cos Garcia was unable to locate verification of his final completion, but has provided the three indications that he does have access to and it is his representation that he did complete.

Name: Nelson Chavez Cos    3

If released, Mr. Chavez Cos would travel to Washington State by airplane. Jeanie Parent, Coordinator of Kern Welcoming and Extending Solidarity to Immigrants (KWESI), a Bakersfield-based non-profit, has agreed to pick Mr. Chavez Cos up from custody and take him to the airport and help him get to his plane. She is available at ▮▮▮▮▮▮▮▮▮▮.

There are two flights on United Airlines a day from Bakersfield to Seattle (with one stop), which cost between $200-250. One leaves at 8am and the other leaves at 1:45 PM. Ms. Parent frequently helps detainees released from Mesa Verde get to the airport, through TSA security, and on to their flights. She reports it's a small airport, 15 minutes from the detention center. Depending on what time Mr. Chavez Cos is released, his uncle would either purchase the 1:45 PM flight for the same day or the 8AM flight for the next day. If Mr. Chavez Cos's release were anticipated to be too late, KWESI has manifested their willingness to pay for a hotel room overnight, drop him at the hotel on the day of his release, and pick him back up the next morning and take him to the airport for the 8AM flight. Mr. Cos Garcia has assured counsel that he has a credit card he can use to purchase the flight and its happy to do so. Mr. Cos Garcia would travel to the Seattle airport to pick Mr. Chavez Cos up. Mr. Chavez Cos manifests his willingness to take every possible precaution while travelling to avoid contact with others, including wearing a mask at all times, wearing gloves while interacting with others. Notably, Mr. Chavez Cos has no COVID-19 symptoms.

Finally, if the Court remains concerned about Mr. Cos Garcia as a custodian, Counsel would request a second deferral. Class counsel has been in contact with faith-based rehabilitation programs in which Mr. Chavez Cos could reside in California; however, logistical hurdles to release have opted for him to continue with his plan to travel to Mr. Cos Garcia's house. Victory Outreach Men's Shelter in San Jose, California, has accepted Mr. Chavez Cos and has a bed available; however, they require evidence of a negative COVID-19 test upon entry. While KWESI has offered to put Mr. Chavez Cos up in a hotel for the day or two that getting a test would entail, they cannot commit to the alternative of what would happen if his test were to come back positive. If the Court were to defer again based on concerns about Mr. Cos Garcia or the travel, Mr. Chavez Cos will continue to try to work out an alternative release plan to Victory Outreach.

## 20: Other relevant information

Mr. Chavez Cos is not a flight risk. In addition to his pending Petition for Review at the Ninth Circuit, he has pending applications with U.S. Citizenship & Immigration Services (USCIS) for a U-Visa, as a victim of a crime for which he has cooperated with law enforcement, and for a Violence Against Woman Act (VAWA) Self-petition, based on the domestic violence he suffered at the hands of his U.S. citizen wife during their marriage. He is highly motivated to see all of those efforts through. He also assures the Court that, if the time comes, he will comply with any ICE requirements and will report for removal. He is a very religious man and his faith guides his commitment to following any orders from ICE or Immigration.

Name: Nelson Chavez Cos    4

The information in this application is accurate based on information and belief. This application was prepared by Jennifer Friedman, class counsel, and based on information received through interviews and document review.

Respectfully submitted,

s/*Jennifer Friedman*
Jennifer Friedman

<u>Attachments</u>

A.  Rap Sheet
B.  Criminal Case Information, BM 906805A
C.  Criminal Case Information, BM 888679A
D.  Criminal Case Information—Search Results (reflecting 4 cases total)
E.  Criminal Case Information, BM892515A
F.  11/6/18 Minute Order indicating probation revocations proceedings were dropped at request of probation department and probation was reinstated.
G.  Eliseo Cos Garcia letters of participation in La Nueva Comunidad Domestic Violence Program, dated October 1, 2011 and June 1, 2011
H.  Eliseo Cos Garcia End of Docket printout, September 19, 2011, noting that Mr. Cos had paid the fines in full and noting "DV Treatment Report Filed- Deft is in Compliance"

Name: Nelson Chavez Cos    5