
DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **FEDERAL DEFENDANTS' AMENDED SUBMISSION ON DEFERRED BAIL APPLICATIONS** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

**FEDERAL DEFENDANTS' AMENDED SUBMISSION ON DEFERRED BAIL**

**APPLICATIONS**

Pursuant to the Court's Order of May 15, 2020, ECF No. 179, Federal Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil immigration detainees at the Mesa Verde Detention Facility and Yuba County Jail may be safely released pursuant to the conditions set out by the Court on May 6, 2020. *See* ECF No. 108. It is Federal Defendants' position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining detainee population at Mesa Verde Detention Facility or Yuba County Jail. Moreover, it is the class member's burden to demonstrate extraordinary circumstances that

warrant his or her release. *See* ECF No. 90.

Defendants submit this amendment pertaining to the response for Mr. Porcayo Garcia due to an inadvertent oversight by counsel. The remainder of the response remains the same, and Defendants respectfully refer the Court to ECF Nos. 236 and 237 for the below mentioned exhibits and unredacted documents.

**Maria de Carmen Carrillo de Varela**

Defendants have no further information to provide regarding the proposed custodian.

**Juan Jose Erazo Herrera**

Mr. Erazo Herrera is a present danger to the community and should not be released. It appears that Mr. Erazo Herrera arrived in the United States in 2016 and shortly thereafter became involved in crime. ▮▮▮▮ Less than one year ago, he was implicated in a fight while in immigration detention. This recent misconduct while in detention demonstrates that Mr. Erazo Herrera continues to be a danger to the community.

**Livia Pinheiro**

The immigration judge denied Ms. Pinheiro's request for bond on April 29, 2020, in the alternative, because "she is still a danger to the community."[1] It appears that Ms. Pinheiro did not appeal her bond decision of 2018 and has not appealed the 2020 decision, so no bond memorandum of either decision providing further explanation was prepared, in accordance with usual procedures in immigration court. *See* Immigration Court Practice Manual Section 9.3(e)(vii), available at https://www.justice.gov/eoir/page/file/1258536/download. This, however, does not provide a basis for

---

[1] Although not relevant to this bail application, Ms. Pinheiro is detained (and was detained at the time of her bond request in March 2020) pursuant to 8 U.S.C. § 1231 because her request for a stay of removal was denied by the Ninth Circuit on August 27, 2019, and a request for reconsideration of that denial was also denied on November 22, 2019. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) (finding that a petition for review with a stay of removal renders detention pursuant to 8 U.S.C. § 1226, but when no stay is entered, the detention authority of 8 U.S.C. § 1231 applies). *Casas-Castrillion v. DHS*, 535 F.3d 942 (9th Cir. 2008), which is about 8 U.S.C. § 1226, is therefore inapposite.

the Court to reverse or ignore the immigration judge's finding that, by clear and convincing evidence, Ms. Pinheiro presents a danger. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review, see [8 U.S.C.] § 1226(e).")

Defendants do not have any further details regarding her criminal convictions. However, Ms. Pinheiro is correct that there is a typographic error in Defendants' response. Ms. Pinherio's conviction for unlawful registration and driving with a suspended license is from June 14, 2005, not June 14, 2015.

Defendants also note that on May 12, 2020, the Ninth Circuit denied Ms. Pinheiro's petition for review. *See Pinheiro v. Barr*, No. 18-72720, Dkt. No. 35 (9th Cir. May 12, 2020). Her motion to reopen remains pending.

In her supplement, Ms. Pinheiro states that she was placed in segregation where she had no contact with other detainees. This does not present a claim in this case, where Plaintiffs are arguing for more distancing between detainees, not less. Ms. Pinheiro's other challenges to her detention as applied to her individually are outside the scope of this class-action case. *See Zepeda Rivas v. Jennings*, __ F. Supp. 3d __, No. 20-cv-02731-VC, 2020 WL 2059848, at *1 (N.D. Cal. Apr. 29, 2020) ("[a]t root, this lawsuit is not about whether any particular person should be released").

**Eleazar Porcayo Garica**

Defendants are not in possession of records that provide any additional information regarding the facts underlying Mr. Porcayo Garcia's conviction. The conviction records acquired are attached hereto as Exhibit B. The recency of the conviction demonstrates that he is a danger to the community.

**Ajaypal Singh**

Defendants are not in possession of Mr. Singh's probation records. At his last bond hearing before the immigration judge, Mr. Singh testified that he last used drugs immediately prior to his last arrest. Additionally, as noted in Defendants' response, he was found to possess or introduce narcotics while in detention on January 9, 2020. This incident does not demonstrate that Mr. Singh is committed to reform of his drug issues.

**Nester Chavez-Cos**

Defendants are not in possession of further information regarding the warrant issued on June 24,

2017.  Defendants' most recent check of its resources did not show any active warrants.  Defendants also have no further information regarding the suitability of the proposed sponsor.

| | |
|---|---|
| DATED: May 24, 2020 | Respectfully submitted, |
| | DAVID L. ANDERSON<br>United States Attorney |
| | */s/ Adrienne Zack*<br>ADRIENNE ZACK<br>Assistant United States Attorney |
| | Attorneys for Federal Defendants |