**ASIF MASOOM QAZI**
**UPDATE TO DEFERRED SHORT-FORM BAIL APPLICATION**

**20. Other Information Relevant to Bail Determination:** Pursuant to this Court's Order dated May 21, 2020 (ECF No. 224), Class Counsel submits this update to Mr. Asif Masoom Qazi's deferred bail application. On May 5, 2019, Mr. Qazi was arrested by the Vallejo Police Department for potential misdemeanor battery against a spouse under Cal. Penal Code 243(e)(1). As declared by Mr. Qazi's wife, Raquel O'Brien Qazi, the underlying incident was a verbal argument between the couple and there was no physical violence. Ms. O'Brien declares under penalty of perjury that on the day of the arrest, she and Mr. Qazi were arguing during a drive home. At a stoplight near their home, Ms. O'Brien got out of the car to walk the remaining 10 to 15 minutes. She left her purse in the car, which had her house keys. Once she got home, Mr. Qazi was already home and had locked the front door. She needed to get her purse and her work uniform from inside the house. Ms. O'Brien believes that a neighbor called the police because she was causing a disturbance by trying to get inside her home. When the police arrived, she told them Mr. Qazi had locked her out. The police said they could not help her get back inside her home if nothing physical had happened. Ms. O'Brien was desperate to get her uniform for work and her keys from inside the house that she let her "anger to get the best of [her]" so she told the police that Mr. Qazi had thrown an empty can at her, which was not true. She only said that because she wanted to get inside the house. When Mr. Qazi opened the door, the police stormed in and handcuffed him. Ms. O'Brien told the police that Mr. Qazi hadn't done anything and asked them to let him go. Ms. O'Brien regrets the incident. No charges were ever brought against Mr. Qazi. *See* Notice of Intent Not to Prosecute, Superior Court of California, County of Solano.

Ms. O'Brien also declares that Mr. Qazi has never been violent with her and that she is committed and willing to enroll in marriage counseling therapy and anger management courses together to continue to grow and improve their marital relationship. Mr. Qazi also is interested in and committed to enrolling those courses and vows to continue working on his marriage.

As an alternative proposal for a sponsor upon release, Mr. Qazi can live with his mother, Mamtaz Chowdhury, at ▮▮▮▮▮▮▮▮ Berkeley, CA 94710. She can be reached at ▮▮▮▮▮ ▮.

This application was prepared using information provided to class counsel by Mr. Qazi's immigration attorney, Lisa Knox, and wife, Raquel O'Brien Qazi. Class counsel also spoke with Mr. Qazi to confirm details about the incident and his commitment to enrolling in marriage and anger management courses. The information was obtained in good faith and in an expedited manner.

Respectfully submitted,

*s/Angelica Salceda*
Angelica Salceda

Asif Masoom Qazi

1



# VALLEJO POLICE DEPARTMENT
# DETENTION CERTIFICATE

VPD Case #: 19-5037

As required by the provisions of Penal Code Section 851.6, I hereby certify that the taking into custody of

QAZI, ASIF M.    on   05/05/2019
(Subject's Name)                        (Date)

by the Vallejo Police Department was a detention only.

QAZI, ASIF M.    was released on   05/15/2019
(Subject's Name)                        (Date)

by the Vallejo Police Department. Pertinent portions of Penal Code Sections 849, 849.5 and 851.6 are listed below as part of this certificate.

_Ted Hart_    TED HART #2168
(VPD Member Signature)    (Printed Name & Badge or ID #)

Records Use Only:  ☐ Transient  ☑ Mailed to Detainee  ☐ Received disposition of non-file on 05/15/2019

QAZI, ASIF M.
118 ALAMEDA STREET
VALLEJO, CA 94590

PC§ 849.    Arrest without Warrant
(a) When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate.
(b) Any peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever:
   (1) He or she is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested.
   (2) The person arrested was arrested for intoxication only, and no further proceedings are desirable.
   (3) The person was arrested only for being under the influence of a controlled substance or drug and such person is delivered to a facility or hospital for treatment and no further proceedings are desirable.
(c) Any record of arrest of a person released pursuant to paragraphs (1) and (3) of subdivision (b) shall include a record of release. Thereafter, such arrest shall not be deemed an arrest, but a detention only.

PC§ 849.5.    Release if No Charges Filed: Detention
In any case in which a person is arrested and released and no accusatory pleading is filed charging them with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only.

PC§ 851.6.    Detention Certificate
(a) In any case in which a person is arrested and released pursuant to paragraph (1) or (3) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention.
(b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention.
(c) The Attorney General shall prescribe the form and content of such certificate.
(d) Any reference to the action as an arrest shall be deleted from the arrest records of the arresting agency and of the Bureau of Criminal Identification and Investigation of the Department of Justice. Thereafter, any such record of the action shall refer to it as a detention.

PC 849 – Detention Certificate Rev 11/2016

Rpt.# VPD19-05037             Booking # 19-04718 – BB 6/3/2019
KRISHNA A. ABRAMS
District Attorney of Solano County
By: **DDA KEVIN W CUNNANE**, #284807
355 Tuolumne St., Suite 3200
Vallejo, CA 94590
Telephone: 707 553-5321

Attorney for the People

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SOLANO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                     Plaintiff,<br><br>vs.<br><br>ASIF M QAZI<br>05/12/1989<br><br>                     Defendant | CASE NO.<br><br>NOTICE OF INTENT NOT TO PROSECUTE |

       The People do hereby represent to the Court that no formal charges will be brought against the above named who was arrested by VALLEJO POLICE DEPARTMENT on 05/05/2019, for the charge, MISDEMEANOR to wit: violation of Section 243(e)(1) of the Penal Code.

REASON: INSUFFICIENT EVIDENCE

Dated: May 16, 2019

                                                                   Respectfully submitted,

                                                                   KRISHNA A. ABRAMS
                                                                   District Attorney

# DECLARATION OF RAQUEL O'BRIEN QAZI

1. My name is Raquel O'Brien Qazi. I submit this declaration in support of my husband, Asif Qazi's, response to the deferral of his bail application.
2. On May 5, 2019, my husband, Asif Qazi, was detained by Vallejo Police because of a mistake I made. Earlier that day, we got into an argument. We were both angry and it escalated to yelling, so we decided to go for a drive to cool off and talk. On the way home, we started arguing again and I was very upset. At a stoplight near our house, I got out of the car to walk the remaining 10 to 15 minutes. I left my purse in the car, which had my house keys. When I got home, Asif was already there and had locked the front door. When he refused to unlock the door, I started yelling and banging on the door. I needed to get my purse and my work uniform to go to work later that day. But he wouldn't unlock the door.
3. Then the police arrived. I believe a neighbor called the police because I was causing a disturbance.
4. When the police arrived outside my home, I told them that Asif had locked me out and I needed to get into my house. They said that they couldn't help me if nothing physical had happened. I really needed to get my uniform for work and my keys, and I let my anger get the best of me. I told them that Asif had thrown an empty can at me. I was feeling desperate and angry. I only said that because I wanted to get in my house.
5. When Asif opened the door, the police stormed in and handcuffed him. They were really rough with him, treating him like an animal. I was really upset. I hadn't wanted anything bad to happen.
6. I still regret that day. It was horrible. I didn't know what was going to happen to him. After Asif was handcuffed and put in a patrol car, I told the officers that he hadn't done anything and asked them to let him go. They took him anyway.
7. He was only detained. No charges were brought because of insufficient evidence. He came to pick me up from work later that night, and we had a level-headed and calm conversation about the whole situation. He did not get physical with me or use any violence on that day.
8. Asif has never been violent with me. We have our disagreements, like any married couple, but we are trying to talk them out as opposed to shouting and arguing. We are learning to walk away and let each other cool down.
9. We don't ever talk about things that might lead to an argument in front of the children. Our children were not present on that day, they were at their grandparents' house playing with their cousins.
10. Asif and I have been together for five years, and lived together for two years while engaged and then married. He's a wonderful husband. He takes care of me and he supports me emotionally and financially. He's my best friend, the person I'm closest to. He also supports me and my goals for the future. He encouraged me to renew my phlebotomy license, and supported me to study for the test and pay for it.
11. As a father, Asif is all in. We have nine- and eight-year-old daughters. Even though Asif isn't my daughter's biological father, Asif really stepped in to play the father role. My

    daughter loves him so much. When I would work the graveyard shift, I would get home at 8am and Asif would have already taken the kids to school and gone to work. He would pick my daughter up from after-school program sometimes, and he was always there to help with homework. If I couldn't go to a parent-teacher conference, he did. He has taught me so much about being a parent.

12. If Asif is released, we are both committed to seeking marriage counseling therapy and attending anger management together, to continue to grow and improve our communication.
13. If Asif is released, he will be on probation and will go to all his check-ins on time. He and I will both make sure of that and put them on the calendar to remind us. I will drive to Mesa Verde to pick him up if he were to be released. I cannot wait.
14. I really want my husband to come home.

I, Raquel O'Brien Qazi, declare under penalty of perjury that the foregoing is true and correct to the best of my recollection. I sign this from Vallejo, California.

Date: May 24, 2020                                    *//s// Raquel O'Brien Qazi*
                                                                          Raquel O'Brien Qazi

CERTIFICATE OF AFFIRMATION

I, Theodora Simon, certify that on May 24, 2020, I read the foregoing to Raquel O'Brien Qazi and that she affirmed that the foregoing is true and correct. I have not been able to obtain a signature from Mrs. Qazi because Vallejo is located approximately one hour away from my home by car, and at the time I reviewed the foregoing declaration with her, the county where I reside was, and remains, under a "shelter in place" order.

Date: May 24, 2020                                    //s// *Theodora Simon*
                                                                          Theodora Simon