# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION

## Abdiwelle Yousuf

**8 & 9. Date & Outcome of bond hearing, if any:**

Mr. Yousuf is detained pursuant to 8 U.S.C. § 1226(c) on the basis of his criminal convictions.

**11. Medical Condition(s) That Put Detainee At Risk:**

Defendants have no record of Mr. Yousuf being diagnosed with any risk factors, as defined by the CDC. The CDC does not list latent tuberculosis and a history of smoking alone as conditions that place individuals at higher risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 1, 2020).

**13. Felony or Misdemeanor Convictions, Including Date and Offense:**[1]

On or about March 25, 2019, Mr. Yousuf was convicted of assault with a deadly weapon (not a firearm) in violation of section 245(a)(1) of the California Penal Code, after having been arrested for that offense on or about February 7, 2019. He was sentenced to three years in prison.

On or about October 4, 2005, Mr. Yousuf was convicted of obstructing a public officer in violation of section 148(a) of the California Penal Code. He was sentenced to a three-year term of probation and a fine.

On or about October 7, 2008, Mr. Yousuf was convicted of driving under the influence of alcohol/drugs in violation of section 23152(a) of the California Vehicle Code and the offense of

---

[1] Defendants do not concede that they are bound by the state statutes regarding disclosure of juvenile information. However, for purposes of expediency, Mr. Yousuf's criminal history is limited to his adult encounters with law enforcement. Further, "*In re Devison* holds that 'findings of juvenile delinquency are not convictions for immigration purposes,'. . . but it does not forbid an IJ from considering such juvenile acts at all, along with any other relevant information, when making a discretionary determination." *Castro-Saravia v. Ashcroft*, 122 F. App'x 303, 304–05 (9th Cir. 2004).

using or being under the influence of a controlled substance in violation of section 11550(a) of the California Penal Code. He was sentenced to probation for the former offense and to 90 days in jail for the latter offense.

On or about December 14, 2015, Mr. Yousuf was convicted of theft of services in violation of section 76-6-409 of the Utah Penal Code. This offense appears to be a misdemeanor. He was sentenced to a fine and 180 days of probation.

As Mr. Yousuf notes in his bail application, there are also several infractions listed in his record, as summarized below:

On or about October 4, 2005, Mr. Yousuf was convicted of the infraction of fighting in a public place or challenging another person to fight in a public place in violation of section 145(1) of the California Penal Code. He was sentenced to a fine.

On or about August 7, 2007, Mr. Yousuf was convicted of the infraction of fighting in a public place in violation of section 145(1) of the California Penal Code. He was sentenced to a fine.

On or about February 11, 2016, Mr. Yousuf was convicted of the infractions of disorderly conduct in violation of section 76-9-102 of the Utah Penal Code and criminal trespass in violation of section 76-6-206 of the Utah Penal Code. He was fined and sentenced to 180 days of probation.

On or about August 25, 2016, Mr. Yousuf was convicted of the infractions of intoxication in violation of section 76-9-701 of the Utah Penal Code and disorderly conduct in violation of section 76-9-102 of the Utah Penal Code. Sentencing information is not available.

Mr. Yousuf also has a number of arrests for assault with a deadly weapon not a firearm with great bodily injury likely, robbery, threatening a crime with intent to terrorize, criminal mischief, threat of violence, disorderly conduct, possession of drug paraphernalia, assault against a police officer, and trespassing that did not result in convictions.

**17. Proposed custodian, including address and phone number, and description of proposed release residence:**

  Mr. Yousuf's bail application states that he will initially reside with his brother in San Diego.  ICE reports that Mr. Yousuf's brother's name does not appear to be associated with the given address in their records check and that there are no utilities registered in his name for this address.