DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **FEDERAL DEFENDANTS' MOTION TO TERMINATE BAIL ORDER: CARLOS RUBEN FRANCO PAZ** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

    Federal Defendants hereby move to terminate the bail order of Carlos Ruben Franco Paz, ECF No. 271. On December 18, 2019, an immigration judge found that Mr. Franco Paz was a significant flight risk, that no amount of bond could ameliorate that risk, and ordered that he be detained during his removal proceedings. After being released on bail by this Court, he has cut off his GPS monitoring ankle bracelet, his sponsor has failed to return phone calls, and he has absconded.

    A.    **Bail Application and Response**

    Mr. Franco Paz submitted a bail application May 24, 2020. ECF No. 244-2. He stated that he had no criminal convictions and a pending application for relief from removal. *Id.* He disclosed an outstanding warrant for his arrest in Fort Scott, Kansas, regarding an arrest for driving without a license

and transportation of an open container of alcohol. *Id.* He also disclosed an INTERPOL Blue Notice, which seeks Mr. Franco Paz for questioning regarding the homicide of two individuals and attempted homicide of another individual in Guatemala on May 20, 2016. *Id.* Mr. Franco Paz stated that he was not in Guatemala at this time and stated that he has been continually in the United States since 2015. *Id.* Mr. Franco Paz had a bond hearing before an immigration judge on December 18, 2019, and he was denied bond because he was deemed to be a significant flight risk for which no amount of bond could ameliorate his risk of flight.[1] *Id.* The hearing before the immigration judge on Mr. Franco Paz's application(s) for relief from removal was scheduled for June 1, 2020.

Mr. Franco Paz proposed a friend and co-worker as his sponsor and provided an address in San Jose, California. *Id.* While Mr. Franco Paz's partner and child live in Baltimore, Maryland, he stated that he would not leave the jurisdiction until after his case in immigration court was complete. *Id.* He further stated that "[h]e is amenable to alternatives to detention including GPS monitoring." *Id.*

Defendants objected to Mr. Franco Paz's release because his is a flight risk and a danger. ECF No. 256-2. Defendants confirmed the INTERPOL Blue Notice and stated there was also an active warrant for Mr. Franco Paz's arrest in Guatemala. *Id.* Defendants also provided information that according to government records, Mr. Franco Paz had indeed traveled to Guatemala on October 20, 2015, and that Mr. Franco Paz previously stated he returned to the United States in 2017, placing him in Guatemala at the time of the murder in question. *Id.* Defendants further objected to his release because he had a history of providing false identification to officials. *Id.* Defendants also objected to Mr. Franco Paz's proposed sponsor, as there was no information provided regarding the nature and tenure of the relationship between Mr. Franco Paz and his co-worker. *Id.*

On May 28, 2020, the Court nevertheless granted Mr. Franco Paz's bail application. ECF No. 271. He was released on May 29, 2020. Declaration of Deportation Officer Rigoberto Gilbert, Jr. ("Gilbert Decl.") ¶ 3, attached hereto. The hearing before the immigration judge scheduled for June 1, 2020, was therefore postponed. *Id.* ¶ 5.

---

[1] The Immigration and Nationality Act provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008).

### B. Absconding

In accordance with the Court's bail conditions, upon Mr. Franco Paz's release on May 29, 2020, he was fitted with a GPS monitoring bracelet on his ankle. Gilbert Decl. ¶ 4; *see also* ECF Nos. 108 ¶ 4, 271. On June 8, 2020, the Enforcement and Removal Operations ("ERO") officer received multiple alerts that Mr. Franco Paz's bracelet was tampered with. Gilbert Decl. at Ex. 2. The ERO officer attempted to contact Mr. Franco Paz's sponsor, Mr. Juan Soto Cruz. *Id.* The officer received no response or reply. *Id.* The GPS monitor's manufacturer later stated that the battery source was removed from the monitoring device and the ankle bracelet was cut. *Id.* It appears that the device was discarded along Interstate 680 near San Jose, California, on June 8, 2020, at approximately 6:34 p.m. *Id.* This is the last recorded position of the GPS unit. *Id.* The unit has not been recovered. *Id.*

Since the ankle bracelet was cut off, ERO has attempted to contact Mr. Franco Paz's sponsor multiple times at the phone number provided in the bail application. *Id.* There has been no answer, and no voicemail is available at which to leave a message. *Id.* On June 10, 2020, Officer Gilbert contacted Mr. Franco Paz's individual attorney's office, and an attorney in the office stated that she did not know of Mr. Franco Paz's whereabouts. *Id.* ¶ 7.

Mr. Franco Paz has absconded, in violation of this Court's order.

### C. Request to Terminate Bail Order

As Defendants argued, and as the immigration judge previously found, Mr. Franco Paz is a flight risk and should be in ICE custody during his removal proceedings. Because Mr. Franco Paz has violated this Court's order to submit to location monitoring as directed by ICE, Defendants request that the Court revoke his bail order and that ICE be given permission to arrest Mr. Franco Paz if he is located. *See* ECF No. 108 ¶¶ 8, 9.

//
//
//
//
//

DATED: June 11, 2020							Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney

Attorneys for Federal Defendants