UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>DAVID JENNINGS, et al.,<br><br>    Respondents. | Case No. 20-cv-02731-VC<br><br>**DECLARATION OF DEPORTATION OFFICER RIGOBERTO GILBERT JR.** |

I, Rigoberto Gilbert Jr., make the following statements under oath and subject to the penalty of perjury:

1.      I am a Deportation Officer ("DO") with the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), in the Bakersfield sub-office of the San Francisco Field Office. I have been employed with DHS since October 2017, when I was hired by DHS as an Enforcement and Removal Assistant (ERA). As an ERA, I was assigned to Non-Detained and the Bond Unit and was responsible for facilitating the bond process. I was promoted to the DO position March 2019, whereupon I was sent to the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia to complete a four-month basic training program, which included training in immigration law and learning how to process individuals who were placed in removal proceedings. I am currently assigned to the Detained Unit, which oversees the immigration case docket management and oversight of aliens detained at the Mesa Verde ICE Processing Facility ("MVIPF") pending removal. My responsibilities with the Detained Unit include, but are not limited to, monitoring the progression of individuals' cases through removal proceedings, tracking detained cases with final removal orders, obtaining travel documents for aliens ordered removed, and effectuating the removal of aliens to their home countries. I have held this Detained Unit position since October 1, 2019.

2. I am familiar with ICE policy and procedures governing the detention and removal of aliens who come into ICE's custody, and the facts in this declaration are based on my personal knowledge, consultation with other ICE personnel, and review of official documents and records maintained by DHS.

3. Regarding Carlos Ruben Franco Paz ("Mr. Franco Paz"), notwithstanding him being wanted for two homicides and one attempted homicide in Guatemala, he was released from DHS custody on May 29, 2020 pursuant to the Court's grant of his bail application. *See*, *e.g.*, Exhibit 1, INTERPOL Blue Notice.

4. As a condition to Mr. Franco Paz's release, he was fitted with a GPS ankle monitor.

5. Because Mr. Franco Paz was released from DHS custody, his detained individual hearing on his application for relief before the immigration judge that was scheduled for June 1, 2020 was postponed until July 9, 2020 at 1PM.

6. In the interim, however, Mr. Franco Paz removed his GPS ankle monitor and absconded. *See* Exhibit 2, Form G-166C, Memorandum of Investigation.

7. Supplemental to what is detailed in the Form G-166C, I attempted to contact Malvina De La Canal, Esq. from the Law Offices of Vivian N. Szawarc by telephone at (510) 447-7700 but could not get in contact with counsel. However, I spoke to Vivian Szawarc, Esq., from the Law Offices of Vivian N. Szawarc, by telephone at (510) 447-7700, on June 10, 2020. I informed Ms. Szawarc that Mr. Franco Paz absconded, and I asked her about whether she knew his whereabouts. Ms. Szawarc stated that she does not know Mr. Franco Paz's whereabouts.

8. I obtained true and correct copies of the following documents regarding Mr. Franco Paz that are records maintained by DHS, copies of which are attached to this declaration:

Exhibit 1:     INTERPOL Blue Notice; and

Exhibit 2:     Form G-166C, Memorandum of Investigation.

I declare under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Dated: June 11, 2020

Rigoberto Gilbert Jr.
Deportation Officer