# SOKHA KHAN
# SHORT-FORM BAIL APPLICATION

**SUMMARY:**

Sokha Khan is a 39-year old long time resident of the United States who presents a strong application for bail. *See* Dkt. 90 (establishing a standard for bail applications); Dkt. 361 (establishing a process for bail applications). *First,* Mr. Khan's only conviction is from an arrest in 2004 for a robbery with a gang enhancement for which he was sentenced to 20 years. Mr. Khan, who had belonged to gang as teenager and young adult, renounced gang membership and completed substantial rehabilitation while in custody. He was evaluated by a psychologist with the California Department of Corrections and Rehabilitation and found to be a low risk of recidivism and was granted parole at his initial parole board hearing in February 2020.[1]

*Second,* Mr. Khan is medically vulnerable which places him at an increased risk for severe illness from COVID-19. He reports that while in prison in 2015, he was determined to be a carrier for Hepatitis B. Mr. Khan also reports a history of smoking and a history of latent TB.

*Third,* Mr. Khan has a strong release plan. He has lived in the United States virtually his entire life and has strong family ties. If released, his parole requires that he participate in transitional housing. He has already been approved at a transitional home in Stockton, California. Moreover, his Parole officer already advised him that, if he is released from immigration custody, he should go to his mother's home in San Joaquin County until his transitional housing placement is finalized.

*Finally*, Mr. Khan was born in a refugee camp in Thailand and entered the United States as a refugee when he was 2 years old. It is not clear whether Cambodia, his parents' country of nationality, will recognize him as a Cambodian Citizen; thus, his ability to be repatriated, even if ordered removed, is unknown.

Mr. Khan grew up in Stockton with his parents and six siblings. He has 2 U.S. Citizen daughters.[2]

1. **Name:** Sokha Khan

2. **Age:** 39

3. **Sex:** M

4. **Primary Language:** English

5. **If Hearing, Is An Interpreter Needed?** No

---

[1] https://www.cdcr.ca.gov/bph/2020/03/04/hearing-results-february-2020/ (CDCR number F12348)

[2] Please note that although class counsel believe that Mr. Khan meets the criteria for a strong bail application pursuant to the Court's order at Dkt. 361, this position should not be construed as class counsel's position regarding the relative strengths or weaknesses of remaining class members, for many of whom the government has produced no documents and whose applications class counsel continues to actively investigate.

**Sokha Khan**   1

6. **Detained in** Mesa Verde Detention Facility

7. **Dorm Unit: C**

8. **Date of Bond Hearing, If Any:** None

9. **Outcome of Bond Hearing, If Any:** None

10. **Length of Time in Detention:** 1 week

11. **Medical Condition(s) That Put Detainee At Risk**:

    Mr. Khan reports that while in prison in 2015, he was determined to be a carrier for Hepatitis B. The CDC recognizes that who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19.[3]

    Mr. Khan also reports a history of smoking. He reports that he smoked cigarettes for approximately 10 years. The CDC has recognized that a history of smoking may place people at increased risk of severe COVID-19 outcomes.[4]

    Finally, Mr. Khan reports that he has a history of latent TB. There have been studies that latent TB may be a risk factor for severe COVID-19 reactions.[5]

12. **Attorney Name, Phone, Address and Email:**

    None

13. **Felony or Misdemeanor Convictions, Including Date and Offense:**

    Mr. Khan's only criminal conviction is from an incident in 2004 when he was 23 years old. He was charged in San Joaquin County with robbery in the first and second degree (PC 211 and 212.5(a)) with a gang enhancement and sentenced to 20 years in prison.

    Mr. Khan reports that as a teenager and young adult he was a member of the Loc Town Crip gang and was also struggling with a gambling addiction. He said that after losing money at a casino, he was looking for a way to make quick money and participated in three robberies. Mr. Khan and three friends who were fellow gang members held up pedestrians around shopping centers in the area stealing their valuables (cash and

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html
[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#smoking
[5] https://www.researchgate.net/publication/339961252_Active_or_latent_tuberculosis_increases_susceptibility_to_COVID-19_and_disease_severity

**Sokha Khan** 2

jewelry).  Mr. Khan acted as the driver.  One of his friends had a weapon but never discharged the weapon and no one was seriously injured.

Mr. Khan accepted full responsibility for his actions.  He reports that going to prison "saved his life" due to his lifestyle at the time.  Mr. Khan reports that he has "grown up" since starting his prison sentence.  He reports that there are no words to express how remorseful he is both towards the victims of his crime and his children and family who were directly affected by his incarceration.

Mr. Khan reports that he has participated in a lot of rehabilitative and vocational training while in prison.  He has used his daughters as motivation to continue his rehabilitation and "be a better person."  His eldest daughter is now in college and Mr. Khan feels an enormous amount of pride for what she has achieved as well as sorrow for missing out on her childhood and depriving her of the father she deserved.  He recognizes his ex-wife, his daughter's mother, for her strength raising their two girls on her own due to his incarceration.

In seeking parole, Mr. Khan underwent a thorough and lengthy review process that includes an interview by one of the Parole Board's forensic clinical psychologists for purposes of producing a comprehensive risk assessment, a review of his institutional behavior and programming, with input from solicited from the District Attorney, victim and victim's family, and a review of his criminal history and the circumstances of his crime.[6]  The Parole Board, whose mission it is to "protect and preserve public safety" recommended Mr. Khan's release from custody at his first parole board hearing, with the panel of independent commissioners, recommended his release from custody.[7]  The Board's decision was then reviewed by the Governor of California who allowed the decision to stand.[8]

14. **Pending Criminal Charges and Outstanding Warrants, Including Jurisdiction and Offense:**

None

15. **Scheduled Removal Date, If Any:**

None.  Mr. Khan is a long time lawful permanent resident.  He has an initial hearing scheduled for July 14, 2020.

16. **Family:**

Mr. Khan's entire immediate family reside in California including his parents Sarun Kim (mother, a lawful permanent resident) and Khun Khan (his father, also a lawful

---

[6] *See* https://www.cdcr.ca.gov/bph/parole-suitability-hearings-overview/events-before-a-parole-suitability-hearing/
[7] *See* https://www.cdcr.ca.gov/bph/2020/03/04/hearing-results-february-2020/ (CDCR number F12348)
[8] *See* https://www.cdcr.ca.gov/bph/parole-suitability-hearings-overview/what-to-expect-after-a-parole-suitability-hearing/

permanent resident), as well as his siblings Sopheak and Sophanna Khan Khan (brothers), Chantavy, Salinna and Sopeal Khan (sisters) who all reside in Stockton and who are all U.S. Citizens.

Mr. Khan has two daughters, J., (19 years old, at Delta College) and O., (17), who are both U.S. Citizens.

Mr. Khan has been married twice. He is currently legally married but separated and have not had any communication in about 2 years. Mr. Khan is in a long-term relationship now with Sambat (Jennifer) Choub (209) 373-5516, his girlfriend who will also be a support person if he is released.

17. **Proposed Custodian and Description of Proposed Release Residence:**

Mr. Khan's is required to participate in transitional housing and had been approved prior to his release to attend Celiaway Transitional Housing, 2714 Plantation Place, Stockton CA 94209.

Mr. Khan's parole officer, Officer Flores, advised him that if he is released on bail he should go to his mother's home in San Joaquin until his transitional housing placement is finalized. Mr. Khan will also return to living in his mother's home upon completion of the

Mr. Khan's mother, Sarun Kim, his proposed sponsor, resides at ███████████████ Stockton, CA 95210, as does his sister, Sopeap Khan. Ms. Kim can be reached through her daughter, Ms. Khan, who interprets English-Cambodian, at ███████████ The family has a three-bedroom home with sufficient space for Mr. Khan to live and quarantine for fourteen days.

If released, Mr. Khan's girlfriend Sambat Choub, (███████████) would pick him up from custody and bring him directly to his mother's home, where he would remain pending final placement in transitional housing.

18. **Applicant's Ties to the Location of the Proposed Residence (such as length of time, family members, prior employment, etc.):**

Mr. Khan has lived in the United States since June 1983, when he was 2 years old. He grew up in the United States and all of his immediate family including his parents, siblings and children reside in California.

19. **Employment History:**

Prior to his arrest, Mr. Khan worked in a warehouse doing forklift operating and shipping. He also did other odd jobs such as plumbing, janitorial jobs, and grounds keeping

Sokha Khan   4

In prison, Mr. Khan completed two vocational programs, one in office services and related technology for which he completed all three levels, a another in masonry, which he completed two levels.

At the end of his prison sentence, Mr. Khan worked as an inmate firefighter and received outstanding reviews from the fire captain who reports that he has "an unrelenting work ethic and regularly exceeds the expectations of staff here" and that "it is very rare that we meet someone with integrity in our environment, but Mr. Khan has demonstrated it time and time again."

20. **Other Information Relevant to Bail Determination:**

    - Mr. Khan states that he greatly benefited from his work at the firehouse program at Folsom State Prison where he was certified as a firefighter and trained as first responder, including in CPR and other life saving techniques. Mr. Khan's supervisors in the program encouraged him to continue his work upon release and are willing to be references for him in seeking employment.

    - While in custody, Mr. Khan participated in substantial rehabilitative programming. Among the programs he completed were a group called CGA – criminal gang anonymous – which he reports that he completed twice (16 weeks of classes for each), a parenting class, anger management, and Alanon. He has certificates from many of these programs in his property with ICE, if needed.

    - Mr. Khan reports that he will continue to seek support in the community including participating in gamblers anonymous (which was not available in the institutions he was incarcerated in) and AA upon his release. He has the support of his family including his parents, siblings, and girlfriend who will assist in getting him to his transitional housing program and any other programming upon his release, as well as in complying with any ICE directives and attending his court hearings.

21. **Attached are (check all that are applicable, but that is not a substitute for answering the above questions):**

    - Letter of recommendation from fire captain
    - Parole verification document


All information in this application is accurate based on information and belief. This application was prepared using information probed by an attorney at the San Francisco Office of the Public Defender, Hayley Upshaw, who spoke with Mr. Khan and Mr. Khan's proposed custodian, and who reviewed Mr. Khan's ICE arrest report (I-213) and medical records. In preparing this application, class counsel reviewed Mr. Khan's ICE arrest report. In preparing this application, class counsel did not have access to Mr. Khan's immigration or medical records, his RAP sheet

**Sokha Khan**  5

or any documents related to criminal history other than the spreadsheet summary produced by ICE, and the I-213 for Mr. Khan, who is pro se.

Respectfully submitted,

*/s/ Jennifer Friedman*
Jennifer Friedman, Esq.

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                              Gavin Newsome GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
Fire Department, Station 39
Folsom State Prison
P.O. Box 71
Represa, CA 95671
(916) 985 2561 ext. 4395

Date: 6/19/2020

To:             Whom it may concern

From:           Fire Captain D. Juanitas

Subject: **Letter of reference for Inmate Firefighter – Sokha Khan**

My name is Duke Juanitas and I have been a professional firefighter for eighteen years. Currently, I am employed by the California Department of Corrections and Rehabilitation as a Fire Captain and have been with Folsom State Prison Fire Department for the last eleven years. My job duties include, but are not limited to the following: direct supervision and custody of the inmate firefighters, as well as training and education of fire prevention and suppression techniques, emergency medical response and technical rescue systems. I am responsible for responding to all fire and medical emergencies at three institutions and the Respresa community, as well as all surrounding roadways and wildland areas.

Mr. Khan has performed his duties professionally and honorably. He has an unrelenting work ethic and regularly exceeds the expectations of staff here. Mr. Khan has maintained a positive attitude and always follows directions. It is very rare that we meet someone with integrity in our environment, but Mr. Khan has demonstrated it time and time again. Furthermore, Mr. Khan has worked as a Fire Engineer and also assigned to our Rescue unit which is the busiest of our apparatus and responsible for patient transports. Mr. Khan has great interpersonal skills and works very well with others. He also has a very positive demeanor and well-liked by his peers and staff. He has been punctual and very efficient with his responsibilities. Mr. Khan has taken a leadership role, assisted in training newer firefighters to our program. He has serviced and filled the fire extinguishers we are responsible for on grounds which is about 3,000 and has utilized his skills with the trades and helped fix and build a variety of things to enhance our training and general life at the firehouse.

I have pushed Mr. Khan and the other firefighters to their mental and physical limitations through extensive and laborious manipulative training courses. He has answered the call on numerous emergency situations with me and works extremely well under pressure. Mr. Khan has achieved his Fire Fighter I training, First Responder Medical along with CPR and AED for Health Care Professionals, Hazmat First Responder Awareness and Operations, RT 130 and other numerous accomplishments. I commended him for his productivity and achievements while incarcerated.

I strongly recommend Mr. Sokha Khan for any employment in the professional workforce. From my time and experience with him, I have no doubt that he will surpass expectations and excel at any and all job duties. If you have any questions, please feel free to contact me at the Folsom State Prison Fire Department -916-985-2561 ext. 4395 and/or email Duke.Juanitas@cdcr.ca.gov

Thank you for your consideration,

Fire Captain D. Juanitas
Folsom State Prison Fire Department

| STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|
| **PAROLE VERIFICATION DOCUMENT** | BOARD OF PAROLE HEARINGS |
| BPH 3005 (08/15) | PAGE 1 OF 2 |

**THIS PAGE TO BE COMPLETED BY BPH**

| TO: Lifer ReEntry Unit | FROM: Michael Melancon, PA II |
|---|---|
| PHONE: (916) 255-1557/255-1082 | PHONE: (916) 322-1549 |
| E-MAIL: ParoleQualityControl@cdcr.ca.gov | E-MAIL: CDCRLiferInvestigations@cdcr.ca.gov |

| INMATE NAME (Last, First, Middle): Khan, Sokha | CDCR NUMBER: [redacted] | INSTITUTION: FOL |
|---|---|---|

The aforementioned inmate has been found suitable for parole by the Board of Parole Hearings, pending the Governor's review. The inmate presented the following parole plans. Please ensure that an on-site visit is conducted to validate these plans. The attached page 2 of 2 must be completed IN FULL by the parole agent.

**Suitability Hearing Type:** ☐ Lifer  ☐ Elderly  ☑ Youth Offender  ☐ Other: Non-Lifer

**BPH DUE DATE:** 4/8/20

**COMMITMENT OFFENSE(S):**
Robbery 2nd PC 212.5(c); Street Gang Act in Commission of Violent Felony PC 667.5(c).

| BPH HEARING DATE: 2/25/20 | CLLR: San Joaquin | ☐ PC 3041.1 CASE | ☑ PC 3041.2 CASE |
|---|---|---|---|

| ☐ Pertinent CDCR 1707(s) | ☐ ADA/DECS Issues | ☑ Hold/Detainer - Jurisdiction: ICE/Cambodia |
| ☐ Medical Concerns | ☐ Mental Health Concerns | ☐ Registration Code Section: N/A |
| ☐ High Notoriety Case | ☐ PC 3000.1 Case | ☑ Alien Registration Number: [redacted] |

**PAROLEE PROVIDED RESIDENCE OR TRANSITIONAL HOUSING PAROLE PLANS:** ☐ INITIAL  ☐ SUBSEQUENT (# IGAP)

### PAROLE PLAN #1:

| CONTACT NAME AND TITLE: TBD by DAPO in the event subject not deported. PLEASE CONFIRM 6 MONTHS PLACEMENT | TELEPHONE NUMBER: N/A |
|---|---|
| RELATIONSHIP: N/A | MOBILE PHONE NUMBER: N/A |
| ADDRESS: N/A | CITY: N/A | STATE: CA | ZIP: N/A | COUNTY: N/A |
| PROGRAM NAME (IF APPLICABLE): N/A | ☐ OUT OF COUNTY PLACEMENT |

### PAROLE PLAN #2:

| CONTACT NAME AND TITLE: Phill Hammons | TELEPHONE NUMBER: 209-242-3131 |
|---|---|
| RELATIONSHIP: Transitional Housing | MOBILE PHONE NUMBER: N/A |
| ADDRESS: 2714 Plantation Place | CITY: Stockton | STATE: CA | ZIP: 95209 | COUNTY: San Joaquin |
| PROGRAM NAME (IF APPLICABLE): Celiaway Plantation House | ☐ OUT OF COUNTY PLACEMENT |

### EMPLOYMENT PLAN:

| CONTACT NAME AND TITLE: N/A | TELEPHONE NUMBER: N/A |
|---|---|
| COMPANY NAME: N/A | MOBILE PHONE NUMBER: N/A |
| ADDRESS: N/A | CITY: N/A | STATE: CA | ZIP: N/A | COUNTY: N/A |

**COMMENTS/SPECIAL CONDITIONS/SUPPORT SYSTEM DESCRIBED IN SUITABILITY PROCEEDING:**
BPH imposed COP: 6 months transitional housing, not to possess/consume alcohol.
ICE STATUS: needs to be seen by immigration judge.
ADA concerns: NCF TABE 12.

| STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|
| PAROLE VERIFICATION DOCUMENT | BOARD OF PAROLE HEARINGS |
| BPH 3005 (08/15) | PAGE 2 OF 2 |

**THIS PAGE TO BE COMPLETED BY THE DAPO PAROLE AGENT**

**PAROLE PLANS FOR:**

| INMATE NAME: Khan, Sokha | CDCR NUMBER: [redacted] |
|---|---|

| PAROLE PLAN #1: | PAROLE PLAN #2: |
|---|---|
| ☐ VIABLE   ☑ NOT VIABLE | ☑ VIABLE   ☐ NOT VIABLE |

**REASON PAROLE PLAN(S) IS/ARE NOT VIABLE:**
Transitional housing, Celiaway Plantation House, Transportation to chemical dependency classes, co-ed.

**IF PROPOSED PAROLE PLAN #1 AND #2 ARE NOT VIABLE, THE PAROLE AGENT RECOMMENDS THE FOLLOWING VIABLE PLACEMENT:**

| CONTACT NAME AND TITLE: | TELEPHONE NUMBER: |
|---|---|
| RELATIONSHIP: | MOBILE PHONE NUMBER: |
| ADDRESS: | CITY: | STATE: CA | ZIP: | COUNTY: |
| PROGRAM NAME (IF APPLICABLE): | ☐ OUT OF COUNTY PLACEMENT |
| COMMENTS: | |

☐ VIABLE RESIDENCE PAROLE PLAN INFORMATION: REFER TO CDCR 1658 (ATTACHED)

☑ VIABLE TRANSITIONAL PROGRAM - PAROLE PLAN INFORMATION:

| Dorm (D), House (H), Apartment (A), Other (O) | D | Does program provide work? | REFERRAL |
|---|---|---|---|
| Capacity/Number of current residents: | 8 | Does program provide Work Training (T), Referrals (R)? | R |
| Duration of "Black-Out" period upon arrival: | 30 | Is there on-site staff? | YES |
| Is public transportation nearby? | YES | How long will parolee be in program? | 180 DAYS |
| Does program conduct substance abuse testing? | YES | Is placement funded? ☑ YES ☐ NO   COST: $ | WESTCARE |
| Does program conduct substance abuse classes? | YES | | |

| PROGRAM FEATURES: | COMMENTS: |
|---|---|
| Transportation to chemical dependency classes, co-ed. | Transitional housing, Celiaway Plantation House, Transportation to chemical dependency classes, co-ed. |

| DAPO PAROLE AGENT (PRINT NAME) | SIGNATURE | DATE |
|---|---|---|
| Kristie Tweedy | *Kristie Tweedy* | 04/03/2020 |
| UNIT SUPERVISOR (PRINT NAME) | UNIT SUPERVISOR SIGNATURE | DATE |
| Gilbert Clements | *G. Clements* | 04/03/2020 |
| PAROLE UNIT | | PHONE NUMBER |
| Stockton Parole Unit #1 | | 04/03/2020   209-948-7652 |

IF VIABLE, E-MAIL to: CDCRLiferInvestigations@cdcr.ca.gov    IF NOT VIABLE, E-MAIL to: ParoleQualityControl@cdcr.ca.gov

X [signature]  6/19/20
X [signature]  6-19-20



**BOARD OF PAROLE HEARINGS**
Release Memo - Release to Parole

## INMATE INFORMATION

| | | | |
|---|---|---|---|
| **NAME:** | KHAN, SOKHA | **CDC#** | ▇▇▇▇ |
| **LOCATION:** | Folsom State Prison | **DOB:** | ▇▇▇▇ |
| **SENTENCE TYPE:** | DSL | **LATEST ADMISSION DATE:** | 01/13/2006 |
| **ELIGIBITY DATES** | **MEPD:** | **EPRD:** 09/15/2020 | |
| | **YPED:** 11/10/2018 | **EPED:** 08/05/2040   **SPED:** | |

**RELEASE FROM BASE-TERM:** IMMEDIATELY

**REGISTRATION REQUIREMENTS**   Arson [ ]   Gang [X]   Narcotic [ ]   Sex [ ]

### SUMMARY

On February 25, 2020, SOKHA KHAN (F12348) was granted parole by the Board under Penal Code section 3040 et seq. SOKHA KHAN is a qualified youth offender under Penal Code section 3051.

Penal Code section 3046, subdivision (c), provides that a determinately-sentenced inmate who qualifies as a youth offender and is granted parole is eligible for release upon reaching the youth offender parole eligibility date (YPED). SOKHA KHAN'S YPED is November 10, 2018; therefore, SOKHA KHAN is immediately eligible for parole.

SOKHA KHAN HAS AN ACTIVE ICE HOLD AND MAY BE DEPORTED. If SOKHA KHAN is not deported, the Board imposes and recommends the following special conditions of parole.

### BOARD IMPOSED SPECIAL CONDITIONS OF PAROLE

The following special conditions of parole are imposed by the Board of Parole Hearings:

- Do not possess or consume alcohol.
- Participate in a transitional housing program for a minimum of six months.

06/17/2020 03:01 PM                                   Page 1 of 2



# BOARD OF PAROLE HEARINGS
## Release Memo - Release to Parole

### BOARD RECOMMENDED SPECIAL CONDITIONS OF PAROLE

The Board of Parole Hearings further recommends the following special conditions of parole:

- Submit to random testing for alcohol.
- Do not actively participate in, promote, further, or assist in any prison gang, disruptive group or criminal street gang activity, as enumerated in Penal Code section 186.22, subdivision (e)(1)-(33), nor violate any gang abatement, injunction, ordinance, or court order. He will not associate with any prison gang, disruptive group, or criminal street gang members known by him, or that he should have known to be such, without prior written approval from his parole agent, nor wear or carry on his person gang colors or any sign, symbol, or paraphernalia known by him, or that he should have known, to be associated with gang activity.
- Continue with your substance abuse relapse prevention and recovery efforts (Alcoholic Anonymous, Narcotics Anonymous, or equivalent non-religious efforts).
- Do not contact or communicate with the surviving victims, Cynthia Lo, Tam Nguyen, and Loc Nguyen, or members of the surviving victims' family.
- Do not contact or communicate with your alleged crime partner, Sopheak Khan, without prior written approval from a parole agent.
- Do not contact or communicate with your alleged crime partners: Veasna Sith and Vilawan Lam.
- Do not enter any establishment where you know or reasonably should know the sale or consumption of alcohol is the establishment's primary source of business (including bars and liquor stores).
- Promptly report to the nearest parole office.

| PREPARED BY | ISSUED BY |
|---|---|
| *signature* | *signature* |
| SUZANNA MURADYAN | VERONICA MENDOZA |
| Staff Attorney | Chief Counsel (A) |
| DATE : 06/17/2020 | DATE : 06/17/2020 |

x *signature* 6/19/20
x *signature* 6-19-20

06/17/2020 03:01 PM                    Page 2 of 2

STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION
REPORTING INSTRUCTIONS | DIVISION OF ADULT PAROLE OPERATIONS
CDCR 1649 (06/10)

| | |
|---|---|
| Releasing Institution/Facility: FOL-MSF | |
| Attention: S. Holstein, | |
| Telephone Number: | Extension: |
| Facsimile Number: | |

| | |
|---|---|
| Inmate/Parolee Name: KHAN, SOKHA | CDC #: |
| Release Date: 6/24/20 | Date of Birth: |

| The inmate/parolee is classified as the highest control or risk classification, and meets the departmental criteria for release pursuant to Penal Code Section 3060.7. | YES: ☐ |
|---|---|
| | NO: ☒ |

**CHECK ONLY ONE – RELEASE OR PICK UP:**

☒ **RELEASE** - The Inmate/Parolee is required to report as follows:

| | |
|---|---|
| Parole Unit: STOCKTON 4 | |
| Address: 612 CARLTON AVE | |
| City: STOCKTON | Zip Code: 95203 |
| Phone Number: 2096727064 | Extension: |
| Date Required to Report: 6/25/20 | Time: 10 |

**OR:**

☐ **PICK UP** - A Parole Agent will pick up the parolee from the releasing institution as follows:

| Parole Agent (Print Name): | Contact Number: |
|---|---|
| Parole Agent Signature: | Approximate Arrival Time: |

Released with Full Funds: ☒ Yes ☐ No

Release with $ _____ and send the *balance* to the Parole Unit.

Please ensure the inmate/parolee is provided with a copy of these reporting instructions prior to his or her release from your facility. If you have any questions, or if there are any changes in the release date or reporting instructions, you may contact the Parole Agent at the contact number above.

| Parole Agent (Print Name): | Date: |
|---|---|
| CHAO | 6/18/20 |
| Parole Agent Signature: *Jon Gn* | Badge Number: |
| | 7097 |

X *[signature]* 6/19/20                    *[signature]* 6-19-20