DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-6967
> Facsimile: (415) 436-6748
> wendy.garbers@usdoj.gov
> adrienne.zack@usdoj.gov
> shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-02731-VC <br><br> **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Date: August 5, 2020 <br> Time: 9:00 a.m. |

## INTRODUCTION

Federal Defendants respectfully submit this opposition to Plaintiffs' motion for temporary restraining order (TRO) (ECF No. 477) because all detainees at the Mesa Verde Detention Facility (Mesa Verde) have been offered testing for COVID-19 and Mesa Verde is in the process of reserving a dorm for isolation of detainees who test positive for COVID-19 and because Plaintiffs have not made a clear showing that a TRO is necessary or appropriate in light of these facts.

## STATEMENT OF FACTS

On July 29, 2020, two detainees at Mesa Verde tested positive for COVID-19. Declaration of Acting Deputy Field Office Director (DFOD) Moises Becerra (Becerra Decl.) ¶ 5.[1] One detainee was a newly arriving detainee who tested positive during the intake process. *Id.* The detainee was isolated from other detainees. *Id.* The other detainee had been housed in Dorm B. *Id.* After receiving a positive test, medical staff placed the detainee in medical isolation. *Id.* Mesa Verde implemented Centers for Disease Control and Prevention (CDC) and U.S. Immigration and Customs Enforcement (ICE) protocols to cohort the 33 remaining detainees in Dorm B. *Id.*

The same day, on July 29, 2020, the Chief of Staff for Enforcement and Removal Operations (ERO) San Francisco notified ERO managers within its jurisdiction that Mesa Verde will temporarily cease accepting new intakes. *Id.* ¶ 6. Mesa Verde has not accepted any new intakes since July 29. *See* Federal Defendants' daily updates to Plaintiffs and the Court. As of today, Mesa Verde's detainee population is 121, approximately 30 percent of its total capacity and 17 detainees below its population on June 9, 2020 (the date of the Court's preliminary-injunction order). Becerra Decl. ¶ 4.

On July 30, 2020, Mesa Verde medical staff offered COVID-19 testing to the 33 detainees in Dorm B, 32 of whom consented. *Id.* ¶ 6. Mesa Verde received the test results four days later, on August 3, 2020. *Id.* 27 detainees tested negative and five detainees tested positive. *Id.* The five detainees were removed from Dorm B and are currently isolated. *Id.* Dorm B remains cohorted. *Id.*

On July 31, 2020, a detainee in Dorm C was experiencing symptoms consistent with COVID-19 and was transferred to a hospital where he was tested for COVID-19, resulting in a positive test result.

---

[1] Another detainee previously tested positive during intake on July 1, 2020. *See* Joint Case Mgmt. Statement 3 (ECF No. 474).

*Id.* ¶ 7. Upon notification that day, Mesa Verde cohorted Dorm C in accordance with CDC and ICE protocols. *Id.*

On August 1, 2020, ERO Bakersfield management requested that Mesa Verde offer COVID-19 testing to all detainees in Dorm C. *Id.* ¶ 8. The GEO Warden (i.e., Facility Manager) of Mesa Verde advised ERO Bakersfield management that GEO needed to first draft a plan and for review and approval by his headquarters. *Id.* The plan contemplated offering to test all detainees in Dorm C, and thereafter combining and cohorting all detainees in Dorm B and C and to provide a dorm to cohort all COVID-19 positive detainees if there were no medical isolation units or restricted housing units available. *Id.*; *see* Declaration of Facility Administrator Nathan Allen ¶ 5 (ECF No. 482) (Mesa Verde is in the process of moving detainees from Dorm B who have tested negative into Dorm C to reserve Dorm B for isolation of detainees who test positive for COVID-19).

On August 4, 2020, the GEO Warden notified ERO Bakersfield management that GEO had implemented its plan to test all detainees in Dorm C. Becerra Decl. ¶ 9. As of August 4, Mesa Verde medical staff offered and completed testing of the 31 detainees in Dorm C. *Id.* The lab results remain pending and are expected within four to seven days. *Id.* Mesa Verde has also offered testing to all detainees in Dorms A and D.[2]

## ANALYSIS

"A restraining order is an 'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1093 (N.D. Cal. 2012) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Plaintiffs have not made a clear showing that their proposed TRO is necessary or appropriate.

Plaintiffs' proposed TRO consists of three components. ECF No. 477-5.

First, Plaintiffs request that the Court order Defendants to conduct point-of-care COVID-19 testing for all class members at Mesa Verde. All detainees at Mesa Verde already have been offered testing for COVID-19, and Plaintiffs have not made a clear showing that their proposed TRO is

---

[2] While Acting DFOD Becerra's declaration does not include this, counsel was informed this evening after Acting DFOD Becerra had signed his declaration that all detainees at Mesa Verde have now been offered testing.

necessary or appropriate in light of this.[3]

Second, Plaintiffs request that the Court order Defendants to clear a dorm at Mesa Verde and house in that dorm only class members who have tested positive for COVID-19. Mesa Verde already is in the process of doing so, and Plaintiffs have not made a clear showing that their proposed TRO is necessary or appropriate in light of this.

Third, Plaintiffs request that the Court order Defendants to maintain population levels in the remaining dorms in a manner consistent with the Court's preliminary-injunction order. The Court's preliminary-injunction order remains in effect, and Plaintiffs have not made a clear showing that their proposed TRO is necessary or appropriate in light of this. *Cf. Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011) ("[Plaintiff] cannot seek a second-order injunction, as it were. An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief.").

## CONCLUSION

Federal Defendants respectfully request that the Court deny Plaintiffs' motion for temporary restraining order.

DATED: August 4, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*s/Shiwon Choe*
SHIWON CHOE
Assistant United States Attorney

Attorneys for Federal Defendants

---

[3] To the extent that Plaintiffs are requesting that the Court order that Defendants conduct testing via the Abbott ID Now Instrument specifically, Mesa Verde does not have the capacity to conduct that many Abbott ID Now tests. Becerra Decl. ¶ 10. Mesa Verde received results from nasopharyngeal-swab tests of detainees in Dorm B in four days. *Id.* ¶ 6; *see also id.* ¶ 9 (results from nasopharyngeal-swab tests of Dorm C are expected in a similar timeframe). It is not clear that Mesa Verde can obtain and conduct Abbott ID Now tests any more quickly. *See id.* ¶ 10.