# Exhibit A

# Bree Bernwanger

**From:** Maclean, Emilou (PDR) <emilou.maclean@sfgov.org>
**Sent:** Tuesday, June 23, 2020 4:08 PM
**To:** Coleman, Susan E.; Choe, Shiwon (USACAN); Garbers, Wendy (USACAN); Zack, Adrienne (USACAN)
**Cc:** Bill Freeman; Sean Riordan; Angelica Salceda; Beier, Genna (PDR); Ugarte, Francisco (PDR); Bree Bernwanger; Cook, Timothy; Schenker, Marty; Judah Lakin; Amalia Wille
**Subject:** Re: Zepeda: response to COVID-confirmed case at Mesa Verde

Dear Susan—

Thank you for confirming that one additional class member has been tested.

The status report filed with the Court yesterday confirms the fears of Plaintiffs' counsel that ICE is not taking seriously identifying *all* of those potentially exposed (including by contact with people exposed to the infected nurse or by contact with the infected nurse prior to June 15, 2020); ensuring that all potentially exposed are promptly tested for COVID-19, isolated, and monitored for symptoms, in order to further limit the risk of transmission within the facility; taking further measures to mitigate risk, including through testing beyond those potentially exposed here; and communicating with class members about the risks of transmission. Your resistance to even sharing basic information – the identities of 12 of our clients who Defendants admit have been exposed to a confirmed positive staff member as well as answers to the other questions presented – heightens our concern.

In order to understand if Defendants are adequately protecting class members from the threat of COVID-19, we need to speak with the class members directly. This is particularly important as Defendants have previously presented inaccurate information to the Court and to class counsel regarding the procedures related to COVID-19 at Mesa Verde, including related to intake, segregation, and testing. *See* Dkt. 286-2 ¶¶ 3-8; Dkt. 324.

Time is of the essence when there is a risk of exposure in a congregate living facility, as the exponential growth we now see at San Quentin Prison makes clear. Judge Chhabria has identified the "unrebutted evidence that if and when [Covid-19 enters the facilities] it may cause a rapid and dangerous outbreak." Dkt. 357 at 6 n. 2.

It is our responsibility as class counsel to communicate with our clients who have been exposed to COVID-19 to understand the risk to them and the class and to be able to meaningfully communicate with the Court if measures are not being taken to adequately mitigate this risk. In the interest of the shared goal of protecting those in the facility from an outbreak, we expect cooperation from Defendants in providing this basic information to us without our needing to resort to judicial intervention. We thus renew our request for the information outlined in our previous correspondence.

Best,
Emi

---

**From:** "Coleman, Susan E." <SColeman@bwslaw.com>
**Date:** Tuesday, June 23, 2020 at 1:02 PM
**To:** "Maclean, Emilou (PDR)" <emilou.maclean@sfgov.org>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Angelica Salceda

<asalceda@aclunc.org>, "Beier, Genna (PDR)" <genna.beier@sfgov.org>, "Ugarte, Francisco (PDR)" <francisco.ugarte@sfgov.org>, Bree Bernwanger <bbernwanger@lccrsf.org>, "Cook, Timothy" <tcook@cooley.com>, "Schenker, Marty" <mschenker@cooley.com>, Judah Lakin <judah@lakinwille.com>, Amalia Wille <amalia@lakinwille.com>
**Subject:** RE: Zepeda: response to COVID-confirmed case at Mesa Verde

Emi – if the exposed persons have been tested (and I can now confirm that the person on suicide watch has also been tested), why do you have an obligation to communicate with them?

I also wanted to add that temperatures are not taken orally, so masks are not typically removed during medical encounters.  You mentioned that vitals might require removal of masks but they do not.

Susan

**Susan E. Coleman | Partner**
444 South Flower Street, Suite 2400 | Los Angeles, CA  90071-2953
d - 213.236.2831 | t - 213.236.0600 | f - 213.236.2700
scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Maclean, Emilou (PDR) [mailto:emilou.maclean@sfgov.org]
**Sent:** Tuesday, June 23, 2020 12:26 PM
**To:** Coleman, Susan E.; Choe, Shiwon (USACAN); Garbers, Wendy (USACAN); Zack, Adrienne (USACAN)
**Cc:** Bill Freeman; Sean Riordan; Angelica Salceda; Beier, Genna (PDR); Ugarte, Francisco (PDR); Bree Bernwanger; Cook, Timothy; Schenker, Marty; Judah Lakin; Amalia Wille
**Subject:** Re: Zepeda: response to COVID-confirmed case at Mesa Verde

[EXTERNAL]

---

Counsel,

Thank you for your quick response. However, we have an obligation to communicate with class members who may have been exposed to COVID-19 through their interaction with this Mesa Verde staff member who has been confirmed to have COVID-19, and we can only access this information through the facility. We also have an obligation to ensure that the person released is aware of his potential risk of exposure. Thus, we reiterate our request that you confirm the names of our clients who have been exposed. If you will not, we ask that you provide more specific information as to why that information may not be shared with class counsel.

Please also provide information to answer the other questions raised below:

1.  what days the COVID-confirmed medical provider worked in the two weeks before she tested positive;

2. the names of each of the detained *Zepeda* class members who had *any* contact with the COVID-confirmed medical provider in the 14 days before she tested positive;

3. whether those detained class members have been informed that they have come into contact with the COVID-confirmed medical provider;

4. whether they have been informed that they have the right to a test, whether they have been tested for COVID, and the results if any;

5. whether ICE has considered offering testing to *all* detained class members in light of the increased risk as well as the new CDC guidelines;

6. whether any class members have been cohorted, quarantined, or otherwise segregated in light of exposure, and whether the facility has the capacity to do so if there is a need;

7. whether staff outside of the medical unit have been offered testing in light of this recent development, whether they have been tested, and the results if any; and

8. whether the staff member who refused to be tested despite coming into contact with the COVID-infected nurse is going to work despite being potentially infectious.

Thank you,

Emi

---

**From:** "Coleman, Susan E." <SColeman@bwslaw.com>
**Date:** Tuesday, June 23, 2020 at 10:45 AM
**To:** "Maclean, Emilou (PDR)" <emilou.maclean@sfgov.org>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Angelica Salceda <asalceda@aclunc.org>, "Beier, Genna (PDR)" <genna.beier@sfgov.org>, "Ugarte, Francisco (PDR)" <francisco.ugarte@sfgov.org>, Bree Bernwanger <bbernwanger@lccrsf.org>, "Cook, Timothy" <tcook@cooley.com>, "Schenker, Marty" <mschenker@cooley.com>, Judah Lakin <judah@lakinwille.com>, Amalia Wille <amalia@lakinwille.com>
**Subject:** RE: Zepeda: response to COVID-confirmed case at Mesa Verde

Counsel – GEO does not want to release these names, as the spreading of this information (and the likely corollary discovery of the name of the RN) may lead to disturbances at the facility affecting safety/security. The facility continues to follow CDC recommendations including providing masks to all detainees, allowing for social distance in housing, meals and other activities, and monitoring for symptoms.

Will let you know the results once they are returned. The facility plans to test the individual on suicide once he can be spoken with by a mental health professional, assuming he cooperates, but in the meantime he is isolated from others. The person who was released is no longer an issue for the remaining detainees.

Susan

**Susan E. Coleman | Partner**
444 South Flower Street, Suite 2400 | Los Angeles, CA  90071-2953
d - 213.236.2831 | t - 213.236.0600 | f - 213.236.2700

scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Maclean, Emilou (PDR) [mailto:emilou.maclean@sfgov.org]
**Sent:** Tuesday, June 23, 2020 10:41 AM
**To:** Coleman, Susan E.; Choe, Shiwon (USACAN); Garbers, Wendy (USACAN); Zack, Adrienne (USACAN)
**Cc:** Bill Freeman; Sean Riordan; Angelica Salceda; Beier, Genna (PDR); Ugarte, Francisco (PDR); Bree Bernwanger; Cook, Timothy; Schenker, Marty; Judah Lakin; Amalia Wille
**Subject:** Re: Zepeda: response to COVID-confirmed case at Mesa Verde

[EXTERNAL]

Dear Susan,

Thank you for this information. Can you please provide asap the names of the individual class members who were tested, as well as the names of the individuals not tested because they were released and on suicide watch, and facilitate calls between these still-detained class members and class counsel today?

We also look forward to your responses to the other questions that are outstanding.

Sincerely,

Emi

**From:** "Coleman, Susan E." <SColeman@bwslaw.com>
**Date:** Tuesday, June 23, 2020 at 10:38 AM
**To:** "Maclean, Emilou (PDR)" <emilou.maclean@sfgov.org>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Angelica Salceda <asalceda@aclunc.org>, "Beier, Genna (PDR)" <genna.beier@sfgov.org>, "Ugarte, Francisco (PDR)" <francisco.ugarte@sfgov.org>, Bree Bernwanger <bbernwanger@lccrsf.org>, "Cook, Timothy" <tcook@cooley.com>, "Schenker, Marty" <mschenker@cooley.com>, Judah Lakin <judah@lakinwille.com>, Amalia Wille <amalia@lakinwille.com>
**Subject:** RE: Zepeda: response to COVID-confirmed case at Mesa Verde

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Counsel – just wanted to let you know that 10 of the 12 detainees have already been tested.  #11 was released.  #12 is on suicide watch so he's in solitary with direct observation, waiting for mental health to assist with administering the test.  No results yet.

The screening given to staff on entry is compliant with CDC recommendations.

Also, it is my understanding the RN did not seek a COVID test, it was administered in connection with her medical appointment for other reasons.

Sincerely,

Susan


**Susan E. Coleman | Partner**
444 South Flower Street, Suite 2400 | Los Angeles, CA  90071-2953
d - 213.236.2831 | t - 213.236.0600 | f - 213.236.2700
scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.


**From:** Maclean, Emilou (PDR) [mailto:emilou.maclean@sfgov.org]
**Sent:** Tuesday, June 23, 2020 9:14 AM
**To:** Choe, Shiwon (USACAN); Garbers, Wendy (USACAN); Zack, Adrienne (USACAN); Coleman, Susan E.
**Cc:** Bill Freeman; Sean Riordan; Angelica Salceda; Beier, Genna (PDR); Ugarte, Francisco (PDR); Bree Bernwanger; Cook, Timothy; Schenker, Marty; Judah Lakin; Amalia Wille
**Subject:** Zepeda: response to COVID-confirmed case at Mesa Verde

[EXTERNAL]

Dear Counsel:

Following up on your status report filed yesterday evening related to the confirmed COVID-19 case at Mesa Verde, Plaintiffs seek further information.

Defendants' status report to the Court raises serious concerns for Plaintiffs in light of what is included as well as what is lacking. It suggests that Defendants are neither taking this incident seriously nor taking appropriate action in response to it.

- Five days have passed since the confirmed case was identified at Mesa Verde and, based on your status report, there is no evidence that Defendants have tested – or offered testing to – a single one of the 12 detainees with whom she came in contact on her last day at work, let alone on any of the previous days she was working when she may also have been infected with COVID. The status report notes only that "ICE has requested that MV offer COVID-19 testing" to a limited number of class members. (Plaintiffs reject Defendants' assertion that class members face minimal risk of exposure where they came into contact with her to have their vital signs and

5

blood sugar counts taken given that close proximity is necessary for such interactions. Moreover, given that vital signs were taken, it is likely that detainees were not wearing surgical masks at all times interacting with the health care provider. The status report seems unclear on this issue, noting only that detainees who visited the medical unit "were observed" wearing surgical masks, not that *all* these class members wore surgical masks at *all* relevant times.)

- There is no evidence that even the 12 people who were in contact with the nurse on the final day that she worked have been cohorted let alone quarantined or individually segregated. Apparently none have been tested, and it seems none have even been offered testing. There is no evidence of quarantining, cohorting, testing, or offering tests for anyone who she came into contact with *prior to* her last working day. There is not even a recognition of the need to take into consideration the risks to these detained class members if they did not come into contact with the nurse on her last day at work. If any class members are infected, it appears that they remain in the general population where they are at high risk of infecting others.

- There is no evidence that ICE is offering testing to *all detained class members* despite the new CDC guidance recommending this. New CDC guidance on testing, issued on June 13, affirms that "broader testing, beyond close contacts, is recommended as a part of a strategy to control transmission of SARS-CoV-2" in "high-risk settings that have potential for rapid and widespread dissemination of SARS-CoV-2." The guidelines recognize the risk of "substantial adverse effects" in "settings that house vulnerable populations in close quarters for extended periods of time (e.g., long-term care facilities, correctional and detention facilities)." San Quentin provides further concerning evidence of the risk of exponential spread in detention settings—going from zero prisoner cases in late May to nearly 200 on Sunday to over 300 yesterday.

- It is evident that the current practice of "screening for symptoms" for employees entering the facility is insufficient as, at a minimum, it does not catch asymptomatic cases. Defendants have provided no information regarding her symptoms or what kind of screening she underwent when she entered the facility.

- It is concerning that a Mesa Verde health care worker would need to seek a test off-site rather than on-site. The fact that the health care worker requested a test with an independent health care provider suggests that at least some health care workers (and perhaps other staff) seek to be tested but are not provided that option by Defendants at work despite their work in a high-risk environment. The status report also suggests that COVID testing following this confirmed case has only been offered to the medical unit but not all employees or contractors. As medical experts and the CDC have repeatedly recognized, employees are some of the most common vectors of transmission in congregate living facilities.

To allow us to provide accurate and timely information to our clients, and allow us to meaningfully respond to this new information, it is necessary that you provide advise us by 5:00 p.m. today with the following information:

1. what days the COVID-confirmed medical provider worked in the two weeks before she tested positive;
2. the names of each of the detained *Zepeda* class members who had *any* contact with the COVID-confirmed medical provider in the 14 days before she tested positive;
3. whether those detained class members have been informed that they have come into contact with the COVID-confirmed medical provider;
4. whether they have been informed that they have the right to a test, whether they have been tested for COVID, and the results if any;
5. whether ICE has considered offering testing to *all* detained class members in light of the increased risk as well as the new CDC guidelines;
6. whether any class members have been cohorted, quarantined, or otherwise segregated in light of exposure, and whether the facility has the capacity to do so if there is a need;
7. whether staff outside of the medical unit have been offered testing in light of this recent development, whether they have been tested, and the results if any; and
8. whether the staff member who refused to be tested despite coming into contact with the COVID-infected nurse is going to work despite being potentially infectious.

We also ask that you facilitate phone calls before noon tomorrow between class counsel and each of the individual class members who came into contact with the COVID-confirmed medical provider in the two weeks before she tested positive, so that we may discuss this new development and its impact on them.

If satisfactory responses are not provided by 5:00 p.m. today, given the urgency and significance of this matter, we reserve the right to file a response with the court.


Best,
Emi