### NAVEED HAMEED
### SHORT-FORM BAIL APPLICATION

SUMMARY

Naveed Hameed is a 57-year old legal permanent resident of the United States, citizen of Canada, and national of Pakistan, who presents a strong application for bail. *See* Dkt. 90 (establishing a standard for bail applications); Dkt. 361 (establishing a process for bail applications). *First*, Mr. Hameed was convicted of non-violent offenses and has been found suitable for release by the California Board of Parole Hearings. In 1989, Mr. Hameed was convicted of PC § 67.5 (bribing a public officer) and served 20 days of community service. In 1995, Mr. Hameed was convicted of PC § 182(a)(4) and § 487 (conspiracy to commit grand theft). After pleading no contest, and fearing imprisonment, Mr. Hameed did not appear for sentencing in January 1996 and went to Canada where he obtained a Canadian passport under a different identity. In 2017, Mr. Hameed was arrested at the U.S-Canada border after applying for work authorization in the U.S. under his Canadian identity. Mr. Hameed was extradited to Orange County to serve his outstanding sentence from the 1995 conviction and placed in immigration removal proceedings. On June 19, 2020, after a thorough vetting process, the parole board determined that Mr. Hameed does not currently pose an unreasonable risk of violence or significant criminal activity to the community, and approved his release from criminal custody.

*Second*, based on Mr. Hameed's age and medical history, he is at increased risk of severe illness from COVID-19. Mr. Hameed has had type 2 diabetes for over two decades and is overweight.[1] Moreover, Mr. Hameed was recently incarcerated at the California Correctional Institution where about six people in his dorm tested positive for COVID-19.[2] Due to his exposure, Mr. Hameed was tested for COVID-19 at CCI prior to his transfer to Mesa Verde and received a negative result. However, Mr. Hameed now may have been exposed to others detainees who have tested positive for COVID-19.

*Third*, Mr. Hameed has a strong release plan. If released from custody, he will live with his wife and one of his sons at their family home in Anaheim Hills, California. While in custody, Mr. Hameed assisted his wife in running their family's home textile business and he plans to continue this work upon his release to support his family. Mr. Hameed will also rely on the ongoing support of his wife and his three adult sons who are U.S. citizens, and intends to remain in the U.S. with his family if released. Mr. Hameed regrets failing to appear for his 1996

---

[1] According to the Centers for Disease Control and Prevention, people of any age with type 2 diabetes are at increased risk of severe illness from COVID-19. *Available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html.

[2] According to California Department of Corrections and Rehabilitation, as of August 3, 2020, the California Correctional Institution has had at least 132 active staff members test positive for COVID-19, and 102 staff members have returned to work since they initially tested positive. *Available at* https://www.cdcr.ca.gov/covid19/cdcr-cchcs-covid-19-status/.

**Name**: Naveed Hameed

1

sentencing hearing and no longer has his Canadian passport. He is also committed to following his parole conditions and any additional conditions this court may require for release.[3]

1. **Name:** Naveed Hameed

2. **Age:** 57

3. **Sex:** Male

4. **Primary Language**: English

5. **If there is a hearing, is an interpreter needed?** No.

6. **Detained in:** Mesa Verde Detention Facility

7. **Dorm unit:** A

8. **Date of bond hearing, if any:** N/A

9. **Outcome of bond hearing, if any:** N/A

10. **Length of time in detention:** July 13, 2020

11. **Medical condition(s) that put detainee at risk:** Mr. Hameed has had type 2 diabetes for over 20 years and is overweight, putting him at increased risk for severe illness from COVID-19. He has tested positive for tuberculosis, but shows no symptoms. Mr. Hameed has been diagnosed with depression, for which he takes daily medication, and self-reported that he suffers from hypertension and high blood pressure. Recently, Mr. Hameed has experienced irregular heartbeats and received a blood test from staff at Mesa Verde on July 23, 2020. Mr. Hameed's blood test was positive for H pylori, a stomach bacteria that can result in infection. Mr. Hameed thinks he contracted the bacteria at Mesa Verde because he had never tested positive for this before, and did not experience stomach symptoms until arriving at Mesa Verde. He also has fungus on his feet and fingers which has worsened since arriving at Mesa Verde. When he entered state prison, Mr. Hameed had a fatty liver for which he did not receive treatment. Mr. Hameed was also a smoker when he was younger, but stopped smoking years ago.

As stated above, roughly six people tested positive for COVID-19 in Mr. Hameed's dorm at the California Correctional Institution (CCI). Due to his possible exposure, Mr. Hameed was tested for COVID-19 at CCI one week prior to his transfer to Mesa Verde. Mr. Hameed tested negative

---

[3] Please note that although class counsel believe that Mr. Hameed meets the criteria for a strong bail application pursuant to the Court's order at Dkt. 361, this position should not be construed as class counsel's position regarding the relative strengths or weaknesses of remaining class members, for many of whom the government has produced no documents and whose applications class counsel continues to actively investigate.

for COVID-19 before his transfer to Mesa Verde, but may have been exposed to multiple COVID-19 positive individuals at Mesa Verde.

**12. <u>Attorney name, phone, address and email:</u>**
Attorney for the appeal of Mr. Hameed's 1995 conviction:
James M. Crawford
528 North Glassell St.
Orange, CA 92867
714-453-4583

**13. <u>Felony or misdemeanor convictions, including date and offense:</u>**
In 1989, Mr. Hameed was convicted of PC § 67.5 (bribing a public officer) and sentenced to 30 days in jail and 3 years probation. Mr. Hameed's sentence was reduced to 20 days of community service, which he served.

In 1995, Mr. Hameed was convicted of PC § 182(a)(4) and § 487 (conspiracy to commit grand theft) (case number 94NF1210). Mr. Hameed operated a wholesale computer parts business and attempted to purchase large quantities of merchandise and sell the merchandise for cash before starting a new business. He also failed to pay employees on time. Mr. Hameed was pressured by his attorney to plead no contest to all charges. Mr. Hameed's sentencing hearing was scheduled for January 1996. Fearing imprisonment, Mr. Hameed did not appear at his sentencing hearing and went to Canada. Mr. Hameed obtained a Canadian passport under a different identity and traveled between the United States and Canada during the following years to be with his family in the United States and conduct business. On June 2, 2017, Mr. Hameed was arrested at the U.S.-Canada border after applying for work authorization in the United States and presenting a Canadian passport under a different identity. Mr. Hameed was then extradited to Orange County to serve his outstanding sentence from the 1995 conviction. Mr. Hameed has been imprisoned since December 2018 at the California Rehabilitation Center, Wasco State Prison, and, most recently, the California Correctional Institution. After being paroled from criminal custody, on July 13, 2020, Mr. Hameed was transferred to Mesa Verde.

Mr. Hameed appealed his criminal conviction from 1995 to the California Courts of Appeal (case numbers G057027 and G055994) where his case was dismissed for lack of jurisdiction in June 2020. Mr. Hameed has since filed a petition for review in the California Supreme Court.

**14. <u>Pending criminal charges and outstanding warrants, including jurisdiction and offense:</u>**
None.

**15. <u>Scheduled removal date:</u>** N/A

**16. <u>Family:</u>** Mr. Hameed is married and has three adult sons who are United States citizens. His wife, Uzma Aisha, lives at the family's home in Anaheim Hills, California with one of their sons

<u>**Name**</u>: Naveed Hameed

(age 25). Mr. Hameed's eldest son (age 27) is employed and living in California. His youngest son (age 20) is attending university in California.

17. **Proposed Custodian and Description of Proposed Release Residence:** Upon release, Mr. Hameed will be under state supervision (parole) and move home with his family at ███████ ███████████ in Anaheim Hills, California. His family has lived at this address for about four years. His wife and one son currently live at this home. Mrs. Aisha, who can be reached at ████████████, confirmed that her husband would live at the family's home upon his release. Mrs. Aisha also confirmed that their son, Shahjahan Jahania, will be able to pick up Mr. Hameed upon release from Mesa Verde.

Mrs. Aisha confirmed that the family's home is sufficient to allow him to quarantine for 14 days, maintain social distancing, and abide by any conditions the Court may impose. Mrs. Aisha and his sons will take all steps necessary to ensure that Mr. Hameed complies with conditions of release from the Court and ICE.

18. **Applicant's ties to the location of the proposed residence (such as length of time, family members, prior employment, etc.):**
Mr. Hameed's family has lived at the proposed residence for about four years. Currently, Mr. Hameed's wife and one son live at this address. Mr. Hameed's family has maintained residence in Orange County for nearly 30 years, since his marriage in 1991. Mr. Hameed and his wife also operate a business in Orange County selling home textiles.

19. **Employment history:** Prior to his incarceration, Mr. Hameed ran two companies selling home textiles for over a decade. While in prison, Mr. Hameed has worked as a porter and dining room line server. Mr. Hameed has also assisted his wife who took over the day-to-day responsibilities of running their family business after his detainment. If released from detention, Mr. Hameed plans to continue running the home textile business with his wife to support their family.

20. **Other information relevant to bail determination:**
Originally from Pakistan, Mr. Hameed came to the United States on a student visa in 1988 to attend university in Seattle, Washington. Soon after, Mr. Hameed transferred to California State University, Fullerton. He became a legal permanent resident of the United States in 1989 and nearly attained United States citizenship in 1994. Mr. Hameed took the naturalization oath at a ceremony in Los Angeles in December 1994, but never received his naturalization certificate because of his conviction in 1995. Mr. Hameed has been married to his wife for nearly 30 years and has three adult sons who are United States citizens. His family has resided primarily in Orange County since 1991. Mr. Hameed intends to remain in the United States with his family, if released. Mr. Hameed wants to support his wife and sons who have experienced emotional and financial hardship since his incarceration. Further, Mr. Hameed regrets failing to appear for his 1996 sentencing hearing and will be under parole conditions that require him to meet with a

**Name**: Naveed Hameed

4

parole officer upon his release. Mr. Hameed also no longer has his Canadian passport and is willing comply with any conditions of release that the Court may impose.

On June 19, 2020, after a thorough vetting process, the Board of Parole Hearings determined that Mr. Hameed does not pose a current unreasonable risk of violence or current unreasonable risk of significant criminal activity to the community, and approved Mr. Hameed's release from criminal custody (see attachment). The Board of Parole Hearings cited a number of mitigating factors when approving Mr. Hameed's release including: the non-violent nature of his conviction; the length of time (25 years) since his last criminal conviction; his participation in vocational, educational, and work assignments while in custody; his age (57 years old); his lack of rules violations for physical injury or the threat thereof while in custody; and his family support system. The parole board found that Mr. Hameed does not currently pose an unreasonable risk of violence or significant criminal activity to the community. The parole board set Mr. Hameed's release date for August 18, 2020, but this was rescheduled to July 13, 2020 due to COVID-19. Upon his release from the California Correctional Institution on July 13, 2020, Mr. Hameed was arrested by immigration authorities and transferred to Mesa Verde Detention Facility.

While Mr. Hameed was at CCI prison, COVID-19 cases spread among staff and inmates, including about six positive COVID-19 cases in Mr. Hameed's dorm.[4] Because of his exposure, Mr. Hameed was tested for COVID-19 at CCI one week prior to his transfer to Mesa Verde. Because Mr. Hameed's results were negative, he did not receive another test upon arriving at Mesa Verde. However, on July 29, 2020 one detainee at in Dorm B at Mesa Verde tested positive for COVID-19 (and five others from Dorm B subsequently tested positive) increasing the risk of spread to other detainees including Mr. Hameed. Mr. Hameed is housed in Dorm A, but was exposed to several detainees from Dorm B when they were transferred to Dorm A after a fight on July 29, 2020, the same day as the positive COVID-19 test.

Moreover, the number of detainees in Mr. Hameed's dorm unit A has continued to increase since his arrival at Mesa Verde on July 13, 2020. Mr. Hameed estimates that the number of detainees in his dorm has increased from about 24 to 35 detainees since his arrival at Mesa Verde resulting in less social distancing.

**21. <u>Attached are (check all that are applicable, but this is not a substitute for answering the above questions):</u>** 1. Board of Parole Hearings Nonviolent Decision Form approving Mr. Hameed's release (dated June 19, 2020)

This application was prepared by Patrick Cremin, a law student intern at the ACLU of Northern California, and reviewed by Sean Riordan, class counsel. This application was prepared using information obtained through interviews with Mr. Hameed and Uzma Aisha, and a review of Mr.

---

[4] *See 70 employees tested positive for COVID-19 at Tehachapi prison in past two weeks: CDCR*, KGET.com, *available at* https://www.kget.com/news/local-news/70-employees-tested-positive-for-covid-19-at-tehachapi-prison-in-past-two-weeks-cdcr/.

<u>**Name**</u>: Naveed Hameed

5

Hameed's I-213 and Board of Parole Hearings documentation. To date, Plaintiffs have had access to the rap sheet, or any medical records for Mr. Hameed. The information contained herein is accurate to the best of my knowledge.

Respectfully submitted,

*/s/ Sean Riordan*
Sean Riordan

**Name**: Naveed Hameed

BOARD OF PAROLE HEARINGS                                                    STATE OF CALIFORNIA

## NONVIOLENT DECISION FORM

| NONVIOLENT INFORMATION |
|---|

Inmate Name:        HAMEED, NAVEED

CDCR Number:       BI1012

Institution:            California Correctional Institution

| BPH DECISION |
|---|

| JURISDICTIONAL REVIEW |
|---|

☐  BPH does not have jurisdiction, no further review.

☒  BPH has jurisdiction.

| REVIEW ON THE MERITS |
|---|

☒  Recommendation to release approved.

☐  Recommendation to release denied.

**Decision for Hameed, Naveed, BI1012:** When considering together the findings on each of the inmate's four case factors, the inmate does not pose a current, unreasonable risk of violence or a current, unreasonable risk of significant criminal activity to the community. Release is approved.

**Statement of Reasons:**
**Case Factor #1 - Current Commitment Offense**

The circumstances of the inmate's current commitment offense(s) mitigate the inmate's current risk of violence or significant criminal activity. The inmate was sentenced to a total term of nine years and eight months on the current commitment offense(s). The commitment offense(s) is/are based upon convictions on October 29, 2018 (Original Conviction on November 30, 1995) for:

PC 487(a), Grand Theft Exceeding $400 (plea to upper term of three years) with a two-year enhancement under PC 12022.6(b) (Exceed $150,000) from an offense on May 10, 1994.

PC 487(a), Seven more Counts, Grand theft Exceeding $400 (plea to the midterm on seven counts and received one third the midterm for eight months for each count, totaling four years and eight months) for offenses on March 22 and in May of 1994.

Officers obtained a search warrant on the inmate's business and interviewed many employees. The inmate, who owned a business, had wired over two million dollars related to that business to Pakistan. The inmate failed to pay his employees timely, telling them he may need to declare bankruptcy, and he had received merchandise he ordered but had stopped payments on numerous checks to suppliers, which led to the police investigation.

After careful review and consideration of the aggravating and mitigating circumstances in all of the current crimes, there are no aggravating circumstances and the following mitigating circumstances make this a mitigating factor in the case:

1. The inmate did not personally use a deadly weapon.
2. No victims suffered physical injury or threat of physical injury.

NAME: HAMEED                                CDC#: BI1012                          INST: CCI
BPH 1048 (C) (Rev. 4/2018)                                                          1 of 4

BOARD OF PAROLE HEARINGS                                          STATE OF CALIFORNIA

Therefore, the current crimes are found to be a mitigating risk factor in the case.

## Case Factor #2 - Prior Criminal Record

The inmate's prior criminal history began in 1989 and continued until the commitment offense(s) in 1995. The inmate's prior criminal record is a factor mitigating the inmate's current risk of violence or significant criminal activity. The inmate has the following adult criminal convictions:

12/15/1989 – PC 67.5, Bribe Public Officer

The circumstances of the inmate's prior criminal record that mitigate the inmate's current risk of violence or significant criminal activity are:

1. The inmate has not been convicted of a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code in the past 15 years.
2. The inmate was free from incarceration for felony conviction for five years or more prior to his current conviction(s). His conviction in 1989 occurred over six years prior to his 1996 original conviction for his current commitment offenses.

The circumstances of the inmate's prior criminal record that aggravate the inmate's current risk of violence or significant criminal activity are:

There are no aggravating circumstances for this case factor.

Analysis: When balancing the aggravating circumstances against the mitigating circumstances, they tend to show that the circumstances of the inmate's prior criminal record mitigate the inmate's current risk of violence or significant criminal activity because the inmate has no violent strike felonies within fifteen years and does not display quick recidivism, indicating a reduced risk of violence and significant criminal activity.

## Case Factor #3 - Institutional Adjustment

The inmate was received into the California Department of Corrections and Rehabilitation on the current commitment offense(s) since December 19, 2018, a period of approximately one year and six months.

The inmate has been involved in the following activities:

Education
12/24/2019 - 01/06/2020 - Adult Basic Education II (1/2 mo)
05/10/2019 - 12/23/2019 - Adult Basic Education II (7 mo)

Work
06/06/2020 - 06/09/2020 - Dining Room Worker (3 days)
04/30/2019 - 01/06/2020 – Porter (9 mo)
03/15/2019 - 04/29/2019- Dining Room Line Server (1 ½ mo)

Vocation
03/06/2020 - Present - Voc Computer & Related Technology (3 mo)

Self-Help/Rehabilitation – none

Discipline
04/13/2020 – Possession of a Cellular Telephone

Confidential – none

The following circumstances of the inmate's institutional behavior, work history, and rehabilitative programming mitigate the inmate's current risk of violence or significant criminal activity:

1. The inmate has not been found guilty of institutional Rules Violations Reports resulting in physical injury or

NAME: HAMEED                          CDC#: BI1012                          INST: CCI

BPH 1048 (C) (Rev. 4/2018)                                                  2 of 4


CA STATE PRISON
CCI- TEHACHAPI
FAC E BRIGGS HALL

threat of physical injury since his last admission to prison approximately eighteen months ago.
2. There is no reliable information in the confidential section of the inmate's central file indicating the inmate has engaged in criminal activity since his last admission to prison.
3. The inmate has successfully participated in vocational, educational, or work assignments for a sustained period of time. The inmate was a porter for nine months, a sustained period of time. In addition, he has three months of vocational computer and related technology training. The inmate has attempted to upgrade educationally through over seven months of participation in level two adult education although he has yet to receive a high school equivalency certificate.

The following circumstances of the inmate's institutional behavior, work history, and rehabilitative programming aggravate the inmate's current risk of violence or significant criminal activity:

1. The inmate has no participation in available rehabilitative or self-help programming to address the circumstances that contributed to his criminal behavior.

Analysis: When balancing the aggravating circumstances against the mitigating circumstances, they tend to show that the inmate's institutional behavior, work history, and rehabilitative programming mitigate the inmate's current risk of violence or significant criminal activity because great weight was given to his lack of rules violations for physical injury or the threat thereof as well as his lack of confidential information for criminality during his eighteen months in prison this term. This factor, in conjunction with his pro-social efforts to upgrade educationally and vocationally and his sustained work record is deemed to outweigh his lack of rehabilitative or self-help programming to address the causative factors for his criminality.

**Case Factor #4 - Response to Legal Notice**

There were response(s) to the Legal Notices in support of release from Inmate Hameed, dated on or about May 26, 2020 and June 3, 2019; Uzma Aisha, wife of inmate, dated on or about May 18, 2020 and April 15, 2020; Saeeda Begum, mother of inmate, dated on or about May 18, 2020; Dr. Hassan Salman, physician for the inmate's mother, dated March 10, 2020 which were reviewed and considered in this decision.

**SUMMARY:** When reviewing all of the case factors as documented above, and taking into account the totality of the circumstances, including the passage of time and the inmate's age of fifty-seven, the factors mitigating the inmate's current risk of violence outweigh the factors aggravating the inmate's current risk of violence or significant criminal activity.

To prepare for this review, the author reviewed the Disability and Effective Communication System as well as the inmate's record to determine all physical and cognitive disabilities documented for this inmate. In reaching the decision articulated below, the author fully considered any mitigating impact of each documented disability on all of the factors considered.

The inmate's commitment offense is mitigating. His criminal history is also mitigated indicating a reduced risk of violence upon release. With regard to his institutional adjustment, great weight was given to his lack of rules violations for physical injury or the threat thereof for approximately eighteen months. The inmate has family support and a family-run business waiting for him upon release and he has made sustained efforts to participate in activities such as education, work, and vocational assignments that will enhance his ability to maintain gainful employment. His work, education, and vocation assignments are deemed to be pro-social and to indicate a reduced risk of violence to the community. The inmate's lack of self-help and rehabilitative programming is of concern but is deemed to be outweighed by his mitigating circumstances. The inmate, in his letter, indicates he has regularly participated in inmate faith activities within prison, and has maintained contact with his faith community in the community, indicating a strong support system exists for the inmate upon release that will reduce his risk for violence or significant criminal activity upon release.

Careful consideration of all factors indicates that the inmate currently does not pose an unreasonable risk of violence or significant criminal activity to the community. The inmate is approved for release.

**BOARD OF PAROLE HEARINGS**                                      **STATE OF CALIFORNIA**

*Miranda Neal*

June 19, 2020

**SIGNATURE**                                                    **REVIEW DATE**

**NEAL, MIRANDA - Deputy Commissioner**

If you believe this decision is not correct, you may send a written request to :

Board of Parole Hearings
Attn: Nonviolent Parole Review
P.O. Box 4036
Sacramento, CA  95812-4036

Your request must be post marked within 30 calendar days from the date you were served this decision and your request
must include a brief written statement explaining why you believe the decision is not correct. You may include additional
information to support your request.

CA STATE PRISON
CCI- TEHACHAPI
FAC E BRIGGS HALL

NAME: HAMEED                              CDC#: BI1012                         INST: CCI

BPH 1048 (C) (Rev. 4/2018)                                                    4 of 4