DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REVISED PROPOSED TEMPORARY RESTRAINING ORDER** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

Federal Defendants respectfully submit the following objections to Plaintiffs' revised proposed temporary restraining order (Proposed Order) (ECF No. 490), with the numbers below corresponding to the numbers in Plaintiffs' revised proposed.

1. Federal Defendants object to the Proposed Order's language requesting that Defendants administer a point-of-care COVID-19 test to all class members within 24 hours. First, those that have already tested positive should not be required to be retested. Second, while Federal Defendants have been working on the Court's order of the morning of August 5, 2020, at this time Defendants do not have the requisite number of point-of-care test kits on hand to complete testing within 24 hours. *See* Declaration of Acting Deputy Field Office Director Moises Becerra (Becerra Decl.) ¶ 10 (ECF No. 484-1). Moreover, Dorm C residents have been tested, and those test results are likely to be returned before an adequate number of point of care tests can be acquired. Dorm A and D residents were also tested yesterday via tests that are being or have already been sent out to the laboratory. Third, it is not clear that, even with test kits, Mesa Verde could practically administer tests to all detainees within 24 hours. Moreover, in order to accomplish testing of all detained class members, the Court would have to also require that the class members submit to testing. To date, when offered testing during the ongoing whole-facility testing, several class members have refused. It would be inappropriate to enter a Proposed Order with which Defendants may be unable to comply. *Cf. Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 781 (9th Cir. 1983) ("No matter how reprehensible the conduct is[,] it does not warrant issuance of an order which creates a duty impossible of performance, so that punishment can follow.") (internal quotation marks omitted).

Further, this evening, upon information received from the ICE Health Services Corps, Federal Defendants are recommending to GEO that saturation testing be completed weekly for six weeks, until September 15, 2020, utilizing nasopharyngeal swab tests sent to the laboratory. The testing would be offered to all MVDF detainees who did not test positive. As stated above, as of yesterday, all consenting detainees have been tested for COVID-19.

2. Federal Defendants object to the Proposed Order's language requesting that Defendants be indefinitely enjoined from accepting new detainees to Mesa Verde. This demand was not part of the relief requested in Plaintiffs' motion for TRO. Moreover, Defendants voluntarily ceased admitting new

detainees to Mesa Verde to manage the COVID situation, Becerra Decl. ¶ 2, making injunctive relief generally inappropriate and making it especially inappropriate to restrict Defendants' discretion to manage the facility in this regard. Moreover, indefinite relief is not appropriate in a temporary restraining order.

3. Defendants object to the Proposed Order's request to specifically limit the capacity of the individual dorms at a particular level. The Court's preliminary injunction order did not require such a limit, ECF No. 357, and Defendants have maintained overall population levels near the level at the time the preliminary injunction was ordered. In the current circumstances, Defendants require the flexibility to combine dorms to allow for cohorting and segregation. An order to limit the populations of the individual dorms at 35 would require the immediate release of twenty or more people. In order for the population of the cohorted dorm (Dorm C) to be decreased, the entirety of Dorm A or D would have to be released or relocated into either Dorm A or Dorm D (whose populations are 24 and 30 people, respectively), to create another cohorted dorm. This would depend on the security levels of the detainees involved.

4. As stated in Defendants' oppositions, ECF Nos. 482 and 484, Defendants have designated and arranged for Dorm B to house and segregate detainees who have tested positive for COVID-19.

DATED: August 5, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney

Attorneys for Federal Defendants