1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
3  Los Angeles, CA  90071-2953
   Tel:  213.236.0600      Fax:  213.236.2700
4
   Attorneys for Respondents-Defendants
5  THE GEO GROUP, INC. (Sued herein as
   GEO GROUP, INC.) and NATHAN ALLEN
6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 | ANGEL DE JESUS ZEPEDA RIVAS, | Case No.  3:20-cv-02731-VC
   | BRENDA RUIZ TOVAR, LAWRENCE
13 | MWAURA, LUCIANO GONZALO | **OBJECTIONS TO PLAINTIFFS'**
   | MENDOZA JERONIMO, CORAIMA | **PROPOSED TEMPORARY**
14 | YARITZA SANCHEZ NUÑEZ, | **RESTRAINING ORDER  [Doc.**
   | JAVIER ALFARO, DUNG TUAN | **#490]**
15 | DANG,
   |                                      | Judge:    Hon. Vince Chhabria
16 |            Petitioners-Plaintiffs,

17 | v.

18 | DAVID JENNINGS, Acting Director of
   | the San Francisco Field Office of U.S.
19 | Immigration and Customs Enforcement;
   | MATTHEW T. ALBENCE, Deputy
20 | Director and Senior Official Performing
   | the Duties of the Director of the U.S.
21 | Immigration and Customs Enforcement;
   | U.S. IMMIGRATION AND CUSTOMS
22 | ENFORCEMENT; GEO GROUP, INC.;
   | NATHAN ALLEN, Warden of Mesa
23 | Verde Detention Facility,

24 |            Respondents-Defendants.

25

26        Defendants THE GEO GROUP, INC. and NATHAN ALLEN object to

27 Plaintiffs' proposed order (Doc. #490), as set forth below. Defendants also join in

28 the objections filed by the Federal Defendants.  (Doc. #495.)

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OBJECTIONS TO PROPOSED ORDER

### I.     A FINDING OF DELIBERATE INDIFFERENCE IS PREMATURE

Plaintiffs' proposed order includes a finding that they have met their burden of showing  a likelihood of success on the merits that "Defendants' current practices as to COVID-19 testing and the cohorting of class members in Dorm C at the Mesa Verde Detention Facility (MVDF) violate the Due Process Clause of the Fifth Amendment because such practices exhibit deliberate indifference." (Proposed Order at 3:10-13.)  But this finding is premature and the high standard for deliberate indifference has not been met.

To show deliberate indifference under the Fourteenth Amendment based on inadequate medical care, Plaintiffs must prove:  (1) the defendants made an intentional decision regarding the conditions in which the plaintiffs were confined; (2) those conditions put the plaintiffs at substantial risk of serious harm; (3) the defendants did not take reasonable measures that were available to address that risk, even though a reasonable individual in said circumstances would have appreciated the high level of risk involved; (4) the conduct must be objectively unreasonable; and (5) due to not taking such measures, the defendants caused the plaintiffs' injuries. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

The relevant Plaintiffs are detainees that remain in custody because of their criminal histories and other conditions that make them unsuitable for release.  Mesa Verde has housed detainees in a dormitory setting for years.  When the COVID-19 pandemic broke out, and orders began to issue in the state and country for handling the disease, staff at Mesa Verde -- including the GEO custody staff supervised by Facility Administrator Allen and the medical staff employed by Wellpath -- began taking different measures to try to prevent the spread of infection, working with ICE.  For example, masks are regularly provided to detainees, and detainees are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4825-6497-2999 v1                                          - 2 -

3:20-CV-02731-VC
GEO OBJECTIONS TO PROPOSED ORDER

1   educated about the benefits of social distancing and wearing masks[1].  Detainees are

2   tested upon intake, and anyone with COVID-19 symptoms is tested, and detainees

3   with positive results are isolated.  As we learn more about COVID-19, the Centers

4   for Disease Control (CDC) continues to evolve its protocol for testing, quarantine,

5   and isolation.  So too, Mesa Verde has continued to follow CDC protocol and

6   guidelines for its detainees and staff.  Given that Mesa Verde has continued to

7   follow CDC protocol, it cannot be considered deliberately indifferent in relying on

8   the advice of medical professionals about infectious disease.

9   **II.    A 24-HOUR TIME PERIOD FOR TESTING IS INSUFFICIENT AND**

10   **ONLY DETAINEES NOT YET TESTED SHOULD BE SUBJECT**

11        Plaintiffs suggest an order for testing of all detainees at MVDF, which is

12   currently 121 detainees, within 24 hours. (Proposed Order at 3:18-20.)  This is

13   insufficient time to complete the testing and Defendants request 48 hours.

14        First, the facility does not currently possess enough testing materials to

15   conduct the testing of all detainees.  *See* Becerra Decl. (Doc. #484-1). It would be

16   inappropriate to enter a Proposed Order with which Defendants may be unable to

17   comply. *Cf. Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 781 (9th

18   Cir. 1983).

19        Second, the Abbott ID Now test uses a swab for the test, which must be

20   administered in an isolated area in order to avoid exposure.  The medical personnel

21   use universal precautions to avoid infection, and other people should not be in the

22   vicinity as the nasal swab tends to induce coughing.   Thus, each detainee will need

23   to go to the medical clinic in order to be tested, with the tests spaced out enough

24   that the detainees can socially distance.

25        Third, as all detainees in the B dorm were tested last Thursday (7/30/20), and

26   the C dorm detainees were tested on Tuesday (8/04/20).  These detainees should not

27

28

---

[1] Given the plaintiffs' continued failure to wear masks or socially distance from each other, causation is a major issue here.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4825-6497-2999 v1          - 3 -          3:20-CV-02731-VC
GEO OBJECTIONS TO PROPOSED ORDER

be immediately retested.  Instead, any testing ordered should begin with A and D dorms within an initial time period, and the detainees who have already been tested should be included only in any successive testing done.

## III.   WEEKLY TESTING IS UNDULY BURDENSOME

Plaintiffs request that the Abott ID Now test be administered "on a weekly basis" after an initial round of testing. (Proposed Order at 3:20.)   However, this is unduly burdensome and far exceeds CDC guidelines.  Further, Plaintiffs do not propose any end date to this protocol.

GEO Defendants join in the proposal of ICE to use nasal swab tests sent to the laboratory after the initial round of Abbott ID Now tests are administered.  Additionally, these are more accurate and should be used for any successive tests.

## IV.   NEW INTAKES SHOULD BE PERMITTED

Plaintiffs propose that no new detainees should be allowed at Mesa Verde. (Proposed Order at 3:21.)  Mesa Verde has voluntarily stopped taking new intakes, in order to address COVID-19 within the facility.  However, it should not be prevented from taking additional detainees into the facility at some point, with appropriate testing and protocols.

## V.   DORMITORY POPULATIONS SHOULD NOT BE CAPPED AT 35

Plaintiffs propose that the population of each dorm be capped at 35, as the preliminary injunction ordered.  (Proposed Order at 3:24.)  This is incorrect.  This Court's preliminary injunction did not make such an order.  (Doc. # 357.)

Moreover, there must be some flexibility in order to be able to segregate detainees as appropriate.  Plaintiffs' proposal would prevent Mesa Verde and/or ICE from having any discretion about how to house detainees within the facility. For example, a cap of 35 would prevent one dorm being reserved for those who test positive and another dorm dedicated to those who are exposed, as the remaining two dorms would exceed the population cap.  Currently, dorm B has been emptied in order to segregate detainees who test positive.  (*See* Docs. #482, 484.)  Up to 50

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4825-6497-2999 v1

- 4 -

3:20-CV-02731-VC
GEO OBJECTIONS TO PROPOSED ORDER

detainees can be safely housed in one dormitory with distancing of six feet (alternating lower and upper bunks), and this would be safe after negative tests are obtained from those detainees.  Even 40 detainees could not be housed in one dorm under Plaintiffs' current proposal.  Defendants therefore request that a hard cap not be placed on the population for each dorm, or if one is imposed, that it be 50.

## CONCLUSION

For the reasons stated above, GEO Defendants request that Plaintiffs' proposed order be modified as follows:

1.   Change the 24 hour deadline for testing to 48 hours;

2.   Apply the requirement for Abbot ID Now testing only to the detainees not already tested within the last week;

3.   Require weekly tests only for a 6-week saturation period, as proposed by ICE, and permit the tests after the initial round to be sent into the lab instead of Abbott ID Now tests;

4.   Allow up to 50 detainees per dormitory; and

5.   Permit new intakes, starting on August 17, 2020, providing CDC and IHSC guidelines are followed.


Dated:  August 5, 2020                     BURKE, WILLIAMS & SORENSEN, LLP


                                           By: */s/ Susan E. Coleman*
                                               Susan E. Coleman

                                           Attorneys for Defendants
                                           THE GEO GROUP, INC. and NATHAN
                                           ALLEN

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4825-6497-2999 v1                      - 5 -                    3:20-CV-02731-VC
                                                    GEO OBJECTIONS TO PROPOSED ORDER