UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, et al., <br><br> Defendants. | Case No. 20-cv-02731-VC <br><br> **ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER** |

The plaintiffs have filed an application for a further temporary restraining order in response to the Covid-19 outbreak at the Mesa Verde Detention Center. The plaintiffs have demonstrated a strong likelihood of success on the merits of their claim that the defendants have violated the due process rights of the class members through deliberate indifference to the risk of an outbreak. Indeed, the documentary evidence shows that the defendants have avoided widespread testing of staff and detainees at the facility, not for lack of tests, but for fear that positive test results would require them to implement safety measures that they apparently felt were not worth the trouble. This conduct by the defendants has put the detainees at serious risk of irreparable harm. The defendants have also jeopardized the safety of their own employees. And they have endangered the community at large.

Thankfully, many detainees have been temporarily released as a result of this litigation, allowing them to avoid harm while at the same time creating greater flexibility for ICE and GEO to mitigate the risks to the people who remain in detention. But in hindsight, perhaps the Court

should not have erred on the side of deference when issuing the original temporary restraining order and preliminary injunction. The defendants, having responded to the health crisis in such a cavalier fashion (even in the face of litigation and a string of court orders), have lost the credibility to complain that the relief requested by the plaintiffs is too rigid or burdensome. The defendants have also lost the right to be trusted that they will accomplish on their own what the plaintiffs contend requires a court order to ensure.

The defendants are now ordered to implement the following measures immediately at the Mesa Verde facility:

- Administer a Covid-19 test that returns rapid results to all detainees at the facility for each week at a minimum, beginning next week. (Testing is already in process this week.) Whether this must be "point of care" testing, as opposed to testing that requires lab analysis, depends on how quickly the defendants will be able to get lab results.
- Maintain the current practice of not admitting new class members to the facility absent further order from the Court.
- Maintain a dormitory to segregate detainees who test positive for Covid-19.
- On a daily basis, file a report on the docket with information about the status of the Mesa Verde facility and the defendants' efforts to manage Covid-19 risk. This should include, at a minimum: (i) a roster indicating the name and location within the facility of each detainee at Mesa Verde; (ii) updates on any tests offered or given to detainees, and the results of those tests; (iii) updates on tests of employees and the results of those tests; (iv) updates on what the defendants are doing to manage the crisis. The defendants may also wish to incorporate into this report the daily updates they are already providing informally to class counsel and the Court about arrivals and departures from the facility. Class counsel may request that the daily reports include additional information; any dispute about what should be included in the reports can be resolved through the discovery letter process or at a status conference.

       These reports are due at 10 a.m. on the first business day of each week, and at 5:00 p.m. on each subsequent business day. The first report is due Monday, August 10 at 10:00 a.m.[1]

- Respond promptly to all other reasonable information requests from class counsel regarding safety conditions at the facilities. The requirement to file daily reports does not preclude class counsel from seeking and obtaining additional information (or the same information more rapidly) if the situation calls for it.

The plaintiffs' request to impose a rigid cap of 35 detainees per dormitory is denied at this time. Such an order would possibly force ICE to immediately release dozens of detainees—to many of whom the Court has denied bail based on evidence of dangerousness—without conducting any safety evaluation. The plaintiffs are free to propose additional measures to minimize risk for those detainees, and they are free to renew their request for a per-dormitory cap at the preliminary injunction stage.

The defendants are ordered to show cause before this Court why a preliminary injunction should not issue requiring the defendants to meet some or all of the above requirements on an ongoing basis pending final resolution of this case. A response to the order to show cause is due August 17, 2020. A reply by the plaintiffs is due August 19, 2020. The hearing on the order to show cause will be held on August 21, 2020 at 9:00 a.m. The Court is tentatively inclined to require witness testimony at the hearing, including from the warden, to explore further the question of deliberate indifference. The parties should meet and confer to begin identifying the most appropriate witnesses.

The Court previously scheduled a further status conference for August 17. That status

---

[1] If the parties agree, the defendants can file a sealed and unsealed version of the report, with the sealed version containing actual names of detainees and employees about whom testing information is given, and the unsealed version containing something like "Detainee 1" or "Employee 1." Further, the parties should meet and confer about whether it would be preferable to maintain a web page, updated daily, with the information contemplated here. For example, see https://www.alamedacountysheriff.org/admin_covid19.php. But unless both sides agree to that, the defendants must continue to file reports on the docket.

3

conference is now moved up to Tuesday, August 11, 2020 at 2 p.m.

**IT IS SO ORDERED.**

Dated: August 6, 2020

VINCE CHHABRIA
United States District Judge