Emilou H. MacLean
(415) 553-9319
Emilou.MacLean@sfgov.org

Shiwon Choe
(415) 436-6967
Shiwon.Choe@usdoj.gov

August 10, 2020

Honorable Vince Chhabria
United States District Court
Northern District of California

> Re:   *Zepeda Rivas, et al. v. Jennings, et al.*, *Case No.* 3:20-cv-02731-VC
>        **Joint Submission in Connection with Discovery Disputes**

Dear Judge Chhabria:

Pursuant to Paragraph 22 of the Court's Standing Order for Civil Cases, Plaintiffs and Federal Defendants write concerning Plaintiffs' request for an order requiring Federal Defendants to proceed with the Fed.R.Civ.P. 30(b)(6) deposition of Defendant ICE during the week of August 10, 2020. In the alternative, Plaintiffs request an order requiring Federal Defendants to produce the current ICE Assistant Field Office Director for Mesa Verde, Janese Mull, by August 17, 2020, in addition to the 30(b)(6) deposition on August 25, 26 or 27, 2020. Federal Defendants respectfully request that the Court deny Plaintiffs' motion to compel.

**Plaintiffs' Statement**

On June 9, 2020, the Court entered its Order granting a preliminary injunction, noting "[e]videntiary gaps in the parties' presentations [that] left some unanswered questions regarding whether ICE could reasonably take additional steps to alleviate the likely due process violations in both facilities." (ECF 357 at 9.) Plaintiffs promptly served narrowly focused document requests. On July 8, Plaintiffs requested dates from Federal Defendants for the deposition of Assistant Field Office Director Alexander Pham, who (according to filed declarations) was directly responsible for ICE's oversight of Mesa Verde, and also requested dates for a Rule 30(b)(6) deposition of ICE regarding Mesa Verde, should Mr. Pham not be "sufficiently knowledgeable to address these topics." On July 16, after several additional requests, Federal Defendants identified that the 30(b)(6) representative would be Deputy Field Office Director Erik Bonnar, and that the deposition could perhaps be "the week of August 10" (identified as DFOD Bonnar's earliest availability in that email and a subsequent email on July 22).

On July 28, Plaintiffs identified to Defendants that they intended to seek additional injunctive relief on or about August 14, 2010. The following day, Plaintiffs took the deposition of AFOD Pham. Mr. Pham proved to be a remarkably recalcitrant, evasive, and forgetful witness, testifying repeatedly that he did not understand simple questions and that he did not recall any details of events that had happened less than six weeks earlier. For example:

He evaded straightforward questions, claiming (generally after an objection by counsel) that even the simplest question was too "vague" or "hypothetical" for him to answer, and frequently took several minutes to get around to an incomplete or unresponsive answer to a question. *E.g.,* Pham Dep. 54:6-58:12.[1] For example:

---

[1] Pursuant to the Court's Standing Order, ¶ 22, Plaintiffs have not attached portions of the Pham deposition transcript, but will make them available should the Court request.

Emilou H. MacLean                                                Shiwon Choe
(415) 553-9319                                                   (415) 436-6967
Emilou.maclean@sfgov.org                                Shiwon.Choe@usdoj.gov

Mr. Pham repeatedly claimed that he could not recall *any* content of discussions to which produced documents clearly tied him, and despite the fact that, in separate testimony, Facility Administrator Nathan Allen identified Mr. Pham as his point of contact regarding these issues. For example, Mr. Pham testified that he "did not recall" or "could not answer": whether there were regular management meetings, Pham Dep. 91:5-93:16; whether ICE's San Francisco Field Office ever released people from detention who were subject to mandatory detention, *id.* at 42:13-42:17; the meaning of "classification waiver" (despite being on an email chain regarding this, Exh. 11), *id.* at 140:18-141:13; anything about the "recommendation/request from AFOD Pham to test asymptomatic street arrests," referenced in an email which he was on, *id.* at 147:18-150:13; and whether ICE was involved in a proposed plan to offer testing to all detainees at Mesa Verde, and critical details regarding this plan (even while looking at directly relevant documents and emails which he was on regarding purported May and June plans), *see e.g.*, *id.* at 75:24-79:16, 81:10-83:25, 87:24-90:7, 89:6-90:11, 98:19-100:22, 112:9-115:5, 166:23-165:11, 187:5-194:6, and accompanying exhibits ("I just know that the topic was—it was a topic of conversation again, but I don't recall the timelines or specifically what happened in those conversations at their respective timelines. I don't recall any specifics with it."). Reviewing a document in which he recorded that "through an internal assessment, MV would likely not be able to accommodate more than 27 to a dorm," Mr. Pham recalled "having conversations with the Facility Administrator regarding that topic" but could remember no further details of those conversations. *Id.* at 100:24-103:9.

In a rare instance when Mr. Pham did provide substantive information, he recanted his testimony following a break, disclaiming any recollection. Early on, Mr. Pham acknowledged that "we did go through and identify detainees that could potentially be released" if a universal testing plan were implemented. *Id.* at 103:14-107:7. After the break, he could no longer recall anything other than that the topic came up in conversation. *Id.* at 116:18-122:7, 123:1-126:25.

Mr. Pham also revealed that he no longer has direct responsibility for Mesa Verde; that responsibility is now held by AFOD Janese Mull. Plaintiffs were not aware of this change in responsibility until Mr. Pham testified.

Following this deposition, Plaintiffs informed Federal Defendants that they would indeed require the testimony of Mr. Bonnar. Having just been informed that Plaintiffs intended to seek further relief before August 14, Federal Defendants now stated that he would not be available during the week of August 10, and that his earliest availability would be August 25. Federal Defendants stated that this was due to Mr. Bonnar's new posting in Las Vegas, but they had previously alerted Plaintiffs to this posting, stating that Mr. Bonnar would complete his orientation and likely be available during the week of August 10.

This record shows that for over four weeks already, Federal Defendants have repeatedly stymied and stalled Plaintiffs' efforts to learn the facts surrounding Mesa Verde. The calculated unresponsiveness of their witness Mr. Pham, combined with their refusal to produce a 30(b)(6) deponent for seven weeks following Plaintiff's initial request, has placed Plaintiffs at a severe informational disadvantage, at a time when a COVID-19 outbreak is occurring at Mesa Verde and the Court has rightly concluded that "defendants, having responded to the health crisis in such a cavalier fashion, have … lost the right to be trusted …" (ECF 500 at 2).

Emilou H. MacLean                                                      Shiwon Choe
(415) 553-9319                                                      (415) 436-6967
Emilou.maclean@sfgov.org                              Shiwon.Choe@usdoj.gov

Plaintiffs seek critical information about key policy decisions implemented by ICE at Mesa Verde in support of a possible motion for further preliminary relief. The limited documentary evidence produced thus far makes plain that ICE sought to avoid universal testing for fear of what it would find, and what it would require; and that ICE identified that modifications to the space and the population levels at Mesa Verde would be necessary to allow adequate social distancing in light of COVID-19. But neither the documentary evidence produced to date nor Mr. Pham's testimony provides the detail that Plaintiffs (and this Court) urgently require. Mr. Bonnar's testimony on these matters is urgently required.[2]

In an effort to find a compromise solution while still allowing Plaintiffs to gain a full picture of current circumstances at Mesa Verde, Plaintiffs proposed to Federal Defendants earlier today that they would be willing to wait until August 25, 26 or 27 to depose Mr. Bonnar provided Federal Defendants produced the new AFOD, Janese Mull, for deposition no later than August 17, 2020.

**Federal Defendants' Response**

Federal Defendants respond that (1) Plaintiffs have not satisfied the standard the Court set out at the August 5, 2020 case management conference for renewing their request to move up the Rule 30(b)(6) deposition and (2) their new request for a deposition of AFOD Mull, which Plaintiffs raised for the first time only this afternoon at 2:24 p.m., is inappropriate.

Deputy Field Office Director (DFOD) Erik Bonnar has been detailed to oversee field operations for ICE Enforcement and Removal Operations (ERO) Las Vegas, which covers all field legal operations in Nevada, including Reno and Las Vegas and four detention facilities in Nevada. ERO Las Vegas is operating below managerial staff levels (with vacancies in the Field Office Director position, two DFOD positions, and three AFOD positions). Given the shortage of managerial staff, ICE has been rotating managers into ERO Las Vegas, including DFOD Bonnar, who began a 120-day detail in ERO Las Vegas on July 27, 2020. DFOD Bonnar has been required to assume all managerial duties for what normally would be two DFOD positions in ERO Las Vegas, including oversight for 61 employees and all field operations. DFOD Bonnar is conducting site visits of the four Nevada detention facilities in the coming week (the week of August 10) and is preparing for, and will be participating in, a congressional visit the following week (the week of August 17), which will include an onsite visit of one of the facilities. DFOD Bonnar is available to appear for a videoconference Rule 30(b)(6) deposition the following week, on August 25, 26, or 27, 2020.

At the August 5, 2020 status conference, the Court denied Plaintiffs' request to compel DFOD Bonnar to appear before then, in recognition of DFOD Bonnar's responsibilities in ERO Las Vegas. The Court stated that Plaintiffs could renew their request, provided that Plaintiffs offered an explanation of why they needed DFOD Bonnar's testimony specifically for their forthcoming motion for further preliminary injunctive relief. Plaintiffs offer no such explanation

---

[2] Plaintiffs may move for sanctions in connection with the evasive testimony of Mr. Pham, but understand that a motion for sanctions is not the proper subject of a discovery letter.

Emilou H. MacLean                                                                    Shiwon Choe
(415) 553-9319                                                                         (415) 436-6967
Emilou.maclean@sfgov.org                                                   Shiwon.Choe@usdoj.gov

here, and their renewed motion to compel therefore should be denied.[3]

Plaintiffs' forthcoming motion for further preliminary injunctive relief necessarily must turn on the current conditions of confinement at Mesa Verde. Plaintiffs do not claim that there are relevant facts about the current conditions at Mesa Verde (1) that they need for their motion, (2) of which they are ignorant, and (3) that only DFOD Bonnar's testimony could address. Instead, Plaintiffs claim that they need DFOD Bonnar's testimony about discussions and deliberations that occurred in the past. *See* Pls. Statement, *supra*. But "the well-established purpose of [] preliminary injunctive relief … is to prevent future irreparable harm before a final judgment on the merits can be made, not to remedy past harms." *GSI Tech., Inc. v. United Memories, Inc.*, No. C 13-1081 PSG, 2013 WL 12172990, at *10 (N.D. Cal. Aug. 21, 2013). Plaintiffs claim, for example, that there had been a plan to conduct universal testing of all detainees at Mesa Verde and that, in the past, such plan was not implemented. But whether there had been such a plan that was not implemented in the past does not bear on the current conditions at Mesa Verde—where there has been universal testing offered to all detainees—nor on whether Plaintiffs are entitled to further preliminary injunctive relief in light of the current conditions. Plaintiffs have not established that their desire to probe into the past is so pressing and immediate as to warrant the Court's compelling DFOD Bonnar to set aside his other duties and responsibilities in ERO Las Vegas to appear for a deposition this week, rather than appearing two weeks later on the week of August 25.[4]

This afternoon at 2:24 p.m., Plaintiffs raised for the first time the prospect of a deposition of an entirely new witness, AFOD Janese Mull, which the parties have never previously discussed. As with DFOD Bonnar, Plaintiffs do not identify any relevant facts about the current conditions at Mesa Verde (1) that they need for their motion, (2) of which they are ignorant, and (3) that only AFOD Mull's testimony could address.[5] Additionally, scheduling a deposition of AFOD Mull within one week (Plaintiffs' proposal) is unduly burdensome, as such a deposition would divert both AFOD Mull's and counsel's efforts and resources away from Mesa Verde and

---

[3] Plaintiffs have already moved for and were granted further preliminary relief in the form of a temporary restraining order without the need for DFOD Bonnar's testimony (with a pending hearing on August 21 to convert that TRO to a preliminary injunction). They do not explain why they are unable to similarly move again for further preliminary injunctive relief.

[4] Federal Defendants disagree with Plaintiffs' characterizations, *supra*, of the discovery to date. Among other things, Federal Defendants disagree with any implication by Plaintiffs that DFOD Bonnar's schedule and availability was somehow governed by or in response to Plaintiffs' identifying on July 28 that they intended to seek additional injunctive relief on or before August 14. DFOD Bonnar began his detail to ERO Las Vegas on July 27; that date was unrelated to Plaintiffs' selecting July 28 as the date that they identified that they would seek additional injunctive relief. Federal Defendants additionally disagree with Plaintiffs' characterizations of AFOD Alexander Pham and his testimony.

[5] Among other things, AFOD Mull assumed her current position only in the latter half of June 2020. To the extent that Plaintiffs claim to need testimony about discussions and deliberations that occurred before this time, they do not tie this to AFOD Mull.

Emilou H. MacLean                                                       Shiwon Choe
(415) 553-9319                                                       (415) 436-6967
Emilou.maclean@sfgov.org                                    Shiwon.Choe@usdoj.gov

responding to the Court's temporary restraining order and order to show cause.

For the foregoing reasons, Federal Defendants respectfully request that the Court deny Plaintiffs' renewed motion to compel.

Respectfully submitted,


_/s/ Emilou H. MacLean_

_Attorneys for Petitioners/Plaintiffs._


_/s/ Shiwon Choe_

Assistant United States Attorney

_Attorneys for Federal Defendants_



The undersigned attests that concurrence in the filing of this letter has been obtained from all signatories. Executed this 10th day of August 2020, at Hillsborough, California.

_/s/ William S. Freeman_