| | |
|---|---|
| WILLIAM S. FREEMAN (SBN 82002) | MANOHAR RAJU (SBN 193771) |
| wfreeman@aclunc.org | Public Defender |
| SEAN RIORDAN (SBN 255752) | MATT GONZALEZ (SBN 153486) |
| sriordan@aclunc.org | Chief Attorney |
| ANGÉLICA SALCEDA (SBN 296152) | GENNA ELLIS BEIER (CA SBN 300505) |
| asalceda@aclunc.org | genna.beier@sfgov.org |
| AMERICAN CIVIL LIBERTIES UNION | EMILOU H. MACLEAN (CA SBN 319071) |
| FOUNDATION OF NORTHERN | emilou.maclean@sfgov.org |
| CALIFORNIA | FRANCISCO UGARTE (CA SBN 241710) |
| 39 Drumm Street | francisco.ugarte@sfgov.org |
| San Francisco, CA 94111 | OFFICE OF THE PUBLIC DEFENDER |
| Telephone: (415) 621-2493 | SAN FRANCISCO |
| Facsimile: (415) 255-8437 | 555 Seventh Street |
| | San Francisco, CA 94103 |
| *Attorneys for Petitioners-Plaintiffs* | Direct: (415) 553-9319 |
| Additional Counsel Listed on Following Page | Facsimile: (415) 553-9810 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | Case No. 3:20-CV-02731-VC<br><br>**EMERGENCY STATUS REPORT/ REQUEST FOR IMMEDIATE ENFORCEMENT OF TRO AND REQUEST FOR IMMEDIATE RELIEF** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
FRANCISCO M. UNGER* (Mass. BBO# 698807)
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*\*Admitted Pro Hac Vice*

**EMERGENCY STATUS REPORT**

Mesa Verde is in crisis. This crisis was borne from the inaction, negligence, and indifference of Defendants. And additional steps must be taken immediately to mitigate this unfolding disaster.

Defendants notified counsel this morning that 32 of the 70 detainees at Mesa Verde Detention Facility ("Mesa Verde") who were tested on August 11 tested positive for COVID-19.

This is certainly an undercount of those who are infected for two reasons:

First, these are delayed results from tests taken three days ago. Those who tested positive have been commingled in crowded dorms with those who tested negative. This is due to Defendants' refusal to use point-of-care tests that would provide timely results despite having a sufficient quantity available onsite to test all class members with them.

Second, on Tuesday, Defendants did not test 23 people who wanted to be tested. Defendants reported to the Court, Dkt. 538 at 2, that there were 29 people who had "refused" testing. Class counsel communicated with 27 of these individuals over the past 48 hours. (One was released. Class counsel is still seeking to make contact with the last class member.)

1. Three of these individuals reported that they were either sleeping or in the shower at the time the tests were offered (and yet were reported as "refusers" by Defendants). They agreed to be tested.[1]

2. Three other individuals did not know that tests had been offered a second time because of the manner in which tests were announced to the dorm as a whole.[2]

3. Seventeen others also agreed to be tested. They had been largely skeptical of ICE's request to test a second time when the test results from the first test had not been returned

---

[1] One had even affirmatively asked to be tested when he realized he missed the test, and was told that he would not be allowed to test until next week prior to intervention from class counsel.
[2] Plaintiffs have learned that when Defendants "offer" testing," a GEO staff member makes an announcement to the entire dorm regardless of what activities class members are engaged in at the time, or whether they are even awake, and make no effort to ask for individual consent or "refusal." This casual announcement is in stark contrast to the temperature check procedure that GEO appears to follow, in which a staff member individually checks with each class member in a dorm and ensures that their temperatures are taken, and/or reflects a remarkable indifference to the universal testing that is critical to class member and staff safety.

in the interim, and no information was provided to them about those tests.

4. Of the four who did not agree to be tested: one is a member of the *Franco* class who has been deemed incompetent to represent himself,[3] and suffers from severe delusions; and two have already signed documents in support of their removal and do not want to interfere with their speedy deportation. The last remains undecided and class counsel will continue to communicate with him.

5. Federal Defendants included in their status report filed with the Court yesterday, Dkt. 544, that four people refused to take the note to contact our legal team about their purported unwillingness to be tested. In fact, class counsel spoke with all four of these people. They stated that they did not receive a request to communicate with anyone; and two of the four agreed to be tested (Oscar Rafael Peres and Hermelindo Rodriguez Galicia) and should be tested today.

The current crisis at Mesa Verde is *not* a result of the refusal of class members to be tested. In fact, it appears that what Defendants are calling "refusals" result from a variety of factors, including lax procedures, a cavalier attitude on the part of the persons offering the tests, and general mistrust of ICE—which is understandable in light of the lack of accurate information and significant delays in providing results.

Given the crisis at Mesa Verde now, and Defendants' unwillingness or inability to adequately respond, immediate additional steps must be taken to protect the detainees at Mesa Verde, GEO staff, and the surrounding community. This Court should (1) reconsider bail applications for every class member with medical vulnerabilities[4] whose prior applications were either denied or deferred as the constitutional balancing test to them has now shifted given the outbreak[5]—class counsel can provide a list to the court of such individuals, along with those previously submitted applications, later in the day; (2) order that Defendants immediately conduct point of care tests for all of those who have not tested positive to allow for quick and

---

[3] *Franco-Gonzales v. Holder*, 2:10-cv-02211, Dkt. 786 (CD Cal.) (defining the class to include individuals with active psychiatric symptoms). The *Franco* case established certain rights for immigration detainees who suffer from serious mental health or cognitive issues.

[4] *See*, Dkt. 229-18 (Declaration of Dr. Sarah Allen concerning medical vulnerabilities); Dkt. 122 at 1-4 (Plaintiffs' common issues brief).

[5] The Court, of course, can impose whatever conditions it deems necessary to account for concerns over danger and or flight risk.

actionable results[6]; (3) adjudicate all pending bail applications as quickly as possible in light of the current crisis; and (4) immediately order routine and frequent testing of staff members (*see* Dkt 545, Letter Brief on Staff Testing).

If the Court deems it necessary, Plaintiffs ask for an urgent status conference today to discuss immediate forms of relief required to protect class members from severe illness or death.

Date: August 14, 2020

Respectfully by,

*/s/ Emilou H. MacLean*
Manohar Raju
Public Defender
Matt Gonzalez
Chief Attorney
Francisco Ugarte
Genna Ellis Beier
Emilou H. MacLean
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO

Bree Bernwanger
Hayden Rodarte
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA

Sean Riordan
William S. Freeman
Angélica Salceda
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP

Martin S. Schenker
Timothy W. Cook
Francisco M. Unger
COOLEY LLP

Jordan Wells
Stephanie Padilla
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

*Attorneys for Plaintiffs-Appellees*

---

[6] *See* Order on TRO, Dkt 500 (ordering testing that provides "rapid results" which Defendants have clearly failed to do). Plaintiffs seek a reconsideration of the Court's order on testing, Dkt. 540, in light of the current crisis.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2020, a true and correct copy of this Status Report was served via electronic mail on (1) Shiwon Choe, counsel for Federal Defendants and (2) Susan Coleman, counsel for GEO Defendants.

/s/ Emilou MacLean
Emilou MacLean
San Francisco Office of the Public Defender

*Attorney for Petitioners-Plaintiffs*