**RENEWED SHORT-FORM BAIL APPLICATION**
**RAJNISH RAJNISH**

**Background:**

Rajnish Rajnish submitted an initial request for bail on May 15, 2020. Dkt. 181, 194, 198, 200. That request was denied without prejudice in Bail Order 12. Dkt. 206. Mr. Rajnish respectfully resubmits his application in light of changed circumstances.

*First*, Mr. Rajnish won his immigration case and was awarded relief from removal by the Immigration Court on July 30, 2020. In the Judge's decision, the Judge granted him protection based on the high likelihood of persecution he faces in India. The grant of relief reflects that he is not a danger to the community because of the particular determination made by the Immigration Judge who evaluated the facts surrounding his conviction, including his own testimony under cross-examination and all records produced by the Government, and found them not to be particularly serious (a requirement for the finding of immigration relief that he was awarded). Despite winning his case, Mr. Rajnish was not released from custody because the government expressed an intent to file an appeal. But for this appeal, he would be released.

*Second*, the California legislature has recently recognized that Mr. Rajnish's misdemeanor is among the least serious sex offenses and does not require lifetime sex offender registration.

*Third*, Mr. Rajnish is at heightened risk of COVID-19 and has not had access to medical care, or been tested for COVID-19, despite recurring symptoms, and he has been housed in a portion of the jail with Defendants have acknowledged does not allow for social distancing. Mr. Rajnish continues to suffer from a persistent dry cough at Yuba County Jail, where he has been detained since December 30, 2019. Defendants do *not* consistently test either staff or detainees, and have not tested anyone for symptoms since the beginning of the pandemic despite numerous detainees reporting COVID-related symptoms. Mr. Rajnish was also placed in a portion of the Old Jail – the so-called "tanks" – with seven other men despite that Defendants acknowledged to this Court that they moved class members from this portion of the facility "in response to COVID-19." For these reasons and others, Mr. Rajnish's health and safety remains at risk in Yuba County Jail.

**7. Dorm Unit**:

Mr. Rajnish is currently held in Tank G at Yuba County Jail with seven other men. This is a crowded portion of the jail with beds spaced only a few feet apart horizontally and only inches apart vertically. These are part of the "Old Jail" at Yuba and are not enclosed rooms. See Dkt. 229-19 ¶¶ 34-36 (with photographs). Apparently Defendants moved people out of the tanks at the time that they filed their declaration in support of their opposition to the preliminary injunction in the instant case. See Dkt. 264-2 at 11, 37-40 ("In response to COVID-19, YCJ has moved ICE detainees such that no ICE detainees will no [sic] be housed in the so-called 'old' side of the facility, i.e., housing units G-S."). But, based on Mr. Rajnish's living situation and the living situation of others, Defendants subsequently returned class members to these dorms after the preliminary injunction order. This is concerning. Individuals were moved from these "tanks" in the "Old Jail" because of an express acknowledgment that these congregate living spaces do not allow for any social

distancing, let alone meaningful. Mr. Rajnish's housing in this portion of the facility further increases his risk of COVID infection, and the infection of others.

**11. Medical conditions that put detainee at risk**:

Mr. Rajnish suffers from Adjustment Disorder and Schizophrenia Spectrum Disorder. He continues to be designated a "Mental Health-Special Needs" patient by health care workers at Yuba.

Mr. Rajnish has also experienced a dry cough for several months. According to his most recent medical records, he reported an issue with coughing on 05/09/2020, 06/07/2020 and 07/20/2020. His most recent documented treatment for a Respiratory Condition, according to Yuba medical records, was a cough "lasting 2 to 3 minutes." Coughing continues to be one of the signs and symptoms of COVID-19 according to the Centers for Disease Control. Nonetheless, Mr. Rajnish has never been tested for COVID-19.

Since his detention at Yuba, Mr. Rajnish has been diagnosed with mental health disorders, and has been taking medication to successfully treat and manage his symptoms. To date, he remains medically compliant and reported on 07/31/2020 to his psychiatrist at Yuba, Dr. Thomas Lancaster, that his medications "help me feel normal...like the way I used to feel."

**13. Felony or misdemeanor convictions:**

Mr. Rajnish detailed his conviction in his initial bail application and provided a detailed declaration from an expert regarding his low risk of recidivism. Mr. Rajnish hereby provides newly obtained information about his misdemeanor criminal offense. The California legislature has recognized that, after January 1, 2021, Mr. Rajnish's registration as a sex offender under California Penal Code § 290 will convert from a life-time requirement to a ten-year requirement. This reflects a change in law that applies to the misdemeanor sex offenses which are considered by the California State Legislature to be the least serious. Cal. Pen. Code § 290(d).

Mr. Rajnish has only had a single misdemeanor conviction in his lifetime—a crime that the Immigration Judge at his merits hearing deemed not a "particularly serious crime" for purposes of granting him withholding of removal. In evaluating whether a conviction qualifies as "particularly serious," the agency looks at the elements of the conviction, as well as case-specific factors, including the nature of the offense, the circumstances and underlying facts for the conviction, they type of sentence imposed, and whether the circumstances indicate that the individual will be a danger to the community. *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982). Applying these factors, the Immigration Judge concluded that Mr. Rajnish's singular misdemeanor offense was not particularly serious and should not bar him from protection.

**17. Proposed Custodian**

Mr. Rajnish plans to reside in Merced, CA, after first quarantining for several weeks in Sacramento, with assistance from local nonprofit NorCal Resist. They can provide Rajnish with short-term housing in the form of an extended stay at a motel with kitchenette. NorCal Resist co-founder Autumn Gonzalez can be reached at ███████████. Rajnish's attorney is coordinating with NorCal Resist volunteers to pick up Mr. Rajnish from Yuba County Jail if he is released, have him

2

tested for COVID-19, and have him quarantine at the hotel for at least two weeks and until the results are released and it is safe for him to leave.

Mr. Rajnish's attorney will work with NorCal Resist and Mr. Rajnish's local family friends to buy him a cellphone, get him enrolled within 48 hours with the Sacramento County Probation Office, take meals to him during the quarantine and enroll him in Medi-Cal and under a doctor's care so Mr. Rajnish can continue taking his medication. Mr. Rajnish, who is 19 years old, qualifies for Medi-Cal until his 26th birthday.

After quarantine, Mr. Rajnish will be picked up by Mukesh Kumar, a family friend, and live with him long-term in Merced County at █████████████, Merced, CA 95341. Mr. Kumar speaks English, and can be reached at ████████████. Mr. Rajnish will share a house with Mr. Kumar and his four roommates, all adult males. With the help of his immigration attorney, Mr. Rajnish will apply for a work permit.

Mr. Rajnish is committed to getting counseling through the referral assistance of psychologist Dr. Sharon Howard and the medical care he needs and is committed to ensuring that he complies with all obligations of this Court and federal immigration authorities.

## 20. Other information relevant to bail determination:

### *Grant of Withholding*
Mr. Rajnish was granted Withholding of Removal by the Immigration Court on July 30, 2020. In granting his application, the Immigration Judge found that it is more likely than not that Mr. Rajnish will face persecution or torture in his home country of India with the acquiescence of the Indian government if he is removed, and the Immigration Judge granted him authorization to remain in the United States indefinitely without any additional detention or supervision from immigration.

The Government reserved appeal and indicated they intend to appeal before the August 31, 2020 deadline. The Government would not stipulate to a release during the pendency of the appeal.

If the government had not appealed, Mr. Rajnish would have been released to his community; his removal case would be over; and he would be entitled to work authorization. (While technically withholding of removal can be later rescinded if country conditions change, in practice it is almost a permanent status in the United States.) The fact that the Government intends to appeal means that Mr. Rajnish's case will be pending review by the Board of Immigration Appeals (BIA) for months before the BIA makes a determination as to whether the Immigration Judge's ruling was in error or not.

Given that Mr. Rajnish has already won his case at the trial level, he has every motivation to comply with this Court's orders and remain out of trouble while he defends that court order on appeal. Also, a grant of withholding offers him improved access to benefits, which will allow him to access better mental health treatment, which he is committed to.

## 21. Attached are (check all that are applicable, but this is not a substitute for answering the above questions):

- Order granting withholding of removal

- Letters from NorCal Resist, Mr. Mukesh Kumar and Attorney of Rajnish, discussing release plan
- Declaration of Dr. Howard

All information in this application is accurate based on information and relief. This application was prepared using information probed by Mr. Rajnish's attorney, Kishwer Vikaas. Class counsel reviewed the information herein as well as the prior related filings.

Respectfully submitted,

*s/ Genna Beier*
Genna Beier