# FEDERAL DEFENDANTS' RESPONSE TO SHORT-FORM BAIL APPLICATION

## Rajnish Rajnish

## Renewed Bail Application

Defendants respectfully refer the Court to the prior response to Mr. Rajnish's bail application, ECF No. 194-10, and provide only additional information below.

**7. Dorm Unit**

Mr. Rajnish is currently housed in Tank G at Yuba County Jail, and he was moved into this housing unit on or about August 26, 2020. This housing unit has the capacity to house 20 individuals and currently houses 7 individuals, as Mr. Rajnish acknowledges. Only ICE detainees are currently housed in this housing unit. Defendants object to Plaintiffs' characterizations of why housing changes were made at Yuba County Jail. Yuba County Jail advises that the criminal inmate population has begun to increase and housing changes were needed to accommodate this increase while still providing ICE detainees space to social distance. Contrary to Plaintiffs' statements, Defendants have not represented that social distancing could never be possible in this portion of Yuba County Jail. Indeed, this housing unit contains only 7 individuals, which allows for social distancing.

**8-9. Date and Outcome of bond hearing, if any:**

Mr. Rajnish is detained pursuant to 8 U.S.C. § 1226(a). An immigration judge denied him bond as a flight risk and/or danger on April 2, 2020. If Mr. Rajnish believes that his circumstances have changed due to the immigration judge's grant of relief, he may make a motion for another custody redetermination hearing before the immigration judge pursuant to 8 C.F.R. § 1003.19(e).

**11. Medical Condition(s) That Put Detainee At Risk:**

Mr. Rajnish's mental health conditions are not recognized factors that place an individual at risk of serious illness for COVID-19. *See* Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

As Mr. Rajnish concedes, he has been seen by medical providers at Yuba County Jail with respect to his cough and has been treated. Moreover, contrary to Plaintiffs' assertions, inmates/detainees have been tested for COVID-19 when circumstances warranted testing.

Contrary to Dr. Howard, Mr. Vikaas, and Mr. Kumar's statements in their declarations, no detainees or inmates have tested positive for COVID-19 at Yuba County Jail, including in Pod-E.

**13. Felony or misdemeanor convictions, including date and offense:**

Since Mr. Rajnish's last application, Defendants have been able to obtain the police report regarding the incident that led to Mr. Rajnish's conviction.

Mr. Rajnish was arrested on August 31, 2019, for felony lewd and lascivious acts with a child under fourteen in violation of the California Penal Code § 288(A) and felony sell/etc. harmful items to minor in violation of California Penal Code § 313.1(a). The police officers reviewed surveillance footage and talked with the victim and her brother. According to the report, Mr. Rajnish approached a ten year-old girl in the toys section of Target and kissed her on the lips for two to three seconds. He then pulled out his phone and said, "Do you like this" and showed the minor victim a pornographic video with a picture of a naked female who was having sexual intercourse with a male from behind. The minor saw this photo for five seconds and then walked quickly away to look for her mother. When the minor gave the police her victim's statement, she "appeared to be shaken" and "her eyes were red," and "she appeared as if she had been crying." Mr. Rajnish was convicted on October 28, 2019. While the state legislature may have changed the length of time Mr. Rajnish will have to register as a sex offender, he is still required to do so for another 9 years.

Finally, while Mr. Rajnish's crime was determined not be a particularly serious crime as defined in immigration law, the immigration judge denied a different form of relief on the basis that Mr. Rajnish did not warrant a favorable exercise of discretion on account of his criminal conduct.

**17. Proposed custodian, including address and phone number, and description of proposed release residence:**

Mr. Rajnish proposes to live with a family friend, Mr. Kumar, but provides no information from his perspective regarding his relationship with Mr. Kumar and whether Mr. Kumar will be able to assert any sway over Mr. Rajnish to ensure that he complies with this Court's and ICE's orders. Mr. Rajnish has no family or other ties to the United States. Moreover, Mr. Rajnish has provided no information regarding the four adult-male roommates with whom he plans to reside. When Defendants attempted to verify and vet Mr. Rajnish's proposed roommates, no information was provided, and Defendants were unable to do so.

Additionally, Mr. Rajnish has recognized mental health conditions and yet in his release plan he has proposed no concrete plan for continued treatment other than obtaining MediCal coverage and being "committed to getting counseling." Such conclusory statements are not sufficient to demonstrate that Mr. Rajnish should be released from ICE custody.

**20. Other Information Relevant to Bail Determination:**

On August 25, 2020, DHS filed a notice of appeal of the immigration judge's decision. Mr. Rajnish asserts that if DHS had not appealed the grant of relief from removal, he would have been released. This not necessarily true. Even if the grant of relief were final (which it is not due to DHS's appeal), Mr. Rajnish would have an order of removal and could be removed to any country other than that specified in his grant of relief. Pursuant to that removal order, he could remain in custody for the 90-day removal period. At this time, if Mr. Rajnish believes that he should be released from immigration detention, the proper course of action is to seek a custody redetermination hearing before the immigration judge under 8 C.F.R. § 1003.19(e).