DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-02731-VC <br><br> **DEFENDANTS' (1) OBJECTION TO PLAINTIFFS' CHARACTERIZATION OF DEFENDANTS' RESPONSE TO THE COURT'S AUGUST 21, 2020 ORDER TO CREATE A WRITTEN PLAN TO IMPROVE MEDICAL ASSISTANCE FOR COVID-POSITIVE DETAINEES AND (2) OPPOSITION TO THE EXTENT PLAINTIFFS SEEK EXPEDITED DISCOVERY** |

Defendants respectfully (1) object to Plaintiffs' characterization of Defendants' response to the Court's August 21, 2020 order and (2) oppose Plaintiffs' request for an order for Defendants to "promptly respond" to Plaintiffs' discovery requests to the extent that Plaintiffs seek discovery on an expedited basis or other than through the standard procedures set out in the Federal Rules of Civil Procedure.

## I.   Defendants' Objections to Plaintiffs' Characterization

Defendants object to Plaintiffs' characterization that "Defendants have effectively flouted this Court's order, ignored its guidance, and refused to engage with Plaintiffs or their experts." *Contra* Pls. Objs. 1 (ECF No. 658). As ordered, Defendants (1) sent a draft plan to class counsel by noon on Wednesday, August 26, 2020, (2) reviewed class counsel's written response to the draft plan and met and conferred with class counsel to discuss class counsel's response and comments, (3) considered class counsel's response and comments and made changes to the draft plan that addressed certain issues that class counsel raised,[1] and (4) filed a final draft of the plan on the docket on Monday, August 31, 2020 at 5:00 p.m. *See* Declaration of Shiwon Choe (Choe Decl.).

That Plaintiffs might be of the view that the draft is "vague," as measured against some standard that Plaintiffs leave undefined,[2] does not make their view legally controlling or establish that Defendants have failed to comply with the Court's order. Likewise, that Plaintiffs might be of the view that the practices and procedures at the Mesa Verde Detention Facility are "inadequate" or "deficient" does not

---

[1] Class counsel raised that the original draft plan did not include criteria for determining when a detainee who tested positive for COVID-19 would be deemed recovered. Choe Decl. ¶ 8. The revised draft plan includes these criteria. *Id.*; Final Draft 7 (ECF No. 645-1); *accord* CDC, *Coronavirus Disease 2019 (COVID-19) > Duration of Isolation & Precautions for Adults* (Aug. 16, 2020) (emphasis in original), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Sept. 4, 2020). Class counsel raised that the original draft plan did not include the criteria for determining when to send a detainee to the hospital. Choe Decl. ¶ 9. The revised plan includes these criteria, while also reiterating that the criteria are not all-inclusive and that a medical provider may send a detainee who does not meet these criteria to the hospital based solely on the provider's discretion. *Id.*; Final Draft 7 (ECF No. 645-1).

[2] During the meet and confer, Defendants asked Plaintiffs if they had any model that showed what level of detail that Plaintiffs maintain that the draft plan must include. Defendants invited Plaintiffs to send them any such model. Plaintiffs did not do so. Choe Decl. ¶ 6. In their objections, Plaintiffs selectively cite to a dictionary definition of "plan" as "a detailed formulation of a program of action" to try to define the level of detail they maintain is required, Pls. Objs. 11 n.9 (ECF No. 658), but ignore the earlier definitions from that same dictionary of "a method for achieving an end" and "an often customary method of doing something." Dictionary, Merriam Webster, https://www.merriam-webster.com/dictionary/plan (last visited Sept 4, 2020).

make their view legally controlling or establish that Defendants have failed to comply with the Court's order. Case law supports the Defendants' position that the practices and procedures at Mesa Verde satisfy constitutional requirements without a further medical plan. *See* Defs. Resp. (ECF No. 645) (citing case law); Fed. Defs. Br. (ECF No. 585) (citing case law); *cf.* Pls. Objs. (ECF No. 658) (citing no case law); Pls. Br. (ECF No. 591) (citing no case law). Despite this, per the Court's order, Defendants sent a further draft plan to Plaintiffs, met and conferred with Plaintiffs, and filed a final draft of the plan on the docket. That the draft might not be the plan that Plaintiffs (or the Court) might have drafted is not a basis for saying that Defendants "flouted" the Court's order. *See generally S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613–14 (2020) (Roberts, C.J., concurring) ("When [government] officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad. Where those broad limits are not exceeded, they should not be subject to second-guessing by an unelected federal judiciary, which lacks the background, competence, and expertise to assess public health and is not accountable to the people.") (citations, quotation marks, and brackets omitted); *Gonzalez v. Ahern*, No. 19-cv-07423-JSC, 2020 WL 3470089, at *8 (N.D. Cal. June 25, 2020) ("Defendants' approach may not be the plan that Plaintiffs think best; it may not even be the plan that the Court would choose," but due-process claim "does not afford litigants and courts an avenue for de novo review of the decisions of prison officials") (citation and quotation marks omitted).

## II.     Defendants' Opposition to Request For Expedited Discovery

Defendants oppose Plaintiffs' request that the Court "[o]rder Defendants to promptly respond to Plaintiffs' discovery requests," Pls. Objs. 15 (ECF No. 658), to the extent that Plaintiffs seek discovery on an expedited basis or through procedures other than the standard procedures set out in the Federal Rules of Civil Procedure.

First, "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Kayvan v. Pompeo*, No. 5:19-cv-08071-EJD, 2020 WL 553940, at *2 (N.D. Cal. Feb. 4, 2020) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)). Second, Plaintiffs have expressly disavowed that they are seeking further injunctive relief regarding medical care, Pls. Objs. 1, further undermining any basis for expedited discovery. That Plaintiffs might seek further injunctive relief at some (unspecified) point in the future is not a basis for expedited

discovery. *Facebook, Inc. v. Various, Inc.*, No. C-11-01805-SBA (DMR), 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011) (courts "usually do not [find good cause for expedited discovery] when presented with a party's mere inclination to file such a motion") (citing cases). Third, Plaintiffs have not proposed any specific discovery requests. A blanket request that a defendant respond to a plaintiff's discovery requests generally on an expedited basis (whatever the requests might be) untethered to specific, narrowly tailored requests, is improper. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1100 (N.D. Cal. 2012) (denying request for expedited discovery because "Plaintiff has not clearly shown that the discovery requested is narrowly tailored to obtain information relevant to a preliminary injunction determination" and where plaintiff did not submit its actual proposed discovery requests). Fourth, Defendants are currently working to respond to numerous expedited discovery requests that Plaintiffs have already issued so that the parties may proceed to an evidentiary hearing on whether a second preliminary injunction should issue. Ordering expedited discovery into this additional issue would only divert Defendants' resources and further delay the evidentiary hearing.

     As of today, all of the detainees at Mesa Verde who tested positive for COVID-19 have recovered under the criteria set out by the Centers for Disease Control and Prevention (CDC) and the ICE Health Services Corps. Declaration of Wendy Baca ¶¶ 2–4; *see* CDC, *Coronavirus Disease 2019 (COVID-19) > Duration of Isolation & Precautions for Adults* (Aug. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Sept. 4, 2020) (setting out criteria when isolation and precautions can be discontinued). In light of the fact that all of the detainees at Mesa Verde either have never tested positive or have met the CDC's guidance for discontinuing isolation and precautions, Plaintiffs have not shown a basis for further injunctive relief, much less "articulated any specific missing evidence essential for injunctive relief" that might justify a request for expedited discovery. *Cf. Rovio*, 907 F. Supp. 2d at 1109–10 (denying request for expedited discovery where "[p]laintiff has not clearly shown that the information it seeks is needed on an expedited basis to obtain a preliminary injunction" and "has not articulated any specific missing evidence essential for injunctive relief"). Plaintiffs may seek discovery under the standard procedures set out in the Federal Rules. But to the extent that Plaintiffs are requesting that the Court order Defendants to respond on an expedited basis to whatever future unspecified requests Plaintiffs may come up with, Plaintiffs' request is improper and

unwarranted and should be denied.

DATED: September 4, 2020                    Respectfully submitted,

                                                                        DAVID L. ANDERSON
                                                                        United States Attorney

                                                                        *s/Shiwon Choe*
                                                                        SHIWON CHOE
                                                                        Assistant United States Attorney

                                                                        Attorneys for Federal Defendants


                                                                        BURKE, WILLIAMS & SORENSEN, LLP

                                                                        *s/Susan E. Coleman**
                                                                        SUSAN E. COLEMAN

                                                                        Attorneys for GEO Defendants


* In compliance with Civil Local Rule 5-1(i)(3), the filer attests that all signatories have concurred in the filing of this document.