DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **DECLARATION OF SHIWON CHOE** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

DECLARATION OF SHIWON CHOE
No. 3:20-cv-02731-VC

I, Shiwon Choe, declare as follows:

1.  I am an Assistant United States Attorney and counsel for Federal Defendants. The facts set forth in this declaration are within my personal knowledge.

2.  On August 26, 2020, at 11:42 a.m., Defendants sent Plaintiffs a draft plan regarding medical care at the Mesa Verde Detention Facility. *See* Exhibit A.

3.  On August 27, 2020, at 12:58 p.m., Plaintiffs sent Defendants a response to Defendants' draft plan. *See* Exhibit B.

4.  On August 27, 2020, at 5:00 p.m., Civil Chief Sara Winslow and I met and conferred via telephone with Emilou MacLean, Genna Beier, and Bree Bernwanger, counsel for Plaintiffs, and Susan Coleman and Royal Oakes, counsel for GEO Defendants. During the meet and confer, we discussed Defendants' draft plan of August 26, 2020 and Plaintiffs' response thereto.

5.  Defendants asked Plaintiffs for specific suggestions for the draft plan. For example, Plaintiffs' written response states, "Plan to ensure sufficient medical supply level." Exhibit B, ¶ 19. During the meet and confer call, Defendants asked what a "sufficient medical supply level" would be. Plaintiffs did not identify what level Plaintiffs would consider "sufficient." For example, Plaintiffs' expert had opined that six oxygen tanks were "inadequate," Declaration of Dr. Sarah Allen ¶ 14 (ECF No. 591-2), but when Defendants asked how many oxygen tanks would be adequate, Plaintiffs were unable to say.

6.  Plaintiffs said that because the draft plan was (in Plaintiffs' view) not specific, Plaintiffs had difficulty in providing specific feedback to Defendants, or words to that effect. Plaintiffs said that they first wanted a more fulsome draft from Defendants, and that then they would provide further feedback, or words to that effect. Defendants asked if Plaintiffs had a model that showed what level of detail that Plaintiffs maintain that the draft plan must include. Plaintiffs did not have a model. Defendants invited Plaintiffs to send any model that Plaintiffs wanted Defendants to review. Plaintiffs did not do so.

7.  On August 31, 2020, at 5:00 p.m., Defendants filed a final draft of the plan. ECF No. 645-1.

8.  During the meet and confer process, Plaintiffs requested that the draft plan include

criteria for determining when a detainee who tested positive for COVID-19 would be deemed recovered. The final draft includes such criteria. ECF No. 645-1, at 7.

9. During the meet and confer process, Plaintiffs requested that the draft plan include criteria for determining when to send a detainee to the hospital. The final draft includes such criteria. ECF No. 645-1, at 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of September 2020.

*s/Shiwon Choe*
SHIWON CHOE