WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.orga
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (SBN 319071)
emilou.maclean@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: 415-553-9319
Fax:    415-553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731-VC<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*

*Admitted Pro Hac Vice*

# INTRODUCTION

Plaintiffs submit this Case Management Conference Statement to inform the Court of Defendants' plan to open a 1400-bed pair of "annexes" to the Mesa Verde ICE Processing Center ("Mesa Verde") over the Labor Day weekend. Plaintiffs have sought additional information about the annexes from Defendants, but their questions have until now gone unanswered and the status of the annexes remains shrouded in mystery. Plaintiffs respectfully request that the Court require Defendants to promptly respond to Plaintiffs' questions regarding the annexes so that Plaintiffs and the Court may determine whether and to what extent the annexes are relevant to this litigation.

The information sought by Plaintiffs is critical to avert another COVID-19 outbreak similar to the one that has resulted from Defendants' deliberate indifference to the health and safety of Class members – an outbreak that, given the apparent size of the planned annexes, could dwarf Mesa Verde's current public health disaster. Defendants should not be able to unilaterally declare that their self-styled "annexes" are irrelevant to this litigation, and should be required to provide the requested information expeditiously.

The following describes the publicly-available information Plaintiffs have about the annexes and Plaintiffs' outstanding requests for information from Defendants.

# BACKGROUND

On December 19, 2019, ICE and GEO entered into a new, fifteen-year contract for the operation of Mesa Verde that incorporated the Golden State Modified Community Correctional Facility (MCCF) and Central Valley MCCF as "annexes." *See GEO v. Newsom*, No. 3:19-cv-02491-JLS-WVG, Dkt. 15-3 ¶¶ 31, 35, 40 (Decl. of Amber Martin) (S.D. Cal. Jan. 7, 2020). Each of the annexes has capacity for 700 detainees. *Id.* ¶¶ 33, 38. Each is a former state prison owned by GEO in McFarland, California, about 30 minutes by car from Mesa Verde. *See id.*

Defendants appear to have been under time pressure when the new Mesa Verde contract was signed. In October 2019, Governor Newsom signed into law Assembly Bill 32 (AB 32), an

amendment to the California Penal Code that would prohibit the operation of private detention facilities not subject to a valid, ongoing contract as of January 1, 2020. *See* Cal. P.C. §§ 9500 *et seq*, 9505(a). At the time AB 32 passed, the contract between ICE and GEO for the operation of Mesa Verde was slated to terminate on March 18, 2020. *See GEO v. Newsom*, No. 3:19-cv-02491-JLS-WVG, Dkt. 15-3 ¶¶ 30-31 (Decl. of Amber Martin) (S.D. Cal. Jan. 7, 2020); *see also id.* Dkt. 15-1 (PI Motion) at 37-38 (explaining that new Mesa Verde contract was permissible because it went into effect before January 1, 2020). GEO has since challenged AB 32's constitutionality and alternatively sought court approval that its new contract with Mesa Verde incorporating the annexes is valid under the law's terms. *See id.*, Dkt. 15-1 at 37-38.

In court filings in its challenge to AB 32 and other litigation involving the new Mesa Verde contract, GEO has consistently stated that the two McFarland facilities (Central Valley and Golden State) "are operated as annexes to the Mesa Verde facility." *GEO v. Newsom*, No. 3:19-cv-02491-JLS-WVG, Dkt. 15-1 (PI Motion) (S.D. Cal. Jan. 7, 2020); *see, e.g., GEO v. Newsom*, No. 2:20-cv-00533-TLN-AC, Dkt. 1 ¶ 36 (Complaint) (E.D. Cal. Mar. 9, 2020) ("The Central Valley and Golden State facilities will serve as annexes to the Mesa Verde ICE Processing Center…"); *id.* at Dkt. 23-3 (Dec. of Richard Long) ¶¶ 3-4 (E.D. Cal. Mar. 16, 2020) ("As part of the same Mesa Verde contract, GEO operates the Central Valley Modified Community Correctional Facility (MCCF) and Golden State MCCF as annexes to the Mesa Verde ICE Processing Center…"); *Immigrant Legal Res. Ctr. v. City of McFarland*, No. 1:20-cv-00966-TLN-AC, Dkt. 25 (Supp. Dec. of David Venturella) ¶ 4 (E.D. Cal. Aug. 10, 2020) ("On December 30, 2019, having signed its new contract … to convert the Central Valley and Golden State facilities into annexes to the Mesa Verde ICE Processing Center…").

To Plaintiffs' knowledge, neither ICE nor GEO has explained what it means for a detention space to be an "annex" to Mesa Verde, which Plaintiffs contend may have a bearing on whether the annexes are already subject to this litigation. Meanwhile, GEO has expressed its intent—and ICE's—to immediately populate at least the Golden State annex over Labor Day

weekend with 560 detainees transferred from other ICE facilities. *See Immigrant Legal Res. Ctr. v. City of McFarland*, Nos. 20-16557, 20-16580, Dkt. 7-1 at 1 (9th Cir. Aug. 21, 2020) ("ICE has concluded that, beginning on September 6, 2020, it must transfer up to 560 detainees to one of the facilities ..."); [1] *GEO v. Newsom*, No. 2:20-cv-00533, Dkt. 1 ¶ 67 ("ICE issued a contract modification activating GEO's Golden State Annex to the Mesa Verde contract to house up to 560 detainees, beginning September 6, 2020."). This plan would bring the Golden State annex to the concerning level of 80% of its capacity. Plaintiffs have asked Defendants whether they have followed through with this plan, but as yet Defendants have not responded. In other litigation, GEO has asserted that it needs to immediately populate these annexes to protect detainees from the threat of COVID. *See Immigrant Legal Res. Ctr. v. City of McFarland*, Nos. 20-16557, 20-16580, Dkt. 7-1 at 1 (9th Cir. Aug. 21, 2020). However, in response to Plaintiffs' request, Defendants have largely refused to provide any information about COVID-related plans for either annex.

## **PLAINTIFFS' REQUESTS FOR INFORMATION**

Defendants have not affirmatively provided any information to Plaintiffs or the Court about these facilities in the context of this litigation. After learning that Defendants appeared to intend to populate the annexes over the Labor Day weekend, Plaintiffs emailed a list of questions to Defendants on Friday, September 4. *See* Bernwanger Dec. Exh. A (email dated 9/4/2020 12:47 PM). In response, Defendants informed Plaintiffs that the annexes would not receive transfers from the Bakersfield Mesa Verde facility or the Yuba County Jail and that further information would be posted to ICE's website within 30 days of the McFarland annexes' opening. *Id.* (email dated 9/4/2020 3:58 PM). Defendants also informed Plaintiffs that "[a] testing plan will be implemented immediately and will follow the plan established for the Mesa Verde Detention

---

[1] In *Immigrant Legal Res. Ctr. v. City of McFarland*, which involves a claim that the City of McFarland violated state law the permitting process for the annexes, the Ninth Circuit stayed a preliminary injunction which would have prevented the immediate opening of these facilities; briefing is ongoing. *See* No. 20-16557, Dkt. 19 (9th Cir. Sept. 1, 2020) (granting stay pending appeal).

Facility." *Id.* It is not clear whether Defendants are referring to the testing guidance encouraged by the CDC and IHSC, the intake testing established by Defendants prior to this Court's recent TRO, or the testing requirements recently ordered by this Court.

Plaintiffs and Defendants further met and conferred by phone on Friday, September 4. *See* Bernwanger Dec. ¶ 3. Defendants requested that Plaintiffs set forth their specific questions in writing, along with a justification for why Plaintiffs' questions are relevant to this litigation. *Id.* Plaintiffs promptly did so. *Id.* Exh. A (email dated 9/4/2020 10:09 PM). On Monday, September 7, Plaintiffs also proposed that Defendants provide information, including the relationship between the annexes and Mesa Verde, as part of a joint case management conference statement. *Id.* Exh. B (email dated 9/7/2020 at 4:56 PM). Federal Defendants declined, stating that although they "do not yet have a definitive position" on Plaintiffs' specific questions, their position, along with GEO's, is that "the McFarland facilities are not relevant to this case." *Id*. (email dated 9/7/2020 5:42 PM). Defendant GEO also stated their position that the orders in this case do not apply to the annexes. *Id.* (email dated 9/7/2020 5:06 PM). GEO did not submit any further response on whether they would submit a joint case management statement. *Id.*

Plaintiffs recognize that Defendants have had limited time to respond to their requests for information over the holiday weekend. However, GEO's court filings make clear that Defendants' Labor Day Weekend plans have been in place for weeks. Further, Defendants appear to have intentionally decided to operate these facilities as annexes to Mesa Verde, but have never alerted either Plaintiffs or the Court regarding these plans.

Plaintiffs respectfully request that the Court require Defendants to promptly respond to Plaintiffs' questions regarding the annexes so that Plaintiffs and the Court may determine whether and to what extent the annexes are relevant to this litigation. For the Court's convenience, the questions posed by Plaintiffs that remain unanswered are as follows.

\* \* \*

1. What is the relationship between an "annex" and Mesa Verde?

2. Which ICE field office will oversee over the annexes?

3. Are the ICE and GEO leadership (i.e., warden, AFODs) overseeing the annexes the same as in Mesa Verde?

4. When did the annexes previously hold "overflow" from Mesa Verde?

5. What was the relationship between the annexes and Mesa Verde when the annexes received overflow from Mesa Verde?

6. Are the annexes expected to receive overflow from Mesa Verde going forward?

7. How many people are expected to be detained at the annexes beginning this weekend, and at which of the two facilities?

8. Will the annexes exclusively detain people in ICE custody?

9. Based on Defendants' assertions in other litigation that these facilities are annexes to Mesa Verde, and the inclusion of these annexes in the Mesa Verde contract, Plaintiffs are concerned that the existing orders should apply in these facilities. For example, we understand from an email sent by ICE regarding *Lyon v. ICE* that "[e]ssentially, as an annex to Mesa Verde, the same telephone access options will be available at Golden State as Mesa Verde." Can you please confirm Defendants' position on whether Judge Chhabria's orders in *Zepeda Rivas* similarly apply to the annexes?

10. Do Defendants intend to introduce people to either of these annexes over the next week, and if so how many, when, and from where?

11. Do Defendants have plans to further increase population at either of these two annexes?

12. Please provide any plans related to COVID preparedness (including with regard to social distancing, hygiene and sanitation, and medical care) for these facilities if they exist.[2]

Dated: September 8, 2020                    Respectfully submitted,

                                            /s/ Bree Bernwanger

---

[2] In response to this question, Defendants stated that a testing plan would be implemented but did respond regarding any other measures for COVID preparedness.

|  |  |
|---|---|
|  | Bree Bernwanger<br>Hayden Rodarte<br>LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS OF<br>SAN FRANCISCO BAY AREA |
|  | Manohar Raju<br>Public Defender<br>Matt Gonzalez<br>Chief Attorney<br>Francisco Ugarte<br>Genna Ellis Beier<br>Emilou H. MacLean<br>OFFICE OF THE PUBLIC DEFENDER<br>SAN FRANCISCO |
| Judah Lakin<br>Amalia Wille<br>LAKIN & WILLE LLP | William S. Freeman<br>Sean Riordan<br>Angélica Salceda<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA |
| Jordan Wells<br>Stephanie Padilla<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF SOUTHERN<br>CALIFORNIA | Martin S. Schenker<br>Timothy W. Cook<br>Francisco M. Unger<br>COOLEY LLP |

*Attorneys for Petitioners-Plaintiffs*