WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.orga
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: 415-553-9319
Fax:    415-553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731-VC<br><br>**DECLARATION OF BREE BERNWANGER IN SUPPORT OF PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*

*Admitted *Pro Hac Vice*

CASE NO. 3:20-CV-02731-VC
BERNWANGER DEC. I/S/O PLAINTIFFS' CASE MANAGEMENT CONFERENCE
STATEMENT

I, Bree Bernwanger declare:

1. I am a member of the bars of the States of California and New York. I am one of the attorneys representing Plaintiffs in this action. The following facts are set forth based on personal knowledge.

2. On September 4, 2020, following public reports that Defendants intended to open two 700-bed "annexes" to Mesa Verde over the Labor Day weekend, Emilou MacLean emailed Defendants with a list of initial questions about the annexes. Defendants promptly provided a partial response to Plaintiffs' questions, stating that there was "no plan" to transfer Mesa Verde or Yuba detainees into the annexes, that information about ICE detention facilities is published to the ICE website "within 30 days of being operational," and that at the annexes "[a] testing plan will be implemented immediately and will follow the plan established for the Mesa Verde Detention Facility."

3. Plaintiffs and Defendants met and conferred by phone to discuss the annexes that evening, during which Plaintiffs asked Defendants several additional questions about the relationship between the annexes and Mesa Verde and COVID-19 precautions at the annexes. Defendants requested that Plaintiffs submit their questions in writing, along with Plaintiffs' justification for why the questions were relevant to the *Zepeda Rivas* litigation, so that they could confer with their clients. Late on the evening of September 4, I emailed a list of further questions to Defendants and stated Plaintiffs' concern that Defendants had not notified Plaintiffs or the Court of their intention to swiftly populate large detention spaces apparently under the jurisdiction of the Mesa Verde contract. I requested that Defendants respond to Plaintiffs' questions by Tuesday morning. A true and correct copy of the email chain described in this and the preceding paragraph is attached hereto as **Exhibit A.**

4. On the afternoon of Monday, September 7, in light of the additional time afforded by the slight postponement of the Case Management Conference, I emailed Defendants, again expressing concern that Defendants had not provided any information about the annexes to the Court and inviting Defendants to join Plaintiffs in a joint case management explaining the relationship between the annexes and Mesa Verde, among other things. Defendants declined, stating that the annexes are not relevant to this case. A true and correct copy of the email chain described in this paragraph is attached as hereto as **Exhibit B.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2020 in Berkeley, California.

*/s/ Bree Bernwanger*
Bree Bernwanger

# EXHIBIT A

**Bree Bernwanger**

| | |
|---|---|
| **From:** | Bree Bernwanger |
| **Sent:** | Friday, September 4, 2020 10:09 PM |
| **To:** | 'Winslow, Sara (USACAN)'; Emilou MacLean; Coleman, Susan E.; Hong, Neal (USACAN) |
| **Cc:** | Stephanie Padilla |
| **Subject:** | RE: [Zepeda] issues for meet and confer |

Dear Counsel:

As we discussed on the meet and confer call today, we write to provide questions in writing related to Central Valley Modified Community Correctional Facility and Golden State Modified Community Correctional Facility, which we understand to be annexes to Mesa Verde, and at least one of which we understand will begin detaining people in ICE custody this weekend.

You also asked us to explain why we believe these questions are relevant to the *Zepeda Rivas* litigation.

We understand from GEO court filings that the Central Valley and Golden State detention spaces "will serve as annexes to the Mesa Verde ICE Processing Center." *GEO v. Newsom*, No. 2:20-cv-00533-TLN-AC, Dkt. 1 ¶ 36 (Complaint) (E.D. Cal. Mar. 9, 2020); *see also GEO v. Newsom*, No. 3:19-cv-02491-JLS-WVG, Dkt. 1 ¶ 71 (S.D. Cal. Dec. 30, 2019) (describing both Central Valley and Golden State as "an annex to the Mesa Verde facility").

We also understand that the new detention spaces are part of the Mesa Verde contract between ICE and GEO. *See GEO v. Newson*, No. 2:20-cv-00533-TLN-AC Dkt. 23-3 (Dec. of Richard Long) ¶¶ 3-4 (E.D. Cal. Mar. 16, 2020) ("As part of the same Mesa Verde contract, GEO operates the Central Valley Modified Community Correctional Facility (MCCF) and Golden State MCCF as annexes to the Mesa Verde ICE Processing Center…"); *see also ILRC v. City of McFarland*, No. 1:20-cv-00966-TLN-AC, Dkt. 25 (Supp. Dec. of David Venturella) ¶ 4 (E.D. Cal. Aug. 10, 2020) ("On December 30, 2019, having signed its new contract … to convert the Central Valley and Golden State facilities into annexes to the Mesa Verde ICE Processing Center…").

Finally, we understand that the Golden State annex may begin detaining people in ICE custody this weekend. *GEO v. Newsom*, No. 2:20-cv-00533, Dkt. 1 ¶ 67 ("ICE issued a contract modification activating GEO's Golden State Annex to the Mesa Verde contract to house up to 560 detainees, beginning September 6, 2020.")

We continue to seek answers to the questions that we presented earlier today concerning Defendants' COVID-related plans for the annexes, if any exist. This includes clarification of what testing plan or protocol exists for the annexes. However, as an initial matter, because Mesa Verde is a subject of this litigation and these detention spaces are described as annexes to Mesa Verde that are covered by the Mesa Verde contract, we believe the below questions—which in large part seek a better understanding of the relationship between the annexes and Mesa Verde—are germane to this matter.

1. What is the relationship between an "annex" and Mesa Verde?
2. Which ICE field office will oversee over the annexes?
3. Are the ICE and GEO leadership (i.e., warden, AFODs) overseeing the annexes the same as in Mesa Verde?

4.  When did the annexes previously hold "overflow" from Mesa Verde?

5.  What was the relationship between the annexes and Mesa Verde when the annexes received overflow from Mesa Verde?

6.  Are the annexes expected to receive overflow from Mesa Verde going forward?

7.  How many people are expected to be detained at the annexes beginning this weekend, and at which of the two facilities?

8.  Will the annexes exclusively detain people in ICE custody?

10. Based on Defendants' assertions in other litigation that these facilities are annexes to Mesa Verde, and the inclusion of these annexes in the Mesa Verde contract, Plaintiffs are concerned that the existing orders should apply in these facilities. For example, we understand from an email sent by ICE regarding *Lyon v. ICE* that "[e]ssentially, as an annex to Mesa Verde, the same telephone access options will be available at Golden State as Mesa Verde." Can you please confirm Defendants' position on whether Judge Chhabria's orders in *Zepeda Rivas* similarly apply to the annexes?

Plaintiffs are very concerned about Defendants' apparent plans to dramatically expand the number of detainees governed by the Mesa Verde contract at a time when there has been an extraordinary and preventable COVID outbreak at Mesa Verde and Defendants have not established effective plans to either prevent COVID transmission or protect those infected. We are also concerned that Defendants have not previously raised the issue of the annexes either with Plaintiffs or with the Court. We look forward to receiving clarification regarding these issues as soon as possible, and as we mentioned on the call, would appreciate hearing as much as possible by Tuesday morning given that at least one facility appears to be opening over the weekend.

Best,
Bree



**Bree Bernwanger** (she/her)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.209
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Winslow, Sara (USACAN) [mailto:Sara.Winslow@usdoj.gov]
**Sent:** Friday, September 4, 2020 3:58 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Hong, Neal (USACAN) <Neal.Hong@usdoj.gov>
**Cc:** Bree Bernwanger <bbernwanger@lccrsf.org>; Stephanie Padilla <SPadilla@aclusocal.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Emi,

Please see the Federal Defendants' responses to question 1 below, in blue.

Best,
Sara

---

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Friday, September 04, 2020 12:47 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>; Hong, Neal (USACAN) <nhong@usa.doj.gov>
**Cc:** Bree Bernwanger <bbernwanger@lccrsf.org>; Stephanie Padilla <SPadilla@aclusocal.org>
**Subject:** Re: [Zepeda] issues for meet and confer

Dear Counsel:

We look forward to follow up regarding outstanding issues and think a call would be useful today at 5pm.

In addition to the outstanding questions, Plaintiffs seek two types of additional information:

1) It has been widely reported that Federal Defendants and GEO will be introducing "up to 560 detainees" to one of two facilities in McFarland, California as soon as this weekend, as "annexes to Mesa Verde," and that the facilities will detain up to 1400 people.

    a. Please confirm whether Defendants do intend to introduce people to either of these annexes over the next week, and if so how many, when, and from where.
        - There is no plan to transfer detainees from Mesa Verde or YCJ to this new facility. All of ICE's detention facilities are published on its public-facing website – www.ice.gov – and will be posted within 30 days of being operational.
    b. Please provide information about Defendants' plans to further increase population at either of these two annexes.
        - See response to item a.
    c. Please provide any plans related to COVID preparedness (including with regard to social distancing, hygiene and sanitation, and medical care) for these facilities if they exist.
        - A testing plan will be implemented immediately and will follow the plan established for the Mesa Verde Detention Facility.
    d. Please provide information about the plans for testing of staff and detainees at these facilities.
        - see response to item c.

2) Please provide by Thursday, September 10 the medical records for the individuals who have had COVID at Mesa Verde, from July 14 to the date of collection of the records. We seek this information to better understand medical care at Mesa Verde for those with COVID and deemed recovered.

Additionally, class member Sokha Khan, who was released pursuant to Bail Order 34, received a message through his ankle monitor that he should check in with the ICE office immediately, however, the ICE office is apparently closed and he is unable to reach anyone at ISAP. If he is supposed to check in, please advise where he is supposed to check in and the purpose of the check-in.

We look forward to speaking later today and will send call-in information closer to the call.

Best,
Emi

**From:** "Winslow, Sara (USACAN)" <Sara.Winslow@usdoj.gov>
**Date:** Thursday, September 3, 2020 at 5:17 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Hong, Neal (USACAN)" <Neal.Hong@usdoj.gov>, "Coleman, Susan E." <SColeman@bwslaw.com>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Emi,

Thank you for clarifying. We'll be back in touch with further responses. Meanwhile, regarding the individuals no longer on the list, all were released for removal:

| | | | | | |
|---|---|---|---|---|---|
| ▓ | CORRALES OLEA | PAULO | 06/17/2020 | Released for removal | Reported in daily on 6/17 |
| ▓ | OROZCO-RIVERA | JUAN | 08/07/2020 | Released for removal. | Reported in daily on 8/7 |
| ▓ | ROSAS-CANCHOLA | ARTEMIO | 08/13/2020 | Released for removal. | ECF No. 544 |
| ▓ | GUIZAR | SALVADOR | 07/09/2020 | Released for removal | Reported in daily on 7/9 |
| ▓ | GOMEZ-NICOLAS | JOSE | 08/13/2020 | Released for removal. | ECF No. 544 |
| ▓ | MONDRAGON VELASQUEZ | ANTONIO | 08/07/2020 | Released for removal. | Reported in daily on 8/7 |
| ▓ | GASPAR-MACHADO | AARON | 06/17/2020 | Released for removal | Reported in daily on 6/17 |
| ▓ | FLORES | ESTEBAN | 05/20/2020 | Released for Removal | Reported in daily on 5/20 |
| ▓ | GUERRA-RENTERIA | JOSE | 06/23/2020 | Released for removal | Not previously re (our mistake) |

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Thursday, September 03, 2020 3:29 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>; Garbers, Wendy (USACAN) <wgarbers@usa.doj.gov>; Hong, Neal (USACAN) <nhong@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>; Zack, Adrienne (USACAN) <AZack1@usa.doj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>; Sean Riordan <SRiordan@aclunc.org>; Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** Re: [Zepeda] issues for meet and confer

Hi Sara,

Thanks for the clarifying question. The question is twofold: 1) who pays for the tests and also 2) who procures them. I imagine that at Yuba County, the person who would administer the test (and determine whether someone is symptomatic in the current testing regime) is facility / county personnel but please correct me if that understanding is incorrect. I apologize if that was not clear yesterday.

Best,
Emi

---

**From:** "Winslow, Sara (USACAN)" <Sara.Winslow@usdoj.gov>
**Date:** Thursday, September 3, 2020 at 3:25 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Hong, Neal (USACAN)" <Neal.Hong@usdoj.gov>, "Coleman, Susan E." <SColeman@bwslaw.com>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Hi Emi,

We are gathering responsive information.  With regard to item #4 below, I want to make sure we understand your question.  I had understood it a little differently yesterday.  Yesterday, I thought the question was whether ICE or Yuba County was responsible for providing COVID tests to ICE detainees at Yuba County Jail.  Do I understand correctly that the question is who pays for the tests, both at Mesa Verde and at Yuba County Jail?

Best,
Sara

---

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Thursday, September 03, 2020 1:09 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>; Garbers, Wendy (USACAN) <wgarbers@usa.doj.gov>; Hong, Neal (USACAN) <nhong@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Bill Freeman <wfreeman@aclunc.org>; Sean Riordan <SRiordan@aclunc.org>; Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** [Zepeda] issues for meet and confer

Dear Counsel,

We do not think that there is a need for a call today. For our shared information, and to keep on top of the various email and conversation threads, I understand we are awaiting further feedback on various issues: 1) the Yuba testing proposal, with feedback from Yuba County; 2) discovery timeline pursuant to the earlier email with Tim; 3) the Greifinger Mesa Verde site visit; and 4) who pays for laboratory tests (at Yuba and Mesa Verde), per the email yesterday and our meet and confer yesterday evening.

And only two additional items for today, which I believe can be resolved over email:

1) After reviewing the most recent in-custody rosters for Yuba and Mesa Verde, we've found several class members who have dropped off the list, but for whom we don't appear to have received release notifications. Can you please confirm that the following individuals have been released, and provide the release date and reason? Please notify us if we missed an email inadvertently about these individuals.

   - PAULO CORRALES OLEA,

- JUAN OROZCO-RIVERA, ███
- ARTEMIO ROSAS-CANCHOLA, ███
- SALVADOR GUIZAR, ███
- GOMEZ-NICOLAS, ███
- ANTONIO MONDRAGON VELASQUEZ, ███
- Aaron Gaspar-Machado, ███
- ESTEBAN FLORES, ███
- JOSE GUERRA, ███

2) Please provide guidance on release criteria for individuals who have tested positive. We are under the impression that the COVID-19 ERO Checklist issued on 5/4/20 is binding on removal transfers as well as inter-facility transfers and releases.
    a. Does this remain current and binding?
    b. Was this checklist/set of criteria considered in the case of Mr. Zamora who was transferred for removal, and how was it applied?

Thank you, and please don't hesitate to let us know if you think a call would be worthwhile. Please also note that while the encryption issue in our office is being resolved, I have established a new email, which I am using here. I can still receive emails at either email address you have for me, and there is no need to use any duplicate emails.

Best,

Emi

# EXHIBIT B

# Bree Bernwanger

| | |
|---|---|
| **From:** | Winslow, Sara (USACAN) <Sara.Winslow@usdoj.gov> |
| **Sent:** | Monday, September 7, 2020 5:42 PM |
| **To:** | Coleman, Susan E.; Bree Bernwanger; Emilou MacLean; Hong, Neal (USACAN) |
| **Cc:** | Stephanie Padilla; Garbers, Wendy (USACAN); Choe, Shiwon (USACAN); Zack, Adrienne (USACAN) |
| **Subject:** | RE: [Zepeda] issues for meet and confer |

Bree,

On this holiday, the Federal Defendants do not yet have a definitive position as to whether any of the questions in your email from Friday night at 10:09 p.m. are appropriate to be responded to in this litigation. However, we agree with GEO's general position that the McFarland facilities are not relevant to this case. As we have represented to you previously, ICE does not plan to transfer detainees from the facilities at issue in this case to McFarland.

I will respond separately to your question about Mr. Zamora by sending you his medical release document. That email will be encrypted due to the PII in the document.

Best,
Sara

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Monday, September 07, 2020 5:06 PM
**To:** Bree Bernwanger <bbernwanger@lccrsf.org>; Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Emilou MacLean <emimacleansfpd@gmail.com>; Hong, Neal (USACAN) <nhong@usa.doj.gov>
**Cc:** Stephanie Padilla <SPadilla@aclusocal.org>; Garbers, Wendy (USACAN) <wgarbers@usa.doj.gov>; Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>; Zack, Adrienne (USACAN) <AZack1@usa.doj.gov>
**Subject:** RE: [Zepeda] issues for meet and confer

Counsel – I will pass this up the chain (as to GEO) but I believe this is both premature and unwarranted.

The McFarland facilities are labeled "annexes" <u>only</u> because they are in the same contract between ICE and GEO. They are not annexes in any other sense. They do not have the same GEO leadership as MV. I may have misspoken earlier about previous overflow between the facilities (and if transfers between them occurred, it was not during COVID). I know of no plan to send people from MV to McFarland or vice versa, such a transfer decision would be made by ICE and not GEO.

The orders in this case should not apply to McFarland – those facilities are in the Eastern District. There is no reason to notify the court about happenings in facilities in the ED which are outside the scope of this case.

Susan

**Susan E. Coleman | Partner**
444 South Flower Street, Suite 2400 | Los Angeles, CA  90071-2953
d - 213.236.2831 | t - 213.236.0600 | f - 213.236.2700

scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Bree Bernwanger [mailto:bbernwanger@lccrsf.org]
**Sent:** Monday, September 7, 2020 4:56 PM
**To:** 'Winslow, Sara (USACAN)'; Emilou MacLean; Coleman, Susan E.; Hong, Neal (USACAN)
**Cc:** Stephanie Padilla; Garbers, Wendy (USACAN); Choe, Shiwon (USACAN); Zack, Adrienne (USACAN)
**Subject:** RE: [Zepeda] issues for meet and confer

[EXTERNAL]

Dear Counsel:

We write first to follow up on our meet and confer and follow up email from Friday, and second with a further inquiry regarding Mr. Zamora in response to your email below, Sara.

First, we understand and appreciate that you likely are still in the process of working with your clients to provide answers to our written questions regarding the annexes to Mesa Verde that may have opened this weekend, for which we requested responses by tomorrow morning.

However, given the postponement of the case management conference until 4:00 PM tomorrow, we believe it is appropriate to provide the Court written notification regarding the annexes' intended opening and their relationship to Mesa Verde. As we stated in our email to you on Friday evening sending written questions, we are concerned that Judge Chhabria has not yet been informed that facilities characterized as annexes to Mesa Verde and included in the Mesa Verde contract may have opened and begun accepting book-ins this weekend.

We propose that we submit to the court a joint case management statement, to be filed no later than 10 AM tomorrow, that (1) explains the plan for opening the annexes; (2) explains the annexes' relationship to the existing Mesa Verde facility; and (3) contains Defendants' answers to the questions we proposed on Friday. Please let us know by 8 pm this evening whether Defendants are amenable to this proposal. If so, Plaintiffs are amenable to providing our part of a joint statement to you no later than 8 AM tomorrow, and filing the joint statement with the court by 10 AM. If you are not amenable to this proposal, Plaintiffs are prepared to file a separate statement explaining the background of the annexes, what we know so far, and our efforts to obtain additional information from Defendants.

Please let us know how you would like to proceed.

Second, with regard to Mr. Zamora, the checklist submitted at Dkt. 324-2 (attached) appears clearly to apply to removals and does not appear to include any carveouts for removals without transfer to another ICE facility or removals that do not involve air travel. Is there a different checklist now in operation? If not, is your position that the attached checklist is *not* applicable to all removals?

Thank you,
Bree



**Bree Bernwanger** (she/her)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.209
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Winslow, Sara (USACAN) [mailto:Sara.Winslow@usdoj.gov]
**Sent:** Monday, September 7, 2020 2:36 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Hong, Neal (USACAN) <Neal.Hong@usdoj.gov>
**Cc:** Bree Bernwanger <bbernwanger@lccrsf.org>; Stephanie Padilla <SPadilla@aclusocal.org>; Garbers, Wendy (USACAN) <Wendy.Garbers@usdoj.gov>; Choe, Shiwon (USACAN) <Shiwon.Choe@usdoj.gov>; Zack, Adrienne (USACAN) <Adrienne.Zack@usdoj.gov>
**Subject:** RE: [Zepeda] issues for meet and confer

Emi,

This responds to (1) your request for Defendants to produce, by 9/10/20, medical records for all individuals who have tested positive for COVID at Mesa Verde, and (2) your questions regarding Mr. Zamora Guzman and the 5/4/20 COVID-19 ERO checklist.  Please see responses below in red.

Best,
Sara

---

**From:** Winslow, Sara (USACAN)
**Sent:** Friday, September 04, 2020 3:58 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Hong, Neal (USACAN) <nhong@usa.doj.gov>
**Cc:** Bree Bernwanger <bbernwanger@lccrsf.org>; Stephanie Padilla <SPadilla@aclusocal.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Emi,

Please see the Federal Defendants' responses to question 1 below, in blue.

Best,
Sara

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Friday, September 04, 2020 12:47 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>; Hong, Neal (USACAN) <nhong@usa.doj.gov>
**Cc:** Bree Bernwanger <bbernwanger@lccrsf.org>; Stephanie Padilla <SPadilla@aclusocal.org>
**Subject:** Re: [Zepeda] issues for meet and confer

Dear Counsel:

We look forward to follow up regarding outstanding issues and think a call would be useful today at 5pm.

In addition to the outstanding questions, Plaintiffs seek two types of additional information:

1) It has been widely reported that Federal Defendants and GEO will be introducing "up to 560 detainees" to one of two facilities in McFarland, California as soon as this weekend, as "annexes to Mesa Verde," and that the facilities will detain up to 1400 people.

    a. Please confirm whether Defendants do intend to introduce people to either of these annexes over the next week, and if so how many, when, and from where.
        - There is no plan to transfer detainees from Mesa Verde or YCJ to this new facility. All of ICE's detention facilities are published on its public-facing website – www.ice.gov – and will be posted within 30 days of being operational.
    b. Please provide information about Defendants' plans to further increase population at either of these two annexes.
        - See response to item a.
    c. Please provide any plans related to COVID preparedness (including with regard to social distancing, hygiene and sanitation, and medical care) for these facilities if they exist.
        - A testing plan will be implemented immediately and will follow the plan established for the Mesa Verde Detention Facility.
    d. Please provide information about the plans for testing of staff and detainees at these facilities.
        - see response to item c.

2) Please provide by Thursday, September 10 the medical records for the individuals who have had COVID at Mesa Verde, from July 14 to the date of collection of the records. We seek this information to better understand medical care at Mesa Verde for those with COVID and deemed recovered.

Federal Defendants and GEO have considered this request for dozens of medical records, and we do not consider it to be a "reasonable information request[] . . . regarding safety conditions at the facilities" within the meaning of the 8/6/20 TRO. It is overly burdensome and not feasible for Defendants to comply with your request, in addition to all of the other discovery, informal information, and reporting we are providing on a daily basis. We ask that you either serve a formal discovery request, allowing for the usual 30 days for production, or ask the Court to clarify whether this request falls within the TRO.

Additionally, class member Sokha Khan, who was released pursuant to Bail Order 34, received a message through his ankle monitor that he should check in with the ICE office immediately, however, the ICE office is apparently closed and he is unable to reach anyone at ISAP. If he is supposed to check in, please advise where he is supposed to check in and the purpose of the check-in.

We look forward to speaking later today and will send call-in information closer to the call.

Best,
Emi

---

**From:** "Winslow, Sara (USACAN)" <Sara.Winslow@usdoj.gov>
**Date:** Thursday, September 3, 2020 at 5:17 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Hong, Neal (USACAN)" <Neal.Hong@usdoj.gov>, "Coleman, Susan E." <SColeman@bwslaw.com>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Emi,

Thank you for clarifying.  We'll be back in touch with further responses.  Meanwhile, regarding the individuals no longer on the list, all were released for removal:

| | | | | | |
|---|---|---|---|---|---|
| ▮ | CORRALES OLEA | PAULO | 06/17/2020 | Released for removal | Reported in daily on 6/17 |
| ▮ | OROZCO-RIVERA | JUAN | 08/07/2020 | Released for removal. | Reported in daily on 8/7 |
| ▮ | ROSAS-CANCHOLA | ARTEMIO | 08/13/2020 | Released for removal. | ECF No. 544 |
| ▮ | GUIZAR | SALVADOR | 07/09/2020 | Released for removal | Reported in daily on 7/9 |
| ▮ | GOMEZ-NICOLAS | JOSE | 08/13/2020 | Released for removal. | ECF No. 544 |
| ▮ | MONDRAGON VELASQUEZ | ANTONIO | 08/07/2020 | Released for removal. | Reported in daily on 8/7 |
| ▮ | GASPAR-MACHADO | AARON | 06/17/2020 | Released for removal | Reported in daily on 6/17 |
| ▮ | FLORES | ESTEBAN | 05/20/2020 | Released for Removal | Reported in daily on 5/20 |
| ▮ | GUERRA-RENTERIA | JOSE | 06/23/2020 | Released for removal | Not previously re (our mistake) |

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Thursday, September 03, 2020 3:29 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>; Garbers, Wendy (USACAN) <wgarbers@usa.doj.gov>; Hong, Neal (USACAN) <nhong@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>; Zack, Adrienne (USACAN) <AZack1@usa.doj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>; Sean Riordan <SRiordan@aclunc.org>; Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** Re: [Zepeda] issues for meet and confer

Hi Sara,

Thanks for the clarifying question. The question is twofold: 1) who pays for the tests and also 2) who procures them. I

imagine that at Yuba County, the person who would administer the test (and determine whether someone is symptomatic in the current testing regime) is facility / county personnel but please correct me if that understanding is incorrect. I apologize if that was not clear yesterday.

Best,
Emi

**From:** "Winslow, Sara (USACAN)" <Sara.Winslow@usdoj.gov>
**Date:** Thursday, September 3, 2020 at 3:25 PM
**To:** Emilou MacLean <emimacleansfpd@gmail.com>, "Choe, Shiwon (USACAN)" <Shiwon.Choe@usdoj.gov>, "Garbers, Wendy (USACAN)" <Wendy.Garbers@usdoj.gov>, "Hong, Neal (USACAN)" <Neal.Hong@usdoj.gov>, "Coleman, Susan E." <SColeman@bwslaw.com>, "Zack, Adrienne (USACAN)" <Adrienne.Zack@usdoj.gov>
**Cc:** Bill Freeman <wfreeman@aclunc.org>, Sean Riordan <SRiordan@aclunc.org>, Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** RE: [Zepeda] issues for meet and confer

Hi Emi,

We are gathering responsive information. With regard to item #4 below, I want to make sure we understand your question. I had understood it a little differently yesterday. Yesterday, I thought the question was whether ICE or Yuba County was responsible for providing COVID tests to ICE detainees at Yuba County Jail. Do I understand correctly that the question is who pays for the tests, both at Mesa Verde and at Yuba County Jail?

Best,
Sara

**From:** Emilou MacLean <emimacleansfpd@gmail.com>
**Sent:** Thursday, September 03, 2020 1:09 PM
**To:** Winslow, Sara (USACAN) <SWinslow@usa.doj.gov>; Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>; Garbers, Wendy (USACAN) <wgarbers@usa.doj.gov>; Hong, Neal (USACAN) <nhong@usa.doj.gov>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Bill Freeman <wfreeman@aclunc.org>; Sean Riordan <SRiordan@aclunc.org>; Bree Bernwanger <bbernwanger@lccrsf.org>
**Subject:** [Zepeda] issues for meet and confer

Dear Counsel,

We do not think that there is a need for a call today. For our shared information, and to keep on top of the various email and conversation threads, I understand we are awaiting further feedback on various issues: 1) the Yuba testing proposal, with feedback from Yuba County; 2) discovery timeline pursuant to the earlier email with Tim; 3) the Greifinger Mesa Verde site visit; and 4) who pays for laboratory tests (at Yuba and Mesa Verde), per the email yesterday and our meet and confer yesterday evening.

And only two additional items for today, which I believe can be resolved over email:

1) After reviewing the most recent in-custody rosters for Yuba and Mesa Verde, we've found several class members who have dropped off the list, but for whom we don't appear to have received release notifications.

Can you please confirm that the following individuals have been released, and provide the release date and reason? Please notify us if we missed an email inadvertently about these individuals.

- PAULO CORRALES OLEA,
- JUAN OROZCO-RIVERA,
- ARTEMIO ROSAS-CANCHOLA,
- SALVADOR GUIZAR,
- GOMEZ-NICOLAS,
- ANTONIO MONDRAGON VELASQUEZ,
- Aaron Gaspar-Machado,
- ESTEBAN FLORES,
- JOSE GUERRA,

2) Please provide guidance on release criteria for individuals who have tested positive. We are under the impression that the COVID-19 ERO Checklist issued on 5/4/20 is binding on removal transfers as well as inter-facility transfers and releases.
   a. Does this remain current and binding?
   b. Was this checklist/set of criteria considered in the case of Mr. Zamora who was transferred for removal, and how was it applied?

<span style="color:red">Mr. Zamora Guzman (A          ) was not transferred to another ICE facility for removal, so the checklist did not apply. Because he was removed to Mexico, there was no need for him to be transferred elsewhere to take a flight, as is necessary for removals to other countries. Instead, we are advised that ICE drove him to the San Ysidro Port of Entry, where he was met by a representative of the Mexican government. This was in accordance with the agreement between the two governments for repatriation of Mexican nationals with special medical needs (available at https://www.dhs.gov/publication/updated-us-mexico-local-repatriation-arrangements). We are advised that the Mexican government does not require COVID-19 testing of its nationals before ICE may remove them to Mexico. In any event, as you know, Mr. Zamora Guzman's first positive test specimen was from 8/4/20, and by the time of his removal, he met the CDC guidelines for no longer needing isolation and precautions (10 days with no fever and improving symptoms).</span>

Thank you, and please don't hesitate to let us know if you think a call would be worthwhile. Please also note that while the encryption issue in our office is being resolved, I have established a new email, which I am using here. I can still receive emails at either email address you have for me, and there is no need to use any duplicate emails.

Best,

Emi