1   Susan E. Coleman (SBN CA 171832)
    E-mail: scoleman@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
3   Los Angeles, CA 90071-2953
    Tel: 213.236.0600 Fax: 213.236.2700
4
5   Royal F. Oakes (SBN CA 080480)
    roakes@hinshawlaw.com
6   Michael A.S. Newman (SBN CA 205299)
    mnewman@hinshawlaw.com
7   HINSHAW & CULBERTSON LLP
    350 South Grand Ave., Suite 3600
8   Los Angeles, CA 90071-3476
    Tel: 213-680-2800; Fax: 213-614-7399
9   David S. Weinstein [Admitted *Pro Hac Vice*]
    Dweinstein@hinshawlaw.com
10  HINSHAW & CULBERTSON LLP
    2525 Ponce de Leon Blvd, 4th Floor
11  Coral Gables, FL 33134
    Tel: 305-428-5038; Fax: 305-577-1063
12
    Attorneys for Respondents-Defendants
13  THE GEO GROUP, INC. and NATHAN ALLEN

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16  ANGEL DE JESUS ZEPEDA RIVAS, BRENDA      Case No. 3:20-cv-02731-VC
    RUIZ TOVAR, LAWRENCE MWAURA,
17  LUCIANO GONZALO MENDOZA JERONIMO,        (Honorable Vince Chhabria)
    CORAIMA YARITZA SANCHEZ NUÑEZ,
18  JAVIER ALFARO, DUNG TUAN DANG,           **MOTION BY DEFENDANTS THE
                                             GEO GROUP, INC. AND NATHAN
19              Petitioners-Plaintiffs,      ALLEN TO DISMISS PLAINTIFFS'
                                             COMPLAINT**
20          vs.
                                             Date: October 29, 2020
21  DAVID JENNINGS, Acting Director of the San   Time: 10:00 a.m.
    Francisco Field Office of U.S. Immigration and   Courtroom: 4
22  Customs Enforcement; MATTHEW T.
    ALBENCE, Deputy Director and Senior Official   Complaint Filed:  April 20, 2020
23  Performing the Duties of the Director of the U.S.
    Immigration and Customs Enforcement; U.S.
24  IMMIGRATION AND CUSTOMS
    ENFORCEMENT; GEO GROUP, INC.;
25  NATHAN ALLEN, Warden of Mesa Verde
    Detention Facility,
26
                Respondents-Defendants.
27
28

                              1

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

2   PLEASE TAKE NOTICE that on October 29, 2020, at 10:00 a.m., in Courtroom 4 of the

3   above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants

4   The GEO Group, Inc. ("GEO") and Nathan Allen ("Allen") (collectively, "GEO Defendants") will

5   and hereby do move this Court for an order dismissing this matter in favor of the GEO Defendants,

6   pursuant to Fed. R. Civ. Proc., Rule 12(b)(6), on the following ground:

7   The Second Cause of Action, the only cause of action asserted against the GEO Defendants,

8   fails to state a claim upon which relief can be granted.

9   This Motion is based upon this Notice, the concurrently-filed Memorandum of Points and

10  Authorities, and upon such other oral or documentary evidence and argument that this Court may

11  deem relevant.

12

13  DATED:      September 21, 2020                    BURKE, WILLIAMS & SORENSEN, LLP

14                                           By: */s/Susan E. Coleman*
                                                 Susan E. Coleman
15                                               Attorneys for Respondents-Defendants
                                                 THE GEO GROUP, INC. and NATHAN
16                                               ALLEN

17

18  DATED:      September 21, 2020                    HINSHAW & CULBERTSON LLP

19
                                             By: */s/Royal F. Oakes*
20                                               Royal F. Oakes
                                                 Michael A.S. Newman
21                                               David S. Weinstein
                                                 Attorneys for Respondents-Defendants
22                                               THE GEO GROUP, INC. and NATHAN
                                                 ALLEN
23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:20-cv-02731-VC

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs are detainees of defendant Immigration and Customs Enforcement ("ICE") who have sued alleging the violation of their Fifth Amendment due process rights (first claim for relief), for violation of the First Amendment (second claim for relief), and for violation of the Administrative Procedure Act (third claim for relief).  Of these, Defendants The GEO Group, Inc. ("GEO") and Nathan Allen ("Allen") (collectively, "GEO Defendants") have only been sued on the second claim for relief.  That is, the only claim against the GEO Defendants is that they violated Plaintiffs' First Amendment rights.  In particular, Plaintiffs claim the GEO Defendants retaliated against them for conducting a hunger strike.

In fact, there is no First Amendment right to engage in a hunger strike, just as there is no constitutional right to cut or mutilate oneself, hurt others, engage in violence, or commit suicide. Regardless of the "expressive" content of such acts, they are not and should not be protected. Furthermore, even if such acts were protected, the GEO Defendants would have a clear and legitimate goal in seeking to preserve the health of the civil detainees. Therefore, as Plaintiffs have failed to state a claim upon which relief can be granted as to the GEO Defendants, the instant motion should be granted, without leave to amend.

### II.   THE PERTINENT ALLEGATIONS OF THE COMPLAINT

Although the lawsuit focuses primarily on medical and living conditions in the subject facilities, the GEO Defendants have been sued on one cause of action only, the Second Claim For Relief for violation of the First Amendment. Complaint, ¶ 140.  Plaintiffs allege they engaged in a hunger strike to protest the conditions in the facility operated by the GEO Defendants, and that the GEO Defendants responded to the hunger strike by closing the commissary, thus preventing inmates from making purchases there.  Plaintiffs allege this "retaliatory" conduct constitutes a violation of the First Amendment. Complaint, ¶¶ 4, 87-97, 130-38, 140.

1

**HINSHAW & CULBERTSON  LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:20-cv-02731-VC

1

### III.   THE STANDARD UNDER FED. R. CIV. PROC., RULE 12(B)(6)

2

3

Under Fed. R. Civ. Proc., Rule 12(b)(6), a complaint may be dismissed for failure to state a claim on which relief may be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss, a plaintiff is required to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In this, plaintiffs cannot survive a Rule 12(b)(6) motion merely by showing that their theory is possible; rather, their complaint must be dismissed unless they have "nudged their claims across the line from conceivable to plausible." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

5

6

7

8

9

10

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While the court generally must assume factual allegations to be true, it need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 fn. 2 (9th Cir. 1986).

11

12

13

14

15

### IV.   THE SECOND CAUSE OF ACTION FAILS AS AGAINST THE GEO DEFENDANTS

16

17

#### A.   The Test for a First Amendment Retaliation Claim

18

"A viable claim of First Amendment retaliation against a civil detainee entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was 'because of the plaintiff's protected conduct' (i.e., 'retaliatory motive'); (4) the adverse action 'would chill or silence a person of ordinary firmness from future First Amendment activities;' and (5) the action did not reasonably advance a legitimate correctional goal." *Walker v. King*, 2017 U.S. Dist. LEXIS 37255, *11 (E.D. Cal. 2017); *Saint-Martin v. Price*, 2018 U.S. Dist. LEXIS 19550, *6-7 fn. 3 (E.D. Cal. 2018); *Smith v. Napa State Hosp.*, 2016 U.S. Dist. LEXIS 147812, *7 (C.D. Cal. 2016); *Ryan v. Siqueiros*, 2016 U.S. Dist. LEXIS 65645, *9 (E.D. Cal. 2016); *Karboau v. Clark*, 2012 U.S. Dist. LEXIS 155521, *10-11 (W.D. Wash. 2012).  Plaintiffs do not satisfy these elements.

19

20

21

22

23

24

25

26

27

28

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:20-cv-02731-VC

### B.    A Hunger Strike is Not First Amendment Protected Conduct

As discussed above, to state a First Amendment claim, Plaintiffs must first establish they were engaged in protected conduct. *Walker v. King*, *supra* at *11. Plaintiffs assert that the hunger strike they engaged in, and encouraged others to engage in, is First Amendment protected conduct. In fact, they have not established that it is protected conduct at all.  As noted in *Rios v. Gipson,* 2019 U.S. Dist. LEXIS 39830, *17 (E.D. Cal. 2019), there is no United States Supreme Court or Ninth Circuit Court of Appeals case holding that a hunger strike is protected First Amendment speech. *See also Ransom v. Lee*, 2017 U.S. Dist. LEXIS 225568, *16-17 (C.D. Cal. 2017) (noting lack of Ninth Circuit or Supreme Court authority). Indeed, many courts across the country have questioned or rejected the idea that a hunger strike is protected by the First Amendment. *Khaldun v. Daughtery*, 2009 U.S. Dist. LEXIS 118707 (S.D. Ind. 2009) ("[Plaintiff's] act of going on a hunger strike was not protected activity under the First Amendment . . . ."); *Owens v. Blagojevich*, 2007 U.S. Dist. LEXIS 815, *6 (S.D. Ill. 2007) ("The Court is not aware of any specific guarantee under the First Amendment that protects inmate hunger strikes" and noting that the Seventh Circuit "has frowned upon inmate coercive tactics like hunger strikes."); *Haywood v. Rednor*, 2012 U.S. Dist. LEXIS 70812, * 4-5 (S.D. Ill. 2012) (questioning whether there is any "specific guarantee under the First Amendment, or any other constitutional provision, that protects inmate hunger strikes" and further noting that force-feeding a striking inmate is no violation); *Crawford v. Kalaher*, 2012 U.S. Dist. LEXIS 170796, *5 (S.D. Ill. 2012) ("The Court is not aware of any specific guarantee under the First Amendment, or any other constitutional provision, that protects inmate hunger strikes."); *Smith v. USP Terre Haute Clinical Dir.*, 2013 U.S. Dist. LEXIS 61118, *3 (S.D. Ind. 2013) ("The court has found no authority for the proposition that the First Amendment protects prisoner hunger strikes."); *Malone v. Conley*, 2018 U.S. Dist. LEXIS 55988, *5 (S.D. Ohio 2018) (*accord*); *White v. Suneja*, 2010 U.S. Dist. LEXIS 120496, at *2 (S.D. Ill. Nov. 15, 2010) (*accord*).

Plaintiffs may assert a hunger strike is protected because it is "expressive." However, the law permits "a freer hand in restricting expressive conduct than . . . in restricting the written or spoken word." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 299 (2000) (citation omitted). Indeed,

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

expressive conduct that causes physical harm is generally not protected; thus, acts of violence that are meant to convey a "message" are nonetheless not protected. *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 916 (1982) ("Certainly violence has no sanctuary in the First Amendment, and the use of weapons, gunpowder, and gasoline may not constitutionally masquerade under the guise of advocacy."); *United States v. Jenkins*, 909 F. Supp. 2d 758, 776 (E.D. Ky. 2012) ("Violence is not constitutionally protected conduct."); *United States v. Hossein Afshari*, 426 F.3d 1150, 1161 (9th Cir. 2003) (no First Amendment right to facilitate terrorism by giving terrorists the weapons and explosives to carry out their missions).

Not only are violent acts not protected activity, but even ***writings*** that contain violent or threatening material are not protected. *Bauer v. Sampson*, 261 F.3d 775, 782 (9th Cir. 2001) (threats of violence are not protected by the First Amendment); *Williams v. Wetzel*, 2017 U.S. Dist. LEXIS 213262, *8 (W.D. Penn. 2017) ("[W]riting a graphic, violent letter about two prison staff members does not qualify."); *Torres v. Clark*, 522 F. App'x 103, 105 (3d Cir. 2013) (holding that a prisoner's letter containing a threat against a correctional officer is not constitutionally protected); *Brown v. Hannah*, 850 F. Supp. 2d 471, 479 (M.D. Pa. 2012) (there is no "constitutionally protected right, in the prison setting, to use inappropriate, disrespectful and derogatory language to [the prison official].").

Self-harm is no more protected by the First Amendment than is harming others. Indeed, a facility is constitutionally required to take steps to ***prevent*** inmates from self-harm and suicide. *Conn v. City of Reno*, 572 F.3d 1047, 1051 (9th Cir. 2009). Thus, "[a]ttempting suicide is not constitutionally protected conduct." *Reese v. Unknown Bolm*, 2020 U.S. Dist. LEXIS 27828, *14 (W.D. Mich. 2020) (*citing Robinson v. Schertz*, 2007 U.S. Dist. LEXIS 91984, *2 (W.D. Mich. 2007); *Lisle v. Goldman*, 2018 U.S. Dist. LEXIS 161986, *7 (S.D. Ill. 2018) ("[T]here is no First Amendment right to attempt suicide."). A hunger strike works as a coercive tool ***because***, carried to its logical endpoint, it can lead to severe health consequences or death. To say that an inmate has a First Amendment right to go on a hunger strike is no different than saying he or she has a First Amendment right to attempt to engage in self-harm or to commit suicide. Again, a facility has the

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:20-cv-02731-VC

1 right, and even the duty, to intervene and prevent this. *See, e.g., Brown v. McGinnis*, 2012 U.S. Dist.

2 LEXIS 10847, *8 (W.D.N.Y. 2012) (approving "the practice of force-feeding inmates who are

3 engaging in a hunger strike.").

4    Further, encouraging another to harm themselves by engaging in a hunger strike is not

5 protected speech either. *Dearing v. Denny*, 2017 U.S. Dist. LEXIS 199081, *18 (S.D. Ohio. 2017)

6 (plaintiff's action in "soliciting his fellow inmates to participate in a collective hunger strike" is "not

7 protected under the First Amendment."). Indeed, it is a felony under California law to encourage

8 another person to commit suicide. Cal. Pen. Code § 401 ("Any person who deliberately aids,

9 advises, or encourages another to commit suicide is guilty of a felony."); *Fulton v. Lamarque, No.*

10 C 03-4709 RMW (PR), 2008 U.S. Dist. LEXIS 26234, *5 (N.D. Cal. Mar. 31, 2008) ("To the extent

11 defendants segregated and instituted disciplinary proceedings against plaintiff because they believed

12 he instigated the strike [which included a hunger strike], this does not amount to retaliation for the

13 exercise of a constitutional right[] because plaintiff had no First Amendment right to instigate the

14 strike.").

15    A civil detainee using a hunger strike as a lever to coerce change is substantively no different

16 from any other kind of coercion based on the threat of physical harm, to oneself or others. Say, for

17 example, an inmate brandishes a hatchet and threatens to cut her own fingers off, unless the facility

18 improved its policies. Would that be protected conduct merely because it is meant to "express"

19 protest? Would an inmate have a First Amendment protected right to cut herself, or burn herself

20 with cigarettes, if her purpose was expressive, and if her goal was to get the public and the

21 governor's attention? Is there a constitutional protection for an inmate who seeks to immolate

22 herself, if the purpose of such conduct was to convey a "message"? The clear answer is no. Where

23 "expressive" conduct threatens to cause physical harm to the perpetrator or to others, it is no longer

24 protected.[1]

---

25

26 [1] In their Complaint, Plaintiffs cite to *FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 450 (1990) in support of their claim that "[h]unger strikes are quintessential expressive conduct and symbolic speech." What Plaintiffs fail to note is that the *FTC* case deals with boycotts, and the

27 majority opinion does not ever mention hunger strikes. Hunger strikes are only discussed in the **dissent,** once, in passing. *Id.* At 450.

28

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:20-cv-02731-VC

In short, regardless of its "message," there is and can be no First Amendment right to commit self-harm by slowly starving oneself, or by encouraging others to do the same.  Therefore, Plaintiff cannot satisfy the first element of the analysis for First Amendment retaliation.

### C.    Curbing a Hunger Strike Reasonably Advances Legitimate Goals of the GEO Defendants

As noted above, to obtain First Amendment protection, it is not enough for civil detainees to plead that they are engaged in protected activity; they must also plead that facility's action in curbing such conduct did not reasonably advance a legitimate goal of the facility.  *Walker v. King*, 2017 U.S. Dist. LEXIS 37255, *11 (E.D. Cal. 2017).  Moreover, such an allegation cannot simply be asserted; it must be "plausible on its face," and must "nudge" such claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, *supra* at 570.

Here, it is not facially plausible to assert that the GEO Defendants lacked a legitimate goal in seeking to prevent civil detainees from harming themselves. How can it be denied that maintaining the health of civil detainees is a legitimate goal?  Indeed, the entire premise of this lawsuit is that the alleged failure to ensure the health of inmates constituted a violation of the detainees' constitutional rights.  In other words, the facility does not merely have a right to prevent inmates from being hurt, it has a duty to do so.  It follows that the right to prevent inmates from hurting themselves, and from encouraging others to hurt themselves, by engaging in a hunger strike is at the top of the list of legitimate goals.

It is more than a little ironic that Plaintiffs, who allege that the failure to protect the health of detainees constituted a constitutional violation, at the same time claim that GEO Defendants violated their constitutional rights by seeking to prevent them from hurting themselves.

When it comes to hunger strikes, a facility is not merely ***permitted*** to intervene when inmates seek to starve themselves, but it must do so.  Thus, they cannot "allow a prisoner to starve himself to death, or even starve himself to the point at which he seriously impairs his health . . . ." *Freeman v. Berge*, 441 F.3d 543, 546 (7th Cir. 2006) (emphasis added); *Conn v. City of Reno*, 572 F.3d 1047, 1051 (9th Cir. 2009) (a prison facility violates the constitutional rights of inmates if it fails to

6

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

implement policies aimed at suicide prevention); *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) ("At some point, refusal to eat might turn suicidal and then the prison would **have to** intervene.") (emphasis added); *Nesmith v. Cty. of San Diego*, 2019 U.S. Dist. LEXIS 49606, *86 (S.D. Cal. 2019) (finding that a prison's inadequate suicide prevention program could be deemed to have violated the constitutional rights of inmates).  If a facility has an **obligation** to prevent an inmate from harming himself or herself, then at very least it has the **right** to curb activity that may inevitably lead to self-harm and death.

Furthermore, a facility need not adopt a policy that is "least restrictive," especially when Plaintiffs' actions threaten to harm them. *Talib v. Gilley*, 138 F.3d 211, 215 fn. 4 (5th Cir. 1998) ("[P]rison officials are not required to adopt the policy 'least restrictive' of prisoners' rights, so long as the policy adopted is itself reasonable."); *Brown v. McGinnis*, 2012 U.S. Dist. LEXIS 10847, * 8 (W.D.N.Y. 2012) ("Prisoner retaliation claims 'pose a substantial risk of unwarranted judicial intrusion in matters of general prison administration.'"); *People ex rel. Ill. Dep't of Corr. v. Millard*, 335 Ill. App. 3d 1066, 1071 (2003) (agreeing with decisions upholding the right to force-feed hunger-striking prisoners.)  For these reasons, it is clear Plaintiffs have not established and cannot establish the fifth element of the First Amendment analysis, even if a hunger strike constituted protected activity, which it is not.

Finally, even in the jurisdictions where courts have found that prisoners could **in theory** have a First Amendment right to engage in a hunger strike (again neither the Supreme Court nor the Ninth Circuit has ever so held), such courts have qualified this right by holding that "so long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved," officials are accorded latitude in restricting such conduct.  *Stefanoff v. Hays County*, 154 F.3d 523, 527 (5th Cir. 1998) (finding that, even if theoretically protected, a hunger strike was "sufficiently disruptive" to give the facility a reasonable interest in curtailing it); *People ex rel. Ill. Dep't of Corr. v. Millard*, 335 Ill. App. 3d 1066, 1071 (2003) (agreeing with decisions upholding the right to force-feed hunger-striking prisoners.)  Here, the fact Plaintiffs had other reasonable and effective means of communicating their protests is evidenced by the very existence of this lawsuit.

7

**HINSHAW & CULBERTSON** **LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1    There is no allegation, nor is there any indication, that Plaintiffs were barred in their ability to

2    communicate with the very organizations and attorneys that are zealously advocating for them in

3    this case. *Chavez v. City of Oakland*, 2009 U.S. Dist. LEXIS 46250, *9 (N.D. Cal. 2009) (noting

4    that filing a lawsuit is a "classic First Amendment activity."). In short, even *if* a hunger strike

5    enjoyed some modicum of First Amendment protection (it should not), Plaintiffs' access to the

6    alternative forum of litigation, the latitude given officials in curbing such conduct, and the obvious

7    legitimate interest the GEO Defendants would have in preventing inmates from harming themselves,

8    makes it clear Plaintiffs could not plausibly satisfy the fifth element of First Amendment analysis.

9         **D.      Leave to Amend Should be Denied**

10        Dismissal without leave to amend is proper if it is clear "the complaint could not be saved

11   by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007);

12   *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted

13   where the amendment of the complaint . . . constitutes an exercise in futility . . . .")). Here, because

14   Plaintiffs cannot demonstrate they were engaged in First Amendment protected activity, or that the

15   GEO Defendants lacked a legitimate reason for curbing a hunger strike, any attempt to amend the

16   complaint will be an exercise in futility. Leave to amend should not be granted.

17                    **V.      CONCLUSION**

18        For the foregoing reasons, the instant motion to dismiss should be granted without leave to

19   amend.

20   DATED:     September 21, 2020              BURKE, WILLIAMS & SORENSEN, LLP

21

22                                             By: */s/Susan E. Coleman*
                                                   Susan E. Coleman
23                                                 Attorneys for Respondents-Defendants

24   DATED:     September 21, 2020              HINSHAW & CULBERTSON LLP

25                                             By: */s/Royal F. Oakes*
                                                   Royal F. Oakes
26                                                 Michael A.S. Newman
                                                   David S. Weinstein
27                                                 Attorneys for Respondents-Defendants

28

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

                                    8
                        MOTION TO DISMISS PLAINTIFFS' COMPLAINT
                                    Case No. 3:20-cv-02731-VC