DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
NEAL C. HONG (ILBN 6309265)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov
    neal.hong@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-02731-VC <br><br> **FEDERAL DEFENDANTS' MOTION TO ENFORCE BAIL ORDER: ABDIWELLE YOUSUF** |

      Federal Defendants hereby move to enforce the bail order of Abdiwelle Yousuf, ECF No. 425. Mr. Yousuf has multiple criminal convictions, escalating in severity, with the most recent being a conviction for assault with a deadly weapon on March 25, 2019, for which he was sentenced to three years in prison. On account of his criminal conviction, Congress mandated that he be detained during his removal proceedings. *See* 8 U.S.C. § 1226(c). After being released on bail by this Court, he has failed to quarantine at the location proposed in his bail application as required by the Court's conditions on release, and he has not enrolled in an inpatient rehabilitation program, as he stated he would in his bail application. Federal Defendants request that the Court order Mr. Yousuf to enroll in inpatient

rehabilitation, as he said he would.  Additionally, Federal Defendants request that Class Counsel be reminded that they are required to advise class members released on bail of the conditions set by the Court and ensure that class members understand the conditions.  *See* ECF No. 543 ¶ 13.

### A. Bail Application and Response

Mr. Yousuf submitted a bail application May 31, 2020.  ECF No. 288-11.  He stated that he had "a number of law enforcement contacts, as he was suffering homeless [sic] and struggling with mental health issues and drug use."  *Id.*  He described a fight with another homeless individual in 2017, which resulted in his 2019 jury trial conviction for assault with a deadly weapon under California Penal Code § 245(a)(1).  *Id.*  He also stated that, when the state court judge denied his request to travel out of state with his brother, he "became frustrated" and "agitated" and the judge then remanded him to custody.  *Id.*

In his application and supplement provided at the request of the Court, ECF Nos. 288-11, 362-1, Mr. Yousuf set forth a plan for his possible release.  He stated that "it appeared [his] past mental health problems stemmed from his history of methamphetamine use."  ECF No. 362-1.  Therefore, he proposed first quarantining at his brother's house in San Diego, California, for 14-days and then going to an inpatient treatment program at The Lighthouse Community.  *Id.*  His application stated that his brother would pick him up from ICE custody and "bring him to reside with him at his residence" in San Diego.  ECF No. 288-11.  The application further stated that "[h]is brother will provide the stability he needs—housing, help obtaining a job, emotional support, and help finding treatment in the community," and went on to state that "Mr. Yousuf's brother takes his obligation extremely seriously, as he promised their mother on her deathbed that he would care for Mr. Yousuf . . . ."  *Id.*  On July 9, 2020, the Court granted Mr. Yousuf's release.  ECF No. 33.  As a condition of his release, Mr. Yousuf was required to "observe an initial 14-day quarantine at the place of residence, except as required to access needed healthcare."  ECF No. 369.

### B. Mr. Yousuf's Failure to Comply with the Conditions of His Release

On July 13, 2020, a mere three days after his release, Mr. Yousuf contacted Immigration and Customs Enforcement reported a new address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ San Diego, CA, 92101 ▮▮▮▮, which has been converted into a temporary homeless shelter.  Declaration of Deportation Officer Richard Lair (Lair Decl.) ¶ 7; *see also* ▮▮▮▮▮▮▮▮

███████████████████████████████████████████ (last visited Sept. 22, 2020).

On September 8, 2020, Mr. Yousuf told Deportation Officer Lair that he had moved to the shelter because his brother would not let him live with him.  Lair Decl. ¶ 9.  However, no notice was provided to Defendants' counsel.  By failing to reside at the place proposed in his bail application for 14 days upon release, Mr. Yousuf violated the terms of the conditions of his release.

Further, contrary to his statements in his bail application and supplement, Mr. Yousuf has not sought treatment for his admitted serious drug problem.  On September 8, 2020, Mr. Yousuf told Deportation Officer Lair that he was not attending any rehabilitation or inpatient treatment programs and that he did not feel he needed to do so.  *Id.*  Instead, Mr. Yousuf relayed that he was just told to listen to his probation officer, and that his probation officer had not instructed him to attend such programs.  *Id.*  Deportation Officer Lair then contacted Officer Vanessa Contreras, Mr. Yousuf's probation officer.  *Id.* ¶ 10.  Officer Contreras was unaware that participating in a rehabilitation program was part of Mr. Yousuf's release from immigration custody.  *Id.*  However, Officer Contreras advised that she could and would arrange for Mr. Yousuf to attend rehabilitation if required.  *Id.*

Given Mr. Yousuf's admitted past history of drug abuse and criminal conduct, Federal Defendants are very concerned with Mr. Yousuf's failure to follow through on his release and treatment plan after being granted bail.  Moreover, Mr. Yousuf's brother, who was purported to be Mr. Yousuf's anchor, will not allow Mr. Yousuf to stay at his home, making it all the more important that Mr. Yousuf follow through with the treatment plan that he proposed in his bail application and supplement.

C.    **Request to Enforce Bail Order**

Mr. Yousuf has a significant criminal history, which by his own admission, was a result of his homelessness and drug abuse.  Upon his release from ICE custody, Mr. Yousuf is once again experiencing homelessness, without his family's support, and has not enrolled in the program he indicated would be the assurance that he did not relapse into drug use.  Without an adequate support system, Mr. Yousuf is a danger to the community.  Because Mr. Yousuf has violated this Court's order in both letter and spirit, Federal Defendants request that the Court enter an order to enforce the conditions of Mr. Yousuf's bail order and to require that Mr. Yousuf attend inpatient rehabilitation.  In the alternative, or if Mr. Yousuf is unwilling or unable to attend such inpatient rehabilitation, Federal

Defendants request that ICE be given permission to arrest Mr. Yousuf.  Additionally, Federal Defendants request that Class Counsel be reminded that they are required to advise class members released on bail of the conditions set by the Court and ensure that class members understand the conditions.  *See* ECF No. 543 ¶ 13.

DATED: September 23, 2020 	Respectfully submitted,

	DAVID L. ANDERSON
	United States Attorney

	*/s/ Adrienne Zack*
	ADRIENNE ZACK
	Assistant United States Attorney

	Attorneys for Federal Defendants