WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (CA SBN 300505)
genna.beier@sfgov.org
JENNIFER T. FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
EMILOU H. MACLEAN (CA SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (CA SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | **CASE NO. 3:20-CV-02731-VC**<br><br><br>**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION TO ENFORCE BAIL ORDER RE: ABDIWELLE ABAS YOUSUF**<br><br>**JUDGE VINCE CHHABRIA** |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
TIFANEI RESSL-MOYER (SBN 319721)
tresslmoyer@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
FRANCISCO M. UNGER* (Mass. BBO# 698807)
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

**Introduction**

On September 23, Defendants' filed a motion to enforce this Court's bail order relating to Abdiwelle Abas Yousuf ("Mr. Yousuf"). Because Mr. Yousuf is currently in full compliance with the bail order issued by the Court, Plaintiffs oppose this motion, and alternatively propose that the Court order that Mr. Yousuf enter into a residential treatment facility upon the discretion of his parole agent. Plaintiffs also note that despite having time reserved daily for meet and confer calls with Defendants, Defendants never sought to resolve the issues discussed in their motion through the meet and confer process and immediately resorted to litigation instead.

**Summary of Facts**

Abdiwelle Yousuf is a national of Somalia who won his application for withholding of removal with the Immigration Judge (IJ) on April 15, 2020. *See* Dkt. 288-11. The government appealed the IJ's decision on or about May 15, 2020 to the Board of Immigration Appeals, and that appeal is pending. *Id*. Mr. Yousuf submitted a bail application on May 31, 2020 (Dkt. 288-11) to which the Government responded (Dkt. 308-11). The Court deferred judgement on Mr. Yousuf's bail application, and sought from Mr. Yousuf "a supplemental filing addressing [Mr. Yousef's] mental health, diagnosis, and treatment." Dkt. 320 (Bail Order No. 25). Plaintiffs submitted a supplemental filing (Dkt. 362-1) on June 10, 2020 stating Mr. Yousuf was in remission from his substance abuse issues for over a year, describing his mental health condition, and stating he intended to enroll in an in-patient treatment program as proscribed by his parole agent. *See also* Email from Oliver Kroll to Parole Agent Maria Alonso, attached to the Declaration of Francisco Ugarte ("Ugarte Decl."). He also stated he would reside with his brother for two weeks to quarantine. (Dkt. 362-1).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE BAIL ORDER

On July 9, 2020, this court ordered that Mr. Yousuf be released on bail, pursuant to the standard conditions of release. *See* Bail Order 33, Dkt. 425. The Court's bail order did not specifically order Mr. Yousuf to enter an in-patient treatment facility. Defendants' released Mr. Yousuf from custody on or about July 10, 2020. Mr. Yousuf's brother, pursuant to Bail Order 33 and the Revised Standard Conditions of Release, transported Mr. Yousuf to his brother's home. *See* Ugarte Decl. at ¶5(a)-(b). However, Mr. Yousuf's brother and wife had a dispute, and Mr. Yousuf needed to leave the residence. *Id.* Mr. Yousuf subsequently enrolled into a shelter program located at ███████████████████████████. Mr. Yousuf has resided since that time. Mr. Yousuf promptly advised his deportation officer his change in residency. *Id.*

Mr. Yousuf promptly reported to his parole agent upon his release from custody, who informed Mr. Yousuf of his parole conditions, and ordered him to meet with a clinical psychologist on a monthly basis, which he has done. *Id.* at 5(c)-(d). Based on an individualized review of Mr. Yousuf's situation and needs, the parole agent did not require Mr. Yousuf to enter into a residential treatment program. *Id.* Mr. Yousuf has complied with immigration reporting obligations, is subject to electronic monitoring, and is in compliance with parole conditions. *Id.* at 5(c)-(j). Mr. Yousuf is clean and sober, has kept his deportation officer aware of all developments in his case, has not absconded from authority, and has not had any further criminal contacts.

On or about August 31, 2020, class counsel communicated with Mr. Yousuf, and communicated the Revised Standard Conditions of Release to him, informing him that he must comply, answering his questions, and informing him of his obligation to update class counsel regarding changes in his situation. Mr. Yousuf informed counsel he had advised ICE of his change of address, and that he was complying with the order. Mr. Yousuf also informed class

counsel of his new mailing address, which class counsel has now learned is different from his physical address. Because Mr. Yousuf's conditions of release did not include a specific condition requiring him to enroll in an in-patient program, class counsel did not communicate to him that he was required to do so.

### Plaintiffs Oppose Defendant's Motion

Plaintiffs respectfully request that the Court clarify whether Mr. Yousuf's release is contingent on his enrollment in an in-patient rehabilitation program—even if his parole officer does not require or recommend it. Currently, Defendants seek an order from this Court stating that "Mr. Yousuf is ordered to attend an inpatient rehabilitation program. If Mr. Yousuf is unwilling or unable to attend such a program, ICE may detain Mr. Yousuf." This request contradicts the plain language of Bail Order 33, which, unlike other orders of this Court, does not specifically order any additional conditions for Mr. Yousuf, nor specifically order him to attend an in-patient treatment program. [1] Defendants' are wrong in asserting that Mr. Yousuf is not complying with this Court's bail order for not attending an in-patient treatment program. This Court did not specifically order that he attend such a program. Moreover, Defendants acknowledge that Mr. Yousuf's parole agent "did not instruct" Mr. Yousuf to attend an in-patient program.

Under the plain language of the Bail Order 33, Defendant's motion is improvident. Here, but for Mr. Yousuf's unpredictable need to vacate his brother's home—which he dutifully reported to ICE and which ICE apparently approved—Mr. Yousuf has complied with this

---

[1] *See, e.g.* Bail Order 16 (Dkt. 242) (requiring certification of availability of space at transitional facility as condition of release); Bail Order 23 (Dkt. 295) (requiring participation in AA meetings); Bail Order 29 (Dkt. 364) (ordering enhanced conditions, including requiring participation in AA meetings); Bail Order 30 (Dkt. 375) (ordering further conditions, including requiring participation in group sobriety meetings).

Court's bail order and conditions of release. Plaintiffs recognize that in this particular case, class counsel should have followed up with Mr. Yousuf more quickly to avoid any miscommunication about his release conditions. Plaintiffs are taking steps to avoid communication lapses with released class members in the future. However, Mr. Yousuf is now supervised by two governmental entities, California Parole Services and Immigration & Customs Enforcement. He is in compliance, and this Court need not order any additional restrictions in order to assure public safety. In the alternative, Plaintiffs' request that, should the Court be inclined to take action, to clarify its bail order to make clear that Mr. Yousuf attend an in-patient treatment program upon the discretion of his parole agent, or, as a last option, to attend an in-patient program when a bed becomes available.


Dated: <u>September 25, 2020</u>                                      Respectfully submitted,

                                                                    <u>*/s/ Francisco Ugarte*</u>
                                                                    Francisco Ugarte (CA SBN 241710)
                                                                    Francisco.ugarte@sfgov.org

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE BAIL ORDER