DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
NEAL C. HONG (ILBN 6309265)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov
    neal.hong@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE BAIL ORDER:** |
| v. | **ABDIWELLE YOUSUF** |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

      In their response, Plaintiffs do not deny, nor can they, that Mr. Yousuf violated the terms of his release when he failed to quarantine at the address listed in his bail application. Instead, Plaintiffs argue that because Mr. Yousuf failed to do what he said he would do in his bail application, which the Court did not then explicitly order, that he should not be ordered to attend inpatient rehabilitation upon Defendants' explicit motion. Because of Mr. Yousuf's serious history of drug abuse and the fact that he is again facing homelessness, the Court should order Mr. Yousuf to attend inpatient rehabilitation as a condition of his release on bail in this matter. Should the Court prefer to construe Federal Defendants' motion as a motion to modify Mr. Yousuf's bail order, rather than enforce, Federal Defendants do not

object.

Contrary to Plaintiffs' assertions, Federal Defendants do not assert in their motion to enforce that Mr. Yousuf's failure to attend inpatient rehabilitation is a violation of the explicit terms of the Court's bail order. *See* ECF No. 713 at 3. Rather, Mr. Yousuf's failure to do as he promised to do in his bail application violated the spirit of the Court's order releasing him from detention. In his supplemental filing in support of his bail application, Mr. Yousuf stated that "on release [he] will enroll in inpatient treatment . . . to which parole has referred him" and that he "propose[d] to enroll in inpatient treatment." ECF No. 362-1. Contrary to Plaintiffs' characterization in their response, such statements were not qualified upon the treatment being prescribed again after Mr. Yousuf was released. Unlike other individuals who did not have seemingly confirmed space available at a proposed facility, like Mr. Nguyen and Mr. Rivera-Giorges, ECF No. 242, Mr. Yousuf represented that he was going to attend inpatient treatment after quarantining, not that he would do so if his parole officer told him that he must. If Mr. Yousuf cannot be held accountable for executing his release plan set forth to the Court and Federal Defendants in the bail application process, then the statements in his bail application regarding his commitment to remain sober and "lead[ ] a productive life out of custody" should also be given little weight.[1]

Because Mr. Yousuf did not carry out his plans on his own, Federal Defendants now seek an order from the Court that Mr. Yousuf attend inpatient treatment. Because Mr. Yousuf's probation/parole officer has stated that she would arrange for Mr. Yousuf to attend such a program if ordered, ECF No. 713-1 ¶ 10, Defendants request such an order from the Court, rather than leaving attendance to the probation/parole officer's discretion as Plaintiffs propose. In the alternative, or if Mr. Yousuf is unwilling or unable to attend such inpatient rehabilitation, Federal Defendants request that ICE be given permission to arrest Mr. Yousuf. Additionally, Federal Defendants request that Class Counsel be reminded that they are required to advise class members released on bail of the conditions

---

[1] Indeed, every bail applicant has set forth a plan for release, often times stating that they will seek mental health treatment or other rehabilitative services, and not every element of those release plans have been ordered by the Court when bail has been granted. If class members are free to propose release plans in their applications but then not carry out those plans unless explicitly ordered by the Court, the entirety of the bail process promulgated by the Court is severely undermined.

FED. DEFS.' REPLY ISO MOT. TO ENFORCE BAIL, YOUSUF
No. 3:20-cv-02731-VC                             2

set by the Court and ensure that class members understand the conditions.  *See* ECF No. 543 ¶ 13.

DATED: September 30, 2020	Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney

Attorneys for Federal Defendants