WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
ANGÉLICA SALCEDA (SBN 296152)
asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.orga
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (SBN 319071)
emilou.maclean@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: 415-553-9319
Fax:    415-553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731-VC<br><br>**JOINT CASE MANAGEMENT CONFERENCE SATEMENT**<br><br>DATE:   OCTOBER 14, 2020<br>TIME:    10:00 A.M. |

BREE BERNWANGER* (NY SBN 5036397)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*

*Admitted *Pro Hac Vice*

The Parties provide this Joint Case Management Conference Statement concerning the issues they intend to discuss with the Court at the Case Management Conference on October 14, 2020.

### 1.   Timing of Hearing on Order to Show Cause

**Joint Statement:** In its Order Granting Motion for Temporary Restraining Order (ECF 500, 8/6/20), the Court issued an "order to show cause … why a preliminary injunction should not issue requiring the defendants to meet some or all of the above requirements on an ongoing basis pending final resolution of the case." ECF 500, at 3. Although the OSC hearing was initially set for August 21, 2020, the Parties subsequently agreed to take the hearing off calendar, and the TRO has remained in place while Plaintiffs have obtained discovery in the form of interrogatories, document requests, depositions, and a planned site visit.

The Parties now agree that an OSC hearing may be set during the week of November 16-20, 2020, subject to the convenience of the Court. If the Court cannot accommodate a hearing during that week, Plaintiffs request that the hearing be held at the earliest possible time after the Thanksgiving holiday.  Defendants are unwilling to agree that the TRO, which has already been in place far longer than the 14 days that Defendants contend is contemplated by the law, may remain in place past mid-November.

### 2.   Page Limits and Timing for Briefing for OSC Hearing

**Joint Statement:** The Parties agree Defendants will file the initial brief (their Response to the OSC) by November 3, and that Plaintiffs will subsequently file their Reply by November 13. The Parties request that the Court's normal page limits be enlarged to permit Defendants' brief(s), whether Defendants file a single joint brief or separate briefs, to be a total of up to 25 pages in length and Plaintiffs' brief to be up to 25 pages in length.

//

3. __Allocation of Time at OSC Hearing__

**Joint Statement:** The Parties agree that any time during which the Court is questioning a witness should not count against any party's time.

**Plaintiffs' Statement:** Plaintiffs propose that each side (Plaintiffs/Defendants) be entitled to use 50% of the time set aside by the Court (exclusive of the time the Court is questioning a witness) for the evidentiary portion of the hearing, with time to be charged against each side according to which side is posing questions to the witness.

**Defendants' Statement:** As Defendants anticipate putting on far more witnesses than Plaintiffs, Defendants propose that they be allotted 60% of the time set aside by the Court (exclusive of the time the Court is questioning a witness) for the evidentiary portion of the hearing, and that Plaintiffs be allotted 40% of that time, with time to be charged against each side according to which side is posing questions to the witness.

4. __Live witnesses at OSC Hearing__

**Joint Statement:** The Parties have begun discussions about the witnesses each Party intends to present at the hearing and seek guidance from the Court as to any witnesses that the Court would like to hear from. Here, the Parties list the witnesses that they may call, but reserve their ability to add or subtract witnesses in the future. The Parties agree to submit final witness lists no later than one week prior to the hearing, subject to modification for good cause, including modification resulting from declarations cited in Plaintiffs' Reply.

**Plaintiffs' Statement:** Plaintiffs may call Dr. Robert Greifinger, who will be presented as an expert on the transmission of COVID-19 in congregate settings and the steps that have (and have not) been taken by Defendants, and any of Defendants' witnesses. Plaintiffs also reserve the right to call rebuttal witnesses and any witnesses whose declarations Defendants cite in their

brief. Plaintiffs will also present portions of the videotaped deposition testimony of Assistant

Field Office Director Alexander Pham. Plaintiffs will also rely on several expert declarations that

have previously been presented to the Court in connection with other submissions. Under Ninth

Circuit law, declarations are admissible in preliminary injunction proceedings. *See Herb Reed*

*Enterprises, LLC v. Florida Entertainment Management, Inc*., 736 F.3d 1239, 1250 n.5 (9th Cir.

2013); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir.1984).

    **Defendants' Statement:** Defendants may call DFOD Erik Bonnar, Acting DFOD

Moises Becerra, Warden Nathan Allen, Dr. Richard Medrano, and Dr. Sean Henderson.

Defendants also reserve the right to call rebuttal witnesses and any witnesses whose declarations

Plaintiffs cite in their brief. Defendants object to any declarations of witnesses being submitted

in support of an injunction without the opportunity to cross-examine those witnesses.

    5.  <u>**Deposition Designations prior to OSC Hearing**</u>

    **Joint Statement:** The Parties propose the following procedure for designation of

deposition testimony that will be played at the OSC hearing or lodged with the court:

    a.  The party intending to designate deposition testimony for a witness in its case in chief

        provides the page and line numbers of the designations to the other party by no later

        than 10:00 a.m. one week before it will be played or lodged. In other words, for a

        deposition intended be played or lodged on a Monday, the party intending to designate

        sends designations on the preceding Monday.

    b.  The non-sponsoring party provides any objections to the sponsoring party's deposition

        designations and identifies the page and line numbers of any counter-designations by no

        later than 6:00 p.m. the following day. In the example above, by 6:00 p.m. on Tuesday.

c. The sponsoring party provides any objections to the non-sponsoring party's counter-designations and identifies the page and line numbers of any counter-counter-designation by no later than 10:00 a.m. the following day. In the example above, by 10:00 a.m. on Wednesday.

**6. <u>Exhibit Lists for OSC Hearing</u>**

**Joint Statement:** The Parties propose that they exchange lists of all exhibits they intend to use, both in their case in chief and in their opposition no later than one week before the date of the hearing.

**Plaintiffs' Statement:** Plaintiffs believe that impeachment exhibits need not be included in the Parties' exhibit lists as Plaintiffs cannot anticipate the impeachable statement(s) that each witness might make during the OSC hearing.

**Defendants' Statement:** Defendants believe that impeachment exhibits should be included in the Parties' exhibit lists because of the logistical difficulties and delay that may be caused if counsel, the witness, and the Court must review an exhibit for the first time during a Zoom hearing.

**7. <u>Plaintiffs' Amendment of Complaint</u>**

**Joint Statement:** GEO Defendants filed a motion to dismiss the Complaint on September 21, 2020 (ECF 709). Federal Defendants have not been formally served with the Complaint and therefore have not yet responded to it. The Parties have agreed that in lieu of responding to the motion to dismiss, Plaintiffs will file an amended complaint, pursuant to Fed.R.Civ.P. 15(a)(1)(B), on or before October 30, 2020, and that Defendants will respond to the amended complaint within 60 days of filing. The Federal Defendants have 60 days for their

response as of right, pursuant to Fed. R. Civ. P. 12(a)(2) and 15(a)(3).  A stipulation to this effect

will be presented shortly.

**8.  <u>Discovery Disputes</u>**

**Joint Statement:** The Parties are separately submitting a discovery letter to the Court

concerning Federal Defendants' First Set of Interrogatories and Plaintiffs' objections thereto.

Plaintiffs anticipate that it may be necessary to submit other discovery disputes to the Court

concerning Defendants' discovery responses.[1]

Dated: October 9, 2020

Respectfully submitted,

/s/ Sean Riordan
William S. Freeman
Sean Riordan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

*Attorneys for Petitioners-Plaintiffs*

BURKE, WILLIAMS & SORENSEN, LLP

/s/ Susan E. Coleman

By: _____
Susan E. Coleman
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN
ALLEN

---

[1] It is Plaintiffs' position that other discovery issues may bear on the ability of the Parties to prepare for the OSC hearing. For example, Dr. Medrano's outside counsel has not yet committed to producing documents on a timeline that will allow Dr. Medrano's deposition to occur as planned. Defendants do not agree that the OSC hearing can be delayed any longer.  Plaintiffs have already obtained far more discovery than is typical at the preliminary injunction stage. Defendants have produced tens of thousands of pages of documents, responded to dozens of interrogatories and numerous informal requests, made their witnesses available for deposition, and are in the process of arranging a virtual site visit for Plaintiffs' expert witness.

HINSHAW & CULBERTSON LLP

/s/ Royal F. Oakes

By: _____

Royal F. Oakes
Michael A.S. Newman
David S. Weinstein
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN
ALLEN

DAVID L. ANDERSON

UNITED STATES ATTORNEY

/s/ Sara Winslow

By: _____

Sara Winslow
Assistant United States Attorney
Attorneys for Respondents-Defendants
DAVID JENNINGS, MATTHEW T.
ALBENCE, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT

## ATTESTATION REGARDING SIGNATURES

Pursuant to N.D. Cal. Civ. L. R. 5-1(i)(3), the undersigned attests that concurrence in the

filing of this document has been obtained from each of the other signatories.

*/s/ Sean Riordan*
Sean Riordan