Timothy W. Cook                                                                      David Weinstein
(617) 937-2433                                                                      +1 305-428-5038
tcook@cooley.com                                                                      GEO Counsel

October 19, 2020

Honorable Vince Chhabria
United States District Court
Northern District of California

      Re:    *Zepeda Rivas, et al. v. Jennings, et al.*, *Case No.* 3:20-cv-02731-VC - **Joint Submission in Connection with Discovery Dispute**

Dear Judge Chhabria:

    Plaintiffs and Defendant GEO Group, Inc. ("GEO") submit this joint letter pursuant to the Court's standing order on discovery disputes. *See* Standing Order for Civil Cases, ¶ 22.

*Plaintiffs' Statement:*

**Status of the Case/Discovery.** On September 8, 2020, the Court expressed a desire to better understand the facts on the ground as they related to medical care at Mesa Verde. Following the Court's statements, Plaintiffs served two sets of medical-care related discovery on GEO (Set 2 and Set 3). Plaintiffs requested documents and communications related "to the application, implementation, or enforcement of any portion of the CDC guidelines," among other guidelines. Plaintiffs also requested communications related to GEO's identification of "medical vulnerabilities" and provision of "medical care" in response COVID-19-positive detainees, among other requests. The responses were due September 18 and September 29. As of October 18, 2020, GEO still has not completed its production.

GEO agreed to search and produce responsive documents from two custodians: Warden Nathan Allen and Dr. John Christakis, the Chief Medical Officer at GEO. Plaintiffs attempted to meet and confer with GEO about search terms on multiple occasions. Without involving Plaintiffs (and initially refusing to even share their search-term collection criteria), GEO unilaterally engineered a collection process that excludes relevant, responsive documents. GEO's search-collection criteria included only six root search terms: cohort, corona, covid, isolate, quarantin*[1] and virus. (GEO also included various other search-term combinations that included those six root terms with additional limiters (e.g. "cohort AND 'mesa verde'")).

On September 29, 2020, after GEO finally shared its search terms with Plaintiffs, Plaintiffs proposed four additional search terms: CDC, medical,[2] corona*, and isolat*. Plaintiffs arrived at

---

[1] An asterisk, commonly referred to as a "wildcard" in e-discovery parlance, hits on any word with a letter after the asterisk. For example, "quarantine" and "quarantining" would be responsive to "quaratin*." Conversely, search terms without a wildcard only hit on words that use that exact term. Accordingly, "coronavirus" would not be a positive hit on "corona" or "virus" but would be a positive hit on a "corona*" or "*virus."

[2] Plaintiffs would consider running limiters (e.g. medical AND covid*; medical AND MV* OR Mesa*; medical AND corona*; medical AND plan) on Dr. Christakis's documents if the term

Timothy W. Cook  
(617) 937-2433  
tcook@cooley.com

David Weinstein  
+1 305-428-5038  
GEO Counsel

these search terms after reviewing a cross sample of 150 deduped documents that were produced by ICE in response to similar document requests. The cross sample revealed that approximately 24% of the deduped ICE documents were *not* captured by GEO's terms. The documents that were not captured by GEO's search terms contained the words: CDC, medical, "coronavirus," and "isolation." Moreover, GEO implicitly acknowledged the relevance of "corona*" and "isolat*" by using flawed versions of those terms that would not capture all responsive documents: "corona" and "isolate." GEO has flatly refused to even test these search terms to assess how many additional documents they capture.

**GEO Has Failed to Make a Reasonable Inquiry**. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). A party is entitled to request documents in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a). "A party responding to such a request must then make a reasonable inquiry to determine whether the responsive documents exist." *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 6501798, at *10 (N.D. Cal. Dec. 15, 2017) (citation and quotations omitted). The reasonable-inquiry requirement creates "an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Id.* (ordering defendant to produce responsive documents not captured by original search terms). Courts intervene when the parties fail to conduct a reasonable inquiry with search terms. *See, e.g., Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018) (ordering defendant to run disputed search term with 30 additional modifiers).

"[T]he party resisting discovery, not the party seeking discovery, bears the burden of persuasion" that the discovery is disproportional to the needs of the case. *Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp.*, 2016 WL 5219633, at *2 (S.D. W. Va. Sept. 20, 2016). GEO has flatly refused to evaluate Plaintiffs' proposed search terms. Instead, GEO has concluded, based on its own say-so and without any backup data, that it "*believes*" that its search terms "have been overinclusive and have collected all the documents and emails that would have been included using" Plaintiffs' proposed search terms. GEO has further suggested that because the RFPs used the term "COVID-19," additional search terms like "corona*" are inappropriate because they do not literally appear in the text of Plaintiffs' requests.

Moreover, Plaintiffs' sampling and its principled proposal demonstrate that GEO's bald conclusions are false. *See V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) ("The existence of such documents produced from other sources raises significant concern about the completeness of the search conducted[.]"). Examples of the sampled documents that did not hit on GEO search terms include Dr. Christakis's communications with ICE medical personnel regarding GEO "implement[ing] [certain] actions based on the guidance offered by the CDC" and "identifying patients who are at highest risk for developing serious complications due to coronavirus." Other sampled documents include medical updates provided to Nathan Allen

---

"medical" would yield an unreasonable volume because of his e-mail signature. It is necessary to use "MV*" rather than "MV" as a limiter because ICE and GEO internally refer to Mesa Verde as "MVIPC," short for Mesa Verde ICE Processing Center.

Timothy W. Cook
(617) 937-2433
tcook@cooley.com

David Weinstein
+1 305-428-5038
GEO Counsel

regarding a hospitalized COVID-positive detainee being "housed in medical isolation." These documents are indisputably responsive to the discovery requests. In any event, Plaintiffs do not have to accept GEO's bare assertions when it has the ability to provide actual data.

**Plaintiffs' Proposed Search Terms Are Proportional to the Needs of the Case**. "Under liberal discovery principles of the Federal Rules [a party opposing discovery is] required to carry a heavy burden of showing why discovery was denied." *Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1496326, at *1 (N.D. Cal. Apr. 20, 2011) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Throughout the meet-and-confer process, GEO has refused to consider any additional search terms, even before testing the terms to determine how many additional documents they would need to review. *Cf. Hardin v. Mendocino Coast Dist. Hosp.*, 2019 WL 4256383, at *2 (N.D. Cal. Sept. 9, 2019) ("Usually one side will propose search terms, and then the other side will run them to see if they generate too many hits, in which case the proposed search terms may have to be modified."). GEO has failed to engage in basic protocol or cooperation. *See* N.D. Cal. Guidelines for the Discovery of ESI ("The Court expects cooperation on issues relating to preservation, collection, search, review, and production of ESI.").

Nor can GEO argue that running these search terms and producing responsive documents would be burdensome when: (1) Plaintiffs have agreed to limit the collection to two custodians for a limited date range (July-September 2020); (2) Plaintiffs have provided additional time and multiple extensions; (3) GEO can use e-discovery software to deduplicate documents before reviewing responsive hits from the additional search terms; and (4) GEO has refused to entertain any proposals from Plaintiffs. By comparison, ICE recently agreed to add 13 additional search terms in response to similar document requests.

The Court has expressed an interest in better understanding medical-care related facts and the Court has ordered Defendants to respond to Plaintiffs' discovery. The record remains undeveloped. But GEO has failed to perform its basic obligations under the Federal Rules and Court guidelines. The Court should compel GEO to run Plaintiffs' search terms and produce responsive documents within 7 days of this order. *See* Dkt. No. 683 (ordering, over a month ago, "defendants must produce documents responding to these requests within 7 days from when the requests are served").

*GEO's Statement:*

GEO's position with respect to document production has been reasonable, for several reasons.

First, GEO has complied with plaintiffs' discovery requests.

In response to plaintiffs' Request for Production, Set No. 1, on June 26, 2020 and June 30, 2020, GEO produced 2645 pages of documents and email communications. This production included emails that were collected utilizing the search terms "covid" and "mesa verde" or "MV," for approximately 5 custodians, and everything in Warden Nathan Allen's inbox with the term "covid."

Timothy W. Cook
(617) 937-2433
tcook@cooley.com

David Weinstein
+1 305-428-5038
GEO Counsel

In response to plaintiffs' Request for Production, Set No. 2, on September 18, 2020, GEO produced over 300 pages of documents..

In response to plaintiffs' Request for Production, Set No. 3, on October 2, 2020, GEO produced 834 pages of documents, and on October 8, 2020, GEO produced another 352 pages of documents. On October 15, 2020, GEO produced another 1,373 pages of documents..

Thus far, GEO has delivered 3 sets of productions.

Including these three production sets, in response to interrogatories as well as requests for production, GEO has provided plaintiffs with a total of 25,200 pages of discovery.

Second, GEO's search term protocol for Request for Production, Set No. 3 involved a search of documents and communications from Warden Allen and Dr. John Christakis, the Chief Medical Officer at GEO, within the date range of July-September 2020. This was an update to the earlier production of email communications from Warden Allen produced in response to Request for Production, Set No. 1.

The following search terms were utilized to collect the potentially responsive documents and communications from Warden Allen; covid, corona, virus, quarantin*, isolate and cohort. The following search terms were utilized to collect the potentially responsive documents and communications from Dr. Christakis; (covid AND MV), (covid AND mesa verde), (covid AND mesa), (corona AND MV), (corona AND mesa verde), (corona AND mesa), (virus AND MV), (virus AND mesa verde), (virus AND mesa), (quarantin* AND MV), (quarantin* AND mesa verde), (quarantin* AND mesa), (isolate AND MV), (isolate AND mesa verde), (isolate AND mesa), (cohort AND MV), \(cohort AND mesa verde) and (cohort AND mesa).

Once the data was collected, it was entered into a relativity database where it was de-duplicated and reviewed for responsive and non-privileged documents and communications. This was a reasonable and thorough approach that has thus far produced 1,186 pages of documents. Plaintiffs' request that GEO replicate the search term protocol employed by the Federal Defendants is groundless and does not account for the more extensive set of custodians who were being searched through by the federal defendants. Moreover, when applied to the requests for production contained in plaintiff's Requests for Production, Sets Nos 2 and 3, the search terms used by GEO are overinclusive.

Third, based on the procedural context of this action, plaintiffs have no basis to demand additional discovery responses by GEO. Following the filing of GEO's motion to dismiss on September 21, 2020 to plaintiffs' original complaint, plaintiffs' counsel announced that plaintiffs are electing to file an amended complaint, and the parties have agreed that filing may occur not later than October 30, 2020, with responses to the amended complaint being due by the Federal Defendants, GEO and Nathan Allen sixty days thereafter. Thus, at this point the nature and scope of the allegations against GEO are completely unknown to GEO. Although GEO will continue to be cooperative in responding to formal and informal requests by plaintiffs, the fact the issues in this action, as they impact GEO, are a mystery, means plaintiffs are not in a position to dictate the

| | |
|---|---:|
| Timothy W. Cook<br>(617) 937-2433<br>tcook@cooley.com | David Weinstein<br>+1 305-428-5038<br>GEO Counsel |

nature of GEO's discovery responses.

Moreover, paragraph 22 of the Court's Standing Order for Civil Cases specifically states that, "The joint discovery letter process does not apply to discovery disputes with third parties." At this juncture, where the plaintiffs have acceded to the arguments made in GEO's motion to dismiss by choosing not to file a reply, but rather to amend their complaint to address its deficiencies, the GEO defendants are for all intents and purposes, third parties to the action between the plaintiffs and the federal defendants.

Respectfully submitted,


*/s/ Timothy W. Cook*
*Attorneys for Petitioners/Plaintiffs.*


*/s/ David Weinstein*
*Attorneys for Defendant GEO Group, Inc.*

## ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)

I, Timothy W. Cook, attest that concurrence in the filing of this joint discovery letter has been obtained from the other signatory, David Weinstein. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 19th day of October 2020, in Boston, Massachusetts.


                                              */s/ Timothy W. Cook*
                                              Timothy W. Cook