Timothy W. Cook
(617) 937-2433
tcook@cooley.com

Sara Winslow
(415) 436-6925
sara.winslow@usdoj.gov

David S. Weinstein
305-428-5038
DWeinstein@hinshawlaw.com

October 19, 2020

Honorable Vince Chhabria
United States District Court
Northern District of California

      Re:    *Zepeda Rivas, et al. v. Jennings, et al.*, Case No. **3:20-cv-02731-VC**
              **Joint Submission in Connection with Discovery Disputes**

Dear Judge Chhabria:

Pursuant to Paragraph 22 of the Court's Standing Order for Civil Cases, Plaintiffs and Defendants write to address Defendants' refusal to produce documents and witnesses regarding any financial consideration paid to GEO Group, Inc. ("GEO") for services related to Mesa Verde.

**Plaintiffs' Statement.**

We have been here before. The financial consideration paid to private contractors performing government functions—the detention of civil immigrants—and the incentives that consideration creates regarding the provision of appropriate care is relevant in this proceeding and any concerns over the contractor's proprietary information is fully addressed by the parties' protective order. The Court made that clear when it rejected the very same argument when Defendants refused to produce Wellpath contracts. *See, e.g.*, ECF 623 ("The Court *again* confirmed that the protective order in this case covers the contract between GEO and Wellpath . . . ."). Defendants have refused to produce GEO contracts and related documents on the same basis. Defendants' attempt to block this relevant discovery should meet the same fate as before.

**<u>Defendants Have Stonewalled Plaintiffs Based on Arguments Already Rejected By The Court.</u>**

On August 26, 2020, Plaintiffs served requests for documents on Federal Defendants, requesting:

Any and all DOCUMENTS and COMMUNICATIONS sufficient to show all financial consideration paid to the GEO Group, Inc. for services RELATED TO Mesa Verde Detention Facility, including all contracts between U.S. Immigration and Customs Enforcement, or any other federal agency, and the GEO Group setting the terms of such payment.

That same day, Plaintiffs also served a 30(b)(6) deposition notice of ICE seeking testimony on: "Financial consideration and incentives paid to Geo Group Inc. and Wellpath for services related to Mesa Verde." Federal Defendants have withheld this information on the basis that their federal contracts are somehow "trade secret privileged," "law enforcement privileged," and

"protected proprietary information."  In a recent meet and confer, Federal Defendants stood on their objections and insisted they would not produce documents or a witness on these topics without a court order.

**The Requested Documents and Testimony Are Relevant.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1). GEO is a massive federal contractor that received $900 million from federal-government contracts in the most recent fiscal year.[1]  The consideration paid to GEO and terms of any contracts are relevant to determining whether Federal Defendants or GEO made decisions to meet financial obligations, rather than the best interest of class members.  The documents and information sought are directly relevant to how and why Defendants detained class members.  They are also relevant to determining who had the financial responsibility for certain decisions, such as procuring testing supplies and authorizing hospitalization.  The information sought is also relevant to determining whether Defendants otherwise had a financial incentive to detain individuals, notwithstanding Defendants' awareness of the risks of continued group confinement during a deadly pandemic.

To the extent Defendants believe these documents contain confidential terms that merit shielding them from the public eye, the proper course would be to produce them under the protective order, rather than resort to self-help.  *See* ECF 623.  The Court has already made that clear on at least two occasions.  *Id.*  The first 30(b)(6) deposition is scheduled for October 22, 2020, and Plaintiffs ***have already*** been prejudiced by Defendants' refusal to produce relevant documents.  There is no excuse for Defendants' refusal to produce these relevant documents.

**The Court Should Order Production Within 24 Hours.**

Because Defendants' objections are meritless, flout the Court's clear guidance, and have prejudiced Plaintiffs, the Court should grant Plaintiffs' motion.  The Court should order Defendants to produce—within 24 hours of the Court's order—contracts and other documents and communications that show all financial consideration paid to the GEO Group, Inc. for services related to Mesa Verde, including all contracts between U.S. Immigration and Customs Enforcement, or any other federal agency, and the GEO Group setting the terms of such payment. The Court should also order ICE to produce a prepared witness to testify on this topic.  The Court should further grant Plaintiffs leave to recall any 30(b)(6) witnesses to the extent Defendants' delay in production impairs Plaintiffs' counsel's preparation for these forthcoming depositions.

Plaintiffs request expedited consideration of this joint letter because of the impending 30(b)(6) depositions and show-cause hearing. Should the Court determine a hearing is necessary, Plaintiffs are available to appear at any time.

**GEO Defendants' Statement.**

It is the position of Defendant GEO Group, Inc. ("GEO") that absent a Court Order

---

[1] *See* N. Confessore et al., *The Swamp That Trump Built*, N.Y. TIMES, Oct. 10, 2020, https://www.nytimes.com/interactive/2020/10/10/us/trump-properties-swamp.html

requiring disclosure of any financial consideration paid to GEO for services related to Mesa Verde, GEO will not voluntarily release or allow the Federal Defendants to produce documents regarding financial payments to GEO.

Initially, Plaintiffs misrepresent what they claim is the amount of money GEO has been paid by the federal government. The New York Times article cited by Plaintiffs in their portion of the joint letter (*Confessore, et al., The Swamp That Trump Built, N.Y. TIMES, Oct. 10, 2020, at fn 1*), does not break down the lump sum figure awarded to GEO by the federal government. Looking at the actual figures posted on usaspending.gov, which is the source of the lump sum amount stated in the New York Times article, discloses that this is the total sum GEO earned in the past twelve months from 644 transactions. This figure does not necessarily represent annual contracts, but also includes multi-year contracts as well and it may also include costs/expenses. Moreover, the award from DHS/ICE is less than that full amount.

GEO's responses to the claims contained in Plaintiff's portion of the joint letter titled "The Requested Documents and Testimony Are Relevant" are as follows:

- DHS/ICE decides who is detained. GEO runs a facility subject to general health and safety standards and contractual requirements contained in the contract between GEO and DHS/ICE. The amount of money paid to GEO is irrelevant to GEO's operating considerations. Whichever costs are borne by GEO, as opposed to DHS/ICE, are contained within the contract and do not factor into the treatment or care provided by GEO's subcontractor Wellpath.

- DHS/ICE has the sole decision making authority as to whether and how the class members are detained. GEO has no input in detention decisions such as intake and transfer.

- Hospitalization decisions are made by medical personnel, not GEO. The purchase of testing and other supplies are costs set out in the contract. ICE pays for hospital costs but has no input on whether individuals should be sent to the hospital.

In addition, pursuant to the FOIA, the monetary figures for individual contracts would be protected from disclosure.

GEO also believes that these are documents which contain confidential terms that are trade secret privileged figures. California Uniform Trade Secrets Act (Civ. Code, § 3426 et seq) defines a trade secret as "information, including a formula, pattern, compilation, program, device method, technique, or process, that . . . (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and . . . (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (Civ. Code, § 3426.1, subd. (d).)

GEO derives economic interests by being competitive in its bids for work. If those numbers are shared publicly, then competitors can copy the numbers or beat them slightly to win the contracts. GEO actively opposes any efforts to make these figures public in this or other litigation matters.

Plaintiffs suggest the information sought should be produced pursuant to the existing protective order in this matter. The possibility exists, however, that Plaintiffs' counsel would choose to disclose information on the same ground such disclosure was made by counsel for the plaintiffs in the case of *Menocal, et al. v. The GEO Group, Inc.*, United States District Court for the District of Colorado, 14-cv-02887-JLK-MEH.

In the *Menocal* matter, counsel for the plaintiffs disclosed documents marked by GEO as confidential, claiming they did not believe GEO would agree to waive the confidentiality designations. (*See Menocal*, DE 333 at p 2).

As in *Menocal*, here GEO will not agree to waive the confidentiality designations. GEO is unwilling to agree to the voluntary release of the requested financial documents.

Finally, in response to GEO's September 21, 2020 motion to dismiss the complaint (which contained a sole count against GEO, relating to alleged First Amendment violations pertaining to a detainee hunger strike), Plaintiffs stated their intention to not oppose the motion, but instead to file an amended complaint not later than October 30, 2020. Thus, the nature of the allegations against GEO, if any are included in the amended complaint, is completely unknown, undermining Plaintiffs' claim that the information now sought should be produced. (*See Stipulation of the Parties,* DE 747.)

**Federal Defendants' Statement.**

Government counsel notified Plaintiffs' counsel on an October 2, 2020 meet and confer call that their upcoming document production would not include the requested documents regarding financial payments to GEO and Wellpath because GEO had advised ICE that it objected to such production without a Court order. The production was made on October 4, 2020 (after being delayed two days by technical issues). It included the contract between ICE and GEO for Mesa Verde, but not the separate financial payment documents. In their responses submitted with the production, Federal Defendants stated that "[f]inancial payment information is also being withheld at GEO Group, Inc.'s request, absent a court order." Federal Defendants did not object to producing these documents once a Court order was obtained, but only withheld them pending such Court order due to GEO's objections. Inexplicably, Plaintiffs did not raise this issue with the Court in a joint letter in early October, or during the October 14, 2020 status conference, but instead waited until Sunday, October 18, 2020, emailed defense counsel Plaintiffs' portion of a joint letter, and demanded Defendants' response the next day. Plaintiffs are now demanding production of the documents in 24 hours. While Federal Defendants continue to be ready and willing to produce the documents upon a Court order to do so, the failure of Plaintiffs' counsel to act on this matter for 16 days does not create an emergency that the Court and Federal Defendants must respond to immediately. Moreover, the financial information sought by Plaintiffs is of marginal relevance to the overall case, and not at all necessary for the upcoming preliminary injunction hearing. Assuming the Court issues an order requiring the documents to be disclosed, Federal Defendants request that they be given three business days to process and produce them.

Respectfully submitted,

*/s/ Timothy W. Cook*
*Attorneys for Petitioners/Plaintiffs*

*/s/ David S. Weinstein*
*Attorneys for GEO Defendants*

*/s/ Sara Winslow*
Assistant United States Attorney
*Attorneys for Federal Defendants*

      The undersigned attests that concurrence in the filing of this letter has been obtained from all signatories. Executed this 19th day of October 2020, at Boston, Massachusetts.

                                                  /s/ *Timothy W. Cook*