Timothy W. Cook  
(617) 937-2433  
tcook@cooley.com

Neal C. Hong  
(415) 794-3201  
neal.hong@usdoj.gov

October 20, 2020

Honorable Vince Chhabria  
United States District Court  
Northern District of California

      Re:    *Zepeda Rivas, et al. v. Jennings, et al.*, *Case No.* 3:20-cv-02731-VC  
              **Joint Submission in Connection with Discovery Disputes**

Dear Judge Chhabria:

Pursuant to Paragraph 22 of the Court's Standing Order for Civil Cases, the Federal Defendants and the Plaintiffs write concerning the Federal Defendants' first set of interrogatories.

**THE FEDERAL DEFENDANTS' STATEMENT**

The Federal Defendants respectfully request that the Court order the Plaintiffs to provide the information requested in the Federal Defendants' Interrogatory No. 2.

On July 17, 2020, the Federal Defendants sent two interrogatories to the Plaintiffs. Interrogatory No. 1 asked whether the putative class members were willing to consent to COVID-19 testing and sign the necessary consent forms. If a class member refused to be tested or sign the consent form, the interrogatory asked for the reasons why the class member does not consent and is unwilling to sign a consent form. Defendants are not seeking to compel responses to Interrogatory No. 1 at this time.

Interrogatory No. 2 asked whether the class members wear a mask at all times during each day (except as may be necessary to move the mask to eat, bathe, or brush teeth). If a class member does not, the interrogatory asked the class member to: (1) state the times during each day that the class member does not wear a mask; (2) how long the class member does not wear a mask; (3) how close the class member is to any other person during those times, and (4) all reasons why the class member does not wear a mask

These two interrogatories constitute the only discovery that Defendants have sought from the Plaintiffs, while the Federal Defendants have produced tens of thousands of pages of documents and responded to dozens of interrogatories propounded by the Plaintiffs, in addition to numerous informal information requests.

On July 31, 2020, the Plaintiffs responded by objecting to the interrogatories in their entirety because "[they] seek[] discovery from absent class members, which is not proper in the absence of a strong showing of good cause." However, Plaintiffs have refused to provide responses even for the named class members. Plaintiffs also argued that the interrogatories were "not relevant," "unjustifiably burdensome," and "impossible to answer."

Timothy W. Cook	Neal C. Hong
(617) 937-2433	(415) 794-3201
tcook@cooley.com	neal.hong@usdoj.gov

Absent class members are not always required to submit to discovery, but courts have permitted discovery when "the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *6 (N.D.Cal. July 8, 2008); *Mas v. Cumulus Media Inc*, 2010 WL 4916402, *3 (N.D. Cal. Nov. 22, 2010); *see also Aldapa v. Fowler Packing Company Inc.*, 2019 WL 1047492, at *4 (E.D. Cal. Mar. 5, 2019); *Arredondo v. Delano Farms Co.*, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974).

Indeed, "the Federal Rules of Civil Procedure and the decisions of the Ninth Circuit Court of Appeals favor discovery to assist in the underlying goals of litigation." *Aldapa*, 2019 WL 1047492, at *4; *see* Fed. R. Civ. P. 26(b)(1) (allowing non-privileged discovery relevant to a party's claim or defense regardless of admissibility at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth.").

The information is relevant to this litigation[1] because masks are effective tools that can slow and stop the spread of COVID-19, particularly when used within a community setting. *See* Centers for Disease Control and Prevention, *CDC calls on Americans to wear masks to prevent COVID-19 spread* (Jul. 14, 2020), https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html (last visited October 14, , 2020). Indeed, in a class action pending in the Central District of California regarding the Adelanto ICE Processing Center, the court has ordered the detainees to wear masks, except while sleeping, eating, drinking, or showering. *See* ECF No. 596 *Hernandez Roman v. Wolf,* No. EDCV 20-00768 TJH (C.D. Cal. Sept. 29, 2020). Therefore, among other things, Interrogatory No. 2 goes to causation of any injury to the class members. Even if the Plaintiffs do not call any detainees to testify, the information is relevant because class counsel have submitted declarations from detainees (including absent class members) throughout the litigation. They have also made representations to the court about what the absent class members say about various issues.

The details about the class members' mask practicesand the reasons behind those practices are not readily obtainable by Federal Defendants. The requested information is not unduly burdensome because this class is finite and all members have been identified. A questionnaire to the class members could easily address the Federal Defendants' interrogatories and is not unduly burdensome. To further lessen any burden, the Federal Defendants are willing to work with the Plaintiffs on crafting the questionnaire that addresses Interrogatory No. 2, and distributing it to detained class members. Verifying the interrogatory should not be burdensome. Class counsel has managed to submit declarations from the detainees; accordingly, they similarly should be able to get Interrogatory No. 2 verified.

---

[1] The discovery is also relevant to the issue of class certification. The Court has only provisionally certified this class.

Timothy W. Cook                                                                  Neal C. Hong
(617) 937-2433                                                                   (415) 794-3201
tcook@cooley.com                                                       neal.hong@usdoj.gov

Interrogatory No. 2 is relevant to the Federal Defendants' defense, and is not "unjustifiably burdensome," or "impossible to answer." The Plaintiffs argue that "the discovery requested would…requir[e] Class Counsel to conduct personal interviews with at least 170 class members under circumstances in which their access to class members is difficult at best." A questionnaire would alleviate the Plaintiffs' concerns about conducting personal interviews. In any event, as the bail application process has demonstrated, Class Counsel is readily able to obtain and relay information from the class members.

The Plaintiffs also argue that Interrogatory No. 2 is "impossible to answer insofar as Class Counsel are not in a position to observe the actions of each Class member 'at all times during each day'" and the "Federal Defendants have far greater ability to observe class members than Class counsel do." It is unnecessary for Class Counsel to observe each class member to answer this interrogatory. A questionnaire would also alleviate this concern. Although it is true that the Federal Defendants have a greater ability to observe the class members, the Federal Defendants cannot know the reasons behind a class member's mask practices by observation.

## PLAINTIFFS' STATEMENT:

**Defendants Carry a Heavy Burden in Seeking Discovery From Absent Class Members.**
"Absent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted." *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at \*2, \*6 (N.D. Cal. July 9, 1992) (denying absent class discovery). As Defendants' lead case recognizes, "[a]bsent class members are not ordinarily required to submit to discovery . . . ." *Tierno*, 2008 WL 2705089, at \*6 (denying discovery of absent class members).

Courts permit discovery of absent class members when the proponent of discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. 3 Newberg on Class Actions § 9:13 (5th ed.) ("Newberg") (citing *Clark*, 501 F.2d at 340-41 & n.24 (reversing district court's order granting interrogatories to absent class members)). Other courts have allowed discovery only "where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." Newberg, § 9:13 (citing *On the House Syndication, Inc. v. Fed. Exp. Corp.*, 203 F.R.D. 452, 456 (S.D. Cal. 2001) (denying motion to compel interrogatory responses from absent class members)). "Absent a strong showing of necessity, discovery [of absent class members] generally will be denied." *In re Worlds of Wonder*, 1992 WL 330411, at \*2 (quotations omitted). Further, "[a] defendant seeking discovery from absent class members bears the burden of demonstrating that the discovery concerns common, rather than individualized, issues." Newberg, § 9:16. Under any test, Defendants have not met their burden to obtain individualized discovery from absent members.

**The Propounded Discovery Is Not Necessary.** "The burden is heavy to justify asking questions by interrogatories [of absent class members]." *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D.

Timothy W. Cook                                                                                          Neal C. Hong
(617) 937-2433                                                                                           (415) 794-3201
tcook@cooley.com                                                                              neal.hong@usdoj.gov

598, 600 (N.D. Cal. 1993) (denying absent class member discovery). Defendants do not seek to compel responses to their first interrogatory—each class member's consent to COVID-19 testing—an implicit acknowledgment that they cannot meet their heavy burden. Interrogatory 2 is equally improper, and Defendants cannot make the strong showing required to meet their burden.

Interrogatory 2 seeks to ascertain whether each "class member wears a mask at all times during each day" and, if not, the specific reasons why each class member does not wear a mask. On its face, the interrogatory is improper because it is not "addressed to common issues (as opposed to individual issues)[.]" *See Groth v. Robert Bosch Corp.*, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008) (denying discovery about individual health status of putative class members). Notably, Plaintiffs have informed Defendants they do not intend to call any detainees at the forthcoming hearing. These individuals are absent class members that have not injected themselves into the litigation. Simply put, their individual practices are not on trial.

Defendants' cursory reference to a previous *Hernandez-Roman* order does not somehow alter the typical discovery rules of class actions. In no way did *Hernandez-Roman* open the floodgates to classwide discovery. To the contrary, if any conduct is relevant to detainee mask wearing, *Hernandez-Roman* noted it is Defendants' responsibility to "adequately educat[e] the class members about the transmission risks of COVID-19 and the disease-containment benefits of wearing masks and maintaining a social distance." *Hernandez-Roman v. Wolf*, 2020 WL 6107069, at *5 (C.D. Cal. Oct. 15, 2020) (ordering government to reduce population at Adelanto). Classwide interrogatories are not necessary to develop that evidence. Because "the information sought as to class members' … practices and motivations deal with individual questions more than classwide issues," the Court should deny Defendants' motion to compel. *See Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 632 (M.D. Ga. 1999) (denying classwide interrogatories).[2]

**The Information Is Known to Defendants and Burdensome.** Even if the interrogatories were relevant, they still would not be appropriate because Defendants have better access to the information sought and responding would require a significant time commitment from counsel. Defendants *admit* they are better positioned to observe detainees' mask-wearing habits. Though that information is of dubious relevance, and the Court has suggested as much at previous case management conferences, Defendants presumably have access to monitoring mechanisms to track mask-wearing. *See Tierno*, 2008 WL 2705089, at *6 (denying absent class discovery when defendant previously "had unfettered access" to absent class members). Conversely, Plaintiffs or counsel have no way of ascertaining class mask-wearing habits "at all times" for several months.

Defendants contend that explaining, educating, and collecting individual interrogatory responses would not impose a burden. According to Defendants, collecting these responses would be similar to the bail application process. But the bail application process has involved dozens of

---

[2] Defendants' assertion that "Plaintiffs have refused to provide responses even for the named class members" is misleading. As Defendants are aware, only one named plaintiff, Lawrence Mwaura, remains in detention at Yuba. No named plaintiffs remain at Mesa Verde. It is unclear how Defendants expect Plaintiffs to verify these interrogatories. *See* Fed. R. Civ. P. 33(b)(3); *see also* Instruction No. 11 ("The Interrogatories are to be signed and verified by [named] Plaintiffs . . .").

| | |
|---|---:|
| Timothy W. Cook<br>(617) 937-2433<br>tcook@cooley.com | Neal C. Hong<br>(415) 794-3201<br>neal.hong@usdoj.gov |

attorneys and staff; most applications take between 10-20 hours to complete and involve multiple interviews and translators. Defendants' comparison to bail applications underscores how burdensome it would be to assist class members in responding to interrogatories.

Next, Defendants propose that Plaintiffs respond to an undeveloped questionnaire.[3] Defendants suggest that counsel would not have to interview each class member to answer this questionnaire. But even a questionnaire would require a significant undertaking, and responding in sworn testimony requires assistance of counsel. *See McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 518 (S.D. Cal. 2008) (denying interrogatories to absent class members because it required assistance of counsel). Further, past experience suggests that questions regarding COVID practices at the detention center require significant explanation from counsel to ensure class members understand what is being asked of them. This eliminates the feasibility of Defendants' purportedly less burdensome option. The only available means to gain the information sought would thus be phone conversations with individual class members. Such conversations involve explaining the purpose and consequences of a sworn statement, answering questions, and overcoming language barriers. Class counsel often have to work with class members' individual immigration attorneys, who frequently vet submissions. Based on the effort involved to prepare bail applications, counsel anticipates that working with a class member to substantively respond to the interrogatory would involve a significant amount of time, as well as transactional time for scheduling interviews and conducting follow-up calls. Given the logistical challenges of the facilities, the scarcity of telephones, and the need for interpreters, responding to the interrogatories would take weeks. Furthermore, Defendants have had Plaintiffs' objections for months. And now, only on the eve of the OSC hearing, have they decided to cobble a discovery dispute that would divert counsel's attention from the issues that matter.

**The Discovery May Be Designed to Undermine the Class.** "Even interrogatory discovery … could have the effect of discouraging individual class members from participation." *On the House Syndication*, 203 F.R.D. at 457. At both the district court and appellate court, Defendants argued that individual defenses and individualized factors precluded provisional class certification. The Court rightly rejected that argument, finding that the common issues of fact and law—the conditions of confinement at the facilities—justified provisional class certification. Defendants' interrogatories focus on individual facts, rather than common issues, in an apparent attempt to rehash its class-certification arguments and discourage detainees from participating in the case.

**Conclusion.** Because discovery of absent class members is presumptively inappropriate, and the interrogatories seek stale, individualized information that would otherwise impose a significant burden on class counsel, the Court should deny Defendants' motion to compel.

---

[3] During a call, Defendants sought Plaintiffs' agreement to a hypothetical questionnaire. Plaintiffs' counsel invited Defendants to propose a questionnaire, while cautioning that their concerns would likely remain. Defendants declined. Defendants cannot compel what does not exist. In any event, questionnaires like the one contemplated by Defendants are improper discovery devices in class actions. *See, e.g.*, *McCarthy v. Paine Webber Grp., Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) (rejecting proposed questionnaire that posed individual questions to absent class members).

5

Timothy W. Cook  
(617) 937-2433  
tcook@cooley.com

Neal C. Hong  
(415) 794-3201  
neal.hong@usdoj.gov

Respectfully submitted,

*/s/ Timothy W. Cook*  
*Attorneys for Petitioners/Plaintiffs*

*/s/ Neal C. Hong*_____  
Assistant United States Attorney  
*Attorneys for Federal Defendants*

Attachments:  
Federal Defendants' First Set of Interrogatories  
Plaintiffs' Objections to Federal Defendants' First Set of Interrogatories

    The undersigned attests that concurrence in the filing of this letter has been obtained from all signatories. Executed this 20th day of October 2020, at Oakland, California.

                                                     /s/ Neal C. Hong_____