DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
|     Plaintiffs, | **FEDERAL DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
|     Defendants. | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 33, defendants David Jennings, Matthew T. Albence, and U.S. Immigration and Customs Enforcement (Federal Defendants) propound the following interrogatories upon Plaintiffs and request that the interrogatories be answered separately, fully, and under oath. In light of Plaintiffs' position regarding a possible evidentiary hearing and the need for expedited discovery in advance of the possible hearing, Federal Defendants request and instruct Plaintiffs to respond to these interrogatories on an expedited basis by no later than Friday, July 31, 2020.

## DEFINITIONS

1. "Action" means the litigation captioned *Zepeda Rivas et al. v. Jennings et al.*, No. 3:20-cv-02731-VC, filed in the U.S. District Court for the Northern District of California.

2. "Class members" means all members of the putative class provisionally certified by the Court in this Action.

3. "COVID-19" means the disease discussed in paragraph 139 of the Class Petition for Writ of Habeas Corpus and Class Complaint for Injunctive and Declaratory Relief, filed as ECF No. 1 in this Action, or the virus that causes such disease.

4. "Day" means a twenty-four-hour calendar day and includes the night.

5. "Date" means the exact date, month, and year, if ascertainable, or if not, the best approximation of the exact date, month, and year.

6. "Federal Defendants" means David Jennings, Matthew T. Albence, and U.S. Immigration and Customs Enforcement.

7. "Person" means any natural person or any business, legal or governmental entity, or association.

8. "Plaintiffs" or "you" means Angel de Jesus Zepeda Rivas, Brenda Ruiz Tovar, Lawrence Mwaura, Luciano Gonzalo Mendoza Jeronimo, Coraima Yaritza Sanchez Nuñez, Javier Alfaro, and Dung Tuan Dang, acting on behalf of themselves and all others putative class members.

9. When referring to a person, "identify" means to give, to the extent known, the person's full name and aliases, present or last known address, phone number, contact information, alien registration number (if any), date of birth, and the present or last known place of employment.

10. When referring to a non-natural person, "identify" means to provide the name of the entity, the complete address of its principal place of business, all other offices or subsidiaries, and telephone numbers.

11. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

12. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

13. The phrases "pertain to" and "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

## INSTRUCTIONS

1. In answering these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your agents, attorneys, accountants, advisors, consultants, volunteers, or other persons directly or indirectly employed by you or your attorneys, and anyone else otherwise subject to your control.

2. In answering these interrogatories, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

3. If, after exercising due diligence to do so, you cannot fully answer any one or any sub-part of an interrogatory or request for production, explicitly so state and explain what you did to attempt to secure the known information. Answer all other subparts of the interrogatory or request for production, and provide any information in your possession which may partially answer the interrogatory or request for production, or which may lead Federal Defendants to the discovery of the unknown information.

4. These interrogatories are continuing and the answers/responses thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

5. With respect to any claim of privilege by you regarding any documents, communications, or information sought by any of Federal Defendants' discovery requests, you are hereby requested, pursuant to Federal Rule of Civil Procedure 26(b)(5), to identify each such document, communication, or information withheld on grounds of an alleged privilege, and specifically set forth the following:

    a. the nature and basis of the privilege claimed;

    b. the authors;

    c. the addressee(s), including the recipients of copies;

    d. the date of the document, communication, or information;

    e. the subject matter of the document, communication, or information;

    f. if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) are attorneys; and

    g. any other information necessary to support the claim of privilege.

6. Each paragraph herein shall be construed independently and not with reference to any other paragraph herein, unless otherwise specified.

7. If you object to any request on the ground that the request is too broad and/or burdensome, respond to the extent the request is not deemed overly broad or burdensome.

8. Your responses must identify the person providing the information that is included in the response.

9. If you cannot answer an interrogatory fully and completely, answer as much as you can and provide the facts upon which you rely in support of your contention that you cannot answer fully and completely.

10. The terms "all," "any," and "each" shall be construed as "all, any, and each." "Including" shall be construed as "including but not limited to." "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The singular of any word includes the plural and vice versa. The past, present, or future tense of any word includes all other tenses. The masculine, feminine, or neuter version of any word includes all other sexes and genders.

11. The interrogatories are to be signed and verified by Plaintiffs in accordance with Federal

Rule of Civil Procedure 33.

## INTERROGATORIES

1.  For each putative class member, state whether the class member consents to be tested for COVID-19 and is willing to sign all consent forms necessary to be tested for COVID-19, and, for any class member that does not consent to be tested for COVID-19 and is unwilling to sign all consent forms necessary to be tested for COVID-19, state all reasons why the class member does not consent and is unwilling to sign such consent forms.

2.  For each putative class member, state whether the class member wears a mask at all times during each day (except as may be necessary to move the mask to eat, bathe, or brush teeth) and, for any class member that does not wear a mask at all times during each day, state all times during each day when the class member does not wear a mask and for how long the class member does not wear a mask, how close the class member is to any other person during those times, and all reasons why the class member does not wear a mask.

DATED: July 17, 2020

                                          DAVID L. ANDERSON
                                          United States Attorney

                                          *s/Shiwon Choe*
                                          SHIWON CHOE
                                          Assistant United States Attorney

                                          Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of July 2020, a true and correct copy of Federal Defendants' First Set of Interrogatories was served via electronic mail on Marty Schenker, counsel for Plaintiffs.

                                      DAVID L. ANDERSON
                                      United States Attorney

                                        *s/Shiwon Choe*
                                        SHIWON CHOE
                                        Assistant United States Attorney

                                        Attorneys for Federal Defendants