1    WILLIAM S. FREEMAN (SBN 82002          MANOHAR RAJU (SBN 193771)
     wfreeman@aclunc.org                    Public Defender
2    SEAN RIORDAN (SBN 255752)              MATT GONZALEZ (SBN 153486)
     sriordan@aclunc.org                    Chief Attorney
3    ANGÉLICA SALCEDA (SBN 296152           GENNA ELLIS BEIER (CA SBN 300505)
     asalceda@aclunc.org                    genna.beier@sfgov.org
4    AMERICAN CIVIL LIBERTIES UNION         EMILOU H. MACLEAN (CA SBN 319071)
     FOUNDATION OF NORTHERN                 emilou.maclean@sfgov.org
5    CALIFORNIA                             FRANCISCO UGARTE (CA SBN 241710)
     39 Drumm Street                        francisco.ugarte@sfgov.org
6    San Francisco, CA 94111                OFFICE OF THE PUBLIC DEFENDER SAN
     Telephone: (415) 621-2493              FRANCISCO
7    Facsimile: (415) 255-8437              555 Seventh Street
                                            San Francisco, CA 94103
8    *Attorneys for Petitioners-Plaintiffs*  Direct: 415-553-9319
     Additional Counsel Listed on Following Page    Fax:    415-553-9810

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, | Case No. 3:20-cv-02731-VC |

14

15

16

17              Petitioners-Plaintiffs,

**PLAINTIFFS' OBJECTIONS TO FEDERAL DEFENDANTS' FIRST SET OF INTERROGATORIES**

18        v.

19    DAVID JENNINGS, Acting Director of the
      San Francisco Field Office of U.S. Immigration
20    and Customs Enforcement; MATTHEW T.
      ALBENCE, Deputy Director and Senior
21    Official Performing the Duties of the Director
      of the U.S. Immigration and Customs
22    Enforcement; U.S. IMMIGRATION AND
      CUSTOMS ENFORCEMENT; GEO GROUP,
23    INC.; NATHAN ALLEN, Warden of Mesa
      Verde Detention Facility,
24
                 Respondents-Defendants.
25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' OBJS.
TO FED. DEFS.' FIRST SET OF
INTERROGATORIES
3:20-CV-02731-VC

1   BREE BERNWANGER* (NY SBN 5036397)    MARTIN S. SCHENKER (SBN 109828)
     bbernwanger@lccrsf.org               mschenker@cooley.com

2   TIFANEI RESSL-MOYER (SBN 319721)      COOLEY LLP
     tresslmoyer@lccrsf.org                101 California Street, 5th Floor

3   HAYDEN RODARTE (SBN 329432)        San Francisco, CA 94111
     hrodarte@lccrsf.org                  Telephone: (415) 693-2000

4   LAWYERS' COMMITTEE FOR CIVIL     Facsimile: (415) 693-2222
     RIGHTS OF                        TIMOTHY W. COOK (Mass. BBO# 688688)*

5   SAN FRANCISCO BAY AREA         tcook@cooley.com
     131 Steuart St #400                 FRANCISCO M. UNGER (Mass. BBO#

6   San Francisco, CA 94105          698807)*
     Telephone: (415) 814-7631         funger@cooley.com

7                                       COOLEY LLP
     JUDAH LAKIN (SBN 307740)        500 Boylston Street

8   judah@lakinwille.com                Boston, MA 02116
     AMALIA WILLE (SBN 293342)       Telephone: (617) 937-2300

9   amalia@lakinwille.com              Facsimile: (617) 937-2400
     LAKIN & WILLE LLP

10   1939 Harrison Street, Suite 420
     Oakland, CA 94612

11   Telephone: (510) 379-9216
     Facsimile: (510) 379-9219

12

13   JORDAN WELLS (SBN 326491)
     jwells@aclusocal.org

14   STEPHANIE PADILLA (SBN 321568)
     spadilla@aclusocal.org

15   AMERICAN CIVIL LIBERTIES UNION
     FOUNDATION OF SOUTHERN

16   CALIFORNIA
     1313 West Eighth Street

17   Los Angeles, CA 90017
     Telephone: (213) 977-9500

18   Facsimile: (213) 977-5297

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

**PLAINTIFFS' OBJS.
TO FED. DEFS.' FIRST SET OF
INTERROGATORIES
3:20-CV-02731-VC**

**INTRODUCTION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

for the Northern District of California, Plaintiffs hereby submit their Objections to Federal

Defendants' First Set of Interrogatories dated July 17, 2020.

**INTERROGATORY NO. 1:**

For each putative class member, state whether the class member consents to be tested for

COVID-19 and is willing to sign all consent forms necessary to be tested for COVID-19, and, for any

class member that does not consent to be tested for COVID-19 and is unwilling to sign all consent

forms necessary to be tested for COVID-19, state all reasons why the class member does not consent

and is unwilling to sign such consent forms.

**OBJECTIONS TO INTERROGATORY NO. 1:**

Plaintiffs object to Interrogatory No. 1 in its entirety because it seeks discovery from absent

class members, which is not proper in the absence of a strong showing of good cause.  Such a

showing has not and cannot be made here.  *See, e.g., In re Worlds of Wonder Securities Litigation,*

1992 WL 330411 (N.D. Cal. July 9, 1992); *Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1202 n. 9

(9th Cir.2008); *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 455,

456 (S.D. Cal. 2001).  Plaintiffs object to Interrogatory No. 1 because it seeks discovery that is

not relevant to any party's claim or defense and not proportional to the needs of this case under

Federal Rules of Civil Procedure 26(b)(1). Plaintiffs further object to Interrogatory No. 1 because

the discovery requested would be unjustifiably burdensome, requiring Class Counsel to conduct

personal interviews with at least 170 class members under circumstances in which their access to

class members is difficult at best.  In addition, Plaintiffs object to Interrogatory No. 1 insofar as it

is an incomplete hypothetical that is so vague as to make it effectively impossible to answer:

without knowing, for instance, what form of testing is under consideration; what consent forms

Defendants would require class members to sign; how the test would be used; and how long it would take to obtain results, the question is entirely hypothetical and unanswerable.

**INTERROGATORY NO. 2:**

For each putative class member, state whether the class member wears a mask at all times during each day (except as may be necessary to move the mask to eat, bathe, or brush teeth) and, for any class member that does not wear a mask at all times during each day, state all times during each day when the class member does not wear a mask and for how long the class member does not wear a mask, how close the class member is to any other person during those times, and all reasons why the class member does not wear a mask.

**OBJECTIONS TO INTERROGATORY NO. 2:**

Plaintiffs object to Interrogatory No. 2 in its entirety because it seeks discovery from absent class members, which is not proper in the absence of a strong showing of good cause. Such a showing has not and cannot be made here. *See, e.g., In re Worlds of Wonder Securities Litigation,* 1992 WL 330411 (N.D. Cal. July 9, 1992); *Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1202 n. 9 (9th Cir.2008); *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 455, 456 (S.D. Cal. 2001). Plaintiffs object to Interrogatory No. 2 because it seeks discovery that is not relevant to any party's claim or defense and not proportional to the needs of this case under Federal Rules of Civil Procedure 26(b)(1). Plaintiffs also object to Interrogatory No. 2 because the discovery requested would be unjustifiably burdensome, requiring Class Counsel to conduct personal interviews with at least 170 class members under circumstances in which their access to class members is difficult at best. In addition, Plaintiffs object to Interrogatory No. 2 because it is impossible to answer insofar as Class Counsel are not in a position to observe the actions of each Class member "at all times during each day." To the extent that this interrogatory is intended to require each absent Class member to effectively submit a separate sworn declaration, it is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' OBJS.
TO FED. DEFS.' FIRST SET OF
INTERROGATORIES
3:20-CV-02731-VC

1    impermissible for the reasons stated above. To the extent it would be answerable by observation,

2    Federal Defendants have far greater ability to observe class members than Class counsel do.

3

4

5

6    DATED: July 31, 2020

7                                                     /s/ Francisco Unger_____
                                                     Francisco M. Unger
8                                                    Cooley LLP

9                                                    *Attorney for Petitioners-Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PLAINTIFFS' OBJS.
TO FED. DEFS.' FIRST SET OF
INTERROGATORIES
3:20-CV-02731-VC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2020, a true and correct copy of Plaintiffs'

Objections to Federal Defendants' First Set of Interrogatories was served via electronic mail on

(1) Shiwon Choe, counsel for Federal Defendants and (2) Susan Coleman, counsel for GEO

Defendants.

/s/ Francisco Unger_____
Francisco M. Unger
Cooley LLP

*Attorney for Petitioners-Plaintiffs*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

**PLAINTIFFS' OBJS.
TO FED. DEFS.' FIRST SET OF
INTERROGATORIES**
**3:20-CV-02731-VC**