WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
EMILOU H. MACLEAN (SBN 319071)
emilou.maclean@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: 415-553-9319
Fax:    415-553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility, <br><br> Respondents-Defendants. | **CASE NO. 3:20-cv-2731 VC** <br><br> **[PROPOSED] SECOND PRELIMINARY INJUNCTION** |

[PROPOSED] PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK (Mass. BBO# 688688)*
tcook@cooley.com
FRANCISCO M. UNGER (Mass. BBO# 698807)*
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

## [PROPOSED] ORDER

Upon review of Plaintiffs' Motion for Temporary Restraining Order, Defendants' Response to the Order to Show Cause Why a Preliminary Injunction Should Not Issue, Plaintiffs-Petitioners' Reply to Defendants' Response, all supporting exhibits and declarations filed in support of Defendants' Response and Plaintiffs' Reply, and all exhibits, declarations, and status reports filed in connection with the above submissions, a preliminary injunction is GRANTED. Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Civil L. R. 65-1, the Court finds and orders as follows:

## PRELIMINARY INJUNCTION

The Court concludes that Plaintiffs-Petitioners have met their burden of showing: (1) a likelihood of success on the merits of their claim under the Due Process Clause of the Fifth Amendment with respect to conditions at the Mesa Verde ICE Processing Facility ("Mesa Verde"); (2) that the continued detention of subclass members at Mesa Verde are causing and will cause irreparable harm to subclass members absent a preliminary injunction; (3) that the balance of equities weighs in Plaintiffs-Petitioners' favor; and (4) that the public interest favors issuing a preliminary injunction. Accordingly, a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the inherent equitable powers of this Court is warranted. Despite some favorable changes in the conditions at Mesa Verde, the Court further concludes based on the record of Defendants' actions in this case, including Defendants' actions leading up to and during the COVID-19 outbreak at Mesa Verde, that "there exists some cognizable danger of recurrent violation." *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 854 (9th Cir. 1995) (quotation omitted). This preliminary injunction does not disturb the earlier preliminary injunction issued in this case (ECF No. 357), which remains in effect.

1.    The Court hereby DECLARES that conditions of confinement for all members of the provisionally certified subclass ("Subclass"), namely, all individuals held as detainees of U.S. Immigration and Customs Enforcement ("ICE") at Mesa Verde,

likely violate the Fifth Amendment because Defendants have failed to adequately address the risk of COVID-19 infection.

2.   It is hereby ORDERED as follows:

    a.   <u>Per-dormitory population limit</u>. Defendants shall not populate any dormitory at Mesa Verde in a manner that results in Subclass members sleeping within six feet of each other.

    b.   <u>Maintenance of Cohort Isolation Dormitory</u>. Defendants shall continue to maintain a dormitory at Mesa Verde for the purpose of isolating as a cohort any Subclass members who test positive for COVID-19 (the "Cohort Isolation Dormitory").

    c.   <u>Procedures for Subclass members presenting COVID-19 symptoms.</u> Defendants shall individually isolate in either a Medical Unit cell or Restricted Housing Unit cell any Subclass member who presents symptoms of COVID-19. Defendants shall then test that Subclass member with a laboratory PCR test. If the symptomatic Subclass member tests positive for COVID-19, Defendants shall follow the procedures set out in Paragraph 2.d.ii. If the symptomatic Subclass member tests negative for COVID-19, they may be returned to a general population dormitory.

    d.   <u>Procedures for Subclass members who test positive for COVID-19</u>:

        i.   <u>Staff</u>: Defendants shall ensure that Mesa Verde staff who test positive absent themselves from Mesa Verde for as long as necessary to meet the CDC requirements for discontinuing home isolation and may thereafter return only once a licensed physician certifies that they are not infectious or they obtain a negative COVID-19 test.

2

[PROPOSED] SECOND PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC

ii.    Subclass members: A Subclass member who tests positive for COVID-19 shall immediately be moved to the Cohort Isolation Dormitory. After a Subclass member who has tested positive for COVID-19 is deemed by a licensed physician to have recovered from COVID-19 and the relevant criteria from the CDC's interim guidance on "Discontinuation of Transmission-Based Precautions and Disposition of Patients with COVID-19 in Healthcare Settings"[1] has been satisfied, Defendants shall move them from the Cohort Isolation Dormitory into another dormitory.

iii.    Procedures for contacts of positive subclass members. If a Subclass member tests positive for COVID-19 and is in a dormitory, Defendants shall offer COVID-19 point-of-care testing to all other subclass members in the dormitory. If a Subclass member tests positive for COVID-19 and is *not* in a dormitory, Defendants shall offer COVID-19 point-of-care testing to all other subclass members who had close contact with that subclass member. Defendants shall follow procedures in Paragraph 2.d.ii for any Subclass member who tests positive as a result of this test. If any Subclass member who is a contact of COVID-positive Subclass members declines to be tested, Defendants shall report that fact to class counsel within two hours so that class counsel may then discuss the issue with the Subclass member. Defendants shall re-offer a COVID-19 test to the Subclass member after communication with class counsel.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/hcp/disposition-hospitalized-patients.html

3

[PROPOSED] SECOND PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC

iv.    No transfers from dormitory where a Subclass member tested positive. Unless such movement is necessary to protect a Subclass member from harm, Defendants shall refrain from moving any Subclass member from a dormitory in which another Subclass member tested positive for COVID-19 to another dormitory for a period of 14 days after that positive test.

e.    Limitations on new entrants being transferred into Mesa Verde. Defendants may not add new entrants to Mesa Verde through transfer from another ICE facility or another non-ICE jurisdiction unless necessary for medical evaluation, medical isolation/quarantine, clinical care, extenuating security concerns, release or removal, or to prevent overcrowding.

f.    Intake procedures.

i.    Intake screening and testing. Defendants shall perform a pre-intake screening, including a temperature check and a verbal symptoms check, for all new entrants for COVID-19 symptoms, before new entrants enter the facility or just inside the facility. Defendants shall also offer a COVID test to all new entrants. If a newly arriving Subclass member tests positive for COVID-19, Defendants may move that Subclass member directly to the Cohort Isolation Dormitory, in which case the requirements of Paragraph 2.d.ii would then apply to that Subclass member. If any newly arriving Subclass member declines to be tested, Defendants shall report that fact to class counsel within two hours so that class counsel may then discuss the issue with the Subclass member. Defendants shall re-offer a

4

[PROPOSED] SECOND PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC

COVID-19 test to the Subclass member after communication with class counsel.

ii.      Quarantine. Defendants shall adopt and implement one of the following two methods to segregate and quarantine any newly arriving Subclass member:

1.      Solo segregation and quarantine. Defendants may segregate and quarantine any newly arriving Subclass member alone in a Medical Unit cell or Restricted Housing Unit cell for 14 days.

2.      Group segregation and quarantine. Defendants may also segregate and quarantine any newly arriving Subclass member in a group of two or more for 14 days, but if they choose to do so they must (a) develop a plan in advance, to be approved by the Court after giving Plaintiffs an opportunity to comment on it, describing with particularity where in Mesa Verde a grouped quarantine would be housed and the maximum number of people in such group quarantine and (b) at the end of the 14 day quarantine period obtain a single negative PCR COVID-19 test or two consecutive negative point-of-care COVID-19 tests administered at least 48 hours apart before moving a Subclass member into a general population dormitory.

g.    Universal and periodic testing. Defendants shall continue administering a COVID-19 test that returns results within 48 hours of the test's administration to all Subclass members and Mesa Verde staff at least once

[PROPOSED] SECOND PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC

each week, with the exception of Subclass members and staff who have tested positive for COVID-19 within the past 60 days.

h.    Transfers out. Defendants shall not transfer a Subclass member out of Mesa Verde without the consent of class counsel or the Court, other than for purposes of removal or release. If Defendants believes a transfer is necessary, they are to first contact class counsel, and then seek emergency relief from the Court if necessary.

i.    Reporting. Defendants shall report to class counsel any new positive COVID-19 tests by Subclass members or Mesa Verde staff on the day that such positive test becomes known to Defendants. Defendants shall file a weekly status report including staff testing results (positive tests that week and cumulative positive tests since the start of the pandemic); the number of staff not at work because of COVID-19; Subclass member testing results (positive tests that week and cumulative positive tests since the start of the pandemic); the housing location of each Subclass member; descriptive information about any active COVID-19 cases, including information about severe cases and hospitalizations; and the number and identity of new entrants.

j.    No security. No security shall be required.

IT IS SO ORDERED.

Dated this ___ day of November 2020

_____
VINCE CHHABRIA
United States District Judge

6
[PROPOSED] SECOND PRELIMINARY INJUNCTION
CASE NO. 3:20-cv-2731 VC