## JUAN JOSE ERAZO HERRERA

## RENEWED SHORT-FORM BAIL APPLICATION

Juan Jose Erazo Herrera is a twenty-year-old torture survivor and asylum-seeker from El Salvador who has been in immigration custody for nearly three years, since he was seventeen years old. He is currently being held in extraordinarily dangerous conditions in A-pod. Mr. Erazo has a single juvenile adjudication and a pending charge as to which there has not been a finding of probable cause, and with regards to which the presiding judge has granted him release on bail, finding him not to present a danger. Significantly, this latest charge arose from an altercation that occurred when Yuba County Jail guards attempted to suppress a hunger strike that Mr. Erazo had commenced to protest the dangerous conditions when he was transferred from the new side of the jail to the cramped quarters of the old jail in July of this year—shortly after this Court ordered Defendants to maintain the status quo based on representations to the court that no ICE detainees were being held in the "old" jail. *See* Dkt. 894 at 4-6 and internal cites. If released, Mr. Erazo would reside with his newly appointed legal guardian, U.S. citizen Pedro Alanis, and would receive appropriate counseling and care for his PTSD and depression.

Mr. Erazo submitted an initial bail application with this Court on May 1, 2020. Dkt. 73-1. Defendants opposed Mr. Erazo's bail request. Dkt. 88-1. The Court deferred Mr. Erazo's bail request pending further information. Dkt. 97. Defendants supplemented their bail opposition, Dkt. 237, and Plaintiffs supplemented their bail application, Dkt. 240. The Court denied Mr. Erazo's request for bail without prejudice on May 25, 2020. Dkt. 246.

Mr. Erazo respectfully resubmits his application in light of changed circumstances, namely (1) a stronger release plan; (2) the imminent danger that he faces due to Yuba County Jail's decision to house him with county inmates who have recently been in close contact with COVID-positive individuals, and Federal Defendants' abject mismanagement of the current escalating outbreak at YCJ; and (3) a newly-filed form of immigration relief—an application for Special Immigrant Juvenile Status, filed in August of this year with the support of Mr. Erazo's court-appointed legal guardian, a well-established adult with whom Mr. Erazo shares a trusting relationship.

6. **Detained in**: Yuba County Jail

7. **Dorm Unit:** A Pod

    Mr. Erazo is at elevated risk of contracting COVID-19 due to Yuba County Jail's botched response to the ongoing outbreak. Mr. Erazo is currently housed in A-pod, where he does not have a solid door to protect him from aerosolized droplets from other ICE detainees and county inmates. As of Sunday, December 20, Mr. Erazo reported that most of A-pod was occupied with county inmates who were being held two to a two-person cell. Perhaps most concerning, class counsel was informed on Monday, December 21, that county inmates who had been housed in a unit where 80% of inmates had tested positive for COVID-19 were moved into A-pod; no information has been provided to either *Zepeda Rivas* or *Hedrick* class counsel regarding whether these individuals were given rapid tests prior to the housing reassignment to confirm that they had not contracted COVID-19 in

the days since their last negative test while they remained housed with other infected individuals. This places Mr. Erazo in imminent danger.

Furthermore, because he fears exposure to COVID-19, Mr. Erazo reports that he cannot use the shower or phone facilities, which are all shared and not cleaned between uses. He reports that his own cell was not cleaned or disinfected before his move, and he was forced to use his own shampoo to attempt to obtain minimum standards of cleanliness after being moved into a visibly filthy cell without access to cleaning supplies.

This is not the first time that Yuba's attempts to manage the risk of a COVID-19 outbreak have placed Mr. Erazo in danger. Mr. Erazo has been moved six times in the last four weeks, placing him at risk of exposure to infected individuals each time he moves. His most recent housing assignment prior to his move to A-pod was in Q4, where he shared a four-person cell where it was not possible to maintain social distance with another ICE detainee. That cell had no shower, so Mr. Erazo and his cellmate shared a shower with numerous county inmates. Prior to his introduction into that cell, the cell had been occupied by four County prisoners who ultimately all tested positive for COVID-19.

10. **Length of Time in Detention:** 34 months—nearly three years

14. **Pending Criminal Charges and Outstanding Warrants, Including Jurisdiction and Offense:**

    - Cal. P.C. 69, Resisting an officer

On approximately July 24, 2020, shortly after Mr. Erazo and several other ICE detainees were moved from their housing in the "new" side of the jail into G-Tank on the "old" side of the jail, Mr. Erazo and two other individuals commenced a hunger strike to protest the dangerous conditions in which they were being held. In an effort to suppress the strike—referred to as a "shakedown" by a Yuba County official in the incident report– several officers swarmed the small cell and began seizing Mr. Erazo's personal property, which, according to the report, was not a proper target of a response to a hunger strike. Mr. Erazo attempted to object, but because he does not speak English, he was unable to communicate with officers, who eventually responded with force. A deputy alleges that during the altercation that ensued, Mr. Erazo pushed him with one hand and struck him in the groin. The report also reflects that another officer used his hand to rub pepper spray directly into Mr. Erazo's eyes during the incident.

Mr. Erazo has retained *pro bono* representation in this case and pled not guilty, and there has not yet been a finding of probable cause. Significantly, the judge presiding over the case issued Mr. Erazo bail—indicating that even after considering the seriousness of his offense and his past juvenile record, she did not find him to be a danger and believed any

flight risk could be mitigated.[1] If released by this Court, a community organization has agreed to post Mr. Erazo's bail in order to secure his release.

Notably ICE's own internal investigations in June of this year documented violations with respect to use of force at Yuba County Jail.[2] News reports further corroborate instances of excessive force against other ICE detainees by Yuba County Jail officials.[3]

15. **Scheduled Removal Date, If Any:**

None. Since September of this year, Mr. Erazo's case has been pending at the Ninth Circuit, which has issued a stay of removal. Ninth Circuit adjudication typically takes approximately fourteen months.

Additionally, in August, Mr. Erazo applied for Special Immigrant Juvenile Status, a form of relief available to minors who cannot be reunited with one or both parents due to abuse, abandonment, or neglect, and as to whom a judge has found that it would not be in the minor's best interest to be returned to their country of citizenship.

16. **Family:**

In August of this year, a family court in Yuba County granted U.S. citizen Pedro Alanis legal guardianship of Mr. Erazo, who is 20 years old. Mr. Alanis and his brother-in-law, Peter Stocker, have been visiting Mr. Erazo weekly for over two years, and the family has developed a close relationship with him. As Mr. Erazo's legal guardian, Mr. Alanis will have substantially the same rights and responsibilities over Mr. Erazo as would a biological parent.

17. **Proposed Custodian and Description of Proposed Release Residence:**

If released, Mr. Erazo will reside with his legal guardian, Pedro Alanis, and Mr. Alanis' wife at ▬▬▬▬▬▬▬▬▬▬. Mr. Alanis can be reached at ▬▬▬▬▬.

The family's home is sufficient to allow Mr. Erazo to maintain social distancing and abide by any conditions the Court may impose, including self-quarantine for 14 days.

---

[1] *See* Cal. P.C. § 1275 ("In setting, reducing, or denying bail…The public safety shall be the primary consideration.").

[2] *See* Office of Detention Oversight Compliance Inspection: Yuba County Jail (June 2020), *available at* https://www.ice.gov/doclib/foia/odo-compliance-inspections/yubaCoJail_MarysvilleCA_Jun8-11_2020.pdf (documenting YCJ's failure to preserve surveillance video of one in three documented uses of force; failure to complete after-action reports in two thirds of instances of use of force; and failure to timely inform ICE of uses of force in 100% of documented cases).

[3] *See* Robinson, Ricardo, "The inmates are being treated worse than abandoned animals on the streets," IMMPRINT (October 11, 2019)(documenting YCJ guard's unprovoked assault of an ICE detainee, causing injury) *available at* https://imm-print.com/the-inmates-are-being-treated-worse-than-abandoned-animals-on-the-streets/; Urevich, Robin, "Sheriffs line up against California law that would prevent them from contacting Immigration and Customs Enforcement," Salon.com (March 17, 2017)(reporting YCJ guards' beating of an ICE detainee who was suffering an epileptic seizure) *available at* https://www.salon.com/2017/03/17/county-sheriffs-line-up-against-california-sanctuary-law_partner/.

If released, Jewish Family & Community Services of the East Bay has agreed to provide mental health counseling to Mr. Erazo, who has been diagnosed with Post-Traumatic Stress Disorder and depression.

18. **Other Information Relevant to Bail Determination:**

Mr. Erazo is at extraordinary risk of contracting a dangerous and deadly disease at Yuba County Jail. There has been an exponential increase of COVID cases in the past two weeks at Yuba due the mismanagement of the pandemic by Federal Defendants for months, and especially since the first COVID infections among the general population. Federal Defendants failed to develop a plan for the segregation and treatment of COVID-positive and symptomatic people, despite express and unambiguous CDC guidance requiring concrete planning. This led to confirmed COVID-positive individuals knowingly being left in mixed housing units. Federal Defendants also failed to be minimally informed about the risks posed to Mr. Erazo and others because of custodial decisions at the Facility. They further failed to promptly implement facility-wide or staff testing; administer systematic rapid testing to symptomatic people and close contacts; and implement proper quarantine protocols. *See* Dkts. 894, 894-1, 894-2, 894-3, and Transcript of Dec. 21, 2020 Case Management Conference. The result has been extraordinary risks for Mr. Erazo and other class members.

19. **Attached are (check all that are applicable, but that is not a substitute for answering the above questions): N/A**

All information in this application is accurate based on information and relief. This application was prepared using information from Mr. Erazo's attorney, undersigned class counsel. Class counsel reviewed the information herein as well as the prior related filings.

Respectfully submitted,

/s/ Kelly Engel Wells
Kelly Engel Wells

Class counsel