DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
NEAL C. HONG (ILBN 6309265)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov
    neal.hong@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, )<br><br>    Plaintiffs, )<br><br>  v. )<br><br>DAVID JENNINGS, *et al.*, )<br><br>    Defendants. )<br>  ) | CASE NO. 3:20-cv-02731-VC<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants David Jennings, Director, San Francisco Field Office, U.S. Immigration and

Customs Enforcement; Tony H. Pham, Senior Official Performing the Duties of Director, U.S.

Immigration and Customs Enforcement; and U.S. Immigration and Customs Enforcement ("ICE")

(together "Federal Defendants") hereby respond to the First Amended Class Complaint for Injunctive

and Declaratory Relief filed by Plaintiffs as follows:

    1.    Federal Defendants admit that they detain immigration detainees at Yuba County Jail

("YCJ") and Mesa Verde ICE Processing Facility ("Mesa Verde") and have done so during the COVID-

19 pandemic.  Federal Defendants admit that all named Plaintiffs were at one point detained at either

YCJ or Mesa Verde.  Federal Defendants admit that GEO Group, Inc. contracts with ICE to house immigration detainees at Mesa Verde.  Federal Defendants admit that Nathan Allen is a GEO Group, Inc. employee and aver that he is the Facility Administrator at Mesa Verde.  Federal Defendants deny each and every other factual allegation in Paragraph 1.

2.      Federal Defendants admit that two means of preventing the spread of COVID-19 are social distancing and testing and separation of individuals who may be infected with the virus.  Federal Defendants aver that the wearing of face coverings is another means of preventing the spread of COVID-19.  Federal Defendants admit that prior to the second temporary restraining order entered in this matter, at times ICE sought to house new detainees at Mesa Verde and YCJ, and aver that it did so after completing a COVID-19 screening of those detainees, and aver that at times ICE did not house new detainees at Mesa Verde and YCJ.  Federal Defendants deny each and every other factual allegation in Paragraph 2.

3.      Federal Defendants admit that this Court has ordered the temporary release of certain individuals detained at YCJ and Mesa Verde.  Federal Defendants admit that multiple orders have been entered in this matter, and Federal Defendants respectfully refer the Court to those orders for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 3.

4.      Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 4 and, on that basis, deny those allegations.

5.      Federal Defendants admit that Brenda Ruiz Tovar was detained and that she has been temporarily released by order of this Court.  Federal Defendants admit that Ms. Ruiz Tovar was granted relief from removal twice by the immigration judge and aver that the Board of Immigration Appeals ("BIA") reversed both grants of relief upon appeal.  Federal Defendants further aver that the government moved to remand Ms. Ruiz Tovar's petition for review to the BIA.  Federal Defendants deny each and every other factual allegation in Paragraph 5.

6.      Federal Defendants admit that Paragraph 6 recites Plaintiffs' request for relief in this case.  Federal Defendants deny Plaintiffs are entitled to relief.

7.      Federal Defendants admit only that decisions were issued in *Bahena Ortuño v. Jennings*, No. 20-CV-2064-MMC, 2020 WL 1701724 (N.D. Cal. Apr. 8, 2020) and *Bent v. Barr*, 445 F. Supp. 3d 408 (N.D. Cal. 2020).  Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 7.

8.      Federal Defendants admit that detainees and staff at Otay Mesa Detention Center had COVID-19 in April 2020.  Federal Defendants admit that Otay Mesa Detention Center is near San Diego, California.  Federal Defendants admit that detainees at other ICE detention facilities have had COVID-19.  Federal Defendants admit that over half the detainees at Mesa Verde had COVID-19 in August 2020.  Federal Defendants admit only that the Acting Director of ICE made a statement to a congressional committee on April 17, 2020.  Federal Defendants respectfully refer the Court to the statement for a full and accurate rendition its contents.  To the extent that Plaintiffs' characterization of the content of this statement is inconsistent with the text of the statement, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 8.

9.      Federal Defendants admit that the Centers for Disease Control ("CDC") has stated that COVID-19 may be spread by asymptomatic infected individuals.  Federal Defendants deny each and every other factual allegation in Paragraph 9.

10.     Federal Defendants admit only that decisions were issued in other habeas petitions involving YCJ and Mesa Verde.  Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two and three of Paragraph 10 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 10.

11.     Federal Defendants admit that the courts issued decisions in *Castillo v. Barr*, No. cv-20-00605 TJH (AFMX), 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020); *Xochihua-Jaimes v. Barr*, 962 F.3d 1065 (9th Cir. 2020) (mem.); *Bahena Ortuño,* 2020 WL 1701724; and *Bent*, 445 F. Supp. 3d 408.

Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 11.

12.    Federal Defendants admit that the courts issued decisions in *Hernandez Roman v. Wolf,* 829 F. App'x 165 (9th Cir. 2020), and *Savino v. Souza*, 20-cv-10617-WGY, 2020 WL 1703844 (D. Mass. Apr. 8, 2020).  Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 12.

13.    Deny.[1]

14.    Federal Defendants admit that the statutes and documents cited in Paragraph 14 exist.  Federal Defendants respectfully refer the Court to the statutes and documents for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations.  Federal Defendants deny that the Court has jurisdiction over this matter.  Federal Defendants deny each and every other factual allegation in Paragraph 14.

15.    Federal Defendants admit that the statutes cited in Paragraph 15 exist.  Federal Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these statues is inconsistent with the text of the statutes, Federal Defendants deny the allegations.  Federal Defendants admit that at least one Federal Defendant resides in this this district.  Federal Defendants deny that the actual custodian of any Plaintiff resides in this District.  Federal Defendants deny each and every other factual allegation in

---

[1] Federal Defendants admit that the court issued a decision in *Savino,* 2020 WL 1703844, that there is a Miscellaneous General Order 20-12 in the District of Alaska, and that Magistrate Judge Cousins in this district has a Criminal Case Standing Order related to COVID-19.  Federal Defendants respectfully refer the Court to these documents for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of those documents, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in footnote 1 of Paragraph 13.

FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Paragraph 15.

16.     Federal Defendants admit that Angel de Jesus Zepeda Rivas is an approximately 32-year old man who was detained by ICE at YCJ beginning on November 21, 2019, and was subsequently released by ICE.  Federal Defendants admit that while at YCJ, Mr. Zepeda Rivas sought medical attention for swollen feet, that he was diagnosed with hypertension, and that he was prescribed medication for hypertension.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, four, five, and six of Paragraph 16 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 16.

17.     The allegations in sentence one of Paragraph 17 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required.  Federal Defendants admit that Mr. Zepeda Rivas was not tested for COVID-19 while at YCJ.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, four, and six of Paragraph 17 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 17.

18.     Federal Defendants admit that Brenda Rubi Ruiz Tovar is an approximately 31-year-old Mexican national who was detained by ICE at YCJ from October 2, 2018, to on or about May 6, 2020, when she was ordered to be temporarily released by this Court.  Federal Defendants admit that Ms. Ruiz Tovar was granted relief from removal twice by the immigration judge and aver that the BIA reversed both grants of relief upon appeal by ICE.  Federal Defendants further aver that the government moved to remand Ms. Ruiz Tovar's petition for review to the BIA.  The remaining allegations in sentence three of Paragraph 18 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required.  Federal Defendants admit that Ms. Ruiz Tovar remained detained while her case was on appeal.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two and seven of Paragraph 18 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 18.

19.     Federal Defendants admit that Ms. Ruiz Tovar was not tested for COVID-19 at YCJ. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations

in sentences two, three, four, and five of Paragraph 19 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 19.

20. Federal Defendants admit that Lawrence Mwaura is an approximately 27-year-old man who was detained at YCJ from April 12, 2019, until on or about October 20, 2020, when he was ordered to be temporarily released by this Court. Federal Defendants admit that Mr. Mwaura arrived in the United States in 2002 from Kenya and that he adjusted status to that of permanent resident in 2006[2]. The allegations in clause one of sentence three of Paragraph 20 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required. Federal Defendants admit the Mr. Mwaura has filed a petition for review with the Ninth Circuit and that the automatic stay of removal is in place, and aver that Mr. Mwaura has stayed those proceedings. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two and four of Paragraph 20 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 20.

21. Federal Defendants admit that Mr. Mwaura was diagnosed with Valley Fever in 2018. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 21 and, on that basis, deny those allegations.

22. Federal Defendants admit that Luciano Gonzalo Mendoza Jeronimo is an approximately 31-year-old man, a native and citizen of Guatemala. Federal Defendants admit that he was detained at YCJ beginning on February 11, 2020, until subsequently released by ICE. Federal Defendants admit that Mr. Mendoza Jeronimo was previously ordered removed and that ICE reinstated his prior order of removal and arrested him in 2020. The allegations in sentence six of Paragraph 22 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required. Federal Defendants are without sufficient knowledge to admit or deny that Mr. Mendoza Jeronimo is an Indigenous Mayan and, on that basis, deny that allegation. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, and four of

---

[2] Federal Defendants note that in the Declaration of Dana Fishburn, Ms. Fishburn stated that Mr. Mwaura adjusted status to that of lawful permanent resident on February 2, 2011. ECF No. 37-14 ¶ 10. This was a mistake. Mr. Mwaura's I-213 reflects that he adjusted status in 2006. Federal Defendants regret the error and apologize for any inconvenience.

Paragraph 22 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 22.

23.    Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 23 and, on that basis, deny those allegations.

24.    Federal Defendants admit that Coraima Yaritza Sanchez Nunez is an approximately 26-year-old Mexican national who was detained at Mesa Verde until subsequently released by ICE and aver that she was detained beginning in August 2019 and released on or about May 1, 2020.  Federal Defendants admit that she was a previous Deferred Action for Childhood Arrivals recipient and that her status expired in 2018 prior to her arrest by ICE in 2019.  Federal Defendants deny that Ms. Sanchez is pursuing an appeal to the BIA and aver that she has filed a motion to reopen.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, four, and seven of Paragraph 24 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 24.

25.    Federal Defendants admit that Ms. Sanchez Nunez informed Mesa Verde medical staff that she was diagnosed with asthma in 2000.  Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two, three, four, and five of Paragraph 25 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 25.

26.    Federal Defendants admit that Mr. Javier Alfaro is an approximately 39-year-old native and citizen of El Salvador who was detained at Mesa Verde from January 14, 2020, until subsequently released by ICE and aver that he was released on May 8, 2020.  Federal Defendants admit Mr. Alfaro previously had been under Temporary Protective Status, but deny that he obtained this status in 2001 and that ICE sought to terminate it.  Federal Defendants admit that Mr. Alfaro was arrested by ICE officers at the Fresno County Courthouse on the date he was scheduled to appear in criminal court. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences three and four of Paragraph 26 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 26.

27.    Federal Defendants admit that Mr. Alfaro has high cholesterol.  Federal Defendants are

without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, two, three, and four of Paragraph 27 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 27.

28.    Federal Defendants admit that Dung Tuan Dang is an approximately 49-year-old native and citizen of Vietnam who was detained at Mesa Verde from June 7, 2019, until on or about June 10, 2020, when he was ordered to be temporarily released by this Court.  Federal Defendants admit that Mr. Dang was admitted to the United States as a lawful permanent resident in 1989.  Federal Defendants admit that the immigration judge denied Mr. Dang relief from removal and that Mr. Dang appealed that decision to the BIA.  Federal Defendants aver that the BIA dismissed Mr. Dang's appeal and that Mr. Dang has filed a petition for review.  The remaining allegations in clause two of sentence five and sentence six of Paragraph 28 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, four, and five of Paragraph 28 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 28.

29.    Federal Defendants admit that Mr. Dang has latent tuberculosis.  Federal Defendants are without sufficient knowledge to admit or deny the allegations concerning Mr. Dang's state of mind and, on that basis, deny those allegations.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences three and four of Paragraph 29 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 29.

30.    Federal Defendants admit that Juan Jose Erazo Herrera is an approximately 20-year-old native and citizen of El Salvador who is currently detained at YCJ.  Federal Defendants admit that the immigration judge denied his application for relief and that his appeal to the BIA was dismissed.  Federal Defendants admit that Mr. Erazo Herrera has filed a petition for review.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one and three of Paragraph 30 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 30.

31.    Federal Defendants admit Mr. Erazo Herrera has an application for Special Immigrant Juvenile Status pending.  Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences one, three, four, and five of Paragraph 31 and, on that basis, deny those allegations.

32.    Federal Defendants admit that Rajnish Rajnish is an approximately 19-year-old native and citizen of India who is currently detained at YCJ.  Federal Defendants admit that he was granted relief from removal by the immigration judge and that ICE has appealed this decision to the BIA.  The remaining allegations in sentence four of Paragraph 32 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required.  Federal Defendants admit that Mr. Rajnish has adjustment disorder and deny that he has schizophrenia.  Federal Defendants admit that he has been designated as someone with "mental health special needs" at YCJ.  Federal Defendants admit that he has had symptoms of COVID-19.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, two, five of Paragraph 32 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 32.

33.    Federal Defendants admit that William Matias Rauda is an approximately 23-year-old native and citizen of El Salvador who is currently detained at Mesa Verde.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, three, four, and five of Paragraph 33 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 33.

34.    Federal Defendants admit that Mr. Rauda applied for relief for removal, that the immigration judge denied his application, that the BIA dismissed his appeal, and that his petition for review is pending.  The remaining allegations in sentence one of Paragraph 32 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required.  Federal Defendants respectfully refer the Court to the immigration judge's decision for a full and accurate statement of its contents.  To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, Federal Defendants deny the allegations.  Federal Defendants admit that Mr. Rauda has asthma, which is a risk factor for serious illness from COVID-19 as

recognized by the CDC.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences five and seven of Paragraph 34 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 34.

35.     Federal Defendants deny that David Jennings is the Acting Field Office Director for the San Francisco Field Office of ICE and aver that he is the Field Office Director for the San Francisco Field Office of ICE.  Federal Defendants admit that his office in San Francisco, California.  Federal Defendants admit that he is sued in his official capacity.  Federal Defendants deny each and every other factual allegation in Paragraph 35.

36.     Federal Defendants admit sentences one, two, and four of Paragraph 36.  Federal Defendants deny each and every other factual allegation in Paragraph 36.

37.     Federal Defendants admit sentences one, two, and three of Paragraph 37.  Federal Defendants deny each and every other factual allegation in Paragraph 37.

38.     Federal Defendants admit that GEO Group, Inc. is a private entity that contracts with government entities to provide detention-related services.  Federal Defendants admit GEO is headquartered in Boca Raton, Florida.  Federal Defendants admit that ICE contract with GEO to operate Mesa Verde.  Federal Defendants deny each and every other factual allegation in Paragraph 38.

39.     Federal Defendants admit that Nathan Allen is a GEO employee.  Federal Defendants aver that he is the Facility Administrator of Mesa Verde.  Federal Defendants admit that Plaintiffs purport to sue him in his official capacity.

40.     Admit.

41.     Admit.

42.     Federal Defendants admit that as of October 30, 2020, there had been approximately 7000 confirmed cases of COVID-19 in ICE detention facilities.  Federal Defendants deny each and every other factual allegation in Paragraph 42.

43.     Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19.  To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

44.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

45.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

46.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

47.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

48.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

49.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations. Federal Defendants aver that upon information and belief there are vaccines available for COVID-19.

50.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal

Defendants deny the allegations.

51.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence one of Paragraph 51 and, on that basis, deny those allegations. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 51.

52.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 52.

53.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence two of Paragraph 53 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 53.

54.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence one of Paragraph 54 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 54.

55.     Federal Defendants admit that some individuals in YCJ and Mesa Verde have some of the listed medical conditions. Federal Defendants deny that it is a "significant percentage" aver that "significant" is vague and undefined. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two, three, and four of Paragraph 55 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 55.

FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
No. 3:20-cv-02731-VC                                    12

56.     Deny.

57.     Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19.  To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.

58.     Federal Defendants admit that there have been cases of COVID-19 at prisons and detention centers.  Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, four, and seven of Paragraph 58 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 58.

59.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one and four of Paragraph 59 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 59.

60.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 60.

61.     Federal Defendants admit that Mesa Verde and YCJ are enclosed buildings and that detainees live, sleep, and eat there.  Federal Defendants admit that detainees at Mesa Verde have had COVID-19 and that in early August 2020 more than half of the detainees at that time had COVID-19.  Federal Defendants deny each and every other factual allegation in Paragraph 61 and aver that detainees have been provided space to maintain social distance but often do not do so.

62.     Federal Defendants admit that Mesa Verde has four dorms that house up to 100 detainees

each.  Federal Defendants admit that detainees share dorms for sleeping and socializing.  Federal Defendants admit that the beds are bunk beds.  Federal Defendants admit that detainees share sinks, toilets, and showers.  Federal Defendants admit that Mesa Verde has two single-cell medical isolation units, three single-cell restricted housing units, and three intake cells.  Federal Defendants aver that the Performance Based National Detention Standards do not permit someone to be held in an intake cell for more than 12 hours.  Federal Defendants deny each and every other factual allegation in Paragraph 62.

63.     Federal Defendants admit that ICE detainees may live in various housing units at YCJ.  Federal Defendants admit that at various points in time, ICE detainees and County inmates have been housed together.  Federal Defendants admit that the YCJ housing units are identified by alphabetical letter.  Federal Defendants admit that Pods B, C, and R are dormitory-style housing units, in which detainees sleep in bunk beds.  Federal Defendants deny that C and D Pod have 50 beds.  Federal Defendants admit that the bunk beds in G, H, I J, K, and L Pods are mounted to the wall and that the Pods are separated from the corridor by open bars.  Federal Defendants admit that A, D, E, and F Pods; N, P, S, and T Tanks; and Q Cells have cells of various capacities that surround a common area.  Federal Defendants admit that the vertical distance between the platforms of the bunks for all bunks utilized in the housing units at YCJ is less than six feet.  Federal Defendants admit that YCJ uses some housing units as administrative and medical segregation.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentence four of Paragraph 63 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 63.

64.     Federal Defendants deny that there were 157 ICE detainees at YCJ on April 18, 2020, and aver that there were 151 ICE detainees at YCJ on April 18, 2020.  Federal Defendants admit that there were 150 ICE detainees at YCJ on April 2, 2020.  Federal Defendants are without sufficient knowledge to admit or deny the factual allegations concerning the County inmate population in sentences three and four of paragraph 64 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 64.

65.     Federal Defendants admit that showers are shared at Mesa Verde and YCJ.  Federal Defendants admit that at Mesa Verde and in some housing units at YCJ, detainees share sinks and toilets.  Federal Defendants deny that food service at YCJ is communal.  Federal Defendants admit that

detainees at Mesa Verde eat meals in dining halls and aver that space is available for detainees to maintain social distancing while in the dining halls.  Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentence one of paragraph 65 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 65.

66.    Federal Defendants admit that staff members at Mesa Verde and YCJ work on a shift basis.  Federal Defendants deny each and every other factual allegation in Paragraph 66.

67.    Federal Defendants admit that detainees at YCJ do not have access to alcohol-based hand sanitizer.  Federal Defendants deny that detainees at Mesa Verde do not have any access to hand sanitizer.  Federal Defendants aver that detainees at YCJ and Mesa Verde have been provided with other adequate hand washing supplies, namely soap and water.  Federal Defendants admit that detainees have been instructed about the need for social distancing and aver that detainees have been provided space to maintain social distance but often do not do so.  Federal Defendants deny each and every other factual allegation in Paragraph 67.

68.    Federal Defendants admit that an inadvertent error and mistake was made in a declaration regarding the intake procedures at Mesa Verde and aver that this mistake was corrected via supplemental declaration quickly after it was detected.  Federal Defendants admit that they conducted screenings for COVID-19 symptoms for all intakes.  Federal Defendants admit that no COVID-19 tests were administered due to displaying symptoms of COVID-19 until July 2020.  Federal Defendants admit that most intakes at Mesa Verde were not quarantined.  Federal Defendants admit that new intake COVID-19 testing began in late June 2020.  Federal Defendants deny each and every other factual allegation in Paragraph 68.

69.    Deny.

70.    Federal Defendants admit that the court issued a decisions in *Bahena Ortuño*, 2020 WL 1701724.  Federal Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents.  To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, Federal Defendants deny the allegations.

71.    Federal Defendants respectfully refer the Court to the referenced materials for a full and

FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
No. 3:20-cv-02731-VC                                15

accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

72.    Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

73.    Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

74.    Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

75.    Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 75.

76.    Deny.

77.    Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 77.

78.    Federal Defendants admit that whole-facility testing was considered for Mesa Verde on more than one occasion.  Federal Defendants admit that whole-facility testing did not occur prior to the time period between July 30 and August 4, 2020. Federal Defendants deny each and every other factual allegation in Paragraph 78.

79.    Federal Defendants admit the community spread of COVID-19 increased in June and July 2020 in the Bakersfield area.  Federal Defendants admit that some Mesa Verde staff members tested positive for COVID-19 in June and July 2020 and informed GEO of their positive test results. Federal Defendants admit that GEO did not have a policy to test staff or require offsite testing of staff.

Federal Defendants admit that the policy was and is to test detainees who present with symptoms of COVID-19. Federal Defendants admit that prior to the end of July 29, 2020, no detainee presented to medical with symptoms that medical staff evaluated as consistent with COVID-19. Federal Defendants admit that GEO does not require close contacts of COVID-19 positive individuals to quarantine if they do not have COVID-19 symptoms because they are essential workers. Federal Defendants deny each and every other factual allegation in Paragraph 79.

80. Federal Defendants admit that on July 1, 2020, a new intake tested positive for COVID-19 during intake testing. Federal Defendants admit that he potentially exposed six other detainees. Federal Defendants admit that the six exposed individuals were taken to Adelanto Detention Facility in Adelanto, California. Federal Defendants admit that a GEO officer who had some exposure with this positive detainee tested positive, but aver that it is not known whether the detainee infected the officer. Federal Defendants deny each and every other factual allegation in Paragraph 80.

81. Federal Defendants admit that as of July 29, 2020, 13 GEO and Wellpath staff had tested positive since June 17, 2020. Federal Defendants admit that there was no systematic staff testing as of July 29, 2020. Federal Defendants admit that there were new intakes at Mesa Verde the week of July 29. Federal Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentence two of paragraph 81 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 81.

82. Federal Defendants admit that on July 29, 2020, a new intake tested positive for COVID-19 during intake testing. Federal Defendants admit that he potentially exposed one other detainee. Federal Defendants admit that this contact was eventual cohorted in Dorm B. Federal Defendants deny each and every other factual allegation in Paragraph 81.

83. Federal Defendants admit that on July 29, 2020, Albert Orellana, who had been housed in Dorm B, tested positive for COVID-19. Federal Defendants admit that at this time there were 33 other detainees in Dorm B. Federal Defendants admit that prior to July 29, 2020, some detainee housing locations had been changed due to a fight between detainees. Federal Defendants admit that on July 30, Dorm B detainees were offered COVID-19 tests and consenting detainees were tested. Federal Defendants admit that the offered tests were laboratory tests, the results of which were anticipated

within days. Federal Defendants admit that Dorm B was cohorted together after their exposure. Federal Defendants deny each and every other factual allegation in Paragraph 83.

84. Federal Defendants admit that on July 31, 2020, Yao Xeng Saeturn, who had been housed in Dorm C, was hospitalized. Federal Defendants admit that he tested positive for COVID-19 at the hospital. Federal Defendants admit that Mr. Saeturn was released from ICE custody on August 1, 2020, while he was in the hospital. Federal Defendants admit that there were 31 other detainees in Dorm C. Federal Defendants admit that on August 4, Dorm C detainee were offered COVID-19 tests and consenting detainees were tested. Federal Defendants admit that the offered tests were laboratory tests, the results of which were anticipated within days. Federal Defendants admit that Dorm C was cohorted together after their exposure. Federal Defendants admit that on August 4, Plaintiffs filed a motion for a Temporary Restraining Order. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 84.

85. Federal Defendants admit that on August 3, 2020, the test results from Dorm B returned. Federal Defendants admit that five detainees were positive. Federal Defendants admit that these five detainees were isolated. Federal Defendants admit that three of the detainees were isolated in the intake cells. Federal Defendants admit that Dorm B was not offered an additional round of COVID-19 testing on August 3. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence four of Paragraph 85 and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 85.

86. Federal Defendants admit that on August 4, 2020, Dorms B and C were combined. Federal Defendants admit that Dorm C was tested on August 4, 2020. Federal Defendants admit that the population in Dorm C increased. Federal Defendants admit that some of the results from the August 4 tests did not return until more than two weeks later, but aver that some results returned in less than two weeks. Federal Defendants admit that some detainees in both Dorms B and C were exhibiting symptoms prior to combining the dorms. Federal Defendants are without sufficient knowledge to admit

or deny the remaining factual allegations in sentence two of Paragraph 86 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 86.

87.    Federal Defendants admit that point-of-care COVID-19 tests were not used to conduct saturation testing on or about August 6, 2020.  Federal Defendants admit that on August 6, the Court issued a Temporary Restraining Order.  Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 87.

88.    Federal Defendants admit that on August 14, 2020, test results for tests conducted on August 11, 2020, were received, and aver that the results included individuals from Dorm A, C, and D.  Federal Defendants admit 28 of the 46 detainees in Dorm C tested positive.  Federal Defendants deny sentence three of paragraph 88, and aver that when some of the results of the August 4 tests returned on or about August 19, they showed that 4 of the 32 detainees whose August 11 test results were positive were positive on August 4.  Federal Defendants admit that the Court ordered point-of-care testing for all detainees who had not tested positive.  Federal Defendants admit that five detainees were taken to the hospital for COVID-19 related issues.  Federal Defendants admit that two detainees were admitted to the hospital for COVID-19 related issues.  Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in the second clause of sentence eight of Paragraph 88 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 88.

89.    Deny.

90.    Federal Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are the federal government's current understanding and recommendations regarding COVID-19.  To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Federal Defendants deny the allegations.  Federal Defendants aver that detainees have been provided space to maintain social distance but often do not do so.

91.    Deny.

92.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

93.     Federal Defendants admit sentence two of Paragraph 92.  Federal Defendants deny each and every other factual allegation in Paragraph 93.

94.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 94.

95.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.

96.     Federal Defendants admit that the Court issued a Preliminary Injunction.  Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 96.

97.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 97.

98.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 98.

99.     Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal

Defendants deny each and every other factual allegation in Paragraph 99.

100. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 100.

101. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 101.

102. Deny.

103. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 103.

104. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 104.

105. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 105 as to what immigrants say and, on that basis, deny those allegations.

106. Federal Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 106.

107. Federal Defendants admit that Plaintiffs seek to pursue this action as a class action, but deny that is appropriate for class treatment. Federal Defendants further admit that attorneys for multiple detainees at the Facilities have filed individual actions in the Northern District seeking the release of their clients. Federal Defendants are without sufficient knowledge to admit or deny the factual

FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

allegations in sentences two and three of Paragraph 107 regarding the thoughts or motivations of immigration detainees or their attorneys and, on that basis, deny those allegations. Federal Defendants deny each and every other factual allegation in Paragraph 107.

108. Federal Defendants admit that the first sentence recites Plaintiffs' proposed class in this case. Federal Defendants admit that on April 29, 2020, the Court provisionally certified the proposed class. Federal Defendants deny that any class is appropriately certified.

109. Federal Defendants admit that Paragraph 109 recites Plaintiffs' proposed sub-classes in this case. Federal Defendants deny that any class is appropriately certified.

110. Deny.

111. Deny.

112. Federal Defendants admit that the court issued a decision in *Savino*, 2020 WL 1703844. Federal Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation in Paragraph 112.

113. Deny.

114. Deny.

115. Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 115 and, on that basis, deny those allegations.

116. Deny.

117. Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every factual allegation (if any) in Paragraph 117.

118. Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every factual allegation (if any) in Paragraph 118.

119.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation (if any) in Paragraph 119.

120.    Paragraph 120 consists of statements or conclusions of law to which no response is required.  To the extent that a response is required, Federal Defendants deny.  Federal Defendants deny each and every factual allegation (if any) in Paragraph 120.

121.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every factual allegation (if any) in Paragraph 121.

122.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation (if any) in Paragraph 122.

123.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations.  Federal Defendants deny each and every factual allegation (if any) in Paragraph 123.

124.    Federal Defendants admit that the court issued a decision in *Hernandez Roman v. Wolf*, 825 F. App'x 495 (9th Cir. 2020).  Federal Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents.  To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation (if any) in Paragraph 124.

125.    Deny.

126.    Federal Defendants admit that ICE has tools at its disposal intended to secure individuals' appearance for court hearings and other appointments.  Federal Defendants deny each and every other factual allegation in Paragraph 126.

127.    Deny.

128.    Federal Defendants admit that COVID-19 is contagious and can cause severe illness and death.  Except as expressly admitted, Federal Defendants deny the allegations in Paragraph 128.

129.    Federal Defendants admit that medical experts for the Department of Homeland Security have identified the possibility of COVID-19 infections at ICE detention centers.  Federal Defendants deny each and every other factual allegation in Paragraph 129.

130.    Federal Defendants are without sufficient knowledge to admit or deny that Drs. Allen and Rich sent three letters in February and March 2020 as alleged in Paragraph 130 and, on that basis, deny those allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 130.

131.    Deny.

132.    Federal Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 132 and, on that basis, deny those allegations.

133.    Federal Defendants admit that this Court issued a decision at ECF No. 500.  Federal Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, Federal Defendants deny the allegations.  Federal Defendants deny each and every other factual allegation in Paragraph 133.

134.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every factual allegation (if any) in Paragraph 134.

135.    Federal Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents.  To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, Federal Defendants deny the allegations. Federal Defendants deny each and every factual allegation (if any) in Paragraph 135.

136.    Federal Defendants admit that the courts issued decisions in *Bahena Ortuño*, 2020 WL 1701724; *Xochihua-Jaimes*, 962 F.3d 1065 (mem.); *Bent*, 445 F. Supp. 3d 408, 2020 WL 1812850; *United States v. Stephens*, 447 F. Supp. 3d 63, 2020 WL 1295155 (S.D.N.Y. 2020); *In re Request to*

*Commute or Suspend County Jail Sentences*, 228 A.3d 1229 (N.J. 2020); *Malam v. Adducci*, 452 F. Supp. 3d 643, 2020 WL 1672662 (E.D. Mich. 2020); *Ali v. Department of Homeland Security*, 451 F. Supp. 3d 703, 2020 WL 1666074 (S.D. Tex. 2020); *Avendaño Hernandez v. Decker*, 450 F. Supp. 3d 443, 2020 WL 1547459 (S.D.N.Y. 2020); and *Thakker v. Doll*, 451 F. Supp. 3d 358 (M.D. Pa. 2020). Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations. Federal Defendants are without sufficient knowledge to admit or deny the allegations regarding *State v. Ferguson*, No. 2019-270536-FH, Order (Mich. Ct. App. Mar. 23, 2020) and, on that basis, deny those allegations. Federal Defendants are without sufficient knowledge as to which *Roman* decision Plaintiffs are referring and, on that basis, deny allegations regarding *Roman*. Federal Defendants deny each and every other factual allegation (if any) in Paragraph 136.

137. Federal Defendants admit that the courts issued decisions in *Hernandez Roman*, 829 F. App'x 165, 2020 WL 5683233; *Brown v. Plata*, 563 U.S. 493 (2011); *Duran v. Elrod*, 713 F.2d 292 (7th Cir. 1983); *Mobile County Jail Inmates v. Purvis*, 581 F. Supp. 222 (S.D. Ala. 1984); *Inmates of the Allegheny County Jail v. Wecht*, 565 F. Supp. 1278 (W.D. Pa. 1983); *Brenneman v. Madigan*, 343 F. Supp. 128 (N.D. Cal. 1972); and *Unknown Parties v. Nielsen*, No. CV-15-00250-TUC-DCB, 2020 WL 813774 (D. Ariz. Feb. 19, 2020). Federal Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, Federal Defendants deny the allegations. Federal Defendants deny each and every other factual allegation (if any) in Paragraph 137.

138. Federal Defendants admit that two means of preventing the spread of COVID-19 are social distancing and hygiene. Federal Defendants aver that the wearing of face coverings is another means of preventing the spread of COVID-19. Federal Defendants deny each and every other factual allegation in Paragraph 138.

## FIRST CLAIM FOR RELIEF

139. Deny.

The remainder of Plaintiffs' Complaint contains a prayer for relief for which no response is

required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to relief.

Federal Defendants deny each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE AND OTHER DEFENSES

1.   The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

2.   The Court lacks jurisdiction over Plaintiffs' purported habeas petition.

    a)   Yuba County Jail and its warden are located in Marysville, California, which is not in this district.

    b)   Mesa Verde Detention Facility and its facility administrator are located in Bakersfield, California, which is not in this district.

    c)   The ICE official that most immediately oversees the detained dockets that include the detainees at Mesa Verde is located in Bakersfield, California, which is not in this district.

    d)   The ICE official that most immediately oversees the detained dockets that include the detainees at YCJ is located in Sacramento, California, which is not in this district.

    e)   The ICE official with the most direct oversight over the contracts with Mesa Verde and YCJ is located in Bakersfield, California, which is not in this district.

3.   Venue is not proper in this District.

4.   By virtue of Plaintiffs' own careless, negligent and other wrongful conduct, such as their failure to take advantage of opportunities for social distancing and their failure to consistently wear masks, Plaintiffs should be barred from recovering against Federal Defendants by the equitable doctrine of unclean hands.

//

//

//

//

//

//

DATED:  January 13, 2021

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
SHIWON CHOE
Assistant United States Attorneys

Attorneys for Federal Defendants