Susan E. Coleman (SBN CA 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Royal F. Oakes (SBN CA 080480)
roakes@hinshawlaw.com
Michael A.S. Newman (SBN CA 205299)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

David S. Weinstein [Admitted *Pro Hac Vice*]
Dweinstein@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134
Telephone: (305) 428-5038
Facsimile:  (305) 577-1063

Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and
NATHAN ALLEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility, | Case No. 3:20-cv-02731-VC<br><br>(Honorable Vince Chhabria)<br><br>**DEFENDANTS THE GEO GROUP, INC. AND NATHAN ALLEN'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND CLASS COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Respondents-Defendants.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

Defendants The Geo Group, Inc. and Nathan Allen (together "GEO Defendants"), hereby respond to the First Amended Class Petition for Writ of Habeas Corpus and Class Complaint for Injunctive and Declaratory Relief filed by Plaintiffs as follows:

1. GEO Defendants admit that Defendant U.S. Immigration and Customs Enforcement ("ICE") detains immigration detainees at Yuba County Jail ("YCJ") and Mesa Verde ICE Processing Facility ("Mesa Verde") and have done so during the COVID-19 pandemic. GEO Defendants admit that all named Plaintiffs were at one point detained at either YCJ or Mesa Verde. GEO Defendants admit that GEO Group, Inc. contracts with ICE to house immigration detainees at Mesa Verde. GEO Defendants admit that Nathan Allen is a GEO Group, Inc. employee and aver that he is the Facility Administrator at Mesa Verde. GEO Defendants deny each and every other factual allegation in Paragraph 1.

2. GEO Defendants admit that two means of preventing the spread of COVID-19 are social distancing and testing and separation of individuals who may be infected with the virus. GEO Defendants aver that the wearing of face coverings is another means of preventing the spread of COVID-19. As to the factual allegations in Paragraph 2 regarding housing new detainees, which were undertaken by ICE, GEO Defendants are without sufficient knowledge to admit or deny those allegations and on that basis, deny those allegations. GEO Defendants admit that prior to the second temporary restraining order entered in this matter, at times ICE sought to house new detainees at Mesa Verde. GEO Defendants deny each and every other factual allegation in Paragraph 2.

3. GEO Defendants admit that this Court has ordered the temporary release of certain individuals detained at Mesa Verde. GEO Defendants admit that multiple orders have been entered in this matter, and GEO Defendants respectfully refer the Court to those orders for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 3.

4. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 4 and, on that basis, deny those allegations.

5. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 5 and, on that basis, deny those allegations.

6. GEO Defendants admit that Paragraph 6 recites Plaintiffs' request for relief in this case. GEO Defendants deny Plaintiffs are entitled to relief.

7. GEO Defendants admit only that decisions were issued in *Bahena Ortuño v. Jennings*, No. 20-CV-2064-MMC, 2020 WL 1701724 (N.D. Cal. Apr. 8, 2020) and *Bent v. Barr*, 445 F. Supp. 3d 408 (N.D. Cal. 2020). GEO Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 7.

8. GEO Defendants admit that Otay Mesa Detention Center is near San Diego, California. GEO Defendants deny the factual allegation contained in the last sentence of Paragraph 8. As to the remaining allegations contained in paragraph 8, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 8 and, on that basis, deny those allegations.

9. GEO Defendants admit that the Centers for Disease Control ("CDC") has stated that COVID-19 may be spread by asymptomatic infected individuals. GEO Defendants deny each and every other factual allegation in Paragraph 9.

10. GEO Defendants admit only that decisions were issued in other habeas petitions involving Mesa Verde. GEO Defendants respectfully refer the Court to the decisions for a full and

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two and three of Paragraph 10 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 10.

11. GEO Defendants admit that the courts issued decisions in *Castillo v. Barr*, No. cv-20-00605 TJH (AFMX), 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020); *Xochihua-Jaimes v. Barr*, 962 F.3d 1065 (9th Cir. 2020) (mem.); *Bahena Ortuño*, 2020 WL 1701724; and *Bent*, 445 F. Supp. 3d 408. GEO Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 11.

12. GEO Defendants admit that the courts issued decisions in *Hernandez Roman v. Wolf*, 829 F. App'x 165 (9th Cir. 2020), and *Savino v. Souza*, 20-cv-10617-WGY, 2020 WL 1703844 (D. Mass. Apr. 8, 2020). GEO Defendants respectfully refer the Court to the decisions for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 12.

13. Deny.[1]

14. GEO Defendants admit that the statutes and documents cited in Paragraph 14 exist. GEO Defendants respectfully refer the Court to the statutes and documents for a full and accurate

---

[1] GEO Defendants admit that the court issued a decision in *Savino*, 2020 WL 1703844, that there is a Miscellaneous General Order 20-12 in the District of Alaska, and that Magistrate Judge Cousins in this district has a Criminal Case Standing Order related to COVID-19. GEO Defendants respectfully refer the Court to these documents for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of those documents, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in footnote 1 of Paragraph 13.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

statement of their contents. To the extent that Plaintiffs' characterization of the content of these documents is inconsistent with the text of the documents, GEO Defendants deny the allegations. GEO Defendants deny that the Court has jurisdiction over this matter. GEO Defendants deny each and every other factual allegation in Paragraph 14.

15. GEO Defendants admit that the statutes cited in Paragraph 15 exist. GEO Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of these statues is inconsistent with the text of the statutes, GEO Defendants deny the allegations. GEO Defendants admit that at least one Federal Defendant resides in this this district. GEO Defendants deny that the actual custodian of any Plaintiff resides in this District. GEO Defendants deny each and every other factual allegation in Paragraph 15.

16. Angel de Jesus Zepeda Rivas is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 16 and, on that basis, deny those allegations.

17. The allegations in sentence one of Paragraph 17 are irrelevant and immaterial to the cause of action in Plaintiffs' complaint and therefore no response is required. As to the remainder of the allegations contained in Paragraph 17 GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 17 and, on that basis, deny those allegations.

18. Brenda Rubi Ruiz Tovar is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 18 and, on that basis, deny those allegations.

19. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 19 and, on that basis, deny those allegations.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

6

20. Lawrence Mwaura is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 20 and, on that basis, deny those allegations.

21. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 21 and, on that basis, deny those allegations.

22. Luciano Gonzalo Mendoza Jeronimo is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 22 and, on that basis, deny those allegations.

23. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 23 and, on that basis, deny those allegations.

24. GEO Defendants admit that Coraima Yaritza Sanchez Nunez is an approximately 26-year-old Mexican national who was detained by ICE at Mesa Verde until subsequently released by ICE and aver that she was detained beginning in August 2019 and released on or about May 1, 2020. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences two, three, four, and seven of Paragraph 24 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 24.

25. GEO Defendants admit that Ms. Sanchez Nunez informed Mesa Verde medical staff that she was diagnosed with asthma in 2000. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two, three, four, and five of Paragraph 25 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 25.

26. GEO Defendants admit that Mr. Javier Alfaro is an approximately 39-year-old native and citizen of El Salvador who was detained at by ICE Mesa Verde from January 14, 2020, until subsequently released by ICE and aver that he was released on May 8, 2020. GEO Defendants are

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 26 and, on that basis, deny those allegations.

27. GEO Defendants admit that Mr. Alfaro has high cholesterol. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, two, three, and four of Paragraph 27 and, on that basis, deny those allegations.

28. GEO Defendants admit that Dung Tuan Dang is an approximately 49-year-old native and citizen of Vietnam who was detained by ICE at Mesa Verde from June 7, 2019, until on or about June 10, 2020, when he was ordered to be temporarily released by this Court. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations Paragraph 28 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 28.

29. GEO Defendants admit that Mr. Dang has latent tuberculosis. GEO Defendants are without sufficient knowledge to admit or deny the allegations concerning Mr. Dang's state of mind and, on that basis, deny those allegations. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences three and four of Paragraph 29 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 29.

30. Juan Jose Erazo Herrera is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 30 and, on that basis, deny those allegations.

31. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 31 and, on that basis, deny those allegations.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

32. Rajnish Rajnish is not an individual who was ever detained by ICE at Mesa Verde. As such, GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 32 and, on that basis, deny those allegations.

33. GEO Defendants admit that William Matias Rauda is an approximately 23-year-old native and citizen of El Salvador who is currently detained by ICE at Mesa Verde. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, three, four, and five of Paragraph 33 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 33.

34. GEO Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 34 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 34.

35. GEO Defendants deny that David Jennings is the Acting Field Office Director for the San Francisco Field Office of ICE and aver that he is the Field Office Director for the San Francisco Field Office of ICE. GEO Defendants admit that his office is in San Francisco, California. GEO Defendants admit that he is sued in his official capacity. GEO Defendants deny each and every other factual allegation in Paragraph 35.

36. GEO Defendants admit sentences one, two, and four of Paragraph 36. GEO Defendants deny each and every other factual allegation in Paragraph 36.

37. GEO Defendants admit sentences one, two, and three of Paragraph 37. GEO Defendants deny each and every other factual allegation in Paragraph 37.

38. GEO Defendants admit that GEO Group, Inc. is a private entity that contracts with government entities to provide detention-related services. GEO Defendants admit GEO is headquartered in Boca Raton, Florida. GEO Defendants admit that ICE contracts with GEO to

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

operate Mesa Verde. GEO Defendants deny each and every other factual allegation in Paragraph 38.

39. GEO Defendants admit that Nathan Allen is a GEO employee. GEO Defendants aver that he is the Facility Administrator of Mesa Verde. GEO Defendants admit that Plaintiffs purport to sue him in his official capacity.

40. Admit.

41. Admit.

42. GEO Defendants admit that as of October 30, 2020, there had been approximately 7000 confirmed cases of COVID-19 in ICE detention facilities. GEO Defendants deny each and every other factual allegation in Paragraph 42.

43. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19.  To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

44. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

45. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants'  current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

46. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

10

1034174\307627083.v1

COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

47. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

48. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

49. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations. GEO Defendants aver that upon information and belief there are vaccines available for COVID-19.

50. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, Defendants deny the allegations.

51. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence one of Paragraph 51 and, on that basis, deny those allegations. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

11

1034174\307627083.v1

inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 51.

52. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 52.

53. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence two of Paragraph 53 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 53.

54. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence one of Paragraph 54 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 54.

55. GEO Defendants admit that some individuals in Mesa Verde have some of the medical conditions listed in paragraph 54. GEO Defendants deny that it is a "significant percentage" aver that "significant" is vague and undefined. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two, three, and four of Paragraph 55 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 55.

12

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

56. Deny.

57. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations.

58. GEO Defendants admit that there have been cases of COVID-19 at prisons and detention centers. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one, four, and seven of Paragraph 58 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 58.

59. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentences one and four of Paragraph 59 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 59.

60. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 60.

61. GEO Defendants admit that Mesa Verde is an enclosed building and that detainees live, sleep, and eat there. GEO Defendants are without sufficient knowledge to admit or deny the factual

13

allegations in  Paragraph 61 that pertain to YCJ and, on that basis, deny those allegations. GEO Defendants admit that detainees at Mesa Verde have had COVID-19 and that in early August 2020 more than half of the detainees at that time had COVID-19. GEO Defendants deny each and every other factual allegation in Paragraph 61 and aver that detainees have been provided space to maintain social distance but often do not do so.

62. GEO Defendants admit that Mesa Verde has four dorms that house up to 100 detainees each.  GEO Defendants admit that detainees share dorms for sleeping and socializing. GEO Defendants admit that the beds are bunk beds. GEO Defendants admit that detainees share sinks, toilets, and showers. GEO Defendants admit that Mesa Verde has two single-cell medical isolation units, three single-cell restricted housing units, and three intake cells. GEO Defendants aver that the Performance Based National Detention Standards do not permit someone to be held in an intake cell for more than 12 hours. GEO Defendants deny each and every other factual allegation in Paragraph 62.

63. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in contained in Paragraph 63 and, on that basis, deny those allegations.

64. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in contained in Paragraph 64 and, on that basis, deny those allegations.

65. GEO Defendants admit that showers are shared at Mesa Verde. GEO Defendants admit that at Mesa Verde detainees share sinks and toilets. GEO Defendants admit that detainees at Mesa Verde eat meals in dining halls and aver that space is available for detainees to maintain social distancing while in the dining halls. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations paragraph 65 related to YCJ and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 65.

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

66. GEO Defendants admit that staff members at Mesa Verde work on a shift basis. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations paragraph 66 related to YCJ and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 66.

67. GEO Defendants deny that detainees at Mesa Verde do not have any access to hand sanitizer. GEO Defendants aver that detainees at Mesa Verde have been provided with other adequate hand washing supplies, namely soap and water. GEO Defendants admit that detainees have been instructed about the need for social distancing and aver that detainees have been provided space to maintain social distance but often do not do so. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations paragraph 67 related to YCJ and, on that basis, deny those allegations.  GEO Defendants deny each and every other factual allegation in Paragraph 67.

68. GEO Defendants admit that they conducted screenings for COVID-19 symptoms for all intakes. GEO Defendants admit that most intakes at Mesa Verde were not quarantined. GEO Defendants admit that new intake COVID-19 testing began in late June 2020. GEO Defendants deny each and every other factual allegation in Paragraph 68.  GEO Defendants admit that an inadvertent error and mistake was made in a declaration submitted by ICE regarding the intake procedures at Mesa Verde and aver that this mistake was corrected via supplemental declaration quickly after it was detected.

69. GEO defendants deny all of the allegations in paragraph 69 related to Mesa Verde.  GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations paragraph 69 related to YCJ and, on that basis, deny those allegations.

70. GEO Defendants admit that the court issued a decision in *Bahena Ortuño*, 2020 WL 1701724. GEO Defendants respectfully refer the Court to the decision for a full and accurate

15

statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, GEO Defendants deny the allegations.

71. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

72. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

73. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

74. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

75. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 75.

76. GEO defendants deny all of the allegation in paragraph 76 related to Mesa Verde. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in paragraph 76 related to YCJ and, on that basis, deny those allegations.

77. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of

16

HINSHAW & CULBERTSON **LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 77.

78. GEO Defendants admit that whole-facility testing was considered for Mesa Verde on more than one occasion. GEO Defendants admit that whole-facility testing did not occur prior to the time period between July 30 and August 4, 2020. GEO Defendants deny each and every other factual allegation in Paragraph 78.

79. GEO Defendants admit the community spread of COVID-19 increased in June and July 2020 in the Bakersfield area. GEO Defendants admit that some Mesa Verde staff members tested positive for COVID-19 during this time and informed GEO of their positive test results. GEO Defendants admit that GEO did not have a policy to test staff but aver that they had testing available via their primary care physicians. GEO Defendants admit that the policy was and is to test detainees who present with symptoms of COVID-19. GEO Defendants deny each and every other factual allegation in Paragraph 79.

80. GEO Defendants admit that on July 1, 2020, a new intake tested positive for COVID-19 during intake testing. GEO Defendants admit that he potentially exposed six other detainees. GEO Defendants admit that at the direction of ICE, the six exposed individuals were taken to Adelanto Detention Facility in Adelanto, California and aver that they were quarantined and tested. GEO Defendants admit that a GEO officer who had some exposure with this positive detainee tested positive, but aver that it is not known whether the detainee infected the officer. GEO Defendants deny each and every other factual allegation in Paragraph 80.

81. GEO Defendants admit that as of July 29, 2020, 13 GEO and Wellpath staff had tested positive since June 17, 2020. GEO Defendants admit that there was no systematic staff testing as of July 29, 2020. GEO Defendants admit that there were new intakes at Mesa Verde the week of July 29. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual

17

allegations in sentence two of paragraph 81 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 81.

82. GEO Defendants admit that on July 29, 2020, a new intake tested positive for COVID-19 during intake testing. GEO Defendants admit that he potentially exposed one other detainee. GEO Defendants admit that this contact was eventual cohorted in Dorm B. GEO Defendants deny each and every other factual allegation in Paragraph 81.

83. GEO Defendants admit that on July 29, 2020, Albert Orellana, who had been housed in Dorm B, tested positive for COVID-19. GEO Defendants admit that at this time there were 33 other detainees in Dorm B. GEO Defendants admit that prior to July 29, 2020, some detainee housing locations had been changed due to a fight between detainees. GEO Defendants admit that on July 30, Dorm B detainees were offered COVID-19 tests and consenting detainees were tested. GEO Defendants admit that the offered tests were laboratory tests, the results of which were anticipated within days. GEO Defendants admit that Dorm B was cohorted together after their exposure. GEO Defendants deny each and every other factual allegation in Paragraph 83.

84. GEO Defendants admit that on July 31, 2020, Yao Xeng Saeturn, who had been housed in Dorm C, was hospitalized. GEO Defendants admit that he tested positive for COVID-19 at the hospital. GEO Defendants admit that Mr. Saeturn was released from ICE custody on August 1, 2020, while he was in the hospital. GEO Defendants admit that there were 31 other detainees in Dorm C. GEO Defendants admit that on August 4, Dorm C detainee were offered COVID-19 tests and consenting detainees were tested. GEO Defendants admit that the offered tests were laboratory tests, the results of which were anticipated within days. GEO Defendants admit that Dorm C was cohorted together after their exposure. GEO Defendants admit that on August 4, Plaintiffs filed a motion for a Temporary Restraining Order. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs'

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

18

characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 84.

85. GEO Defendants admit that on August 3, 2020, the test results from Dorm B returned. GEO Defendants admit that five detainees were positive. GEO Defendants admit that these five detainees were isolated. GEO Defendants admit that three of the detainees were isolated in the intake cells. GEO Defendants admit that Dorm B was not offered an additional round of COVID-19 testing on August 3. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentence four of Paragraph 85 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 85.

86. GEO Defendants admit that on August 4, 2020, Dorms B and C were combined. GEO Defendants admit that Dorm C was tested on August 4, 2020. GEO Defendants admit that the population in Dorm C increased. GEO Defendants admit that some of the results from the August 4 tests did not return until more than two weeks later, but aver that some results returned in less than two weeks. GEO Defendants admit that some detainees in both Dorms B and C were exhibiting symptoms prior to combining the dorms. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in sentence two of Paragraph 86 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 86.

87. GEO Defendants admit that point-of-care COVID-19 tests were not used to conduct saturation testing on or about August 6, 2020. GEO Defendants admit that on August 6, the Court issued a Temporary Restraining Order. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO

19

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 87.

88. GEO Defendants admit that on August 14, 2020, test results for tests conducted on August 11, 2020, were received, and aver that the results included individuals from Dorm A, C, and D. GEO Defendants admit 28 of the 46 detainees in Dorm C tested positive. GEO Defendants deny sentence three of paragraph 88, and aver that when some of the results of the August 4 tests returned on or about August 19, they showed that 4 of the 32 detainees whose August 11 test results were positive were positive on August 4. GEO Defendants admit that the Court ordered point-of-care testing for all detainees who had not tested positive. GEO Defendants admit that five detainees were taken to the hospital for COVID-19 related issues. GEO Defendants admit that two detainees were admitted to the hospital for COVID-19 related issues. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in the second clause of sentence eight of Paragraph 88 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 88.

89. Deny.

90. GEO Defendants respectfully refer the Court to the CDC and its resources regarding COVID-19, as they are GEO Defendants' current understanding and recommendations regarding COVID-19. To the extent that Plaintiffs' allegations are inconsistent with CDC materials, GEO Defendants deny the allegations. GEO Defendants aver that detainees have been provided space to maintain social distance but often do not do so.

91. Deny.

92. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

20

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

93. GEO Defendants admit sentence two of Paragraph 93. GEO Defendants deny each and every other factual allegation in Paragraph 93.

94. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 94. Therefore, GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 94.

95. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 95. Therefore, GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations.

96. GEO Defendants admit that the Court issued a Preliminary Injunction. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 96.

97. GEO defendants deny the allegations contained in the first sentence of paragraph 97. GEO Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in paragraph 97. Therefore, GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 97.

98. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 98 and, on that basis, deny those allegations.

99. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 99 and, on that basis, deny those allegations. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents.

100. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 100 and, on that basis, deny those allegations. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 100.

101. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 101 and, on that basis, deny those allegations.

102. Deny.

103. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 103.

104. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 104.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

105. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 105 as to what immigrants say and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 105.

106. GEO Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of the materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 106.

107. GEO Defendants admit that Plaintiffs seek to pursue this action as a class action, but deny that is appropriate for class treatment. GEO Defendants further admit that attorneys for multiple detainees at the Facilities have filed individual actions in the Northern District seeking the release of their clients. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in sentences two and three of Paragraph 107 regarding the thoughts or motivations of immigration detainees or their attorneys and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 107.

108. GEO Defendants admit that the first sentence recites Plaintiffs' proposed class in this case. GEO Defendants admit that on April 29, 2020, the Court provisionally certified the proposed class. GEO Defendants deny that any class is appropriately certified.

109. GEO Defendants admit that Paragraph 109 recites Plaintiffs' proposed sub-classes in this case. GEO Defendants deny that any class is appropriately certified.

110. Deny.

111. Deny.

112. GEO Defendants admit that the court issued a decision in *Savino*, 2020 WL 1703844. GEO Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent

23

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

with the text of the document, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 112.

113. Deny.

114. Deny.

115. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 115 and, on that basis, deny those allegations.

116. Deny.

117. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 117.

118. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 118.

119. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation (if any) in Paragraph 119.

120. Paragraph 120 consists of statements or conclusions of law to which no response is required. To the extent that a response is required, GEO Defendants deny. GEO Defendants deny each and every factual allegation (if any) in Paragraph 120.

121. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 121.

122. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation (if any) in Paragraph 122.

123. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 123.

124. GEO Defendants admit that the court issued a decision in *Hernandez Roman v. Wolf*, 825 F. App'x 495 (9th Cir. 2020). GEO Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation (if any) in Paragraph 124.

125. Deny.

126. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 126 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 126.

127. Deny.

128. GEO Defendants admit that COVID-19 is contagious and can cause severe illness and death. Except as expressly admitted, GEO Defendants deny the allegations in Paragraph 128.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

129. GEO Defendants admit that medical experts for the Department of Homeland Security have identified the possibility of COVID-19 infections at ICE detention centers. GEO Defendants deny each and every other factual allegation in Paragraph 129.

130. GEO Defendants are without sufficient knowledge to admit or deny that Drs. Allen and Rich sent three letters in February and March 2020 as alleged in Paragraph 130 and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation in Paragraph 130.

131. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraph 113 as to what has occurred within YCJ and, on that basis, deny those allegations. As to the allegations contained in Paragraph 113 as to what has occurred within Mesa Verde, GEO Defendants deny those allegations.  GEO Defendants deny each and every other factual allegation in Paragraph 131.

132. GEO Defendants are without sufficient knowledge to admit or deny the factual allegations in paragraph 132 and, on that basis, deny those allegations.

133. GEO Defendants admit that this Court issued a decision at ECF No. 500. GEO Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, GEO Defendants deny the allegations. GEO Defendants deny each and every other factual allegation in Paragraph 133.

134. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 134.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

135. GEO Defendants respectfully refer the Court to the cited materials for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the content of those materials is inconsistent with the text of the materials, GEO Defendants deny the allegations. GEO Defendants deny each and every factual allegation (if any) in Paragraph 135.

136. GEO Defendants are without sufficient knowledge to admit or deny the allegations regarding decisions in *Bahena Ortuño*, 2020 WL 1701724; *Xochihua-Jaimes*, 962 F.3d 1065 (mem.); *Bent*, 445 F. Supp. 3d 408, 2020 WL 1812850; *United States v. Stephens*, 447 F. Supp. 3d 63, 2020 WL 1295155 (S.D.N.Y. 2020); *In re Request to Commute or Suspend County Jail Sentences*, 228 A.3d 1229 (N.J. 2020); *Malam v. Adducci*, 452 F. Supp. 3d 643, 2020 WL 1672662 (E.D. Mich. 2020); *Ali v. Department of Homeland Security*, 451 F. Supp. 3d 703, 2020 WL 1666074 (S.D. Tex. 2020); *Avendaño Hernandez v. Decker*, 450 F. Supp. 3d 443, 2020 WL 1547459 (S.D.N.Y. 2020); *Thakker v. Doll*, 451 F. Supp. 3d 358 (M.D. Pa. 2020) and *State v. Ferguson*, No. 2019-270536-FH, Order (Mich. Ct. App. Mar. 23, 2020) and, on that basis, deny those allegations. GEO Defendants are without sufficient knowledge as to which *Roman* decision Plaintiffs are referring and, on that basis, deny allegations regarding *Roman*. GEO Defendants deny each and every other factual allegation (if any) in Paragraph 136.

137. GEO Defendants admit that the courts issued decisions in *Hernandez Roman*, 829 F. App'x 165, 2020 WL 5683233.  GEO Defendants respectfully refer the Court to the decision for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of this document is inconsistent with the text of the document, GEO Defendants deny the allegations. GEO Defendants are without sufficient knowledge to admit or deny the allegations regarding decisions in *Brown v. Plata*, 563 U.S. 493 (2011); *Duran v. Elrod*, 713 F.2d 292 (7th Cir. 1983); *Mobile County Jail Inmates v. Purvis*, 581 F. Supp. 222 (S.D. Ala. 1984); *Inmates of the Allegheny County Jail v. Wecht*, 565 F. Supp. 1278 (W.D. Pa. 1983); *Brenneman v. Madigan*, 343

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

F. Supp. 128 (N.D. Cal. 1972); and *Unknown Parties v. Nielsen*, No. CV-15-00250-TUC-DCB, 2020 WL 813774 (D. Ariz. Feb. 19, 2020) and, on that basis, deny those allegations. GEO Defendants deny each and every other factual allegation (if any) in Paragraph 137.

138. GEO Defendants admit that two means of preventing the spread of COVID-19 are social distancing and hygiene. GEO Defendants aver that the wearing of face coverings is another means of preventing the spread of COVID-19. GEO Defendants deny each and every other factual allegation in Paragraph 138.

FIRST CLAIM FOR RELIEF

139. Deny.

The remainder of Plaintiffs' Complaint contains a prayer for relief for which no response is required. To the extent a response is required, GEO Defendants deny that Plaintiffs are entitled to relief.

GEO Defendants deny each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over Plaintiffs' purported habeas petition.

a) Yuba County Jail and its warden are located in Marysville, California, which is not in this district.

b) Mesa Verde Detention Facility and its facility administrator are located in Bakersfield, California, which is not in this district.

c) The ICE official that most immediately oversees the detained dockets that include the detainees at Mesa Verde is located in Bakersfield, California, which is not in this district.

28

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1034174\307627083.v1

d) The ICE official that most immediately oversees the detained dockets that include the detainees at YCJ is located in Sacramento, California, which is not in this district.

e) The ICE official with the most direct oversight over the contracts with Mesa Verde and YCJ is located in Bakersfield, California, which is not in this district.

Moreover, as this Court pointed out in its Order Denying GEO Defendant's Motion to Dismiss, Motion to Strike, and Motion to Transfer, "It is understood that to the extent the plaintiffs are seeking habeas relief, they will not be able to obtain it by way of a judgment against the GEO defendants. See Saravia v. Sessions, 280 F. Supp. 3d 1168, 1183-1187 (N.D. Cal. 2017)." ECF 1054.

3. Venue is not proper in this District.

4. By virtue of Plaintiffs' own careless, negligent and other wrongful conduct, such as their failure to take advantage of opportunities for social distancing and their failure to consistently wear masks, Plaintiffs should be barred from recovering against GEO Defendants by the equitable doctrine of unclean hands.

DATED:   March 8, 2021                    BURKE, WILLIAMS & SORENSEN, LLP

                                          By: */s/Susan E. Coleman*
                                              Susan E. Coleman
                                              Attorneys for Respondents-Defendants
                                              THE GEO GROUP, INC. and NATHAN
                                              ALLEN

DATED:   March 8, 2021                    HINSHAW & CULBERTSON LLP

                                          By: */s/Royal F. Oakes*
                                              Royal F. Oakes
                                              Michael A.S. Newman
                                              David S. Weinstein
                                              Attorneys for Respondents-Defendants
                                              THE GEO GROUP, INC. and NATHAN
                                              ALLEN