Royal F. Oakes (SBN CA 080480)
roakes@hinshawlaw.com
Michael A.S. Newman (SBN CA 205299)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Tel: 213-680-2800; Fax: 213-614-7399

David S. Weinstein [Admitted *Pro Hac Vice*]
Dweinstein@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134
Tel: 305-428-5038; Fax: 305-577-1063

Susan E. Coleman (SBN CA 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN ALLEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | Case No. 3:20-cv-02731-VC<br><br>(Honorable Vince Chhabria)<br><br>**MOTION BY DEFENDANTS THE GEO GROUP, INC. AND NATHAN ALLEN TO MODIFY DECEMBER 3, 2020 PRELIMINARY INJUNCTION ORDER [DKT. 867]**<br><br>Date: May 6, 2021<br>Time: 2:00 p.m.<br>Courtroom: 4<br><br>Complaint Filed: April 20, 2020 |

1

MOTION TO MODIFY PRELIMINARY INJUNCTION
Case No. 3:20-cv-02731-VC
1034174\307815700.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on May 6, 2021, at 2:00 p.m., in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants The GEO Group, Inc. ("GEO") and Nathan Allen ("Allen") (collectively, "GEO Defendants") will and hereby do move this Court for an order modifying the December 3, 2020 ORDER GRANTING MOTION FOR SECOND PRELIMINARY INJUNCTION [Dkt. 867] to remove a population cap for any dorm that contains only detainees who are fully vaccinated (14 days after they have been fully vaccinated against COVID-19), and to eliminate the weekly testing of all fully vaccinated detainees and staff, unless they are exposed to a COVID-positive person and have symptoms of infection, in accordance with CDC guidelines and to permit a total population not to exceed 200 detainees.

The motion is made pursuant to Fed. R. Civ. Proc., Rule 62(d), on the ground that an increasing number of the detainees at the Mesa Verde facility have received full COVID vaccination and these vaccines have tested to be highly effective.

***In the alternative***, pursuant to Fed. R. Civ. Proc., Rule 62.1, GEO Defendants move for an indicative ruling that this Court would grant the instant motion if the Ninth Circuit remands for that purpose.

This Motion is based upon this Notice, the concurrently-filed Memorandum of Points and Authorities, the Declarations of Sean Henderson, M.D. and Michael Knight, Acting Facility Administrator and upon such other oral or documentary evidence and argument that this Court may deem relevant.

DATED:   March 27, 2021                                    HINSHAW & CULBERTSON LLP

                                                           By:   */s/ Royal F. Oakes*
                                                                 Royal F. Oakes
                                                                 Michael A.S. Newman
                                                                 David S. Weinstein
                                                                 Attorneys for Respondents-Defendants
                                                                 THE GEO GROUP, INC. and NATHAN ALLEN

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

2

MOTION TO MODIFY PRELIMINARY INJUNCTION
Case No. 3:20-cv-02731-VC
1034174\307815700.v1

| | |
|---|---|
| DATED: March 27, 2021 | BURKE, WILLIAMS & SORENSEN, LLP |
| | By: */s/ Susan E. Coleman* |
| | Susan E. Coleman |
| | Attorneys for Respondents-Defendants THE GEO GROUP, INC. and NATHAN ALLEN |

3

MOTION TO MODIFY PRELIMINARY INJUNCTION
Case No. 3:20-cv-02731-VC
1034174\307815700.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND FACTS

Pursuant to Fed. R. Civ. Proc., Rule 62(d), a district court may modify an injunction where the Court "'supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required.'" *Kismet Acquisition, LLC v. Diaz-Barba (In re Icenhower)*, 755 F.3d 1130, 1138 (9th Cir. 2014).

New facts have developed in fight against COVID. In the rapidly changing reality of the COVID pandemic, innovations in the form of effective vaccines that were not available three months ago justify a modification of the preliminary injunction entered by the Court. In particular, it is now appropriate to remove the population caps and per-dorm limits for those dorms housing only detainees who have been fully vaccinated. This Court should also remove the requirement to conduct weekly testing of fully vaccinated detainees and staff.

On December 3, 2020, this Court issued its ORDER GRANTING MOTION FOR SECOND PRELIMINARY INJUNCTION [Dkt. 867] ("Order"). On page 20 of the Order, the Court stated:

> "A population cap for each dorm that allows the detainees to sleep in beds at least six feet apart is thus needed to allow for adequate social distancing. At present, this means each dorm is limited to 26 detainees. The population cap does not apply to the covid-positive dorm, which may house more detainees if the number of positive cases exceeds the cap."

In addition, the Court stated the following on page 24 of the Order:

> "Per-dorm population limit: The defendants shall limit the population of each dorm in Mesa Verde to allow detainees to sleep in bunk beds that are at least six feet apart. This population cap does not apply to the dorm used for positive cases."

Defendants The GEO Group, Inc. ("GEO") and Nathan Allen ("Allen") (collectively, "GEO Defendants") have complied fully with the Order. Declaration of Dr. Henderson Decl., ¶ 2 and 4.

The current ERO COVID-19 Pandemic Response Requirements (Version 6.0, March 16, 2021), state that, "Efforts should be made to reduce the population to approximately 75 per cent of

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

capacity."[1]

However, one fact on that ground that has changed significantly since the issuance of the December 3, 2020 Order is the availability of effective vaccines for the COVID pandemic. Therefore, those who have received full vaccinations can safely be housed together, without limit. Dr. Henderson Decl., ¶ 7. Further, persons who are fully vaccinated do not need to be tested weekly, unless exposed directly to a COVID-positive person and displaying symptoms of infection, in accordance with the new CDC guidelines

Of the 35 detainees currently still remaining at Mesa Verde Detention Center, 25 have been vaccinated with the Johnson & Johnson vaccine and 10 have refused vaccination. Dr. Henderson, ¶ 3. Evidence from clinical trials regarding the Johnson & Johnson vaccine, which requires only a single dose, demonstrated that the vaccine was 85% effective in preventing severe disease across all regions studied, and showed protection against COVID-19 related hospitalization and death, beginning 28 days after vaccination.[2] Therefore, a group of people who have all received the Johnson & Johnson vaccine (or new members who join the population of Mesa Verde who have received the Johnson & Johnson, Pfizer or Moderna vaccines[3]), would, once fully vaccinated, be protected against COVID-19-related hospitalization and death.

According to the CDC, people are considered fully vaccinated two weeks after their second dose in a two-dose series, such as the Pfizer or Moderna vaccines, or two weeks after a single-dose vaccine, such as Johnson & Johnson's Janssen vaccine.[4]

GEO has continued to provide masks and replacement masks to the detainees, placed social

---

[1] https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities.pdf

[2] https://www.jnj.com/johnson-johnson-covid-19-vaccine-authorized-by-u-s-fda-for-emergency-usefirst-single-shot-vaccine-in-fight-against-global-pandemic

[3] Based on evidence from clinical trials, the Pfizer-BioNTech ("Pfizer") and Moderna, NIAID ("Moderna") vaccines are, respectively, 95% and 94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who have taken both doses. https://www.nejm.org/doi/full/10.1056/NEJMoa2035389

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html#:~:text=Have%20You%20Been%20Fully%20Vaccinated,as%20Johnson%20%26%20Johnson's%20Janssen%20vaccine

2

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

distancing stickers on the floors of the facility, limits seating in the dining halls, sanitizes high-touch common areas once every hour and is utilizing portable bipolar ionization system in in the front of each housing unit.  Michael Knight Decl., ¶¶ 2-5.

Based on this new reality, GEO Defendants therefore respectfully request an order, pursuant to Fed. R. Civ. Proc., Rule 62(d) that would modify the December 3, 2020 Order to remove a population cap and per dorm limits for any dorm that contains **only** detainees who have received full COVID vaccinations (*i.e.*, the single dose of the Johnson & Johnson vaccine, or both doses of the Pfizer and/or Moderna vaccines), where at least fourteen days have passed since each such detainee has been fully vaccinated. This would include not merely the twenty individuals who have been vaccinated, but any currently non-vaccinated member of the detainee population who subsequently becomes vaccinated, or any fully vaccinated individual who subsequently joins the population of detainees in Mesa Verde. As for those who have not been vaccinated, the December 3, 2020 population cap and per-dorm limits would remain in place.  GEO Defendants are seeking a total population at Mesa Verde that does not exceed 200 detainees.

Further, the requirement for weekly testing should be eliminated for those persons fully vaccinated, unless exposed directly to a COVID-positive person and displaying symptoms of infection, in accordance with the new CDC guidelines.

In the alternative, pursuant to Fed. R. Civ. Proc., Rule 62.1, GEO Defendants request an indicative ruling that this Court would grant the instant motion if the Ninth Circuit remands for that purpose.

## II.     THE DECEMBER 3, 2020 ORDER SHOULD BE MODIFIED PURSUANT TO FED. R. CIV. PROC, RULE 62(D)

Pursuant to Fed. R. Civ. Proc., Rule 62(d), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Under this Rule, "a trial court retains jurisdiction to modify an injunction post-appeal 'where the court supervises a

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

continuing course of conduct and where as new facts develop additional supervisory action by the court is required.'" *Kismet Acquisition, LLC v. Diaz-Barba (In re Icenhower)*, 755 F.3d 1130, 1138 (9th Cir. 2014) (*quoting Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976)). "The court may modify or broaden the scope of its injunction under its continuing duty to supervise the relief granted if it is informed of new facts that require additional supervisory action." *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1073 (E.D. Cal. 2016). *See also A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) ("A district court has inherent authority to modify a preliminary injunction in consideration of new facts."); *System Federation No. 91 v. Wright,* 364 U.S. 642, 647-48 (1961) ("The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief.").

Here, the new facts demonstrate conclusively that those who have been fully vaccinated can safely be housed together. This was not the reality on December 3, 2020, when the Court issued the Order, because vaccines were not widely available at that time. Now twenty members of the Mesa Verde population have been fully vaccinated, and there is simply no need to house them with the restrictions that were necessary to protect unvaccinated individuals. These individuals can safely be housed together without restrictions, and therefore the preliminary injunction should be modified accordingly.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD ISSUE AN "INDICATIVE RULING" PURSUANT TO RULE 62.1

Fed. R. Civ. Proc., Rule 62.1 provides that if a motion is made "that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Section 62.1 "permits a party to request an 'indicative ruling' from the district court when that court lacks jurisdiction in the matter based on a pending appeal." *Mendia v. Garcia*, 874 F.3d 1118, 1120 (9th Cir. 2017). The indicative ruling would then permit the Ninth

4

MOTION TO MODIFY PRELIMINARY INJUNCTION
Case No. 3:20-cv-02731-VC
1034174\307815700.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1  Circuit to remand the case to the district court, while still retaining jurisdiction, for the limited
2  purpose of allowing the trial court to make a ruling based on the earlier indicative ruling. *Id*. (citing
3  to FRAP 12.1(b).
4       As noted above, this Court has jurisdiction to enter the order requested, pursuant to Fed. R.
5  Civ. Proc., Rule 62(d) and the case law interpreting it. Nevertheless, in the event this Court is
6  inclined to grant this motion but determines it lacks jurisdiction to do so by virtue of the pending
7  appeal, then GEO Defendants respectfully request an "indicative ruling," stating that, pursuant to
8  Rule 62.1, the Court would grant the motion if the Court of Appeals remands for that purpose.

### IV.  CONCLUSION

For the foregoing reasons, the instant motion should be granted and the preliminary injunction should be modified to remove the population cap on dorms housing only vaccinated detainees, eliminate the weekly testing requirement for fully vaccinated detainees and staff and permit a total population not to exceed 200 detainees. In the alternative, this Court should issue an "indicative ruling" pursuant to Rule 62.1, indicating that it would be inclined to grant the instant motion.

DATED: March 27, 2021          HINSHAW & CULBERTSON LLP

By: */s/ Royal F. Oakes*
Royal F. Oakes
Michael A.S. Newman
David S. Weinstein
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN ALLEN

DATED: March 27, 2021          BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
Susan E. Coleman
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN ALLEN

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

5

MOTION TO MODIFY PRELIMINARY INJUNCTION
Case No. 3:20-cv-02731-VC
1034174\307815700.v1