WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

*Attorneys for Petitioners-Plaintiffs*
Additional Counsel Listed on Following Page

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>            Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>            Respondents-Defendants. | CASE NO. 3:20-CV-02731-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY PRELIMINARY INJUNCTION (ECF 1104) OR EXTEND TIME FOR BRIEFING AND HEARING** |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
HAYDEN RODARTE (SBN 329432)
hrodarte@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS (SBN 326491)
jwells@aclusocal.org
STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
FRANCISCO M. UNGER* (Mass. BBO# 698807)
funger@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

I.      INTRODUCTION

Pursuant to Civ. L. R. 7-11(a), Plaintiffs hereby move the Court for an order striking the GEO Defendants' Renewed Motion to Modify December 3, 2020 Preliminary Injunction ("Renewed Motion," ECF 1104), or, in the alternative, continuing Plaintiffs' time to respond thereto to a date at least fourteen days after Defendants have responded to outstanding discovery relevant to the Renewed Motion and the completion of other discovery directed to the Renewed Motion, and continuing the hearing to a date to be determined after the completion of discovery and briefing. Plaintiffs so move on the grounds that the Renewed Motion is plainly in violation of a previous order of this Court, entered upon the stipulation of all parties (ECF 1085), under which the briefing schedule and hearing on GEO's original Motion to Modify December 3, 2020 Preliminary Injunction ("Original Motion," ECF 867) was continued until either (1) counsel for all defendants, or (2) counsel for Plaintiffs, stated that the mediation currently being conducted in the Ninth Circuit had reached an impasse. Neither of those conditions has occurred, and GEO's unilateral declaration, as one of multiple defendants in this case, that the mediation is at an impasse is not sufficient to trigger Plaintiffs' obligation to respond to the Renewed Motion.

This administrative motion is necessary to avoid forcing Plaintiffs to begin preparing an opposition to the Renewed Motion, which, in the absence of an order or agreement of the parties, would be due on June 15, 2021 pursuant to Civil L. R. 7-3(a). All of the parties are engaged in an intensive and time-consuming mediation process in an attempt to resolve the issues in this case. Responding to the Renewed Motion would be disruptive to the mediation process.

In compliance with Civil L.R. 7-11(a), Plaintiffs submit herewith the Declaration of Sean Riordan ("Riordan Dec.") explaining that Plaintiffs requested that GEO's counsel stipulate to withdraw the Renewed Motion, but that GEO's counsel refused to do so, necessitating this motion.

//

//

//

1
PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY
PRELIMINARY INJUNCTION

## II.     STATEMENT OF FACTS

The facts underlying this administrative motion are straightforward. They are supported by documents in the Court's docket and, where necessary, by the Riordan Declaration.

On December 3, 2020, following a five-day evidentiary hearing, this Court issued its Order Granting Motion for Second Preliminary Injunction ("Second PI Order," ECF 867), which, among other things, set forth detailed restrictions on the housing of detainees at the Mesa Verde ICE Detention Center, which is operated by GEO. Second PI Order at 15-26. Despite the fact that the Second PI Order allows Defendants to admit new people as immigration detainees to Mesa Verde, Defendants have not admitted a single person to Mesa Verde in the six months since. (Riordan Dec. ¶ 2)

On February 18, 2021, a Ninth Circuit panel referred Defendants' 2020 appeals to the Circuit Mediator's Office, to explore the parties' willingness to submit those appeals as well as Defendants' 2021 appeals to mediation. (Riordan Dec. ¶ 4.) The Circuit Mediator's Office assigned a staff mediator to the case and convened a mediation conference on March 2, 2021, after which the parties agreed to submit the appeals to formal Circuit mediation. (*Id.*) The staff mediator oversaw all-day mediation sessions on April 20, May 4, and May 25, 2021, and a fourth all-day session is scheduled for June 10, 2021. (*Id.* ¶ 5.) In connection with these mediation sessions, the parties have exchanged ten proposals or counter-proposals, including explanations of their positions, regarding a potential resolution of this case through the mediation. (*Id.*) Federal Defendants have agreed to provide additional information about their positions today, June 3, and Plaintiffs have agreed to do the same tomorrow, June 4. (*Id.*)

As part of the mediation process, the parties stipulated that "a stay of discovery … while mediation is ongoing is desirable." (ECF 1076.) As the parties noted, a stay of discovery "will conserve the resources of the parties, third parties, and the Court in the event that the case is able to be resolved through mediation." (*Id.*) The parties agreed to notify the Court within three business days of any dissolution of the mediation process so that a status conference could be set "to lift the discovery stay and reschedule the case management deadlines." (*Id.*) Federal

PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY
PRELIMINARY INJUNCTION

Defendants agreed to "expeditiously meet outstanding discovery obligations, including the production of documents," if the stay is lifted. (*Id.*) The Court adopted the parties' stipulation to stay discovery on March 18, 2021. (ECF 1078.)

Were the discovery stay to be lifted, among the outstanding discovery that Federal Defendants would be obligated to produce is discovery relevant to the Renewed Motion. This includes written discovery concerning vaccination of staff and class members at Mesa Verde, ventilation at Mesa Verde, plans to deal with intake and COVID-19 exposure at Mesa Verde post-dating the Second PI Order. (Riordan Dec. ¶ 8.) Moreover, by agreeing to stay discovery, Plaintiffs did not take depositions of Defendants' personnel that are now highly relevant the Renewed Motion, including depositions about the status of staff vaccination at Mesa Verde. (*Id.*)

Meanwhile, on March 27, 2021, GEO filed its Original Motion seeking to modify the Second PI Order (ECF 867), arguing, *inter alia,* that in light of allegedly changed circumstances, a number of the restrictions contained in the Second PI Order could now be modified or eliminated. Because the Ninth Circuit mediation process was already underway, however, *the parties agreed to defer briefing and argument on this motion* until such time, if any, that "the mediation is determined to be unsuccessful" and explicitly agreed that "the mediation will be deemed unsuccessful if *counsel for all defendants*, or Plaintiffs' counsel, state that the mediation has reached an impasse." (ECF 1085 at 2:13-14; emphasis added.) On the parties' stipulation, the Court entered its Order deferring briefing and argument on the Original Motion. (*Id.* at 2.)

Plaintiffs' counsel believe the mediation has not reached an impasse, based on the fact that the parties have engaged in multiple all-day mediation sessions and have another such session forthcoming, and have exchanged multiple settlement proposals. (Riordan Dec. ¶¶ 5-6.) "Counsel for all defendants" have not stated that the mediation has reached an impasse, since counsel for the Federal Defendants have made no such statement. (*Id.* ¶ 7.) Only counsel for the GEO Defendants have stated that the mediation has reached an impasse, and *according to the stipulation that they signed and the Order that the Court entered thereon,* GEO is not permitted to reinstate the Original Motion via the Renewed Motion.

PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY
PRELIMINARY INJUNCTION

Counsel for Plaintiffs wrote to counsel for GEO on June 2, 2021, requesting that, in light of these facts, they agree to withdraw the Renewed Motion, and stating that if GEO did not agree to do so, Plaintiffs would file this Administrative Motion. (*Id.* ¶ 9 and Ex. 1.) On June 3, 2021, counsel for GEO responded that they would not withdraw the Renewed Motion. (*Id.*)

## III.    ARGUMENT

GEO's Renewed Motion simply an attempt to re-notice for hearing its Original Motion to Modify the Second PI. As such, it is a brazen violation of (1) *GEO's own agreement* to defer further briefing and argument on its Original Motion, and (2) *the Court's Order*, entered on the stipulation of the parties, to defer further briefing and hearing on the Original Motion until such time as either Plaintiffs' counsel or *all* Defendants' counsel declared an impasse in the Ninth Circuit Mediation. The Court has inherent authority to enforce its own orders and to enforce the parties' promises to each other. GEO's flagrant violations should not be rewarded.

Moreover, GEO should not be allowed to take advantage of the stay of discovery that Plaintiffs agreed to upon entering mediation. Significant outstanding discovery impacts the Renewed Motion, including written discovery and depositions concerning vaccination of staff and class members at Mesa Verde, ventilation at Mesa Verde, plans to deal with intake and COVID-19 exposure at Mesa Verde post-dating the Second PI Order. Moreover, Plaintiffs would seek to depose Defendants' personnel on issues concerning the vaccination status of Defendants' employees at Mesa Verde and Defendants' plan as to how to operate Mesa Verde were GEO's Renewed Motion granted, in advance of responding to the Renewed Motion. At a minimum, absent such discovery, the Court would be ruling on an incomplete record due to GEO's evasion of its prior agreement and this Court's order.

Finally, GEO cannot credibly claim any need for the Court to hear its Renewed Motion expeditiously. For the past six months, Defendants have been empowered to admit new class members for detention at Mesa Verde within the parameters of the Second PI Order. Yet they have *not admitted a single person* in that time. GEO cannot claim that there is any prejudice in waiting to hear a motion seeking only to be able to admit more people for detention at Mesa

PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY
PRELIMINARY INJUNCTION

Verde, to a time when mediation might actually be at an impasse and after a full record can be developed.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking GEO's Renewed Motion, ECF 1104, or, in the alternative, continuing Plaintiffs' time to respond thereto to a date at least fourteen days after (1) Defendants have responded to outstanding discovery relevant to the Renewed Motion and (2) the completion of other discovery directed to the Renewed Motion, and continuing the hearing to a date to be determined after the completion of discovery and briefing.

Respectfully submitted,

DATED: June 3, 2021                        AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION OF NORTHERN CALIFORNIA

                                           _/s/ Sean Riordan_
                                           SEAN RIORDAN
                                           Counsel for Plaintiffs

PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE GEO'S MOTION TO MODIFY
PRELIMINARY INJUNCTION