STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JENNINGS, *et al.*, <br><br> Defendants. | CASE NO. 3:20-cv-02731-VC <br><br> **FEDERAL DEFENDANTS' RESPONSE TO GEO DEFENDANTS' MOTION TO MODIFY DECEMBER 3, 2020 PRELIMINARY INJUNCTION** <br><br> Date: September 2, 2021 at 2:00 p.m. <br> Location: Courtroom 4 |

Per the Court's Minute Entry of July 7, 2021, ECF No. 1124, Federal Defendants respectfully submit this response to GEO Defendants' Motion to Modify December 3, 2020 Preliminary Injunction Order, ECF No. 1082, and GEO Defendants' Notice Regarding the Previously Filed Motion to Modify December 3, 2020 Preliminary Injunction Order, ECF No. 1104.

On July 14, 2021, Plaintiffs and Federal Defendants, through the Ninth Circuit Mediator, conveyed to the Ninth Circuit Panel that they had reached an agreement in principle to resolve this matter. On July 16, 2021, the Ninth Circuit issued an order acknowledging the agreement in principle and setting a deadline of 60 days, i.e., until September 14, 2021, for Defendants to file a motion or stipulation to dismiss the appeals without prejudice to reinstatement to allow the Parties time to reduce the agreement to writing. *See* Ninth Circuit Order, ECF No. 1130.

Per the agreement in principle, Federal Defendants anticipate that, subject to the Court's approval, the settlement agreement should fully resolve this case and address, among other things, the Court's December 3, 2020 preliminary injunction order ("PI Order") and the population caps set forth therein. Federal Defendants therefore take no position on GEO Defendants' motion or on any proposed modification of the population caps set forth in the PI Order at this time outside of the settlement framework. In light of the above, Federal Defendants have no present intent to depart from the population cap terms of the existing PI Order at the Mesa Verde Detention Facility at this time.[1]

---

[1] Plaintiffs have informed Federal Defendants that they will not seek discovery from Defendants in connection with GEO Defendants' motion. To the extent that any party were to seek discovery or a lifting of the current stay of discovery in relation to GEO Defendants' motion, Federal Defendants would oppose such request. The Parties stipulated to, and the Court so ordered, a stay of discovery. Stipulation and Order Staying Discovery and Other Case Mgmt. Deadlines During Mediation, ECF No. 1078. The continued stay of discovery conserves the resources of the Parties as they continue their efforts to settle and resolve this case, and, conversely, a lifting of the stay and renewed discovery would divert and drain the resources of the Parties away from those effort. Courts regularly stay discovery in cases where the case may be resolved through settlement. *See, e.g.*, *Abikar v. Bristol Bay Native Corp.*, No. 18-CV-1700 JLS (AGS), 2020 WL 1287729, at *3 (S.D. Cal. Mar. 18, 2020) (staying case because, among other things, "not granting a stay would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues when this case may largely be resolved by the good faith settlement efforts in [another] Action" and "a stay will allow Parties to conserve their resources pending resolution of [that] Action") (internal quotation marks omitted); *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (staying case because, among other things, "[p]roceeding with this case while a potential nationwide settlement that encompasses Plaintiffs' claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary. Such expense would unduly burden [defendant] as well as this Court."); *Ceron v. Brinks Inc.*, No. CV 15-1129-JFW (JCx), 2015 WL 13764941, at *3 (C.D. Cal. July 7, 2015) (staying case because, among other things, "if a stay is not issued, the parties may engage in discovery and

DATED: July 28, 2021								Respectfully submitted,

								STEPHANIE M. HINDS
								Acting United States Attorney

								*s/Shiwon Choe*
								SHIWON CHOE
								Assistant United States Attorney
								Attorneys for Federal Defendants

---

motion practice that could be rendered moot if the proposed settlement in [related] Action is approved, which would be a waste of the time and resources of the both the parties and the Court").