David S. Weinstein [Admitted *Pro Hac Vice*]
dweinstein@joneswalker.com
JONES WALKER LLP
201 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (305) 679-5700
Facsimile:  (305) 679-5710

Susan E. Coleman (SBN CA 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and
NATHAN ALLEN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUIZ TOVAR, LAWRENCE MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG,<br><br>Petitioners-Plaintiffs,<br><br>vs.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; NATHAN ALLEN, Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | Case No. 3:20-cv-02731-VC<br><br>(Honorable Vince Chhabria)<br><br>**DEFENDANTS THE GEO GROUP, INC. AND NATHAN ALLEN'S REPLY TO PLAINTIFFS' OPPOSITION (ECF 1134) TO GEO'S MOTION TO MODIFY PRELIMINARY INJUNCTION (ECF 1082, 1104)** |

{M1841124.1}

1034174\306796977.v1

The Defendants The GEO Group, Inc. ("GEO") and Nathan Allen ("Allen") (collectively, "GEO Defendants") respectfully submit this Reply to Plaintiffs' Opposition to GEO Defendants' Motion to Modify Preliminary Injunction.

**Bad Faith Allegations**

Notwithstanding the unfounded and repeated attacks on the GEO Defendants' motives for the filing of a request to modify the Preliminary Injunction, there was no bad faith by the GEO Defendants in filing the initial motion [ECF 1082] or the follow up notice [ECF 1104]. Moreover, it was never GEO's intent to violate any stipulations, disrupt the mediation process, nor file the motion because its "economic interests" were harmed [ECF 1134 at p. 4].

GEO contracts with ICE to house immigration detainees at the Mesa Verde ICE Processing Center ("Mesa Verde"). While GEO has no control over who is brought to Mesa Verde, they are responsible for the health, safety and welfare of detainees who have been designated for detention there by ICE. This includes responding to the ever changing conditions created by the COVID-19 Pandemic. To do this, GEO must balance their responsibilities under their contract with ICE, the requirements set forth by U.S. Immigration and Customs Enforcement and Removal Operations ("ERO") in their COVID-19 Pandemic Response Requirements ("PRR"), the guidance provided by the CDC, medical considerations advocated by Wellpath and in this matter, the conditions set forth by the Court in the December 3, 2020 Preliminary Injunction [ECF 867].

In March of this year, due to the availability and administration of COVID-19 vaccinations, guidance from the CDC had changed, not only for the general public, but for Correctional and Detention facilities. This also resulted in changes to the ERO guidance as well. At that time, while the GEO Defendants were a party to the Ninth Circuit mediation process, in the GEO Defendants' view, no resolution was imminent. From their perspective, it was appropriate to petition the Court to modify the December 3, 2020 Preliminary Injunction and provide the GEO Defendants with the

Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
305 679-5700

{M1841124.1}   2   3:20-cv-02731-VC
GEO Defendants' Reply

ability to increase the population cap within the confines of the changed conditions. The GEO Defendants' request was tailored to modify the Preliminary Injunction only as it pertained to vaccinated detainees.

**Jurisdiction to Modify the Preliminary Injunction**

Despite the existence of an appeal, this Court does have jurisdiction to modify the Preliminary Injunction as well as the ability to make a presumptive/indicative ruling.

As pointed out by the *Court in Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Local Union , etc*., 536 F.2d 1268, 1276 (9th Cir. 1976):

> "[T]he [general] rule is not a creature of statute and is not absolute in character. It is our opinion that the rule should not be applied in those cases where the district court, as here, has a continuing duty to maintain a status quo, and where, as the days pass, new facts are created by the parties and the maintenance of the status quo requires new action. This result is not unlike that achieved by Fed. R. Civ. P. 62(c), which provides that, in the case of an appeal from an order granting an injunction, the district court does not lose jurisdiction to alter the injunction. ***We believe the rule should be, and we so hold that, in the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision***, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken." (*emphasis added*).

By virtue of the December 3, 2020 Preliminary Injunction, this Court is supervising "a continuing course of conduct." There are new facts that have developed, i.e., the availability of vaccines, which requires, "additional supervisory action by the court."

Although the Federal Defendants and the Plaintiffs may have reached an agreement in principle, (*see* ECF's 1130 and 1132), the Ninth Circuit has set a deadline of September 14, 2021, for the Defendants to file a motion or stipulation to dismiss the appeals without, prejudice to reinstatement, to allow the Parties time to reduce the agreement to writing. *See* ECF 1130. While the Federal Defendants "anticipate that, subject to the Court's approval, the settlement agreement

Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
305 679-5700

{M1841124.1}　　　3　　　3:20-cv-02731-VC
GEO Defendants' Reply

should fully resolve this case and address, among other things, the Court's December 3, 2020 preliminary injunction order ("PI Order") and the population caps set forth therein." [ECF 1132], the GEO defendants are not aware of any settlement agreement that has been presented to this Court.

Moreover, despite the Plaintiffs' speculation that the Ninth Circuit panel would be "puzzled by an indicative ruling from this Court" [ECF 1134 fn 4], both Fed. R. Civ. Proc., Rule 62.1 and *Mendia v. Garcia*, 874 F.3d 1118, 1120 (9th Cir. 2017), "permits a party to request an 'indicative ruling' from the district court when that court lacks jurisdiction in the matter based on a pending appeal." *Id* at 1120.

The hearing currently scheduled on the GEO Defendants' motion is set for September 2, 2021. If by that time there is an agreement addressing population caps, then a ruling by this Court, indicative or otherwise will no longer be required. In the absence of such an agreement, this Court has the authority to hold a hearing on the GEO Defendants' motion and modify the Preliminary Injunction.

**Discovery Issues**

As stated during the Case Management Conference held on July 7, 2021, the GEO Defendants response to the Plaintiffs' December 17, 2020 discovery requests were completed on January 28, 2021. There are no outstanding discovery requests to the GEO Defendants that remain unanswered. The GEO Defendants are prepared to proceed with their motion based upon the discovery currently provided by all parties.

**Dr. Henderson's Declaration**

Dr. Henderson's declaration is not misleading, nor does it mischaracterize CDC guidance. Dr. Henderson's declaration and opinion was predicated upon the conditions at Mesa Verde and the

Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
305 679-5700

{M1841124.1}    4    3:20-cv-02731-VC
GEO Defendants' Reply

CDC guidance, as they existed on March 25, 2021. As the Court is aware, Dr. Henderson's opinions have often differed from those of the experts offered by the Plaintiffs, including Dr. Greifinger.

Since March 27, 2021 a number of factors have changed. These changes include, but are not limited to, the efficacy of the available vaccinations against COVID-19 variations, vaccination rates, and CDC guidance. This has resulted in continually changing guidance from the CDC.

On June 9, 2021 the CDC Issued Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, available here, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

On June 22, 2021 the CDC published a presentation entitled "Considerations for Modifying COVID-19 Prevention Measures in Correctional and Detention Facilities," available here, https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/correction-detention/COVID-Corrections-considerations-for-loosening-restrictions-Webinar.pdf

Finally, as recently as August 10, 2021, the CDC updated their webpage of resources for people who work and reside in prisons, jails, and detention centers. https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/index.html

Dr. Henderson is currently out of his office and is unable to provide an updated declaration at this time. The GEO Defendants are seeking the Court's permission to file an updated declaration when Dr. Henderson returns to his office, in advance of the hearing currently scheduled for September 2, 2021. Dr. Henderson will also be available to provide live testimony at the hearing on the instant motion.

**Mitigation Plans**

The GEO Defendants will continue to comply with the provisions of their relevant ICE contract or service agreement, as well as the most recent ERO COVID-19 Pandemic Response

Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
305 679-5700

{M1841124.1}   5   3:20-cv-02731-VC
GEO Defendants' Reply

Requirements (Version 6.0, March 16, 2021) https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities.pdf

The GEO Defendants will continue to work with State and Local authorities to provide vaccinations to incoming detainees, who have not already been fully vaccinated, prior to their arrival at Mesa Verde.

The GEO Defendants will continue to strongly suggest that staff members become fully vaccinated.

The GEO Defendants will continue to comply with Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities.  This guidance includes a recommendation that individuals wear masks when they are indoors, even if they are fully vaccinated.  The GEO Defendants will continue to provide detainees with masks and will strongly suggest that they wear them.

**Conclusion**

For the foregoing reasons, as well as the reasons included in the original motion [ECF 1082], and the follow up notice [ECF 1104], the Court should modify the preliminary injunction to remove the population cap on dorms housing only vaccinated detainees.

DATED: August 11, 2021                     JONES WALKER LLP

By: */s/ David S. Weinstein*
David S. Weinstein
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN ALLEN

DATED: August 11, 2021                     BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
Susan E. Coleman
Attorneys for Respondents-Defendants
THE GEO GROUP, INC. and NATHAN ALLEN

Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
305 679-5700

{M1841124.1}                          6                          3:20-cv-02731-VC
                                                                GEO Defendants' Reply