# Exhibit 2

# NOTICE OF PROPOSED SETTLEMENT
United States District Court for the North District of California,
Case No. 3:20-cv-02731

**If you are a noncitizen who was detained by Immigration and Customs Enforcement at Yuba County Jail or Mesa Verde Detention Center on or after April 20, 2020, you may be a Class Member entitled to relief.**

A proposed settlement has been reached in a class action lawsuit called ***Zepeda Rivas v. Jennings***, Case No. 3:20-cv-02731, currently pending in the United States District Court for the Northern District of California. This lawsuit is about the rights of noncitizens who are or were once detained in Immigration and Customs Enforcement ("ICE") custody in either Mesa Verde Detention Center or Yuba County Jail on or after April 20, 2020. The parties in the lawsuit have reached an agreement to settle the case, and the federal court must decide whether to approve the settlement.

This Notice will tell you about your rights under this proposed settlement. You are not being sued, and this is not an advertisement. If you think this settlement relates to you, please read this Notice.

## What is this lawsuit about?

***Zepeda Rivas v. Jennings*** is a federal court case brought on behalf of a class of people who are or have been in ICE custody at Mesa Verde Detention Center or Yuba County Jail on or after April 20, 2020 ("Class"). If you were in ICE custody at Mesa Verde Detention Center or Yuba County Jail on or after April 20, 2020, you are a "Class Member." The people who initially brought this lawsuit, called the "Named Plaintiffs," are Angel De Jesus Zepeda Rivas, Brenda Rubi Ruiz Tovar, Lawrence Kuria Mwaura, Luciano Gonzalo Mendoza Jeronimo, Corima Yaritza Sanchez Nuñez, Javier Alfaro, Dung Tuan Dang, Juan Jose Erazo Herrera, Rajnish Rajnish, and Willian Matias Rauda. The Named Plaintiffs have brought this action against David Jennings, as Acting Director of the San Francisco Field of ICE; U.S. Immigration and Customs Enforcement, as the entity; GEO Group, Inc., as the entity; and Michael Knight, as Acting Warden of Mesa Verde Detention Facility. Collectively, these parties are known as the "Defendants." A case like this is brought on behalf of a whole group of people who are alleging similar legal disputes. The United States District Court for the Northern District of California is hearing this case, with the Honorable Vince Chhabria presiding. He is a federal judge who presides in San Francisco.

The case alleges that the lack of COVID-19 protocols and social distancing in both the Yuba County Jail and Mesa Verde Detention Center put Class Members at a dangerous risk of contracting COVID-19 in violation of the United States Constitution. In April 2020, the federal court issued an order allowing Class Members to apply to be released from detention on bail. Later that year, in June, August, and December, the Court issued other orders, ultimately requiring the Defendants to implement specific protocols to prevent the spread of COVID-19. At the Mesa Verde Detention Center, the Court ordered population caps, screening, testing, and quarantining requirements. In December 2020, the Court issued an order requiring similar protections at Yuba County Jail during a COVID-19 outbreak there.

The Named Plaintiffs and the Defendants have agreed to a settlement, which will (1) maintain the existing COVID-19 mitigation efforts ordered by the Court in both of the facilities for 60 days after the settlement is approved, after which Defendants must follow all CDC Guidance regarding detention centers; (2) provide for vaccination, testing, appropriate isolation and quarantine, and other procedures to protect against the introduction and spread of COVID-19 at the facilities; (3) provide Class Members with the proper supplies, including masks and sanitizer, and proper space to protect themselves against the coronavirus; and (4) prevent Defendants from re-detaining Class Members who were released voluntarily by ICE or by the Court after April 2020, unless certain limited and specific criteria are met.

The Defendants deny any wrongdoing but are settling the case in order to avoid the expense and resources that would be needed to keep fighting the case.  The Named Plaintiffs and their attorneys believe that the settlement provides important rights and benefits for the Class, and that it is in the best interests of the Class to settle the case, while avoiding the expense, delay, and uncertainty of continuing to litigate the case.

### How do I know if I am a Class Member?

The Court has certified the Settlement Class, and it is defined as: "[A]ll people who are or have been in ICE custody at the [Yuba County Jail or Mesa Verde Detention Center] from April 20, 2020, through the expiration of this settlement agreement."  A person who is a member of the Settlement Class is a "Class Member."  The Settlement Class has been certified for settlement purposes only to allow Class Members to be notified, voice their support or opposition to final approval of this settlement, and explain how Class Members may obtain the relief provided by the settlement.

You may be a Class Member if you:
- Are or were previously detained in ICE custody in either Yuba County Jail or Mesa Verde Detention Center in California; and
- Are or were detained on or after April 20, 2020.

### What does the settlement provide?

<u>This is only a summary of the settlement.  If you want to know more, you should read the settlement agreement or talk to a lawyer to learn more about it.</u>

### A:  Specific Provisions to Limit the Introduction and Spread of COVID-19.

The settlement requires Defendants to implement specific procedures to limit the introduction and spread of COVID-19 at Yuba County Jail and Mesa Verde Detention Center. Among other things, the settlement agreement requires that Defendants will:

- implement policies and procedures for how Defendants will combat the spread of COVID-19 in Yuba County Jail and Mesa Verde Detention Center;
- comply with CDC Guidance on COVID-19 mitigation efforts in detention settings;

- maintain population caps on both facilities to allow for social distancing, subject to modification pursuant to CDC Guidance once 60 days have passed from the Court's final approval of the settlement;
- test all new intakes to the facilities and screen for COVID-19 symptoms;
- quarantine new intakes for at least 14 days, or however long the CDC recommends;
- isolate symptomatic Class Members and Class Members who test positive for COVID-19;
- test all Class Members who are symptomatic or who are close contacts with individuals who test positive for COVID-19;
- provide timely vaccines, including boosters, to Class Members;
- provide supplies, such as unlimited access to masks and sanitizer, and public health education to Class Members;
- identify Class Members with vulnerabilities to a severe case of COVID-19 for immediate release from detention in certain cases;
- ensure that staff members follow proper CDC Guidance on quarantine periods after testing positive for COVID-19;
- test all unvaccinated class members where the county COVID-positive case rate is substantial; and
- ensure that staff are vaccinated in compliance with the relevant federal executive order.

### B: Provisions Regarding Re-Detention of Class Members

In addition, the settlement provides certain relief for Non-Detained Class Members.

If a Class Member was released on bail under the April 2020 order from Judge Chhabria or voluntarily released by ICE after April 20, 2020 and has not been removed or voluntarily executed their removal, the settlement ensures that Defendants may not re-detain them, unless:

(1) the Class Member has violated a material condition of release in a way that shows that the Class Member poses a danger to the public or flight risk;
(2) the Class Member has been arrested for a crime that shows that the Class Member poses a danger to the public or flight risk, or violated probation or parole terms that show such a danger;
(3) the Class Member's conduct or criminal history before they were detained demonstrates that the Class Member poses a "very significant ongoing threat to public safety or national security"; or
(4) the Class Member is the subject of a final removal order that is not stayed and that cannot be executed without re-detaining the Class Member.

### C: Provisions Regarding the Conditions of Release for Certain Class Members

By March 2, 2022, Defendants will review the conditions of release for all Class Members who have been released from detention and who are not enforcement priorities for ICE and will provide written notice of their decision whether or not to relax conditions of release. ICE will conduct a subsequent review within 60 days of the first review for all Class Members who have been released

from detention and still on a GPS ankle monitor after the first review. Class Members, their attorneys, or Class Counsel may submit relevant materials to the assigned ICE case officer.

## D: Other Provisions and Considerations

Most of the terms of this settlement expire three years from when the Court enters an order making the settlement effective, while some other protections last 60 days. This settlement does not seek any money from the Government on behalf of the Settlement Class, except to reimburse Plaintiffs' attorneys for some of their fees and costs in bringing this lawsuit. However, this settlement does not prevent Class Members from bringing individual lawsuits seeking money from Defendants for harms suffered while in their custody.

If the settlement agreement is approved, the claims brought by the Named Plaintiffs will be considered settled for all Class Members. All of the terms of the proposed settlement are subject to Court approval at a "Final Approval Hearing," which is explained below. A copy of this settlement agreement is available at: https://www.aclunc.org/our-work/legal-docket/zepeda-rivas-v-jennings-immigration-detention, or, if this Notice was mailed, is enclosed.

## Can I object as a Class Member?

If you like the settlement's terms, you don't have to do anything.

If you are not satisfied with the settlement, you do not have the right to opt out of it. But you do have the right to ask the Court to deny approval for the settlement by filing an objection. If the Court denies approval, Plaintiffs and Defendants will attempt to renegotiate the settlement. If no further settlement can be reached, the lawsuit will continue in court. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. If you object in writing, you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must:

- Clearly identify the following case name and number: *Zepeda Rivas v. Jennings*, Case No. 3:20-cv-02731 (N.D. Cal.);
- Include the Class Member's name;
- Include an explanation of why the Class Member objects to the settlement, including why they are not satisfied, any supporting documents, and the reasons, if any, for wishing to appear and be heard at the Final Approval Hearing;
- Be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and
- Be filed or postmarked on or before_____, 2022.

## When and where will the Court decide whether to approve the settlement?

The Final Approval Hearing will be held on _____, 2022, at _____ AM/PM at Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine the fairness, reasonableness, and adequacy of the proposed settlement.  The hearing may also be available via Zoom, and if so, you will be able to find more information at: https://cand-uscourts.zoomgov.com/j/1612857657?pwd=WE5Gcm1zS293WU84V0tyd0c2Ulp1UT09.   The date may change without further notice to the class.

## Where can I get more information?

This notice merely summarizes the proposed settlement.  For the full terms of the settlement, please see the attached settlement agreement.  You should feel free to talk to your lawyer if you want to know more about the settlement.

The settlement agreement is also available at the following website:  https://www.aclunc.org/our-work/legal-docket/zepeda-rivas-v-jennings-immigration-detention

You can also contact Class Counsel by phone at (415) 326-6477, by using "Lyon PIN" #7654, or at these mail or email addresses:

- Bree Bernwanger
  bbernwanger@lccrsf.org
  Lawyers' Committee for Civil Rights of the San Francisco Bay Area
  131 Steuart St, #400
  San Francisco, CA 94105

- Sean Riordan
  sriordan@aclunc.org
  American Civil Liberties Union Foundation of Northern California
  39 Drumm Street
  San Francisco, CA 94111

- Kelly Wells
  Kelly.wells@sfgov.org
  Office of the Public Defender of San Francisco
  555 Seventh Street
  San Francisco, CA 94103

If you call us at (415) 326-6477 or by using "Lyon PIN" #7654, you will have to leave a voice message.  We will set up a time to talk to you as soon as possible after receiving your voice message.

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement by accessing the Court docket in this case, for a

fee, through the Court's Public Access to Court Electronic Records ("PACER") system at: https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

### Who represents the Class?

Proposed Class Counsel for the Class:

William Freeman
Sean Riordan
Emilou MacLean
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111

Stephanie Padilla
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 W 8th Street, #200
Los Angeles, CA 90017

Bree Bernwanger
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, #400
San Francisco, CA 94105

Francisco Ugarte
Jennifer Friedman
Kelly Engel Wells
Genna Beier
OFFICE OF THE PUBLIC DEFENDER OF SAN FRANCISCO
555 7th Street
San Francisco, CA 94103

Martin S. Schenker
Timothy W. Cook
Julie M. Veroff
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612