UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | **CASE NO. 3:20-CV-02731**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**<br><br>**JUDGE VINCE CHHABRIA** |

Plaintiffs Angel De Jesus Zepeda Rivas, Brenda Rubi Ruiz Tovar, Lawrence Kuria Mwaura, Luciano Gonzalo Mendoza Jeronimo, Coraima Yaritza Sanchez Nuñez, Javier Alfaro, Juan Jose Erazo Herrera, Rajnish Rajnish, and Willian Matias Rauda have filed a Motion for Preliminary Approval of the class action settlement reached with Defendants. The Court has carefully considered the Class Settlement Agreement last executed on December 17, 2021 (the "Agreement") together with all exhibits thereto, all the filings related to the settlement, the arguments of counsel, and the record in this case. The Court hereby gives its preliminary approval of the settlement; finds that the settlement and Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice of the settlement to the Settlement Class and to hold a Fairness Hearing; orders the Class Notice to be sent to the Settlement Class in accordance with the Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed settlement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED THAT**:

1. The Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Agreement.

2. The Court preliminarily approves the settlement and Agreement, finding that the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and (e), the Court certifies, for settlement purposes only, the following class comprised of all people who are or have been in ICE custody at the Facilities on or after April 20, 2020 (the "Settlement Class").

4. The Court finds, for settlement purposes only, that the Action may be maintained as a class action on behalf of the Settlement Class because:

   a. Numerosity: Class Counsel estimates that over 400 people qualify as members of the Settlement Class. Rule 23(a)(1) is satisfied.

   b. Commonality: The alleged constitutional violations expose all Class Members to an unnecessary risk of harm. These issues are common to the

Settlement Class. The fact that some Class Members may contract a more severe case of COVID-19 does not defeat the commonality of Plaintiffs' claim. Rule 23(a)(2) is satisfied.

    c.    Typicality: Plaintiffs' claim is typical of all Class Members' claims because it is borne out of the conditions at the Facilities. Each Class Member has suffered the same constitutional injury resulting from the lack of social distancing and COVID-19 mitigation. This claim is typical of the entire Settlement Class. Rule 23(a)(3) is satisfied.

    d.    Adequacy: There are no conflicts of interest between Plaintiffs and Class Members, and Plaintiffs have retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in class action litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. Rule 23(a)(4) is satisfied.

    e.    Class-wide Remedy: Defendants acted and refused to act on grounds that apply generally to the Settlement Class, such that final injunctive relief or corresponding declaratory relief would respect the Settlement Class as a whole. Rule 23(b)(2) is satisfied.

5. The Court appoints as class representatives, for settlement purposes only, Plaintiffs Angel De Jesus Zepeda Rivas, Brenda Rubi Ruiz Tovar, Lawrence Kuria Mwaura, Luciano Gonzalo Mendoza Jeronimo, Coraima Yaritza Sanchez Nuñez, Javier Alfaro, Juan Jose Erazo Herrera, Rajnish Rajnish, and Willian Matias Rauda. This Court finds, for settlement purposes only, that Plaintiffs will adequately represent the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel William Freeman, Sean Riordan, and Emilou MacLean (ACLU Foundation of Northern California); Stephanie Padilla (ACLU Foundation of Southern California); Bree Bernwanger (Lawyers' Committee for Civil Rights of the San Francisco Bay Area); Francisco Ugarte, Jennifer Friedman, Kelly Engel Wells, and Genna Beier (Office of the

Public Defender of San Francisco); Martin S. Schenker, Timothy W. Cook, and Julie M. Veroff (Cooley LLP); and Judah Lakin and Amalia Wille (Lakin & Wille LLP) as Class Counsel.  The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class Counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing Settlement Class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

7. The Court finds that the proposed Class Notice and the proposed plan of distribution of the Class Notice meet the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e)(1) and hereby directs Class Counsel to proceed with the notice distribution in accordance with the terms of the agreement.

8. The Court approves the procedures set forth in the Agreement and the Notice of Settlement of Class Action for objections to the settlement.

9. Any Class Member who wishes to object to the Agreement must do so within 60 days of this Order.

10. The Court directs that a hearing be scheduled on_____, 2022 at _____ a.m./p.m. (the "Fairness Hearing") to assist the Court in determining whether the settlement is fair, reasonable and adequate; and whether Final Judgment should be entered dismissing with prejudice Defendants in the above-captioned action.  Plaintiffs shall file a motion for final approval of the settlement no later than 14 days before the Fairness Hearing.

11. The Agreement provides that ICE shall pay Plaintiffs the amount of $4,000,000 in attorneys' fees and up to $112,000 in costs taxable under 28 U.S.C. § 1920.  Plaintiffs have submitted information concerning their taxable costs to ICE.  The Court preliminarily finds that the provisions for payment of attorney's fees and costs are reasonable.

12. Neither the settlement, nor any exhibit, document, or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by

Defendants of an interpretation of, any liability or wrongdoing by Defendants, or of the truth of any allegations asserted by Plaintiffs, Class Members, or any other person.

13. If the settlement is not finally approved, or the Effective Date does not occur, or the settlement is terminated under its terms, then (a) all parties will proceed as if the settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Agreement with respect to the effect of the Agreement if it is not approved.

14. Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Settlement ("Motion") is hereby GRANTED. The Court hereby preliminarily approves the proposed class-wide relief set forth in the Agreement (attached to Plaintiffs' Motion), hereby certifies the Settlement Class as described in the Agreement for settlement purposes, hereby approves the proposed form and plan of notice (attached to Plaintiffs' Motion), and hereby schedules the Fairness Hearing.

**IT IS SO ORDERED.**

Date: _____, 2022

_____
HON. VINCE CHHABRIA
United States District Judge