STEPHANIE M. HINDS (CABN 154284)
United States Attorney

MICHELLE LO (NYRN 4325163)
Chief, Civil Division

WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     Facsimile: (415) 436-6748
     wendy.garbers@usdoj.gov
     adrienne.zack@usdoj.gov
     shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | ) | CASE NO. 3:20-cv-02731-VC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **NOTICE OF JOINT MOTION AND JOINT** |
| v. | ) | **MOTION TO VACATE ORDERS** |
| | ) | |
| DAVID JENNINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 3, 2022, at 2:00 p.m., before the Honorable Vince Chhabria of the United States District Court for the Northern District of California, the Parties will jointly move the Court, pursuant to Federal Rules of Civil Procedure 54(b), to vacate its preliminary injunction orders issued on June 9, 2020 and December 3, 2020 (ECF Nos. 357 & 867) upon the Court's final approval of a settlement agreement reached between the Parties through the Ninth Circuit Mediation Program.  This motion is supported by the following Memorandum of Points and Authorities.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 54(b), Plaintiffs and Defendants (collectively "the Parties") respectfully request the Court to vacate its preliminary injunction orders issued on June 9, 2020 and December 3, 2020 (ECF Nos. 357 & 867) at such time as the Court grants final approval to the settlement of this matter, because the Parties have reached a settlement agreement to resolve this matter in a manner that is fair and reasonable to Plaintiffs and the provisionally certified class and that avoids the hardship of costly and uncertain appeals.  The Parties respectfully request that the Court indicate its decision on this motion at the time the Court rules on the accompanying motion for preliminary approval of the class settlement but that the Court also make clear that it will only enter an order vacating the preliminary injunction orders upon final approval of the settlement.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      STATEMENT OF THE ISSUES

Whether this Court should vacate its preliminary injunction decisions because the Parties have reached a settlement agreement in this case that is fair and reasonable to Plaintiffs and the provisionally certified class and that is expressly made contingent on the Court signing the attached proposed vacatur order.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 20, 2020, Plaintiffs filed this action, challenging, among other things, the conditions of confinement at two ICE detention facilities, Mesa Verde Detention Facility and Yuba County Jail, with respect to the COVID-19 pandemic.  ECF No. 1.  This Court issued preliminary injunctions on June 9,

2020 and December 3, 2020 requiring Defendants to take various measures related to COVID-19.  *See* ECF Nos. 357, 867.

On June 29, 2020, and February 1, 2021, Defendants filed notices of appeal of the Court's preliminary injunctions of June 9, 2020 and December 3, 2020, respectively.  ECF Nos. 411, 1000, 1002.  Oral argument was heard in the Ninth Circuit on Defendants' appeal of the first preliminary injunction on February 8, 2021.  On or about March 2, 2021, the Parties began discussing the possibility of settlement with the assistance of the Ninth Circuit Mediator.  9th Cir. ECF No. 78.  With the assistance of the Circuit Mediator, the Parties have reached a negotiated settlement of the entire action, including all appeals.  As set forth in the accompanying motion for preliminary settlement approval, the settlement disposes of all issues in the litigation.  Although the parties have agreed that the preliminary injunction orders of June 9, 2020, and December 3, 2020 (ECF Nos. 357 & 867) will continue in effect until the final approval of the proposed settlement, the settlement is expressly conditioned on the vacatur by the District Court of those orders upon final approval of the settlement.  Vacatur is of particular importance to Federal Defendants, in order to vacate findings that they otherwise would have strenuously contested on the appeals they are voluntarily dismissing pursuant to the proposed class settlement agreement.  Federal Defendants have made clear that they will not agree to the proposed settlement unless vacatur is granted, and Plaintiffs have agreed to this condition in order to secure the significant benefits of the proposed settlement.

In order to obtain the vacatur order that is a necessary condition of the settlement, the Parties bring the present joint motion for vacatur of the preliminary injunction decisions upon final approval of the settlement agreement.  The parties respectfully request that the Court issue a decision on this motion in conjunction with the accompanying motion for preliminary approval of the class settlement but only issue the vacatur order if and when the Court issues a final approval of the settlement, following a fairness hearing.

## III.    ARGUMENT

### A.    A District Court May Vacate Preliminary Injunctions If a Balancing of the Equities Supports the Request.

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Ninth Circuit has affirmed this inherent power of the Court, stating: "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis in original) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also De La O v. Arnold-Williams*, Nos. CV-04-0192-EFS, CV-05-0280-EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (quoting *John Simmons Co. v. Brier Bros. Co.*, 258 U.S. 82 (1922) ("A court has complete power over interlocutory orders made therein and has authority to revise them when it is 'consonant with equity' to do so.")).  The commentary to Federal Rule of Civil Procedure 60(b) reinforces that interlocutory judgments, such as the preliminary injunctions at issue in this motion, "are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."  Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment.

Although in a different context with more stringent requirements, the case law surrounding whether a final judgement or order can be vacated by a Court is instructive in considering the Parties' request for vacatur of the preliminary injunctions.  When a District Court is asked to vacate its own final judgment or order, extraordinary or exceptional circumstances need not be found.  *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1169-70 (9th Cir. 1998).  Instead, the court must balance the equities, considering factors such as "the consequences and attendant hardships of dismissal or refusal to dismiss, and the competing values of finality of judgment and right to relitigation of unreviewed disputes."  *Id.* at 1168 (quotations omitted); *see also Nat'l Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 769 (9th Cir. 1989).

Additionally, the policy of encouraging settlements is favored by the courts.  *Nat'l Union Fire Ins. Co.* 891 F.2d at 768 (citing *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)).  When a settlement between the parties is conditioned upon the district court's grant of vacatur, this factor should be weighed and considered in the balancing of the equities.  *See Cotton ex rel. McClure v. City of Eureka, Cal.*, No. C 08-4386 SBA, 2012 WL 6052519, at *2 (N.D. Cal. Dec. 5, 2012)

(considering the conditional nature of the settlement as weighing in favor of vacatur).

**B.      The Equities Support the Parties' Joint Request for Vacatur**

As part of the terms of their settlement agreement, the Parties have agreed to move this Court to vacate the preliminary injunction decisions of June 9, 2020 and December 3, 2020 (ECF Nos. 357 & 867).  Equitable considerations present here support this joint request for vacatur, particularly because the Parties have agreed to condition settlement on vacatur of the preliminary injunction decisions.  The consequences and hardships of the Court's refusal to vacate would be substantial, and the denial of the joint motion would lead to more litigation between the Parties in an already protracted case.

Specifically, both sides seek to avoid the substantial hardships imposed by lengthy, costly, and uncertain appeals, as well as continued litigation in the District Court.  Plaintiffs and the provisionally certified class members desire certainty in the treatment of those released under this Court's bail orders and those who remain detained.  The Parties have therefore agreed that if the Court issues the requested order, then Defendants will provide additional relief that Plaintiffs might not otherwise be able to obtain from the Court in this litigation.  If settlement is not achieved because of denial of the motion to vacate and appeals are instead pursued, neither party is guaranteed success on appeal or satisfaction of their claims.  Moreover, it will be a considerable length of time before the second pending appeal would be resolved and the remaining litigation in district court completed.  *See Cotton ex rel. McClure*, 2012 WL 6052519, at *2 (considering expeditious resolution on favorable terms that brought closure to a case as warranting vacatur as a condition of settlement).

The judicial and public policy interests in finality of judgment would not be undermined by this Court's grant of the Parties' motion for vacatur because the Parties are seeking vacatur of preliminary injunctions, which necessarily are not intended to be a final adjudication of the Parties' claims and defenses.  *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.").  Additionally, vacatur is appropriate because the Court's preliminary injunctions are largely based on the specific and individualized facts surrounding the unique circumstances presented by the COVID-19 pandemic.  *See Bedrock Fin., Inc. v. United States*, No. 1:10-CV-01055 MJS HC, 2015 WL 1989106, at *3 (E.D. Cal. Apr. 30, 2015) (noting that the "fact-specific nature of the orders under consideration"

counseled in favor of vacatur).  There is also little risk of re-litigation by the Parties of the dispute at issue here due to the very specific factual circumstances and the proposed manner of resolution in the settlement.  Thus, the vacatur of the Court's preliminary injunctions will not prejudice the general public. *See Camenisch*, 451 U.S. at 395.

Finally, the public policy interest of encouraging settlement supports the Parties' joint request for vacatur.  Unlike other cases, where settlement had already been achieved prior to the parties bringing a motion to vacate, here, the Parties' settlement is conditioned on the Court first vacating the preliminary injunctions.  *See, e.g.*, *Nat'l Union Fire Ins. Co.*, 891 F.2d at 768.  Thus, the issue is "whether to vacate *to make* the case moot."  *Id*.  District courts in this circuit have often granted parties' joint motions to vacate non-final orders as part of the settlement approval process.  *See, e.g.*, *U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (noting agreement to vacate "was a significant factor in successfully resolving this litigation"); *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (noting defendants' "statement of non-opposition" and parties' complete settlement in vacating summary judgment order); *Gemini Ins. Co. v. N. Am. Capacity Ins. Co.*, No. 3:14–cv–00121–LRH–WGC, 2015 WL 3891423, at *2–3 (D. Nev. June 18, 2015) (vacating partial summary judgment order and order denying motion for reconsideration because (1) all parties jointly so stipulated, (2) no former parties to action would be adversely affected, and (3) "most importantly, the benefits of settlement outweigh costs of continuing the litigation, both in terms of litigation costs to the Parties as well as use of this Court's judicial resources."); *Jaynes Corp. v. Am. Safety Indem. Co.*, 2:10–cv–00764–MMD–GWF, 2014 WL 11115424, at *2 (D. Nev. Dec. 2, 2014) (striking and vacating order on cross-motions for summary judgment when both parties so stipulated, there was no suggestion of former parties being adversely affected, and judicial resources would be conserved).  The Parties respectfully request the Court's assistance in bringing a final and concrete resolution to this case, and one which all Parties find to be full, fair and satisfactory.

## IV.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court vacate its preliminary injunction orders of June 9, 2020 and December 3, 2020 (ECF Nos. 357 & 867) to effectuate the

contingency of the Parties' settlement.  The parties respectfully request that the Court decide this motion in conjunction with the accompanying motion for preliminary approval of the class settlement but also make clear that it will only issue the requested vacatur order if and when the Court issues its final approval of the settlement.


DATED: January 27, 2022                     Respectfully submitted,

                                            STEPHANIE M. HINDS
                                            United States Attorney

                                            *s/ Adrienne Zack*
                                            ADRIENNE ZACK
                                            Assistant United States Attorney

                                            Attorneys for Federal Defendants


                                            AMERICAN CIVIL LIBERTIES UNION
                                            FOUNDATION OF NORTHERN CALIFORNIA

                                            *s/ Sean Riordan**
                                            SEAN RIORDAN

                                            Attorneys for Plaintiffs


                                            JONES WALKER, LLP

                                            */s/ David S. Weinstein**
                                            DAVID S. WEINSTEIN

                                            Attorneys for Defendants
                                            The GEO Group, Inc. and Michael Knight