1  WILLIAM S. FREEMAN (SBN 82002)
   wfreeman@aclunc.org
2  SEAN RIORDAN (SBN 255752)
   sriordan@aclunc.org
3  EMILOU H. MACLEAN (SBN 319071)
   emaclean@aclunc.org
4  AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF NORTHERN CALIFORNIA
5  39 Drumm Street
   San Francisco, CA 94111
6  Telephone: (415) 621-2493
   Facsimile: (415) 255-8437
7
   Attorneys for Petitioners-Plaintiffs
8  Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

9

10

11                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
12                       SAN FRANCISCO DIVISION

13  ANGEL DE JESUS ZEPEDA RIVAS,            CASE NO. 3:20-CV-02731
    BRENDA RUBI RUIZ TOVAR, LAWRENCE
14  KURIA MWAURA, LUCIANO GONZALO          **PLAINTIFFS' SUPPLEMENTAL**
    MENDOZA JERONIMO, CORAIMA              **FILING REGARDING FEES AND**
15  YARITZA SANCHEZ NUÑEZ, JAVIER          **COSTS IN SUPPORT OF THEIR**
    ALFARO, DUNG TUAN DANG, JUAN JOSE      **UNOPPOSED MOTION FOR**
16  ERAZO HERRERA, RAJNISH RAJNISH, and    **PRELIMINARY APPROVAL OF**
    WILLIAN MATIAS RAUDA,                  **PROPOSED CLASS SETTLEMENT**
17
          Petitioners-Plaintiffs,         **JUDGE VINCE CHHABRIA**
18
          v.
19
    DAVID JENNINGS, Acting Director of the San
20  Francisco Field Office of U.S. Immigration and
    Customs Enforcement; TAE JOHNSON, Acting
21  Director of U.S. Immigration and Customs
    Enforcement; U.S. IMMIGRATION AND
22  CUSTOMS ENFORCEMENT; GEO GROUP,
    INC.; MICHAEL KNIGHT, Acting Warden of
23  Mesa Verde Detention Facility,

24        Respondents-Defendants.

25

26

27

28

1   BREE BERNWANGER (SBN 331731)          MARTIN S. SCHENKER (SBN 109828)
    bbernwanger@lccrsf.org                mschenker@cooley.com
2   LAWYERS' COMMITTEE FOR                JULIE M. VEROFF
    CIVIL RIGHTS OF THE                   jveroff@cooley.com (SBN 310161)
3   SAN FRANCISCO BAY AREA                COOLEY LLP
    131 Steuart St #400                   3 Embarcadero Center, 20th Floor
4   San Francisco, CA 94105               San Francisco, CA 94111-4004
    Telephone: (415) 814-7631             Telephone: (415) 693-2000
5                                         Facsimile: (415) 693-2222
    JUDAH LAKIN (SBN 307740)
6   judah@lakinwille.com                  TIMOTHY W. COOK* (Mass. BBO# 688688)
    AMALIA WILLE (SBN 293342)             tcook@cooley.com
7   amalia@lakinwille.com                 COOLEY LLP
    LAKIN & WILLE LLP                     500 Boylston Street
8   1939 Harrison Street, Suite 420       Boston, MA 02116
    Oakland, CA 94612                     Telephone: (617) 937-2300
9   Telephone: (510) 379-9216             Facsimile: (617) 937-2400
    Facsimile: (510) 379-9219
10
    STEPHANIE PADILLA (SBN 321568)
11  spadilla@aclusocal.org
    AMERICAN CIVIL LIBERTIES UNION
12  FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West Eighth Street
13  Los Angeles, CA 90017
    Telephone: (213) 977-9500
14  Facsimile: (213) 977-5297

15                  *Attorneys for Petitioners-Plaintiffs*
                       *Admitted Pro Hac Vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**SUPPLEMENTAL FILING REGARDING PLAINTIFFS' ATTORNEYS' FEES AND COSTS IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4
5
6
7
8

Pursuant to the Court's order dated February 8, 2022 (ECF No. 1218), the Standing Order for Civil Cases Before Judge Vince Chhabria, ¶ 56, and the Northern District's Procedural Guidance for Class Action Settlements, ¶ 6, Plaintiffs make this supplemental filing to provide further context regarding the agreed-upon attorneys' fees and costs provided for in the settlement agreement and Motion for Preliminary Approval ("Motion").  *See* ECF No. 1205.

9

**I.      BACKGROUND ON ATTORNEYS' FEES AND COSTS.**

10
11
12
13
14
15
16
17

As set forth in the Motion, the proposed class-wide settlement agreement ("Agreement") provides for $4,000,000 in attorneys' fees and up to $112,000 in taxable costs. ECF No. 1205 at 7; Agreement, ECF No. 1205-1 at 17 (¶ VI-A).[1]  During settlement negotiations, the parties did not negotiate fees until after resolving the substantive issues.  After reaching an agreement in principle on the merits, the parties negotiated fees and costs over several months, which included the exchange of voluminous billing records and a fee-specific mediation.  The parties ultimately compromised and agreed to a fee award that reflects approximately 59% of Plaintiffs' claimed reasonable attorney fees and approximately 50% of the claimed costs incurred.

18
19
20
21
22

As will be demonstrated in further detail by declarations and other supporting materials in a forthcoming motion for approval of fees and costs, the agreed-upon fees and costs reflect a substantial discount from the actual fees and costs incurred.  Prior to engaging in settlement negotiations, in a show of good faith, Plaintiffs excluded significant portions of billable time.  These discounts included (but were not limited to):

23
24

- Removing over a dozen timekeepers from Cooley LLP who provided e-discovery support, assisted in filings, and contributed to bail applications;

25

26
27
28

[1] At the appropriate time, Plaintiffs intend to file a motion for approval of fees and costs, including Equal Access to Justice Act ("EAJA") fees.  However, in advance of the preliminary approval hearing, Plaintiffs provide an overview of relevant facts and preview their anticipated arguments for fee approval so that the Court may evaluate the reasonableness of the Agreement at the preliminary-approval phase.

- Excluding ACLU investigators who spent hundreds of compensable hours on bail applications;

- Omitting time from approximately 20 attorneys at the Office of the Public Defender who contributed to bail applications and other filings;

- Declining to seek fees for several timekeepers from the Lawyers' Committee for Civil Rights of the San Francisco Bay Area who contributed to fact investigation and drafting;

- Seeking only fees and costs incurred through early August 2021, notwithstanding that litigation continues to this day; and

- Accepting reduced rates pursuant to EAJA for certain timekeepers, notwithstanding their likely qualification for enhanced rates.

After applying these generous reductions, Plaintiffs' legal fees amounted to about $6,836,000.

| Fees at EAJA Rates | |
|---|---|
| Cooley Statutory Rates | $859,333.78 |
| Lawyers' Committee for Civil Rights Statutory Rates | $124,357.74 |
| ACLU of Southern California Statutory Rates | $109,743.44 |
| San Francisco Office of the Public Defender Statutory Rates | $117,994.41 |
| Fees at Non-EAJA Rates | |
| ACLU of Northern California Non-Statutory Rates | $1,541,720.88 |
| Cooley Non-Statutory Rates | $680,370.00 |
| Lawyers' Committee for Civil Rights Non-Statutory Rates | $871,131.00 |
| ACLU of Southern California Non-Statutory Rates | $116,877.30 |
| San Francisco Office of the Public Defender Non-Statutory Rates | $2,168,870.14 |
| Lakin & Wille LLP Non-Statutory Rates | $258,330.00 |
| Total | $6,848,728.69[2] |

Accordingly, the $4,000,000 agreed-upon attorneys' fees amount to about 59% of the total

---

[2] This amount was further discounted to remove fees previously paid by Defendants pursuant to a Court-ordered discovery sanction. *See* ECF No. 765. After applying that discount, the final fees totaled $6,836,390.68.

compensable amount billed.  A true and accurate summary of the timekeepers, hours billed, and prevailing rates is attached as Exhibit 1.

Additionally, Plaintiffs incurred at least $112,000 in out-of-pocket costs.  The parties agreed in principle to reimbursing taxable costs not to exceed $112,000, subject to the approval of the Department of Treasury's Judgment Fund.  Plaintiffs then reviewed invoices and submitted $56,033.58 in taxable costs.  In doing so, Plaintiffs excluded non-taxable costs, e.g., e-discovery platform costs, research platform costs, and expert fees, notwithstanding that such costs may be recoverable under Federal Rule of Civil Procedure 23(h) and the EAJA.

| Category | Amount |
|---|---|
| Deposition fees | $30,889.48 |
| Filing fees | $688.00 |
| Printing and copying fees | $7,402.64 |
| Service of process fees | $1,868.73 |
| Oral interpretation fees | $7,925.30 |
| Trial transcript fees | $5,532.88 |
| Document preparation fees | $1,726.55 |
| Total | $56,033.58 |

The agreed-upon fees and costs reflect a steep discount to the actual fees and costs incurred.

## II.   LEGAL STANDARDS

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  Under the Northern District's procedural guidance, "class counsel should include information about the fees they intend to request and their lodestar calculation in the motion for preliminary approval." *Procedural Guidance for Class Action Settlements*, accessible at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.  When, as here, the parties have reached an agreement on fees and costs, the Court must eventually determine whether the agreed-upon amount is reasonable, using the fees potentially awardable under the relevant

fee-shifting statute or statutes as a benchmark.  *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 965-66 (9th Cir. 2003).  The Court should find that the agreed-upon fees and costs are reasonable for at least four reasons.

First, the Court should approve the parties' agreed-upon fees and costs as reasonable because they reflect an arms-length compromise.  *See, e.g.*, *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *1 (N.D. Cal. Oct. 4, 2012) ("[T]he agreed amounts for attorneys' fees and expenses . . . are presumed to be reasonable."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee."); *In re Apple Comp., Inc. Derivative Litig.*, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008) (citation omitted) ("A court should refrain from substituting its own value for a properly bargained-for agreement.").

Second, the agreed-upon fees and costs are reasonable—and indeed heavily discounted—when compared to a lodestar.  "The lodestar method [for calculating a reasonable attorneys' fee] is most appropriate where the relief sought is 'primarily injunctive in nature,' and a fee-shifting statute authorizes 'the award of fees to ensure compensation for counsel undertaking socially beneficial litigation.'"  *Laguna v. Coverall N. Am. Inc.*, 753 F.3d 918, 922 (9th Cir. 2014) (vacated following settlement) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).  A lodestar figure is "presumptively reasonable." *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988) (citation omitted).  Here, Plaintiffs liberally applied the applicable EAJA rates to attorneys, notwithstanding that certain additional attorneys would have likely qualified for enhanced rates based on their practice specialty.  And the parties accepted non-statutory rates at prevailing market rates for select counsel that Plaintiffs assert have expertise in immigration and civil rights class action matters that was essential to representing Plaintiffs in this matter.  *See* Exhibit 1.  The settlement amount, $4,000,000, reflects a fraction of the fees actually incurred by Class Counsel:  over $6,800,000.  *See id.*  Accordingly, the award of $4,000,000 reflects about a 40% discount to the reasonable fees presented to Defendants.  And the actual fees incurred were much greater given the write-offs provided by Plaintiffs and the fact that Plaintiffs have not sought fees for the past seven months.

1    Third, for the reasons stated in the Motion, the injunctive relief achieved through the settlement

2  is profound and meaningful.  *See* ECF 1205 at 13-15.  The parties litigated a hotly contested matter

3  with multiple injunctions, expedited discovery, and several appeals.  *Id.*  The stakes were high and the

4  consequences grave.  The fees incurred reflect the thousands of hours of hard work that were necessary

5  to achieve successful results for the Class.

6    Fourth, Plaintiffs assert that the costs agreed to under the settlement are modest and heavily

7  discounted.  Under Rule 23(h), Plaintiffs may recover "nontaxable costs that are authorized by law or

8  by the parties' agreement."  But Plaintiffs have compromised for only taxable costs.

9  **III.    CONCLUSION.**

10    For the foregoing reasons, Plaintiffs submit this supplemental filing so that the Court may

11  evaluate the agreed-upon fees and costs while reviewing the Motion.  As set forth in the Motion,

12  Plaintiffs respectfully request that the Court preliminarily approve the Agreement, preliminarily

13  certify the proposed class, and approve the proposed notice form and notice plan.

14  Dated:  February 17, 2022                              Respectfully submitted,

15                                                         /s/ *Martin S. Schenker*

16  Bree Bernwanger                                        _____
                                                           Martin S. Schenker (SBN 109828)
17  LAWYERS' COMMITTEE FOR CIVIL                           Timothy W. Cook (Mass. BBO #688688)
    RIGHTS OF THE SAN FRANCISCO                            Julie M. Veroff (SBN 310161)
18  BAY AREA                                               COOLEY LLP

19  Judah Lakin                                            William S. Freeman
    Amalia Wille                                           Sean Riordan
20  LAKIN & WILLE LLP                                      Emilou H. Maclean
                                                           AMERICAN CIVIL LIBERTIES UNION
21  Stephanie Padilla                                      FOUNDATION OF NORTHERN CALIFORNIA
    AMERICAN CIVIL LIBERTIES
22  UNION FOUNDATION OF                                    Manohar Raju
    SOUTHERN CALIFORNIA                                    Matt Gonzalez
23                                                         Genna Ellis Beier
                                                           Jennifer Friedman
24                                                         Francisco Ugarte
                                                           Kelly Engel Wells
25                                                         OFFICE OF THE PUBLIC DEFENDER
                                                           SAN FRANCISCO
26

27

28

**CERTIFICATE OF SERVICE**

I, Martin S. Schenker, herby certify that true and correct copies of the foregoing were served on counsel of record via ECF on this 17th day of February, 2022.

/s/ *Martin S. Schenker*

Martin S. Schenker

CASE NO. 3:20-CV-02731
SUPPLEMENTAL FILING ISO
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL