WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Petitioners-Plaintiffs
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF PROPOSED CLASS SETTLEMENT REGARDING PLAINTIFFS' CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date: June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 2

II. BACKGROUND. ................................................................................................................ 2

    A.    Fees and Costs Settlement Negotiations ............................................................................. 3

III. LEGAL STANDARDS ...................................................................................................... 6

IV. THE COURT SHOULD APPROVE THE AGREED-UPON FEES AND COSTS. ............ 7

    A.    The Agreed-Upon Fees and Costs Are Presumptively Reasonable. ................................. 7

    B.    The Agreed-Upon Fees Are Reasonable When Compared to the Lodestar. .................... 8

    C.    The Agreed-Upon Fees Are Reasonable When Compared to the Success Achieved and the Work Demanded. ....................................................................................................... 10

    D.    The Agreed-Upon Costs Are Reasonable When Compared to the Out-of-Pocket Expenses Incurred. ........................................................................................................... 11

V. DIRECT NOTICE TO THE CLASS WAS NOT REQUIRED BY FEDERAL RULES, BUT PLAINTIFFS NONETHELESS PROVIDED NOTICE AND NO CLASS MEMBERS HAVE OBJECTED. .......................................................................................................... 12

VI. CONCLUSION. ................................................................................................................. 13

i

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

# CASES

*Barrios v. Cal. Interscholastic Fed'n*,
   277 F.3d 1128 (9th Cir. 2002) .................................................................................................... 7

*Blum v. Stenson*,
   465 U.S. 886 (1984) ................................................................................................................. 10

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) ............................................................................................. 10, 11

*Chan v. Sutter Health Sacramento Sierra Region*,
   2016 WL 7638111 (C.D. Cal. June 9, 2016) .......................................................................... 12

*Christopher B. v. Kijakazi*,
   2021 WL 5239797 (E.D. Wash. Aug. 24, 2021) ...................................................................... 8

*Clark v. City of Los Angeles*,
   803 F.2d 987 (9th Cir. 1986) ................................................................................................... 11

*Cunningham v. Cnty. of L.A.*,
   879 F.2d 481 (9th Cir. 1988) ..................................................................................................... 8

*Gutierrez v. Barnhart*,
   274 F.3d 1255 (9th Cir. 2001) ................................................................................................... 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................................... 7

*Hunt v. Imperial Merch. Servs., Inc.*,
   560 F.3d 1137 (9th Cir. 2009) ................................................................................................. 12

*In re Apple Comput., Inc. Derivative Litig.*,
   2008 WL 4820784 (N.D. Cal. Nov. 5, 2008) ............................................................................ 8

*In re Bluetooth Headset Prod. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ..................................................................................................... 8

*In re Nucorp Energy, Inc.*,
   764 F.2d 655 (9th Cir. 1985) ................................................................................................... 11

*In re Yahoo Mail Litig.*,
   2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ........................................................................ 12

*Knisley v. Network Assocs., Inc.*,
   312 F.3d 1123 (9th Cir. 2002) ................................................................................................... 7

*Laguna v. Coverall N. Am. Inc.*,
   753 F.3d 918 (9th Cir. 2014) ..................................................................................................... 8

ii

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

*Lucas v. White*,
   63 F. Supp. 2d 1046 (N.D. Cal. 1999) ................................................................................. 11

*Lyon v. U.S. Immigr. & Customs Enf't*,
   300 F.R.D. 628 (N.D. Cal. 2014) ........................................................................................ 12

*Nat. Res. Def. Council, Inc. v. Winter*,
   543 F.3d 1152 (9th Cir. 2008) ......................................................................................... 9, 10

*Saravia v. Garland*,
   17-cv-03615-VC, Order, ECF No. 264 (N.D. Cal. June 7, 2021) .......................................... 9

*Scarborough v. Principi*,
   541 U.S. 401 (2004) .............................................................................................................. 6

*Sneede by Thompson v. Coye*,
   856 F. Supp. 526 (N.D. Cal. 1994) ....................................................................................... 9

*Staton v. Boeing Co.*,
   327 F.3d 938, 965-66 (9th Cir. 2003) ................................................................................... 6

*Thompson v. Gomez*,
   45 F.3d 1365 (9th Cir. 1995) .............................................................................................. 11

*Wehlage v. Evergreen at Arvin LLC*,
   2012 WL 4755371 (N.D. Cal. Oct. 4, 2012) ........................................................................ 7

## STATUTES

28 U.S.C. § 1920 ........................................................................................................................ 2, 5

28 U.S.C. § 2412 ...................................................................................................................passim

## RULES

9th Cir. R. 39-1 ............................................................................................................................... 8

Federal Rule of Civil Procedure 54 ................................................................................................ 1

Federal Rules of Civil Procedure 23 .......................................................................................passim

Northern District of California, Civil Local Rule 54-5 .................................................................. 1

iii

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

# NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT REGARDING PLAINTIFFS' CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS

PLEASE TAKE NOTICE that on June 9, 2022 at 10:00 AM, or soon thereafter, Plaintiffs will and hereby do move the Court for approval of a settlement resolving Plaintiffs' claim for Equal Access to Justice Act ("EAJA") fees, costs, and expenses relating to this action ("Fees and Costs Settlement"). This motion is made pursuant to 28 U.S.C. §§ 2412(a)(1), (b), and (d)(1)(A); Federal Rules of Civil Procedure 23 and 54(d); and Northern District of California, Civil Local Rule 54-5 for entry of an order approving the agreement awarding Plaintiffs $4,000,000 in attorneys' fees, and expenses in the amount of $56,033.58 in full and complete satisfaction of any claims by Plaintiffs for costs, attorneys' fees, and litigation expenses, including any interest in connection with the above captioned case.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Martin Schenker in Support of Plaintiffs' Motion ("Schenker Decl."), the concurrently filed Declaration of William Freeman in Support of Plaintiffs' Motion ("Freeman Decl."), the concurrently filed Declaration of Francisco Ugarte in Support of Plaintiffs' Motion ("Ugarte Decl."), the concurrently filed Declaration of Bree Bernwanger in Support of Plaintiffs' Motion ("Bernwanger Decl."), the concurrently filed Declaration of Amalia Wille in Support of Plaintiffs' Motion ("Wille Decl."), the concurrently filed Declaration of Stephanie Padilla in Support of Plaintiffs' Motion ("Padilla Decl."), Plaintiffs' Supplemental Filing Regarding Plaintiffs' Attorneys' Fees and Costs in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 1221), and all other pleadings and papers on file in this action and such other argument or evidence that the Court may consider.

1

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

Plaintiffs respectfully seek approval of the Fees and Costs Settlement agreed upon during a mediation before the Ninth Circuit Mediation Program and finalized in a Settlement Agreement on December 17, 2021.  *See* Freeman Decl. ¶ 3; ECF No. 1205-1.  Defendants David Jennings, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; Tae D. Johnson, Acting Director of U.S. Immigration and Customs Enforcement; GEO Group, Inc.; and Michael Knight, Acting Warden of Mesa Verde Detention Facility (collectively, "Defendants," and together with Plaintiffs, the "Parties") have agreed to pay, and Plaintiffs have agreed to accept, subject to the Court's approval, $4,000,000 in attorneys' fees and up to $112,000 in taxable costs—of which Plaintiffs seek only $56,033.58 in costs—in full and complete satisfaction of Plaintiffs' costs, attorneys' fees, and litigation expenses, including any interest, in connection with this lawsuit.

The proposed sum breaks down as follows:  fees in the amount of $4,000,000, which are payable pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and costs in the amount of $56,033.58, which are payable pursuant to 28 U.S.C. § 1920 and 28 U.S.C. § 2412(a)(1).  Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Plaintiffs now move for the Court's approval of the Fees and Costs Settlement.  The Fees and Costs Settlement meets the requirements for judicial approval under Rule 23 and should be approved by the Court.

II.   **BACKGROUND.**

The factual background, procedural history, negotiation history concerning the settlement of this litigation (except as to settlement of attorneys' fees), and the substantial benefits of the settlement to the Class are set forth in detail at pages 2-7 of Plaintiffs' Unopposed Motion For

2

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

Preliminary Class Action Settlement (ECF No. 1205). In an effort to avoid burdening the Court, and consistent with the Northern District's Procedural Guidance for Class Action Settlements, Plaintiffs do not repeat that background here.

### A. Fees and Costs Settlement Negotiations

As set forth in the Unopposed Motion for Preliminary Approval, the Agreement also provides for $4,000,000 in attorneys' fees and up to $112,000 in taxable costs. ECF No. 1205 at 7; Agreement, ECF No. 1205-1 at 17 (¶ VI-A). During settlement negotiations, at the insistence of Plaintiffs' counsel, the Parties did not negotiate fees until after resolving the substantive issues. Freeman Decl. at ¶ 3.

After reaching an agreement in principle on the merits, the Parties negotiated fees and costs over several months, which included the exchange of voluminous billing records and a fee-specific mediation. Freeman Decl. ¶¶ 3-5. Plaintiffs' initial demand, sent in August 2021, was accompanied by a spreadsheet showing the number of hours of each timekeeper for whom fees were sought, together with the hourly rates claimed for each timekeeper under the Equal Access to Justice Act. Schenker Decl. ¶ 8 & Exhibit A (previously filed at ECF No. 1221-1). Together with this spreadsheet, Plaintiffs' counsel sent to government counsel a zip drive containing voluminous, detailed time records for each timekeeper. Freeman Decl. ¶ 4.

Before even compiling this spreadsheet and making their initial demand, in a show of good faith, Plaintiffs excluded significant portions of billable time. These discounts included (but were not limited to):

- Removing over a dozen timekeepers from Cooley LLP ("Cooley") who provided e-discovery support, assisted in filings, and contributed to bail applications, Schenker Decl. ¶ 13;
- Excluding ACLU of Northern California investigators who spent hundreds of compensable hours on bail applications, Freeman Decl. ¶ 9;

3

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

- Omitting time from approximately 16 attorneys at the San Francisco Office of the Public Defender who contributed to bail applications and other filings, Ugarte Decl. ¶ 3;

- Declining to seek fees for several timekeepers from the Lawyers' Committee for Civil Rights of the San Francisco Bay Area ("Lawyers' Committee for Civil Rights") who contributed to fact investigation and drafting, Bernwanger Decl. ¶ 7;

- Accepting reduced rates pursuant to the EAJA for certain timekeepers, notwithstanding their likely qualification for enhanced rates, Schenker Decl. ¶ 20; Bernwanger Decl. ¶ 10; Ugarte Decl. ¶¶ 5, 20-23; Padilla Decl. ¶ 13.

After applying these generous reductions, Plaintiffs' legal fees amounted to about $6,836,000.

| Fees at EAJA Rates | |
|---|---|
| Cooley Statutory Rates | $859,333.78[1] |
| Lawyers' Committee for Civil Rights Statutory Rates | $124,357.74[2] |
| ACLU of Southern California Statutory Rates | $109,743.44[3] |
| San Francisco Office of the Public Defender Statutory Rates | $117,994.41[4] |
| Fees at Non-EAJA Rates | |
| ACLU of Northern California Non-Statutory Rates | $1,541,720.88[5] |
| Cooley Non-Statutory Rates | $680,370.00[6] |
| Lawyers' Committee for Civil Rights Non-Statutory Rates | $871,131.00[7] |
| ACLU of Southern California Non-Statutory Rates | $116,877.30[8] |
| San Francisco Office of the Public Defender Non-Statutory Rates | $2,168,870.14[9] |

---

[1] *See* Schenker Decl. ¶ 27.
[2] *See* Bernwanger Decl. ¶ 13.
[3] *See* Padilla Decl. ¶ 20.
[4] *See* Ugarte Decl. ¶ 25.
[5] *See* Freeman Decl. ¶ 22.
[6] *See* Schenker Decl. ¶ 27.
[7] *See* Bernwanger Decl. ¶ 13.
[8] *See* Padilla Decl. ¶ 20.
[9] *See* Ugarte Decl. ¶ 25.

4

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

| | |
|---|---|
| Lakin & Wille LLP Non-Statutory Rates | $258,330.00[10] |
| Total | $6,848,728.69[11] |

After several months of negotiations, the Parties ultimately compromised and agreed to a fee award that reflected approximately 59% of Plaintiffs' initial demand. Schenker Decl. ¶ 10. It is worth noting, however, that Plaintiffs incurred many hundreds of hours of work *after* early August 2021, for which they would have been entitled to seek recovery if they had presented a noticed motion for fees, and for which they never made a formal demand. Schenker Decl. ¶¶ 13, 29, 32; Freeman Decl. ¶ 6. As a result, the negotiated fee amount reflects an even lower percentage of the total hours and fees incurred by Plaintiffs in this case.

Additionally, Plaintiffs incurred at least $112,000 in out-of-pocket costs as of December 2021. Schenker Decl. ¶ 31. During the fee negotiations, the Parties agreed in principle that the federal defendants would separately reimburse Plaintiffs' costs taxable under 28 U.S.C. § 1920, in an amount not to exceed $112,000. Plaintiffs then reviewed invoices and submitted $56,033.58 in taxable costs to Defendants on December 1, 2021, and Defendants have not objected to any of these costs. Freeman Decl. ¶ 5. In doing so, Plaintiffs excluded non-taxable costs, e.g., e-discovery platform costs, expert fees, and class notice costs, notwithstanding that such costs may be recoverable under Federal Rule of Civil Procedure 23(h) and the EAJA. Schenker Decl. ¶ 31. Those costs also did not include any additional costs borne after December 1, 2021, which include substantial costs in printing and mailing class notices to Class Members. Schenker Decl. ¶ 31.

A summary of the taxable costs is set forth below:

---

[10] *See* Wille Decl. ¶ 27.
[11] This amount was further discounted to remove fees previously paid by Defendants pursuant to a Court-ordered discovery sanction. *See* ECF Nos. 764, 765, 896. After applying that discount, the final fees totaled $6,836,390.68. *See* Schenker Decl. ¶ 29 & Exhibit A.

5

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

| Category | Amount |
| --- | --- |
| Deposition fees | $30,889.48 |
| Filing fees | $688.00 |
| Printing and copying fees | $7,402.64 |
| Service of process fees | $1,868.73 |
| Oral interpretation fees | $7,925.30 |
| Court transcript fees | $5,532.88 |
| Document preparation fees | $1,726.55 |
| Total | $56,033.58[12] |

Accordingly, both the agreed-upon fees and costs reflect steep discounts to the actual fees and costs incurred.

### III. LEGAL STANDARDS

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). When, as here, the Parties have reached an agreement on fees and costs, the Court must determine whether the agreed-upon amount is reasonable, using the fees potentially awardable under the relevant fee-shifting statute or statutes as a benchmark. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 965-66 (9th Cir. 2003).

Here, the EAJA is the applicable fee-shifting statute and relevant benchmark as it applies to lawsuits against the United States government or any agency, including governmental officials in their official capacities. *See* 28 U.S.C. § 2412(d)(1); *see also Scarborough v. Principi*, 541 U.S. 401 (2004).[13] The Court's task is made simpler here because the Parties bifurcated negotiations

---

[12] *See* Freeman Decl. ¶ 5.
[13] Upon the Court's final approval of the merits settlement, Plaintiffs will secure substantial relief enforceable in and by this Court. *See Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134

6

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

regarding the merits and fees, and did not reach agreement regarding fees until well after the Parties settled their dispute regarding the merits. Freeman Decl. ¶ 3. This obviates any concern about Plaintiffs' counsel's interest in attorneys' fees being pitted against class members' interest in obtaining complete relief. *Cf. Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002) ("One risk of class action settlements is that class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee.").

## IV. THE COURT SHOULD APPROVE THE AGREED-UPON FEES AND COSTS.

The Court should approve the agreed-upon fees and costs and find that they are reasonable for at least four reasons: (1) the Parties' agreed-upon fees and costs are presumptively reasonable; (2) the agreed-upon costs are substantially lower than Plaintiffs' lodestar; (3) the Agreement provides for meaningful relief following costly litigation that more than justifies the agreed-upon fees and costs; and (4) the agreed-upon costs are much lower than the actual out-of-pocket costs incurred by Plaintiffs.

### A. The Agreed-Upon Fees and Costs Are Presumptively Reasonable.

First, the Court should approve the Parties' agreed-upon fees and costs as reasonable because they reflect an arms-length compromise. *See, e.g.*, *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *1 (N.D. Cal. Oct. 4, 2012) ("[T]he agreed amounts for attorneys' fees and expenses . . . are presumed to be reasonable."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of

---

(9th Cir. 2002) (recognizing a party prevails by obtaining enforceable judgment, consent decree, or judicially enforceable settlement agreement). The Court need not analyze Defendants' potential defenses to a fee award because Defendants have agreed to pay the agreed-upon amount. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (substantial justification of government position is a defense under EAJA).

7

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

course, litigants will settle the amount of a fee."), *superseded by statute on other grounds*; *In re Apple Comput., Inc. Derivative Litig.*, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008) (citation omitted) ("A court should refrain from substituting its own value for a properly bargained-for agreement."). Here, the presumptive reasonableness of the agreed-upon fees and costs should not be displaced given the substantial discount provided by Plaintiffs, as discussed below.

### B. The Agreed-Upon Fees Are Reasonable When Compared to the Lodestar.

Second, the agreed-upon fees and costs are reasonable—and indeed heavily discounted—when compared to a lodestar. "The lodestar method [for calculating reasonable attorneys' fees] is most appropriate where the relief sought is 'primarily injunctive in nature,' and a fee-shifting statute authorizes 'the award of fees to ensure compensation for counsel undertaking socially beneficial litigation.'" *Laguna v. Coverall N. Am. Inc.*, 753 F.3d 918, 922 (9th Cir. 2014) (vacated following settlement) (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)). A lodestar figure is "presumptively reasonable." *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988) (citation omitted).

Under the EAJA, a prevailing party is entitled to fees, and "the amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," 28 U.S.C. § 2412(d)(2)(A)—here $207.78 in the year 2020 and $217.54 in the year 2021. *See* 9th Cir. R. 39-1; *see also* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.[14]

---

[14] Plaintiffs applied a 2021 EAJA rate of $213.74 when they submitted their fees to Defendants, which they understood to be the standard 2021 rate under the Ninth Circuit's EAJA rate schedule at that time. *See Christopher B. v. Kijakazi*, 2021 WL 5239797, at *1 (E.D. Wash. Aug. 24, 2021) (reflecting standard 2021 EAJA rate of $213.74/hour). The Circuit's EAJA rate schedule now indicates a rate of $217.54 for 2021, which appears to reflect an adjustment based on an increase in the cost of living. Applying the adjusted 2021 rate in Plaintiffs' submission to Defendants would have resulted in the negotiated fee amount being an even lower percentage of the fees Plaintiffs believed would be recoverable under the EAJA.

8

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

However, courts may deviate from the standard rate if "special factors" are present, "such as the limited availability of qualified attorneys for the proceedings involved, [which] justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Congress intended for courts to deviate from the statutory cap in circumstances, like here, when there is "limited availability of attorneys having distinctive knowledge or specialized skill needful for the litigation in question." *Sneede by Thompson v. Coye*, 856 F. Supp. 526, 536 (N.D. Cal. 1994) (awarding enhanced rates); *see also Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008) (holding that to qualify for enhanced rates under EAJA, a party must demonstrate (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty;" (2) "those distinctive skills must be needed in the litigation;" and (3) "those skills must not be available elsewhere at the statutory rate"); *see also Saravia v. Garland*, 17-cv-03615-VC, Order at *2-3, ECF No. 264 (N.D. Cal. June 7, 2021), (approving agreed-upon motion for fees and costs pursuant to EAJA, with enhanced rates for certain counsel, in case brought by Cooley LLP, ACLU, and other co-counsel).

As reflected by the Parties' agreement to award enhanced rates, this case presented novel constitutional considerations and required distinctive immigration and constitutional experience. *See* Schenker Decl. ¶ 25; Freeman Decl. ¶ 13; Ugarte Decl. ¶ 9. The distinctive skills possessed by Plaintiffs' litigation team are not available elsewhere at a standard rate of $207-$217. *See* Schenker. Decl. ¶ 25; Freeman Decl. ¶ 13; Bernwanger Decl. ¶ 9; Wille Decl. ¶ 26; Ugarte Decl. ¶ 9; Padilla Decl. ¶ 9. Plaintiffs liberally applied the standard EAJA rates to many of their attorneys, notwithstanding that certain additional attorneys would have likely qualified for enhanced rates. *See, e.g.*, Schenker Decl. ¶ 20; Ugarte Decl. ¶¶ 5, 20-23; Bernwanger Decl. ¶ 10; Padilla Decl. at ¶ 13. And the Parties agreed to non-statutory rates at prevailing market rates for select counsel with demonstrated excellence in immigration and civil rights class action matters

9

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

that was essential to representing Plaintiffs in this matter.  *See* Schenker Decl. ¶ 25 & Exhibit A; Freeman Decl. ¶ 22; Ugarte Decl. ¶ 25; Wille Decl. ¶ 27; Bernwanger Decl. ¶ 12; Padilla Decl. ¶ 20.  Indeed, each attorney who the Parties agreed to an enhanced rate has substantial experience litigating immigration and constitutional issues necessary to the successful prosecution of this case.  *See* Schenker Decl. ¶¶ 17, 25; Freeman Decl. ¶¶ 13-22; Ugarte Decl. ¶¶ 9-19; Bernwanger Decl. ¶ 11; Wille Decl. ¶¶ 11-25; Padilla Decl. ¶¶ 14-19.  These rates, ranging from $480 to $1,430/hour, are reasonable based upon "prevailing market rates in the relevant community" of the Northern District of California.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."); *Winter*, 543 F.3d at 1160–61 (9th Cir. 2008) (affirming enhanced rate fee award for work conducted by senior partner at Irell & Manella LLP).

The settlement amount, $4,000,000, reflects a discount of more than 40% of the fees initially demanded by Class Counsel.  *See* Schenker Decl. ¶ 10 & Exhibit A.  And the discount from the fees actually incurred during the entirety of the litigation is even greater when one takes into account the cut-off date of August 2021 for the initial demand, and other substantial write-offs voluntarily taken by Plaintiffs.  *See* Schenker Decl. ¶¶ 13, 29, 32; Freeman Decl. ¶ 6; Ugarte Decl. ¶ 3; Bernwanger Decl. ¶¶ 7-8.

### C. The Agreed-Upon Fees Are Reasonable When Compared to the Success Achieved and the Work Demanded.

Third, for the reasons stated in the Unopposed Motion for Preliminary Approval, the injunctive relief achieved through the settlement is profound and meaningful.  *See* ECF No. 1205 at 13-15.  The Parties litigated a hotly contested matter with multiple injunctions, expedited

10

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

discovery, and several appeals. *Id.* The stakes were high and the consequences grave. The fees incurred reflect the thousands of hours of hard work that were necessary to achieve successful results for the Class. *See* Schenker Decl. ¶¶ 26-28 & Exhibit A; Freeman Decl. ¶ 22-23; Ugarte Decl. ¶¶ 24-25; Bernwanger Decl. ¶ 9; Wille Decl. ¶ 27; Padilla Decl. ¶¶ 9, 20. And the fees are much smaller than the actual amount that could have been awarded because Plaintiffs did not pursue fees for the past nine months, notwithstanding that they would have been entitled to fees on fees. *See* Freeman Decl. ¶ 6 (estimating that in a contested motion, Plaintiffs would have been able to support a demand close to, or exceeding, $8 million in fees); *see also Camacho*, 523 F.3d at 981 (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."); *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) (citing *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ("Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')."). Likewise, Plaintiffs are otherwise entitled to an award of fees for time Class Counsel spent monitoring compliance with the merits settlement agreement. However, Plaintiffs have agreed not to seek such fees as part of the Parties' agreement. *See Lucas v. White*, 63 F. Supp. 2d 1046, 1059 (N.D. Cal. 1999). Thus, the agreed-upon fees reflect a substantial discount from the fees actually incurred by Plaintiffs.

   **D.** **The Agreed-Upon Costs Are Reasonable When Compared to the Out-of-Pocket Expenses Incurred.**

Fourth, the costs agreed to under the settlement are modest and heavily discounted. Plaintiffs seek to recover only $56,033.58 in taxable costs, but they have incurred over $112,000

11

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

in out-of-pocket expenses. Freeman Decl. ¶ 5; Schenker Decl. ¶¶ 30-31. Under Rule 23(h), Plaintiffs may recover "nontaxable costs that are authorized by law or by the parties' agreement," but Plaintiffs have compromised for only taxable costs. Indeed, Plaintiffs have not sought to recover substantial costs that may have been recoverable, such as expert witness fees, e-discovery costs, and class notice printing and mailing costs. *See*, *e.g.*, 28 U.S.C. § 2412(d)(2)(A) (contemplating recoverability of expert witness fees); *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009) (holding district courts have broad discretion to shift class notice costs to a defendant). Accordingly, like the agreed-upon fees, the agreed-upon costs do not reflect the additional potentially recoverable costs, including costs incurred in the past five months of litigation.

## V. DIRECT NOTICE TO THE CLASS WAS NOT REQUIRED BY FEDERAL RULES, BUT PLAINTIFFS NONETHELESS PROVIDED NOTICE AND NO CLASS MEMBERS HAVE OBJECTED.

The Parties are not required to give direct notice of the proposed Fees and Costs Settlement Agreement because the Court certified the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. ECF No. 1229. "Because Rule 23(b)(2) provides only injunctive and declaratory relief, 'notice to the class is not required.'" *In re Yahoo Mail Litig.*, 2016 WL 4474612, at *5 (N.D. Cal. Aug. 25, 2016) (quoting *Lyon v. U.S. Immigr. & Customs Enf't*, 300 F.R.D. 628, 643 (N.D. Cal. 2014)); *see also Chan v. Sutter Health Sacramento Sierra Region*, 2016 WL 7638111, at *14 (C.D. Cal. June 9, 2016) (citing Fed. R. Civ. P. 23(c)(2)(A)). Furthermore, class members' rights will not be prejudiced by this Fees and Costs Settlement because they will still "receive the benefit of the injunctive relief" ordered by the Court pursuant to the merits settlement, and they "do not release any statutory damages claims or claims for monetary relief." *Chan*, 2016 WL 7638111 at *13.

12

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

Notwithstanding that class notice was not required by the Federal Rules, Plaintiffs nonetheless provided a detailed notice of the Settlement, preliminary approval, and fees and costs. ECF No. 1222; Schenker Decl. ¶ 33. Indeed, Plaintiffs' counsel has gone above and beyond, striving for full transparency with class members and interested stakeholders. Freeman Decl. ¶ 24. For example, Plaintiffs have kept class members apprised of the litigation throughout this case by (1) hosting monthly calls (in Spanish and English); (2) posting materials to the ACLU website; and (3) informing individual counsel within the immigration defense community. Freeman Decl. ¶ 24. Furthermore, the Court-approved class notice detailed the agreed-upon fees and costs awarded to Plaintiffs' counsel to defray some of the costs incurred in prosecuting this novel action. *See* ECF Nos. 1222; 1229. Counsel is not aware of any objection to any aspect of the settlement, including the agreed-upon fees and costs. Freeman Decl. ¶ 24. Accordingly, though Plaintiffs were not required by Federal Rules to provide notice to the Class about the fees and costs, they have done so anyway, and counsel is unaware of any objection.

## VI.   CONCLUSION.

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' Motion, find that the agreed-upon fees and costs are reasonable, and approve the Fees and Costs Settlement of $4,000,000 in attorneys' fees and $56,033.58 in costs.

13

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

Dated: April 20, 2022

Bree Bernwanger

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

Judah Lakin
Amalia Wille
LAKIN & WILLE LLP

Stephanie Padilla
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA

Respectfully submitted,

/s/ *Martin S. Schenker*
_____
Martin S. Schenker (SBN 109828)
Timothy W. Cook (Mass. BBO #688688)
Julie M. Veroff (SBN 310161)

COOLEY LLP

William S. Freeman
Sean Riordan
Emilou H. Maclean
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

Manohar Raju
Matt Gonzalez
Genna Ellis Beier
Jennifer Friedman
Francisco Ugarte
Kelly Engel Wells
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO

14

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS

## **CERTIFICATE OF SERVICE**

I, Martin S. Schenker, herby certify that true and correct copies of the foregoing were served on counsel of record via ECF on this 20th day of April, 2022.

/s/ *Martin S. Schenker*
Martin S. Schenker

15

CASE NO. 3:20-CV-02731
PLAINTIFFS' NOTICE OF MOTION AND MPA
IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FEES AND COSTS