WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Petitioners-Plaintiffs
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF MARTIN S. SCHENKER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date: June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

Pursuant to 28 U.S.C. § 1746, I, Martin S. Schenker, declare as follows:

1. I am a partner with the law firm of Cooley LLP, counsel of record in the above-captioned matter for named Plaintiffs and the provisionally certified Class in this action.

2. I submit this Declaration in Support of Plaintiffs' Motion for Approval of Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs ("Motion").

3. I have personal knowledge of the facts set forth below and, if called as a witness to testify, could and would testify competently thereto.

A.   PROCEDURAL HISTORY.

4. In provisionally certifying the class in this matter, this Court determined (and Defendants did not challenge) that the class was adequately represented by class counsel. *See Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36 (N.D. Cal. 2020); ECF No. 53.

5. This Court later preliminarily approved the Class Settlement and appointed Cooley LLP (together with our co-counsel) as class counsel. ECF No. 1229 ¶ 6.

6. As the Court is aware, the parties entered into a Settlement Agreement on December 17, 2021. A true and correct copy of the executed Settlement Agreement was previously filed as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Settlement at ECF No. 1205-1.

7. As part of the Settlement Agreement, ICE agreed to pay Plaintiffs $4,000,000 in attorney's fees. *See* ECF No. 1205-1 at VI-A (page 17). The parties further agreed that ICE would pay "up to $112,000 in costs taxable under 28 U.S.C. § 1920." *Id.* ("Within seven (7) [days] of the Effective Date, ICE shall submit Plaintiffs' claim for up to $112,000 in taxable costs to the Department of the Treasury for payment from the Judgment Fund, subject to approval by the Department of the Treasury.").

8. Prior to agreeing to the fees and costs, Plaintiffs submitted to Federal Defendants' counsel a spreadsheet of Plaintiffs' attorneys' fees itemized by timekeeper, hours worked in 2020, hourly rate in 2020, total fees in 2020, hours worked in 2021, hourly rate in 2021, total fees in 2021, as well as total hours and total fees. Attached hereto as Exhibit A is a true and correct copy

of the spreadsheet that was provided to Defendants, which was previously filed at ECF No. 1221-1.

9. The standard rate for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") for the Bay Area was $207.78 in 2020 and $217.54 in 2021. As reflected in Exhibit A, Plaintiffs used a rate of $213.74 for 2021 EAJA rates when they submitted their fees to Defendants, which was based on their understanding of the then-current 2021 rate. The Circuit's EAJA rate schedule now indicates a rate of $217.54 for 2021, which appears to reflect an adjustment for an increase in the cost of living. To avoid any confusion, and as stated in the Motion, applying the slightly higher statutory rate of $217.54 for the 2021 rates does not affect the Court's analysis and would have only resulted in the negotiated fee amount being an even lower percentage of the fees Plaintiffs believed would be recoverable under EAJA. The billing information set forth in Exhibit A identifies those experienced and highly skilled attorneys for whom Plaintiffs seek enhanced rates under the EAJA.

10. As further set forth in Exhibit A, the total value of Plaintiffs' attorneys' fees through early August 2021 totaled $6,848,728.69. Accordingly, the $4,000,000 in agreed-upon attorneys' fees amounts to about 59% of the total compensable amount billed by Plaintiffs' counsel through early August 2021.

**B.    DETAILS REGARDING COOLEY'S TIMEKEEPERS**

11. As reflected in Exhibit A, Cooley submitted time for a total of 16 timekeepers: Adam Katz (associate), Alexander Wu (associate), Alison S. Shoenbeck (paralegal), Chad W. Campbell (e-discovery analyst), Charlotte Gemma (paralegal), Dawn Renee Roelofs (paralegal), Elizabeth Rice (paralegal), Erik Kruger (paralegal), Francisco Unger (associate), Ian Schattner (e-discovery attorney), Jeffrey Gutkin (partner), Julie Veroff (associate), Martin Schenker (partner), Mary Kathryn Kelley (pro bono counsel), Reece Trevor (associate), and Timothy Cook (associate).

12. As part of the settlement negotiations for Plaintiffs' fees and costs, I reviewed the time records of each of these individuals and am knowledgeable about the tasks performed as I was responsible for overseeing the work of Cooley timekeepers in this case. I believe that each of the individuals who worked on this matter worked efficiently and contributed substantially to the

...

representation of the named Plaintiffs and class members. This matter required significant resources to adequately represent Plaintiffs and the class.

13. Before submitting Cooley's time records to Defendants, I reviewed the billing records and removed over 300 hours of billable time. This included removing time from over a dozen timekeepers who individually billed fewer than 25 hours to this matter, removing time from summer associates and law clerks, and removing time for Cooley timekeepers attending team case strategy calls in which more than one Cooley attorney participated. This removed time included (but was not limited to) substantial efforts supporting the voluminous e-discovery in this case, administrative assistance in filing numerous documents, and significant time expended by Cooley attorneys and paralegals to draft and support bail applications for class members. Moreover, Cooley only submitted time through June 21, 2021 (whereas other Co-Counsel submitted time through late July or early August 2021). Accordingly, the billing records presented to Defendants do not capture approximately ten months of Cooley's fees that included settlement negotiations and extensive motion practice. Thus, the billing records presented to Defendants upon which the Settlement Agreement is based reflect a substantial discount from the compensable work performed by Cooley LLP.

14. Over the course of the litigation, the Cooley team primarily included two partners and six litigation associates, all of whom are members of the California Bar or Massachusetts Bar and are admitted to practice law before all state and federal courts in the State of California or Massachusetts. I outline the backgrounds of those attorneys and the tasks performed by the Cooley team below.

15. I am a partner in the Business Litigation practice group at Cooley LLP. I have been in private practice as a litigator for nearly 40 years. I received a bachelor's degree with highest honors from U.C. Davis in 1978, a master's degree from the London School of Economics and Political Science in 1979, and a J.D. *magna cum laude* from Harvard Law School in 1983. During my last year in law school, I worked with the Southern Poverty Law Center for approximately six months investigating conditions in the State of Alabama's juvenile detention facilities, including spending a month working out of the Center's offices in Montgomery, Alabama, and thereafter

analyzing potential constitutional challenges to conditions in those facilities. After receiving my J.D., I clerked for Judge Mariana R. Pfaelzer of the U.S. District Court for the Central District of California in Los Angeles for one year.

16. I joined Cooley LLP as a partner in 1999. I am a member of the California Bar and am admitted to practice law before all state and federal courts in the State of California and the U.S. Court of Appeals for the Ninth Circuit. My practice focuses on complex business litigation, and I have significant trial experience. I have litigated numerous "bet the company" cases and multiple cases with hundreds of millions, and even billions, of dollars at stake, and have tried many cases in both state and federal courts. In recognition of my extensive trial experience and successful practice, I have been selected for *Northern California Super Lawyers* lists for more than ten years.

17. In addition to my experience litigating complex business matters, I was also counsel of record in *Saravia v. Garland*, 17-cv-03615-VC (N.D. Cal.), in which I led a Cooley team, along with co-counsel from the ACLU and other public interest groups, in prosecuting constitutional violations on behalf of juveniles detained by ICE. As set forth below, based on my extensive experience and specialized skill in litigating immigration and constitutional cases, Plaintiffs seek enhanced rates above the standard EAJA rates for my time at prevailing market rates in the Northern District of California.

18. Jeffrey Gutkin is a partner at Cooley LLP. His practice focuses on class action litigation, internet privacy litigation, corporate commercial disputes, and other complex business litigation matters. Mr. Gutkin earned his J.D. from the University of Michigan Law School in 2000 and earned his B.A. from Brandeis University in 1995. Early in his career, Mr. Gutkin clerked for Judge Samuel Conti of the U.S. District Court for the Northern District of California. Plaintiffs do not seek enhanced rates for Mr. Gutkin.

19. Timothy Cook's practice focuses on complex commercial disputes, class action litigation, and trade secret law. In addition to his commercial work, Mr. Cook maintains a robust pro bono practice and has appeared in immigration court representing minor children in connection with their immigration status on multiple occasions, as well as in federal court litigating

constitutional issues. He received his J.D. *magna cum laude* from Boston College Law School in 2013, and his B.A. *magna cum laude* from Union College in 2010. Prior to joining Cooley, Mr. Cook clerked for Judge Michael A. Ponsor of the U.S. District Court for the District of Massachusetts. Plaintiffs do not seek enhanced rates for Mr. Cook.

20. Julie Veroff's practice focuses on appellate litigation, immigration rights, constitutional law, and securities class action defense. She received her J.D. from Yale Law School in 2015, her Masters degree from the University of Oxford, where she was a Rhodes scholar, in 2009, and her B.A. from Stanford University in International Relations in 2007 with highest honors. Ms. Veroff served as a judicial law clerk to Justice Sonia Sotomayor of the Supreme Court of the United States, Judge Marsha Berzon of the U.S. Court of Appeals for the Ninth Circuit, and Judge James E. Boasberg of the U.S. District Court for the District of Columbia. Prior to joining Cooley, Ms. Veroff served as a Skadden Fellow at the ACLU Immigrants' Rights Project where she litigated several impact litigation cases involving cutting-edge immigration law issues. Notwithstanding Ms. Veroff's extensive immigration and constitutional law expertise, Plaintiffs do not seek enhanced rates for her time.

21. Francisco Unger's practice, at the time he was working on this case, focused on consumer class actions, trade secret disputes, and complex commercial litigation. He received his J.D. from Yale Law School in 2017, and his B.A. from Princeton University in 2013. Plaintiffs do not seek enhanced rates for Mr. Unger.

22. Reece Trevor's practice focuses on complex commercial, securities, and appellate litigation. He received his J.D. from Stanford Law School in 2017, where he was awarded the Gerald Gunther Prize in multiple courses in recognition of earning the top grade, and his B.A. with honors from the University of Chicago in 2011. Mr. Trevor served as a law clerk to Judge Michelle T. Friedland of the U.S. Court of Appeals for the Ninth Circuit. Plaintiffs do not seek enhanced rates for Mr. Trevor.

23. Adam Katz's practice focuses on securities litigation, administrative law, appellate law, and white-collar investigations. He received his J.D. from Columbia Law School in 2018, where he was a three-time James Kent Scholar and won the Ruth Bader Ginsburg Prize in

recognition of his outstanding academic performance. Mr. Katz earned his B.A. from Brown University in 2014, *magna cum laude*. After law school, Mr. Katz served as a law clerk to Judge Alvin K. Hellerstein of the U.S. District Court for the Southern District of New York and Judge Amalya L. Kearse of the U.S. Court of Appeals for the Second Circuit. Plaintiffs do not seek enhanced rates for Mr. Katz.

24. Alexander Wu's practice focuses on complex commercial disputes and white-collar litigation. He received his J.D. from Stanford University in 2020, where he was awarded the Judge Thelton E. Henderson Prize for Outstanding Performance in recognition of work on behalf of Stanford's Prosecution Clinic. Mr. Wu received his B.A. from the College of William & Mary in 2010. Prior to joining Cooley, Mr. Wu served on the Biden-Harris Transition Team in the Office of General Counsel. Before law school, Mr. Wu served as a United States Marine tank officer. Plaintiffs do not seek enhanced rates for Mr. Wu.

### C. SUMMARY OF COMPENSABLE TIME AND COSTS EXPENDED BY COOLEY LLP

25. As explained in Plaintiffs' Motion filed herewith, this case involves complex immigration and constitutional issues and has been highly resource-intensive to litigate. As a result, this case required extremely skilled attorneys with extensive hearing and trial expertise, as well as past experience litigating novel immigration and constitutional cases. I am unaware of any lawyer with the requisite skills who would litigate these complex issues at an hourly rate of $207 or $217 per hour. Accordingly, based on my past experience, I believe Plaintiffs are entitled to an enhanced hourly rate for my time consistent with the prevailing private San Francisco market where my practice is primarily based. My hourly rate in 2020 was $1,350; my hourly rate in 2021 was $1,430. These rates are commensurate with my experience and consistent with Bay Area rates for experienced trial counsel at Cooley's peer firms.

26. Cooley LLP began its work on this case in April 2020 and contributed substantively to the litigation of this case, in all phases, including pleadings, motion practice, locating and working with experts, witness examinations at the preliminary injunction hearing, discovery, appellate work, and post-settlement briefing. Cooley LLP has taken on this matter pro bono.

Because Cooley LLP has taken on this matter pro bono, there is no economic incentive for its attorneys to do any more work on this case than is necessary to serve the interests of our pro bono clients.

27. In total, Cooley seeks $1,539,703.78 for its fees incurred from April 2020 through June 21, 2021 in this matter. (As mentioned, other Plaintiffs' co-counsel calculated their fees through late July 2021 or early August 2021). The total amount of hours worked for this time period by Cooley LLP timekeepers, after the write-offs described above, was 4,623.9 hours. The total amount of fees incurred by Plaintiffs for services performed by Cooley LLP in this matter from April 2020 through June 2021, subject to the applicable EAJA rate caps—except for myself for whom Plaintiffs seek enhanced rates—is $859,333.78. The value of my work at prevailing market rates is $680,370.00.

28. As mentioned, Cooley timekeepers billed 4,623.9 hours from April 2020 through June 21, 2021. That period included, *inter alia*, drafting the Amended Complaint, preparing for and attending numerous court hearings, leading expedited discovery, conducting extensive document review, taking multiple depositions, drafting discovery, motion practice, and moving for emergency relief, including multiple motions for temporary restraining orders and preliminary injunctions, which required the development of a substantial factual record and mastery of evolving facts. Cooley timekeepers also expended substantial time working with experts in preparation for the hearings on Plaintiffs' motions and the written record to support those applications for emergency relief. The Court also held a five-day evidentiary hearing during which Mr. Cook and I cross-examined the Government's two fact witnesses, Moises Becerra and Erik Bonnar.

29. For purposes of the Motion, Plaintiffs omitted all hours billed by all Cooley timekeepers after June 21, 2021. Therefore, the hours billed by Cooley timekeepers related to the Motion for Preliminary Approval (ECF No. 1205), Joint Motion to Vacate Orders (ECF No. 1206), and Motion for Final Approval of Class Certification (forthcoming), the Parties' negotiations to settle Plaintiffs' fees and costs, and the instant Motion were not part of the Parties' agreed-upon fees and costs. However, these fees would have otherwise been recoverable had Plaintiffs not

agreed to a discount. Furthermore, the Cooley time does not include the amount previously awarded to Plaintiffs for Defendants' discovery violations. *See* ECF Nos. 764, 765, 896 (stipulating to award of $12,338 for fees and costs incurred in the discovery disputes).

30. As stated in the Declaration of William Freeman, Plaintiffs now seek a total award of $56,033.58 in taxable costs. This includes $30,889.48 in deposition costs, $688.00 in filing fees, $7,402.64 in printing and copying costs, $1,868.73 in service of process fees, $7,925.30 in oral interpretation costs, $5,532.88 in transcript fees, and $1,726.55 in document preparation fees. Plaintiffs submitted these expenses to Defendants on December 1, 2021.

31. In addition to the taxable costs, Cooley incurred approximately $50,000 in additional out-of-pocket expenses for which it does not seek to recover from Defendants. These costs included expert witness fees, computerized legal research costs, e-discovery platform costs, and administrative costs associated with the distribution of class notice to class members. Cooley routinely bills these costs to clients but did not pursue them in the instant Motion in an effort to reach a compromise with Defendants. Similar to the agreed-upon attorneys' fees, the $56,033.58 for taxable costs does not include any costs incurred by Plaintiffs since December 2021—most notably, the substantial costs incurred in printing and mailing class notice to class members. In total, Plaintiffs incurred at least $112,000 in out-of-pocket costs as a result of this litigation.

32. If the Parties failed to reach agreement regarding fees and costs, Cooley would have sought compensation for fees incurred after June 21, 2021, and all Plaintiffs' co-counsel would have sought fees after August 1, 2021 in a Motion for Fees and Costs pursuant to the Equal Access to Justice Act. These amounts would have been substantially higher than the agreed-upon fees and costs.

33. Although the Court certified the class pursuant to Federal Rule of Civil Procedure 23(b) and class notice of settlement is not required because the Settlement Agreement contemplates injunctive relief and does not release individual damages claims, Plaintiffs' counsel has strived for full transparency with class members and the broader immigration advocacy community. Following the Court's order preliminarily approving the Settlement Agreement, Plaintiffs' counsel distributed the class notice to class members, which detailed the agreed-upon

attorneys' fees and costs and included a copy of the Settlement Agreement. ECF No. 1229. As of today's date, Plaintiffs' counsel is not aware of any class member objecting to any aspect of the settlement, including the agreed-upon fees and costs.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2022 in San Francisco, California.

                                                          */s/ Martin S. Schenker*
                                                          Martin S. Schenker

# Exhibit A

| Organization/Attorney | 2020 hours | 2020 hourly rate | 2020 total fees | 2021 hours | 2021 hourly rate | 2021 total fees | Total Hours | Total fees |
|---|---|---|---|---|---|---|---|---|
| **ACLU of Northern California** | | | | | | | | |
| William Freeman | 832.994 | $ 1,020.00 | $ 849,653.88 | 157.993 | $ 1,030.00 | $ 162,732.79 | 990.987 | $ 1,012,386.67 |
| Sean Riordan | 248.833 | $ 680.00 | $ 169,206.44 | 148.433 | $ 705.00 | $ 104,645.27 | 397.266 | $ 273,851.71 |
| Emilou MacLean | 0 | $ 690.00 | 0 | 207.1 | $ 715.00 | $ 148,076.50 | 207.1 | $ 148,076.50 |
| Angelica Salceda | 210.6 | $ 510.00 | $ 107,406.00 | 0 | $ 540.00 | 0 | 210.6 | $ 107,406.00 |
| **Total for ACLU of Northern California** | **1292.427** | - | **$ 1,126,266.32** | **513.526** | - | **$ 415,454.56** | **1805.953** | **$ 1,541,720.88** |
| **Cooley LLP** | | | | | | | | |
| Adam Katz | 51.8 | $ 207.78 | $ 10,763.00 | 0 | $ 213.74 | 0 | 51.8 | $ 10,763.00 |
| Alexander Wu | 0 | $ 207.78 | 0 | 77.6 | $ 213.74 | $ 16,586.22 | 77.6 | $ 16,586.22 |
| Alison S. Schoenbeck | 101.9 | $ 207.78 | $ 21,172.78 | 0 | $ 213.74 | 0 | 101.9 | $ 21,172.78 |
| Chad W Campbell | 55.9 | $ 207.78 | $ 11,614.90 | 28.2 | $ 213.74 | $ 6,027.47 | 84.1 | $ 17,642.37 |
| Charlotte Gemma | 133 | $ 207.78 | $ 27,634.74 | 0 | $ 213.74 | 0 | 133 | $ 27,634.74 |
| Dawn Renee Roelofs | 102.4 | $ 207.78 | $ 21,276.67 | 0 | $ 213.74 | 0 | 102.4 | $ 21,276.67 |
| Elizabeth A. Rice | 722.1 | $ 207.78 | $ 150,037.94 | 84.7 | $ 213.74 | $ 18,103.78 | 806.8 | $ 168,141.72 |
| Erik A. Kruger | 54.8 | $ 207.78 | $ 11,386.34 | 42.5 | $ 213.74 | $ 9,083.95 | 97.3 | $ 20,470.29 |
| Francisco Unger | 716.1 | $ 207.78 | $ 148,791.26 | 0.3 | $ 213.74 | $ 64.12 | 716.4 | $ 148,855.38 |
| Ian Schattner | 192.5 | $ 207.78 | $ 39,997.65 | 0 | $ 213.74 | 0 | 192.5 | $ 39,997.65 |
| Jeffrey M. Gutkin | 49.8 | $ 207.78 | $ 10,347.44 | 15.4 | $ 213.74 | $ 3,291.60 | 65.2 | $ 13,639.04 |
| Julie M. Veroff | 0 | $ 207.78 | 0 | 52 | $ 213.74 | $ 11,114.48 | 52 | $ 11,114.48 |
| Martin S. Schenker | 472.2 | $ 1,350.00 | $ 637,470.00 | 30 | $ 1,430.00 | $ 42,900.00 | 502.2 | $ 680,370.00 |
| Mary Kathryn Kelley | 98.2 | $ 207.78 | $ 20,404.00 | 0 | $ 213.74 | 0 | 98.2 | $ 20,404.00 |
| Reece Trevor | 108.8 | $ 207.78 | $ 22,606.46 | 47.1 | $ 213.74 | $ 10,067.15 | 155.9 | $ 32,673.62 |
| Timothy W. Cook | 1,243 | $ 207.78 | $ 258,332.87 | 143.3 | $ 213.74 | $ 30,628.94 | 1386.6 | $ 288,961.82 |
| **Total for Cooley LLP** | **4102.8** | - | **$ 1,391,836.07** | **521.1** | - | **$ 147,867.71** | **4623.9** | **$ 1,539,703.78** |
| **Lakin and Wille LLP** | | | | | | | | |
| Amalia Wille | 142.6 | $ 510.00 | $ 72,726.00 | 33 | $ 540.00 | $ 17,820.00 | 175.6 | $ 90,546.00 |
| Judah Lakin | 289.2 | $ 480.00 | $ 138,816.00 | 56.8 | $ 510.00 | $ 28,968.00 | 346 | $ 167,784.00 |
| **Total for Lakin and Wille LLP** | **431.8** | - | **$ 211,542.00** | **89.8** | - | **$ 46,788.00** | **521.6** | **$ 258,330.00** |
| **Lawyer's Committee For Civil Rights San Francisco** | | | | | | | | |
| Bree Bernwanger | 1000.7 | $ 600.00 | $ 600,420.00 | 429.7 | $ 630.00 | $ 270,711.00 | 1430.4 | $ 871,131.00 |
| Hayden Rodarte | 458.4 | $ 207.78 | $ 95,246.35 | 136.2 | $ 213.74 | $ 29,111.39 | 594.6 | $ 124,357.74 |
| **Total for Lawyer's Committee For Civil Rights San Francisco** | **1459.1** | - | **$ 695,666.35** | **565.9** | - | **$ 299,822.39** | **2025** | **$ 995,488.74** |
| **ACLU of Southern California** | | | | | | | | |
| Jordan Wells | 121.15 | $ 510.00 | $ 61,786.50 | 102.02 | $ 540.00 | $ 55,090.80 | 223.17 | $ 116,877.30 |
| Maira Rios | 88.5 | $ 207.78 | $ 18,388.53 | 97.2 | $ 213.74 | $ 20,775.53 | 185.7 | $ 39,164.06 |
| Crista Minneci | 107.75 | $ 207.78 | $ 22,388.30 | 0 | $ 213.74 | 0 | 107.75 | $ 22,388.30 |
| Stephanie Padilla | 189.5 | $ 207.78 | $ 39,374.31 | 41.25 | $ 213.74 | $ 8,816.78 | 230.75 | $ 48,191.09 |
| **Total for ACLU of Southern California** | **506.9** | - | **$ 141,937.64** | **240.47** | - | **$ 84,683.10** | **747.37** | **$ 226,620.74** |

| **San Francisco Public Defender's Office** | 2020 hours | | 2020 total fees | 2021 hours | | 2021 total fees | Total Hours | Total fees |
|---|---|---|---|---|---|---|---|---|
| Hector Vega | 235.5 | $ 207.78 | $ 48,932.19 | 0 | $ 213.74 | 0 | 235.5 | $ 48,932.19 |
| Genna Beier | 537.1 | $ 480.00 | $ 257,808.00 | 0 | $ 510.00 | 0 | 537.1 | $ 257,808.00 |
| Francisco Ugarte | 142.8 | $ 715.00 | $ 102,102.00 | 0 | $ 740.00 | 0 | 142.80 | $ 102,102.00 |
| Hayley Upshaw | 189.9 | $ 207.78 | $ 39,457.42 | 23.5 | $ 213.74 | $ 5,022.89 | 213.4 | $ 44,480.31 |
| Jennifer Friedman | 325.95 | $ 680.00 | $ 221,646.00 | 34.3 | $ 705.00 | $ 24,181.50 | 360.25 | $ 245,827.50 |
| Emilou MacLean | 1485.65 | $ 690.00 | $ 1,025,098.50 | 19.8 | $ 715.00 | $ 14,157.00 | 1505.45 | $ 1,039,255.50 |
| Maddie Boyd | 94.25 | $ 207.78 | $ 19,583.27 | 0 | $ 213.74 | 0 | 94.25 | $ 19,583.27 |
| Carlos Raiz-Anaya | 22 | $ 207.78 | $ 4,571.16 | 2 | $ 213.74 | $ 427.48 | 24 | $ 4,998.64 |
| Joan Kruckewitt | 469 | $ 207.78 | $ 97,448.82 | 68 | $ 213.74 | $ 14,534.32 | 537 | $ 111,983.14 |
| Kelly Wells | 538.2 | $ 570.00 | $ 306,774.00 | 175.2 | $ 600.00 | $ 105,120.00 | 713.4 | $ 411,894.00 |
| **Total for San Francisco Public Defender's Office** | **4040.35** | - | **$ 2,123,421.36** | **322.8** | - | **$ 163,443.19** | **4363.15** | **$ 2,286,864.55** |
| | 2020 hours | | 2020 total fees | 2021 hours | | 2021 total fees | Total Hours | Total fees |
| **Grand Totals** | **11833.38** | - | **$ 5,690,669.73** | **2253.596** | - | **$ 1,158,058.95** | **14086.973** | **$ 6,848,728.68** |
| **Grand Totals without Sanction** | **$12,338** | | | | | | | **$ 6,836,390.68** |