WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Petitioners-Plaintiffs
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>  Petitioners-Plaintiffs,<br><br>  v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>  Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF WILLIAM S. FREEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date: June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

Pursuant to 28 U.S.C. § 1746, I, William S. Freeman, declare:

1. I am a Senior Counsel with the American Civil Liberties Union Foundation of Northern California ("ACLU-NC"), a member in good standing of the State Bar of California, and one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration.

2. I have reviewed the Declaration of Martin S. Schenker in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Schenker Declaration"), submitted contemporaneously with this declaration. To avoid repetition, I have personal knowledge of, and agree with, the statements in the Schenker Declaration describing the history of this litigation, the Class Settlement and the Attorney's Fee Settlement, and I adopt those statements as my own. As the Court is aware, the effort required of Plaintiffs' counsel to litigate this case was both significant and intensive due to a combination of factors, which included the urgency of the dangers to our clients posed by detention in immigration facilities during the Covid-19 pandemic, including several outbreaks of disease; the need for several applications for emergency relief, expedited discovery, and a five-day evidentiary hearing; the bail application process; and the intransigence and determined opposition of the Defendants, which required sustained judicial oversight and sustained effort on the part of Plaintiffs' counsel.

3. As the Court is aware, the parties reached agreement on an aggregate award to Plaintiffs of $4,000,000 in attorney's fees and an amount not to exceed $112,000 in taxable costs, subject to the approval of this Court. At the insistence of Plaintiffs' counsel, these amounts were negotiated only after the conclusion of negotiations on all substantive matters affecting the rights of the Plaintiff Class. The Ninth Circuit mediator who guided the parties' substantive negotiations also facilitated the parties' negotiations concerning the fee and cost award.

CASE NO. 3:20-CV-02731-VC
FREEMAN DECLARATION I/S/O MOTION FOR ATTORNEY'S FEES AND COSTS
1

4.	In August 2021, Plaintiffs sent to government counsel an initial fee demand that was accompanied by a spreadsheet showing the number of hours of each timekeeper for whom fees were sought, together with the hourly rates claimed for each timekeeper under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* ("EAJA"), which is attached as Exhibit A to the Schenker Declaration.  Together with this spreadsheet, Plaintiffs' counsel sent to government counsel a zip drive containing voluminous, detailed time records for each timekeeper.

5.	During the fee negotiations, Federal Defendants separately agreed to reimburse Plaintiffs up to $112,000 in taxable costs, over and above the $4 million in fees.  Plaintiffs now seek a total award of $56,033.58 in taxable costs.  This includes $30,889.48 in deposition costs, $688.00 in filing fees, $7,402.64 in printing and copying costs, $1,868.73 in service of process fees, $7,925.30 in oral interpretation costs, $5,532.88 in transcript fees, and $1,726.55 in document preparation fees.  Plaintiffs submitted these expenses to Federal Defendants on December 1, 2021. Federal Defendants have not objected to any of these costs.

6.	The negotiated fee award amount represented a significant compromise of the amount that Plaintiffs would have sought via motion if the parties had not reached agreement. In August 2021, Plaintiffs presented Federal Defendants with detailed time records showing that Plaintiffs' counsel had expended over $6,836,000 in compensable time on this case through August 1, 2021. This figure was calculated using the maximum rates allowable under the EAJA for all but a few attorneys whose time was properly valued at enhanced rates under EAJA, based on their specialized experience. The time records presented to Defendants excluded a number of timekeepers who had worked on the case, and did not include the considerable work undertaken by Plaintiffs' counsel since August 1, 2021. I believe that if Plaintiffs were to present a contested

motion for fees in this case, they would have been able to support a demand for close to, or exceeding, $8,000,000 in fees.

7. Having been involved in this case since inception, I believe that the $4,000,000 fee award agreed to by the parties and sought by this motion is more than reasonable. The remaining paragraphs of this declaration describe the basis for Plaintiffs' attorneys' fee request, to the extent based on the work of ACLU-NC in this case.

8. Plaintiffs seek reimbursement for fees at enhanced rates under the EAJA for the work of four ACLU-NC attorneys in this case: myself, Sean Riordan, Angélica Salceda and Emilou MacLean. (Ms. MacLean initially worked on this case as a Deputy Public Defender in the San Francisco Public Defender's Office, and continued working on this case when she joined ACLU-NC on February 8, 2022.)

9. ACLU-NC does not seek any reimbursement for the work of any ALCU-NC paralegals, investigators, or other staff, even though their efforts contributed materially to the presentation of the case. This omitted work includes hundreds of hours of compensable time that aided class member declarations, shaped discovery, and contributed to bail applications for class members. Nor does ACLU-NC seek reimbursement for the work of any attorneys after August 1, 2021, even though my colleagues and I expended significant efforts in finalizing the Class Settlement, negotiating the Attorney's Fee Settlement after that date, preparing the motion for preliminary approval, and implementing the Class Settlement's notice provisions.

10. The ACLU-NC is a non-profit corporation that is tax-exempt under § 501(c)(3) of the Internal Revenue Code. It is a non-partisan organization dedicated to defending the civil liberties and civil rights guaranteed by the federal and state constitutions. The ACLU-NC does not receive government funding and represents its clients free of charge. The ACLU-NC litigates civil

rights cases, frequently in conjunction with private counsel, combining our expertise in civil rights and impact litigation with the resources and experience of the private bar.

11. The ACLU-NC maintains a system for the recording of time spent by attorneys in connection with each case or matter in which the attorney is involved. Attorneys are required to record their time contemporaneously, and to record time necessarily incurred to complete the tasks required to conduct the matter successfully. The ACLU-NC does not maintain time records for, or bill for, the services of paralegals or support staff.

12. I have carefully reviewed the time entries for each of the attorneys who have worked on this case. My own time entries accurately reflect the time that I necessarily devoted to this case. Based on my review, I am informed and believe that the time entries applicable to other ACLU-NC attorneys are similarly accurate.

13. As demonstrated in the following paragraphs, the ACLU-NC brought to this litigation a combination of strength and experience in complex class action litigation and immigration litigation – a combination that was critical to Plaintiffs' success before this Court and in the Ninth Circuit Court of Appeals, and in negotiating the favorable Class Settlement. The experience of the ACLU-NC attorneys fully justifies enhanced rates under EAJA, as Defendants implicitly recognized in negotiating the Fee Settlement. Furthermore, I am not aware of any lawyer with the requisite skills and expertise who would litigate these complex issues at an hourly rate of $207 or $217 per hour.

14. I graduated *summa cum laude* from Harvard College in 1974 and *cum laude* from Harvard Law School in 1978. Prior to joining the ACLU-NC in 2017, I worked as a Trial Attorney in the Civil Division of the U.S. Department of Justice for three years (1978-81), and in private

practice for 35 years as an associate and partner with Cooley LLP (1981-2010) and as a partner with Jones Day (2010-2016).

15.     During the time I was in private practice, I served as lead counsel in dozens of federal and state court class actions and tried over ten cases to jury verdict. I also assisted in the trial to jury verdict of numerous other complex cases. I was named a *Northern California Super Lawyer* for over 10 years.

16.     Also while in private practice, I litigated numerous individual asylum cases, and became familiar with U.S. immigration law generally and the intricacies of asylum law and the immigration court system in particular. For my work in asylum cases I was recognized as Advocate of the Year by Community Legal Services in East Palo Alto in 2015.

17.     Since joining the ACLU-NC in January 2017, I have participated as lead or co-lead counsel in a number of immigration cases challenging Government policies in addition to the instant case, including *Al-Mowafak v. Trump, et al.,* Case No. 3:17-cv-0557, U.S.D.C., N.D. Cal. (seeking declaratory and injunctive relief from executive orders banning travel to the United States by citizens or majority-Muslim countries); *Ramos v. Nielsen*, No. 18-cv-1554-EMC, U.S.D.C., N.D. Cal. (challenging Administration's attempts to end Temporary Protected Status for immigrants from various countries); *Ramos v. G4S Secure Solutions (USA), Inc.*, No. 19-cv-2757-LB, U.S.D.C., N.D. Cal. (complaint for personal injury arising out of transportation by ICE contractor); *Saravia v. Sessions*, et al., No. 17-cv-03615-VC, U.S.D.C., N.D. Cal. (challenging detention without hearings of immigrant youths based on allegations of gang affiliation). I have also served as lead or co-lead counsel in litigating other class action cases challenging government action, including *Sanchez v. California Department of Transportation, et. al.,* Case No. RG16842117, California Superior Court, Alameda County (seeking injunctive relief regarding

Caltrans' alleged constitutional violations in connection with sweeps of homeless encampments on rights-of-way); *Sacramento Regional Coalition to End Homelessness v. City of Sacramento*, Case No. 2:18-cv-00878, U.S.D.C., E.D. Cal. (preliminary injunction granted, enjoining city from enforcing ordinance targeting solicitation of funds by indigent persons); *Harris v. City of Fontana*, Case No. CIVDS 1710589, California Superior Court, County of San Bernardino (writ of mandate granted, invalidating portions of municipal ordinance restricting residents' rights to engage in personal indoor cultivation of marijuana pursuant to California Proposition 64); *Asian Americans Advancing Justice – Los Angeles, et al, v. Padilla*, Case No. CPF-18-516155, California Superior Court, County of San Francisco (writ of mandate granted in part, requiring Secretary of State to provide additional election language assistance); *Geary, et al. v. City of Pacifica*, Case No. 21-cv-1780-VC, U.S.D.C., N.D. Cal. (challenging municipal ordinance restricting parking of oversized vehicles ("OSVs") as unlawful restriction on ability of vehicularly housed persons to reside in city; stipulated injunction entered requiring city, *inter alia*, to refund fines issued under ordinance, identify and preserve several miles of streets as allowable for OSV parking, and establish safe parking program for OSVs); *Navarro v. City of Mountain View*, Case No. 21-cv-05381-NC, U.S.D.C., N.D. Cal. (similarly challenging municipal ordinances restricting OSV parking).

18. Sean Riordan, a 2007 graduate of UCLA Law School, has been a Senior Staff Attorney at the ACLU of Northern California since 2018. Previously, he worked for six years as a Skadden Fellow and attorney at the ACLU of San Diego and Imperial Counties, where he litigated a range of civil rights and civil liberties issues and helped found the organization's Border Litigation Project. He was lead counsel in *Lopez-Venegas v. Johnson*, 2014 WL 12772087 (C.D. Cal. Aug. 28, 2014), a class action lawsuit on behalf of Mexican nationals who were eligible for U.S. residency, but were deceived into signing their own expulsion orders by government officials.

He was also counsel in *Franco v. Holder*, 767 F. Supp. 2d 1034 (C.D. Cal. 2010), which established a right to appointed counsel for mentally incompetent immigration detainees. The American Immigration Lawyers' Association recognized the *Franco* team with the Jack Wasserman Memorial Award for excellence in litigation in the field of immigration law.

19.   At ACLU-NC, Mr. Riordan has been counsel in a number of significant immigrants' rights cases, including *Saravia, et al. v. Sessions*, No. 17-cv-03615-VC, U.S.D.C., N.D. Cal.; *Lyon, et al. v. ICE, et al.*, No. 13-cv-5878-EMC, U.S.D.C., N.D. Cal. (challenging lack of access to counsel for people in immigration detention); and *Innovation Law Lab, et al. v. Nielsen*, 19-cv-807-RS, U.S.D.C., N.D. Cal. (challenging "Migrant Protection Protocol" program that pushed asylum seekers back to Mexico). Mr. Riordan also worked for several years as a federal public defender, where he specialized in defending immigration-related criminal prosecutions and obtained the court-ordered dismissal of several of those cases.

20.   Emilou MacLean graduated from Harvard College *magna cum laude* in 2001 and Georgetown University Law Center *magna cum laude* in 2006. Ms. MacLean worked at the Center for Constitutional Rights from 2006-09, as a legal fellow and as a staff attorney; as a staff attorney and co-legal director at the National Day Laborer Organizing Network (NDLON) from 2015-19; as a deputy public defender in the Immigration Unit of the San Francisco Public Defender's Office from 2019-21; and as a senior staff attorney for ACLU-NC of Northern California from 2021 to the present. Ms. MacLean has also worked as an adjunct law professor at the immigrant rights clinics at the law schools of the University of California at Irvine and University of California Los Angeles. Ms. MacLean's legal practice has focused on constitutional law, executive detention, and immigrant rights. Her current and prior litigation includes: *Ramos v. Nielsen*, No. 18-1554 (N.D. Cal.) (challenging the termination of humanitarian Temporary Protected Status for hundreds of

thousands of people as a violation of the Equal Protection Clause and the Administrative Procedure Act); *Puente Arizona v. Arpaio*, No. 14-01356 (D. Ariz.) (challenging the worksite raids and felony prosecution of noncitizens as a violation of the Supremacy Clause and the Equal Protection Clause); *NDLON v. ICE*, No. 16-00387 (S.D.N.Y.) (Freedom of Information Act lawsuit seeking information about immigration enforcement practices nationwide); *Barre v. Bush*, No. 08-1153 (D.D.C.) (habeas petition and petition pursuant to the Detainee Treatment Act challenging unlawful detention of Somali in Guantanamo Bay Naval Center); *Celikgogus v. Rumsfeld* and *Al-Laithi v. Rumsfeld*, Nos. 08-1677 & 06-1996 (D.D.C.) (civil damages actions brought by six former Guantanamo Bay Naval Center prisoners pursuant to Constitution, Alien Tort Statute, Religious Freedom Restoration Act, and Section 1985); *Amnesty International v. CIA*, No. 07-5435 (S.D.N.Y.) (Freedom of Information Act litigation for disclosures regarding CIA prisons and U.S. extraordinary rendition program); *Wilner v. NSA*, No. 07-3883 (S.D.N.Y.) (Freedom of Information Act litigation brought by 23 counsel for Guantanamo detainees seeking information disclosures regarding NSA warrantless surveillance of plaintiffs). Ms. MacLean has also represented numerous noncitizens in removal proceedings and before federal administrative bodies. Ms. MacLean is admitted to practice in New York and California.

21.     Angélica Salceda, a 2013 graduate of Berkeley Law School, has been an attorney at ACLU-NC since 2013. She joined ACLU-NC as an Equal Justice Works Fellow in 2013 and as a Staff Attorney in 2014. At ACLU-NC, Ms. Salceda has been counsel in several significant immigrants' rights cases, including *Lyon v. ICE*, No. 13-cv-5878-EMC, U.S.D.C., N.D. Cal. (challenging lack of access to counsel for people in immigration detention), *J.I. v. U.S.*, No. 18-cv-00363-LJO-SAB, U.S.D.C., E.D. Cal. (Federal Torts Claim Act on behalf of minor client for the negligent and intentional acts of U.S. Customs and Border Protection agents); *East Bay*

*Sanctuary Covenant v. Barr*, 519 F.Supp.3d 663 (N.D. Cal. 2021) (challenging the validity of Department of Homeland Security third-country transit ban rule); and *Bello Reyes v. McAleenan*, No. 19-CV-03630-SK, U.S.D.C., N.D. Cal. (petition for writ of habeas corpus to secure release from retaliatory immigration detention). She has also been counsel in other cases challenging government action, including *The Unitarian Universalist Church of Fresno v. Brandi Orth*, No. 19-cv-00808-LJO-BAM, U.S.D.C., E.D. Cal. (challenging the removal of a church as a polling place because of its Black Lives Matter banners); *ACLU v. ICE*, No. 16-cv-06066 (FOIA action seeking records on the treatment of asylum seekers); *Center for Media Justice v. FBI*, No. 19-cv-01465 (FOIA action seeking records on FBI's surveillance of Black people and Black-led organizations).

22. The time incurred by myself, Mr. Riordan, Ms. MacLean, and Ms. Salceda, and the applicable rates for such time, are accurately reflected on Exhibit A to the Schenker Declaration. As reflected in Exhibit A, the highly skilled and distinctively qualified attorneys from ACLU-NC billed 1,805.6 hours for a total fee amount of $1,541,720.88. As mentioned above, these numbers reflected significant discounts to the amount and value of the work actually performed by ACLU-NC. The hourly rates for Mr. Riordan, Ms. Salceda and Ms. MacLean ranged from $510-$715 per hour, and my hourly rates were $1,020 (for 2020) and $1,030 (for 2021). Based upon my 35 years of experience as a Bay Area litigator in private practice and the facts set forth in Mr. Schenker's declaration, I believe that these rates are commensurate with prevailing market rates for highly qualified litigators in the Northern District of California.

23. As one of the lead attorneys in this case, I helped to coordinate the actions of all members of the Plaintiffs' counsel team, in order to prevent duplicative or wasteful effort. Work on the case was at all times managed so as to eliminate any such duplication to the maximum

extent possible.

24.     Throughout this case, Plaintiffs' counsel have worked to keep class members updated on the litigation.  To that end, Plaintiffs' counsel has hosted monthly calls in Spanish and English to keep class members apprised of developments in the case.  Plaintiffs' counsel have also posted settlement materials, including a copy of the Settlement Agreement, on the ACLU website dedicated to this case.  Additionally, Plaintiffs' counsel have provided regular updates regarding the status of this litigation, including the terms of the Settlement Agreement, to the immigration advocacy community.  As of today's date, I am not aware of any class member objecting to any aspect of the settlement, including the agreed-upon fees and costs.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Hillsborough, California on April 20, 2022.

*/s/ William S. Freeman*
William S. Freeman
