| | |
|---|---|
| WILLIAM S. FREEMAN (SBN 82002)<br>wfreeman@aclunc.org<br>SEAN RIORDAN (SBN 255752)<br>sriordan@aclunc.org<br>EMILOU H. MACLEAN (SBN 319071)<br>emaclean@aclunc.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br><br>Attorneys for Petitioners-Plaintiffs<br>Additional Counsel Listed on Following Page | MANOHAR RAJU (SBN 193771)<br>Public Defender<br>MATT GONZALEZ (SBN 153486)<br>Chief Attorney<br>GENNA ELLIS BEIER (SBN 300505)<br>genna.beier@sfgov.org<br>JENNIFER FRIEDMAN (SBN 314270)<br>jennifer.friedman@sfgov.org<br>FRANCISCO UGARTE (SBN 241710)<br>francisco.ugarte@sfgov.org<br>KELLY ENGEL WELLS (SBN 338648)<br>kelly.wells@sfgov.org<br>OFFICE OF THE PUBLIC DEFENDER<br>SAN FRANCISCO<br>555 Seventh Street<br>San Francisco, CA 94103<br>Direct: (415) 553-9319<br>Facsimile: (415) 553-9810 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>    Petitioners-Plaintiffs,<br><br>    v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>    Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF FRANCISCO UGARTE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date:  June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

Pursuant to 28 U.S.C. § 1746, I, Francisco M. Ugarte, declare:

1.  I am the Manager of the Immigration Unit at the San Francisco Public Defender's Office ("SFPD"), a member in good standing of the State Bar of California, and one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration.

2.  I have reviewed the Declaration of Martin S. Schenker in Support of Plaintiffs' Motion for Approval of Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs ("Motion"), submitted contemporaneously with this declaration. To avoid repetition, I have personal knowledge of, and agree with, the statements in Mr. Schenker's declaration describing the history of the litigation, the Class Settlement, and the Attorneys' Fees and Costs Settlement, and I adopt those statements as my own.

3.  The time records presented to Defendants in Exhibit A of the Schenker Declaration reflect a number of substantial discounts from the actual fees incurred by SFPD. Specifically, SFPD has omitted reimbursement for considerable attorney work spent on bail applications from our criminal defense side, including the work of approximately sixteen criminal defense attorneys from the misdemeanor and felony trial units who spend significant time litigating bail applications. SFPD does not seek reimbursement for the work of any attorneys after August 1, 2021, even though Kelly Wells expended significant efforts in finalizing the Class Settlement, negotiating the Attorney's Fee Settlement after that date, preparing the motion for preliminary approval, and implementing the Class Settlement's notice provisions. I believe that if Plaintiffs were to present a contested motion for fees in this case, they would be able to support a demand far exceeding the $4,000,000 fee award agreed upon by the parties.

4. The remaining paragraphs of this declaration describe the basis for Plaintiffs' attorney's fee request, to the extent based on the work of SFPD in this case.

5. Plaintiffs seek reimbursement for fees at enhanced rates under the Equal Access to Justice Act ("EAJA") for the work of five SFPD attorneys in this case: me, Emilou Maclean (who worked initially at SFPD for the first part of the class action, and later transitioned to ACLU-Northern California in February 2021), Genna Beier, Jennifer Friedman, and Kelly Wells. Plaintiffs also seek reimbursement for the work of three SFPD attorneys at standard EAJA rates: Maddie Boyd, Hayley Upshaw, and Hector Vega. In addition, Plaintiffs seek reimbursement for the work of two support staff who expended significant and invaluable paralegal resources on this case: Joan Kruckewitt and Carlos Raiz Anaya.

6. The SFPD is a taxpayer funded government entity, authorized by state law and local charter. The SFPD represents its clients free of charge. The SFPD frequently engages with private and non-profit counsel, combining our expertise in civil rights and impact litigation with the resources and experience of the private bar.

7. The SFPD maintained contemporaneous records for the recording of time spent by attorneys in connection with this matter. Attorneys are required to record their time necessarily incurred to complete the tasks required to conduct the matter successfully.

8. I have carefully reviewed the time entries for each of the attorneys who have worked on this case. My own time entries accurately reflect the time that I necessarily devoted to this case. Based on my review, I am informed and believe that the time entries applicable to other SFPD attorneys and support staff are similarly accurate.

9. As demonstrated in the following paragraphs, the SFPD brought to this litigation a combination of strength and experience in immigration litigation, appellate litigation, and

removal defense—a combination that was critical to Plaintiffs' success before this Court and in the Ninth Circuit Court of Appeals, and in negotiating the favorable Class Settlement. This distinctive skill and expertise was necessary to the litigation of this case based on the novel immigration and constitutional law questions that this matter presented. Based on my nearly 20 years of experience, I am unaware of any lawyer with the requisite skills and expertise who would litigate these complex issues at the standard rates set forth in the EAJA. Accordingly, the experience of the SFPD attorneys fully justifies enhanced rates under EAJA, as Defendants implicitly recognized in negotiating the Fee Settlement.

10. I graduated from CUNY School of Law in 2005. I was a visiting student during the Spring Semester of 2005 at the University of California, Berkeley School of Law. Prior to joining the San Francisco Public Defender's Office in 2014, I worked as an Associate Attorney at Leonard Carder, LLP (2005-2008), a union-side labor and employment firm, and then as Senior Attorney at Dolores Street Community Services (2008-2014), a non-profit immigration legal services provider, where I founded the deportation defense program there and specialized in providing deportation defense for non-citizens arrested during immigration raids.

11. During the time I was in private practice at Leonard Carder, LLP, I served as lead counsel in multiple administrative actions before the National Labor Relations Board, the Public Employee Relations Board, as well as in multiple arbitrations involving both contract interpretation and discipline cases. I was also second chair in actions before the state and federal courts, where I represented unions and workers in unfair business practice act cases, wage and hour cases, and first amendment cases. I was second chair in *Aguilar et. al. v. Rumi Construction*, Case No: 3:07-cv-00272-JL (N.D. Cal) where I successfully assisted several workers in recovering unpaid wages after reaching settlement. Also, while in private practice, I

litigated several misdemeanor criminal cases involving protestors supporting union campaigns who were arrested while exercising free speech rights.

12. While at Dolores Street Community Services, I was lead counsel in more than 85 removal cases before the federal immigration courts, where I honed my expertise in immigration law. As the first attorney hired by the organization, I founded its deportation defense program, and helped build an immigration raids rapid-response network in 2009, which continues to exist to this day and provides immediate legal assistance to individuals arrested during immigration raids.

13. Since joining the San Francisco Public Defender's Office in 2014 as the organization' first immigration attorney, I have participated as lead counsel in approximately 65 removal cases. I am a recognized expert in the intersection between criminal and immigration law, and supervise our office's "crimmigration" practice, ensuring that criminal defenders competently advise and mitigate immigration consequences as a result of a criminal charge. I have been co-counsel in one of the nation's highest profile homicide trial, *People v. Jose Inez Garcia Zarate*, were we received a not-guilty verdict which received national and international media attention.  In 2017, I helped lead the creation of our Immigration Unit in 2017, where I now supervise seven attorneys and five support staff. Today, our program constitutes the largest pro bono removal defense program for detained immigrants facing deportation. Our team has handled more than 360 removal cases in San Francisco's detained courts, in addition to the hundreds of individuals we represented during bail proceedings in the instant class action.

14. In addition to my removal defense work, I have been lead or co-counsel in several federal habeas petitions, including *Silva v. Lynch*, 5:16-cv-05435-LHK, N.D. Cal (seeking an injunction of the involuntary transfer of an immigrant detainee from California to Louisiana);

*Neria Alvarez et. al. v. Sessions et. al*., Case No. 5:18-cv-05208-EJD, N.D. Cal. (seeking an inunction to stop the involuntary transfer of dozens of individuals detained in California who were transferred out of state); and *Cortez v. Nielsen*, Case No. 4:19-cv-PJH, N.D. Cal (seeking bond hearing for individual subject to mandatory detention). I have also served as lead or co-counsel in nine Ninth Circuit cases petitioning for the review of the BIA's order of removal.

15. I am a recognized expert in the field of removal defense and the intersection of criminal and immigration law. I have conducted trainings on issues related to removal defense, "crimmigration" and constitutional law for the American Immigration Lawyers Association, National Immigration Project, and American Immigration Council, as well as the University of California, Hastings Law School's criminal practice clinic. I train misdemeanor and felony attorneys at the San Francisco Public Defender's office relating to immigration issues in criminal practice. I have received multiple recognitions and awards for my legal representation, including by Dolores Street Community Services in 2008 for my work defending members of the San Francisco community who were arrested during immigration raids; Chinese for Affirmative Action in 2011 for the same; Mujeres Unidas y Activas in 2015 for my advocacy for survivors of domestic violence placed in removal proceedings after calling the police for help; and in 2018, I was named co-Public Defender of the Year in 2018 by the California Public Defender's Association. In my career, I have handled more than 150 removal cases in the federal immigration courts as lead counsel.

16. Jennifer Friedman, a graduate of New York University Law School, has been a Deputy Public Defender in the Immigration Unit at the San Francisco Public Defenders Office since 2017. In that capacity, she provides direct representation to immigrants facing removal before the Immigration Judge, Board of Immigration Appeals, Ninth Circuit, Northern California

District Court, and the Executive Office for Immigration Review. She also works with criminal defense attorneys representing noncitizens to advise their clients as to the immigration consequences and to mitigate consequences of criminal charges. She has handled approximately 115 removal cases before the immigration courts as lead counsel at the SFPD.

17. Prior to working at the SFPD, Ms. Friedman worked at The Bronx Defenders as managing attorney of the organization's immigration practice. While at The Bronx Defenders, where she started in 2007, she helped found the New York Immigrant Family Unity Project, the first-of-its-kind program providing universal representation to all detained immigrants facing removal in New York City's immigration courts. At the San Francisco Public Defender's Office, Ms. Friedman was lead counsel in *Ixchop-Perez v. Barr*, 821 Fed.Appx. 690, 2020 WL 4000296 (9th Cir. 2020) (challenge to agency violation of internal rules preventing immigration arrests in sensitive locations, including hospitals); *Vasquez Cruz v. Barr*, 2020 WL 4197013 (9th Cir. 2020) (petition for review of denial of application for relief); and *Ixchop Perez v. McAleenan*, 435 F.Supp.3d 1055, WL 1181492 (N.D. Cal. 2020) (granting habeas petition on basis of prolonged detention).

18. Kelly Engel Wells, a graduate of UC Berkeley Law School, has been a deportation defense litigator at the San Francisco Public Defender's Office since 2019 and has represented detained immigrants in their removal proceedings since 2014. She has litigated federal habeas suits and represented clients before the Immigration Court, the Board of Immigration Appeals, and the Ninth Circuit. Prior to joining the Public Defender's Office, Ms. Wells worked for Dolores Street Community Services, where she spearheaded the creation of a detained removal defense practice serving adults detained by ICE in the Bay Area, and at Diocesan Migrant and Refugee Services in El Paso, Texas, where she supervised the

Unaccompanied Minors Program, which served the legal needs of thousands of immigrant children in the custody of the Office of Refugee Resettlement. Ms. Wells began her legal career at Cleary Gottlieb Steen & Hamilton LLP, where she focused on litigating complex cross-border commercial disputes and, in *Doe v. United States et. al.*, No. 4:12-CV-00734 (D. Ariz. 2012), successfully sued the federal government under the Federal Tort Claims Act on behalf of a young immigrant who was injured while in the custody of Customs and Border Protection.

19. Genna Beier, a 2014 graduate of UC Berkeley Law, has been a deportation defense litigator at the San Francisco Public Defender's Office since 2018. In her role as appeals and federal court specialist, Ms. Beier has counseled several successful habeas petitions on behalf of non-citizen clients detained by ICE: *Avilez v. Barr, et al.*, 19-cv-08296-CRB, 2020 WL 1704456 (N.D. Cal. Apr. 8, 2020) (writ of habeas corpus granted to immigrant detainee, ordering bond hearing at which government bears the burden to justify continued detention); *Primero Garcia v. Barr, et al.*, 20-cv-01389-NC, 2020 WL 1139660 (N.D. Cal. Mar. 9, 2020) (temporary restraining order granted to immigrant detainee to prevent government from removing petitioner while he pursues motion to reopen); and *Landeros Jimenez v. Wolf, et al.*, 5:19-cv-07996-NC, Dkt. 25 (N.D. Cal. Mar. 6, 2020) (motion to enforce and temporary restraining order granted to order direct release of immigrant detainee). Prior to her current position, she worked at a private firm, Van Der Hout, LLP, where she represented hundreds of non-citizen clients in immigration matters before U.S. Citizenship & Immigration Services (USCIS), the Immigration Court, the BIA, the Ninth Circuit, and federal district court.

20. Hector Vega is an experienced immigration attorney who was admitted to practice law in California in March 2014. He is actively involved in complex civil litigation in the areas of immigration law, civil rights, and immigrants' rights. He has served as Deputy Public

Defender at the SFPD since June 2018. He graduated from Stetson University College of Law in May 2013 and then worked in the private sector as a litigation attorney, primarily as a defense attorney representing immigrants from removal from the United States. He was active member in the private defense community, including service for two years as a LGBTQ Attorney Liaison in the Northern California Chapter of the American Immigration Lawyers Association for the 2015 and 2016 years. At the SFPD, Mr. Vega's work includes representation of detained clients in removal proceedings, and litigating on behalf of clients seeking asylum, cancellation of removal, protection under the Convention Against Torture, and other forms of relief from removal. He represents clients before the Board of Immigration Appeals and the U.S. Ninth Circuit Court of Appeals representing them in the appellate process to defend their grants of relief or to correct judicial errors. He also represents detained clients in petitions for writ of habeas corpus in Federal District Court in civil rights and constitutional law claims.

21.     Mr. Vega's experience in litigation that involves a mixture of serious criminal histories and gruesome human rights violations abroad is critical and invaluable to the Public Defender's Office clients who rely on pro bono representation due to their indigent or low-income status. He served as lead or co-counsel in the following federal cases: *Avilez v. Barr*, No. 19-CV-08296-CRB, 2020 WL 1704456 (N.D. Cal. Apr. 8, 2020) (co-counsel in granted writ of habeas corpus petition for detained transgender woman seeking release pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) and the interaction of 8 U.S.C. § 1226(a) and § 1226(c) for a client with a 16-year prison sentence); *Primero Garcia v. Barr*, No. 20-CV-01389-NC, 2020 WL 1139660 (N.D. Cal. Mar. 9, 2020) (co-counsel in partially granted writ of habeas corpus petition for detained client seeking temporary restraining order against his removal during the period that his application for relief was pending before the

Immigration Court); *Primero Garcia v. Barr*, 484 F. Supp. 3d 750 (N.D. Cal. 2020) (co-counsel in the award of attorney's fees and awarded EAJA fees in the amount of $66,201.44 against the U.S. Department of Justice Office of Immigration Litigation). In addition, he was lead counsel in *Soto-Soto v. Garland*, 1 F.4th 655 (9th Cir. 2021) (published decision granting petition for review for indigenous woman who suffered torture in Mexico, remanding to agency, ordering the grant of relief under the Convention Against Torture). Notwithstanding Mr. Vega's vast experience and expertise in immigration law, in an effort to reach compromise with Defendants, Plaintiffs did not seek enhanced rates for Mr. Vega's work on this case.

22. Hayley Upshaw, a 2008 graduate of Northwestern University School of Law, has been a Deputy Public Defender at the San Francisco Public Defender's Office since 2017. In her current role, Ms. Upshaw represents individual clients facing deportation in their cases before the immigration court, appeals with the Board of Immigration Appeals and related actions before the Northern District of California and Ninth Circuit Court of Appeals. Previously, she worked for nine years as an Equal Justice Works Fellow and senior staff attorney at Legal Services for Children, where she represented primarily non-citizen youth in dependency, guardianship and immigration matters. She was lead attorney at several Office of Refugee Resettlement detention shelters for immigrant children. Ms. Upshaw is a recognized leader in her field and has presented on numerous panels and conferences throughout California and nationally including: The California Judicial Council's Beyond the Bench Conference, Practicing Law Institute, The National Juvenile Defender Center, the Pacific Juvenile Defender Center, the Federal Bar Association's Immigration Law Seminars, the Immigrant Legal Resource Center, and Immigrant Advocates Network. She served as lead or co-counsel in the following actions, *Singh v. Barr*, No. 20-CV-02346-VKD, 2020 WL 2512410 (N.D. Cal. May 15, 2020) (granting habeas petition

on basis of prolonged detention); *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648 (N.D. Cal. Mar. 6, 2020) (same); *Romero Romero v. Wolf*, No. 20-CV-08031-TSH, 2021 WL 254435 (N.D. Cal. Jan. 26, 2021) (same, seeking enforcement of first order); *Rodriguez v. Nielsen*, No. 18-4187 TSH, 2019 WL 7491555 (N.D. Cal. Jan. 7, 2019); and *B.R. v. Garland*, 26 F.4th 827 (9th Cir. 2022) (petition for review challenging due process and agency violations for unaccompanied youth in the removal process). Although Ms. Upshaw ware more than qualified to merit enhanced rates, Plaintiffs did not seek enhanced rates for Ms. Upshaw's work on this case.

23. Maddie Boyd is a graduate of Berkeley Law School and has been a removal defense litigator at the San Francisco Public Defender's Office since 2019. She was admitted to the California Bar in December 2019. She began as a postgraduate fellow and was hired as a Deputy Public Defender in 2021. Ms. Boyd has represented a number of detained and non-detained clients in their removal, bond, reasonable fear proceedings, and affirmative applications before United States Citizenship and Immigration Services (USCIS). As a removal defense attorney, she has handled 20 detained cases as lead counsel. She has also provided *Padilla* advice to noncitizen clients. Ms. Boyd is the first attorney hired directly out of law school at the SFPD Immigration Unit after prevailing in five bond hearings as lead counsel, and three individual merits cases as lead counsel. She is currently co-counsel in a federal habeas action, *Zavala Reyes v. Kaiser et al*, Case No. 4:22-cv-01712-YGR, N.D. Cal. During law school, Ms. Boyd performed work as a legal intern at the Florence Immigrant and Refugee Rights Project, East Bay Community Law Center, Instituto para Mujeres en la Migracion, East Bay Sanctuary Covenant, among other organizations. She also acted as the student leader for the California Asylum Representation Project, a student service organization at Berkeley Law. Prior to her

legal career, she earned a Masters of Arts in Social Sciences (History) at the University of Chicago. Notwithstanding Ms. Boyd's experience and demonstrated skill in litigating immigration matters, Plaintiffs did not seek enhanced rates for Ms. Boyd's work on this case.

24. As the Court is aware, the effort required of Plaintiffs' counsel to litigate this case was both significant and intensive due to a combination of factors, which included the urgency of the dangers to our clients posed by detention in immigration facilities during the Covid-19 pandemic, including several outbreaks of disease; the need for several applications for emergency relief, expedited discovery, and a five-day evidentiary hearing; the bail application process; and the determined opposition of the Defendants, which required sustained judicial oversight and sustained effort on the part of Plaintiffs' counsel. The SFPD contributed tremendous resources to this case, which included drafting pleadings, developing the factual record, reviewing extensive discovery documents, working with and assisting the presentation of expert witness testimony, taking depositions, drafting hundreds of bail applications for class members (which required the review of individualized criminal and medical records, among other tasks), questioning witnesses at the five-day evidentiary hearing, and preparing for and appearing at court hearings. Additionally, the SFPD team was heavily involved in negotiating the class settlement, finalizing the terms of the settlement, and assisting in motion practice at both the district court and appellate court.

25. The time incurred by me and other attorneys and support staff at the SFPD, and the applicable rates for such time, are accurately reflected on Exhibit A to the declaration of Martin Schenker. As set forth in Exhibit A, the SFPD attorneys devoted 4,363.15 hours to this case through early August 2021 and incurred $2,286,864.55 in attorney's fees for that period. As mentioned above, this amount reflects a substantial discount to the time and value of the work

actually performed and does not include any work performed after August 2021.  The hourly enhanced rates sought by SFPD attorneys range from $480/hour to $715/hour.  Based on my knowledge and experience as a veteran practitioner in the Bay Area, these rates are consistent with market rates in the Northern District of California.

    I declare under penalty of perjury that the foregoing it true and correct. Executed at San Francisco, California on April 20, 2022.

*/s/ Francisco M. Ugarte*
_____
Francisco M. Ugarte