| | |
|---|---|
| WILLIAM S. FREEMAN (SBN 82002)<br>wfreeman@aclunc.org<br>SEAN RIORDAN (SBN 255752)<br>sriordan@aclunc.org<br>EMILOU H. MACLEAN (SBN 319071)<br>emaclean@aclunc.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br><br>Attorneys for Petitioners-Plaintiffs<br>Additional Counsel Listed on Following Page | MANOHAR RAJU (SBN 193771)<br>Public Defender<br>MATT GONZALEZ (SBN 153486)<br>Chief Attorney<br>GENNA ELLIS BEIER (SBN 300505)<br>genna.beier@sfgov.org<br>JENNIFER FRIEDMAN (SBN 314270)<br>jennifer.friedman@sfgov.org<br>FRANCISCO UGARTE (SBN 241710)<br>francisco.ugarte@sfgov.org<br>KELLY ENGEL WELLS (SBN 338648)<br>kelly.wells@sfgov.org<br>OFFICE OF THE PUBLIC DEFENDER<br>SAN FRANCISCO<br>555 Seventh Street<br>San Francisco, CA 94103<br>Direct: (415) 553-9319<br>Facsimile: (415) 553-9810 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>    Petitioners-Plaintiffs,<br><br>  v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>    Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF BREE BERNWANGER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date: June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

DECLARATION OF BREE BERNWANGER ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
COSTS
CASE NO: 3:20-cv-02731-VC

Pursuant to 28 U.S.C. § 1746, I, Bree Bernwanger, hereby declare:

1. I am a Senior Staff Attorney in the Immigrant Justice program at the Lawyers' Committee for Civil Rights of the San Francisco Bay Area ("LCCRSF"), a member in good standing of the State Bar of California, and one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration.

2. I have reviewed the Declaration of Martin S. Schenker in Support of Plaintiffs' Motion for Approval of Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs ("Motion"), submitted contemporaneously with this declaration. To avoid repetition, I have personal knowledge of, and agree with, the statements in Mr. Schenker's declaration describing the history of the litigation, the Class Settlement, and the Attorneys' Fees Settlement, and I adopt those statements as my own.

3. Founded in 1968, LCCRSF is one of the oldest nonprofit civil rights organizations on the West Coast. LCCRSF works in collaboration with *pro bono* attorneys from the private bar to provide direct legal services, litigate precedent-setting cases, and engage in policy advocacy to protect and promote the rights of people of color, immigrants, and low-income people in California. LCCRSF's Immigrant Justice Program provides *pro bono* representation to asylum seekers and pursues impact litigation to protect and expand the rights of immigrants.

4. Consistent with its organizational policy, LCCRSF does not ever charge clients for the cost of legal representation and has not done so in this case. LCCRSF has many more potential clients who need our services than we are able to represent. For this reason, and because we do not charge or accept payment from our clients for our services, there is no economic incentive for LCCRSF attorneys to do any more work on this (or any) case than is necessary to zealously represent our clients' interests.

5. LCCRSF maintains a system for the recording of time spent by attorneys in connection with each case or matter in which the attorney is involved. Attorneys are instructed to record their time contemporaneously, and to record time necessarily incurred to complete the tasks

required to conduct the matter successfully. LCCRSF does not maintain time records for, or bill for, the services of paralegals or support staff.

6. A total of two timekeepers from LCCRSF recorded time on this case: Hayden Rodarte and myself. I have carefully reviewed the time entries for each of the attorneys who have worked on this case. My own time entries accurately reflect the time that I necessarily devoted to this case. I am informed and believe that the time entries applicable to Mr. Rodarte are similarly accurate.

7. I also have exercised billing judgment, including whether to eliminate time as excessive, redundant, or for some other reason in the exercise of discretion. Additionally, I have excluded all hours expended on the case after August 2021, which includes nearly four months of continued negotiation of the written terms of the Settlement Agreement, including settlement on fees and motion practice. I also have excluded several time entries that, although they accurately reflected work performed that was necessary to the case and the time expended on that work, compounded more than one task into a single time entry. I have declined to seek enhanced rates for Mr. Rodarte, notwithstanding his extensive immigration experience. I also have not sought compensation for hours expended by law student clerks or other LCCRSF staff attorneys who devoted significant hours to drafting bail applications on behalf of detained class members during the pendency of this litigation but otherwise were not part of the core litigation team.

8. As a result of this billing judgment, LCCRSF has significantly reduced the total hours for which fees are sought for our timekeepers, as well as the total fees sought by LCCRSF.

9. As discussed over the following paragraphs, LCCRSF brought to this litigation a combination of experience in complex class action litigation, including litigation involving immigration detention and immigration law, constitutional challenges, and the direct representation of immigrants. This combination of experience was critical to Plaintiffs' success before this Court, in the Ninth Circuit Court of Appeals, and in negotiating a favorable Class Settlement. Plaintiffs' counsel's mastery of the intersection of immigration and constitutional law

was necessary to the successful outcome in this case. Moreover, I am unaware of any lawyer with the requisite skills and expertise who would litigate these complex issues at the standard rates set forth in the EAJA. Accordingly, the experience of LCCRSF attorneys as applied to the issues in this case fully justifies enhanced rates under EAJA, as Defendants implicitly recognized in negotiating this Fee Settlement.

10. Hayden Rodarte is a 2019 graduate of Yale Law School and Staff Attorney at LCCRSF. During the course of this litigation, his practice at LCCRSF involved representing recently-arrived asylum seekers in immigration proceedings, litigating constitutional cases to protect and expand immigrants' rights, and leading litigation and administrative advocacy seeking accountability for harms inflicted by immigration enforcement agencies. He served on the trial team in *Unknown Parties v. Nielsen*, No. CV-15-00250-TUC-DCB, 2020 WL 813774, (D. Ariz. Feb. 19, 2020), *appeal dismissed sub nom. Doe, # 1 v. Wolf*, No. 20-15741, 2020 WL 9259906 (9th Cir. Nov. 18, 2020), which secured a permanent injunction requiring Border Patrol to improve conditions of confinement in detention centers in the Tucson Sector of Arizona consistent with substantive due process, after a weeklong bench trial. Mr. Rodarte also was deeply involved in *Bahena Ortuno v. Jennings*, No. 3:20-cv-02064-MMC, 2020 WL 2218965 (N.D. Cal. May 7, 2020), *appeal dismissed sub nom. Lavrus v. Jennings*, No. 20-16302, 2020 WL 7873088 (9th Cir. Nov. 18, 2020) (N.D. Cal.) (constitutional challenge to conditions of confinement in immigration detention), habeas litigation on behalf of detained individuals with serious medical vulnerabilities that preceded this class action lawsuit. Mr. Rodarte has also served as co-counsel on *P.G. v. United States*, No. 4:21-cv-04457-KAW (N.D. Cal.), a lawsuit on behalf of three families who were separated at the border in 2018 seeking compensation for the harm of separation under the Federal Tort Claims Act (FTCA). Mr. Rodarte currently maintains a robust docket of removal defense cases on behalf of asylum seekers. He has led trainings and provided technical assistance and support to dozens of *pro bono* attorneys representing separated families in FTCA matters and

asylum claims. As mentioned, notwithstanding Mr. Rodarte's specialized knowledge and skillset, I did not seek enhanced rates for his time on this case.

11. I am a 2010 graduate of Georgetown University Law Center. I have significant experience defending immigrants from removal and pursuing federal court litigation to protect and expand immigrants' rights. I have taught law students in these areas as an Adjunct Professor of Law at Fordham Law School, where my teaching has focused on the intersection between humanitarian immigration law, the Constitutional rights of immigrants, and immigration enforcement, particularly as these tensions play out at the U.S.-Mexico border and in immigration detention. Since joining LCCRSF, I have been counsel on a number of complex cases involving both immigrants' rights and conditions of confinement in immigration detention, including class action lawsuits. In *J.L. v. Cuccinelli*, 5:18-cv-04914-NC (N.D. Cal.), I served on a team of attorneys representing a class of immigrant children in California challenging an unlawful policy leading to the denial of their meritorious applications for Special Immigrant Juvenile Status. After successfully winning a Preliminary Injunction and defeating the government's motion to dismiss, I was involved in successfully negotiating a settlement, including attorneys' fees. I also co-counseled and served on the trial team in *Unknown Parties v. Nielsen*, No. CV-15-00250-TUC-DCB, 2020 WL 813774, (D. Ariz. Feb. 19, 2020), *appeal dismissed sub nom. Doe, # 1 v. Wolf*, No. 20-15741, 2020 WL 9259906 (9th Cir. Nov. 18, 2020), a substantive due process challenge to conditions of confinement in Border Patrol detention centers in the Tucson Sector of Arizona. After joining the team in 2017, I was involved in all aspects of the case, including successfully defending a preliminary injunction before the Ninth Circuit, monitoring compliance, taking depositions in pre-trial discovery, briefing a partial motion for summary judgment, presenting Plaintiffs' case at trial, and successfully negotiating an attorneys' fees settlement under EAJA. I currently am co-counsel in *P.G. v. United States*, No. 4:21-cv-04457-KAW (N.D. Cal.), litigation seeking compensation under the Federal Tort Claims Act for the harm caused to them by forcible separation at the southern U.S. Border, and in *Vega v. Management and Training Corp.*, No.

3:2021-cv-01770 (S.D. Cal.), which seeks damages for the harm caused by prolonged solitary confinement in immigration detention. I also have been involved in habeas litigation involving due process claims, including *Primero Garcia v. Barr*, No. 20-cv-01389-NC, 2020 WL 1139660 (N.D. Cal. Mar. 9, 2020) and *Bahena Ortuno v. Jennings*, No. 3:20-cv-02064-MMC, 2020 WL 2218965 (N.D. Cal. May 7, 2020), *appeal dismissed sub nom. Lavrus v. Jennings*, No. 20-16302, 2020 WL 7873088 (9th Cir. Nov. 18, 2020) (N.D. Cal.) (constitutional challenge to conditions of confinement in immigration detention). I was admitted to practice law in New York in 2012 and in California in 2020.

12. My billing rate in 2021, the latest year in which Plaintiffs are seeking fees in this case, was $630/hour. This is consistent with market rates in the San Francisco Bay Area, where LCCRSF is located. The year prior, the Northern District of California awarded me a $600 market rate in a fee awarded pursuant to EAJA, finding that my expertise qualified for market rates under Ninth Circuit precedent and was necessary in *habeas corpus* litigation on behalf of an immigrant in civil immigration custody. *See Primero Garcia v. Barr*, 484 F. Supp. 3d 750, 756 (N.D. Cal. 2020) (awarding me fees at $600 rate for 2020). The court also found that my billing rate was a reasonable market rate for attorneys of similar experience in my geographic area. *Id.*

13. I have reviewed Exhibit A to Mr. Schenker's contemporaneously filed declaration. As set forth in that exhibit, the total amount of fees sought by Plaintiffs for services performed by LCCRSF in this matter is $995,488.74. The total amount of hours worked for by LCCRSF timekeepers for which we are seeking fees was 2,025 hours, which does not include any time spent after August 2021.

14. As one of the lead attorneys in this case, I helped to coordinate the actions of all members of the Plaintiffs' counsel team, to prevent duplicative or wasteful effort. Work on the case was at all times managed to eliminate any such duplication to the maximum extent possible.

I hereby affirm under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief. Executed in Berkeley, California on April 7, 2022.

By: /s/ *Bree Bernwanger*

Bree Bernwanger