WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Petitioners-Plaintiffs
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>    Petitioners-Plaintiffs,<br><br>    v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>    Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF AMALIA WILLE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date: June 9, 2022<br>Time: 10:00 AM |

DECLARATION OF AMALIA WILLE ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO: 3:20-cv-02731-VC

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

DECLARATION OF AMALIA WILLE ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO: 3:20-cv-02731-VC

Pursuant to 28 U.S.C. § 1746, I, Amalia Wille, declare as follows:

1. I am a partner with the law firm of Lakin & Wille LLP. My law partner, Judah Lakin, and I are counsel of record in the above-captioned matter for named Plaintiffs in this action.

2. I submit this declaration in Support of Plaintiffs' Motion for Approval of Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs ("Motion").

3. I have personal knowledge of the facts set forth below and, if called as a witness to testify, could and would testify competently thereto.

4. I have reviewed the Declaration of Martin S. Schenker in Support of Plaintiffs' Motion, submitted contemporaneously with this declaration. To avoid repetition, I have personal knowledge of, and agree with, the statements in Mr. Schenker's declaration describing the history of the litigation, the Class Settlement, and the Attorneys' Fees Settlement, and I adopt those statements as my own.

5. Judah Lakin and I both recorded time on this case from April 2020 through the present date. I am knowledgeable about the tasks performed by both of us regarding this case. Mr. Lakin and I both keep contemporaneous time records of all of our work on cases, and the submission of hours for our firm in this matter was taken directly from those contemporaneous time record entries.

6. As part of the settlement negotiations for Plaintiffs' fees and costs, and in connection with this Motion, I reviewed the time records of both Mr. Lakin and myself expended on this litigation, and I eliminated any duplicative time entries, as well as hours that were otherwise not compensable. In addition, I reduced the hours from the hours actually expended in the exercise of billing judgment.

7. I am admitted to practice law in the State of California, as well as before the United States District Court for the Northern District of California, and the United States Court of Appeals for the Ninth Circuit and First Circuit.

8. I graduated from the University of California, Berkeley School of Law in 2013, Order of the Coif. I hold a Bachelor's degree, *magna cum laude*, from Georgetown University.

9. While in law school, I participated in the East Bay Community Law Center's immigration clinic, and interned at the U.S. Department of Justice's Executive Office for Immigration Review, the ACLU Immigrants' Rights Project, and the Immigrant Legal Resource Center.

10. Following law school, I worked for one year as a fellow at Van Der Hout LLP (then Van Der Hout, Brigagliano & Nightingale LLP), before becoming an associate attorney at that firm, a position I held until August 2019. In 2019, I co-founded Lakin & Wille LLP, an immigration law firm based in Oakland, California.

11. My practice is exclusively in the area of immigration law. I have litigated numerous cases, both in U.S. District Court and the Courts of Appeals, raising constitutional challenges to unlawful government action in the immigration context.

12. I have litigated the following cases challenging the legality of immigration detention: *Aleman Gonzalez v. Sessions*, No. 18-cv-01869-JSC, 325 F.R.D. 616 (N.D. Cal. 2018) (class action challenging the unlawful and prolonged detention of noncitizens detained without individualized bond hearings), *affirmed sub nom Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020) (affirming District Court's preliminary injunction); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050 (N.D. Cal. 2021) (granting preliminary injunction prohibiting ICE from re-arresting noncitizen where the Board of Immigration Appeals used the incorrect legal standard); *Perera v. Jennings*, 2021 WL 2400981 (N.D. Cal. 2021) (ordering a bond hearing before an Immigration Judge on constitutional grounds); *Vargas v. Jennings*, 2020 WL 5517277 (N.D. Cal. 2020); *Ortega v. Bonnar*, 415 F. Supp. 3d 963 (N.D. Cal. 2019) (enjoining ICE from re-arresting petitioner and holding that it would be a violation of due process to permit ICE to re-arrest petitioner without a hearing in front of a neutral adjudicator); *Martinez Franco v. Jennings*, 456 F. Supp. 3d 1193 (N.D. Cal. 2020) (ordering immigration authorities to provide individual with a bond hearing before an

Immigration Judge).

13. Other representative cases include: *Valenzuela Gallardo v. Barr*, 968 F.3d 1053 (9th Cir. 2020) (holding that the Board of Immigration Appeals' definition of "obstruction of justice" contravenes Congress's intent) (counsel for amici); *Singh v. Holder*, 771 F.3d 647 (9th Cir. 2014) (holding that the Board of Immigration Appeals has authority to reopen proceedings to allow an individual to seek adjustment of status before USCIS); *Huelgas v. Sessions*, 723 F. App'x 439 (9th Cir. 2018) (holding that an Immigration Judge's failure to advise an individual of apparent eligibility for relief from deportation can constitute grounds to equitably toll the motion to reopen deadline); *Rajwayi v. Sessions*, 692 F. App'x 815 (9th Cir. 2017) (holding that a severe mental condition can be a basis to equitably toll the motion to reopen deadline).

14. I also regularly attend and speak at continuing education programs for attorneys on the substantive and procedural aspects of immigration law, including regarding representing immigrants in bond and habeas matters.

15. I am currently a lecturer at U.C. Berkeley School of Law, where I supervise law students representing immigrants before the Ninth Circuit Court of Appeals through Berkeley Law's Ninth Circuit Practicum.

16. Attorney Judah Lakin is admitted to practice law in the State of California, as well as before the United States District Court for the Northern District of California, and the United States Court of Appeals for the Ninth Circuit and the First Circuit.

17. Mr. Lakin graduated from the University of California, Berkeley School of Law in 2015. He holds a Master's degree in Education from Rhode Island College and a Bachelor's degree from Brown University, from which he graduated *magna cum laude*, Phi Beta Kappa.

18. While in law school, he participated in Berkeley Law's Death Penalty Clinic, the Policy Advocacy Clinic, and in the East Bay Community Law Center's Immigration Clinic. He also interned at the Bronx Defenders and Dolores Street Community Services.

19. After law school, Mr. Lakin spent a year working at Dolores Street Community

Services defending immigrants in removal proceedings. Subsequently, he clerked for the Honorable Richard A. Paez on the Ninth Circuit Court of Appeals.

20. He was then an associate attorney at Van Der Hout LLP (then Van Der Hout, Brigagliano & Nightingale LLP) from 2017 until September 2019. In 2019, he and I co-founded Lakin & Wille LLP, an immigration law firm based in Oakland, California.

21. Mr. Lakin's practice is exclusively in the area of immigration law and he has been counsel in a number of cases that address immigration and constitutional law, with a frequent emphasis on immigration detention.

22. Mr. Lakin has litigated the following cases challenging the legality of immigration detention: *Aleman Gonzalez v. Sessions*, No. 18-cv-01869-JSC, 325 F.R.D. 616 (N.D. Cal. 2018) (class action challenging the unlawful and prolonged detention of noncitizens detained without individualized bond hearings); *affirmed sub nom Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020) (affirming District Court's preliminary injunction); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050 (N.D. Cal. 2021) (granting preliminary injunction prohibiting ICE from re-arresting noncitizen where the Board of Immigration Appeals used the incorrect legal standard)); *Perera v. Jennings*, 2021 WL 2400981 (N.D. Cal. 2021) (ordering a bond hearing before an Immigration Judge on constitutional grounds); *Vargas v. Jennings*, 2020 WL 5517277 (N.D. Cal. 2020); *Ortega v. Bonnar*, 415 F. Supp. 3d 963 (N.D. Cal. 2019) (enjoining ICE from re-arresting petitioner and holding that it would be a violation of due process to permit ICE to re-arrest petitioner without a hearing in front of a neutral adjudicator); *Martinez Franco v. Jennings*, 456 F. Supp. 3d 1193 (N.D. Cal. 2020) (ordering immigration authorities to provide individual with a bond hearing before an Immigration Judge); *Meza v. Bonnar*, No. 18-CV-02708-BLF, 2018 WL 4846529 (N.D. Cal. Oct. 3, 2018).

23. Other representative cases include: *Sliusar v. Whitaker*, 761 Fed. App'x 718 (9th Cir. 2019); *Singh v. Barr*, 812 F. App'x 572 (9th Cir. 2020); *Valenzuela Gallardo v. Barr*, 968 F.3d 1053 (9th Cir. 2020) (holding that the Board of Immigration Appeals' definition of

"obstruction of justice" contravenes Congress's intent) (counsel for amici).

24. He currently serves on the Executive Committee of the Alameda County Bar Association's Immigration Section.

25. Mr. Lakin is also a lecturer at U.C. Berkeley School of Law, where he supervises law students representing immigrants before the Ninth Circuit Court of Appeals through Berkeley Law's Ninth Circuit Practicum.

26. As set forth in Plaintiffs' Motion, this case involves complex immigration and constitutional issues and has been highly resource-intensive to litigate. As a result, this case required extremely skilled attorneys with extensive experience in immigration detention and constitutional law. I am unaware of any lawyer with the requisite skills and expertise who would litigate these complex issues at the standard rates set forth in the EAJA. Accordingly, I believe Plaintiffs are entitled to an enhanced hourly rate for both my and Mr. Lakin's work on this case.

27. I have reviewed Exhibit A to Mr. Schenker's contemporaneously filed declaration and affirm its accuracy as to the hours worked and billing rates of the attorneys at Lakin & Wille LLP. Plaintiffs seek a total award of $258,330.00 for Lakin & Wille LLP attorneys' fees. The total amount of hours worked on this matter between April 2020 and July 2021 by Judah Lakin and myself, for which we are seeking compensation, was 431.8 hours. Our rates ranged from $480/hour to $540/hour, which based on my experience and knowledge as a Bay Area litigator, is within the prevailing market rates for attorneys practicing in the Northern District of California. Moreover, the fees submitted by Lakin & Wille LLP do not include any fees associated with litigation after July 2021, even though Plaintiffs continued to negotiate the terms of the final settlement, draft the settlement agreement, and filed multiple motions after that date.

28. Lakin & Wille LLP has taken on this matter pro bono. Because Lakin & Wille LLP has taken on this matter pro bono, there is no economic incentive for our firm to do any more work on this case than is necessary to serve the interests of our pro bono clients.

29. If the Parties failed to reach agreement regarding fees and costs, Plaintiffs would

have sought compensation for fees and costs incurred by all counsel after July 2021 in a Motion for Fees and Costs pursuant to the Equal Access to Justice Act.

I hereby affirm under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in Oakland, California on April 20, 2022.

By: /s/Amalia Wille

Amalia Wille