WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
EMILOU H. MACLEAN (SBN 319071)
emaclean@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Petitioners-Plaintiffs
Additional Counsel Listed on Following Page

MANOHAR RAJU (SBN 193771)
Public Defender
MATT GONZALEZ (SBN 153486)
Chief Attorney
GENNA ELLIS BEIER (SBN 300505)
genna.beier@sfgov.org
JENNIFER FRIEDMAN (SBN 314270)
jennifer.friedman@sfgov.org
FRANCISCO UGARTE (SBN 241710)
francisco.ugarte@sfgov.org
KELLY ENGEL WELLS (SBN 338648)
kelly.wells@sfgov.org
OFFICE OF THE PUBLIC DEFENDER
SAN FRANCISCO
555 Seventh Street
San Francisco, CA 94103
Direct: (415) 553-9319
Facsimile: (415) 553-9810

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>  Petitioners-Plaintiffs,<br><br>  v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>  Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**DECLARATION OF STEPHANIE PADILLA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**JUDGE VINCE CHHABRIA**<br><br>Date:  June 9, 2022<br>Time: 10:00 AM |

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

Pursuant to 28 U.S.C. § 1746, I, Stephanie Padilla, declare as follows:

1. I am a Staff Attorney at the American Civil Liberties Union of Southern California ("ACLU SoCal"), a member in good standing of the State Bar of California, and one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness to testify could and would testify competently.

2. I submit this declaration in Support of Plaintiffs' Motion for Approval of Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs ("Motion").

3. I have reviewed the Declaration of Martin S. Schenker in Support of Plaintiffs' Motion, submitted contemporaneously with this declaration. To avoid repetition, I have personal knowledge of, and agree with, the statements in Mr. Schenker's declaration describing the history of the litigation, the Class Settlement, and the Attorney's Fees Settlement, and I adopt those statements as my own.

4. Consistent with its organizational policy, ACLU SoCal does not ever charge clients for the cost of legal representation and has not done so in this case. ACLU SoCal has many more potential clients who need our services than we are able to represent. For this reason, and because we do not charge or accept payment from our clients for our services, there is no economic incentive for ACLU SoCal attorneys and paralegals to do any more work on this (or any) case than is necessary to zealously represent our clients' interests.

5. ACLU SoCal maintains the following timekeeping practices. Attorneys and staff (paralegals, legal assistants, and legal interns) record daily time logs. Those logs reflect the time worked on each matter for that day and a description of the work done.

6. Four timekeepers from ACLU SoCal seek attorneys' fees in this case: myself, Jordan Wells, Crista Minneci, and Maira Rios (Ms. Minneci and Ms. Rios are paralegals). My own time entries accurately reflect the time that I necessarily devoted to this case. I am informed and

believe that the time entries applicable to Mr. Wells, Ms. Minneci, and Ms. Rios are similarly accurate.

7.      I have also exercised billing judgment, including whether to eliminate time as excessive, redundant, or for some other reason in the exercise of discretion. For example, I have excluded all hours expended on the case after July 2021, which includes nearly four months of continued negotiation of the written terms of the Settlement Agreement, including settlement on fees. I have not sought compensation for hours expended by other ACLU SoCal staff attorneys who devoted significant hours to drafting bail applications on behalf of detained class members during the pendency of this litigation but otherwise were not part of the core litigation team.

8.      As a result of this billing judgment, ACLU SoCal has significantly reduced the total hours for which fees are sought for our timekeepers, as well as the total fees sought by ACLU SoCal.

9.      As explained in Plaintiffs' Motion, this case involves complex immigration and constitutional issues that required unique expertise in the intricacies of complex class action litigation, including litigation involving immigration detention and immigration laws. This experience was critical to Plaintiffs' success before this Court, in the Ninth Circuit Court of Appeals, and in negotiating a favorable Class Settlement. The experience of ACLU SoCal attorney Jordan Wells fully justifies enhanced rates under EAJA, as Defendants implicitly recognized in negotiating this Fee Settlement. Furthermore, I am unaware of any lawyer with the requisite skills and experience who would litigate these difficult issues at a standard EAJA rate.

10.     I am admitted to practice law in the State of California, as well as before the United States District Court for the Northern District of California, the United States Court for the Eastern District of California, the United States Court for the Central District, and the United States Court of Appeals for the Ninth Circuit.

11.     I am a 2016 graduate of the University of California, Davis School of Law. During this litigation, my practice at the ACLU SoCal involved litigating complex civil liberties matters

in federal court. I was co-counsel in *Bahena Ortuno v. Jennings*, No. 3:20-cv-02064-MMC, 2020 WL 2218965 (N.D. Cal. May 7, 2020), *appeal dismissed sub nom. Lavrus v. Jennings*, No. 20-16302, 2020 WL 7873088 (9th Cir. Nov. 18, 2020) (constitutional challenge to conditions of confinement in immigration detention), habeas litigation on behalf of detained individuals with serious medical vulnerabilities that preceded this class action lawsuit. I also served as co-counsel in *Bello Reyes v. McAleenan*, No. 19-CV-3630-SK, 2019 WL 5214051 (N.D. Cal. July 16, 2019), *appeal docketed*, No. 19-16441 (9th Cir. Feb. 18, 2020) (habeas appeal challenging retaliatory actions by ICE in response to Bello's criticism of the agency). I am also co-counsel in *Kidd v. Mayorkas*, Case No. 2:20-cv-03512-ODW (JPRx) (C.D. Cal.) (challenging Immigration and Customs Enforcement's home arrest practices as violative of the Fourth Amendment to the U.S. Constitution, as well as ICE's own rules and regulations).

12. I have also represented clients facing removal in administrative proceedings before federal agencies such as the Board of Immigration Appeals. For example, I filed an appeal challenging the Immigration Judge's failure to appoint my client (a blind person) counsel or provide other reasonable accommodations.

13. I was also co-lead counsel in *Simental v. Ozuna*, No. 1:20-cv-00697-NONE-JLT (E.D. Cal. July 13, 2020) (damages action arising from false arrest and imprisonment, use of excessive force, and retaliation for exercising First Amendment rights). Notwithstanding my specialized skillset and past experience, in an effort to reach compromise, Plaintiffs did not seek enhanced rates for my time.

14. Jordan Wells is a 2013 graduate of the New York University School of Law, *cum laude*, where he was a McKay Scholar. From 2013 to 2018, Mr. Wells was an attorney at the New York Civil Liberties Union (NYCLU), ACLU SoCal's sister affiliate in New York. From 2018 to 2021, Mr. Wells was a staff attorney at the ACLU SoCal. Mr. Wells is admitted to practice in New Jersey, New York, and California.

15. Mr. Wells has extensive experience litigating a wide range of civil liberties cases in federal court, with a focus on cases to protect and expand immigrants' rights. Mr. Wells was deeply involved in *Bahena Ortuño v. Jennings*, No. 3:20-cv-02064-MMC, 2020 WL 2218965 (N.D. Cal. May 7, 2020), *appeal dismissed sub nom. Lavrus v. Jennings*, No. 20-16302, 2020 WL 7873088 (9th Cir. Nov. 18, 2020) (N.D. Cal.) (constitutional challenge to conditions of confinement in immigration detention).

16. Since coming to ACLU SoCal, Mr. Wells also served as lead counsel in *Bello Reyes v. McAleenan*, No. 19-CV-3630-SK, 2019 WL 5214051 (N.D. Cal. July 16, 2019), *appeal docketed*, No. 19-16441 (9th Cir. Feb. 18, 2020) (habeas appeal challenging retaliatory actions by ICE in response to Bello's criticism of the agency). Mr. Wells also litigated a number of other cases concerning immigrants' statutory and constitutional rights. For example, Mr. Wells was *amicus* counsel in *GEO Group Inc. v. Newsom*, Nos. 3:19-cv-02491-JLS-WVG & 3:20-cv-00154-JLS-WVG, 493 F.Supp.3d 905 (S.D. Cal. 2020), *appeal docketed*, No. 20-56172 (9th Cir. Dec. 7, 2020) (appeal seeking to uphold legislation to ban private detention centers in California). And Mr. Wells was also co-counsel in *Doe v. City of McFarland*, No. BCV-20-101980-JEB (Cal. Super. Aug. 24, 2020) (writ of mandate challenging the City of McFarland's violations of the Brown Act and California Constitution).

17. Mr. Wells also assisted in preparing class action lawsuits and was appointed class counsel in *Ligon v. City of New York*, No. 12-CV-2274 (S.D.N.Y. Mar. 28, 2012), a successful complex class action that sought to end unconstitutional stops, frisks, and arrests.

18. Mr. Wells was also party or *amicus* counsel in numerous habeas corpus actions at the trial court and appellate levels of the state and federal judiciary. Representative matters include *Sajous v. Decker*, No. 18-CV-2447, 2018 WL 2357266 (S.D.N.Y. May 23, 2018) (lead counsel) (widely cited case establishing a framework for evaluating due process challenges to ICE detention); *Lora v. Shanahan*, 804 F.3d 601, 608 (2d Cir. 2015) (*amicus* counsel) (appeal holding prolonged immigration detention absent a bond hearing violates due process); *People ex rel. Wells*

*v. DeMarco*, 168 A.D.3d 31, 88 N.Y.S.3d 518 (N.Y. App. Div. 2018) (lead counsel) (appellate decision holding New York law enforcement officers have no authority to make immigration arrests).

19. Mr. Wells was also party or *amicus* counsel in numerous First Amendment cases. Representative matters include *Charles v. City of New York*, No. 12-cv-6180, 2017 WL 530460 (E.D.N.Y. Feb. 8, 2017) (party counsel) (decision denying qualified immunity in case challenging retaliatory arrest); *United States v. Erie City*, 763 F.3d 235, 236 (2d Cir. 2014) (intervening party counsel) (decision upholding public's fundamental right of access to judicial documents); *Barboza v. D'Agata*, 151 F. Supp. 3d 363, 370 (S.D.N.Y. 2015) (party counsel) (successful damages action arising from arrest under unconstitutionally overbroad criminal statute regulating speech).

20. I have reviewed Exhibit A to Mr. Schenker's contemporaneously filed declaration and affirm its accuracy as to the hours worked and billing rates of the attorneys and paralegals at ACLU SoCal. The total amount of fees sought by Plaintiffs for services performed by the ACLU SoCal in this matter is $226,620.74. The total amount of hours worked for by ACLU SoCal timekeepers for which we are seeking fees was 747.37 hours, which does not include any time spent after August 2021. Our rates ranged from $207/hour to $540/hour. Based on my experience, Mr. Wells's rate of $540/hour is consistent with prevailing market rates.

21. If the Parties failed to reach agreement regarding fees and costs, Plaintiffs would have sought compensation for fees and costs incurred by all counsel after July 2021 in a Motion for Fees and Costs pursuant to the Equal Access to Justice Act.

I hereby affirm under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief. Executed in Bakersfield, California on April 20, 2022.

By: */s/ Stephanie Padilla*

Stephanie Padilla