STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
ADRIENNE ZACK (CABN 291629)
SHIWON CHOE (CABN 320041)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Facsimile: (415) 436-6748
    wendy.garbers@usdoj.gov
    adrienne.zack@usdoj.gov
    shiwon.choe@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, *et al.*, | CASE NO. 3:20-cv-02731-VC |
| Plaintiffs, | **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED CLASS SETTLEMENT REGARDING PLAINTIFFS' CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS** |
| v. | |
| DAVID JENNINGS, *et al.*, | |
| Defendants. | |

    While Federal Defendants do not oppose Plaintiffs' request for attorneys' fees and costs in accordance with the Proposed Class Settlement Agreement, Federal Defendants provide the following clarifications and responses to Plaintiffs' motion.

    First, contrary to Plaintiffs' assertion, ECF No. 1241 at 7,[1] the Proposed Class Settlement Agreement states that "[Immigration and Customs Enforcement ("ICE")] shall pay Plaintiffs" the agreed upon fees. ECF No. 1205-1 at 20. The GEO Defendants have not agreed to pay any fees to Plaintiffs.

    Second, Federal Defendants agreed to "submit Plaintiffs' claim for up to $112,000 in taxable

---

[1] All page references are to those inserted by CM/ECF.

FEDERAL DEFENDANTS' RESP. TO FEES MOT.
No. 3:20-cv-02731-VC      1

costs to the Department of the Treasury for payment from the Judgment Fund, subject to approval by the Department of the Treasury." ECF No. 1205-1 at 20. Federal Defendants did not represent that all such costs would be approved, as that authority lies with the Judgement Fund and the Department of Treasury. Nor did Federal Defendants agree to "separately reimburse" Plaintiffs' taxable costs. Should the Court approve the Settlement Agreement, Federal Defendants will submit the taxable costs Plaintiffs have sent to Federal Defendants to the Judgement Fund, as agreed.

Third, Plaintiffs assert that the bifurcated fees negations in which the parties engaged at Plaintiffs' insistence was required. ECF No. 1241 at 12. However, *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002), is inapposite in this action seeking purely injunctive relief on behalf of the class. In *Knisley*, the court examined a class settlement with a monetary relief element and a "common fund" from which both class member claims and attorneys' fees would be paid. *Id.* at 1126. In that circumstance, the court cautioned of the possibility for collusion impacting the balance of class monetary relief and attorneys' fees. *Id.* at 1125. Here, the class members are not entitled to monetary relief and such concerns are not present. Of course the Court is required to carefully examine all parts of the parties' settlement agreement, including fees, under Federal Rule of Civil 26(e). But the bifurcation of the discussion of fees from the substantive terms of the settlement was not required as Plaintiffs assert.

Fourth, to the extent Plaintiffs argue that they are eligible for costs, fees, and other expenses beyond those authorized by the Equal Access to Justice Act ("EAJA"), such as notice mailing costs and e-discovery costs, Federal Defendants disagree. *See* ECF No. 1241 at 17. Federal Rule of Civil Procedure 23(h), cited by Plaintiffs, provides for a procedure to seek fees and costs in a class action and does not on its own provide authority to award fees or costs. *See* Fed. R. Civ. P. 23, advisory committee's note to 2003 amendment ("This subdivision does not undertake to create new grounds for an award of attorney fees or nontaxable costs."); § 1803 Attorney Fees—Availability, 7B Fed. Prac. & Proc. Civ. § 1803 (3d ed.) ("However, the power of the court to award attorney fees in a class action does not derive from the rule itself."). Plaintiffs are limited in their eligible costs, fees, and other expenses by the EAJA.

Finally, Plaintiffs mischaracterize the negotiations between the parties regarding enhanced rates

under the EAJA.  *See* ECF No. 1241 at 14-15.  While Plaintiffs submitted to Federal Defendants their proposed rates and hours, Federal Defendants objected to many of Plaintiffs' claims for non-statutory rates.  Due to the large volume of timekeepers and timekeeper entries at issue, the parties did not engage in timekeeper by timekeeper, line by line negotiations.  At the conclusion of negotiations, Federal Defendants did not agree to specific enhanced rates for any particular timekeeper, but rather to a lump sum that accounted for appropriate reductions across several possible theories, including reduced hourly rates for some of Plaintiffs' counsel.

Despite these concerns with Plaintiffs' motion for fees, Federal Defendants nevertheless join Plaintiffs' request that the Court approve the parties' settlement agreement with respect to attorneys' fees and costs. [2]

DATED:  May 4, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Adrienne Zack*
Adrienne Zack
Assistant United States Attorney

Attorneys for Federal Defendants

---

[2] Federal Defendants have not included every characterization or contention in Plaintiffs' motion and declarations with which they do not wholly agree, and therefore, it should not be assumed that Federal Defendants wholly agree with the positions stated therein.