UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, BRENDA RUBI RUIZ TOVAR, LAWRENCE KURIA MWAURA, LUCIANO GONZALO MENDOZA JERONIMO, CORAIMA YARITZA SANCHEZ NUÑEZ, JAVIER ALFARO, DUNG TUAN DANG, JUAN JOSE ERAZO HERRERA, RAJNISH RAJNISH, and WILLIAN MATIAS RAUDA,<br><br>    Petitioners-Plaintiffs,<br><br>    v.<br><br>DAVID JENNINGS, Acting Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GEO GROUP, INC.; MICHAEL KNIGHT, Acting Warden of Mesa Verde Detention Facility,<br><br>    Respondents-Defendants. | CASE NO. 3:20-CV-02731<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RELATED MOTIONS**<br><br>**JUDGE VINCE CHHABRIA** |

    Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion");

    WHEREAS, the named Plaintiffs allege that they and the members of the Settlement Class were injured as a result of Defendants' actions;

    WHEREAS, on April 29, 2020, the Court issued a class-wide temporary restraining order for a provisionally certified class of all people in civil immigration detention at the Yuba County Jail ("YCJ") or Mesa Verde Detention Center ("Mesa Verde") (together, the "Facilities"), *see Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 38-42 (N.D. Cal. 2020); ECF No. 53;

    WHEREAS, on June 9, 2020, the Court issued a preliminary injunction ordering Defendants to maintain protections against the transmission of COVID-19 in the Facilities on June

1

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

9, 2020, *see* ECF No. 357 (Order Granting Mot. Prelim. Inj.);

WHEREAS, on December 3, 2020, the Court issued a second preliminary injunction as to Mesa Verde following a five-day evidentiary hearing, *see* ECF No. 867 (Order Granting Mot. Second Prelim. Inj.);

WHEREAS, on January 6, 2021, the Court issued a preliminary injunction as to YCJ following a COVID-19 outbreak at YCJ, *see* ECF No. 951 (Order Granting Mot. Prelim. Inj. Re Yuba County Jail);

WHEREAS, on February 18, 2021, the United States Court of Appeals for the Ninth Circuit upheld this Court's April 29, 2020 temporary restraining order and June 9, 2020 preliminary injunction, reserved a portion of Federal Defendants' appeals, and ordered the Parties to consider mediation, *see Zepeda Rivas v. Jennings*, Case No. 20-16276, ECF Nos. 76 & 77 (9th Cir. Feb. 18, 2021);

WHEREAS, on December 17, 2021, the Parties entered into a settlement of this case ("Settlement") by executing a Class Settlement Agreement ("Agreement"), *see* ECF Nos. 1180 and 1205-1;

WHEREAS, on January 17, 2022, the Parties filed their Joint Motion to Vacate Orders (ECF No. 1206), requesting that the Court vacate its preliminary injunction orders of June 9, 2020 and December 3, 2020 (ECF Nos. 357 & 867) because the Agreement was expressly made contingent on the Court vacating said orders, and that motion is currently under submission;

WHEREAS, on March 4, 2022, the Court granted preliminary approval of the Settlement, approved the proposed notice plan, and provisionally certified the Settlement Class, *see* ECF No. 1229;

WHEREAS, on April 20, 2022, Plaintiffs filed an unopposed Motion for Approval of

2

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Proposed Class Settlement Regarding Plaintiffs' Claim for Equal Access to Justice Act Fees and Costs (ECF No. 1241), requesting an order approving $4,056,033.58 in full and complete satisfaction of Plaintiffs' costs, attorneys' fees, and litigation expenses, including any interest, in connection with this lawsuit (the "Fees and Costs Settlement"); and

WHEREAS, the Court has considered the Agreement, arguments presented at the fairness hearing held on June 9, 2022, and all other submissions in connection with the Parties' request for final approval of the Settlement and certification of the Settlement Class as set forth in the Agreement for the purposes of settlement only, and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion for Final Approval is **GRANTED**.

2. The Agreement is hereby incorporated by reference in this order and shall have the full force of an Order of the Court. All terms or phrases used in this Order shall have the same meaning as in the Agreement.

**FINAL APPROVAL OF THE SETTLEMENT**

3. The form and method by which notice was given to the Settlement Class met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and constituted appropriate and sufficient notice under the circumstances.

4. The Court finds that class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; the proposal treats class members equitably relative to each other; and that the Settlement is fair, reasonable, and adequate in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure.

3

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

5.      The Court therefore finds that final approval is appropriate and hereby grants final approval of the Settlement.

6.      The Parties are directed to consummate the Agreement according to its terms.

**CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES AND CLASS COUNSEL**

7.      For purposes of the Settlement, and only for that purpose, and without an adjudication on the merits, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and hereby certifies the following Settlement Class: "all people who are or have been in ICE custody at the Facilities from April 20, 2020 through the expiration of this settlement agreement."  This Settlement Class includes both Detained Class Members, who are Class Members "detained under the authority of ICE at the Facilities," and Non-Detained Class Members, who are Class Members "who [were] detained by ICE at either of the Facilities on or after April 20, 2020, and who [were] released from physical custody by ICE or the District Court before the Effective Date of this Agreement, who [have] not been removed or effectuated their own removal following such release."

8.      The Court finds that certification of the Settlement Class is warranted under Rule 23(a) of the Federal Rules of Civil Procedure because: (i) the members of the Settlement Class are so numerous that joinder is impracticable; (ii) there are issues of law and fact common to the Settlement Class; (iii) the claims of the named Plaintiffs are typical of the claims of the Settlement Class Members; and (iv) Plaintiffs' and Class Counsel will fairly and adequately represent the interests of the Settlement Class Members.

9.      The Court also finds that certification of the Settlement Class is warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants are alleged to have acted

4

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

10. The Court appoints as class representatives, for settlement purposes only, Plaintiffs Angel De Jesus Zepeda Rivas, Brenda Rubi Ruiz Tovar, Lawrence Kuria Mwaura, Luciano Gonzalo Mendoza Jeronimo, Coraima Yaritza Sanchez Nuñez, Javier Alfaro, Juan Jose Erazo Herrera, Rajnish Rajnish, and Willian Matias Rauda.  The Court finds, for settlement purposes only, that Plaintiffs will adequately represent the Settlement Class.

11. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel: William Freeman, Sean Riordan, and Emilou MacLean (ACLU Foundation of Northern California); Stephanie Padilla (ACLU Foundation of Southern California); Bree Bernwanger (Lawyers' Committee for Civil Rights of the San Francisco Bay Area); Francisco Ugarte, Jennifer Friedman, Kelly Engel Wells, and Genna Beier (Office of the Public Defender of San Francisco); Martin S. Schenker, Timothy W. Cook, and Julie M. Veroff (Cooley LLP); and Judah Lakin and Amalia Wille (Lakin & Wille LLP).  The Court finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class Counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing Settlement Class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

**VACATUR OF PRIOR ORDERS**

12. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and good cause appearing, the Court grants the Parties' Joint Motion to Vacate Orders (ECF No. 1206) and hereby

5

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

vacates in full the Court's preliminary injunction orders issued on June 9, 2020 (ECF No. 357) and December 3, 2020 (ECF No. 867).

**PLAINTIFFS' MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS**

13.     The Fees and Costs Settlement is fair, reasonable, adequate, and equitable, and is in both Defendants' and Plaintiffs' best interests.

14.     The Court GRANTS Plaintiffs' Motion for Equal Access to Justice Act Fees and Costs (ECF No. 1241) and approves the Fees and Costs Settlement. Federal Defendants are hereby ORDERED to make payment to Plaintiffs in the amount of $4,056,033.58. This Order fully resolves Plaintiffs' Motion for Equal Access to Justice Act Fees and Costs.

**OTHER PROVISIONS**

15.     The Court will forthwith identify and appoint a magistrate judge to review any disputes arising under the Agreement in the manner prescribed by the Agreement.

16.     The Court shall retain jurisdiction over all disputes between and among the Parties arising out of the Agreement, including but not limited to interpretation and enforcement of the terms of the Agreement, except as otherwise provided in the Agreement, for a term of three (3) years from this date.

**IT IS SO ORDERED.**

Date: _____, 2022

_____
The Honorable Vince Chhabria
United States District Judge

6

CASE NO. 3:20-CV-02731
[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT