1   WILLIAM S. FREEMAN (SBN 82002)
    wfreeman@aclunc.org
2   SEAN RIORDAN (SBN 255752)
    sriordan@aclunc.org
3   EMILOU H. MACLEAN (SBN 319071)
    emaclean@aclunc.org
4   AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
5   39 Drumm Street
    San Francisco, CA 94111
6   Telephone: (415) 621-2493
    Facsimile: (415) 255-8437
7
    Attorneys for Petitioners-Plaintiffs
8   Additional Counsel Listed on Following Page

    MANOHAR RAJU (SBN 193771)
    Public Defender
    MATT GONZALEZ (SBN 153486)
    Chief Attorney
    GENNA ELLIS BEIER (SBN 300505)
    genna.beier@sfgov.org
    JENNIFER FRIEDMAN (SBN 314270)
    jennifer.friedman@sfgov.org
    FRANCISCO UGARTE (SBN 241710)
    francisco.ugarte@sfgov.org
    KELLY ENGEL WELLS (SBN 338648)
    kelly.wells@sfgov.org
    OFFICE OF THE PUBLIC DEFENDER
    SAN FRANCISCO
    555 Seventh Street
    San Francisco, CA 94103
    Direct: (415) 553-9319
    Facsimile: (415) 553-9810

9

10

11                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
12                     SAN FRANCISCO DIVISION

13   ANGEL DE JESUS ZEPEDA RIVAS,             CASE NO. 3:20-CV-02731
     BRENDA RUBI RUIZ TOVAR, LAWRENCE
14   KURIA MWAURA, LUCIANO GONZALO           **DECLARATION OF BREE
     MENDOZA JERONIMO, CORAIMA               BERNWANGER IN SUPPORT OF
15   YARITZA SANCHEZ NUÑEZ, JAVIER           PLAINTIFFS' CHALLENGE TO RE-
     ALFARO, DUNG TUAN DANG, JUAN JOSE       DETENTION OF JUAN BRAVO
16   ERAZO HERRERA, RAJNISH RAJNISH, and     ZAMBRANO**
     WILLIAN MATIAS RAUDA,
17                                           **JUDGE VINCE CHHABRIA**
            Petitioners-Plaintiffs,
18
            v.
19
     DAVID JENNINGS, Acting Director of the San
20   Francisco Field Office of U.S. Immigration and
     Customs Enforcement; TAE JOHNSON, Acting
21   Director of U.S. Immigration and Customs
     Enforcement; U.S. IMMIGRATION AND
22   CUSTOMS ENFORCEMENT; GEO GROUP,
     INC.; MICHAEL KNIGHT, Acting Warden of
23   Mesa Verde Detention Facility,

24          Respondents-Defendants.

25

26

27

28

BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF THE
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN (SBN 307740)
judah@lakinwille.com
AMALIA WILLE (SBN 293342)
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

STEPHANIE PADILLA (SBN 321568)
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER (SBN 109828)
mschenker@cooley.com
JULIE M. VEROFF
jveroff@cooley.com (SBN 310161)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

TIMOTHY W. COOK* (Mass. BBO# 688688)
tcook@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Petitioners-Plaintiffs*
*Admitted *Pro Hac Vice*

**DECLARATION OF BREE BERNWANGER**

I, Bree Bernwanger, declare:

1.  I am an attorney admitted to practice law in the State of California, a member of the Bar of this Court, and counsel for Plaintiffs in this action. I have personal knowledge of the matters set forth in this declaration.

2.  The following attachments are true and correct copies of documents electronically filed on the docket in *United States v. Juan Bravo Zambrano*, Case 4:15-cr-06049-EFS (E.D. Wash.).

    a.  Attached hereto as **Exhibit A** is a true and correct copy of the Petition for Warrant or Summons for Offender Under Supervision filed on January 1, 2022, at ECF 1504.

    b.  Attached hereto as **Exhibit B** is a true and correct copy of the Petition for Warrant or Summons for Offender Under Supervision filed on February 3, 2022, at ECF 1518.

    c.  Attached hereto as **Exhibit C** is a true and correct copy of the Revocation of Supervised Release Hearing, filed February 15, 2022, at ECF 1521.

    d.  Attached hereto as **Exhibit D** is a true and correct copy of the Judgment in a Criminal Case for Revocation of Probation or Supervised Release, filed February 24, 2022, at ECF 1522.

    e.  Attached hereto as **Exhibit E** is a true and correct copy of the Petition for Warrant or Summons of Offender Under Supervision, filed April 27, 2022, at ECF 1551.

    f.  Attached hereto as **Exhibit F** is a true and correct copy of the Supervised Release Revocation Hearing, filed July 5, 2022, at ECF 1556.

    g.  Attached hereto as **Exhibit G** is a true and correct copy of the Amended Judgment in a Criminal Case for Revocation of Probation or Supervised Release, filed July 15, 2022, at ECF 1561.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 19, 2022 at Corpus Christi, Texas.

*/s/ Bree Bernwanger*
Bree Bernwanger

# Exhibit A

PROB 12C
(6/16)

Report Date: January 21, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2022

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Juan Bravo Zambrano          Case Number: 0980 4:15CR06049-EFS-19

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: April 10, 2019

| Original Offense: | Conspiracy To Distribute 500 Grams or More of a Mixture or Substance Containing A Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-PHENYL-N Propanamide, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846 | |
|---|---|---|
| Original Sentence: | Prison - 40 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: October 18, 2019 |
| Defense Attorney: | Alex B. Hernandez | Date Supervision Expires: October 17, 2024 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number          Nature of Noncompliance

**Violations 1-3 preface, combined for brevity:**

On October 18, 2019, after serving his term of imprisonment, Mr. Zambrano was released from the Federal Bureau of Prison to the custody of the United States Immigration and Customs Enforcement (ICE). Mr. Zambrano released from the custody of ICE and reported the U.S. Probation Office on June 24, 2020.

Per COVID-19 procedures, Mr. Zambrano's conditions of supervised release were verbally reviewed with him on June 24, 2020. He verbally acknowledged an understanding of his conditions, which included standard  condition number 2 and special condition number 3, as noted below.

On July 22, 2021, the undersigned officer reviewed with Mr. Zambrano all of his conditions of supervised release, which he signed acknowledging a full understanding. Mr. Zambrano was given a signed copy of his conditions of release.

Prob12C
**Re: Zambrano, Juan Bravo**
**January 21, 2022**
**Page 2**

On December 6, 2021, Mr. Zambrano was referred to Merit Resource Services (Merit) to participate in the color line for random drug testing. Mr. Zambrano was instructed to call the color line daily, Monday through Friday, and to report in person to Merit if his assigned color, Gold, was called. Mr. Zambrano verbalized understanding these instructions and he repeated the instructions back to the undersigned officer to show he fully understood the instructions. Mr. Zambrano was informed he is subject to be called for additional drug testing.

1

**Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report to the probation office as instructed on November 22 and 24, 2021, and January 7 and 20, 2022.

On November 19, 2021, the undersigned officer made telephonic contact with Mr. Zambrano. During this phone contact, the undersigned officer instructed Mr. Zambrano to report to the probation office on November 22, 2021, at 8 a.m. Mr. Zambrano responded with stating he may have to go fix a vehicle. The undersigned officer again instructed the defendant to report on November 22, 2021, at 8 a.m. so he can have the rest of the day to do what he needed to do. Mr. Zambrano verbalized understanding the reporting instructions.

On November 22, 2021, Mr. Zambrano did not report to the probation office. The undersigned officer called the defendant several times on this same date. Mr. Zambrano did not answer the undersigned officer's telephone calls. Telephonic contact was then made with Mr. Zambrano's mother in an attempt to make contact with the defendant. Mr. Zambrano's mother reported the defendant was out of minutes on his cellular telephone and that his car broke down. Mr. Zambrano's mother agreed to give the defendant the message for him to make contact with the undersigned officer. Mr. Zambrano made telephonic contact with the undersigned officer. Mr. Zambrano was instructed to report to the probation office on November 24, 2021, for drug testing, which he verbalized understanding.

On November 24, 2021, Mr. Zambrano did not report for drug testing. The undersigned officer called Mr. Zambrano and he did not answer the undersigned officer's telephone calls. The undersigned officer made telephonic contact with his mother, who agreed to give Mr. Zambrano the message for him to report to the probation office on November 29, 2021. Mr. Zambrano did not report to the probation office on November 29, 2021.

On January 6, 2022, the undersigned officer attempted to make telephonic contact with Mr. Zambrano. The defendant did not answer the undersigned officer's telephone calls and the undersigned officer left a voice message instructing Mr. Zambrano to call this officer back on this same date. Mr. Zambrano's brother called the undersigned officer back and reported Mr. Zambrano was not sick and he had left his telephone as he had gone to buy a part to fix his vehicle. Mr. Zambrano's brother agreed to give the defendant the message for him to call the undersigned officer by 10 a.m. on January 7, 2022.

Mr. Zambrano did not report by telephone as instructed on January 7, 2022. The undersigned officer called Mr. Zambrano on January 11, 2022, as he had not contacted the

**Re: Zambrano, Juan Bravo**
**January 21, 2022**
**Page 3**

undersigned officer. The undersigned officer then made telephonic contact with Mr. Zambrano's mother, who reported the entire family tested positive for COVID-19 about 2 weeks prior. She agreed to give the defendant the message to report to the probation office on January 13, 2022, by 11 a.m.

On January 13, 2022, Mr. Zambrano did not report to the probation office. On January 14, 2022, Mr. Zambrano called the undersigned officer and reported he has been sick and his family tested positive for COVID-19. The undersigned officer instructed Mr. Zambrano to complete a COVID-19 test and to provide a copy of the test results. Mr. Zambrano verbalized understanding. On January 19, 2022, Mr. Zambrano provided a copy of the COVID-19 test report showing a negative result. That same date, the undersigned officer instructed Mr. Zambrano to report to the probation office on January 20, 2022, by 11 a.m.

On January 20, 2022, Mr. Zambrano did not report to the probation office as instructed by 11 a.m. Mr. Zambrano has not made any effort to contact the undersigned officer.

2          **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by using a controlled substance, methamphetamine, on or before October 29, 2021; November 29, 2021; and December 16, 2021
.
On November 29, 2021, Mr. Zambrano reported to the probation office. During this office visit, Mr. Zambrano completed a drug test, which was presumptive positive for methamphetamine. Mr. Zambrano at first denied any drug use, but then reported he used methamphetamine sometime before October 29, 2021. Mr. Zambrano reported he was at a party where drugs were being used. He indicated a drug pipe was being passed around and he smoked methamphetamine. Mr. Zambrano refused to sign a drug use admission form. Mr. Zambrano then reported he did not know what drug he had smoked so he was not willing to admit to using methamphetamine. Mr. Zambrano was then questioned as to why he would admit to using methamphetamine and then say he did not know what drug he used. Mr. Zambrano responded by saying he assumed the drug he used was methamphetamine as that is what this drug test was positive for, but he really did not know what drug he used. This drug test was sent to Abbott Laboratory for confirmation. The drug test report was received on December 4, 2021, confirming the positive drug test results for methamphetamine and amphetamine. At that time, Mr. Zambrano reported he was not willing to complete a substance abuse assessment or enter any substance abuse treatment because this would consume his time and he would rather look for work.

On December 16, 2021, the undersigned officer made telephonic contact with Mr. Zambrano and instructed him to report on this same date to the probation office for drug testing. Mr. Zambrano reported to the probation office on this same date and completed a drug test. This drug test was presumptive positive for methamphetamine. The Supervisory U.S. Probation Officer Janie Coronado questioned Mr. Zambrano if he was taking any prescribed medications, which he denied. Mr. Zambrano reported he had already told the undersigned officer he had used prior to this drug test. It should be noted, the last drug use Mr. Zambrano

Prob12C
**Re: Zambrano, Juan Bravo**
**January 21, 2022**
**Page 4**

reported to the undersigned officer was during his previous office visit on November 29, 2021. Mr. Zambrano denied any drug use and reported he completed a drug test the previous week at Merit, and that drug test was negative. This drug test was sent to Abbott Laboratory for confirmation and the drug test report was received on December 29, 2021, confirming the positive result for methamphetamine and amphetamine. At that time, Mr. Zambrano was again asked if he was willing to comply with substance abuse services. The defendant did not express any interest in services as he stated he was unemployed, he could not afford services and/or transportation.

3    <u>**Special Condition # 3**</u>: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report for drug testing on November 24, 2021; December 27, 2021; December 29, 2021; and January 20, 2022.

On November 22, 2021, Mr. Zambrano was instructed to report to the probation office on November 24, 2021, for drug testing, which he verbalized understanding.

On November 24, 2021, Mr. Zambrano did not report for drug testing. The undersigned officer called Mr. Zambrano and he did not answer the undersigned officer's telephone calls. The undersigned officer had to make telephonic contact with his mother in order to make contact with Mr. Zambrano.

On December 28, 2021, Merit reported Mr. Zambrano did not report for drug testing on December 27, 2021, when his assigned color was called. On December 29, 2021, the undersigned officer made telephonic contact with Mr. Zambrano to question him why he did not report for drug testing at Merit on December 27, 2021; however, the defendant did not answer the undersigned officer's telephone calls. The undersigned officer made telephonic contact with Mr. Zambrano's mother who reported the defendant is currently unemployed and she believed was sleeping. She agreed to give Mr. Zambrano the message for him to call this officer back on this same date.

On December 29, 2021, Mr. Zambrano called the undersigned officer and reported he did not report for drug testing on December 27, 2021, because he did not think he had to report as he had already provided two drug tests for the month. During this telephone contact, the undersigned officer instructed Mr. Zambrano to report on this same date by 3 p.m. to the probation office for drug testing. Mr. Zambrano then stated he had not been feeling well that week, it was cold, he had hurt his foot and he did not have transportation. Mr. Zambrano was reminded the public bus runs from Benton City to Richland, Washington, so transportation is not an excuse. The undersigned officer advised the defendant U.S. Probation Officer David McCary had attempted to make home contact with him earlier that same week and he was not home, so if he had not been feeling well that whole week, he should had been home. Mr. Zambrano was again instructed to report for drug testing later on this same date.

Prob12C
**Re: Zambrano, Juan Bravo**
**January 21, 2022**
**Page 5**

Mr. Zambrano did not report for drug testing as instructed on December 29, 2021. The undersigned officer later found out after being proactive in making contact with family members that Mr. Zambrano's family tested positive for COVID-19. Mr. Zambrano did not communicate this with the undersigned officer.

On January 19, 2022, the undersigned officer made telephonic contact with Mr. Zambrano. During this phone contact, Mr. Zambrano reported he received his COVID-19 test results as he had previously reported his entire family was sick, and they were negative. The undersigned officer instructed Mr. Zambrano to report to the probation office on January 20, 2022, by 11 a.m. for drug testing. Mr. Zambrano verbalized understanding the reporting instructions. Mr. Zambrano did not report to the probation office for drug testing as instructed on January 20, 2022, and has not made any efforts to contact the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | January 21, 2022 |
| --- | --- |
| | s/Elizabeth Lee |
| | Elizabeth Lee<br>U.S. Probation Officer |

**THE COURT ORDERS**

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

*Edward F. Shea*

Signature of Judicial Officer

1/21/2022

Date

# Exhibit B

PROB 12C
(6/16)

Report Date: January 27, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 03, 2022**

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Juan Bravo Zambrano      Case Number: 0980 4:15CR06049-EFS-19

Address of Offender:      , Benton City, Washington 99320

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: April 10, 2019

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-PHENYL-N Propanamide, 21 U.S.C. § § 841 (a)(1), (b)(1)(A) and 846 |
| Original Sentence: | Prison - 40 months        Type of Supervision: Supervised Release |
| | TSR - 60 months |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard        Date Supervision Commenced: October 18, 2019 |
| Defense Attorney: | Alex B. Hernandez, III        Date Supervision Expires: October 17, 2024 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 1/21/2022.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| | **Violations 4-6 preface, combined for brevity:** |
| | On October 18, 2019, after serving his term of imprisonment, Mr. Zambrano was released from the Federal Bureau of Prisons to the custody of the United States Immigration and Customs Enforcement (ICE). Mr. Zambrano released from the custody of ICE and reported to the U.S. Probation Office on June 24, 2020. |
| | Per COVID-19 procedures, Mr. Zambrano's conditions of supervised release were verbally reviewed with him on June 24, 2020. He verbally acknowledged an understanding of his conditions, which included mandatory condition number 1 and standard condition numbers 8 and 9, as noted below. |
| | On July 22, 2021, the undersigned officer reviewed with Mr. Zambrano all of his conditions of supervised release, which he signed acknowledging a full understanding. Mr. Zambrano was given a signed copy of his conditions of release. |

Prob12C
**Re: Zambrano, Juan Bravo**
**January 27, 2022**
**Page 2**

4          **Mandatory Condition # 1**: You must not commit another federal, state or local crime.

           **Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by committing the offense of failure to transfer title within 45 days on or about January 21, 2022.

           On January 21, 2022, a Benton County Sheriff's Deputy issued Mr. Zambrano a criminal citation for failing to transfer a vehicle title within 45 days.

5          **Standard Condition # 8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

           **Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by having contact with a convicted felon without prior permission of the probation officer on or about January 21, 2022.

           On January 21, 2022, Mr. Zambrano was pulled over for a routine traffic stop by a Benton County Sheriff's Deputy. Mr. Zambrano was the driver and the Benton County Sheriff's Deputy recognized the passenger in the vehicle to be Yesenia Hernandez, who had a non-bookable warrant out of the Department of Corrections (DOC).

           In a previous office visit that occurred on July 22, 2021, Mr. Zambrano had specifically asked the undersigned officer if he was allowed to have contact with anyone under the DOC supervision. Mr. Zambrano was advised then that he does not have permission to have contact with individuals who are under the DOC supervision.

6          **Standard Condition # 9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

           **Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report law enforcement contact to his probation officer within 72 hours after being cited for failure to transfer title on January 21, 2022.

           On January 21, 2022, Mr. Zambrano was pulled over for a routine traffic stop by a Benton County Sheriff's Deputy. As a result of this traffic stop, Mr. Zambrano was issued a criminal citation for failure to transfer title within 45 days. Mr. Zambrano failed to report this law enforcement contact to the probation officer within 72 hours.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

Prob12C
**Re: Zambrano, Juan Bravo**
**January 27, 2022**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     January 27, 2022

s/Elizabeth Lee

Elizabeth Lee
U.S. Probation Officer

THE COURT ORDERS

[  ]     No Action
[  ]     The Issuance of a Warrant
[  ]     The Issuance of a Summons
[X]     The incorporation of the violation(s) contained in this
          petition with the other violations pending before the
          Court.
[  ]     Defendant to appear before the Judge assigned to the
          case.
[X]     Defendant to appear before the Magistrate Judge.
[  ]     Other

*Edward F. Shea*

Signature of Judicial Officer

February 3, 2022

Date

Exhibit C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>-vs-<br><br>JUAN BRAVO ZAMBRANO,<br><br>              Defendant. | **Case No.**    **4:15-CR-6049-EFS-19**<br>**CRIMINAL MINUTES**<br><br>**DATE:**    **FEBRUARY 15, 2022**<br>**LOCATION:**   **RICHLAND/VIDEOCONFERENCE**<br><br>**REVOCATION OF SUPERVISED RELEASE HEARING** |

| | | |
|---|---|---|
| | **Hon. Edward F. Shea** | |
| Sara Gore<br>**Courtroom Deputy** | 02<br>**Law Clerk** | Marilynn McMartin<br>**Court Reporter** |
| Patrick Cashman, appearing by videoconference<br>**Government Counsel** | | Craig Webster<br>**Defense Counsel** |
| **United States Probation Officer:**   Elizabeth Lee, appearing by videoconference | | |

[XX] **Open Court**        [  ] **Chambers**        [XX] **Videoconference/telephonic**

Defendant in custody of the US Marshal, appearing by videoconference from the Benton County Jail. Defendant was assisted by Federally Court Certified Interpreter Natalia Rivera.

Mr. Cashman advises Mr. Webster has informed him that Defendant is prepared to admit alleged violation numbers 1-3, 5 and 6.
Mr. Webster concurs

Government would move to dismiss alleged violation number 4.

**Court:** Motion to Dismiss alleged violation number 4 is **GRANTED**.

Oath administered to defendant for admission of alleged violations.
Defendant admits alleged violation numbers 1-3, 5 and 6.
Court finds based on admission by defendant that alleged violation numbers 1-3, 5 and 6 have been proven.

Recommendations by Mr. Cashman

Recommendations by Mr. Webster

US Probation Officer, Elizabeth Lee, Sworn to Testify
Examination of witness by Court
Recommendation by US Probation Officer
Witness steps down

# [XX] ORDER FORTHCOMING

| | | | |
|---|---|---|---|
| **CONVENED:**  11:46 A.M. | **ADJOURNED:**  12:10 P.M. | **TIME:**  :24 HR. | **CALENDARED**  [  ] |

*USA -vs- Zambrano*                                                          February 15, 2022
4:15-CR-6049-EFS-19                                                          Page 2
Revocation of Supervised Release


Defendant addresses the Court on his own behalf

Recommendations by Mr. Webster

**<u>SENTENCE:</u>**

**Imprisonment:** 3 months

**Supervised Release:** 57 months on the same conditions of release previously imposed. In addition, Defendant shall:

- Undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider

Defendant advised re: right of appeal.

# Exhibit D

✎AO 245D  (Rev. 9/19) Judgment in a Criminal Case for Revocations
Sheet 1  Revised by WAED - 9/19

# UNITED STATES DISTRICT COURT

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA

v.

JUAN BRAVO ZAMBRANO

**Judgment in a Criminal Case**

(For **Revocation** of Probation or Supervised Release)

Case No.   4:15-cr-06049-EFS-19

USM No.  20305-085

Craig Donald Webster
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  Sc2; Spc3; Sc8; Sc9 _____ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation No. | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to report to the Probation Office | 01/20/2022 |
| 2 | Use of controlled substance | 12/16/2021 |
| 3 | Failure to report for drug testing | 01/20/2022 |
| 5 | Conctact with a convicted felon without permission | 01/21/2022 |
| 6 | Failure to report law enforcement contact to U.S. Probation Officer | 01/24/2022 |

The defendant is sentenced as provided in pages 2 through ____5____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: N/A

Defendant's Year of Birth:    1991

City and State of Defendant's Residence:

Benton City, Washington

02/15/2022
_____
Date of Imposition of Judgment

_Edward F. Shea_
_____
Signature of Judge

Edward F. Shea          Senior Judge, U.S. District Court
_____
Name and Title of Judge

02/24/2022
_____
Date

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

DEFENDANT:  JUAN BRAVO ZAMBRANO
CASE NUMBER:  4:15-cr-06049-EFS-19

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term
of :     3 month(s)

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT: JUAN BRAVO ZAMBRANO
CASE NUMBER: 4:15-cr-06049-EFS-19

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :        57   month(s)

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. *(check if applicable)*

4.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as
        directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work,
        are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3A — Supervised Release

|  |  | Judgment—Page | 4 | of | 5 |

DEFENDANT: JUAN BRAVO ZAMBRANO
CASE NUMBER:  4:15-cr-06049-EFS-19

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____    Date  _____

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

DEFENDANT:  JUAN BRAVO ZAMBRANO
CASE NUMBER: 4:15-cr-06049-EFS-19

Judgment—Page ___5___ of ___5___

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not communicate, associate, or otherwise interact, with any codefendants or witness in this case without first obtaining the permission of the probation officer.

2. If deported, you are prohibited from returning to the United States without advance legal permission from the United States Attorney General or his designee. Should you reenter the United States, you are required to report to the probation office within 72 hours of reentry.

3. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

4. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

5. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider

# Exhibit E

PROB 12C
(6/16)

Report Date: April 27, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2022

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Juan Bravo Zambrano          Case Number: 0980 4:15CR06049-EFS-19

Address of Offender: ▉▉▉▉▉▉ Benton City, Washington 99320

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: April 10, 2019

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-PHENYL-N Propanamide, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846 |

Original Sentence: Prison - 40 months;          Type of Supervision: Supervised Release
TSR - 60 months

Revocation Sentence: (February 15, 2022)          Prison-3 months
TSR- 57 months

Asst. U.S. Attorney: Stephanie A Van Marter          Date Supervision Commenced: March 3, 2022

Defense Attorney: Craig D. Webster          Date Supervision Expires: December 2, 2026

## PETITIONING THE COURT

To issue a **warrant**.

On March 9, 2022, all the conditions of supervised release were reviewed with Mr. Zambrano, which he signed acknowledging a full understanding. Mr. Zambrano was given a signed copy of his conditions of release.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report for drug testing as required on or about  April 18  and 20, 2022. |

**Re: Zambrano, Juan Bravo**
**April 27, 2022**
**Page 2**

On March 9, 2022, Mr. Zambrano was referred to participate in the color line program for random drug testing at Merit Resource Services (Merit). Mr. Zambrano was instructed to call the color line daily, Monday through Friday, and to report to Merit for drug testing when his assigned color, gold, was called. Mr. Zambrano verbalized understanding these instructions.

On April 18, 2022, the color gold was called on the Merit color line. Mr. Zambrano failed to report to Merit for drug testing and did not contact the undersigned officer to advise of the missed drug test.

On April 20, 2022, the undersigned made telephonic contact with Mr. Zambrano and instructed him to report to Merit on that same date for drug testing. Mr. Zambrano verbalized understanding. Mr. Zambrano failed to report for drug testing as instructed on April 20, 2022.

2      **Special Condition # 5**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of term of supervised release by failing to comply with completing a substance abuse evaluation on or about April 18, 2022.

On April 15, 2022, Mr. Zambrano reported to the probation office and reported he scheduled a substance abuse assessment at Comprehensive Healthcare (Comprehensive) for April 18, 2022, but he was not sure of the time. Mr. Zambrano, while at the probation office, called Comprehensive and confirmed his assessment was scheduled for April 18, 2022 at 9 a.m. The undersigned officer instructed Mr. Zambrano to attend this appointment and reminded him of this appointment as he was leaving the probation office.

On April 18, 2022, Mr. Zambrano failed to attend the scheduled substance abuse assessment at Comprehensive.

On April 20, 2022, Mr. Zambrano, during a phone conversation, admitted he did not attend this assessment and provided various reasons for why he did not attend, such as he was sick and later stated that he did not have time because he had been out with a friend on that day taking a load to the recycling center. The undersigned officer instructed Mr. Zambrano to make contact with Comprehensive on that same date to reschedule the assessment. Mr. Zambrano did not contact Comprehensive to reschedule the assessment that same date as instructed. To date, Comprehensive staff reported Mr. Zambrano has not contacted them to reschedule the substance abuse assessment.

3      **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

Prob12C
**Re: Zambrano, Juan Bravo**
**April 27, 2022**
**Page 3**

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report to the probation officer as instructed on or about April 19, and 22, 2022.

On April 19, 2022, the undersigned officer called Mr. Zambrano, after Merit had reported he did not report for drug testing on April 18, 2022, to discuss the missed drug test. Mr. Zambrano did not answer and the undersigned officer left Mr. Zambrano a voice message instructing him to report by telephone to the undersigned officer on this same date. Mr. Zambrano did not make any effort to contact the undersigned officer as instructed on April 19, 2022.

On April 20, 2022, the undersigned officer again called Mr. Zambrano in an effort to make contact with him as he had not reported by telephone as instructed the previous day. Mr. Zambrano did not answer and the undersigned officer left Mr. Zambrano a voice message instructing him to report to the probation office on April 22, 2022, by 10 a.m. The undersigned officer also sent Mr. Zambrano the reporting instructions in a text message. Later that same date, Mr. Zambrano called the undersigned officer. During that phone contact, the undersigned officer instructed Mr. Zambrano to report to the probation office on April 22, 2022, by 10 a.m., which he verbalized understanding. On April 22, 2022, Mr. Zambrano failed to report to the probation office as instructed by 10 a.m. and did not make any effort to contact the undersigned officer. To date, Mr. Zambrano has not reported to the probation office or has made any effort to contact the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 27, 2022

s/Elizabeth Lee

Elizabeth Lee
U.S. Probation Officer

**THE COURT ORDERS**
[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

April 27, 2022

Date

Exhibit F

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                       Plaintiff,

-vs-

JUAN BRAVO ZAMBRANO,

                       Defendant.

**Case No.**     **4:15-CR-6049-EFS-19**
**CRIMINAL MINUTES**

**DATE:**     **JULY 5, 2022**
**LOCATION:**   **RICHLAND**

**SUPERVISED RELEASE
REVOCATION HEARING**

| **Hon. Edward F. Shea** | | | |
|---|---|---|---|
| Cora Vargas | 02 | Bea Rump | Kim Allen |
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** | **Court Reporter** |
| Stephanie Van Marter | | Craig Webster | |
| **Government Counsel** | | **Defense Counsel** | |
| **United States Probation Officer:**   Elizabeth Lee | | | |

**[ X ]  Open Court**       **[  ]  Chambers**       **[  ]  Telecon**

Defendant present, in custody of the US Marshal, being assisted by the Court's interpreter.

Ms. Van Marter advises Defendant is prepared to admit alleged violation numbers 1 – 3.

Oath administered to Defendant for admission of violations.

Defendant admits alleged violation numbers 1 – 3.

Ms. Van Marter states BOP informed US Probation that the Defendant may have over-served time in custody from July 7 – 16, 2021, and from July 25 – March 1, 2022.

US Probation Officer, Elizabeth Lee, sworn to testify
Examination of witness by Court
Cross-examination of witness by Ms. Van Marter
Cross-examination of witness by Mr. Webster
Additional examination of witness by Court
Additional cross-examination of witness by Mr. Webster
Recommendation by US Probation Officer
Witness steps down

## [ X ]  ORDER FORTHCOMING

| **CONVENED:**   **1:28 P.M.** | **ADJOURNED:**   **2:21 P.M.** | **TIME:**   **0:53 HR.** | **CALENDARED**   **[ X ]** |
|---|---|---|---|

*USA -vs- ZAMBRANO*
4:15-CR-6049-EFS-19
Revocation of Supervised Release

July 5, 2022
Page 2

Argument and recommendation by Ms. Van Marter

Argument and recommendation by Mr. Webster

Defendant addresses the Court on his own behalf

Court finds based on admissions by defendant that violation numbers 1 – 3 have been proven.

**Imprisonment:  7 months**

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

**Supervised Release**: **48 months**, on the same terms and conditions of release previously imposed.

Defendant advised re: right of appeal

**Court**: Counsel shall file a notice within 30 days informing the Court of their respective positions as to the calculation of time the Defendant previously over-served, as notified by BOP.

Exhibit G

AO 245D    (Rev. 9/19) Judgment in a Criminal Case for Revocations
Sheet 1   Revised by WAED - 9/19

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

Eastern District of Washington

UNITED STATES OF AMERICA

v.

JUAN BRAVO ZAMBRANO

*Amended Judgment in a Criminal Case

(For **Revocation** of Probation or Supervised Release)

Case No.   4:15CR06049-EFS-19

USM No.   20305-085

Craig D. Webster
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  SpC3; SpC5; SC2  of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation No. | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failing to Report for Drug Testing | 04/20/2022 |
| 2 | Failing to Complete Drug Abuse Evaluation | 04/18/2022 |
| 3 | Failing to Report to U.S. Probation as Instructed | 04/22/2022 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 5963

Defendant's Year of Birth:   1991

City and State of Defendant's Residence:

Benton City, WA

07/05/2022
_____
Date of Imposition of Judgment

*Edward F. Shea*
_____
Signature of Judge

Edward F. Shea                Senior Judge, U.S. District Court
_____
Name and Title of Judge

07/15/2022
_____
Date

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
                Sheet 2— Imprisonment

DEFENDANT:  JUAN BRAVO ZAMBRANO
CASE NUMBER:  4:15CR06049-EFS-19

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :    7 month(s)

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____  ☐  a.m.  ☐  p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 5 |

DEFENDANT: JUAN BRAVO ZAMBRANO
CASE NUMBER: 4:15CR06049-EFS-19

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :    *48   month(s)

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

|  |  |  |  |  |
|---|---|---|---|---|
|  | Judgment—Page | 4 | of | 5 |

DEFENDANT: JUAN BRAVO ZAMBRANO
CASE NUMBER: 4:15CR06049-EFS-19

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must be truthful when responding to the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

DEFENDANT:  JUAN BRAVO ZAMBRANO
CASE NUMBER: 4:15CR06049-EFS-19

Judgment—Page  5  of  5

## SPECIAL CONDITIONS OF SUPERVISION

1.  You must not communicate, associate, or otherwise interact, with any codefendants or witness in this case without first obtaining the permission of the probation officer.

2.  If deported, you are prohibited from returning to the United States without advance legal permission from the United States Attorney General or his designee.  Should you reenter the United States, you are required to report to the probation office within 72 hours of reentry.

3. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

4.  You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

5.  You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.