UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, et al.,<br><br>Defendants. | Case No. 20-cv-02731-VC<br><br>DECLARATION OF<br>NEIL SCHAEFER |

I, Neil Schaefer, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am a Deportation Officer ("DO"), employed by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"). I have been with ICE since September 2015. I am currently assigned to the ERO Seattle Field Office in Tukwila, Washington in the Criminal Apprehension Program ("CAP"). I have been in this position since October 2021. My current CAP duties include the identification, investigation, arrest and removal of noncitizens who are incarcerated within federal, state and local prisons and jails, as well as at-large criminal noncitizens. I also have several years' experience working with ICE's Non-Detained Unit ("NDU") where I supervised noncitizens who were not in custody, and I am familiar with ICE's requirements for individuals released on supervision while their immigration proceedings are ongoing.

2.  I am familiar with the case of Juan Bravo Zambrano, agency file AXXX-XXX-537. I make this declaration based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various

1

records and systems maintained by ICE in the regular course of business. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above captioned case.

3. On April 22, 2019, Juan Bravo Zambrano (hereinafter "Bravo Zambrano") was convicted by plea in the United States District Court for the Eastern District of Washington for the offense of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 500 Grams or More of N-Phenyl-N Propanamide (fentanyl) in violation of 21 U.S.C. § 846. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1239 (E.D. Wash. Apr. 22, 2019). He was sentenced to 40 months imprisonment and five years of supervised release as a result of this conviction.

4. On July 22, 2019, ICE lodged an immigration detainer for Bravo Zambrano, requesting that the Bureau of Prisons notify ICE prior to the Bravo Zambrano's release.

5. On August 28, 2019, ICE served Bravo Zambrano with a Notice to Appear ("NTA") while he was still in criminal custody. The NTA charged Bravo Zambrano with removability pursuant to Section 237(a)(2)(A)(iii), to wit Sections 101(a)(43)(U) and (B), of the Immigration and Nationality Act ("INA") (conviction for conspiracy to commit aggravated felony drug trafficking) and to Section 237(a)(2)(B)(i) (conviction for a controlled substance offense). At that time, ICE determined that Bravo Zambrano would be detained and remain in ICE custody pending a final determination in his immigration case because he was subject to mandatory custody pursuant to INA § 236(c).

6. On October 18, 2019, Bravo Zambrano was released from FCI-Taft to ICE custody and subsequently transferred to the Mesa Verde ICE Processing Center in Bakersfield, California.

7. Removal proceedings were initiated with the San Francisco Immigration Court on October 25, 2019.

8. On April 27, 2020, ICE conducted a custody redetermination of Bravo Zambrano's case in light of the COVID-19 pandemic. At that time, ICE determined that continued detention was appropriate due to a high risk of flight and/or risk to public safety.

9. On May 5, 2020, the Immigration Judge denied Bravo Zambrano's sole application for relief and ordered removal. Bravo Zambrano reserved appeal and was notified that a Notice of Appeal must be filed by June 4, 2020.

10. On May 25, 2020, Bravo Zambrano submitted a bail application with the United States District Court for the Northern District of California pursuant to the *Zepeda Rivas* litigation. *Zepeda Rivas v. Jennings*, No. 20-02731, at Docket No. 248-4, (N.D. Cal. Filed Apr. 20, 2020), 445 F. Supp. 3d 36 (N.D. Cal. 2020); *see also* 465 F. Supp. 3d 1028 (N.D. Cal. 2020), *appeal docketed*, No. 20-16276 (9th Cir. June 30, 2020).

11. On May 28, 2020, the District Court granted Bravo Zambrano's bail application over the Government's objection. Docket No. 272. As part of the conditions of his release, Bravo Zambrano was prohibited from violating any federal, state or local law. Docket No. 543 ¶ 6.

12. Bravo Zambrano was released from ICE custody on May 28, 2020. At that time, he provided ICE an address where he intended to reside in Benton City, Washington.

13. On May 29, 2020, Bravo Zambrano filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). That appeal remains pending.[1]

14. Following his release from ICE custody in May 2020, Bravo Zambrano was placed in an Alternatives to Detention ("ATD") program, which included both a periodic reporting requirement and a GPS tracking ankle bracelet.

15. On or about April 9, 2021, the U.S. Probation Office notified ICE that Bravo Zambrano had been arrested and charged with Harassment/Threats to Kill in violation of R.C.W. § 9A.46.020(2)(b) following an incident involving his girlfriend or spouse.

16. On or about April 13, 2021, Bravo Zambrano posted bail on the pending criminal charges.

17. On April 14, 2021, a Petition for Warrant for Offender Under Supervision was filed with the United States District Court for the Eastern District of Washington. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1436 (E.D. Wash. Apr. 14, 2021). A warrant was issued, and Bravo Zambrano was taken into custody by the U.S. Marshals ("USMS") that day. ICE was notified of the Petition and warrant on April 14, 2021. ICE terminated Bravo Zambrano from ATD at that time, allowing the USMS to remove the GPS ankle bracelet when Bravo Zambrano was taken into custody.

18. On April 23, 2021, the Government moved to terminate the Bail Order in the present case for Bravo Zambrano based on the alleged conduct underlying the pending harassment charges. Docket No. 1090. That motion was subsequently granted on May 17, 2021. Docket No. 1098.

---

[1] DHS has informed the BIA that Bravo Zambrano is now in ICE custody so that his appeal can be moved from the BIA's non-detained to detained docket.

4

19. On or about May 4, 2021, Bravo Zambrano was released from federal custody following a joint motion by both parties. He was returned to state criminal custody for resolution of the pending state charges.

20. On or about July 16, 2021, state criminal charges against Bravo Zambrano were dismissed without prejudice due to the victim's non-responsiveness, and Bravo Zambrano was subsequently released from state custody. As a result, the violation petition was stricken on July 20, 2021, following a request by the U.S. Probation Office. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1458 (E.D. Wash. July 20, 2021).

21. On January 21, 2022, a Petition for Warrant for Offender Under Supervision was filed with the United States District Court for the Eastern District of Washington. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1504 (E.D. Wash. January 21, 2022). The petition alleged that Bravo Zambrano violated the terms of his supervised release by: (1) failing report to the probation office as instructed on four occasions (November 22, 2021, November 24, 2021, January 7, 2022 and January 20, 2202); (2) using a controlled substance, methamphetamine, on three occasions (on or before October 29, 2021, November 29, 2021 and December 16, 2021); and (3) failing to report for drug testing on four occasions (November 24, 2021, December 27, 2021, December 29, 2021 and January 20, 2021). The petition further stated that Bravo Zambrano repeatedly declined to complete substance abuse assessment or enter substance abuse treatment.

22. On January 25, 2022, Bravo Zambrano reported to the U.S. Probation Office and was taken into custody.

23. On February 3, 2022, a second Petition for Warrant for Offender Under Supervision was filed with the United States District Court for the Eastern District of

Washington alleging additional violations. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1518 (E.D. Wash. February 3, 2022). This petition alleged that Bravo Zambrano also violated the terms of his supervised release by: (4) violating state/county law following a January 21, 2022 citation for failure to transfer vehicle title; (5) having contact with a convicted felon on or about January 21, 2022 without prior permission of the probation officer; and (6) failing to notify the probation officer within 72 hours that he had been in contact with law enforcement and cited for failure to transfer title.

24. On February 8, 2022, the U.S. District Court for the Eastern District of Washington ordered Bravo Zambrano detained pending a revocation hearing. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1519 (E.D. Wash. February 8, 2022).

25. On February 24, 2022, Bravo Zambrano admitted guilt and was adjudicated guilty of five violations of his supervised release, including violations: (1) failure to report to the Probation Office; (2) use of a controlled substance; (3) failure to report for drug testing; (5) contact with a convicted felon without permission; and (6) failure to report law enforcement contact to a U.S. Probation Officer. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1524 (E.D. Wash. February 24, 2022). As a result, Bravo Zambrano was sentenced to three months in federal custody with credit for time served prior to sentencing and 57 months of supervised release.

26. On March 3, 2022, Bravo Zambrano started supervised release with U.S. Probation Office again.

27. On April 27, 2022, a Petition for Warrant for Offender Under Supervision was filed with the United States District Court for the Eastern District of Washington. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1551 (E.D. Wash. April 27, 2022).

This petition alleged that Bravo Zambrano violated the terms of his supervised release by: (1) failing to report for drug testing, as required (on or about April 18 and April 20, 2022); (2) failing to comply with completing a substance abuse evaluation (on or about April 18, 2022); and (3) failing to report to the probation officer as instructed (on or about April 19 and April 22, 2022).

28.  Bravo Zambrano was arrested by the U.S. Probation Office on June 16, 2022. He waived his right to a detention hearing, and the U.S. District Court for the Eastern District of Washington ordered him detained pending a revocation hearing. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1550 (E.D. Wash. June 16, 2022).

29.  On July 5, 2022, Bravo Zambrano admitted guilt and was adjudicated guilty of all three violations of his supervised release. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1558 (E.D. Wash. July 5, 2022). As a result, Bravo Zambrano was sentenced to seven months in federal custody with credit for time served prior to sentencing and 50 months of supervised release. The term of supervised release was subsequently amended to 48 months. *Id.* at Dkt. No. 1561.

30.  On July 15, 2022, ICE lodged an immigration detainer for Bravo Zambrano with the USMS.

31.  ICE encountered Bravo Zambrano following his transfer to the Federal Detention Center, SeaTac ("FDC-SeaTac") on or about August 9, 2022. At that time, ICE determined that his expected release date was December 1, 2022.

32.  On December 1, 2022, Bravo Zambrano was released to ICE and transferred to the Northwest ICE Processing Center in Tacoma, Washington. Prior to re-arrest, ICE determined that, in light of a federal court's finding that Bravo Zambrano had violated his terms

of supervision for his criminal release, and based on the nature of those violations, he is a flight risk. Bravo Zambrano's actions since his release from ICE custody in May 2020, and particularly since July 2021, demonstrate a serious lack of respect, lack of ability and intent to obey the laws of this country, and lack of ability to comply with conditions of release and follow instructions by law enforcement. Bravo Zambrano has failed to present himself to the Probation Office as instructed on multiple occasions, failed to submit to drug testing, used controlled substances and associated with a known felon when prohibited. Moreover, records indicate that despite being offered multiple chances to appear at rescheduled appointments, Bravo Zambrano has failed to do so. Finally, he has repeatedly declined substance abuse treatment when offered. Based on his record of noncompliance with his federal criminal supervised release and because he will be subject to a final order of removal if his appeal is denied, ICE considers Bravo Zambrano to be a significant flight risk and unlikely to comply to any terms of release from ICE detention, unlikely to appear for any further immigration court proceedings, and unlikely to report for removal if so instructed.

33.     Following Bravo Zambrano's re-arrest, ICE determined that Bravo Zambrano is subject to mandatory custody pursuant to INA § 236(c). Bravo Zambrano has a 2019 federal drug trafficking conviction that resulted in a sentence of 40 months imprisonment and five years of supervised release. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 1239 (E.D. Wash. Apr. 22, 2019). As part of that conviction, he admitted to working with Mexican drug cartels. According to the stipulated facts contained in his Plea Agreement, Bravo Zambrano was arrested for his criminal activities as part of a drug trafficking organization ("DTO") that used backpackers to smuggle narcotics through trails across the U.S./Canadian border. *United States v. Bravo Zambrano*, No. 4:15-cr-6049-EFS-19, Dkt. No. 851 (E.D. Wash.

Aug. 20, 2018). His arrest and ultimate conviction resulted from both U.S. and Canadian criminal investigations. *Id.* Bravo Zambrano was identified as a backpacker working for the DTO taking loads of narcotics into Canada and drug proceeds back into the U.S. *Id.* During execution of a search warrant in Canada, Royal Canadian Mounted Police ("RCMP") found two loaded firearms, ammunition, drugs and $50,000 in U.S. currency in the vehicle in which Bravo Zambrano was a passenger. *Id.* During execution of a subsequent search warrant in the U.S., law enforcement found two loaded firearms and a marijuana grow operation in Bravo Zambrano's residence. *Id.* In total, Bravo Zambrano admitted culpability in conspiring to distribute 18 kilograms of methamphetamine, 4 kilograms of cocaine, 171 grams of heroin. The stipulated facts further indicate he was also in possession of approximately 15 suspected processed marijuana, 1.5 lbs. of processed marijuana and 8 lbs. of loose marijuana at his residence. Drug cartels and their facilitators fuel the current drug epidemic and drug related violence, thereby endangering to the community.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in Tacoma, Washington, on this 22nd day of December, 2022,

Neil Schaefer
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
Enforcement and Removal Operations
Seattle Field Office